IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH BAIR | : |
| | : |
| v. | : |
| | : JURY TRIAL DEMANDED |
| PENNSYLVANIA STATE | : |
| TROOPER JESSE SNYDER | : Civil Action No. _____ |
| and | : |
| JOHN DOES I-V | : |

## COMPLAINT

Plaintiff, Josh Bair, ("Mr. Bair"), by and through his attorneys, Gay, Chacker & Ginsburg, P.C. files the following Complaint against defendants, Pennsylvania State Trooper Jesse Snyder ("defendant Snyder") and John Does I-V ("Doe defendants") (collectively "defendants"), as follows:

### Parties

1. Plaintiff is and was at all material times a resident of Millersburg, Dauphin County, Pennsylvania.

2. Defendant Snyder was at all times relevant to this action a Pennsylvania State Trooper assigned to Troop H at PSP-Lykens, 4673 State Route 209, Elizabethville, Pennsylvania 17023. He is being sued in his individual capacity as a police officer for the Pennsylvania State Police.

3. The Doe defendants were at all times relevant to this action troopers

with the Pennsylvania State Police who were involved in the assault of plaintiff as described herein and whose identifies are unknown despite reasonable investigation.

## Jurisdiction

4. This action is brought pursuant to 42 United States Code Section 1983. Jurisdiction is based upon 28 United States Code 1331 and 1341 (1), (3) and (4). Plaintiff further invokes the supplemental jurisdiction under 28 United States Code Section 1376(a) to hear and decide claims under state law.

## Facts

5. On or about January 18, 2024, a fire broke out in a retail pet shop located near Mr. Bair's residence.

6. Mr. Bair attempted to assist his neighbor with respect to the fire when firefighters arrived and instructed him not to enter the burning building.

7. Mr. Bair complied with the firefighters' instruction.

8. Defendant Snyder and the Doe defendants thereafter arrived at the scene and falsely accused Mr. Bair of engaging in a physical altercation with firefighters.

9. Defendant Snyder and the Doe defendants, without provocation, forcefully and maliciously assaulted Mr. Bair by repeatedly punching him, kicking

him, and slamming his head against a brick wall.

10. Throughout the course of this brutal beating, none of the defendants made any attempt to prevent or interrupt the assault or protect Mr. Bair from violations of his rights by the other defendants.

11. Mr. Bair was beaten to the point that he suffered severe and permanent injuries including but not limited to aggravation of a prior cervical injury that was asymptomatic prior to the defendants' malicious assault of Mr. Bair.

12. Subsequent to the unlawful assault Mr. Bair was arrested and charged with criminal offenses that included felony aggravated assault.

13. At no time during the incident described in this complaint did Mr. Bair assault anyone.

14. Indeed, at the time of the preliminary hearing on January 31, 2024, the charge of aggravated assault was dismissed and/or changed to obstruction of administration of law or government function.

15. As a direct and proximate result of the defendants' actions, Mr. Bair has suffered and will in the future continue to suffer severe pain, permanent disfigurement, anxiety, fear, and mental harm.

16. As a direct and proximate result of the defendants' actions, Mr. Bair

has suffered and will in the future continue to spend money for medicine and medical care in and about an effort to affect a cure for the aforesaid injuries.

17. As a direct and proximate result of the defendants' actions, Mr. Bair was deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and in particular the right to freedom of expression, the right to be free from excessive force while being detained/arrested and the right to due process of law.

18. The actions and/or inactions of the defendants violated the clearly established federal constitutional rights of Mr. Bair to freedom from use of excessive, unreasonable and unjustified force against his person.

## COUNT ONE
### 42 U.S.C. § 1983 Against Defendants - Excessive Force

19. Mr. Bair hereby incorporates the allegations contained in paragraphs 1 through 18, inclusive, of his Complaint as if the same were set forth at length herein.

20. Mr. Bair claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants for violation of his constitutional rights under color of law.

21. As a result of the above actions, Mr. Bair suffered the damages as aforesaid.

22. The actions of defendants were so malicious, intentional, and displayed such a reckless indifference to Mr. Bair's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Josh Bair, demands judgment in his favor and against defendants, jointly and severally, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT TWO
### Supplemental State Law Claims Against Defendants

23. Mr. Bair hereby incorporates the allegations contained in paragraphs 1 through 21, inclusive, of his Complaint as if the same were set forth at length herein.

24. Defendants assaulted and battered Mr. Bair and intentionally inflicted emotional distress upon Mr. Bair.

25. As a result of the above actions, Mr. Bair suffered the damages as aforesaid.

26. The actions of defendants were so malicious, intentional, and displayed such a reckless indifference to Mr. Bair's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Josh Bair, demands judgment in his favor and

against defendants, jointly and severally, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

## COUNT THREE
## 42 U.S.C. § 1983 Against Defendants – Bystander Liability

27. Mr. Bair hereby incorporates the allegations contained in paragraphs 1 through 25, inclusive, of his Complaint as if the same were set forth at length herein.

28. The defendants encouraged and stood idly by while Mr. Bair was assaulted and battered, which deprived Mr. Bair of his rights and privileges under the Fourth, Eighth and/or Fourteenth Amendments of Constitution of the United States.

29. Defendants failed to fulfill their obligation to intervene when they had an independent and affirmative duty to prevent the assault and battery of Mr. Bair.

30. By encouraging and failing to intervene, defendants effectively assisted each other in assaulting and battering Mr. Bair and therefore deprived Mr. Bair of his Constitutional rights and privileges under the Fourth, Eighth and/or Fourteenth Amendments to the Constitution of the United States.

31. As a result of the above actions, Mr. Bair suffered the damages as aforesaid.

32. The actions of defendants were so malicious, intentional, and displayed such a reckless indifference to Mr. Bair's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, plaintiff, Josh Bair, demands judgment in his favor and against defendants, jointly and severally, for compensatory damages, punitive damages, reasonable attorney fees and costs, interest; and such other and further relief as appears reasonable and just.

JAMES A. WELLS, ESQUIRE
GAY, CHACKER & GINSBURG, P.C.
1731 Spring Garden Street
Philadelphia, PA 19130
(215) 567-7955
fax: (215) 567-6809

**Attorneys for Plaintiff
Josh Bair**

Date: 1/16/26