# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN KLEIN<br>3527 Gloucester Lane<br>Philadelphia, PA 19114<br><br>    Plaintiff,<br><br>v.<br><br>NORFOLK SOUTHERN<br>    RAILWAY COMPANY<br>650 W. Peachtree Street, NE<br>Atlanta, GA 30308<br><br>Serve on:<br><br>    Corporation Service Company<br>    5253 North Front Street<br>    Harrisburg, PA 17110<br><br>and<br><br>Lisa D. Mayo<br>Superintendent of Mechanical<br>    Operations<br>Norfolk Southern Corporation<br>Harrisburg Division Mechanical<br>218 Enola Road<br>Enola, PA 17025,<br><br>and<br><br>Brian Yeager<br>Director Advance Technology<br>    & Train Reliability<br>650 W. Peachtree St. N.W.<br>Atlanta, GA 30308<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*    Civil Action No.:_____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

* * * * * * * * * * * * * * * * * *

1

# COMPLAINT PURSUANT TO THE FEDERAL RAIL SAFETY ACT, 49 U.S.C. § 20109 AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Stephen Klein ("Mr. Klein"), by and through counsel, Hunter Artz, Esq., Darby Law Group LLC, and files this Complaint against Norfolk Southern Railway Company ("Norfolk Southern") pursuant to the Federal Rail Safety Act, 49 U.S.C. § 20109, and states as follows:

## FACTUAL ALLEGATIONS

**A.    Introduction.**

1. This Complaint arises out of violations of the Federal Rail Safety Act, 49 U.S.C. § 20109 ("FRSA").

2. At the time of Defendants' violations discussed herein, Mr. Klein was employed by Norfolk Southern as a carman/car inspector and qualified as an employee within the meaning of the FRSA.

3. Mr. Klein was engaged in activity protected by the FRSA and was subsequently subjected to adverse and discriminatory action as a result of that protected activity.

4. Mr. Klein's protected activity concerned his reporting, in good faith, of various work-related hazardous safety conditions.

5. Mr. Klein began his employment with Norfolk Southern on October 15, 2015, and worked as a carman/car inspector until he was terminated from his employment in violation of the FRSA on April 9, 2025.

**B.    Mr. Klein notices various work-related hazardous safety conditions and reports them to Norfolk Southern superiors.**

6. While working for Norfolk Southern, Mr. Klein noticed several hazardous safety conditions related to his work. Those concerns included a malfunctioning air compressor, the

lack of a welder and tools, and being required to work in sub-freezing temperatures in a Kobata (a work vehicle used by Mr. Klein) without doors.

7. Mr. Klein made these good-faith safety complaints on various occasions to his immediate supervisor, Jerry Binder.

8. On December 17, 2024, two high ranking management employees of Norfolk Southern, Directors of Mechanical Operations, Gabriel Broberg and Dominic Fandell, interacted with Mr. Klein and inquired about any safety-related issues he was experiencing. Mr. Klein related the aforementioned safety issues to Broberg and Fandell in good faith.

C. **Norfolk Southern retaliates against Mr. Klein by increasing scrutiny of him, charging him with rule violations he did not commit, and firing him.**

9. Immediately thereafter, Mr. Klein was subject to adverse action. Specifically, Jerry Binder, under instruction from his superiors including Defendant Lisa D. Mayo in her capacity as Superintendent of Mechanical Operations, watched Mr. Klein work for three days, closely following each step of his work checking for any possible issues in his performance. Mr. Klein's work performance had not been subjected to such scrutiny in his many prior years of employment with Norfolk Southern.

10. Mr. Klein was continuously subject to adverse action by Norfolk Southern through January 22, 2025, when one of his immediate supervisors, Defendant Mayo, Superintendent of Mechanical Operations, allegedly began to investigate Mr. Klein. After this alleged investigation, which took one day, Mr. Klein was charged with various instances of purported falsification of payroll and work records. Mr. Klein was notified of these charges by letter dated January 31, 2025.

11. An investigation hearing of these charges was held on March 14, 2025, and was presided over by Defendant Brian Yeager. Defendant Yeager's conduct of the investigation

hearing was so prejudicial to the fair determination of the claims as to evidence the clear intent to violate Mr. Klein's rights under 49 U.S.C. § 20109. Mr. Klein was later dismissed from service by Defendant Yeager by letter dated April 9, 2025.

12. The justification utilized by Defendants to dismiss Mr. Klein from service was clearly a pretext. Mr. Klein worked for Norfolk Southern for over nine years without any issues. The factual basis upon which Norfolk Southern based its decision was refuted and discredited at his investigation hearing. Yet, Defendants nevertheless dismissed Mr. Klein from service. It is evident that they did so in retaliation for his good faith reporting of the aforementioned safety issues to Binder, Broberg and Fandell.

13. Defendants each had full knowledge of all the protected activities mentioned herein.

14. Defendants acted with reckless and callous disregard for the law and Mr. Klein's rights under the Federal Rail Safety Act.

15. Mr. Klein has suffered significant emotional and mental anguish and loss of income as a result of Defendants' blatant disregard for his rights under the Federal Rail Safety Act.

16. The severity of the discipline against Mr. Klein was well out of bounds of rational discipline. Mr. Klein was placed under unwarranted discriminatory scrutiny, charged, disciplined, and discharged unlawfully and purely as a result of Defendants' efforts to harass and intimidate Mr. Klein and to chill the good faith reporting of safety concerns.

## COUNT I – Violation of Federal Rail Safety Act

17. Plaintiff adopts and incorporates by reference all the facts and allegations set forth above.

18. Mr. Klein engaged in protected activity under the FRSA when he reported, in good faith, hazardous safety or security conditions as outlined herein.

19. Defendants had knowledge of all the protected activities referenced herein.

20. Defendants took adverse or unfavorable actions against Mr. Klein in whole or in part due to his protected activities as outlined herein. In so doing, Defendants acted with reckless and callous disregard for the law and Mr. Klein's rights under the FRSA.

21. On or about June 4, 2025, Mr. Klein filed an FRSA Complaint with the Secretary of Labor's OSHA Whistleblower Office.

22. The OSHA Whistleblower Office commenced its investigation, and Mr. Klein fully cooperated with OSHA's investigation. However, OSHA did not issue a final decision within 210 days after the filing of the FRSA Complaint. The delay was not due to any bad faith on the part of Mr. Klein.

23. On or about January 19, 2026, Mr. Klein filed with the OSHA Whistleblower Office a Notice of Intent to File Original Action. OSHA sent an acknowledgment of that filing on January 20, 2026.

WHEREFORE, in order to encourage employees to freely report, in good faith, hazardous safety or security conditions without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, Mr. Klein demands a Judgment under the FRSA for all relief necessary to make him whole, including but not limited to:

    a. Reinstatement with the same seniority status Mr. Klein would have had but for the discrimination;

b. Lost benefits with interest;

c. Lost wages with interest;

d. Compensatory damages for economic losses due to Defendants' conduct;

e. Compensatory damages for mental anguish, emotional distress, and the physical results thereof, due to Defendants' conduct;

f. The statutory maximum of punitive damages pursuant to 49 U.S.C. § 20109(e)(3);

g. Special damages for all litigation costs including expert witness fees and attorney fees; and

h. All other relief necessary to make Mr. Klein whole.

**PLAINTIFF DEMANDS TRIAL BY JURY**

PLAINTIFF, STEPHEN KLEIN
By His Attorney,

BY: /s/ _____
Hunter Artz, Esquire
AID #333153
Darby Law Group LLC
201 International Circle, Suite 500
Hunt Valley, MD 21230
717-991-7492
hunter@darby-lawgroup.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, on this 30 day of January, 2026, a copy of the foregoing **Complaint** and attachments was sent to:

Norfolk Southern Railway Company
Corporation Service Company
5253 North Front Street
Harrisburg, PA 17110

Lisa D. Mayo
Superintendent of Mechanical Operations
Norfolk Southern Corporation
Harrisburg Division Mechanical
218 Enola Road
Enola, PA 17025

Brian Yeager
Director Advance Technology & Train Reliability
650 W. Peachtree Street, N.W.
Atlanta, Georgia 30308

_____
Hunter Artz, Esquire