# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lucianette Cruz Figueroa and Charles Vargas

### DEFENDANTS
James Mauro

**(b)** County of Residence of First Listed Plaintiff: **Dauphin**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Baltimore**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schmidt Kramer, 209 State Street, Harrisburg, Pa 17101
(717) 232-6300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- [x] 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a) and F.R.C.P. 8(a)(1)

Brief description of cause:
Motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE: 02/02/2026
SIGNATURE OF ATTORNEY OF RECORD: /s/ D.B. Cogs

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUCIANETTE CRUZ FIGUEROA and CHARLES VARGAS,** | : CIVIL ACTION – LAW :  : |
| Plaintiffs | : |
| v. | : No. |
| | : |
| **JAMES MAURO,** | : : |
| | : **JURY TRIAL DEMANDED** |
| Defendant | : |

## COMPLAINT

AND NOW come Plaintiffs, Lucianette Cruz Figueroa and Charles Vargas, by and through their counsel, Schmidt Kramer PC, and file the within Complaint, averring as follows:

## PARTIES

1. Plaintiff Lucianette Cruz Figueroa is an adult individual residing at 97 North 17th Street, Harrisburg, Dauphin County, Pennsylvania, 17103.

2. Plaintiff Charles Vargas is an adult individual residing at 97 North 17th Street, Harrisburg, Dauphin County, Pennsylvania, 17103.

3. Defendant James Mauro is an adult individual residing at 7102 Willowdale Avenue, Baltimore, Baltimore County, Maryland, 21206.

## ALLEGATIONS OF JURISDICTION AND VENUE

4. Plaintiffs Lucianette Cruz Figueroa and Charles Vargas invoke the jurisdiction of this Court under 28 U.S. C. § 1332(a) and F.R.C.P. 8(a)(1) as this is a civil action between citizens of different states where the amount in controversy is in excess of $75,000.00.

5. Venue lies in the Middle District of Pennsylvania under 28 U.S. C. § 1391 as the incident described herein occurred in the Middle District of Pennsylvania.

## OPERATIVE FACTS

6. The facts and occurrences hereinafter stated took place on March 16, 2024 at approximately 10:00 p.m. on Interstate 83 in York County, Pennsylvania.

7. At all times relevant hereto, Plaintiff Charles Varga was the operator of a 2014 Nissan Sentra.

8. At all times relevant hereto, Plaintiff Lucianette Cruz Figueroa was a front seat passenger in the Nissan.

9. At all times relevant hereto, Defendant James Mauro was the operator of a 2018 Freightliner tractor trailer

10. On March 16, 2024, Plaintiff Charles Vargas was driving north on I-83 in the right lane.

11. At the same time, Defendant James Mauro was operating the tractor trailer north on I-83 in the left lane.

12. Suddenly, and without warning, Defendant James Mauro merged into the right lane without clearance and crashed into the Nissan.

13. The force of the impact sent the Nissan into a spin.

14. As a direct result of the accident, Plaintiff Lucianette Cruz Figueroa sustained, *inter alia*, the following injuries:

      a. Whiplash

      b. Headaches

      c. Lower back pain with radiculopathy

      d. Bilateral carpal tunnel syndrome

15. As a direct result of the accident, Plaintiff Charles Vargas sustained, *inter alia*, the following injuries:

      a. Whiplash

      b. Acute lower back pain

      c. Right leg radiculitis

**COUNT I**
**NEGLIGENCE**
**LUCIANETTE CRUZ FIGUEROA v. JAMES MAURO**

16. Plaintiff Lucianette Cruz Figueroa incorporates Paragraphs 1 through 15 of this Complaint as if set forth in full.

17. The accident at issue was initiated and factually caused by the negligence and carelessness of Defendant James Mauro, consisting of the following:

   a. Failing to have his vehicle under proper and adequate control;

   b. Operating a vehicle so as to create a dangerous situation for other vehicles on the roadway;

   c. Failing to observe Plaintiffs' vehicle on the roadway;

   d. Failing to keep a reasonable lookout for other vehicles lawfully on the roadway;

   e. Attempting to change lanes without proper clearance;

   f. Failing to keep his vehicle within the proper lane of traffic;

   g. Changing lanes in such a manner as to endanger other vehicles on the roadway;

   h. Violating provisions of the Pennsylvania Motor Vehicle Code, including § 3334A.

18. As a direct result of the injuries sustained in the motor vehicle accident, Plaintiff Lucianette Cruz Figueroa has been advised, and therefore

avers, that the aforementioned injuries are/were serious and may be permanent in nature and effect, and thus, a claim for these injuries is made.

19. As a direct result of the motor vehicle accident, Plaintiff Lucianette Cruz Figueroa has incurred medical expenses for the injuries she has sustained and may continue to incur medical expenses into the future, and thus, a claim for these expenses is made.

20. As a direct result of the injuries sustained in the motor vehicle accident, Plaintiff Lucianette Cruz Figueroa has suffered a loss of wages and may have suffered an impairment of her future earning power and capacity, and thus, a claim for these losses is made.

21. As a direct result of the injuries sustained in the motor vehicle accident, Plaintiff Lucianette Cruz Figueroa has undergone in the past, and may continue to undergo in the future, great pain and suffering, and thus, a claim for these losses is made.

22. As a direct result of the injuries sustained in the motor vehicle accident, Plaintiff Lucianette Cruz Figueroa may have suffered a permanent diminution of her ability to enjoy life and life's pleasures, and thus, a claim for these losses is made.

WHEREFORE, Plaintiff Lucianette Cruz Figueroa respectfully requests this Honorable Court grant judgment in her favor and against the Defendant James Mauro in an amount in excess of the amount requiring compulsory arbitration.

## COUNT II
## NEGLIGENCE
## CHARLES VARGAS v. JAMES MAURO

23. Plaintiff Charles Vargas incorporates Paragraphs 1 through 15 of this Complaint as if set forth in full.

24. The accident at issue was initiated and factually caused by the negligence and carelessness of Defendant James Mauro, consisting of the following:

    a. Failing to have his vehicle under proper and adequate control;

    b. Operating a vehicle so as to create a dangerous situation for other vehicles on the roadway;

    c. Failing to observe Plaintiffs' vehicle on the roadway;

    d. Failing to keep a reasonable lookout for other vehicles lawfully on the roadway;

    e. Attempting to change lanes without proper clearance;

    f. Failing to keep his vehicle within the proper lane of traffic;

    g. Changing lanes in such a manner as to endanger other vehicles on the roadway;

    h. Violating provisions of the Pennsylvania Motor Vehicle Code, including § 3334A.

25. As a direct result of the injuries sustained in the motor vehicle accident, Plaintiff Charles Vargas has been advised, and therefore avers, that the

aforementioned injuries are/were serious and may be permanent in nature and effect, and thus, a claim for these injuries is made.

26. As a direct result of the motor vehicle accident, Plaintiff Charles Vargas has incurred medical expenses for the injuries he has sustained and may continue to incur medical expenses into the future, and thus, a claim for these expenses is made.

27. As a direct result of the injuries sustained in the motor vehicle accident, Plaintiff Charles Vargas has suffered a loss of wages and may have suffered an impairment of his future earning power and capacity, and thus, a claim for these losses is made.

28. As a direct result of the injuries sustained in the motor vehicle accident, Plaintiff Charles Vargas has undergone in the past, and may continue to undergo in the future, great pain and suffering, and thus, a claim for these losses is made.

29. As a direct result of the injuries sustained in the motor vehicle accident, Plaintiff Charles Vargas may have suffered a permanent diminution of his ability to enjoy life and life's pleasures, and thus, a claim for these losses is made.

WHEREFORE, Plaintiff Charles Vargas respectfully requests this Honorable Court grant judgment in his favor and against the Defendant James Mauro in an amount in excess of the amount requiring compulsory arbitration.

    Respectfully submitted,

    **SCHMIDT KRAMER PC**

By:   */s/ Scott B. Cooper*
    Scott B. Cooper
    I.D. No. 70242
    209 State Street
    Harrisburg, Pa 17101
    (717) 232-6300
    (717) 232-6467 Fax
    scooper@schmidtkramer.com
Date: 02/02/2026     Attorneys for Plaintiffs