IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLIFTON CARROLL, JR.,**<br>54 Steven Street, Apt. 1<br>Gettysburg, PA 17325<br>　　　　Plaintiff<br><br>　　v.<br><br>**HANOVER PREST-PAVING COMPANY,**<br>5000 Hanover Road<br>Hanover, PA 17331<br><br>and<br><br>**HANOVER PREST-PAVING COMPANY<br>d/b/a HANOVER ARCHITECTURAL<br>PRODUCTS,**<br>5000 Hanover Road<br>Hanover, PA 17331<br>　　　　Defendants. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff Clifton Carroll, Jr., by and through undersigned counsel, brings this action against Defendant for disability discrimination, failure to accommodate, retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; and interference with protected benefits under ERISA, 29 U.S.C. § 1140, and avers as follows:

### INTRODUCTION

This action arises from Defendant's refusal to accommodate Plaintiff's documented work-related back injury, its repeated assignment of heavy labor in direct violation of medical restrictions, and its termination of Plaintiff in August 2023 under the pretext that his permanent restrictions could not be accommodated. Plaintiff, a 54-year-old laborer with more than six years

of service, was required to lift in excess of 100 pounds despite physician-imposed restrictions limiting him to 10–20 pounds. Rather than engage in the interactive process or provide reasonable accommodation, Defendant terminated him. Defendant's conduct was discriminatory, retaliatory, and hostile.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117.
2. This Court has jurisdiction over Plaintiff's ERISA claim pursuant to 29 U.S.C. § 1132(e).
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the unlawful employment practices occurred in this District.

## PARTIES

4. Plaintiff Clifton Carroll, Jr. is an adult resident of Gettysburg, Pennsylvania.
5. Defendant Hanover Prest-Paving Company, which upon information and belief does business as Hanover Architectural Products (hereinafter "Hanover"), is a Pennsylvania business entity operating in Hanover, Pennsylvania and, at all relevant times, was Plaintiff's employer within the meaning of the ADA and ERISA.

## ADMINISTRATIVE EXHAUSTION

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.
7. Plaintiff received a Notice of Right to Sue dated November 14, 2025, attached hereto as Exhibit A.
8. This action is filed within ninety (90) days of Plaintiff's receipt of the Notice.

**OPERATIVE FACTS**

*Employment History*

9. Plaintiff began employment with Defendant in or around 2017/2018 as a laborer.

10. Plaintiff earned approximately $22.50 per hour.

11. Plaintiff regularly worked approximately 55 hours per week, including at least 10 hours of overtime.

*Disability and Medical Restrictions*

12. In or around 2021–2022, Plaintiff sustained a work-related back injury.

13. Plaintiff was diagnosed with lumbar strain and degenerative spinal conditions.

14. Physicians restricted Plaintiff to lifting no more than 10–20 pounds and limited pushing or pulling over 50 pounds.

15. Plaintiff provided Defendant with medical documentation reflecting these restrictions.

16. Between his initial injury in 2021–2022 and December 2022, Plaintiff continued working while undergoing treatment and operating under temporary restrictions. During that period, Plaintiff was able to perform his job duties through task rotation, team lifting, use of mechanical assistance, and performance of non-heavy-lifting assignments.

17. It was not until the summer of 2023, when Plaintiff's restrictions became permanent, that Defendant took the position that it could not accommodate him.

18. In or about December 2022, Plaintiff formally requested accommodation consistent with his physician-imposed lifting restrictions and provided updated medical documentation to Defendant.

19. In or around the summer of 2023, Plaintiff's treating physician placed him on permanent light-duty status with lifting restrictions of no more than 10–20 pounds. Plaintiff promptly notified Defendant that his restrictions were permanent and again requested accommodation.

*Failure to Accommodate*

20. Despite knowledge of Plaintiff's restrictions, Defendant required Plaintiff to lift materials exceeding 100 pounds.

21. Plaintiff repeatedly informed supervisors that such assignments violated his medical restrictions.

22. Defendant labeled certain assignments as "light duty," yet continued assigning heavy lifting inconsistent with medical documentation.

23. Defendant failed to engage in a meaningful interactive process.

24. Defendant did not explore reassignment or restructuring of job duties.

*Termination*

25. In or about August 2023, Plaintiff was called into a meeting with Todd Hutz, General Manager of Defendant.

26. During that meeting, Mr. Hutz informed Plaintiff that Defendant could no longer accommodate his lifting restrictions.

27. Mr. Hutz communicated that Plaintiff's employment was being terminated because of those restrictions.

28. Plaintiff was terminated on or about August 7, 2023.

29. Plaintiff was capable of performing the essential functions of his laborer position with reasonable accommodation, including adherence to lifting restrictions, team lifting, use of mechanical equipment, and assignment to available tasks that did not require lifting in excess of 20 pounds.

*ERISA Interference*

30. Plaintiff participated in Defendant's 401(k) retirement plan.

31. Despite more than four years of employment, Defendant failed to match Plaintiff's retirement contributions.

32. Defendant did not provide a lawful explanation for the failure to match.

33. Upon information and belief, Defendant interfered with Plaintiff's attainment of protected benefits.

## COUNT I
**Disability Discrimination (ADA)**

34. Plaintiff incorporates all preceding paragraphs.

35. Plaintiff is a qualified individual with a disability.

36. Defendant terminated Plaintiff because of his disability.

37. Defendant's conduct violated the ADA.

## COUNT II
**Failure to Accommodate (ADA)**

38. Plaintiff incorporates all preceding paragraphs.

39. Plaintiff requested reasonable accommodation supported by medical documentation.

40. Defendant failed to provide reasonable accommodation and failed to engage in the interactive process in good faith.

## COUNT III
### Retaliation (ADA)

41. Plaintiff incorporates all preceding paragraphs.

42. Plaintiff engaged in protected activity by requesting accommodation.

43. Defendant terminated Plaintiff in retaliation for engaging in that protected activity.

## COUNT IV
### ERISA Interference (29 U.S.C. § 1140)

44. Plaintiff incorporates all preceding paragraphs.

45. Plaintiff was a participant in Defendant's retirement plan.

46. Defendant interfered with Plaintiff's attainment of rights and benefits under the plan.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, award back pay, front pay, compensatory damages, emotional distress damages, punitive damages, and all other available relief under the ADA in an amount in excess of $75,000, exclusive of interest and costs; award attorneys' fees and costs pursuant to 42 U.S.C. § 12205; and grant such other relief as this Court deems just and proper.

**WEISBERG LAW**

*/s/ David Berlin*
David A. Berlin, Esquire
Matthew B. Weisberg, Esq.
Gary Schafkopf, Esq.
Lisa M. Claire, Esq
Attorneys for Plaintiff