IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| JAMISON SMITH | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | Civil Action No.          CV |
| | : | |
| ADVANCE AUTO PARTS, CO. | : | |
| DEFENDANT. | : | Jury Trial Demanded |

_____

## CIVIL COMPLAINT

PLAINTIFF, JAMISON SMITH, by and through undersigned counsel, hereby

files this Civil Action Complaint against DEFENDANT, ADVANCE AUTO PARTS, CO. and

avers the following:

### PARTIES

1. PLAINTIFF is Jamison Smith, a resident of Elizabethtown, Pennsylvania, at all times

   relevant to these allegations.

2. DEFENDANT is Advance Auto Parts, Co., which at all times relevant hereto conducts

   business in Dauphin County, Hummelstown, Pennsylvania.

3. PLAINTIFF was employed by DEFENDANT in Hummelstown, Pennsylvania.

4. At all times material hereto, DEFENDANT was the employer of PLAINTIFF.

### NATURE OF THE CASE

PLAINTIFF brings this action pursuant to the Americans with Disabilities Act ("ADA"),

42 U.S.C. § 12101 et seq., the Pennsylvania Human Relations Act, as amended, 43 P.S.

§951, et seq. ("PHRA"), under the laws of Pennsylvania, and the Family and Medical

Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., to remedy acts of discrimination and retaliation against him by DEFENDANT.

**JURISDICTION AND VENUE**

5.    This action involves questions of Federal Law under the ADA and the FMLA and related Amendments.

6.    Jurisdiction and venue are proper in the Middle District of Pennsylvania because DEFENDANT regularly conducts business in this District, and a substantial part of the events giving rise to PLAINTIFF's claims occurred there.

7.    Venue is proper in the Middle District of Pennsylvania, as PLAINTIFF worked for DEFENDANT in Hummelstown, Pennsylvania, and was terminated from employment on or about February 22, 2024.

8.    On or about August 27, 2024, PLAINTIFF duly filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC") against Defendant.

9.    On or about November 10, 2025, The Pennsylvania Human Relations Commission (PHRC) dismissed the PLAINTIFF's complaint. This dismissal, however, was based on factually incomplete information, did not evaluate his FMLA claims as they do not have jurisdiction over them, and erroneously indicates DEFENDANT had legitimate, non-discriminatory reasons for terminating PLAINTIFF.

10.    On or about January 22, 2026, PLAINTIFF received a Notice of Right to Sue letter from the EEOC upon request.

11.    This action has been timely commenced within ninety (90) days of receipt of the Notice of Right to Sue.

12.   PLAINTIFF has filed this action within the statutory time limits established under the

Family and Medical Leave Act, which provides a two-year statute of limitations for

claims of unlawful termination or retaliation, and a three-year statute of limitations for

claims involving willful violations.

**MATERIAL FACTS**

13.   PLAINTIFF, Jamison Smith, commenced his employment with DEFENDANT, Advance

Auto Parts, INC., in October, 2010. He was employed as a full-time General Manager

starting in May 2020 receiving an annual salary of $56,000 plus bonuses.

14.   PLAINTIFF has been diagnosed with chronic depression since September, 2015 and

social anxiety disorder since May, 2017. These diagnoses necessitated extensive medical

intervention, including various prescriptions, and ongoing psychiatric treatments.

15.   PLAINTIFF has been diagnosed with Lumbar disc disease since April, 2012. This

diagnosis necessitated extensive medical intervention, including various diagnostic

imaging procedures, prescriptions, and ongoing treatments.

16.   PLAINTIFF has been diagnosed with Neck Pain since January, 2023. This diagnosis

necessitated extensive medical intervention, including various diagnostic imaging

procedures, physical therapy, and ongoing treatments.

17.   PLAINTIFF requested accommodations for occasional remote work to support his mental

health.

18.   After requesting reasonable accommodations PLAINTIFF experienced disparate

treatment from DEFENDANT, including a denial of such accommodations and failure to

engage in the interactive process.

19.    This reasonable accommodation denial caused exacerbation of PLAINTIFF's chronic depression and social anxiety.

20.    On December 28, 2023, due to being denied the reasonable accommodations, PLAINTIFF submitted a FMLA request to DEFENDANT requesting to take intermittent FMLA leave starting on December 29, 2023 to manage his mental health and ongoing neck pain based on the recommendations of his treating physicians.

21.    On February 21, 2024 the treating physician for PLAINTIFF completed the required FMLA paperwork and annotated PLAINTIFF was incapacitated as of February 6, 2024 due to an exacerbation of his chronic depression and social anxiety.

22.    The treating physician for PLAINTIFF recommended PLAINTIFF remain out of work until April 30, 2024 to optimize his medications as a result of the exacerbation of his chronic depression and social anxiety.

23.    On February 22, 2024 PLAINTIFF was informed by DEFENDANT, during a phone meeting, that PLAINTIFF was terminated due to alleged intoxication while at work just one day after submitting his FMLA paperwork.

24.    PLAINTIFF vehemently opposes this allegation. PLAINTIFF was never drug tested by DEFENDANT and was only using his prescribed psychiatric medication.

25.    PLAINTIFF asserts that the close temporal proximity between his FMLA request, his requests for accommodations, and his subsequent termination supports a compelling inference of discriminatory and retaliatory intent on the part of DEFENDANT.

26.    As a direct and proximate result of the actions taken against him, PLAINTIFF has suffered significant emotional distress and financial hardship due to the abrupt loss of his income, which has further exacerbated his mental health conditions.

## COUNT I
## DISCRIMINATION/FAILURE TO ACCOMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT; 42 U.S.C §12203

27.    PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

28.    The Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., prohibits discrimination against qualified individuals with disabilities in employment.

29.    The ADA provides that "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

30.    To prove disability discrimination, plaintiffs must demonstrate: (i) they have a disability within the meaning of the ADA; (ii) they are otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (iii) they have suffered an otherwise adverse employment decision as a result of discrimination. *Morgan v. Allison Crane & Rigging LLC*, 114 F.4th 214 (3d Cir. 2024).

31.    The ADA defines "disability" as: A) a physical or mental impairment that substantially limits one or more major life activities of such an individual; B) a record of such impairment; or C) being regarded as having such impairment. 42 U.S.C. § 12102(1).

32.    PLAINTIFF is a qualified individual with a disability, having been diagnosed with chronic depression and social anxiety disorder, which substantially limits his ability to perform major life activities.

33.   DEFENDANT is an employer subject to the requirements of the ADA, employing the requisite number of employees and engaging in commerce.

34.   PLAINTIFF was subjected to adverse employment actions when he was terminated due to his disability and need for accommodations.

35.   As a direct result of DEFENDANT's discriminatory actions, PLAINTIFF has suffered significant damages, including lost wages, benefits, emotional distress, and other compensatory damages

**COUNT II**
**DISCRIMINATION/FAILURE TO ACCOMODATE BASED ON A DISABILITY IN VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT; 43 P.S § 955(a)**

36.   PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

37.   The PHRA prohibits discrimination based on including but not limited to, race, color, handicap, or disability.

38.   "Handicap" or "disability" is defined as "physical or mental impairment which substantially limits one of more of such person's major like activities; a record of having such impairment; or being regarded as having such impairment. . ."

39.   Once an individual meets this definition of 'handicap' or 'disability,' the PHRA requires the employer to provide a reasonable accommodation that enables the individual to perform the essential functions of the position, unless doing so would impose an undue hardship on the employer.

40.   Under the PHRA, a "reasonable accommodation" includes modification of duties, scheduling, amount or nature of training, assistance provided and the like, assuming such modifications do not impose an "undue hardship."

41.    "Undue hardship" is defined as an action requiring significant difficulty or expense when considered in light of a number of factors.

42.    A reasonable accommodation in this case would have included permitting occasional remote work, which would have enabled PLAINTIFF to continue performing his job duties. Such an accommodation would not have imposed an undue hardship on DEFENDANT.

43.    Instead of engaging in the interactive process or providing this reasonable accommodation, DEFENDANT discriminated against PLAINTIFF on the basis of his disability and terminated his employment on February 22, 2024. As a direct result of DEFENDANT's actions, PLAINTIFF suffered adverse employment action and damages.

**COUNT III**
**RETALIATION IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT**

44.    PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

45.    To establish a prima facie case of retaliation under the ADA, a plaintiff must show: (1) []he engaged in a protected activity; (2) an adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action. *Johnson v. Sage Dining Servs.,* Inc., No. 23-3929 SWR, 2024 U.S. Dist. LEXIS 201859, at pg. 27 (E.D. Pa. Nov. 6, 2024)

46.    "The right to request an accommodation in good faith is a protected activity under the ADA." *Id.*

47.   PLAINTIFF engaged in protected activity when he requested reasonable accommodations for his disability, including occasional remote work, and when he asserted his rights under the ADA.

48.   DEFENDANT was aware of PLAINTIFF's protected activity.

49.   Shortly after PLAINTIFF requested accommodations and submitted medical documentation supporting his need for leave, DEFENDANT terminated his employment on February 22, 2024.

50.   The temporal proximity between PLAINTIFF's protected activity and his termination is unusually suggestive of retaliatory motive.

51.   DEFENDANT's stated reason for termination, namely alleged intoxication at work, is false and pretextual. PLAINTIFF was never drug tested and was only taking prescribed psychiatric medication.

52.   DEFENDANT retaliated against PLAINTIFF by terminating him from employment on or about February 22, 2024.

### COUNT IV
### RETALIATION IN VIOLATION OF
### THE PENNSYLVANIA HUMAN RELATIONS ACT; 43 P.S § 955(a)

53.   PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

54.   To state a retaliation claim under the Pennsylvania Human Relations Act (PHRA), a plaintiff must adequately plead that: (1) plaintiff engaged in protected activity; (2) a defendant took adverse action against plaintiff either after or contemporaneous with his protected activity; and (3) a causal connection exists between plaintiff's protected activity

and that adverse action. *Hitch v. Pittsburgh*, No. 23-2065, 2024 U.S. App. LEXIS 12047, at pg. 1 (3d Cir. May 17, 2024)

55.    PLAINTIFF engaged in protected activity under the PHRA by asserting his right to request reasonable accommodation to allow him to perform the essential functions of his job.

56.    Rather than respond to these protected assertions with appropriate accommodation or participation in the interactive process DEFENDANT terminated PLAINTIFF's employment.

57.    The temporal proximity between PLAINTIFF's protected activity and the adverse actions taken against him supports a causal link and gives rise to a strong inference of retaliatory motive.

58.    Defendant's conduct constitutes unlawful retaliation in violation of the PHRA.

**COUNT V**
**INTERFERENCE IN VIOLATION OF RIGHTS UNDER THE FMLA**

59.    PLAINTIFF hereby incorporates by reference each and every allegation made in the above paragraphs of this Complaint.

60.    To make a claim of interference under the Family and Medical Leave Act (FMLA), 29 U.S.C.S. § 2601 et seq., a plaintiff must establish: (1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA. Ross v. Gilhuly, 755 F.3d 185, 186 (3d Cir. 2014).

61.    PLAINTIFF was an eligible employee under the FMLA, having worked for

DEFENDANT for more than 12 months and at least 1,250 hours during the preceding 12

months.

62.    DEFENDANT qualified as an employer subject to the requirements of the FMLA, as it

engaged in commerce and employed at least 50 employees within a 75-mile radius.

63.    The PLAINTIFF notified DEFENDANT of his intent to utilize FMLA leave on

December 28, 2023 and his treating physician completed the required FMLA paperwork

on February 21, 2024.

64.    The PLAINTIFF was entitled to FMLA leave under 29 U.S.C. § 2612(a)(1)(A) to care

for his own medical conditions.

65.    On or about February 22, 2024, DEFENDANT informed PLAINTIFF that he was being

terminated based on alleged intoxication at work previous to PLAINTIFF beginning

FMLA leave.

66.    By terminating PLAINTIFF one day after PLAINTIFF submitted his completed FMLA

leave paperwork, DEFENDANT interfered with PLAINTIFF's rights in violation of 29

U.S.C. § 2615(a)(1) by failing to ensure that he could exercise his approved leave.

**COUNT VI**
**RETALIATION IN VIOLATION OF RIGHTS UNDER THE FMLA**

67.    PLAINTIFF hereby incorporates by reference each and every allegation made in the

above paragraphs of this Complaint.

68.    PLAINTIFF exercised his rights under the FMLA by requesting and obtaining approval

for FMLA leave to care for his mental health conditions, as permitted under 29 U.S.C. §

2612(a)(1)(A).

69.    PLAINTIFF engaged in protected activity under the FMLA when he submitted his leave

request, provided necessary documentation, and attempted to utilize his approved leave

consistent with DEFENDANT's policies and procedures.

70.    On or about February 22, 2024, DEFENDANT terminated PLAINTIFF shortly after he

notified them that he would be pursuing FMLA leave and submitted the proper

paperwork, establishing a clear link between his intent to exercise his FMLA rights and

the decision to terminate him.

## JURY DEMAND

PLAINTIFF requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, Jamison Smith, respectfully requests that this Honorable

Court enter judgment in his favor and against DEFENDANT, Advanced Auto Parts

LLC., and award PLAINTIFF damages for lost wages, benefits, compensatory damages,

reasonable attorney's fees, costs of this action, and any other relief the Court deems just

and appropriate.

**Respectfully Submitted:**

**STARK LAW GROUP, LLC**


By:_____/s/ Alexis Conrad___
Alexis Conrad
Attorney Bar No: 335686
1370 Harrisburg Pike
Lancaster, PA 17601
Phone: 717-844-6350
Email:alexis@starklawllc.com

**DATE: February 13, 2026**