## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------------------------

SCOTT DETURO
3005 61st Dr E.
Ellenton, FL 34222

        Plaintiff,

v.

TRAFFIC MANAGEMENT, INC.
1110 Roosevelt Avenue
York, PA 17404

        Defendant.

------------------------------------------------------

Civil Case No.:

**JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

Plaintiff, Scott Deturo ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Defendant, Traffic Management, Inc. ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, which have caused Plaintiff to suffer damages as set forth herein.

2. Additionally, Plaintiff further contends violations by Defendant of Pennsylvania public policy for asserting his rights under the Pennsylvania Workers' Compensation Act.

## PARTIES

3. Plaintiff, Scott Deturo, is a citizen of the United States and the State of Florida, currently residing at 3005 61st Dr E, Ellenton, FL 34222[1].

4. Defendant, Traffic Management, Inc., is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a registered office address and principal place of business located at 1110 Roosevelt Avenue, York, PA 17404.

## JURISDICTION AND VENUE

5. On or about March 3, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2025-05347. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated February 3, 2026, Plaintiff received a Notice of Rights to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

---

[1] When he worked for Defendant, Plaintiff was a resident of the Commonwealth of Pennsylvania and lived at 131 S. Belvidere Avenue, York, PA 17401.

7. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

8. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

9. This is an action authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

10. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant resides in this judicial district, doing business herein, and the unlawful practices of which Plaintiff is complaining were committed herein.

## FACTUAL ALLEGATIONS

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff began his employment with Defendant on or about March 11, 2024, in the position of Traffic Controller.

15. By way of background, Plaintiff was injured at work, suffering a ruptured right bicep tendon.

16. A ruptured bicep tendon qualifies as a disability under the ADA as it substantially limits one or more major life activities for an extended period.

17. It should be noted that because he sustained this injury on the job, Plaintiff made a point of affirmatively requesting to open a claim for workers' compensation.

18. Plaintiff's doctor placed him on light duty, and provided Plaintiff with work restrictions of not lifting greater than 15lbs, and not reaching above his head and/or shoulder with the affected extremity.

19. In addition, because of Plaintiff's work injury, Plaintiff was unable to drive.

20. Plaintiff advised Defendant's Supervisor, Bobby Sue ("Ms. Sue"), of his work restrictions and provided Ms. Sue with a copy of his doctor's notes.

21. At this point in time, Defendant was aware of Plaintiff's work-related injury and work restrictions, and Plaintiff was told Defendant would accommodate his work restrictions beginning on or about October 21, 2024.

22. Thereafter, Plaintiff was able to work in Defendant's office on light duty for a few weeks.

23. On or about November 13, 2024, Plaintiff was given new work restrictions of not lifting more than 10lbs, which Plaintiff gave to Ms. Sue.

24. In response, Ms. Sue told Plaintiff to listen to his doctor.

25. However, less than a week after Plaintiff notified Ms. Sue of his new work restrictions, Plaintiff was abruptly terminated from employment.

26. As such, it is believed, and therefore averred, Defendant terminated Plaintiff's employment because of his actual and/or perceived disability, because of his past record of impairment, and in retaliation for his request(s) for to be reasonably accommodated in connection thereto, in violation of the ADA.

27. It is further believed, and therefore averred, that Defendant willfully violated Pennsylvania public by retaliating against Plaintiff for asserting his rights under the Pennsylvania Workers' Compensation Act.

28. As such, it is believed, and therefore averred, that Defendant terminated Plaintiff's employment in retaliation for Plaintiff exercising his right to seek workers' compensation benefits in connection with his work-related injury.

29. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of

employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION, FAILURE TO ACCOMMODATE, AND RETALIATION

30. Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

32. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

33. Plaintiff's ruptured bicep tendon substantially limited his ability to engage in one or more major life activities for an extended period.

34. Defendant was aware of Plaintiff's disability and need for a reasonable accommodation, his record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

35. Plaintiff requested reasonable accommodation(s) in the form of light-duty work, not lifting greater than 15lbs (later changed to 10lbs), and not reaching above his head and/or shoulder with the affected extremity.

36. Despite his disability, Plaintiff would have been able to perform the essential functions of his job, with or without a reasonable accommodation.

37. Defendant failed to engage in the interactive process with Plaintiff to discuss alternatives to his requested accommodations in the event it felt it could not accommodate him.

38. By reasons of the foregoing, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff's employment on the basis of his actual and/or perceived disability, because Defendant regarded him as being disabled, and for his past record of impairment.

39. Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff in retaliation for his request(s) for reasonable accommodation(s) in connection thereto.

40. Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by failing to engage, in good faith, in the interactive process to determine a reasonable accommodation and by failing to accommodate Plaintiff upon learning of Plaintiff's request(s) and/or need for accommodation(s).

41. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other

significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial;

B. Punitive and/or compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

### COUNT II
### PENNSYLVANIA PUBLIC POLICY
### PENNSYLVANIA WORKERS' COMPENSATION ACT
### DISCRIMINATION AND RETALIATION

42. Paragraphs 1 through 41 are hereby incorporated by reference as though the same were fully set forth at length herein.

43. During the course and scope of his employment, Plaintiff suffered a work-related injury.

44. Plaintiff's work-related injury caused Plaintiff to require medical care and treatment.

45. Plaintiff provided Defendant with notice of the work-related injury and reported the work-related injury to Defendant.

46. Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully terminating Plaintiff's employment in retaliation for Plaintiff's decision to avail himself of the benefits of the Pennsylvania Workers' Compensation Law.

47. Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

   A. Back wages, front pay, and bonuses in an amount to be determined at trial;

   B. Compensatory damages and lost benefits;

C. Punitive damages for Defendant's unlawful practices which were committed with malicious and reckless indifference to Plaintiff's rights;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Mary Kramer*
Mary Kramer, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mkramer@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Date: February 19, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.