## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| West Shore Home, LLC, | **COMPLAINT** |
| Plaintiff, | |
| v. | |
| | Civil Action No. |
| Union Square Media Group, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, West Shore Home, LLC, brings this action against Union Square Media Group, LLC ("Union Square"), and hereby alleges as follows:

## NATURE OF SUIT

1.    This action for trademark infringement and unfair competition arises from Defendant's unauthorized use and misappropriation of West Shore's trademarks and goodwill in violation of the Lanham Act, 15 U.S.C §§ 1051 et seq., and for related state claims arising out of the same case or controversy.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq.

3.     The Court has personal jurisdiction over Defendant, Defendant having availed itself of the rights and benefits of the Commonwealth of Pennsylvania by engaging in substantial, continuous, and systematic contacts with the Commonwealth of Pennsylvania and because Defendant is offering advertisements for home remodeling services to the residents of the Commonwealth of Pennsylvania. Accordingly, Defendant should reasonably anticipate being hauled into court in this jurisdiction.

4.     Defendant is subject to the general jurisdiction of this Court because it has regular and systemic contacts with this forum such that the exercise of jurisdiction over it will not offend the traditional notions of fair play and substantial justice.

5.     Venue is proper pursuant to 28 U.S.C § 1391, because Defendant committed acts of trademark infringement and other violations of the Lanham Act in this Judicial District and does business in this Judicial District.

6.     This court has supplemental jurisdiction over West Shore's state-law claims pursuant to 28 U.S.C. § 1367.

## THE PARTIES

7.     Plaintiff, West Shore Home, LLC ("Plaintiff" or "West Shore"), is a Pennsylvania limited liability company with its principal place of business located at 3 Crossgate Drive, Mechanicsburg, Pennsylvania 17050.

2

8.      Defendant, Union Square Media Group LLC ("Defendant" or "Union Square"), is a Delaware limited liability company with its principal place of business located at 527 3rd Ave. No. 355, New York, NY 10016.

## FACTUAL BACKGROUND

### Plaintiff's Trademarks

9.      Since at least as early as November 30, 2021, West Shore has continuously used AMERICA'S MOST ADMIRED HOME REMODELING BRAND as a trademark in connection with home renovation and home remodeling services.

10.     West Shore has taken steps to protect its AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark and has secured U.S. Trademark Registration No. 6,789,671 (the "'671 registration") for that mark in the name of West Shore Home, LLC:

| Mark | Reg. No. & Date | Goods and Services |
|---|---|---|
| AMERICA'S MOST ADMIRED HOME REMODELING BRAND | 6,789,671<br><br>July 12, 222 | Class 37: Home renovation services; Home remodeling services in the nature of the reconstruction and repair of homes |

11.     A copy of the registration certificate for the '671 registration is attached hereto as **Exhibit A**.

12.     The '671 registration is in full force and effect on the U.S. Patent and Trademark Office's ("USPTO's") Principal Register.

13.     West Shore has used the AMERICA'S MOST ADMIRED HOME REMODELING BRAND trademark continuously in interstate commerce in the United States since at least as early as November 30, 2021.

14.     West Shore's continuous use of its AMERICA'S MOST ADMIRED HOME REMODELING BRAND trademark has also given rise to common law rights in that trademark in favor of West Shore.

15.     West Shore has expended substantial time, effort and money in promoting and advertising its services offered under its AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark.

16.     West Shore advertises its services in connection with its AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark on its social media and in connection with its work in this judicial district, giving notice to third parties of West Shore's ownership of the mark by use of the ® trademark registration symbol, as shown by example below:







17.    Through careful cultivation of its home remodeling and home renovation services, West Shore has developed an outstanding reputation and an established client base.

18.    As a result of the extensive sales and promotion of its services under its AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark, West Shore has built up highly valuable goodwill in the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark, which has become uniquely identified and associated with West Shore.

19.    As a result of the foregoing, the general consuming public widely recognizes the AMERICA'S MOST ADMIRED HOME REMODELING BRAND

mark and further recognizes West Shore as the source of the services associated

with the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark.

### Defendant's Unlawful Use of West Shore's Trademark

20.    Defendant is a digital marketing agency creating online

advertisements for a number of industries, including home remodeling and

renovation companies.

21.    Notwithstanding West Shore's prior use of its AMERICA'S MOST

ADMIRED HOME REMODELING BRAND mark, Defendant has used the

AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark to

advertise bathroom remodeling services and generate customer leads for West

Shore's direct competitors.

22.    Defendant created advertising for "Senior Bath Solution," a purported

bath remodeling company offering services to individuals 65 and over.  Upon

information and belief, Senior Bath Solution does not exist in fact as a going

concern, but rather is a fictitious entity concocted by Defendant solely for the

purpose of generating leads for customers of Defendant in the bath remodeling

space.

23.    Defendant created the following websites for "Senior Bath Solution",

which were designed to collect contact and other information from individuals

seeking bathroom remodeling services so that Defendant could sell the information

as customer leads to actual providers of home remodeling services or lead

aggregators who would then resell the lead information potentially multiple times:

https://walkintub.seniorbathsolution.com/n/vlm/costover65/map/box/05/15?adid=9

24392;https://oneday.seniorbathsolution.com/n/max/sp/newservicesenior/05/29/24

?s5=00d3727.

24.     These websites prominently included West Shore's AMERICA'S

MOST ADMIRED HOME REMODELING BRAND mark as seen below:





25.    Defendant's use of West Shore's AMERICA'S MOST ADMIRED

HOME REMODELING BRAND mark included the use of the trademark

registration symbol, ®.

26.    Defendant does not own a trademark registration that would permit

Defendant to use AMERICA'S MOST ADMIRED HOME REMODELING

BRAND with the trademark registration symbol.

27.    West Shore is not affiliated with Defendant. West Shore has never

contracted with Defendant to create advertisements for West Shore's home

remodeling and home renovation business. West Shore has not purchased customer leads from Defendant or authorized its agents to do so.

28.    West Shore has not authorized Defendant to use the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark.

29.    On October 6, 2025, West Shore sent Defendant a cease-and-desist letter, asserting West Shore's rights in the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark and demanding that Defendant discontinue its infringement and provide other justified relief.

30.    Following this correspondence, Defendant communicated that it had ceased its unauthorized and wrongful use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark on its online advertisements for bath remodeling services.

31.    Notwithstanding the alleged cessation of the use of West Shore's AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark on Defendant's websites, Defendant has failed to identify the time period of its infringing activities, the entities and/or individuals participating in the websites and campaigns that included West Shore's AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark, or the revenues derived by Defendant from its inappropriate use of West Shore's mark.

32.    Defendant has used West Shore's AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark to generate leads for West Shore's competitors.

33.    Defendant seeks to trade off of West Shore's goodwill.

34.    Defendant's actions constitute infringement of West Shore's AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark and have and will continue to cause confusion, mistake, or deception to the relevant trade public.  Defendant's actions have caused, and will continue to cause, damage and irreparable injury to West Shore.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMNT**
**UNDER THE LANHAM ACT § 32(1), 15 U.S.C. § 1114(1)**

35.    West Shore repeats and realleges the foregoing paragraphs as if fully set forth herein.

36.    West Shore owns valid and existing rights in the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark, including the '671 registration.

37.    West Shore has continuously used its AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark in connection with its home renovation and home remodeling services since 2021. West Shore has built up a

11

significant amount of goodwill associated with its AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark during this time.

38.    Defendant has no rights in the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark, and West Shore has never approved Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark in connection with Defendant's websites advertising remodeling services.

39.    Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark on websites advertising home remodeling services in the United States infringes West Shore's rights in its AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark and the '671 registration in violation of the Lanham Act.

40.    Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark is likely to cause confusion among consumers of home renovation and home remodeling services.

41.    Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark is identical in sight, sounds, and meaning to West Shore's AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark, and Defendant's use of the AMERICA'S MOST ADMIRED HOME

REMODELING BRAND mark is used in connection with identical services and in identical channels of trade as West Shore.

42.    Defendant's use of AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark is likely to cause mistake and confusion, as members of the public are likely to believe that Defendant's advertisements originate from or are being provided in association with West Shore in violation of 15 U.S.C. § 1114.

43.    Defendant's activities complained of herein constitute willful and intentional infringement of West Shore's AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark, are in total disregard of West Shore's rights, and were commenced despite Defendant's knowledge that Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark in connection with advertisements for bath renovation services was and is in direct contravention of West Shore's rights.

44.    Defendant's use of AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark to offer advertisements for bath renovation services has irreparably damaged West Shore, and unless enjoined, will continue to cause West Shore irreparable harm.

45.    Defendant's actions have caused damage to West Shore in an amount to be determined at trial.

13

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

46.     West Shore repeats and realleges the foregoing paragraphs as if fully set forth herein.

47.     West Shore owns and holds valid and protectable common law trademark rights in its AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark.

48.     Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark is likely to cause confusion among purchasers and prospective purchasers of home remodeling and home renovation services.

49.     Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark is likely to cause mistake and confusion as members of the public are likely to believe that Defendant's advertisements originate from or are being provided in association with West Shore.

50.     Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark is also likely to cause mistake and confusion as members of the public whose information is sold to third-party renovators will believe that those third-party renovators are associated with West Shore.

51.     Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark on advertisements for bath renovation services constitutes trademark infringement, and the infringement has taken place even

14

though Defendant had full knowledge of West Shore, West Shore's AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark and West Shore's rights in and to the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark. Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark therefore has been intentional, deliberate, and willful.

52.    The acts of Defendant constitute common law trademark infringement under the laws of the Commonwealth of Pennsylvania.

53.    Defendant's actions have caused damage to West Shore in an amount to be determined at trial.

## COUNT III
## FEDERAL UNFAIR COMPETITION

54.    West Shore repeats and realleges the forgoing paragraphs as if fully set forth herein.

55.    West Shore's AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark is protectable under 15 U.S.C. § 1125(a). West Shore's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark in connection with home renovation and home remodeling services is widespread, promoted, and well known to consumers of these services.

56.    Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark is likely to confuse consumers as to the source of Defendant's advertisements and the associated services, misleading consumers into believing that the advertised bath remodeling services are West Shore's services. Defendant's bath remodeling advertisements, and the services provided by third parties that purchase leads from Defendant, are offered to the same customers in the same channels of trade as West Shore.

57.    Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark to offer advertisements related to bath renovation and remodeling in the United States as alleged herein constitutes use that is likely to cause confusion, mistake, or deceive consumers as to the affiliation, connection, origin, sponsorship or approval of Defendant's services in violation of 15 U.S.C. § 1125(a).

58.    Defendant's actions have been and are intentional, deliberate, and willful and have taken place with full knowledge of West Shore and its strong rights in the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark.

59.    West Shore is being and will continue to be irreparably harmed unless Defendant's infringing conduct is enjoined by this Court.

16

60.    Defendant's actions have caused damage to West Shore in an amount to be determined at trial.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

61.    West Shore repeats and realleges the foregoing paragraphs as if fully set forth herein.

62.    Defendant has willfully infringed West Shore's AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark.  Consumers of home renovation and home remodeling services are likely to be confused into believing that Defendant's advertisements and the services of the third parties that purchase leads from Defendant originate from West Shore or that Defendant's advertisements are associated with West Shore's services based on Defendant's use of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark.

63.    Defendant has knowingly infringed West Shore's trademark to try to misappropriate West Shore's goodwill and pass off Defendant's advertised services as being the services of West Shore.

## COUNT V
## UNFAIR COMPETITION UNDER PENNSYLVANIA UNFAIR
## TRADE PRACTICES AND CONSUMER PROTECTION LAW 73 P.S. 201
## ET SEQ.

64.     West Shore repeats and realleges the foregoing paragraphs as if fully set forth herein.

65.     Defendant's unauthorized use in commerce of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark as alleged herein is likely to cause confusion, or to cause mistake or misunderstanding, or to deceive consumers as to the Defendant's affiliation or association with West Shore and as to the sponsorship or approval by West Shore of Defendant's bath remodeling advertisements and the services offered by third parties that purchase leads from Defendant.

66.     Defendant's unauthorized use in commerce of the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark as alleged herein constitutes a false designation of origin and trademark infringement.

67.     As a result of these wrongful acts, West Shore is entitled to injunctive relief prohibiting Defendant from using the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark and any other marks confusingly similar to the AMERICA'S MOST ADMIRED HOME REMODELING BRAND mark, and to recover all damages that West Shore has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant as a result of their infringing

18

acts in an amount not yet known, enhanced damages and profits, attorneys' fees as well as the costs of this action, together with prejudgment and post-judgment interest pursuant to 73 P.S. §§ 201 et seq and any other relief recoverable under Pennsylvania Law.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, West Shore Home, LLC, respectfully requests the Court enter judgment in its favor and against Defendant, Union Square Media Group, LLC, on all counts in the Complaint, including judgment that:

(a)    Defendant be adjudged to have infringed West Shore's trademark and to have violated 15 U.S.C. §1125(a) and the common law of unfair competition of the Commonwealth of Pennsylvania;

(b)    Defendant's infringement has been willful;

(c)    West Shore be awarded damages adequate to compensate West Shore for Defendant's infringement of its trademark rights;

(d)    West Shore be awarded profits received from the sale of leads to third parties, or other goods or services, directly or indirectly, in connection with,

advertised, or promoted in any manner, by or through Defendant's unauthorized use of West Shore's trademark rights;

(e)    West Shore's damages be trebled pursuant to 15 U.S.C. § 1117;

(f)    West Shore be awarded its attorneys' fees and costs;

(g)    Defendant, its officers, directors, principals, agents, servant, employees, successors, assigns, affiliates and all that are in active concert or participation with Defendant be permanently enjoined from further infringement of West Shore's trademark rights and unfair competition under 15 U.S.C. § 1116 and Pennsylvania state law;

(h)    Defendants be required, in accordance with 15 U.S.C. § 1118, to destroy all packaging, catalogs, and advertisements in Defendant's possession custody or control bearing the term AMERICA'S MOST ADMIRED HOME REMODELING BRAND, or any term that is confusingly similar to AMERICA'S MOST ADMIRED HOME REMODELING BRAND; and

(i)    Any such other and further relief as the Court deems just and equitable.

Dated: February 27, 2026    Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**
_/Thomas G. Collins/_
Thomas G. Collins (I.D. No. 75896)
409 North Second Street
Harrisburg, PA  17101
Phone: (717) 237-4843
Facsimile: (717) 233-0852
Email: thomas.collins@bipc.com


Duane A. Stewart III (I.D. No. 86169)
_Pro Hac Vice Motion to be Filed_
Union Trust Building
501 Grant Street, Ste. 200
Pittsburgh, PA 15219
Tel: 412-562-1622
Email: duane.stewart@bipc.com