## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **RHEANNA REHMEYER** | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| | ) Hon. |
| v. | ) |
| | ) **Jury Trial Demanded** |
| **CORNERSTONE ADMINISYSTEMS,** | ) |
| **INC.** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Rheanna Rehmeyer ("Plaintiff") brings this Complaint against Cornerstone Adminisystems, Inc., ("Defendant" or "Cornerstone") and alleges as follows:

### I. INTRODUCTION

1. This is an action for disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., as well as claims under Title VII Gender, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq.

2. Plaintiff was diagnosed with Stage IIIB invasive ductal carcinoma of the right breast and required aggressive chemotherapy treatment.

3. Plaintiff promptly notified Defendant of her diagnosis and requested reasonable accommodations supported by medical documentation. Defendant formally approved Plaintiff's accommodations on August 24, 2023.

4. After Plaintiff began chemotherapy and continued working under the approved accommodation plan, Defendant terminated her employment on December 1, 2023 and hired other workers included non-disabled males.

5. Defendant claimed that Plaintiff's "part-time position" was eliminated. However, this explanation was pretextual and closely followed Plaintiff's protected request for accommodation and ongoing cancer treatment.

6. Defendant's actions constitute unlawful disability discrimination, failure to properly accommodate, and retaliation.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117.

9. The Court has supplemental jurisdiction over Plaintiff's PHRA claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant operates in Pennsylvania and the unlawful employment practices occurred within this District.

## III. PARTIES

11. Plaintiff Rheanna Rehmeyer is an adult individual residing in York, Pennsylvania.

12. Defendant Cornerstone Adminisystems, Inc. is a Pennsylvania corporation with a principal place of business at 23 Old Depot Road, New Cumberland, Pennsylvania.

13. At all relevant times, Defendant employed more than fifteen (15) employees and is an employer within the meaning of the ADA, Title VII and PHRA.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiff filed a Charge of Discrimination with the EEOC docketed as 530-2024-04339 and Pennsylvania Human Relations Commission docketed as 202317136. The dually filed Charge alleged disability discrimination, sex discrimination, and retaliation arising from her termination and denial of rights under the ADA and Title VII. Plaintiff has exhausted all required administrative prerequisites. See **Exhibit A** for Right to Sue.

## V. FACTUAL ALLEGATIONS

**A. Employment Background**

17. Plaintiff began working for Defendant on or about February 1, 2023, as a Claims Resolution Specialist. Plaintiff earned approximately $16.50 per hour plus benefits. Plaintiff performed her duties satisfactorily and met Defendant's legitimate expectations.

**B. Cancer Diagnosis and Notice to Employer**

20. On or about July 25, 2023, Plaintiff was diagnosed with malignant neoplasm of the right breast. Her cancer was classified as Stage IIIB invasive ductal carcinoma, HR+, HER2-, Grade 2, with high Ki-67.

21. The condition substantially limited major life activities including normal cell growth, immune function, pai, fatigue, concentration, cognitive functioning, and the ability to work without accommodation.

22. Plaintiff immediately notified her supervisor and human resources of her diagnosis. Thereafter, on August 17, 2023, Plaintiff formally requested reasonable accommodations via email, including working remotely during treatment, reducing hours to part-time (20 hours per week); flexible scheduling due to chemotherapy appointments.

23. Plaintiff's oncologist provided a detailed letter dated August 18, 2023, confirming she would begin dose-dense chemotherapy, treatment would extend through approximately February 28, 2024, she should be permitted remote work during treatment weeks, she should be limited to part-time hours with flexibility.

**C. Approval of Accommodation**

28. On August 24, 2023, Defendant formally approved Plaintiff's accommodation request. The written accommodation agreement provided that Plaintiff would

transition to part-time status (up to 20 hours per week); Plaintiff would work remotely during chemotherapy weeks; Plaintiff would work in-office on alternating weeks; and the accommodation was effective August 22, 2023.

29. Defendant required Plaintiff to provide her own equipment to work remotely, and the Plaintiff complied with all requirements and continued performing her job duties satisfactorily.

## D. Plaintiff's Performance During Treatment

30. Plaintiff began chemotherapy on or about August 21, 2023.

31. Despite undergoing aggressive cancer treatment, Plaintiff continued working under the approved accommodation.

32. On October 26, 2023, Plaintiff informed her supervisor she would not be in due to treatment-related symptoms. Her supervisor responded positively, stating, "You're doing great and I appreciate you. Cannot wait till you can return to the office."

33. At no time prior to her termination did Defendant issue formal discipline or notify Plaintiff that her position was in jeopardy.

## E. Termination

35. Plaintiff's employment ended on December 1, 2023.

36. On December 18, 2023, Defendant sent Plaintiff a letter stating that, "As per your notification by Barbara Hart, the part-time position you held in the Claims Resolution department was eliminated." Defendant did not identify any performance deficiencies in the termination letter. Further, Defendant did not offer Plaintiff transfer to a full-time position. Additionally, Defendant did not engage in further interactive discussions before terminating her.

37. Plaintiff was terminated approximately three (3) months after requesting ADA accommodations and while still undergoing chemotherapy.

## F. Pretext and Discriminatory Motive

41. Defendant later claimed that part-time roles were eliminated due to backlog and operational needs. However, Defendant hired multiple full-time employees, including non-disabled males, during the same time period.

42. Defendant's stated justification shifted after litigation commenced.

43. The timing of Plaintiff's termination, during active chemotherapy and shortly after requesting accommodation, gives rise to an inference of retaliation.

44. Plaintiff's cancer diagnosis, reduced hours, and need for flexibility were motivating and/or determinative factors in Defendant's decision.

## COUNT I

### ADA – Disability Discrimination

46. Plaintiff incorporates all preceding paragraphs.

47. Plaintiff is a qualified individual with a disability.

48. Plaintiff could perform the essential functions of her position with reasonable accommodation.

49. Defendant terminated Plaintiff because of her disability.

50. Defendant's conduct violated the ADA.

## COUNT II

### ADA – Failure to Accommodate

51. Plaintiff incorporates all preceding paragraphs.

52. Plaintiff requested reasonable accommodations supported by medical documentation.

53. Defendant initially approved accommodations but failed to maintain them in good faith.

54. Defendant effectively rescinded accommodation by eliminating Plaintiff's position during active treatment.

55. Defendant failed to meaningfully engage in the interactive process prior to termination.

56. Defendant violated the ADA.

## COUNT III

### ADA – Retaliation

57. Plaintiff incorporates all preceding paragraphs.

58. Plaintiff engaged in protected activity by requesting accommodation.

59. Defendant subjected Plaintiff to adverse employment action by terminating her employment.

60. The temporal proximity between Plaintiff's accommodation request and her termination supports a causal connection.

61. Defendant retaliated against Plaintiff in violation of the ADA.

## COUNT IV

### Sex Discrimination (Title VII)

32. Plaintiff incorporates the preceding paragraphs.

33. Plaintiff is female and therefore a member of a protected class.

34. Plaintiff was qualified for her position.

35. Defendant terminated Plaintiff under circumstances giving rise to an inference of discrimination.

36. Upon information and belief, similarly, situated non-female or non-disabled employees were not terminated under comparable circumstances and males were hired to replace her.

37. Defendant's conduct constitutes unlawful sex discrimination in violation of Title VII.

## COUNT V

### PHRA Disability Violations

62. Plaintiff incorporates all preceding paragraphs.

63. Defendant's conduct violated the PHRA for the same reasons it violated the ADA.

## COUNT VI

### PHRA Gender Violations

64. Plaintiff incorporates all preceding paragraphs.

65. Defendant's conduct violated the PHRA for the same reasons it violated the Title VII.

## VI. DAMAGES

66. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered:

- Lost wages and benefits
- Loss of earning capacity
- Emotional distress
- Pain and suffering
- Humiliation

- Loss of employment benefits

67. Defendant's conduct was willful and reckless, entitling Plaintiff to punitive damages.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in her favor;

B. Award back pay and front pay;

C. Award compensatory damages;

D. Award punitive damages;

E. Award attorney's fees and costs;

F. Award pre- and post-judgment interest;

G. Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands trial by jury on all counts so triable.

DATED this the 28th day of March 2026.

*By: /s/ Jeremy A. Donham, Esquire*
Jeremy Donham, (206980)
**DONHAM LAW**
714 Venture Drive, Ste. 144
Morgantown, West Virginia 26508
717.881.7855 (Phone)
Email: J.Donham@Donhamlaw.com