**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK CARFORA,** | : | **Civil Action No.** |
| **520 Franklin Circle** | : | |
| **Yardley, PA 19067** | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **THE GIANT COMPANY, LLC,** | : | |
| **65 PA-611** | : | |
| **Bartonsville, PA 18321** | : | |
| | : | |
| **1149 Harrisburg Pike** | : | |
| **Carlisle, PA 17013** | : | |
| **Defendant.** | : | |

### CIVIL ACTION

Plaintiff, Patrick Carfora (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against The GIANT Company, LLC (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### **THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant The GIANT Company, LLC is a chain of supermarkets with a location at 65 PA-611, Bartonsville, PA 18321 and corporate headquarters located at 1149 Harrisburg Pike, Carlisle, PA 17013.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADEA, Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), signed on September 3, 2025, alleging age and sex discrimination as well as retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2025-02820 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated December 2, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born in 1965.

21. In or around 1988, Food Lion hired Plaintiff.

22. Plaintiff held multiple positions throughout his employment with Food Lion and became a Store Manager in or around 1992.

23. Plaintiff was well qualified for his position and performed well.

24. In or around November 2020, Plaintiff became an employee of Defendant following the merger of Ahold and Delhaize, the parent companies of Food Lion and Defendant.

25. In or around September 2023, Defendant transferred Plaintiff to its Bartonsville, PA location.

### PLAINTIFF WAS DISCRIMINATED AGAINST

26. Shortly afterwards, Tammy Serfass (40's, female), Regional Human Resources Manager, began to nitpick Plaintiff's work product and micromanage him.

27. Serfass also made disparaging comments to Plaintiff regarding how "skinny" he was and his gray hair.

28. Importantly, Plaintiff was one of the oldest Store Managers at Defendant and the majority of management is female.

29. Plaintiff was offended by Serfass's comments and believed that they were directed towards his age and gender.

30. Serfass did not make the same or similar comments to Plaintiff's younger and/or female coworkers.

## PLAINTIFF REPORTED SERFASS'S DISCRIMINATORY CONDUCT, BUT NO ACTION WAS TAKEN TO ADDRESS IT

31. In or around September 2024, Plaintiff called Sherry Miller (40's, female), Regional Manager and his direct supervisor, and reported Serfass's discriminatory conduct.

32. Miller informed Plaintiff that she would speak to Serfass in response to his complaint.

33. However, Serfass's discriminatory conduct continued.

## A SUBORDINATE REPORTED SEXUAL HARASSMENT, BUT PLAINTIFF WAS NOT NOTIFIED OF THE COMPLAINT

34. In or around September 2024, Lori Peterson, Giant Direct Online Shopper, reported sexual harassment to Jill Magyar (early 30's, female), Assistant Manager, and Riko Last Name Unknown ("LNU") (early 30's, female), Assistant Manager, unbeknownst to Plaintiff.

35. However, Magyar and Riko did not escalate Peterson's sexual harassment complaint as per Defendant's policies and procedures.

## PLAINTIFF LEARNED OF THE SEXUAL HARASSMENT AND IMMEDIATELY ESCALATED IT

36. On or about November 6, 2024, Peterson reported the sexual harassment to Plaintiff.

37. Plaintiff immediately took a statement from Peterson and escalated her complaint of sexual harassment to Miller and Serfass as per Defendant's policies and procedures.

## MAGYAR AND RIKO FALSELY CLAIMED THEY HAD PREVIOUSLY INFORMED PLAINTIFF OF PETERSON'S COMPLAINT OF SEXUAL HARASSMENT

38. On or about November 7, 2024, Magyar and Riko falsely reported to Serfass that they had previously notified Plaintiff of Peterson's sexual harassment complaint in September 2025.

39. Plaintiff informed Serfass that neither Magyar nor Riko had informed him of Peterson's sexual harassment complaint in September 2025, or any other time prior.

40. Plaintiff told Serfass that if he had been informed of the sexual harassment complaint, he would have reported it immediately, just like he had done the previous day when Peterson had reported it to him.

## DEFENDANT TERMINATED PLAINTIFF

41. On November 11, 2024, Serfass and Bob LNU, Center of Store Manager, terminated Plaintiff via phone call for allegedly not reporting Peterson's sexual harassment complaint.

42. Defendant did not issue Plaintiff any written disciplines and had not placed him on a Performance Improvement Plan ("PIP") prior to his termination.

43. Plaintiff was 59 years old at the time of his termination.

44. In addition, Defendant replaced Plaintiff with Jackie Kemmerer (mid-30's, female) as Store Manager.

## SERFASS DID NOT ESCALATE A COMPLAINT OF SEXUAL HARASSMENT, BUT WAS NOT TERMINATED FOR IT

45. Previously, in or around March 2025, David Pier, Assistant Store Manager, reported a complaint of sexual harassment made by Todd Heller (male), Produce Manager, to Serfass.

46. However, Serfass dismissed the complaint without conducting an investigation.

47. In or around April 2025, Heller complained to Defendant's Corporate Human Resources about the sexual harassment.

48. Upon information and belief, Serfass admitted that she did not conduct an investigation, but Defendant transferred her to another region instead of terminating her.

49. Defendant discriminated against Plaintiff due to his age and gender and retaliated against him for complaining of the aforementioned discrimination in violation of the ADEA, Title VII and the PHRA.

50. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. Plaintiff was born in 1965.

53. Plaintiff was qualified to perform the job.

54. Defendant terminated Plaintiff.

55. Defendant treated younger employees more favorably than Plaintiff.

56. Defendant has no legitimate non-discriminatory reason for its actions.

57. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

60. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – GENDER DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. Plaintiff is a member of protected classes in that he is male.

63. Plaintiff was qualified to perform the job.

64. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

65. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

66. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

67. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

68. Defendant terminated Plaintiff.

69. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

70. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff is a member of protected calluses in that he is male.

73. Plaintiff was qualified to perform the job.

74. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

75. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

76. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

77. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

78. Defendant terminated Plaintiff.

79. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

80. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

81. Plaintiff engaged in activity protected by the ADEA.

82. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

83. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VI – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

84. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

85. Plaintiff engaged in activity protected by Title VII.

86. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

87. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VII – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

88. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

89. Plaintiff engaged in activity protected by the PHRA.

90. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

91. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Patrick Carfora, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, Title VII and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: March 2, 2026          By:  */s/David M. Koller*
                                  David M. Koller, Esquire
                                  Jordan D. Santo, Esquire
                                  2043 Locust Street, Suite 1B
                                  Philadelphia, PA 19103
                                  215-545-8917
                                  davidk@kollerlawfirm.com
                                  jordans@kollerlawfirm.com

                                  *Counsel for Plaintiff*