UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID IRVIN and DAVID ANTHONY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CABELA'S L.L.C. and BPS DIRECT, L.L.C.,<br><br>Defendants. | CASE NO.:<br><br>(Removal from the Court of Common Pleas, Lebanon County, Case No. 2023-01668) |

# NOTICE OF REMOVAL

1.    Defendants Cabela's L.L.C. and BPS Direct, L.L.C. ("Bass Pro") through undersigned counsel, hereby give notice that they are removing the above-captioned case, originally filed in the Court of Common Pleas for Lebanon County ("Lebanon County Court of Common Pleas"), Case No. 2023-01668, to the United States District Court for the Middle District of Pennsylvania. Bass Pro removes the case pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453.[1]

2.    On December 21, 2023, Plaintiff David Irvin, acting individually and on behalf of a purported class of persons he seeks to represent, filed a class action complaint in Lebanon County Court of Common Pleas. Plaintiff served the

---

[1] All emphases are added and internal citations, quotations, and alterations are omitted unless otherwise stated for ease of reading.

Complaint on Defendants on January 31, 2024. David Anthony was added as a named Plaintiff in the Second Amended Complaint on February 18, 2026 (together with Plaintiff David Irvin, "Plaintiffs"). Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon Bass Pro are contained in **Exhibit A**.

3. Removal of this action is timely because Bass Pro filed this Notice of Removal within 30 days after the service of the Second Amended Complaint. *See* 28 U.S.C. § 1446(b)(3); Fed. R. Civ. P. 6(a).

4. Bass Pro removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, on the bases that: (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than Defendants; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Bass Pro also removes this action pursuant to 28 U.S.C. § 1441(c), on the basis that this action alleges violations of the federal Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2510, and thus raises a claim arising under federal law. *See* 28 U.S.C. § 1331.

## Proposed Class Action

5. Plaintiffs bring this case as a proposed class action, (SAC ¶ 52; Ex. A-41), and seeks certification of the putative class under Pennsylvania Rule of Civil

Procedure 1708(a)(6) and (7), which is similar in all material respects to Federal Rules of Civil Procedure 23(b)(3). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

### Minimal Diversity

6.     Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

7.     As alleged in the Complaint, Plaintiffs David Irvin and David Anthony are residents of Pennsylvania. (SAC ¶¶ 6-7.) Plaintiffs seek to represent a class of Pennsylvania persons comprised of "All persons in Pennsylvania who have a Facebook account and who purchased a firearm from either cabelas.com, basspro.com, or both." (*Id.* ¶ 52.)

8.     Defendant Cabela's L.L.C. is a Delaware limited liability company and its principal place of business is located in Springfield, Missouri. Defendant BPS Direct, L.L.C. is a Delaware limited liability company and its principal place of business is located in Springfield, Missouri. The sole member of each is Bass Pro,

LLC, a Delaware limited liability company. The sole member of Bass Pro, LLC, is Huntsman Holdings, LLC, a Delaware limited liability company. The members of Huntsman Holdings, LLC, are Great Outdoors Group, LLC, a Delaware limited liability company, and ASHCo, LLC, a Delaware limited liability company. The sole member of ASHCo, LLC, is LGF Holding, LLC, a Delaware limited liability company whose sole member is Great Outdoors Group, LLC. The sole member of Great Outdoors Group, LLC, is Great American Outdoors Group, LLC, a Delaware limited liability company. The sole member of Great American Outdoors Group, LLC, is Johnny Morris Outdoors, LLC, a Delaware limited liability company. The members of Johnny Morris Outdoors, LLC, are American Sportsman Holdings Co., a Missouri corporation with its principal place of business in Springfield, Missouri, and On the Fly Outdoors, LLC, a Delaware limited liability company whose sole member is American Sportsman Holdings Co. No other defendants are named in this action. Accordingly, diversity exists between (i) Plaintiffs and the nationwide class they seek to represent on the one hand; and (ii) Defendants on the other hand, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

### The Putative Class Numbers Not Less Than 100

9. The number of members of the class that Plaintiffs propose is not less than 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiffs' Class includes "[a]ll persons in Pennsylvania who have a Facebook account and who purchased a firearm

4

from either cabelas.com, basspro.com, or both." (SAC ¶ 52.) Plaintiffs allege that "Plaintiffs believe the Class contains at least hundreds of thousands of individuals" (*Id.* ¶ 54.) Plaintiffs also allege that "the Class is so numerous that joinder of all members is impracticable." (*Id.*) While Defendants dispute Plaintiffs' allegations regarding the alleged tracking technology, Defendants agree that Plaintiffs' proposed class comprises more than 100 persons.

### The Amount In Controversy Is Over $5,000,000

10. This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

11. In determining the amount in controversy where a complaint does not specify a dollar amount, the court measures the amount not "by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

12. Plaintiffs do not assert a certain dollar amount of damages, but allege that (a) each violation of the Pennsylvania Wiretap Act is subject to civil action amounting to statutory damages of "$100 per day for each violation or $1,000, whichever is higher" along with punitive damages under 18 Pa. Cons. Stat. §

5725(a), (b) each violation of the Uniform Firearms Act exposes Defendants to "$1,000 per occurrence" under the Uniform Firearms Act, 21 Pa. Cons. Stat. § 6111(i), and (c) statutory damages under the ECPA totaling "$10,000, or $100 per day for each violation". (SAC ¶¶ 68, 77, 103). "In any class action, the claims of the individual class members *shall be aggregated* to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Where, as here, a complaint fails to state an aggregated amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., v. Owens*, 574 U.S. 81, 84 (2014). That statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. The court is empowered to determine the amount in controversy through the "operation of simple multiplication" in such cases. *Lewis v. Ford Motor Co.*, 610 F. Supp. 2d 476, 486 (W.D. Pa. 2009).

  13. Here, Plaintiffs allege that they believe the class contains "at least hundreds of thousands of individuals." (SAC ¶ 54.) Plaintiffs assert claims including statutory damages of $1,000 dollars for each occurrence of Defendants' violations of the Pennsylvania Wiretap Act (along with punitive damages), $1,000 for each occurrence of Defendants' violations of the Pennsylvania Uniform Firearms Act,

and $10,000 dollars per violation of the ECPA. (*Id.* ¶¶ 68, 77, 103.) Simple multiplication of hundreds of thousands of class members by $1,000-12,000 per claim clearly demonstrates an amount in controversy, when aggregated, that exceeds $5,000,000.

### The "Local Controversy" and "Home State" Exceptions Do Not Apply

14. Under the "local controversy" exception, a district court must decline to exercise jurisdiction under CAFA if: 1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are *citizens* of the State in which the action was originally filed; 2) at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class, whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and, who is a citizen of the State in which the action was originally filed; and 3) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A). Under the "home state" exception, a district court must decline to exercise jurisdiction under CAFA if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

15. Neither exception applies here because Plaintiffs have not alleged that any of the class members, beyond the two named Plaintiffs, are Pennsylvania

citizens. Courts routinely find the home state exception does not apply where a plaintiff defines a class without providing evidence "regarding the citizenship of members of the proposed class" because "[t]he party seeking to invoke an exception must provide evidence (not merely assertions) that makes it more likely than not that more than two-thirds of the proposed class consists of citizens of the relevant state." *Durnell v. Foti*, No. 19-2972, 2019 WL 4573247, at *3 (E.D. Pa. Sept. 20, 2019). As noted above, Plaintiffs define the proposed class as "Pennsylvania residents". (SAC ¶ 61.) Plaintiffs have failed to present any evidence to demonstrate that the proposed class members are at least two-thirds citizens of Pennsylvania and therefore the local controversy and "home state" exceptions do not apply.

16. For the same reason, Plaintiffs' allegations are also insufficient to show the first prong of the local controversy exception applies. *See Durnell v. Foti*, No. 19-2972, 2019 WL 4573247, at *3 (E.D. Pa. Sept. 20, 2019) ("Plaintiffs cannot carry their burden to show either that the local controversy or home state exception" applies when presenting "no evidence whatsoever" on the citizenship of the proposed class).

17. The second prong of the local controversy exception also does not apply because the claims are not at all specific to Pennsylvania. "The local controversy exception seeks to identify a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others." *Kelly v. Verizon Pa., LLC*,

No. 16-5672, 2019 WL 558100, at *7 (E.D. Pa. Feb. 12, 2019) ("Congress intended the local controversy exception to be a narrow one, with all doubts resolved in favor of exercising [federal] jurisdiction over the case."). Although Plaintiffs here bring suit under two Pennsylvania statutes, their theories would support liability under other states' consumer protection laws as well. 151 Cong. Rec. H723-01, 2005 WL 387992, at *H728 (daily ed. Feb. 17, 2005) ("However, if the defendants engaged in conduct that could be alleged to have injured consumers throughout the country or broadly throughout several States (such as an insurance or product case), the case would not qualify for this exception, even if it were brought only as a single-State class action."). Here, Plaintiffs allege that Defendants "knowingly disclose information sufficiently permitting an ordinary person to identify a specific individual's website activity, including what webpages they visit and what products they purchase" without alleging such behavior only impacts Pennsylvania citizens. (SAC ¶ 38.) According to Plaintiffs' own pleading, then, this action does not present a "local" controversy.

18. Thus, Plaintiffs cannot demonstrate an exception to CAFA here.

### The Action Raises A Claim Arising Under Federal Law

19. This is an action "arising under" the laws of the United States. 28 U.S.C. § 1331. Federal courts have "original jurisdiction over any civil actions arising under the Constitution, laws, or treaties of the United States." *Ciferni v. Day*

*& Zimmerman, Inc.*, 529 F. App'x 199 (3d Cir. 2013), *judgment entered*, No. 12-2647, 2013 WL 3455750 (3d Cir. June 27, 2013). "[T]he vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action.". *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). The district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

20. Plaintiffs assert a claim for alleged violations of 18 U.S.C. § 2511 of the ECPA and that their claims are authorized by 18 U.S.C. § 2520. (*See* SAC ¶¶ 82-84.) The ECPA creates a federal cause of action allowing "any person" to "recover from the person or entity" that allegedly violated its provisions. 18 U.S.C. § 2520(a). This action thus includes "a claim arising under" the laws of the United States, and may be removed. 28 U.S.C. § 1441(a), (c)(1)(A). Plaintiffs' state law claims arise under the same facts and form part of the same case or controversy. (*See* SAC ¶ 67-68, 78-79.)

21. This action thus raises a claim arising under federal law, providing the U.S. District Court for the Middle District of Pennsylvania with original jurisdiction

over Plaintiffs' federal claim, and the district court has supplemental jurisdiction over Plaintiffs' state law claims that arise under the same facts.

### **Removal Is Proper**

22. Pursuant to 28 U.S.C. § 1441, a suit over which a district court would have original jurisdiction may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a), 1446(a), and 1453(b). Because this Court could have asserted original jurisdiction over this case under CAFA and because this case asserts a cause of action that arises under federal law, Bass Pro is entitled to remove the present action to the Court.

23. The Lebanon County Court of Common Pleas lies within the Middle District of Pennsylvania. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a).

24. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiffs through their counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the Lebanon County Court of Common Pleas, as required by 28 U.S.C. § 1446(d).

25. The removal of this action terminates all proceedings in the Court of Common Pleas. *See* 28 U.S.C. § 1446(d).

26. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Bass Pro's right to assert any defense. Bass Pro reserves the right to assert all applicable claims and defenses in response to the Complaint.

## Conclusion

27. Defendants respectfully remove this action from the Lebanon County Court of Common Pleas, in the State of Pennsylvania, bearing case number 2023-01668, to the United States District Court for the Middle District of Pennsylvania.

DATED: March 2, 2026                    Respectfully submitted,

                                    **SKADDEN, ARPS,**
                                       **SLATE, MEAGHER & FLOM LLP**

                                    By:   */s/ Michael W. McTigue Jr.*
                                         Michael W. McTigue Jr.

MICHAEL W. McTIGUE JR.
(PA I.D. No. 69548)
michael.mctigue@skadden.com
MEREDITH C. SLAWE
(PA I.D. No. 201489)
meredith.slawe@skadden.com
SKADDEN, ARPS,
  SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000

*Attorneys for Defendants*
*Cabela's L.L.C. and BPS Direct, L.L.C.*

13