# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUSTIN T. NOLEN, | : | Civil No. _____ |
| | : | |
| Plaintiff | : | (Judge _____) |
| | : | |
| v. | : | |
| | : | |
| DEPARTMENT OF DEFENSE | : | |
| | : | |
| and | : | |
| | : | |
| DEPARTMENT OF THE ARMY, | : | |
| | : | |
| Defendants | : | |

## FREEDOM OF INFORMATION ACT COMPLAINT

COMES NOW Austin T. Nolen, Esquire, plaintiff *pro se*, and alleges as follows:

## INTRODUCTION

1.  This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (2018), for declaratory, injunctive, and other appropriate relief for the disclosure and release of agency records related to the Army National Guard and improperly withheld from plaintiff by defendant Department of Defense (hereinafter DoD) and its component National Guard Bureau (hereinafter NGB) and defendant Department of the Army (hereinafter Army) and its component Pennsylvania Army National Guard (PANG).

1

## PARTIES

2. Plaintiff Austin T. Nolen is an adult citizen of the Commonwealth of Pennsylvania and resident of Dauphin County in the Middle District of Pennsylvania. He is a member of the bar of the Middle District and represents himself in this action.

3. Defendant DoD is an executive department of the United States and an agency within the meaning of 5 U.S.C. § 552(f). NGB is a component of DoD.

4. Defendant Army is a military department of the United States and an agency within the meaning of 5 U.S.C. § 552(f). PANG is a component of the Army.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) because plaintiff resides in this district.

## FACTUAL ALLEGATIONS

### *General Allegations*

7. "The Congress shall have Power . . . To provide for organizing, arming, and disciplining, the Militia, and for governing such Part of them as may

be employed in the Service of the United States, reserving to the States respectively, the Appointment of the Officers, and the Authority of training the Militia according to the discipline prescribed by Congress." U.S. CONST., art. I, § 8, cl. 16.

8. Defendant DoD is the executive department with overall control over United States military forces. 10 U.S.C. §§ 111, 113.

9. NGB is a component of DoD tasked with exercising the federal power of "organizing, arming, and disciplining" state National Guard organizations, the modern equivalent of the militia. 10 U.S.C. §§ 10501–10503.

10. The land forces of the state National Guards, including PANG, make up the Army National Guard when they are under state control but still subject to federal regulation under Article I, section 8, clause 16. 32 U.S.C. § 101(4). The members and units of the Army National Guard also constitute the Army National Guard of the United States, a reserve component of Defendant Army. *In re Sealed Case*, 551 F.3d 1047, 1048 (D.C. Cir. 2009).

11. State Army National Guard organizations, including PANG, are components of Defendant Army for purposes of the FOIA. *See Sealed Case*, 551 F.3d at 1049–53 (Privacy Act, which incorporates the FOIA's definition of agency, applies to Vermont Army National Guard); Army Regulation 25–55 § 1–7(f) (Oct.

19, 2020 ed.) (applying agency FOIA regulation to both Army National Guard and Army National Guard of the United States).

12. Under the Army's FOIA regulation, NGB also plays a role in FOIA requests to Army National Guard components. All Army components must obtain the approval of an Initial Denial Authority before denying access to requested records. Army Regulation 25–55 § 5–7. Consistent with its role in managing the National Guard, NGB is the Army's Initial Denial Authority for Army National Guard components. *Id.* § B–15.

### *NGB Request*

13. On June 6, 2023, plaintiff sent a FOIA request to NGB for the following records: i) Operation Order (OPORD) 2020-03 (NGB Response to Civil Unrest; ii) all Fragmentary Orders (FRAGOs) issued to supplement OPORD 2020-03.

14. On June 28, 2023, NGB acknowledged plaintiff's FOIA request dated June 6, 2023, assigned it tracking number J-23-0202, and requested that plaintiff enter a fee agreement with the agency.

15. On August 7, 2023, NGB acknowledged receipt of plaintiff's fee agreement.

16. On July 17, 2024, in response to plaintiff's email, NGB stated that it estimated its response would be complete on October 31, 2024.

17. Plaintiff has received no determination, records, or other correspondence related to this request since July 17, 2024.

### *PANG Request*

18. On July 22, 2023, plaintiff sent a FOIA request to PANG for the following records:

i) The following Pennsylvania Military Regulations: 1-201 Pennsylvania Army National Guard Organizational Inspection Program (OIP); 10-1 Organization and Functions of the Pennsylvania National Guard Joint Staff, Army Staff, and Air Staff; C. 27-10 Pennsylvania Manual For Courts-Martial; 190-45 Pennsylvania National Guard Serious Incident Reporting; 380-67 Pennsylvania Army National Guard Personnel Security Policy; 385-10 Pennsylvania Army National Guard Safety Program; 525-2 PANG Protection Program; and 750-1 Pennsylvania State Surface Maintenance Management Program.

ii) The current policy or policies, whether in the form of a bulletin, directive, manual, order, regulation, or other publication type, governing the operation of the Pennsylvania Counterdrug Joint Task Force and the Northeast Counterdrug Training Center.

iii) The current policy or policies, whether in the form of a bulletin, directive, manual, order, regulation, or other publication type, governing the use of force by Pennsylvania Army National Guard members in state active duty or Title 32 status as required by National Guard Bureau Regulation 500-5. If there is no general policy on the use of force, please provide the policy that applied during the June 2020 deployment to support civil authorities in Philadelphia.

19. On July 26, 2023, PANG acknowledged plaintiff's FOIA request dated July 22, 2023, assigned it tracking number FA-23-0018, and requested that plaintiff enter a fee agreement with the agency.

20. On July 28, 2023, plaintiff responded with a fee agreement.

5

21. On October 2, 2023, PANG sent plaintiff a notice that it was extending the time for its response and that plaintiff would receive a response within 30 business days.

22. On October 10, 2023, PANG sent plaintiff a notice that his request was being referred to NGB. It is not clear whether the request was referred to NGB as an independent agency or as the Initial Denial Authority.

23. On July 17, 2024, in response to plaintiff's email, NGB stated that "someone from our team should be contacting you regarding the status of FA-23-0018."

24. Plaintiff has received no determination, records, or other correspondence related to this request since July 17, 2024.

## CLAIMS

### Claim 1 – Failure to Comply with Statutory Deadlines
### (NGB Request - Against Defendant DoD)

25. Paragraphs one (1) through twenty-four (24) are incorporated herein by reference.

26. FOIA requires agencies to make final determinations on requests within twenty business days. 5 U.S.C. § 552(a)(6)(A)(i). That deadline may be unilaterally extended by no more than ten days. 5 U.S.C. § 552(a)(6)(B)(i).

27. Defendant DoD and its component have failed to provide a determination or responsive records for request J-23-0202 for over two years.

28. Defendant DoD and its component have violated the statutory deadlines set forth in the FOIA.

29. Plaintiff is deemed to have exhausted his administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

### Claim 2 – Failure to Comply with Statutory Deadlines
### (PANG Request - Against All Defendants)

30. Paragraphs one (1) through twenty-nine (29) are incorporated herein by reference.

31. FOIA requires agencies to make final determinations on requests within twenty business days. 5 U.S.C. § 552(a)(6)(A)(i). That deadline may be unilaterally extended by no more than ten days. 5 U.S.C. § 552(a)(6)(B)(i).

32. Defendant Army and its component, as well as Defendant DoD and its component to which the request was referred, have failed to provide a determination or responsive records for request FA-23-0018 for over two years.

33. Defendant Army and its component, as well as Defendant DoD and its component, have violated the statutory deadlines set forth in the FOIA.

34. Plaintiff is deemed to have exhausted his administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

## PRAYER FOR RELIEF

WHEREFORE plaintiff respectfully requests that this Court:

A. Declare that defendants have failed to provide determinations on and records responsive to plaintiff's FOIA requests in the time required by law;

B. Order defendants to provide determinations on and records responsive to plaintiff's requests by a date certain;

C. Retain jurisdiction to adjudicate the merits of defendants' determinations;

D. Award plaintiff his costs in this proceeding; and

E. Grant such other relief as this Court deems just and proper.

Respectfully Submitted,

**/s/ Austin T. Nolen**
Austin T. Nolen, Esquire
PA 331175
P.O. Box 337
Harrisburg, PA 17108
anolen@phillydeclaration.org
*Plaintiff Pro Se*