IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAKENNA TADDY | : |
| *Plaintiff* | : |
| v. | : |
| GET AIR STATE COLLEGE, LLC individually and d/b/a GET AIR TRAMPOLINE PARK | : NO.: |
| and | : |
| GET AIR FRANCHISE, INC., individually and d/b/a GET AIR SPORTS | : |
| and | : |
| TRAMPOLINE PARKS, LLC | : |
| and | : |
| GET AIR MANAGEMENT, INC. | : |
| *Defendants* | : |

**NOTICE OF REMOVAL OF DEFENDANT, GET AIR STATE COLLEGE, LLC
(incorrectly designated as "Get Air State College, LLC dba: Get Air Trampoline Park")**

Defendant, Get Air State College, LLC (incorrectly designated as "Get Air State College, LLC dba: Get Air Trampoline Park")(hereinafter "Removing Defendant"), by and through its attorneys, Morgan, Akins & Jackson, PLLC, via this Notice of Removal (hereinafter "Notice") hereby removes the above-captioned action from the Court of Common Pleas of Dauphin County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332 and 1441 and in support thereof states as follows:

1. Plaintiff, Makenna Taddy (hereinafter "Plaintiff") commenced the above-referenced action by the filing of a Complaint on January 29, 2026, in the Court of Common Pleas

1

of Dauphin County, Pennsylvania ("Dauphin County"). (A true and correct copy of Plaintiff's filed Complaint is attached hereto as **Exhibit "A."**)

2. In her Complaint, Plaintiff avers that on March 22, 2024, while Plaintiff was at "Get Air State College," located at 2252 E. College Ave., State College, PA 16801 ("Facility"), Plaintiff was injured after jumping into a foam pit ("Incident"). *See* **Ex. "A,"** ¶¶ 22, 23, 30.

3. As a result of the Incident, which, Plaintiff alleges was caused solely by the negligence and carelessness of Defendants, who, along with Removing Defendant, are Get Air Franchise, Inc., individually and dba: Get Air Sports ("Franchise"), Trampoline Parks LLC ("Trampoline"), and Get Air Management, Inc. ("Management") (collectively, "Defendants"), Plaintiff avers that she sustained injuries. *See* **Ex. "A,"** ¶¶ 22, 23, 30, 47.

4. In her Complaint, Plaintiff names Removing Defendant, Franchise, Trampoline, and Management as Defendants. *See* generally, **Ex. "A."**

5. In her Complaint, Plaintiff alleges that, as a result of the Incident, she "br[oke] her back," specifically, suffering multilevel spinal fractures. *See* **Ex. "A,"** ¶¶ 30, 47.

6. In her Complaint, Plaintiff alleges that she suffered "severe physical pain and suffering" and that her injuries are "permanent." *See* **Ex. "A,"** ¶ 47.

7. In her Complaint, Plaintiff alleges "mental anguish, emotional distress, [and] loss of life's pleasures." *Id.*

8. In her Complaint, Plaintiff alleges past "medical expenses and other damages." *Id.*

9. In her Complaint, Plaintiff alleges future medical expenses. *See* **Ex. "A,"** ¶ 48.

10. In her Complaint, Plaintiff alleges both past and future "loss of earnings or a loss of earning capacity." *See* **Ex. "A,"** ¶ 49.

11. In her Complaint, Plaintiff alleges, in addition to the foregoing damages, "interest, cost of suit," and, notably, "punitive damages." *See* **Ex. "A,"** "Wherefore" clause.

### Notice Timely Filed

12. Per 28 U.S.C. §1446(b), a removal is to be filed within thirty (30) days of a defendant's receipt of a "pleading, motion, order or other paper from which it may first be ascertained."

13. Plaintiff served the Complaint upon Removing Defendant on February 10, 2026. (A true and correct copy of the Sherriff's Return of Service is attached hereto as **Exhibit "B."**)

14. As such, pursuant to 28 U.S.C. §1446(b), Defendants' deadline for removal is March 11, 2026, making this Notice timely filed.

15. Furthermore, this Notice is timely because it is filed within one (1) year of the inception of the matter. 28 U.S.C. §§1446(c)(1).

### Diversity of Citizenship

16. As set forth more fully below, complete diversity of citizenship exists between Plaintiff (Pennsylvania) and Defendants (Utah and California).

17. "For purposes of establishing jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled." *Sabreen Mutan v. Iaroslav Transp., Inc.*, 2022 U.S. Dist. LEXIS 93125, *3 (E.D.P.A. May 23, 2022), citing *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (A true and correct copy of the unpublished *Sabreen Mutan* opinion is attached hereto as **Exhibit "C."**)

18. Plaintiff is a Pennsylvania resident, with an address of 222 Taddy Road, Gallitzin, PA 16641. *See* **Ex. "A"** ¶¶ 1.

19.     "An LLC is a citizen in every state in which its members are citizens." *Okulski v. Carvana, LLC*, 2020 U.S. Dist. LEXIS 120442, *2-3 (E.D.P.A July 9, 2020); See also *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d. Cir. 2010). (A true and correct copy of the unpublished *Okulski* opinion is attached hereto as **Exhibit "D."**)

20.     "In asserting diversity jurisdiction, LLC defendants must provide the citizenship of each of their individual members." *Okulski*, 2020 U.S. Dist. LEXIS at *3; See also *Lincoln Ben Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.36 (3d Cir. 2015).

21.     Removing Defendant has one (1) initial/founding member, 17GAS, LLC. (A true and correct copy of the pertinent pages of Removing Defendant's Operating Agreement is attached hereto as **Exhibit "E."**)

22.     As of the date of the instant removal, 17GAS, LLC has three (3) members, Jacob Goodell ("Goodell"), Alan McEwan, Jr. ("McEwan"), and The Iverson Family Trust ("Trust"). *Id*. (A true and correct copy of the pertinent pages of 17GAS, LLC's Operating Agreement, as well as the pertinent pages from the amendment to the Operating Agreement, merely correcting a clerical error with respect to the Trust's proper name – attached hereto collectively as **Exhibit "F."**)

23.     Goodell resides in South Ogden, Utah. (A true and correct copy of Goodell's current driver's license is attached hereto as **Exhibit "G."**)

24.     McEwan resides in Poway, California. (A true and correct copy of McEwan's current driver's license is attached hereto as **Exhibit "H."**)

25.     Both members of the Trust – Joan Iverson and Val Iverson – reside in Ogden, Utah. (True and correct copies of the Certification of the Trust, as well as the driver's licenses of both Joan Iverson and Val Iverson, are attached hereto collectively as **Exhibit "I."**)

26. Resultantly, Removing Defendant is considered a citizen of both Utah and California. *See* **Exs. "E" through "I," inclusive.**

27. Trampoline has one (1) initial member, Val R. Iverson. (A true and correct copy of the pertinent pages of Trampoline's Operating Agreement are attached hereto as **Exhibit "J."**)

28. However, as of the date of the instant removal, Trampoline has one (1) member, 17WEST, LLC. (True and correct copies of the pertinent pages of Trampoline's first and second amendments to the Operating Agreement are attached hereto collevtively as **Exhibit "K."**)

29. Additionally, 17WEST, LLC has only one (1) member: 17GAS, LLC. *Id*.

30. As previously represented, 17GAS, LLC is considered a citizen of both Utah and California. *See* **Exs. "E" through "K," inclusive.**

31. For purposes of removal, corporate defendants are considered citizens in both the state in which they are incorporated, and the state in which they have their principal place of business. 28 U.S.C. §1332(c)(1).

32. Franchise is incorporated in, and has its principal place of business in, Utah. (A true and accurate copy of the Utah Department of State business entity search result for Franchise is attached hereto as **Exhibit "L."**)

33. For purposes of diversity removal, the citizenship of a corporate defendant is imputed upon the dba entity. *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 453 (E.D.P.A. 2019).

34. Resultantly, Franchise is considered a citizen of Utah for purposes of the instant removal. *Id.*

35. Management is incorporated in and has its principal place of business in Utah. (A true and accurate copy of the Utah Department of State business entity search result for Management is attached hereto as **Exhibit "M."**)

36. Resultantly, Management is considered a citizen of Utah for purposes of the instant removal. *See* **Ex. "M."**

37. Given the foregoing, complete diversity exists amongst the parties in this matter. *See* 28 U.S.C. §1332.

38. Goodell is a Director of Franchise, and, as such, is able to properly consent to removal on Franchise's behalf. (A true and correct copy of the Fourth Amendment to the Bylaws of Franchise is attached hereto as **Exhibit "N."**)

39. Relatedly, Goodell is an initial Director and CEO of Management, and is able to properly consent to removal on Management's behalf. (A true and correct copy of the original Organizational Minutes of Management is attached hereto as **Exhibit "O."**)

40. Per the requirements of 28 U.S.C. § 1446(b)(2)(A), all Defendants consent to the instant removal. (A true and correct copy of the written consent to removal, on behalf of non-removing Defendants, Trampoline, and Management, is attached hereto as **Exhibit "P."**)

**Amount in Controversy**

41. As noted above, the amount in controversy in the instant matter exceeds Seventy-Five Thousand dollars ($75,000.00), exclusive of interest and costs. *See* U.S.C. §1332(a).

42. In her Complaint, Plaintiff alleges that, as a result of the Incident, she "br[oke] her back," specifically, suffering multilevel spinal fractures. *See* **Ex. "A,"** ¶¶ 30, 47.

43. In her Complaint, Plaintiff alleges that she suffered "severe physical pain and suffering" and that her injuries are "permanent." *See* **Ex. "A,"** ¶ 47.

44. In her Complaint, Plaintiff alleges "mental anguish, emotional distress, [and] loss of life's pleasures." *Id.*

45. In her Complaint, Plaintiff alleges past "medical expenses and other damages." *Id*.

46. In her Complaint, Plaintiff alleges future medical expenses. *See* **Ex. "A,"** ¶ 48.

47. In her Complaint, Plaintiff alleges both past and future "loss of earnings or a loss of earning capacity." *See* **Ex. "A,"** ¶ 49.

48. In her Complaint, Plaintiff alleges, in addition to the foregoing damages, "punitive damages." *See* **Ex. "A,"** "Wherefore" clause.

49. In summary, as a result of the Incident, Plaintiff is claiming: a severe and permanent physical injury; recovery of past medical expenses; recovery of future medical expenses; psychological damages; recovery of past lost earnings; recovery of future lost earning capacity; and, in addition to the foregoing, punitive damages. *See, generally,* **Ex. "A."**

50. Any reasonable reading whatsoever of the aforementioned portions of the Complaint bears out that the amount in controversy in the instant matter exceeds $75,000.00.

51. As such, the amount in controversy requirement is met.

## Conclusion

52. As Plaintiff and Defendants are citizens of different states, and as the amount in controversy in this case is in excess of $75,000.00, this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

53. This action may be removed to this Court by the Removing Defendant pursuant to 28 U.S.C. §1441(a), in that this case was initially brought in a state court – the Court of Common Pleas of Dauphin County – which is within the geographical area of this Honorable Court.

54. Resultantly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

55. Removing Defendant will, immediately after filing, give written notice of this Notice pursuant to 28 U.S.C. §1446(d), by filing this Notice with the Dauphin County Court of Common Pleas, and by giving written notice to counsel for Plaintiff.

56. All pleadings, process, orders and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1441(a). (A true and correct copy of all State Court filings are attached hereto collectively as **Exhibit "Q"**).

**WHEREFORE**, Defendants, Get Air State College, LLC (incorrectly designated as "Get Air State College, LLC dba: Get Air Trampoline Park"), Get Air Franchise, Inc., individually and dba Get Air Sports, Trampoline Parks, LLC, and Get Air Management, Inc., via this Notice of Removal, hereby removes the above-captioned action from the Court of Common Pleas of Dauphin County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. §§1332 and 1441.

**Respectfully Submitted,**

**MORGAN, AKINS & JACKSON, PLLC**

BY: _____
NATHAN R. BOHLANDER, ESQUIRE
*Attorneys for Defendants, Get Air State College, LLC (incorrectly designated as "Get Air State College, LLC dba: Get Air Trampoline Park"), Get Air Franchise, Inc., individually and dba: Get Air Sports, Trampoline Parks LLC, and Get Air Management, Inc.*

Dated: March 9, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MAKENNA TADDY** : | |
| : | |
| *Plaintiff* : | |
| : | |
| v. : | |
| : | |
| **GET AIR STATE COLLEGE, LLC** individually : | |
| and d/b/a **GET AIR TRAMPOLINE PARK** : | NO.: |
| : | |
| and : | |
| : | |
| **GET AIR FRANCHISE, INC.,** individually : | |
| and d/b/a **GET AIR SPORTS** : | |
| : | |
| and : | |
| : | |
| **TRAMPOLINE PARKS, LLC** : | |
| : | |
| and : | |
| : | |
| **GET AIR MANAGEMENT, INC.** : | |
| : | |
| *Defendants* : | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, a copy of the foregoing Notice of Removal was provided electronically, as well as mailed first class, postage prepaid, to all counsel of record at the following address:

Carin A. O'Donnell, Esquire
Stark & Stark
2 Caufield Place
Newtown, PA 18940
*Attorneys for Plaintiff, Makenna Taddy*

9

|  | MORGAN, AKINS & JACKSON, PLLC |
|---|---|
| **BY:** | _/s/ Nathan R. Bohlander_____<br>NATHAN R. BOHLANDER, ESQUIRE<br>*Attorneys for Defendants, Get Air State College, LLC (incorrectly designated as "Get Air State College, LLC dba: Get Air Trampoline Park"), Get Air Franchise, Inc., individually and dba: Get Air Sports, Trampoline Parks LLC, and Get Air Management, Inc.* |

Dated: March 9, 2026