The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
345 Wyoming Ave., STE 205,
Scranton, PA 18503
Phone: (570) 319-6642

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES N. SCACCHITTI, | : | Electronically Filed |
| | : | NO.: |
| Plaintiff, | : | |
| | : | Judge: |
| vs. | : | |
| | : | Civil-Action Law: |
| JUSHI HOLDINGS, INC. and | : | |
| PENNSYLVANIA MEDICAL | : | JURY TRIAL DEMANDED |
| SOLUTIONS, LLC | : | |
| | : | |
| Defendants. | : | |

## **COMPLAINT**

**AND NOW,** come the Plaintiff, James Scacchitti, by and through his attorneys, The Hanchulak Law Offices, P.C., and avers as follows:

## I. INTRODUCTION

1.     Plaintiff initiates this action to seek redress against Jushi Holdings, Inc. and Pennsylvania Medial Solutions, LCC (hereinafter "Defendants"), his former employers, for unlawful age discrimination in violation of the Age Discrimination in Employment Act (hereinafter ADEA), and unlawful disability discrimination in violation of the Americans with Disabilities Act (hereinafter ADA), and other applicable laws.

## II. PARTIES

2.    Plaintiff is an adult and competent individual residing at 616 Sherwood Avenue, Dunmore, PA 18512.

3.    Defendant, Jushi Holdings, Inc., is a corporation, authorized to do business in the state of Pennsylvania, with offices located at 301 Yamato Road, Suite 3250, Boca Raton, FL 33431.

4.    Defendant, Pennsylvania Medical Solutions, LLC, is a Pennsylvania limited liability company, with a mailing address of CT Corporation System #320, Harrisburg, PA 17101, and a physical address of 2000 Rosanna Ave, Scranton, PA 18509.

## III. JURISDICTION

5.    Defendants are "employers" within the meaning of the Age Discrimination in Employment Act of 1967, as well as the Americans with Disabilities Act, as they engaged in an industry affecting interstate commerce and because they maintained or maintains twenty (20) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

6.    Defendants are "employers" within the meaning of the PHRA having 4 or more employees.

7.    Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

8.    Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendants can be served in the District.

9. This court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.SC. § 1367.

10. Plaintiff has exhausted his administrative remedies, having received an EEOC Dismissal and Notice of Rights on January 22, 2026, and attached hereto as **Exhibit A**.

## IV. FACTUAL BACKGROUND

11. Plaintiff was employed with the Defendants for more than 5 years as a Security Officer.

12. Plaintiff never missed more than a few days of work during his tenure with Defendants, until becoming ill in 2023.

13. In 2023 due to diabetes related illness, Plaintiff missed at least six "sick days" on two occasions.

14. Defendants were at all relevant times aware of Plaintiff's diabetes.

15. Defendants were also aware Plaintiff was afflicted with post-traumatic stress disorder.

16. On May 1, 2023, Defendants terminated Plaintiff's employment for the stated reason that he accumulated six sick days twice within one year.

17. On or about April 27, 2023, Plaintiff became ill at work.

18. On that date, Plaintiff had to leave work due to medication induced vertigo.

19. Through his coworker, Plaintiff advised the Security Supervisor as to why he had to leave work early.

20.    Also on April 27, 2023, Plaintiff advised the Security Supervisor that he would not be able to come in on Friday, April 28, 2023, due to the side effects of medication he was going to require to resolve his vertigo.

21.    Shortly after this event, the Regional Director of Security, Richard Grenfell, came to question Plaintiff about his condition.

22.    Plaintiff explained to Grenfell that he was in the process of changing his post-traumatic stress disorder related medications, which resulted in the April 27, 2023, episode, a temporary problem.

23.    On May 1, 2023, Plaintiff was summoned to the HR office, where he was told by Yomi Ono of HR that due to exceeding the company's policy related to days off, he was terminated effective immediately.

24.    When asked by Ono if he had anything to say on his own behalf, Plaintiff explained to Ono that his absences were related to illness.

25.    The Defendants were fully aware of the fact that all of Plaintiff's days off were illness related, and they terminated his employment anyway.

26.    Currently, Plaintiff's medications and conditions are fully and completely under control, and he is in excellent health and physical condition.

27.    Prior to his work with Defendants, Plaintiff retried from the Pennsylvania State Police, where he served with distinction as a State Trooper for 25 years.

28.    Plaintiff was 67 years old at the time of his termination, having been born in May of 1956.

29.    Plaintiff was replaced by a person substantially younger than himself.

30.     The Defendant has no legitimate non-discriminatory reason for Plaintiff's termination.

## COUNT I

## AGE DISCRIMINATION IN EMPLOYMENT ACT

31.     Paragraphs 1 through 30 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

32.     Plaintiff is a member of the suspect class, being over 40 years old at all times relevant hereto, having been born on May 23, 1956.

33.     Plaintiff was qualified for the position of Security Officer, having served as a State Trooper for 25 years and having held the position of Security Officer with Defendants for over 5 years prior to his termination.

34.     Plaintiff's position was filled by someone substantially younger than Plaintiff, giving rise to an inference of age discrimination.

35.     The Plaintiff was not terminated for a legitimate non-discriminatory reason, as the real reason was his age.

36.     The foregoing conduct by the Defendant constitutes unlawful discrimination against Plaintiff based on his age.

37.     As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## COUNT II

## DISABILITY DISCRIMINATION

## ADA FAILURE TO ACCOMMODATE

38.    Paragraphs 1 through 37 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

39.    Plaintiff is a "qualified individual with a disability" as the term is defined in the ADA, because he has, and has had, at all-times relevant hereto, a physical impairment that substantially limits one or more of his major life activities, or because he has a record of such impairment.

40.    Particularly, Plaintiff's post-traumatic stress disorder affects many major life activities including sleeping and thinking. Plaintiff also occasionally experienced side effects of the medication used to treat his PTSD including medication induced vertigo.

41.    Particularly, Plaintiff's diabetes substantially limits endocrine function.

42.    Despite his conditions Plaintiff was able to perform the essential functions of his job with a reasonable accommodation, in the form of a few unpaid sick days.

43.    As stated above, after more than 5 years of employment with Defendants, Plaintiff's employment was abruptly terminated for the stated reason that he took too much sick time.

44.    Additionally, Plaintiff was perceived or regarded by the Defendants as having a physical impairment substantially limiting one or more of his major life activities.

45.    The foregoing conduct by the Defendants constitutes unlawful discrimination against Plaintiff based on his disability or perceived disability.

46.    As a result of the Defendants' unlawful discrimination, Plaintiff has suffered damages as set forth herein.

Wherefore, Plaintiff seeks damages as set forth in the ad damnum clause below.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

Wherefore, Plaintiff prays that judgment be entered in his favor as follows:

a.    The Defendants be permanently enjoined form permitting ADEA and ADA discrimination against the Plaintiff or others;

b.    The Defendants be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting ADEA and ADA discrimination and be ordered to promulgate an effective policy against such illegal practices;

c.    The Defendants are to be permanently enjoined from retaliatory action against Plaintiff and employees who support Plaintiff's claims or those exercising their own rights under State and Federal law;

d.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make him whole for any and all pay and benefits he would have received had it not been for Defendants' unlawful actions, including, but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, impact on social security benefits and seniority;

e.    Defendants are to compensate Plaintiff for any and all emotional pain and suffering he has occasioned as a result of the Defendants' conduct;

f.    Plaintiff is to be awarded actual damages caused to him by Defendants' actions;

g.    Plaintiff is to be awarded liquidated damages and/or punitive damages as permitted by applicable law, in an amount believed by the court or trier of fact to be appropriate to punish the Defendants for their willful, deliberate, malicious, and outrageous conduct, and to deter Defendants or any other employers from engaging in such misconduct in the future;

h.    Plaintiff is to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate;

i.    Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable Federal law; and

j.    Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action to ensure Defendants do not engage in further, or ceases engaging in, illegal retaliation against Plaintiff or other witnesses to this action.

Respectfully submitted,

THE HANCHULAK LAW OFFICES, P.C.

By:    s/Gerald J. Hanchulak

Gerald J. Hanchulak, Esq.

Attorney ID PA 56320

Attorney for Complainant

345 Wyoming Avenue, Suite 205

Scranton, PA 18503

(570) 319-6642

ghanchulak@hanchulaklaw.com