IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG JONES                          :
    Plaintiff                     :    JURY TRIAL DEMANDED
                  :
    v.                            :
                  :    CASE NO.:
GREINER PACKAGING CORP.              :
    Defendant                     :

## COMPLAINT

Plaintiff Craig Jones by his attorney, George R. Barron, Esquire, for his Complaint alleges as follows:

## JURISDICTION AND VENUE

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by named Plaintiff against the Defendant to redress intentional violations by Defendant of rights secured by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

2. Defendant wrongfully discriminated against, wrongfully terminated, and unlawfully deprived Plaintiff of his rights under, *inter alia*, the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. §951 *et*

1

*seq.,* the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.* and Pennsylvania common law.

3.    This Court has jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§1331 and 1367. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. §1391(b) because the events and omissions complained of occurred in this judicial district.

4.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), on November 27, 2024, asserting that Defendant violated his rights under the ADA and PHRA.

5.    The EEOC issued a "Right to Sue" notice on December 23, 2025, and this Complaint is filed within ninety (90) days of Plaintiff's receipt of that notice.

6.    More than one year has passed since the EEOC/PHRC Charge of Discrimination was filed.

THE PARTIES

7.    Plaintiff Craig Jones ("Mr. Jones") is a resident of  Pennsylvania.

8.    Upon information and belief, Defendant Greiner Packaging Corp. ("Greiner") is a Delaware business corporation with a place of business at 225 Enterprise Way, Pittston, PA 18640.

2

9.    Upon information and belief,  Greiner employs more than 50 people at its Pittston, PA facility.

<u>STATEMENT OF FACTS</u>

10.   Mr. Jones was employed by Greiner for approximately two (2) years as a Maintenance Supervisor.

11.   As Maintenance Supervisor, Mr. Jones supervised and directed a crew of approximately eight (8) people.

12.   The Maintenance Supervisor position held by Mr. Jones was supervisory in nature and did not require or anticipate that Mr. Jones personally perform manual repair work.

13.   The Maintenance Supervisor job description, drafted by Greiner, lists only supervisory and administrative duties and does not include any provision that could be reasonably interpreted as requiring the hands-on performance of maintenance or repairs.

14.   Mr. Jones is an individual with a disability under federal and state law.

15.   Mr. Jones's disabilities include knee and shoulder degenerative disease, as well as neuropathy and intestinal issues that stem from his prior bout with stage 3 colon cancer.

16.   Mr. Jones's disabilities significantly impair his abilities to, *inter alia,* walk, bend, and perform manual labor.

17.    Mr. Jones informed Greiner of his disabilities when he was hired, and his disabilities were apparent, as they cause him to walk with a limp.

18.    For the first 18 months of his employment with Greiner, Mr. Jones had no issues with Greiner management, and performed his job duties as Maintenance Supervisor in a satisfactory manner without the need for disability accommodations.

19.    In December 2023, Alex Vale ("Mr. Vale"), Greiner's Operations Manager, became Mr. Jones's immediate supervisor.

20.    Mr. Vale was very critical of Mr. Jones from the beginning of his tenure as Mr. Jones's immediate supervisor, because of Mr. Jones's disabilities.

21.    For the remainder of Mr. Jones's time with Greiner, Mr. Vale regularly harassed Mr. Jones about his disabilities.

22.    Mr. Vale criticized Mr. Jones for his inability, due to his disabilities, to perform manual, lower-level, non-supervisory job tasks that were not part of Mr. Jones's job description.

23.    Soon after he became Mr. Jones's immediate supervisor, Mr. Vale began to frequently berate Mr. Jones in front of other employees, including subordinate employees, in order to humiliate and undermine Mr. Jones.

24.    In or about February 2024, Mr. Vale told Mr. Jones that he wanted someone in the Maintenance Supervisor position "who can work, not someone like you".

4

25.    In or about March 2024, Mr. Vale told Mr. Jones that he would "see him fail" and stated to Mr. Jones "I don't see my Maintenance Manager here, go home."

26.    In or about March 2024, Mr. Vale issued Mr. Jones a baseless "final warning." The "final warning" was not authorized by Greiner management, and was removed from Mr. Jones's record when Mr. Jones complained to Greiner's Human Resources.

27.    Mr. Vale's issuance of an unauthorized and baseless "final warning" evidences his animosity toward and intent to target Mr. Jones.

28.    On numerous occasions, Mr. Jones informed Greiner's Human Resources staff, including Samantha Underline, Julie Franny and Katherine Fitzsimmons, as well as members of Greiner's management team of the ongoing unlawful harassment by Mr. Vale.

29.    Greiner did nothing to help Mr. Jones and, upon information and belief, performed no meaningful investigation of Mr. Jones's complaints.

30.    Mr. Vale was also critical of Greiner employees that had FMLA leave in place.

31.    In or about April 2024, Mr. Vale demanded that Mr. Jones violate the FMLA by forcing an employee to make up work missed during FMLA- protected leave.

32.     Mr. Jones explained to Mr. Vale that it would be unlawful to require an employee on FMLA leave to work during his leave.

33.    Mr. Vale responded by saying "now I have two guys who can't work" referring to the employee on FMLA leave and Mr. Jones, because of Mr. Jones's disability-related restrictions.

34.    Mr. Jones opposed Mr. Vale's effort to violate the FMLA, by refusing to take the unlawful actions requested by Mr Vale, and by again reporting Mr. Vale's actions to Greiner's Human Resources and management.

35.    On or about May 31, 2024, during a meeting attended by other Greiner employees, Mr. Vale begun berating Mr. Jones regarding the availability of a part that had been ordered from a third party.

36.    Mr. Jones had no control over the availability of the part or the third party from which it had been ordered, a fact that was understood by Mr. Vale.

37.    Mr. Vale's actions during that meeting were an attempt to humiliate Mr. Jones and bait him into conflict to further his ultimate goal of firing Mr. Jones.

38.    When Mr. Jones did not respond as Mr. Vale hoped, Mr. Vale told Mr. Jones that he wanted to meet with him alone in Mr. Vale's office after the meeting.

39.    Knowing that Mr. Vale was seeking a reason to push him out, Mr. Jones said that he would prefer to speak to Mr. Vale in the Human Resources office.

40.    After the meeting ended, Mr. Vale glared at Mr. Jones and pounded his fist into his hand in a physically threatening gesture.

41.    Mr. Jones reported the threat and the preceding meeting incident to Kimberly Lorenza in Greiner's Human Resources department, and Ms. Lorenza assured Mr. Jones that she would "pass it along" to the appropriate individuals.

42.    At the end of the work day, Human Resources Specialist Samantha Anderline called Mr. Jones to her office and told him that he was being suspended pending an investigation.

43.    On June 5, 2024, Greiner terminated Mr. Jones's employment.

COUNT ONE
DISABILITY DISCRIMINATION IN VIOLATION OF
THE AMERICANS WITH DISABILITIES ACT

44.    All previous paragraphs are incorporated herein by reference as if set forth in full.

45.    Greiner discriminated unlawfully against Mr. Jones on the basis of his disabilities by subjecting him to an intimidating and hostile work environment, and by terminating his employment.

46.    As a result of Greiner's unlawful acts, Mr. Jones has suffered, and continues to suffer, damages.

47.    Based upon the foregoing, Mr. Jones alleges that Greiner did violate the Americans with Disabilities Act.

## COUNT TWO
## UNLAWFUL RETALIATION IN VIOLATION OF
## THE AMERICANS WITH DISABILITIES ACT

48.    All previous paragraphs are incorporated herein and referenced as if set forth in full.

49.    Greiner retaliated against Mr. Jones for reporting the unlawful actions of Mr. Vale by, *inter alia*, subjecting him to a hostile work environment and terminating his employment.

50.    As a result of Greiner's unlawful acts, Mr. Jones has suffered, and continues to suffer, damages.

51.    Based upon the foregoing, Mr. Jones alleges that Greiner did violate the Americans with Disabilities Act.

## COUNT THREE
## DISABILITY DISCRIMINATION IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

52.    All previous paragraphs are incorporated herein by reference as if set forth in full.

53.    As a result of Greiner's unlawful acts, Mr. Jones has suffered, and continues to suffer, damages.

54.    Based upon the foregoing, Mr. Jones alleges that Greiner did violate the Pennsylvania Human Relations Act.

8

## COUNT FOUR
## UNLAWFUL RETALIATION IN VIOLATION OF
## THE PENNSYLVANIA HUMAN RELATIONS ACT

55.    All previous paragraphs are incorporated herein by reference as if set forth in full.

56.    As a result of Greiner's unlawful acts, Mr. Jones has suffered, and continues to suffer, damages.

57.    Based upon the foregoing, Mr. Jones alleges that Greiner did violate the Americans With Disabilities Act.

## COUNT FIVE
## RETALIATION IN VIOLATION OF THE
## FAMILY AND MEDICAL LEAVE ACT

58.    All previous paragraphs are incorporated herein by reference as if set forth in full.

59.    The Family and Medical Leave Act (FMLA) states in part:

> [i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this title.

See 29 U.S.C.S. § 2615.

60.    The regulations implementing the FMLA state in part:

> (e) Individuals, and not merely employees, are protected from retaliation for opposing (e.g., filing a complaint about) any practice which is unlawful under the Act. They are similarly protected if they oppose any practice which they reasonably believe to be a violation of the Act or regulations.

See 29 C.F.R. § 825.220

9

61.    As set forth above, Mr. Jones opposed practices made unlawful by the FMLA.

62.    Greiner retaliated against Mr. Jones for opposing practices made unlawful by the FMLA by, *inter alia,* subjecting him to an intimidating and hostile work environment and terminating his employment.

63.    As a result of Greiner's unlawful acts, Mr. Jones has suffered, and continues to suffer, damages.

64.    Based upon the foregoing, Mr. Jones alleges that Greiner did violate the Family and Medical Leave Act.

WHEREFORE, Mr. Jones respectfully requests that this Court:

(a)    Enter a declaratory judgment that Defendant's action, policies, practices and procedures complained of herein have violated and continue to violate the rights of Mr. Jones as secured by the statutes of the United States and statutes and common law of the Commonwealth of Pennsylvania;

(b)    Award to Mr. Jones an amount to be determined at trial, including

1. back pay and front pay damages for lost income and benefits at the same level as if he had been fully employed since his termination by Defendant,

2. liquidated damages;

3. compensatory damages to compensate Mr. Jones for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of

enjoyment of life, emotional distress, anguish and humiliation, loss of his self-esteem and ability to provide himself with the rewards of his chosen career;

4. punitive or exemplary damages in a monetary award in order to discourage future unlawful behavior by this Defendant and others against other employees;

5. interest;

6. costs and disbursements; and

7. reasonable attorney's fees.

(c)    Grant to Mr. Jones such additional relief as this Court deems just and proper.

DEMAND FOR JURY

Plaintiff demands a jury trial for all claims triable by a jury.

Date:  03/19/2026                                s/ George R. Barron
                                                 George R. Barron, Esquire
                                                 Attorney for Charging Party
                                                 PA Attorney ID # 88747
                                                 88 North Franklin Street
                                                 Wilkes-Barre, PA 18701
                                                 Telephone: (570) 824-3088