UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------------X

CARMEN CRISTOBAL HERNANDEZ MENDOZA
     Petitioner,

v.

WARDEN, PIKE COUNTY CORRECTIONAL CENTER;
TODD LYONS, in his official capacity as Acting
Director of U.S. Immigration and Customs Enforcement;
KRISTI NOEM, in her official capacity as Secretary of the
United States Department of Homeland Security; and
PAMELA BONDI, in her official capacity as Attorney General
of the United States,
     Respondents.

------------------------------------------------------------------------X

Case No:

**PETITION FOR WRIT OF HABEAS CORPUS**

## **INTRODUCTION**

NOW COMES Petitioner, by and through undersigned counsel, and respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued immigration detention at the Pike County Correctional Center under the authority of the named Respondents and pursuant to policies and statutory interpretations which are unlawful, unconstitutional and have deprived him of due process.

## **PARTIES**

1. Petitioner Carmen Cristobal Hernandez Mendoza (A# 221-464-512) is a native and citizen of Honduras who is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at Pike County Correctional Center, located in Pike County, Pennsylvania. Petitioner is in ICE custody under color of immigration authority and seeks relief through this petition for a writ of habeas corpus to challenge the legality of his continued detention.

2. Respondent Warden of Pike County Correctional Facility is Petitioner's immediate custodian and is sued in his official capacity. The Warden exercises day-to-day control over the facility where Petitioner is confined and is responsible for the physical custody of individuals detained at the Pike County Correctional Facility within this judicial district.

3. Respondent Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement ("ICE"), is sued in his official capacity. As the senior official responsible for ICE operations, he oversees the administration and enforcement of the immigration laws of the United States and is responsible for the detention of noncitizens held in ICE custody, including individuals detained within the Middle District of Pennsylvania. Respondent Lyons may be served at: ICE, Office of the Principal Legal Advisor, 500 12th Street SW, Mail Stop 5900, Washington, DC 20536-5900.

4. Respondent Kristi Noem, and/or her successor, is sued in her official capacity as Secretary of the U.S. Department of Homeland Security, and is responsible under 8 U.S.C. § 1103(a) for the administration and enforcement of the immigration laws of the United States. In that capacity, she oversees the operations of the Department of Homeland Security and its components responsible for the detention of noncitizens, including those confined within the Middle District of Pennsylvania. Respondent Noem may be served at: U.S. Department of Homeland Security, Office of the General Counsel, 2707 Martin Luther King Jr. Avenue SE, Washington, DC 20528-0485.

5. Respondent Pamela Bondi, Attorney General of the United States, is sued in her official capacity. As head of the U.S. Department of Justice, she exercises supervisory authority over immigration enforcement and adjudication under 8 U.S.C. § 1103(g), including matters affecting individuals detained within the Middle District of Pennsylvania. Respondent Bondi may be served at: U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

**JURISDICTION & VENUE**

6.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 2241, Article I, §9, cl. 2 (the Suspension Clause) and Article III of the U.S. Constitution, the Administrative Procedure Act, 5 U.S.C. § 701 et seq.; and 28 U.S.C. § 2201 (Declaratory Judgment).

7.  An actual and justiciable controversy exists between the parties under 28 U.S.C. § 2201, and this Court has authority to grant declaratory and injunctive relief. Id. §§ 2201, 2202. The Court has additional remedial authority under the All Writs Act, 28 U.S.C. § 1651.

8.  Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 2241 and 28 U.S.C. § 1391. At the time this proceeding was initiated, Petitioner was detained at the Pike County Correctional Center. The Petitioner is presently detained at the direction of Respondents and a substantial part of the events giving rise to the claims and relevant facts occurred within this district.

**STATEMENT OF FACTS**

9.  Petitioner Carmen Cristobal Hernandez Mendoza (A# 221-464-512) is a native and citizen of Honduras currently detained by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), at the Pike County Correctional Facility in Lords Valley, Pennsylvania.

10. On information and belief, the Petitioner entered the United States on or about February 1, 2014, through Texas, without inspection, after crossing the border on foot near McAllen, Texas. He thereafter traveled to Scranton, Pennsylvania, where he has resided since approximately February 15, 2014.

11. On information and belief, Petitioner has continuously resided in the United States for over twelve years since his entry in or about February 2014 and has maintained close family ties during that time.

12. On information and belief, Petitioner has no criminal history, including no arrests, charges, or convictions.

13. On information and belief, on February 27, 2026, Petitioner was taken into custody by immigration authorities after being stopped while giving a ride to another individual.

14. Upon information and belief, law enforcement authorities were seeking that other individual, who was the subject of an arrest warrant. After stopping the vehicle, authorities detained both individuals.

15. It is averred that Petitioner was not the subject of any warrant, nor was he suspected of any criminal wrongdoing. Rather, he was taken into custody solely due to his immigration status.

16. Petitioner was thereafter placed into immigration detention and transferred to the Pike County Correctional Facility, where he remains detained.

17. Petitioner has been placed in removal proceedings, and applications for relief are forthcoming in his case.

18. Petitioner has substantial ties to the United States. Petitioner also has a U.S.-born child, for whom he provides ongoing financial and emotional support, including support for education, food, and clothing.

19. Petitioner has remained continuously detained since February 27, 2026, and has not received a bond hearing or any individualized custody determination, and is unlikely to receive one as a result of the current immigration detention policies of this administration and binding

Board of Immigration Appeals precedent, which precludes Immigration Judges from exercising jurisdiction over bond and custody redeterminations in cases such as Petitioner's.

20. Respondents contend that Petitioner is subject to detention under 8 U.S.C. § 1225(b) *et. seq.* and therefore not entitled to a bond hearing, while Petitioner maintains that his detention is properly governed by 8 U.S.C. § 1226(a), which requires an individualized custody determination. Petitioner's detention arises within the context of a broader shift in federal immigration enforcement policy under the current administration, whereby individuals encountered within the interior of the United States are treated as though they were applicants for admission at a port of entry and are subjected to mandatory detention, despite not being apprehended at or near the border.

21. Through this classification, DHS has asserted detention authority that places custody determinations solely within the discretion of the Department, rather than subject to review by Immigration Judges.

22. In practice, Immigration Judges have declined jurisdiction to review custody or bond determinations for individuals classified in this manner, relying on recent Board of Immigration Appeals precedent, as well as agency policies and internal memoranda.

23. As a result, Petitioner is effectively deprived of access to bond hearings or custody redetermination proceedings, leaving his detention without meaningful review within the immigration court system.

24. Consequently, Petitioner files the instant Petition for Writ of Habeas Corpus, challenging Respondents' continued detention and the failure to provide a constitutionally adequate opportunity for review of his custody and bond status.

## GROUNDS FOR RELIEF

---

### GROUND ONE

### Unlawful Detention Authority and Statutory Misclassification

*(28 U.S.C. § 2241 — Statutory Claim)*

---

25. Petitioner realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

26. Respondents are unlawfully detaining Petitioner under an interpretation of 8 U.S.C. § 1225(b)(2) that purportedly authorizes mandatory detention without access to a bond hearing.

27. Under Respondents' interpretation, any noncitizen who initially entered the United States without admission or inspection may be detained under § 1225(b)(2) as an "applicant for admission," regardless of how long that person has been physically present in the United States or whether that individual was previously released from immigration custody.

28. Respondents rely on the statutory language concerning the inspection of applicants for admission to assert detention authority that places custody determinations solely within the discretion of the Department of Homeland Security and outside the jurisdiction of Immigration Judges.

29. Petitioners across the United States—including Petitioner here—have challenged this interpretation, arguing that detention in these circumstances is properly governed by 8 U.S.C. § 1226(a), which provides for discretionary detention subject to bond hearings before an Immigration Judge. See, *Maldonado Bautista v. Noem*, 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) (Declaring by final judgement that Bond Eligible Class

members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)).

30. Section 1226(a) expressly authorizes the detention of noncitizens pending removal proceedings but provides that such detention is subject to custody redetermination by an Immigration Judge, including the opportunity for release on bond.

31. Respondents' interpretation of § 1225(b)(2) effectively nullifies this statutory framework by permitting the Executive Branch to detain individuals without access to a bond hearing simply by classifying them as "applicants for admission," even after they have already entered the United States, been processed by immigration authorities, and released while their immigration cases proceed.

32. Courts across the country—and within this District—have repeatedly rejected this interpretation as inconsistent with the structure and text of the Immigration and Nationality Act.

33. In a recent decision from the United States District Court for the Middle District of Pennsylvania, the Court rejected the government's reading of the statute and held that detention in these circumstances is governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2). *Bharatkumar Chaudhari v. Rose,* No. 3:26-CV-242, 2026 WL 540378, at *5 (M.D. Pa. Feb. 26, 2026).

34. As the Court explained, "every active district judge in the Middle District of Pennsylvania has rejected the government's reading of the statute and held that detention is actually governed by § 1226(a), rather than § 1225(b)(2)." *Id.*

35. The Court further observed that the rulings in this District align with hundreds of decisions from other federal district courts nationwide rejecting the government's interpretation of the detention statutes. *Id.*

36. The Court also explained that the government's expansive reading of § 1225(b)(2) raises serious concerns under the major questions doctrine, because Congress has not clearly authorized the sweeping detention authority the government claims. *Id.*

37. Accordingly, the Court concluded that under the best reading of the statutory language, the prevailing precedent within the District, and the major questions doctrine, detention in these circumstances is governed by § 1226(a) rather than § 1225(b)(2). *Id.*

38. Under the plain language of § 1226(a), individuals detained pending removal proceedings are entitled to custody redetermination before an Immigration Judge, including the opportunity to seek release on bond.

39. However, the Board of Immigration Appeals has taken the position that Immigration Judges lack authority to grant bond to individuals whom DHS classifies as applicants for admission, relying on *Matter of Yajure-Hurtado* 29 I&N Dec. 216 (BIA 2025). *Id.*

40. Because Immigration Judges are obligated to follow that precedent, ordering a bond hearing in such circumstances may provide no meaningful remedy where Immigration Judges believe themselves bound to deny jurisdiction. *Id.*

41. Recognizing this problem, courts addressing this issue have concluded that where detention rests on an unlawful statutory interpretation and Immigration Judges are constrained by agency precedent, the appropriate remedy is release from detention rather than a hollow bond hearing. *Id. at * 6.*

42. Because Respondents are detaining Petitioner under an unlawful statutory interpretation and misclassification of the governing detention authority, Petitioner's continued detention is not authorized by law.

43. Petitioner is therefore entitled to relief under 28 U.S.C. § 2241, including an order directing his immediate release from detention or such other relief as this Court deems just and proper.

---

**GROUND TWO**

**Violation of the Fifth Amendment Due Process**

*(Prolonged Detention Without Hearing or Judicial Review)*

44. Petitioner realleges and incorporates by reference all preceding paragraphs as if more fully set forth herein.

45. Even assuming arguendo that Respondents contend Petitioner's detention is authorized under the immigration detention provisions of the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment independently limits the Government's authority to detain individuals physically present within the United States.

46. Petitioner has been physically present in the United States since approximately February 2014, where he has lived and remained within the community for over a decade prior to his detention.

47. After residing in the community for more than twelve years without incident, Petitioner was taken into immigration custody by DHS and placed into detention, where he remains confined.

48. Throughout the entirety of Petitioner's detention, no neutral decision-maker has conducted any individualized custody determination, including any assessment of whether he presents a flight risk, poses a danger to the community, or whether continued detention is necessary.

49. As a result, Petitioner's continued detention rests solely on unilateral executive determinations, without any adversarial process, allocation of a burden of proof, or meaningful opportunity to challenge his confinement before a neutral adjudicator.

50. Civil immigration detention imposed without any individualized custody hearing, and without access to a forum capable of ordering release, violates the fundamental due process protections guaranteed by the Fifth Amendment.

51. Courts within this Circuit and throughout the United States have consistently recognized that noncitizens physically present in the United States are entitled to the protections of the Due Process Clause of the Fifth Amendment, including meaningful review of their detention.

52. As explained by numerous courts addressing circumstances similar to those presented here:

> The facts of this case are similar to many other cases within this Circuit and across the country where courts have concluded that noncitizens present in the United States enjoy the protections of the Due Process Clause, including this Court in Y- C-, 2025 W 3653496. Thus, the Court need not belabor the point again. As a "person[ ] within the United States," petitioner enjoys due process rights. Zadvydas, 533 U.S. at 693; see Barrera Simon v. Olson, No. 25-cv-14799, 2025 WL 3567469, at *6 (N.D. Ill. Dec. 13, 2025) ("The Fifth Amendment's Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.") (citing Zadvydas, 533 U.S. at 693); see also Rocano Buestan, 2025 WL 3496361, at *4 (holding that procedural due process rights applied to petitioner who entered without inspection); R.P.L., 2025 WL 3731864, at 3 (same). Crespo Tacuri v. Genalo, 25-CV-06896 (NCM), 2026 WL 35569, at 6 (E.D.N.Y. Jan. 6, 2026).

53. These principles apply with full force here, where Petitioner—an individual physically present within the United States and pursuing relief through the immigration courts—has been detained without any opportunity to obtain an individualized custody determination before a neutral adjudicator.

54. Because Petitioner has been detained without any meaningful opportunity to challenge the necessity of his confinement, his continued detention violates the Fifth Amendment's guarantee of due process.

55. Petitioner is therefore entitled to *habeas relief* including immediate release from custody and an order enjoining Respondents from continuing to detain him under the challenged detention policies, or, at minimum, and in the alternative, an order directing Respondents to provide a prompt and constitutionally adequate individualized custody hearing before a neutral adjudicator with authority to order release.

## NO ADEQUATE ALTERNATIVE REMEDY

56. Petitioner has no meaningful administrative avenue through which to obtain review of his continued immigration detention. Under the detention policies currently applied by the Department of Homeland Security to individuals classified as applicants for admission, custody determinations are treated as matters committed to the sole discretion of DHS.

57. Consistent with these policies, Immigration Judges routinely decline to exercise jurisdiction over bond or custody redeterminations for individuals in Petitioner's position, relying on precedential decisions of the Board of Immigration Appeals that interpret the governing statutes to limit Immigration Court authority over such custody determinations, as well as internal EOIR memoranda further guiding the judges' decisions.

58. Those precedential decisions reflect the Board's endorsement of the government's position that individuals subject to the challenged detention classification are not entitled to routine bond hearings before Immigration Judges.

59. As a result, individuals situated like Petitioner are effectively foreclosed from obtaining meaningful custody review through the Immigration Court system.

60. The Board of Immigration Appeals has repeatedly affirmed the legal framework relied upon by DHS to justify such detention practices, leaving no realistic prospect that further administrative proceedings would result in reconsideration of the legality of Petitioner's custody.

61. Because the Immigration Court frequently disclaims jurisdiction over custody review in cases such as this, and because the Board has adopted interpretations aligned with the government's detention position, further administrative attempts to obtain custody review would be futile.

62. In practice, the current administrative framework governing immigration detention has created a system in which executive detention decisions are largely insulated from meaningful review within the agency itself.

63. Requiring Petitioner to pursue additional administrative review under these circumstances would serve no practical purpose and would merely prolong Petitioner's already extended detention while his removal proceedings continue.

64. Because no effective administrative forum remains available to test the legality or constitutionality of Petitioner's continued confinement, habeas corpus relief under 28 U.S.C. § 2241 is the only mechanism through which Petitioner may obtain meaningful judicial review of his detention.

### RELIEF REQUESTED

WHEREFORE, for the foregoing reasons, Petitioner respectfully requests that this Court grant the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, order Petitioner's immediate release from custody, order that Petitioner shall not be re-detained pursuant to 8 U.S.C. § 1225(b)(2) absent a material change in relevant circumstances, direct Respondents to certify compliance with the Court's order of release within a time period set by the Court, and award

attorneys costs and fees under the EAJA, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By:/s/ *Robert C. Barchiesi*
Robert C. Barchiesi, II, Esq.
PA Bar ID No. 328056
Barchiesi Law PLLC
1650 Market St., Ste 3600
Philadelphia, PA 19103
robert@barchiesilaw.com
(610) 674-9846