**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SCOTT DOW,

     Plaintiff,

v.                                                                    Case No.

FEDERAL EXPRESS CORPORATION,                    JURY TRIAL DEMANDED

     Defendant.

**COMPLAINT**

NOW COMES Plaintiff, Scott Dow, by and through his attorney, David M. Manes, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

**I. Nature of the Action**

1. Plaintiff brings this Amended Complaint to recover damages under the Pennsylvania Criminal History Record Act ("CHRIA"), 18 Pa. C.S § 9100 *et seq*. Plaintiff alleges that he was subjected to the unlawful use of his criminal history record information to rescind an employment offer.

**II. Jurisdiction and Venue**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties.

3. Defendant Federal Express Corporation is a corporation under the laws of the State of Delaware and maintains its principal place of business in the State of Tennessee. For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state of incorporation and a citizen of the state of the principal place of business.

4. For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state of incorporation and a citizen of the state of the principal place of business.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6.      Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Middle Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania and the venue is proper.

### III. Parties

7.      Plaintiff, Scott Dow ("Plaintiff"), is an adult individual with a primary residence located at 70 Lancaster Estates, Mount Joy, PA 17552.

8.      Defendant, Federal Express Corporation ("FedEx") is a Delaware business corporation with a regular place of business located at 3610 Hacks Cross Road, Memphis, TN 38125.

### IV. Facts

9.      Plaintiff applied for the position of Senior Operations Admin with FedEx on or around July 11, 2025.

10.     The position was located at 111 Fulling Mill Road, Middletown, PA 17057.

11.     Plaintiff participated in an interview with FedEx on August 4, 2025.

12.     Plaintiff was officially offered the position with FedEx on August 13, 2025.

13.     Plaintiff accepted the offer on the same date.

14.     Plaintiff was subjected to a background check, which was done by First Advantage.

15.     Plaintiff's criminal convictions and disposition dates are as follows:

        a.      DUI: March 5, 2014;

        b.      Four counts of possession of child pornography: October 20, 2015;

c.    One count of criminal use of a communication facility: October 20, 2015; and

d.    Two counts of harassment (subjecting others to physical contact) August 10, 2020.

16.    Approximately a month after Plaintiff was offered the position with FedEx, Plaintiff received a letter from FedEx stating "Based in whole or in part on information contained in that background check report, we are withdrawing your conditional offer of employment.".

17.    Plaintiff's job offer was rescinded specifically due to the information of his background check.

18.    Defendant did not identify any specific duty or responsibility of the Senior Operations Admin position to which Plaintiff's criminal history was related.

19.    Defendant did not explain how any of Plaintiff's prior convictions related to his suitability for the Senior Operations Admin position.

20.    Upon information and belief, Defendant did not conduct an individualized assessment of whether Plaintiff's criminal history related to his suitability for the specific position at issue.

21.    Upon information and belief, Defendant did not conduct any meaningful individualized assessment of the nature of Plaintiff's convictions, the age of those convictions, the duties of the position, Plaintiff's work history, or other evidence bearing on present suitability for the role.

22.    Upon information and belief, Defendant did not request from Plaintiff any additional information, explanation, or mitigating information before rescinding the offer.

23.      Plaintiff's convictions for DUI and the offenses resolved on October 20, 2015, were remote in time by the time Defendant rescinded the offer in or about September 2025.

24.      Plaintiff's criminal history did not include convictions for theft, fraud, embezzlement, falsification of records, or misuse of customer, shipping, or business-operation systems.

25.      Plaintiff's criminal history did not include convictions involving the misuse of an employer's money, property, packages, or administrative systems.

26.      Defendant's written notice to Plaintiff stated only that the offer was being withdrawn "[b]ased in whole or in part on information contained in that background check report," but did not identify any job duty Plaintiff could not perform or otherwise explain how Plaintiff's criminal history related to the Senior Operations Admin position.

27.      Defendant used Plaintiff's criminal history record information to deny employment without limiting its consideration of that information to convictions that relate to Plaintiff's suitability for the specific position in question.

28.      By rescinding Plaintiff's offer under these circumstances, Defendant used Plaintiff's criminal history record information in a manner prohibited by 18 Pa. C.S. § 9125.

## <u>COUNT I</u>
**Violation of the Pennsylvania Criminal History Record Information Act ("CHRIA")**

29.      The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

30.      CHRIA prohibits employers from considering an applicant's criminal convictions unless the convictions relate to the applicant's suitability for the position for which he has applied.

31.     Defendant used Plaintiff's criminal history record information to rescind his conditional offer of employment.

32.     Defendant did so without identifying or establishing any relationship between Plaintiff's convictions and his suitability for the Senior Operations Admin position.

33.     Defendant therefore violated CHRIA, including 18 Pa. C.S. § 9125, by using Plaintiff's criminal history record information in a manner not permitted by law.

34.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages, including lost wages, lost employment opportunity, emotional distress, humiliation, embarrassment, frustration, and other consequential harm.

35.     Defendant's conduct was intentional, knowing, reckless, and/or in willful disregard of Plaintiff's rights under CHRIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Scott Dow, respectfully requests that this Court enter judgment in his favor, and against Defendant, Federal Express Corporation and award all damages available at law in equity, including: lost wages, compensatory damages, punitive damages, court costs, attorney fees, prejudgment and continuing interest, and any other relief that the Court deems necessary and proper.

Respectfully Submitted,

/s/ David M. Manes
David M. Manes, Esq.
PA ID: 314661
**Manes & Narahari LLC**
One Oxford Centre
301 Grant Street, Ste 270

Pittsburgh, PA 15219
(412) 626-5571 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

**VERIFICATION**

I, Scott Dow, swear under penalty of perjury under the laws of the United States of America that

the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

_____

Scott Dow