UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLA CHEATHAM | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| - against - | : | |
| | : | JURY TRIAL DEMANDED |
| LUCA DOWDAL, | : | |
| DANIELA ZAMBOLI, | : | |
| THOMAS KILLIAN, & | : | No. |
| CHI PHI FRATERNITY – PHI | : | |
| LAMBDA THETA CHAPTER, | : | |
| AN UNINCORPORATED | : | |
| ASSOCIATION AND/OR OTHER | : | |
| BUSINESS ENTITY | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Ella Cheatham, by her attorneys, Barry H. Dyller, Esq. and Jamie L. Wagenhoffer, Esq. of Dyller & Solomon, LLC, for her Complaint alleges as follows:

## JURISDICTION AND VENUE

1.     This action arises out of violations of Pennsylvania common law.

2.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of

citizenship between the plaintiff and the defendants, and because the amount in controversy is in excess of $75,000, exclusive of interest and costs.

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Middle District of Pennsylvania.


<u>THE PARTIES</u>

4.    Plaintiff Ella Cheatham, at all relevant times, was a college student attending university in Pennsylvania but domiciled in Maryland. Specifically, at all times relevant to the claims herein, Ella Cheatham was a student at Bucknell University, in Lewisburg, Pennsylvania.

5.    Defendant Luca Dowdall, upon information and belief, is a New York domiciliary. Mr. Dowdall, at all relevant times, was a student at Bucknell University.

6.    Defendant Daniela Zamboli is a New York domiciliary.  Ms. Zamboli is the mother of defendant Luca Dowdall.

7.    Defendant Thomas Killian is a New York domiciliary.  Mr. Killian is the romantic partner of Ms. Zamboli.

8.    Defendant Chi Phi Fraternity – Phi Lambda Theta Chapter (Chi

2

Phi Fraternity – Phi Lambda Theta Chapter), an unincorporated association and/or other business entity, upon information and belief, is a fraternity chapter operating at or near Bucknell University in Lewisburg, Pennsylvania, within the Middle District of Pennsylvania, which owned, operated, maintained, controlled, and/or hosted social events at the fraternity houses located at or near 638 Saint Catherine Street and 622 Saint Catherine Street.

## FACTS

### Background of Ella Cheatham and Luca Dowdall

9.    Ella Cheatham and Luca Dowdall began attending Bucknell University as freshmen on or near August 2022.

10.    During the fall 2023 semester, Ms. Cheatham and defendant Dowdall began an intimate relationship.

11.    During the relationship between Ms. Cheatham and defendant Dowdall, Dowdall became a member of the Chi Phi Fraternity – Phi Lambda Theta Chapter at Bucknell University.

12.    On or about June of 2025 Ms. Cheatham ended her relationship with the defendant Dowdall.

## The October 19, 2024, Incident

13.    On or about October 19, 2024, Ms. Cheatham and defendant Dowdall attended a large day fraternity party.

14.    Upon information and belief, the participating fraternity house and location at which the party was held, was owned, operated, maintained, and/or controlled by the defendant Chi Phi – Phi Lambda Theta Chapter, located at 622 Saint Catherine Street.

15.    This fraternity party was held at the off-campus fraternity houses of Bucknell University located within the Middle District of Pennsylvania.

16.    Upon information and belief, defendant Chi Phi Fraternity – Phi Lambda Theta Chapter organized and/or participated in organizing, hosting, and/or permitting the fraternity event described above, including at the physical property/location of the Chi Phi Fraternity – Phi Lambda Theta Chapter.

17.    Upon information and belief, alcoholic beverages were made available at the fraternity event to attendees, including to individuals under the age of twenty-one.

18.    At the event, defendants Mr. Killian and Ms. Zamboli attended and furnished alcoholic beverages to defendant Dowdall.

4

19.    At the time the alcohol was furnished, defendant Dowdall was under the age of twenty-one.

20.    Defendant Chi Phi knew or should have known that underage individuals, including defendant Dowdall, were consuming alcohol at the event.

21.    Defendant Chi Phi Fraternity – Phi Lambda Theta Chapter failed to implement reasonable safeguards to prevent underage drinking and dangerous conduct at the event.

22.    It was foreseeable that underaged persons becoming intoxicated would engage in risky or uncontrolled behavior.

23.    As a result of the alcohol furnished, defendant Dowdall became intoxicated.

24.    While intoxicated, defendant Dowdall struck plaintiff in the face causing a fractured nose and concussion at another Chi Phi house located at 622 Saint Catherine Street.

25.    According to defendant Dowdall, he struck Ms. Cheatham accidentally when he was attempting to "dap" a friend.[1]

---

[1]  Based on information and belief, "dap" is a slang term for fist bumping or otherwise gesturing with arms and hands a physical greeting towards another person.

26.    As a result of defendant Dowdall striking Ms. Cheatham, she had an inability to breathe out of her nose, a nosebleed, and a severe headache.

27.    Ms. Cheatham was seen on October 20, 2024, by Bucknell University Health Services for the injury to her face and head.

28.    Ms. Cheatham was diagnosed with concussion, suffered headaches, sensitivity and pain to the eyes, brain fog, difficulty concentrating, nausea, and sound sensitivity.

29.    On October 22, 2024, Ms. Cheatham was x-rayed at Evangelical Community Hospital. The radiology report indicated probable right nasal bone fracture.

<u>The November 15, 2024, Incident</u>

30.    On or about November 15, 2024, Ms. Cheatham and defendant Dowdall attended a concert that Bucknell University was hosting and was located within the Middle District of Pennsylvania.

31.    Defendant Dowdall consumed alcohol, while under the legal drinking age, and became intoxicated.

32.    Ms. Cheatham returned to her dorm alone. Defendant Dowdall reconnected with Ms. Cheatham at her dorm. Defendant Dowdall and Ms. Cheatham then made their way to 638 Saint Catherine Street, an off-

campus Bucknell University fraternity house, known as Chi Phi Fraternity–

Phi Lambda Theta Chapter.

33.    Upon information and belief, the fraternity house located at 638

Saint Catherine Street was owned, operated, maintained, and/or controlled

by defendant Chi Phi Fraternity – Phi Lambda Theta Chapter.

34.    At this location, defendant Dowdall continued drinking and

became agitated toward Ms. Cheatham.

35.    Defendant Chi Phi Fraternity – Phi Lambda Theta Chapter

knew or should have known that underage individuals, including defendant

Dowdall, were consuming alcohol at this location.

36.    Ms. Cheatham tried to return to her dormitory alone, but

defendant Dowdall insisted that he go with her. Defendant Dowdall lifted

Ms. Cheatham up and attempted to place her on his back/shoulders

despite her verbal protests.

37.    Defendant Dowdall then carried Ms. Cheatham out to

Catherine Street where defendant Dowdall stumbled and dropped Ms.

Cheatham, causing her to hit her head on concrete.

38.    Defendant Chi Phi Fraternity – Phi Lambda Theta Chapter

failed to supervise, monitor, or control the consumption of alcohol and the

conduct of intoxicated individuals at its premises.

39.   Following this incident, Ms. Cheatham experienced persistent neurological symptoms, including headaches, cognitive difficulty, and visual disturbances.

40.   On November 18, 2024, Ms. Cheatham was seen by Bucknell University Student Health Services and diagnosed with a concussion.

41.   Thereafter, Ms. Cheatham continued to be seen by medical professionals due to persistent and unimproved neurological symptoms.

42.   Despite treatment, Ms. Cheatham's symptoms persisted and worsened. A previously asymptomatic congenital condition became symptomatic and required surgical treatment on or about July 16, 2025.

43.   Prior to the incidents described herein, Ms. Cheatham had no history of persistent symptoms and was able to engage fully in her academic and daily activities.

Damages

44.   Plaintiff has suffered damages in excess of $75,000 as a result of defendants' actions.

45.   As a result of defendants' actions, Ms. Cheatham suffered and will continue to suffer serious injuries including but not limited to:

a)   Past and future medical expenses

b)   Pain and suffering

c)   Cognitive deficits

d)   Emotional Distress

e)   Loss of life's pleasures

f)   Permanent neurological impairment

g)   Economic harm

h)   Impairment in ability to pursue higher education

i)   Impairment in ability to pursue career

<u>COUNT ONE</u>
(Negligence/Recklessness, October 19, 2024;
Ella Cheatham v. Luca Dowdall)

46.   Plaintiff repeats and realleges each and every allegation contained above as is fully set forth herein.

47.   Defendant Dowdall owed Ms. Cheatham a duty to exercise reasonable care and refrain from conduct that would foreseeably cause bodily harm.

48.   Defendant Dowdall breached that duty by engaging in reckless physical conduct while intoxicated on October 19, 2024.

49.   Defendant Dowdall's conduct was a substantial factor in causing Ms. Cheatham's injuries.

50.   As a result of defendant Dowdall's actions, Ms. Cheatham suffered injuries and damages.

<u>COUNT TWO</u>
(Negligence/Recklessness, November 15, 2024;
Ella Cheatham v. Luca Dowdall)

51.    Plaintiff repeats and realleges each and every allegation contained above as is fully set forth herein.

52.    Defendant Dowdall owed Ms. Cheatham a duty to exercise reasonable care and refrain from conduct that would foreseeably cause bodily harm.

53.    Defendant Dowdall breached that duty by engaging in reckless physical conduct while intoxicated on November 15, 2024.

54.    Defendant Dowdall's conduct was a substantial factor in causing Ms. Cheatham's injuries.

55.    As a result of defendant Dowdall's actions, Ms. Cheatham suffered injuries and damages.

<u>COUNT THREE</u>
(Social Host Liability;
Ella Cheatham v. Daniela Zamboli & Thomas Killian)

56.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

57.    Defendants Zamboli and Killian furnished alcoholic beverages to defendant Dowdall while he was under the age of twenty-one.

10

58.    Defendants Zamboli and Killian knew or should have known that furnishing alcohol to a minor created a foreseeable risk of harm.

59.    The intoxication of Defendant Dowdall was a substantial factor in causing Ms. Cheatham's injuries.

60.    Defendants' conduct demonstrated reckless indifference to the rights and safety of others.

## COUNT FOUR
(Negligence/Recklessness;
Ella Cheatham v. Chi Phi Fraternity – Phi Lambda Theta Chapter, an unincorporated association and/or other business entity)

61.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

62.    Defendant Chi Phi Fraternity – Phi Lambda Theta Chapter, owned, operated, maintained, controlled and/or hosted social events at the fraternity house where the incidents described herein occurred.

63.    Defendant Chi Phi Fraternity – Phi Lambda Theta Chapter owed a duty to Ms. Cheatham to operate its premises in a reasonably safe manner and to prevent foreseeable harm.

64.    Defendant Chi Phi Fraternity – Phi Lambda Theta Chapter breached that duty by:

11

a.     Permitting underage individuals to consume alcohol on its premises;

b.     Failing to supervise and control the consumption of alcohol;

c.     Failing to prevent intoxicated and dangerous conduct; and

d.     Hosting events in which alcohol was present without reasonable safeguards.

65.    Defendant Chi Phi Fraternity – Phi Lambda Theta Chapter knew or should have known that permitting underage drinking created a foreseeable risk of harm, including physical injury caused by intoxicated individuals,

66.    The intoxication of defendant Dowdall and the resulting conduct were a direct and foreseeable result of defendant Chi Phi Fraternity – Phi Lambda Theta Chapter's actions and omissions.

67.    Defendant Chi Phi Fraternity – Phi Lambda Theta Chapter's conduct was a substantial factor in causing Ms. Cheatham's injuries.

68.    As a result of defendant Chi Phi Fraternity – Phi Lambda Theta Chapter's actions, Ms. Cheatham suffered injuries and damages as described herein.

COUNT FIVE
(Negligence Per Se;
Ella Cheatham v. Chi Phi Fraternity at Bucknell University)

12

69.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

70.    Defendant Chi Phi violated 18 Pa.C.S. § 6310.1 by furnishing, permitting, or facilitating the furnishing of alcohol to individuals under the age of twenty-one.

71.    18 Pa.C.S. §6301.1 is designed to protect minors and the public from the dangers associated with underage drinking, including intoxicated conduct causing injury.

72.    Ms. Cheatham is within the class of persons that 18 Pa.C.S. §6301.1 is designed and intended to protect.

73.    Defendant Chi Phi's violation of the statute was a substantial factor in causing Ms. Cheatham's injuries.

## COUNT SIX
(Negligence Per Se;
Ella Cheatham v. Daniela Zamboli and Thomas Killian)

74.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

75.    Defendants Zamboli and Killian violated 18 Pa.C.S. § 6310.1 by furnishing, permitting, or facilitating the furnishing of alcohol to individuals under the age of twenty-one.

13

76.    18 Pa.C.S. §6301.1 is designed to protect minors and the public from the dangers associated with underage drinking, including intoxicated conduct causing injury.

77.    Ms. Cheatham is within the class of persons that 18 Pa.C.S. §6301.1 is designed and intended to protect.

78.    Defendants Zamboli and Killian's violation of the statute was a substantial factor in causing Ms. Cheatham's injuries.

WHEREFORE, plaintiff demands judgment as follows:

A.    For plaintiff Ella Cheatham, an amount to be determined at trial in excess of $75,000, including punitive damages and interest;

B.    For costs and disbursements incurred in this action; and

C.    Any such other relief as the Court may deem just and proper.

## Jury Demand

Plaintiff demands a trial by jury on all issues.

14

Respectfully submitted,

DYLLER & SOLOMON

s/ Barry H. Dyller, Esq.
s/ Jamie L. Wagenhoffer, Esq.
Attorneys for Plaintiff
88 North Franklin Street
Wilkes-Barre, PA 18701
(570) 829-4860