JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Karen Castellano, et al.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marzzacco Injury Law, 945 E. Park Drive, Ste. 103
Harrisburg, PA 17111, 717-231-1640

## DEFENDANTS

Wingate Inns International Inc. d/b/a Wingate By Wyndham, et al.

County of Residence of First Listed Defendant   Erie
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Premises Liability

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ Exceeding $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   03/27/2026

SIGNATURE OF ATTORNEY OF RECORD   *(signature)*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**MARZZACCO INJURY LAW**
BY:     CHRISTOPHER J. MARZZACCO, ESQUIRE
Attorney ID. No. 78262
BY:     JORDAN A. MARZZACCO, ESQUIRE
Attorney ID. No. 320519
945 East Park Drive, Suite 103
Harrisburg, PA 17111
(717) 231-1640
cmarzzacco@klnivenlaw.com
jmarzzacco@klnivenlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN CASTELLANO,** | : | |
| **individually,** | : | |
| **and ANTHONY CASTELLANO,** | : | |
| **as wife and husband,** | : | **NO.** |
| 85 Wayne Street | : | |
| Hauppauge, NY 11788 | : | |
| Plaintiffs | : | |
| | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | |
| **WINGATE INNS** | : | |
| **INTERNATIONAL,** | : | |
| **INC. d/b/a WINGATE BY** | : | |
| **WYNDHAM,** | : | |
| 7 Sylvan Way, 4th Floor | : | |
| Parsippany, NJ 07054 | : | |
| | : | |
| | : | |
| **SGN ENTERPRISES, LLC** | : | |
| 375 Ecker Drive | : | |
| Lititz, PA 17543 | : | |
| | : | |
| | : | |
| **LAKECREST PARTNERS, LLC** | : | |
| 9130 Guilford Road, Suite A | : | |
| Columbia, MD 21046 | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

1

AND NOW come Plaintiffs, Karen Castellano and Anthony Castellano, by and through their attorneys, Christopher J. Marzzacco, Esquire and Jordan A. Marzzacco, Esquire of Marzzacco Injury Law, and hereby state the following against the above-named Defendants:

**PARTIES**

1.     Plaintiffs Karen and Anthony Castellano are adult individuals residing at 85 Wayne Street, Hauppauge, New York.

2.     Upon information and belief, Defendant Wingate Inns International, Inc. d/b/a Wingate by Wyndham (hereinafter, "Defendant Wingate") is a business corporation operating throughout the Commonwealth of Pennsylvania with a principle place of business located at 7 Sylvan Way, 4th Floor, Parsippany, New Jersey.

3.     Upon information and belief, Defendant SGN Enterprises LLC (hereinafter, "Defendant SGN Enterprises") is a limited liability company operating throughout the Commonwealth of Pennsylvania with an office for service located at 375 Ecker Drive, Lititz, Pennsylvania.

4.     Upon information and belief, Defendant Lakecrest Partners, LLC (hereinafter, "Defendant Lakecrest") is a limited liability company operating throughout the State of Maryland with a registered office located at 9130 Guilford Road, Columbia, Maryland.

## JURISDICTION

5.     This Court has jurisdiction of this Action under 28 U.S.C. § 1332, as this matter is between citizens of different states and the matter in controversy exceeds the sum value of $75,000.00, exclusive of interests and costs.

## VENUE

6.     Venue is appropriate in the Federal District Court for the Middle District of Pennsylvania pursuant to 28 USC § 1391(b)(2).

## FACTS

7.     On or about July 22, 2024, Plaintiff Karen Castellano was caused to slip and/or trip and fall while lawfully on the property of a hotel building believed and therefore averred to be occupied by Defendant Wingate and owned by Defendants SGN Enterprises and Lakecrest (hereinafter collectively "Defendants") located at 385 Cumberland Parkway, Mechanicsburg, Pennsylvania, 17055 (hereinafter, the "subject premises").

8.     On said date, Plaintiff Karen Castellano was a customer of the hotel and therefore was a business invitee.

9.     At all times relevant hereto, Defendants are believed to have maintained a floor mat at the entrance of the subject premises.

10.    On or before the date of this incident, it is alleged that Defendants placed and maintained a poorly suitable, and therefore, a dangerous floor mat on the

subject premises, causing hazardous conditions, including metal slats that were prone to popping up, creating ripples in the mat, and an uneven surface and height discrepancy between walking surfaces, rendering the premises hazardous to business invitees walking in and/or out of the subject premises.

11. The dangerous condition of the floor mat created a reasonably foreseeable risk of injury to pedestrians entering and exiting the subject premises.

12. At all times relevant hereto, in the exercise of due care and by conducting a reasonable inspection of the same, Defendants should have discovered and realized the dangerous condition of the mat that was used inside the premises and should have recognized the danger it posed to pedestrians.

13. Accordingly, on the date and time of this incident, Plaintiff Karen Castellano tripped and fell while walking out of the subject premises when she unknowingly encountered the hazard located in the aforementioned area of the subject premises.

14. As a direct and proximate result of the dangerous condition Defendants caused on the subject premises, Plaintiff Karen Castellano suffered severe and personal injuries including, but not limited to, a fracture of the left humerus, a rib fracture, injuries to her face and mouth, permanent scarring and a back injury.

15. At all times material hereto, Defendants, their agents, servants, and/or employees had an obligation to exercise reasonable care with respect to the care and

4

maintenance of said mat they used and kept on the premises in order to make it safe for pedestrians, including business invitees.

16. The trip and fall was caused by the negligence of Defendants, their agents, servants, and/or employees and was not caused or contributed to by any act or failure to act on the part of the Plaintiff Karen Castellano.

## COUNT I
## NEGLIGENCE
## KAREN CASTELLANO V. DEFENDANTS

17. Plaintiffs incorporate herein by reference the allegations set forth in the paragraphs above as if fully set forth at length below.

18. Through reasonable investigation, it is believed that Defendants had actual and/or constructive notice of the aforementioned dangerous condition present on the subject premises prior to Plaintiff Karen Castellano's fall on the date of this incident.

19. The aforesaid fall and resulting injuries to Plaintiff Karen Castellano were a direct and proximate result of the negligence and carelessness of Defendants herein, their agents, servants, and/or employees, which consisted of the following:

      a. Failing to follow applicable ANSI standards for the inspection, care, and maintenance of entrance mats to a commercial retail business;

      b. Failing to follow the applicable industry standards for the inspection, care, and maintenance of entrance mats to a business;

5

c.   Failing to ensure that the mat and its materials were conducive to providing a smoothly-transitioned walking surface from the interior to the exterior of the facility;

d.   Permitting the aforementioned entrance mat to become rippled and/or buckled and uneven;

e.   Allowing dangerous conditions to exist on the mat they knew was placed near or at the entrance area of the aforesaid premises;

f.   Failing to exercise due care by properly maintaining the mat;

g.   Failing to warn pedestrians, including business invitees such as Plaintiff Karen Castellano, of the dangerous condition of the mat; and

h.   Failing to otherwise provide and/or maintain a mat that would ensure a safe walking surface on the subject premises.

20.   As a further result of the aforesaid incident, Plaintiff Karen Castellano has had to seek medical treatment in and about an effort to cure herself of her injuries and will be obligated to do so for an indefinite time into the future, hereby incurring medical expenses and/or the obligation to repay liens of medical providers to her great detriment and loss.

21.   As a further result of the aforesaid incident, Plaintiff Karen Castellano has suffered pain, discomfort, frustration, embarrassment, inability to attend to usual daily activities, and loss of enjoyment of life's pleasures, to her great detriment and loss.

22.    As a further result of the aforesaid incident, Plaintiff Karen Castellano has suffered a loss of earnings and/or earning capacity, to her great detriment and loss.

**PRAYER FOR RELIEF**

Plaintiff, Karen Castellano, respectfully requests judgment against Defendants Wingate Inns International, Inc. d/b/a Wingate by Wyndham, SGN Enterprises LLC and Lakecrest Partners, LLC on the above negligence count as follows:

a.    Compensatory damages to Plaintiff Karen Castellano for past and future damages, including but not limited to, pain and suffering for severe and permanent personal injuries, lost past and future wages, healthcare costs, medical monitoring together with all interest and costs as provided by the law;

b.    All such other and further relief as provided under the law; and

c.    Such other and further relief as this Court deems just and proper.

**COUNT II**
**LOSS OF CONSORTIUM**
**ANTHONY CASTELLANO V. DEFENDANTS**

23.    Plaintiffs incorporate herein by reference the allegations set forth in the paragraphs above as if fully set forth at length below.

7

24.    As a result of the aforementioned injuries sustained by Plaintiff Karen Castellano, Plaintiff Anthony Castellano has been, and may in the future be, deprived of the services, care, companionship, consortium, and affection of his wife, all of which will be to his great detriment and loss.

## PRAYER FOR RELIEF

Plaintiff, Anthony Castellano, respectfully requests judgment against Defendants Wingate Inns International, Inc. d/b/a Wingate by Wyndham, SGN Enterprises LLC and Lakecrest Partners, LLC on the above loss of consortium count as follows:

a.    Compensatory damages to Plaintiff Anthony Castellano for loss of consortium with all interest and costs as provided by the law;

b.    All such other and further relief as provided under the law; and

c.    Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Respectfully submitted,

**MARZZACCO INJURY LAW**

Date: <u>March 27, 2026</u>    BY:    */s/ Jordan A. Marzzacco*
Jordan A. Marzzacco, Esquire
*Counsel for Plaintiffs*

8