Stephen E. Geduldig, Esquire
ID # 43530
sgeduldig@pionlaw.com
Stephanie Hersperger, Esquire
ID # 78735
shersperger@pionlaw.com

**PION, NERONE, GIRMAN & SMITH, P.C.**
2404 Park Drive, Suite 404
Harrisburg, PA 17110
(717) 737-5833                    **Attorney for Defendants**
(717) 737-5553 (Fax)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

|  |  |
|---|---|
| CHRISTIAN COOK, | ) |
|          Plaintiff | ) **CIVIL ACTION** |
| | ) |
| | ) **Case No:** |
|     v. | ) |
| | ) |
| U.S. XPRESS LEASING, INC., U.S. | ) |
| XPRESS, INC. d/b/a U.S. XPRESS, | ) |
| U.S. XPRESS ENTERPRISES, INC. | ) |
| and JOHN M. GACHU, | ) |
|          Defendants | ) |
| | ) |

## NOTICE OF REMOVAL OF DEFENDANTS

AND NOW, come Defendants, U.S. Xpress Leasing, Inc., U.S. Xpress, Inc. d/b/a U.S. Xpress, U.S. Xpress Enterprises, Inc., and John M. Gachu, and hereby remove the instant case from the Court of Common Pleas of Lackawanna County, Pennsylvania, Case No. 26-CV-1456, to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support of same, avers as follows:

**Removal is Timely**

1.      An action is removable within 30 days after service on the defendant of the "initial pleading," i.e., the complaint, if it provides reasonable notice of the grounds for federal diversity jurisdiction. 28 U.S.C. § 1446(b).

2.      If it cannot be reasonably determined from the "initial pleading" that the case is removable based on diversity jurisdiction, then a notice of removal may be filed within 30 days after receipt or service of an "amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

3.      In this case, Plaintiff, Christian Cook ("Plaintiff") commenced this civil action by filing a Complaint against Defendants, U.S. Xpress Leasing, Inc., U.S. Xpress, Inc. d/b/a U.S. Xpress, U.S. Xpress Enterprises, Inc., and John M. Gachu (collectively "Defendants"), in the Court of Common Pleas of Lackawanna County, Pennsylvania, on March 5, 2026. A true and correct copy of the Complaint is attached hereto as **Exhibit "A."**

4.      On March 6, 2026, Plaintiffs sent the Complaint via certified mail to be served on Defendants. A true and correct copy of counsel for Plaintiff's certified letter dated March 6, 2026, is attached as **Exhibit "B."**

5.      On March 13, 2026, Defendants, U.S. Xpress Leasing, Inc., U.S. Xpress, Inc. d/b/a U.S. Xpress, U.S. Xpress Enterprises, Inc., received the Complaint

2

via certified mail. A true and correct copy of the green card for service on March 13, 2026, is attached as **Exhibit "C."**

6.    On March 20, 2026, Defendant, John M. Gachu, received the Complaint via certified mail. A true and correct copy of Plaintiff's Affidavit of Service with green card for service on March 20, 2026, is attached as **Exhibit "D."**

7.    Pursuant to Pa.R.Civ.P. 403 and 404, service was complete upon receipt of the Complaint by Defendants, U.S. Xpress Leasing, Inc., U.S. Xpress, Inc. d/b/a U.S. Xpress, U.S. Xpress Enterprises, Inc. on March 13, 2026, and on Defendant, John M. Gachu, on March 20, 2026.

8.    The instant Notice of Removal is being filed within 30 days from the receipt by Defendants, U.S. Xpress Leasing, Inc., U.S. Xpress, Inc. d/b/a U.S. Xpress, U.S. Xpress Enterprises, Inc. and John M. Gachu, of the Complaint providing them with reasonable notice that the amount in controversy exceeds the jurisdictional limits for removal based on diversity of citizenship.

9.    Therefore, removal in the instant case is timely.

**Diversity of Citizenship Exists Under 28 U.S.C. § 1332**

10.    According to 28 U.S.C. § 1332(a)(1), for there to be diversity jurisdiction no plaintiff can have the same citizenship of any of the defendants.

11.    Citizenship is determined at the time the action is filed. *Thompson v. Nat'l Mentor Healthcare LLC*, 2011 WL 1256652, at *1 (M.D. Pa. Apr. 4, 2011).

12. Citizenship for an individual is determined by the state where he is domiciled. *Id.*

13. An individual is a citizen of a state where he or she is domiciled. *Estate of Khalil by Mohamedali v. Mursalov*, 2021 WL 5356791, at *3 (E.D. Pa. Nov. 17, 2021) (explaining that "Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'") (internal citations omitted).

14. Pursuant to 28 U.S. Code § 1332(c), a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.

15. Here there is complete diversity between Plaintiff and Defendants because they are domiciled in different states.

16. According to Plaintiff's Complaint, Plaintiff resides at 402 N. River Street, Olyphant, Pennsylvania 18447. *See* Caption and ¶ 1 of the Complaint, Exh. A.

17. Upon information and belief, Plaintiff's domicile is in Pennsylvania as his permanent home is located in Lackawanna County, Pennsylvania.

18. Thus, Plaintiff is a citizen of Pennsylvania.

19. The Complaint identifies Defendant, John M. Gachu ("Defendant Gachu"), as having a residence at 3304 Dunmore Place, Bossier City, Louisiana 71112. *Id.* at Caption and ¶ 2.

20. Defendant Gachu's domicile is in Louisiana as his permanent home is located there.

21. Thus, Defendant Gachu is a citizen of Louisiana.

22. The Complaint correctly identifies Defendants as U.S. Xpress Leasing, Inc., which is incorporated in Tennessee; U.S. Xpress, Inc., which is incorporated in Nevada; and U.S. Xpress Enterprises, Inc., which is incorporated in Nevada. *Id.* at ¶¶ 3-5.

23. Plaintiff's Complaint further correctly avers that the principal place of business for Defendants, U.S. Xpress Leasing, Inc., U.S. Xpress, Inc. and U.S. Xpress Enterprises, Inc. is located at 4080 Jenkins Road, Chattanooga, Tennessee 37421. *Id.*

24. Thus, Defendant, U.S. Xpress Leasing, Inc., is a citizen of Tennessee, while Defendants, U.S. Xpress, Inc. and U.S. Xpress Enterprises, Inc., are citizens of Nevada and Tennessee.

25. Because Plaintiff and Defendants, U.S. Xpress Leasing, Inc., U.S. Xpress, Inc., U.S. Xpress Enterprises, Inc., and John M. Gachu, are citizens of different states, there is complete diversity of citizenship of the parties.

## The Amount in Controversy Exists Under 28 U.S.C. § 1332

26.    As previously stated herein, according to 28 U.S.C. § 1332(a), for there to be diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000.00.

27.    Although Plaintiff's Complaint sought damages in excess of the compulsory limits for arbitration in Lackawanna County, which is $50,000.00, Plaintiff does not seek a specific sum of damages. *See* Plaintiff's Complaint, Exh. A.

28.    However, pursuant to Plaintiff's claimed injuries and damages pleaded in the Complaint, Plaintiff is seeking more than $75,000.00 in damages.

29.    In particular, Plaintiff pleads that as a result of Defendants' alleged negligence and recklessness, Plaintiff's vehicle was "violently [struck]" with such force that it "caused Plaintiff's vehicle to rotate in a counterclockwise direction striking a concrete traffic barrier, twice rebounding off said concrete traffic barrier and crossing both lanes of travel before coming to final rest on the shoulder of the roadway." *Id.* at ¶¶ 12-13.

30.    Plaintiff claims to have suffered permanent and serious injuries, including "back sprain, bilateral elbow sprain, left arm pain, closed fracture of the medial condyle of left humerus, cervical, thoracic and lumbar spondylosis, jaw pain, neck pain, lumbar and lumbosacral radiculopathy, pain in the thoracic spine, left shoulder pain, cervicalgia, headaches, vertebrogenic low back pain, parathesia in left

6

forearm and hand, bilateral lumbar pain, segmental and somatic dysfunction of the cervical region, sprain of joints and ligaments in the neck, sprain of the thorax, sprain of parts of the lumbar spine and pelvis, cervical disc disorder with myelopathy, head pain, nausea, dizziness, sleep disruption, cognition issues, hernias, abdominal contusions, left side sciatica, bilateral elbow pain, back pain, back sprain, contusion of the right elbow, left hand pain, left wrist swelling, chest pain, right arm pain, cervical spine pain, lumbar spine pain and cranial distortions, all of which caused him, continue to cause him and will cause him for an indefinite time in the future great pain, agony and suffering, both physical and mental." *Id.* at ¶ 17.

31.    According to Plaintiff, he has undergone medical treatment for his injuries and will need future medical care, and will suffer past and future economic loss as a result of same. *Id.* at ¶¶ 18-19.

32.    Plaintiff further pleads that he will be unable to go about his usual occupation and daily activity, and seeks compensation for past loss of earnings and future loss of earning capacity. *Id.* at ¶¶ 20-22.

33.    Additionally, Plaintiff claims past and future emotional distress, pain and suffering, loss of life's pleasures, and disfigurement and scarring. *Id.* at ¶ 23.

34.    Plaintiff avers that all of his damages are permanent. *See generally* Plaintiff's Complaint, Exh. A.

35.    In addition to seeking compensatory damages, Plaintiff seeks punitive damages. *Id.* at Wherefore Clauses.

36.    While Defendants deny that Plaintiff has incurred any damages because of Defendants' conduct, Plaintiff is clearly claiming damages in excess of $75,000.00.

37.    Because the amount in controversy exceeds $75,000.00 exclusive of interest and costs, the amount in controversy requirement set forth in 28 U.S.C. § 1332(a) has been satisfied.

### Diversity Jurisdiction is Satisfied

38.    Based on the above, this Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that Plaintiff's Complaint presents a case where the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

39.    Upon confirmation of filing and docketing, notice of this instant Notice of Removal will be given to all parties as well as to the Court of Common Pleas of Lackawanna County, Pennsylvania pursuant to 28 U.S.C. § 1446(d).

40.    The current action pending in the Court of Common Pleas of Lackawanna County, Pennsylvania is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania, and, for the reasons stated above, removal of this action to the Middle District of Pennsylvania is just and proper under the law.

41.    In filing this Notice of Removal, Defendants do not waive any affirmative defenses, nor should any statements in this Notice be construed as admissions to the allegations in Plaintiff's Complaint.

WHEREFORE, Defendants, U.S. Xpress Leasing, Inc., U.S. Xpress, Inc. d/b/a U.S. Xpress, U.S. Xpress Enterprises, Inc., and John M. Gachu, respectfully request that this case be removed from the Court of Common Pleas of Lackawanna County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

**PION, NERONE, GIRMAN & SMITH, P.C.**

Date:  April 10, 2026          By:  _____
                                         STEPHEN E. GEDULDIG, ESQUIRE
                                         Attorney I.D. No. 43530
                                         STEPHANIE HERSPERGER, ESQUIRE
                                         Attorney I.D. No. 78735

                                         **Attorneys for Defendants**

9

## CERTIFICATE OF SERVICE

I, Stephanie L. Hersperger, Esquire, of the law firm of Pion, Nerone, Girman & Smith, P.C., counsel for the Defendants, U.S. Xpress Leasing, Inc., U.S. Xpress, Inc. d/b/a U.S. Xpress, U.S. Xpress Enterprises, Inc., and John M. Gachu, hereby state that a true and correct copy of the foregoing *NOTICE OF REMOVAL* was served upon all parties via electronic mail, on this date as follows:

Melinda C. Ghilardi, Esquire
Munley Law PC
The Forum Plaza
227 Penn Avenue
Scranton, PA 18503
P: 570-346-7401; 484-658-3182
mghilardi@munley.com
cbirtel@munley.com
*Counsel for Plaintiff*

**PION, NERONE, GIRMAN
& SMITH, P.C.**

Date: April 10, 2026          By:  _____
                                   STEPHANIE L. HERSPERGER

10