**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| | : |
| THOMAS SMITH, on behalf of himself and others similarly situated, | : Case No. _____ |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| THE SHERWIN-WILLIAMS COMPANY, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Sherwin-Williams Company ("Defendant") notices the removal of this action from the Court of Common Pleas of Lebanon County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.  In support, Defendant states:

### <u>Introduction</u>

1.    On March 12, 2026, Plaintiff Thomas Smith ("Plaintiff"), on behalf of himself and others similarly situated, filed a complaint commencing an action in the Court of Common Pleas of Lebanon County, Pennsylvania, at Case No. 2026-cv-0398, against Defendant (the "Complaint"). A true and correct copy of the Complaint and case docket are attached as Exhibit A.

## Removal is Timely

2.      Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within thirty days after receipt by the defendant.  *Id.*

3.      The Complaint was served on Defendant on March 25, 2026.

4.      This Notice of Removal is being filed within 30 days of Defendant being served with the Complaint and, therefore, is timely.

## Venue is Proper in this Court

5.      Pursuant to 28 U.S.C. § 1441(a), venue is proper in "the district and division embracing the place where such action is pending."  *Id.*

6.      The United States District Court for the Middle District of Pennsylvania embraces Lebanon County.  *See* 28 U.S.C.  § 118(b).

7.      Therefore, venue is proper in this Court.  28 U.S.C.  §1441(a).

## This Court Has Original Jurisdiction

8.      This Court has original jurisdiction under 28 U.S.C. §1332(a), which provides: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . ." *Id.*; 28 U.S.C. §1441(a).

### There is Complete Diversity of Citizenship

9.      Plaintiff is a resident and citizen of Pennsylvania. *See* Complaint, ¶ 3.

10.    A "corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1).

11.    A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters. *See, e.g., Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

12.    Defendant The Sherwin-Williams Company is incorporated in Ohio and has its headquarters and principal place of business at 1 Sherwin Way, Cleveland, Ohio, 44115.

13.    Accordingly, the parties are "citizens of different states" and complete diversity exists between Plaintiff and Defendant.  *See* 28 U.S.C. §1332(c)(1).

### **The Amount in Controversy Exceeds $75,000**

14.    The Complaint does not state the amount that Plaintiff is seeking with respect to any of the identified categories of damages, nor does it state that the amount in controversy is less than $75,000. *See* Complaint, ¶¶ 1-30.

15.    The Civil Cover Sheet of the Complaint does, however, make clear that the minimum amount in controversy, exclusive of interests and costs, is more than $50,000. *See* Ex. A, p. 1 (noting that the case is outside of Lebanon County's arbitration limits). *See* Leb. Co. R. Civ. P. 52-1301 (citing Section 7361 of the

Pennsylvania Judicial code which provides that all civil actions in which the amount in controversy is $50,000 or less shall first be submitted to compulsory arbitration).

16.     To "determine whether the minimum jurisdictional amount has been met in a diversity case removed to a district court, a defendant's notice of removal serves the same function as the complaint would if filed in the district court." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

17.     A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

18.     In calculating the amount in controversy, attorneys' fees are included if they are recoverable under the applicable statute. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

19.     The Complaint asserts multiple claims, including a claim for alleged failure to pay overtime under the Pennsylvania Minimum Wage Act ("PMWA"). *See* Complaint, ¶¶ 21-26.

20.     The PMWA provides for the recovery of attorneys' fees. *See* 43 P.S. § 333.113 ("If any employee is paid by his or her employer less than [the amount required by the PMWA], such worker may recover in a civil action the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court").

21.    Plaintiff seeks the following categories of damages: (i) unpaid regular and overtime wages, (ii) prejudgment interest; and (iii) any costs and reasonable attorneys' fees as may be allowed by the Court. *See* Complaint, Prayer for Relief.

22.    Each of these categories of damages must be considered in determining the amount in controversy. *See Frederico*, 507 F.3d at 197.

23.    Based on the allegations in the Complaint and Plaintiff's rate of pay (approximately $31.49 per hour), it's plausible that Plaintiff's alleged damages for unpaid wages and prejudgment interest will exceed $10,000.

24.    Further, based on the allegations in the Complaint and the results in similar PMWA cases filed by Plaintiff's counsel, Plaintiff's attorneys' fees and costs alone are likely to exceed $75,000—much less $65,000.

25.    In a similar case filed by Plaintiff's counsel asserting overtime claims under the PMWA and Fair Labor Standards Act, the plaintiffs recovered $14,852 in unpaid wages and $76,067 in attorneys' fees and costs. Copies of the Parties' Stipulation regarding unpaid wages, Motion for Attorney's Fees and Costs, and Memorandum and Order are attached as Exhibit B.[1]

26.    Notably, the award of $76,067 in attorney's fees and costs was calculated using Plaintiff's counsel's March 2009 rates, which for Peter Winebrake was $350/hour. *Id.* at ECF No. 56, p. 11.  As of March 2026, Mr. Winebrake's rate had

---

[1] Plaintiff's counsel's actual attorneys' fees and costs of $107,274 were reduced to $76,067 for various reasons as outlined in the Court's Memorandum.  *Id.*

increased to $850/hour and the lowest rate for any attorney in his firm was $525/hour. *See* Exhibit C, p. 7-8.

27.    Applying a blended rate of $687.5/hour, Plaintiff's counsel would need to spend only 95 hours on Plaintiff's case to incur more than $65,000 in fees (or 110 hours to incur more than $75,000 in fees).

28.    Should the case proceed to trial, Plaintiff's counsel will most certainly be required to spend more than 110 hours on Plaintiff's individual claims.

29.    Thus, while Defendant denies any liability for unpaid wages, prejudgment interest, or attorneys' fees and costs, the foregoing reasonably establishes that the amount in controversy as to Plaintiff's individual claim exceeds $75,000.

30.    Accordingly, this Court has diversity jurisdiction over this action. *See* 28 U.S.C. §1332.

31.    Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal, with a Notice of the Filing of the Notice of the Removal, will be promptly filed with the Lebanon County Court of Common Pleas and a copy will be served on counsel for Plaintiff. A true and correct copy of the Notice of Filing of Notice of Removal is attached as Exhibit D.

WHEREFORE, Defendant removes this action from Lebanon County Court of Common Pleas (Case No. 2026-cv-0398) to this Court.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Richard L. Etter*

Richard L. Etter, Esq. (ID No. 92835)
One PPG Place, Suite 1900
Pittsburgh, PA 15222
412.394.3390 (Phone)
412.232.1799 (Fax)
rick.etter@ogletree.com

Lee E. Tankle, Esq. (ID No. 315783)
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2831 (Phone)
(215) 995-2801 (Fax)
lee.tankle@ogletree.com

Dated: April 14, 2026

*Attorneys for Defendant*
*The Sherwin-Williams Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below a true and correct copy of the foregoing Notice of Removal was electronically filed with the Clerk of Court via the Court's ECF filing system and served via e-mail on Plaintiff's attorneys at the following addresses:

Peter Winebrake
Winebrake & Santillo LLC
715 Twining Road, Suite 211
Dresher, PA 19025
pwinebrake@winebrakelaw.com

Jeremy E. Abay
Pond Lehocky Giordano LLP
2005 Market Street, 18th Floor
Philadelphia, PA 19103

/s/ Richard L. Etter
*Attorney for Defendant*

Dated: April 14, 2026