# EXHIBIT A

# PROTHONOTARY OF LEBANON COUNTY



**Barbara A. Smith**
*Prothonotary*

**Ian M. Ehrgood**
*Solicitor*

**Cassidy L. Kleinfelter**
*First Deputy*

**Juliemar R. LaBarbera**
*Second Deputy*

| THOMAS SMITH VS THE SHERWIN-WILLIAMS COMPANY | CASE NUMBER 2026-CV-0398 |
|---|---|

## Case Participants

**Plaintiff**

THOMAS SMITH

**Defendant**

THE SHERWIN-WILLIAMS COMPANY
1 SHERWIN WAY
CLEVELAND, OH 44113

**Attorney**

PETER WINEBRAKE

WINEBRAKE & SANTIAGO, LLC
715 TWINING ROAD
SUITE 211
DRESHER, PA 19025
215-884-2491

**Attorney**

JEREMY E ABAY

POND LEHOCKY GIORDANO LLP
2005 MARKET STREET
18TH FLOOR
PHILADELPHIA, PA 19103
215-568-7500

## Attorney Relationships

| **Attorney** | **Plaintiff** |
|---|---|
| PETER WINEBRAKE | THOMAS SMITH |
| **Attorney** | **Plaintiff** |
| JEREMY E ABAY | THOMAS SMITH |

## Prothonotary Docket Entries

| Entry | Pages |
|---|---|
| 04/07/2026 01:45 PM RETURN OF SERVICE, FILED. | 1 |
| 03/12/2026 02:55 PM COMPLAINT IN CIVIL ACTION LAW FILED. | 11 |
| **Total Number of Pages:** | **12** |

(c) CountySuite Prothonotary, Teleosoft, Inc.

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

**LEBANON** _____ County

ORIGINAL

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: **2026-CV-0398** | ENTERED & FILED PROTHONOTARY OFFICE LEBANON PA |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

2026 MAR 12 P 2: 55

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: **THOMAS SMITH**

Lead Defendant's Name: **THE SHERWIN-WILLIAMS COMPANY**

**Are money damages requested?** [X] Yes [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a *Class Action Suit*?** [X] Yes [ ] No

**Is this an *MDJ Appeal*?** [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: **PETER WINEBRAKE / JEREMY E. ABAY**

- [ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (*does not include mass tort*)
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- _____
- _____
- [ ] Employment Dispute: Discrimination
- [X] Employment Dispute: Other **UNPAID WAGES**
- _____
- [ ] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- _____
- _____
- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS
OF LEBANON COUNTY, PENNSYLVANIA

ENTERED & FILED
PROTHONOTARY OFFICE
LEBANON, PA

2026 MAR 12 P 2: 55

| | | |
|---|---|---|
| THOMAS SMITH, on behalf of himself and others similarly situated, | : | Case No. 2026-CV-0398 |
| Plaintiff, | : | CLASS ACTION |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| THE SHERWIN-WILLIAMS COMPANY, | : | |
| Defendant. | : | |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**MidPenn Legal Services**
**513 Chestnut Street**
**Lebanon, PA 17042**
**(717) 274-2834**

Peter Winebrake (80496)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

*Plaintiff's Counsel*

IN THE COURT OF COMMON PLEAS
OF LEBANON COUNTY, PENNSYLVANIA

ENTERED & FILED
PROTHONOTARY OFFICE
LEBANON, PA

2026 MAR 12  P 2: 55

| | |
|---|---|
| THOMAS SMITH, on behalf of himself and others similarly situated,<br><br>                Plaintiff,<br><br>    v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>                Defendant. | Case No. _____<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT – CLASS ACTION

Thomas Smith ("Plaintiff") brings this class action lawsuit against The Sherwin-Williams Company ("Defendant"), seeking all available relief under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and the Pennsylvania doctrine of unjust enrichment. As indicated herein, Plaintiff asserts that Defendant has failed to pay him and other employees for all legally compensable hours worked at Defendant's Fredericksburg, PA distribution center.

## JURISDICTION AND VENUE

1. This Court has personal jurisdiction over Defendant.

2. Venue in this Court is proper under Pennsylvania Rules of Civil Procedure 1006 and 2179 because, *inter alia*, the distribution center at which Plaintiff and the class members worked is located in Lebanon County.

## PARTIES

3. Plaintiff resides in Hamburg, PA (Berks County).

4. Defendant is a corporate entity headquartered at 1 Sherwin Way, Cleveland, OH 44113.

## FACTS

5.      Defendant, according to its most recent Annual Report, "is engaged in the development, manufacture, distribution and sale of paint, coatings and related products to professional, industrial, commercial and retail customers." Defendant's distribution operations include an approximately 1 million-square-foot distribution center that is located in Fredericksburg, PA and used for the storage and distribution of Defendant's paints and other products. This facility, which we'll refer to as the "Fredericksburg distribution center," is located at or around 220 Sherwin-Williams Drive, Fredericksburg, PA 17026.

6.      Defendant employs individuals who work at the Fredericksburg distribution center and are paid an hourly wage. Such individuals are referred to as **"class members"** if they worked at the Fredericksburg distribution center during any time since March 11, 2022. *See ¶ 12 infra.* Moreover, the time period after March 11, 2022 is referred to as the **"class period."**

7.      Defendant employed Plaintiff at the Fredericksburg distribution center and paid him an hourly wage from around August 2021 until around October 2025.

8.      Plaintiff, like other class members, often worked over 40 hours per week. For example, Plaintiff was credited with working 44 hours during the week ending June 28, 2025.

9.      During each workday, Defendant generally starts paying Plaintiff and other class members based on scheduled start-times applicable to the class member's shift.

10.     Plaintiff and other class members are required to complete various activities inside the Fredericksburg distribution center *prior to* the scheduled start-time. Such activities include, for example: badging-in at the distribution center entrance; walking to time-clocks located near the break-room; waiting at the time-clocks; walking to an area – commonly referred to as "the shack" – where electronic scanning devices are stored; obtaining scanning devices and

2

ensuring that such devices are charged; obtaining forklifts, pickers, or high-lifts and ensuring that such equipment is charged; traveling to "kick-off meetings." Because these activities generally arise prior to the scheduled start time, Plaintiff and other class members do not receive any wages for the time associated with such activities.

11.     Plaintiff does not currently know how Defendant determines when he and other class members stop getting paid. However, Plaintiff is certain that class members stop getting paid *before* they reach the distribution center exit. *If* class members stop getting paid when they are excused from their job assignment, then they are not paid for required activities such as, for example: returning forklifts, pickers, or high-lifts and ensuring that such equipment is connected for charging; walking to "the shack" and returning scanning devices; walking to time-clocks located near the break-room; waiting at the time-clocks; and walking to the distribution center exit. *If* class members stop getting paid at a scheduled end-time, then they are not paid for any such required activities arising after the scheduled end-time. *If* class members stop getting paid based on non-rounded clock-out times, then then they are not paid for any such required activities arising after the actual clock-out time. Finally, *if* class members stop getting paid based on rounded clock-out times, then they are not paid for any such required activities arising after the rounded clock-out times.

## CLASS ALLEGATIONS

12.     Plaintiff brings this lawsuit as a class action on behalf of all individuals employed by Defendant at the Fredericksburg distribution center and paid an hourly wage during any time since March 11, 2022.[1]

---

[1]  Although a three-year limitations period applies to Plaintiff's PMWA claim, *see Garcia v. Vertical Screen, Inc.*, 580 F. Supp. 3d 79, 91 n.7 (E.D. Pa. 2022), a four-year limitations period

13.     This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.[2] Class action treatment of Plaintiff's claims is appropriate because, as alleged below, all of Pennsylvania's class action requisites are satisfied.

14.     The class includes individuals who are readily ascertainable based on standard business records and are so numerous that joinder of all class members is impracticable.

15.     Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

16.     Plaintiff and his lawyers will fairly and adequately represent the class members and their interests because, *inter alia,* (a) Plaintiff is represented by experienced counsel who are prepared to vigorously and competently litigate this action on behalf of the class; (b) Plaintiff and his counsel are free of any conflicts of interest that prevent Plaintiff from pursuing this action on behalf of the class; and (c) Plaintiff and his counsel have adequate financial resources to assure that the interests of the class will not be harmed.

17.     Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common compensation practices, as described herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

---

applies to his unjust enrichment claim, *see Spolar v. Spolar Family Trust,* 326 A.3d 995, 1002 (Pa. Super. 2024). Thus, the class period extends backwards to March 11, 2022.

[2] Pennsylvania courts have certified other class action lawsuits alleging that defendants violated the PMWA by failing to pay workers for time associated with walking and other activities arising at the beginning and end of the workday. *See, e.g., Malone v. United Parcel Service, Inc.,* 2025 U.S. Dist. LEXIS 257208 (E.D. Pa. Dec. 12, 2025); *Villa v. Cargill Meat Solutions Corp.,* 2024 U.S. Dist. LEXIS 180090 (M.D. Pa. Oct. 2, 2024); *Davis v. Target Corp.,* 2023 U.S. Dist. LEXIS 214818 (E.D. Pa. Dec. 1, 2023); *Daugherty v. F&L United, LLC,* 2023 Pa. Dist. & Cnty. Dec. LEXIS 15 (Pa. Ct. Com. Pl., Beaver Cty. March 1, 2023).

4

18.     A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*, the common questions of law and fact predominate over any questions affecting Plaintiff or any individual class member; the monetary damages sought are readily calculable and attributable to class members; and class litigation protects against the risk of inconsistent or varying adjudications that might result if individual class members pursued individual actions in multiple courthouses.

19.     Because the alleged legal violations arose in Lebanon County, this Court is an appropriate forum for litigating of the claims of the entire class.

20.     The complexities of the issues and the expense of litigating separate claims of individual class members weigh in favor of class certification.  For example, in the instant action, Plaintiff will seek and present evidence concerning Defendant's common compensation policies and practices.  The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive.  The class action device, when compared to multiple proceedings, presents fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency.  Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Defendant.

## COUNT I - PMWA

21.     All previous paragraphs are incorporated as though fully set forth herein.

22.     Defendant is an employer covered by the PMWA's mandates.

23.    Plaintiff and the class members are employees entitled to the PMWA's protections.

24.    The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a). Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 204 (Pa. 2021). As such, time associated with the mandatory pre-shift and post-shift activities referenced at paragraphs 10-11 is compensable under the PMWA. *See, e.g., Davis v. Target Corp.*, 767 F. Supp. 3d 185 (E.D. Pa. 2025) (granting summary judgment in favor of warehouse workers seeking PMWA wages for time associated with walking to and from job assignments at beginning and end of workday).[3]

25.    The PMWA also requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 per week. *See* 43 P.S. § 333.104(c).

26.    Defendant violated the PMWA by failing to pay Plaintiff and other class members overtime wages for time associated with the pre-shift and post-shift activities referenced at paragraphs 10-11.

## <u>COUNT II – UNJUST ENRICHMENT</u>

27.    All previous paragraphs are incorporated as though fully set forth herein.

28.    Under Pennsylvania common law, a claim for unjust enrichment is established

---

[3] This Court previously handled a similar PMWA class action lawsuit in *Ventura v. Farmers Pride, Inc.*, Case No. 2023-00836 (Pa. Com. Pl., Lebanon Cty.) (Charles, J.).

6

where economic benefits have been conferred upon and appreciated by the defendant "under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, PC*, 179 A.3d 1093, 1102 (Pa. 2018).

29.     By engaging in the mandatory pre-shift and post-shift activities referenced at paragraphs 10-11 without compensation, Plaintiff and other class members have conferred an economic benefit upon Defendant.  Moreover, Defendant, having avoided the payment of wages for such activities, has appreciated such economic benefit.

30.     Where, as here, Plaintiff and other class members have been denied wages for "all hours worked" in violation of the PMWA's statutory mandate as interpreted by the Supreme Court in *Heimbach, supra*, it is inequitable and unjust for Defendant to retain the benefits of such labor without paying any wages. *See, e.g., Connelly v. Amazon.com Services, LLC*, 2025 U.S. Dist. LEXIS 38050, *49-51 (E.D. Pa. Mar. 4, 2025) (unjust enrichment claim predicated on employer's statutory failure to pay for all "hours worked" under PMWA); *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 969-70 (Pa. Super. 2009) (same).

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the class, seeks the following relief: (i) unpaid regular and overtime wages; (ii) prejudgment interest; and (iii) any costs and

reasonable attorneys' fees as may be allowed by the Court.

Date: March 11, 2026

Respectfully submitted,

Peter Winebrake (80496)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

Jeremy E. Abay (316730)
Pond Lehocky Giordano LLP
2005 Market Street, 18th Floor
Philadelphia, PA 19103
(215) 568-7500
jabay@pondlehocky.com

8

Vinesign Document ID: B6634225-D2E0-4E79-8BC1-A100FF39D2C6

## VERIFICATION

I, THOMAS SMITH, hereby state:

1.    I am a plaintiff in this action;

2.    I verify that the statements made in the accompanying complaint are true and correct to the best of my knowledge information and belief; and

3.    I understand that the statements in the complaint are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Dated: ___03/11/2026___          _____
                                 SIGNATURE – THOMAS SMITH

The signed document can be validated at https://app.vinesign.com/Verify

# PROTHONOTARY OF LEBANON COUNTY

**Barbara A. Smith**
*Prothonotary*

**Cassidy L. Kleinfelter**
*First Deputy*



**Ian M. Ehrgood**
*Solicitor*

**Juliemar R. LaBarbera**
*Second Deputy*

| THOMAS SMITH VS THE SHERWIN-WILLIAMS COMPANY | CASE NUMBER 2026-CV-0398 |
|---|---|

## Case Participants

**Plaintiff**
THOMAS SMITH

**Defendant**
THE SHERWIN-WILLIAMS COMPANY
1 SHERWIN WAY
CLEVELAND, OH 44113

**Attorney**
PETER WINEBRAKE
WINEBRAKE & SANTIAGO, LLC
715 TWINING ROAD
SUITE 211
DRESHER, PA 19025
215-884-2491

**Attorney**
JEREMY E ABAY
POND LEHOCKY GIORDANO LLP
2005 MARKET STREET
18TH FLOOR
PHILADELPHIA, PA 19103
215-568-7500

## Attorney Relationships

| **Attorney** | **Plaintiff** |
|---|---|
| PETER WINEBRAKE | THOMAS SMITH |
| **Attorney** | **Plaintiff** |
| JEREMY E ABAY | THOMAS SMITH |

## Prothonotary Docket Entries

| Entry | Pages |
|---|---|
| 04/07/2026 01:45 PM RETURN OF SERVICE, FILED. | 1 |
| 03/12/2026 02:55 PM COMPLAINT IN CIVIL ACTION LAW FILED. | 11 |
| **Total Number of Pages:** | **12** |

Case Number: 2026-CV-0398

Printed By:

(c) CountySuite Prothonotary, Teleosoft, Inc.