IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

KIARA MORAVEC

       Plaintiff,

  v.                              No.

SCHAEDLER YESCO                    JURY TRIAL DEMANDED
DISTRIBUTION, INC.

       Defendant.

_____

## **COMPLAINT**

Plaintiff Kiara Moravec files this Complaint against Defendant Schaedler Yesco Distribution, Inc., and in support thereof avers as follows:

### **Nature of Claim**

1. Plaintiff's Complaint concerns violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U. S. C. §2000e, et. seq. ("Title VII").

2. Plaintiff requests a trial by jury of the claims raised herein.

### **Jurisdiction and Venue**

3. The jurisdiction of this Court is based upon 28 U.S.C. §1331, in that this Court has original jurisdiction over Count I, which is based upon a law of the United States of America.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §1392(b) in that Defendant have ongoing business operations in this District and a substantial part of the events giving rise to the claim occurred in this District.

5. The amount in controversy exceeds $150,000.00 over the remaining lifetime of Plaintiff, exclusive of interest and costs.

6. Plaintiff has complied with the applicable administrative remedies by first filing a Charge with the Equal Employment Opportunity Commission ("EEOC") on December 22, 2025, Charge no. 530-2026-02198, and simultaneously filing a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), Case no. 202505272.

7. On February 28, 2026, the EEOC issued a Dismissal and Notice of Right to Sue, permitting Plaintiff to file her Title VII claim in this action.

8. Upon receipt of applicable authority from the PHRC Plaintiff intends to amend this Complaint and assert a cause of action for retaliation in violation of the Pennsylvania Human Relations Act, 43 P. S. §955(a) ("PHRA").

## Parties

9. Plaintiff Kiara Moravec ("Moravec") is an adult individual who resides at 4 Richland Lane, Unit 101, Camp Hill, PA 17011.

10.    Defendant Schaedler Yesco Distribution, Inc. ("Schaedler"), is a Pennsylvania corporation that maintains a principal place of business at 5000 Louise Drive, Mechanicsburg, PA 17055.

11.    At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority in the course of their employment and under the direct control of Defendant.

### Factual Background

12.    On June 17, 2025, Moravec commenced employment with Schaedler as a Warehouse Management Software (WMS) Analyst working, at Schaedler's central distribution center located in Harrisburg, PA.

13.    Schaedler, which has over 480 employees, provides complete connection solutions for the electric industry and has 29 locations throughout Pennsylvania, Ohio, and New York.

14.    Shortly after commencing employment Moravec became a Business Process Specialist, paid an annual salary of $85,000.00, plus employment benefits, and her work location was transferred to Schaedler's corporate office in Mechanicsburg, PA.

15.    Schaedler has a policy whereby new employees are provided with a 90 Day Office Worker Performance Review ("90 Day Review") to assess their performance during the first three months of employment.

16.    On October 9, 2025, Vince Liberto ("Liberto"), Executive Vice President of Operations, completed Moravec's 90 Day Review and provided Moravec with a copy.

17.    In Moravec's 90 Day Review she received an overall rating of "Meets Expectations," and "Meets Expectations" ratings in all seven review categories (Quality, Productivity/Time Management/Organization, Job Knowledge, Communications & Interpersonal Skills - Office Staff, Initiation/Creativity, Professionalism & Ethical Conduct, and Adaptability and Problem-Solving).

18.    At no time after October 9, 2025 was Moravec ever advised that she was not satisfactorily performing her duties.

### ***Executive Vice President of Operations Liberto's Discriminatory Comments***

19.    On October 9, 2025, Moravec participated in an internal Avalon Project meeting, via Teams remote video that was attended by several Schaedler executives, including Executive Vice President of Operations Liberto,; Greg Schaedler, Chief Executive Officer; Farrah Mittel ("Mittel"), President; Dave Davis, Chief Financial Officer; Jim Crabtree, Internal Consultant; and several other employees who had management and analyst responsibilities.

20.    Schaedler electronically records all project meetings (internal and external) at the initiation of Executive Vice President of Operations Liberto.

21.     During the October 9, 2025 meeting, Executive Vice President of Operations Liberto referenced a contractor that worked for Schaedler in Israel, and said, "We can't have delays in the project based on one person that's, you know, unavailable because they live in Israel. They got all these Jewish holidays, whatever. We have to keep the momentum moving, right?"

22.     Once week later, on October 16, 2025, there was another Avalon Project Meeting. During the meeting, Executive Vice President of Operations Liberto again referenced the contractor working for Schaedler in Israel, complaining about the lack of work that was being done and he said, "He lives in Israel and we are in the middle of all these Jewish holidays." The same participants in the October 9, 2025 meeting attended the meeting.

### ***Moravec's Report of Liberto's Discriminatory Comments***

23.     Schaedler maintains a Harassment Policy that provides:

> Schaedler Yesco Distribution is committed to a workplace free of discrimination and harassment based on race, color, **religion,** age, sex, **national origin**, disability, status as a veteran, or any other protected status. Offensive or harassing behavior will not be tolerated against any employee. This policy covers vendors, customers, or others who enter our workplace, as well as all employees. Managerial personnel are responsible for taking proper action to end such behavior in the workplace (emphasis added).

*************************

> Offensive conduct or harassment of a sexual nature, or based on race, color, **religion**, age, sex, **national origin**, disability, status as a veteran or any protected status is prohibited. This may include, but is not limited to:
> - Offensive physical actions, written or spoken, and graphic communication (for example, obscene hand or finger gestures or sexually explicit drawing).
> - Any type of physical contact when the action is unwelcome by recipient (for example, brushing up against someone in an offensive manner).
> - Expectations, requests, demands or pressure for sexual favors.
> - Slurs, jokes, posters, cartoons, and gestures that are offensive.

(emphasis added)

24.     Schaedler maintains a Non-Discrimination Policy that provides, "Any complaints about discriminatory conduct should be brought to the attention of Human Resources, and there will be no retaliation for making such claims."

25.     Following the October 16, 2025 meeting, Moravec believed that Executive Vice President of Operations Liberto was making derogatory comments about the religion of Judaism, residents of Israel, and Jewish holidays.

26.     Pursuant to Schaedler's Non-Discrimination Policy, Moravec spoke to Emily Schaffer ("Schaffer"), Director of Human Resources, to make a formal complaint about Liberto's conduct. Moravec stated that she believes it was inappropriate to single a person out during a company meeting due to their religion and national origin.

6

27.    Schaffer responded to Moravec by stating, "Well, my husband is Jewish and I don't find that offensive."

28.    Schaffer then advised Moravec that she would conduct an investigation.

29.    Moravec followed up with Schaffer in writing, indicating she believed that the comments referencing an individual's religion and national origin constitute discrimination.

### *Schaedler's Termination of Moravec's Employment*

30.    Two weeks later, on October 30, 2025, Moravec was called to a meeting with Director of Human Resources Schaffer and President Mittell.

31.    At the meeting with Schaffer and Mittell, Moravec was advised that her report of antisemitic comments was investigated, that the comments were determined to be, "not malicious," and "factually-based", thus, her report was false, and Moravec's employment was terminated, effective immediately, for making a false report.

32.    Following the meeting Moravec received a termination letter from Schaedler, which advised Moravec that her employment was terminated as of October 30, 2025, for "False Accusations and Negative Behavior."

33.    Prior to being terminated Moravec was never advised that she had "Negative Behavior."

34. Moravec did not engage in "Negative Behavior."

35. Schaedler's proffered reason for terminating Moravec is pretextual and false.

36. Schaedler retaliated against Moravec for making a good-faith complaint of what she reasonably believed was religious and national original discrimination in the workplace.

37. Moravec has experienced considerable financial damage and emotional distress as a direct result of Defendant's actions.

38. Defendant's actions have been willful and outrageous in that the motives and conduct as set forth above are malicious, wanton, reckless and oppressive.

## <u>COUNT I</u>

### VIOLATION OF TITLE VII, 42 U.S.C. §2000e-2, et. seq.

### 29 U. S. C. § 621, et. seq.

### RETALIATION

39. Paragraphs 1 through 38 are incorporated herein by reference as though set forth in full.

40. Moravec reasonably believed that Executive Vice President of Operations Liberto was making derogatory comments about the religion of

Judaism, residents of Israel, and Jewish holidays in his comments on October 9, 2025 and October 16, 2025.

41.    Moravec engaged in protected activity under Title VII on October 16, 2025, when pursuant to Schaedler's Non-Discrimination Policy, she spoke to Director of Human Resources Schaffer to make a formal complaint about Liberto's conduct, noting that she believes it was inappropriate to single a person out during a company meeting due to their religion and national origin.

42.    Schaedler's decision to terminate Moravec constitutes retaliation against Moravec for reporting conduct which she reasonably believed to be religion and national origin discrimination.

43.    As a direct result of the aforesaid unlawful retaliation, Moravec has sustained permanent and irreparable harm.

44.    Schaedler's actions towards Moravec were arbitrary and capricious, and based on a discriminatory animus towards employees who complain about discrimination at the workplace.

45.    Schaedler's conduct is per se unlawful retaliation.

WHEREFORE, Plaintiff Kiara Moravec requests that this Court enter judgment in her favor, and against Defendant Schaedler Yesco Distribution, Inc., and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate the enactments of the federal legislature, award

Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses that she has been denied, including back pay, front pay, compensatory damages, punitive damages, reasonable attorneys' fees, expert witness fees, costs, pre-judgment interest, and any other relief that the Court deems appropriate.

/S/ Andrew S. Abramson, Esq.

_____

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742

Attorney for Plaintiff Kiara Moravec

Dated: April 15, 2026