UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Oscar Coward | : |
| 815 S. 12th Street | :          #_____ |
| Lebanon, PA 17042 | : |
| Plaintiff | : |
| v. | : |
| Jeffrey L. Hall | : |
| 103 Main Street, Apt. A | : |
| Little Valley, NY 14755 | : |
| And | : |
| Morgan Lewis LLC | : |
| 159 Central Chapel Road | : |
| Brooktondale, NY 14817 | : |
| Defendants | : |

## COMPLAINT

### PARTIES

1.      Plaintiff, Oscar Coward ("Plaintiff"), is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Upon information and belief, Defendant, Jeffrey L. Hall ("Hall"), is a resident of the State of New York, residing at the New York address listed in the caption of this Complaint.

3.      Defendant, Morgan Lewis LLC ("Morgan Lewis") is a corporate entity incorporated in the State of New York, with a principal place of business at the New York address listed in the caption of this Complaint.

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over the parties and subject matter of this Civil Action pursuant to 28 U.S.C. §1332(a)(1), in that Plaintiff is a citizen of Pennsylvania while both Defendants are citizens of New York -- i.e., the parties are citizens of different states -- and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in

that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred.

## FACTS

6. On or about February 13, 2025, at approximately 7:24 p.m., Plaintiff was the owner and operator of a motor vehicle traveling north on I-81 in the right lane, at or near mile marker 73.6 in Harrisburg, PA.

7. At or about the same date and time, Hall was the operator of a multi-ton commercial tractor trailer owned, rented, leased, and/or otherwise under the control of and entrusted to him by Morgan Lewis (the "Subject Tractor Trailer").

8. Upon information and belief, the Subject Tractor Trailer bore the logo and business name of Morgan Lewis and was being used for its business purpose(s).

9. At or about the same date and time, Hall was driving the Subject Tractor Trailer in the left lane near the aforesaid location of Plaintiff's vehicle, when he suddenly and without warning improperly merged into Plaintiff's lane of travel, and crashed into Plaintiff's vehicle.

10. At all times relevant hereto, including the time of the subject crash, Hall was an agent, employee, and/or servant of Morgan Lewis and was operating the Subject Tractor Trailer in the course and scope of his agency and/or employment with said Defendant.

11. Upon information and belief, in proceeding to strike Plaintiff's vehicle, Hall failed to perform a proper lane change, failed to maintain adequate space from surrounding traffic, failed to pay adequate attention to his surroundings, failed to ensure traffic was clear, was in a hurry, and/or was simply fatigued and/or distracted.

12. The collective and individual acts, omissions, and failures detailed above and further below on the part of the named Defendants were careless and negligent.

13. The subject crash was proximately caused by the carelessness and/or negligence

2

of the named Defendants, and not the result of any action or failure to act by Plaintiff.

14.     As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the named Defendants, Plaintiff has sustained serious permanent personal injuries and damages, including a lumbar herniation which necessitated extensive treatment including radiofrequency ablation.

### <u>COUNT I</u>
**Oscar Coward v. Jeffrey L. Hall**
**Personal Injury—Negligence**

15.     Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

16.     The negligence and/or carelessness of Defendant Hall, which was a proximate cause of the subject crash and the resultant injuries and damages suffered by Plaintiff, included the following actions/inactions:

   a.   Failure to exercise ordinary care to avoid a crash;

   b.   Operating the Subject Tractor Trailer without regard for the rights or safety of Plaintiff, and in such a manner as to improperly merge lanes and strike Plaintiff's vehicle;

   c.   Failing to keep a proper lookout for surrounding vehicular traffic;

   d.   Failing to perform a safe and proper lane change;

   e.   Failing to adequately, sufficiently, and properly clear traffic to ensure it was safe to continue proceeding forward and with his intended lane change;

   f.   Failing to yield the right of way to vehicular traffic established in the adjoining lane, specifically Plaintiff's vehicle;

   g.   Failing to maintain proper distance between vehicles;

   h.   Failing to have the Subject Tractor Trailer under proper and adequate control;

   i.   Operating the Subject Tractor Trailer at a rate of speed that was dangerous and excessive for conditions;

j.   Failure to apply his brakes earlier to stop the Subject Tractor Trailer to avoid the subject crash;

k.   Being inattentive to his duties as the operator of the Subject Tractor Trailer;

l.   Failing to remain continually alert while operating the Subject Tractor Trailer;

m.   Failing to perceive the highly apparent danger to motorists like Plaintiff, which his actions and/or inactions posed;

n.   Failing to be highly vigilant and maintain sufficient control of the Subject Tractor Trailer and bring it to a stop;

o.   Operating the Subject Tractor Trailer with disregard for the rights of Plaintiff, even though he was aware, or should have been aware, of the presence of Plaintiff and the threat of harm posed to him;

p.   Continuing to operate the Subject Tractor Trailer in a direction towards Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence should have seen, that further operation in that direction would result in a crash;

q.   Failing to give Plaintiff meaningful warning signs concerning the impending crash;

r.   Failing to exercise and adhere to proper safe and defensive driving practices as set forth in his driver training and/or required by applicable state and/or Federal Motor Carrier Safety Regulations;

s.   Driving while above the hours of service allotted by applicable state and Federal Motor Carrier Regulations and/or otherwise fatigued;

t.   Driving while distracted; and/or

u.   Failing to operate said tractor trailer in a compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles, specifically, violations of Pennsylvania Vehicle Code Sections 3303, 3304, 3309, 3310, 3311, 3361 and/or 3714.

17.   As a direct and proximate result of the negligent and/or careless conduct of Defendant Hall, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and other ills and injuries, including a lumbar herniation which necessitated extensive treatment including radiofrequency ablation, all to Plaintiff's great

4

loss and detriment.

18.     As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

19.     As an additional result of the carelessness and/or negligence of Defendant Hall, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

20.     As a direct result of the carelessness and/or negligence of Defendant, Plaintiff suffered damage to his personal property, including the motor vehicle he was operating at the time of the subject crash, and related expenses including, but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

21.     As a further result of Plaintiff's injuries, Plaintiff has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

22.     Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Oscar Coward, prays for judgment in his favor and against Defendant, Jeffrey L. Hall, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

## COUNT II
## Oscar Coward v. Morgan Lewis LLC
### Negligent Hiring, Retention, Training, Supervision, and Entrustment

23.    Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

24.    The carelessness and/or negligence of Defendant Morgan Lewis, which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

a.    Hiring, retaining, and permitting Hall to operate the Subject Tractor Trailer without properly and adequately qualifying him consistent with industry custom and applicable regulations;

b.    Hiring, retaining, and permitting Hall to operate the Subject Tractor Trailer without first conducting a proper and adequate background check to ascertain whether or not he was competent and fit to properly and safely operate a tractor trailer;

c.    Failing to provide proper, adequate, ongoing and remedial training to Hall consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his surroundings, maintaining a safe distance from traffic, and performing proper lane changes;

d.    Failing to take proper and adequate measures to prevent Defendant Hall from endangering the motoring public, specifically including Plaintiff, by failing to: pay proper attention to his surroundings while driving; maintain a safe distance from surrounding traffic; and/or perform a proper lane change;

e.    Retaining and permitting Defendant Hall to operate the Subject Tractor Trailer when Defendant Morgan Lewis knew, or in the exercise of due care and diligence should have known, by and through his prior unsafe and/or substandard driving conduct during his tenure as agent/employee of Morgan Lewis that Hall was incompetent and/or unfit to drive a tractor trailer, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

f.    Failing to properly and adequately train, monitor and/or supervise Hall to ensure he would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code and applicable regulations;

g.    Failing to properly and adequately train, monitor, and/or supervise Defendant Hall to ensure he could manage collision-free encounters with motorists like Plaintiff; and

h.    Failing to warn Plaintiff that it knew, or in the existence of due care and diligence

6

should have known, that he would be exposed to Hall's negligent/careless driving.

25.    As a direct and proximate result of the negligent and/or careless conduct of Defendant Morgan Lewis, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and other ills and injuries, including a lumbar herniation which necessitated extensive treatment including radiofrequency ablation.

26.    As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

27.    As an additional result of the carelessness and/or negligence of Defendant Morgan Lewis, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

28.    As a direct result of the carelessness and/or negligence of Defendant, Plaintiff suffered damage to his personal property, including the motor vehicle he was operating at the time of the subject crash, and related expenses including, but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

29.    As a further result of Plaintiff's injuries, Plaintiff has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

30.    Finally, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 *et. seq.*, as amended, for which

he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Oscar Coward, prays for judgment in his favor and against Defendant Morgan Lewis LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

### COUNT III
### Oscar Coward v. Morgan Lewis LLC
### Respondeat Superior

31.   Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

32.   The negligence and/or carelessness on the part of Defendant Hall, detailed in Count I, above, occurred while Hall was acting at all relevant times within the course and scope of his agency and/or employment with Morgan Lewis, and was the direct and proximate cause of the subject crash and Plaintiff's proximately resulting injuries and damages.

33.   As such, Defendant Morgan Lewis is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of Defendant Hall in causing the subject crash and Plaintiff's proximately resulting injuries and damages.

WHEREFORE, Plaintiff, Oscar Coward, prays for judgment in his favor and against Defendant Morgan Lewis LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**SIMON & SIMON, P.C.**

BY: _____

Roman Galas, Esquire
Attorney ID: 207093
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666
RomanGalas@gosimon.com
*Attorneys for Plaintiff(s)*

8