IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK ALLEN, | : | |
| | : | |
| Plaintiff | : | Civil Action No. |
| v. | : | |
| | : | |
| J. B. HUNT TRANSPORT, INC., | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant | : | |

## COMPLAINT

## PARTIES

1.    Plaintiff, Frank Allen a/k/a Franklin Allen ("Mr. Allen" or "Plaintiff"), currently resides at 2416 Clayton Avenue, Harrisburg, Dauphin County, Pennsylvania 17109.

2.    Defendant, J. B. Hunt Transport, Inc. ("J. B. Hunt" or "Defendant"), is a Georgia corporation doing business in Pennsylvania with its place of business located at 2367 Sycamore Street, Harrisburg, Dauphin County, Pennsylvania 17111.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action because Mr. Allen's claims arise under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000(e) *et seq*. ("Title VII").

4.      This is a civil action involving claims in excess of $75,000, exclusive of interest and costs.   Jurisdiction is based on 28 U.S.C. §1331 (federal question).

5.      Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Mr. Allen's state-law claims under the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §951 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. C.S. §260.1 *et seq.*

6.      Mr. Allen exhausted his administrative remedies by filing a complaint against Defendant with the Pennsylvania Human Relations Commission at PHRC Case No. 202401618, which was dual filed with the Equal Employment Opportunity Commission ("EEOC") at Charge No. 17F-2025-60433.

7.      The EEOC issued a right-to-sue notice to Mr. Allen fewer than 90 days before his filing of this Complaint.

8.      Venue over this action lies with the United States District Court for the Middle District of Pennsylvania.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.      On September 23, 2014, Mr. Allen began his employment with Defendant as a Local Intermodal Driver.

10.      At all relevant times, Mr. Allen was a member of at least two protected classes including:   race (African American) and color (Black).

11.     Mr. Allen, a highly qualified employee, had no record of any accident or citation during his lengthy career as a tractor-trailer driver.

12.     During his 10-year employment with Defendant, Mr. Allen performed his work at a superior level.

13.     In the early morning of October 15, 2024, Allen completed his regular midnight shift.

14.     Since the truck he was driving needed repairs, Mr. Allen returned that truck to Defendant and was assigned another vehicle.

15.     At the conclusion of his midnight shift on October 15, 2024, Mr. Allen drove his newly assigned truck (with a trailer) to its drop location at the auxiliary Harrisburg Rail Yard.

16.     Defendant knew the rail yard's lot was in deplorable condition including potholes and an uneven road surface.

17.     While Mr. Allen was backing up and parking the tractor-trailer over the uneven surface, the trailer leaned toward another trailer that had been parked.

18.     To avoid the trailer's striking the parked trailer, Mr. Allen applied his brakes, which triggered a video recorded by Defendant's Lytx camera system.

19.     At the end of his shift that night, Mr. Allen performed an inspection and verified that there was no damage to either the vehicle, the trailer, or the previously parked trailer.

20.    On October 15, 2024, Defendant's Senior Operations Manager, Jared Tracey, informed Mr. Allen not to report for his midnight shift later that day.

21.    Defendant placed Mr. Allen out of service based on their review of the video footage generated by Mr. Allen's applying the brake while parking at the conclusion of his shift on October 15, 2024.

22.    On October 18, 2024, Defendant reviewed the video of the incident in question.

23.    On October 18, 2024, Mr. Allen reported to work after being out of service.

24.    On October 18, 2024, Mr. Allen attended a meeting with Senior Operations Manager, Jared Tracey, and Regional Safety Manager, Christopher Dazsi.

25.    The participants reviewed the video of Mr. Allen's backing into his parking spot at the rail yard on October 15, 2024.

26.    Mr. Allen's Supervisor and the Safety Manager were not invited to the meeting.

27.    During the meeting, Mr. Tracey asserted that Mr. Allen had violated Defendant's policy by failing to report his trailer purportedly striking the other trailer.

28. On October 18, 2024, Mr. Allen called Defendant's Claims Officer/Supervisor of Claims (name currently unknown), who viewed the video.

29. Defendant's Claims Officer and Supervisor of Claims freely admitted that "I can see why you didn't call, Mr. Allen.   This video would not cause any safety violation or [result in your losing] your one-million-mile bonus...."

30. On October 18, 2024, Mr. Tracey informed Mr. Allen that he was discharged due to the purported damage to the trailer on October 15, 2024, and a purported prior incident on or about September 16, 2024 (which also did not cause any damage).

31. Contrary to their policy, Defendant did not fully and fairly investigate the facts related to Mr. Allen's September 16, 2024, incident, and his October 15, 2024, incident.

32. Mr. Allen received various adverse actions ("Adverse Actions") by Defendant's decision-makers ("Decision-makers") including:

(a) an unjustified written warning relating to the September 16, 2024, incident;

(b) a pretextual out-of-service directive based on false information and a bogus investigation relating to the October 15, 2024, incident; and

(c) an illegitimate, discriminatory termination.

33.     Defendant had no legitimate, nondiscriminatory reason for its Adverse Actions against Mr. Allen.

34.     Defendant's Decision-makers and their authorized employees displayed their discriminatory animus against Mr. Allen in that:

(a)     They engaged in a pattern and practice of racial discrimination and failed to conduct full and fair investigations.

(b)     They violated their policy by conducting biased, inaccurate investigations leading up to Mr. Allen's termination.

(c)     Mr. Allen conducted visual inspections on September 16, 2024, and on October 15, 2024, and verified there was no damage to the trailer, as wrongfully claimed by Defendant.

(d)     Mr. Allen's Caucasian co-workers were treated more favorably with respect to their compensation, terms, conditions, and privileges of employment.

(e)     Mr. Allen's Caucasian co-workers received more favorable discipline (or no discipline) under the same or similar circumstances.

(f)     Mr. Allen was denied a sizable, promised bonus in 2024 for achieving one million miles of driving for Defendant.

35.    Additionally, Mr. Allen's Caucasian comparators were not terminated based on an unjustified warning and on incidents falsely accusing them of improper conduct.

## COUNT I
## RACIAL DISCRIMINATION (Title VII)
## Frank Allen v. J. B. Hunt Transport, Inc.

36.    Mr. Allen incorporates by reference herein paragraphs 1 through 35 above.

37.    As alleged more fully above, Defendant discriminated against Mr. Allen based on his race (African American) and color (Black).

38.    Defendant had no legitimate, non-discriminatory reason for their Adverse Actions.

39.    As a result of Defendant's unlawful conduct and Adverse Actions, Mr. Allen has sustained lost wages, lost bonuses, lost retirement and employee benefits, medical expenses, front pay, and other unliquidated losses and damages in excess of $75,000, plus interest and costs.

40.    As a further result of Defendant's unlawful conduct and Adverse Actions, Mr. Allen has suffered emotional pain, suffering, inconvenience, mental anguish, depression, anxiety, related conditions, and loss of life's enjoyment in an unliquidated amount in excess of $75,000, plus interest and costs.

41.    As a further result of Defendant's and its Decision-makers' acting with malice or reckless indifference to Mr. Allen's federally protected rights, he is entitled to punitive damages in excess of $75,000, plus interest and costs.

42.    Additionally, as a result of Defendant's unlawful conduct and Adverse Actions, Mr. Allen is entitled to attorneys' fees in excess of $75,000, plus interest and costs.

**WHEREFORE**, Plaintiff, Frank Allen, demands that judgment be entered in his favor and against Defendant, J. B. Hunt Transport, Inc., in an unliquidated amount in excess of $75,000 including the following relief:

A.    reinstatement to his prior position or a comparable position with Defendant;

B.    compensation for lost bonuses, back pay, front pay, lost retirement and benefits, medical expenses, and other lost employee compensation and benefits;

C.    compensatory and punitive damages in amounts to be determined at trial;

D.    attorneys' fees, costs, and interest; and

E.    such other relief as the Court deems appropriate.

## COUNT II
## RACIAL DISCRIMINATION (PHRA)
## Frank Allen v. J. B. Hunt Transport, Inc.

43. Mr. Allen incorporates by reference herein paragraphs 1 through 42 above.

44. As alleged more fully above, Defendant discriminated against Mr. Allen based on his race (African American) and color (Black).

45. Defendant had no legitimate, non-discriminatory reason for their Adverse Actions.

46. As a result of Defendant's unlawful conduct and Adverse Actions, Mr. Allen has suffered emotional pain, suffering, inconvenience, mental anguish, depression, anxiety, related conditions, and loss of life's enjoyment in an unliquidated amount in excess of $75,000, plus interest and costs.

47. Additionally, as a result of Defendant's unlawful conduct and Adverse Actions, Mr. Allen is entitled to attorneys' fees in excess of $75,000, plus interest and costs.

**WHEREFORE**, Plaintiff, Frank Allen, demands that judgment be entered in his favor and against Defendant, J. B. Hunt Transport, Inc., in an unliquidated amount in excess of $75,000 including the following relief:

A. reinstatement to his prior position or a comparable position with Defendant;

B.      compensation for lost bonuses, back pay, front pay, lost retirement and benefits, medical expenses, and other lost employee compensation and benefits;

C.      compensatory and punitive damages in amounts to be determined at trial;

D.      attorneys' fees, costs, and interest; and

E.      such other relief as the Court deems appropriate.

**COUNT III**
**PA WAGE PAYMENT AND COLLECTION LAW**
**<u>Frank Allen v. J. B. Hunt Transport, Inc.</u>**

48.     Mr. Allen incorporates by reference herein paragraphs 1 through 47 above.

49.     Pursuant to Defendant's policy, Mr. Allen had achieved one million miles of driving for Defendant at the beginning of 2024 and was entitled to a bonus of at least $5,000 at that time.

50.     When he inquired about the status of his bonus at the beginning of 2024, he was informed by Defendant's daytime Manager that the company would pay him during the first pay week in December 2024.

51.     As a result of his wrongful termination in October 2024, Mr. Allen lost his bonus, his vacation pay, as well as one million miles safe driving and allotment awards.

52.    Mr. Allen, a veteran, also lost his anticipated award later in 2024 to serve as Defendant's honorary driver as part of the Wreaths Across America program to honor veterans.

53.    Under Pennsylvania's Wage Payment and Collection Law ("WPCL"), 43 Pa. C.S. §260.1, *et seq*, Mr. Allen is entitled to statutory damages based on Defendant's bonus policy.

54.    Mr. Allen is entitled to liquidated damages in an amount equal to 25 percent of his total bonus, earned, unpaid vacation, and related monetary supplements, together with pre-judgment interest, attorneys' fees, and costs.  *Id.* at §§260.9(a)(f), 260.10.

55.    Defendant has failed and has refused to pay Mr. Allen's damages authorized by the WPCL.

**WHEREFORE**, Plaintiff, Frank Allen, demands that judgment be entered in his favor and against Defendant, J. B. Hunt Transport, Inc., in an unliquidated amount in excess of $75,000 including the following relief under the WPCL:

A.    payment of his bonus and other damages as alleged above, together with pre-judgment interest from the date such funds became due and payable;

B.    liquidated, statutory damages in the amount of 25 percent of the amount owed;

C.    attorneys' fees, interest, and costs; and

D. such other relief as the Court may deem appropriate and just.

**COUNT IV**
**IMPLIED-IN-FACT CONTRACT (State Law)**
**Frank Allen v. J. B. Hunt Transport, Inc.**

56. Mr. Allen incorporates by reference herein paragraphs 1 through 55 above.

57. Alternatively, there existed an implied-in-fact contract between the parties based on their consistent conduct and interactions; Defendant's promised bonus in recognition of Mr. Allen's excellent services; their written and oral communications and course of dealing; and their reasonable expectations and intentions in light of the surrounding circumstances.

58. Defendant breached its obligations by refusing to pay Mr. Allen's bonus and related damages.

59. Defendant has failed and has refused to pay the damages incurred by Mr. Allen.

**WHEREFORE**, Plaintiff, Frank Allen, demands judgment in his favor and against Defendant, J. B. Hunt Transport, Inc., in an unliquidated amount in excess

of $75,000, plus costs.   Mr. Allen further requests such other relief as the Court

may deem appropriate and just.

Respectfully submitted,

KEEFER WOOD ALLEN & RAHAL, LLP

Dated:   04/22/2026                    By:   s/ Bradford Dorrance
                                             Bradford Dorrance
                                             PA I.D. #32147
                                             417 Walnut Street, 3rd Floor
                                             Harrisburg, PA   17101
                                             bdorrance@keeferwood.com
                                             (717) 255-8014 (phone)

                                       (Attorneys for Plaintiff)