**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES THOMPSON,** | : | **Civil Action No.** |
| **2524 Alessandro Boulevard** | : | |
| **Harrisburg, PA 17110** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **FLEETPRIDE, INC.,** | : | |
| **7800 Linglestown Road** | : | |
| **Harrisburg, PA 17112** | : | |
| | : | |
| **600 East Las Colinas Boulevard** | : | |
| **Suite 400** | : | |
| **Irving, TX 75039** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, James Thompson (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against FleetPride, Inc. (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant FleetPride, Inc. is a logistics company with a location at 7800 Linglestown Road, Harrisburg, PA 17112 and corporate headquarters located at 600 East Las Colinas Boulevard, Suite 400, Irving, TX 75039.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the Pennsylvania Human Relations Commission ("PHRC"), signed on June 11, 2025, alleging race and sex discrimination as well as retaliation against Defendant.

14. The Complaint was assigned a Case Number 202402319 and was dual filed with the Equal Employment Opportunity Commission ("EEOC").

15. The EEOC assigned a Charge Number of 17F-2025-60726.

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated January 22, 2026.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

18. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

19. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. Plaintiff is an African American male.

22. On or about September 16, 2024, Defendant hired Plaintiff in the position of Tow Truck Driver.

23. Plaintiff was well qualified for his position and performed well.

### PLAINTIFF'S MANAGER SEXUALLY HARASSED PLAINTIFF AND DID NOT TREAT HIS CAUCASIAN COWORKERS SIMILARLY

24. In or around mid-October 2024, Kyle Michael (Caucasian), Tow Truck Manager, frequently told Plaintiff that he would need to get on his knees, go under his desk or get in the bunk of his truck in order to receive the right equipment to fulfill his job duties.

25. Michael also told Plaintiff that he loved Plaintiff and attempted to pressure him to say that he loved Michael.

26. Plaintiff made Michael aware that his behavior made him feel uncomfortable, was not welcome and told him to cease his conduct.

27. However, Michael continued his sexually harassing conduct until in or around late January 2025.

28. Upon information and belief, Michael did not treat Plaintiff's Caucasian coworkers in a similar manner.

## MICHAEL FREQUENTLY CALLED PLAINTIFF RACIALLY DISCRIMINATORY NAMES

29. Instead, beginning in December 2024, Michael continuously called Plaintiff "the black guy", "dark meat" and "dickhead", or words to that effect.

30. Upon information and belief, Michael did not treat Plaintiff's Caucasian employees in a similar manner.

## MICHAEL ISSUED PLAINTIFF TWO (2) UNWARRANTED DISCIPLINES

31. On January 16, 2025, Michael issued Plaintiff a discipline for a minor scuff on a bumper of one of the tow trucks that Plaintiff drove.

32. However, Michael did not issue disciplines to Plaintiff's Caucasian coworkers under similar circumstances.

33. On February 12, 2025, Michael issued Plaintiff another written discipline for allegedly losing a remote to a tow truck previously on January 3, 2025.

34. Michael made false allegations regarding what Plaintiff said about the situation.

## PLAINTIFF FILED AN ETHICS COMPLAINT REGARDING MICHAEL'S DISCRIMINATORY AND HARASSING CONDUCT

35. On February 24, 2025, Plaintiff filed an ethics complaint with Defendant's third-party website regarding Michael's discriminatory conduct and harassment.

36. Plaintiff's complaint was forwarded to Pete Ellis, Human Resources Business Partner.

## PLAINTIFF WAS PLACED ON A MEDICAL LEAVE OF ABSENCE

37. On February 26, 2025, Plaintiff was placed on a medical leave of absence due to the discriminatory harassment he was subjected to by Michael.

38. On February 27, 2025, Plaintiff began his medical leave of absence.

5

**PLAINTIFF SPOKE TO ELLIS MULTIPLE TIMES ABOUT HIS COMPLAINT, BUT ELLIS STATED THE INVESTIGATION WAS UNSUBSTANTIATED**

39. From March 17, 2025 through May 6, 2025, Plaintiff spoke with Ellis approximately six (6) times regarding his complaint of Michael's discriminatory harassment.

40. However, Ellis informed Plaintiff that the investigation did not substantiate his complaint.

**PLAINTIFF WAS CONSTRUCTIVELY DISCHARGED**

41. Due to Defendant's refusal to properly address his complaint of race discrimination, Plaintiff did not return to work from his medical leave of absence.

42. On September 30, 2025, Defendant sent Plaintiff a termination letter due to being unable to hold his position any further.

43. Plaintiff was constructively discharged.

44. Plaintiff was discriminated against due to his race and sex and retaliated against due to his complaints of race and sex discrimination in violation of Title VII and the PHRA.

45. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

46. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

47. Plaintiff is a member of protected classes in that he is African American.

48. Plaintiff was qualified to perform the job for which he was hired.

49. Plaintiff suffered adverse job actions, including, but not limited to constructive discharge.

50. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

51. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

52. Defendant discriminated against Plaintiff on the basis of his protected class.

53. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

54. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

55. Defendant's conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISCRIMINATION BASED ON RACE**
**PENNSYLVANIA HUMAN RELATIONS ACT**

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (African American).

58. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – SEX DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff is a member of protected classes in that he is male.

61. Plaintiff was qualified to perform the job for which he was hired.

62. Plaintiff suffered adverse job actions, including, but not limited to constructive discharge.

63. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

64. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

65. Defendant discriminated against Plaintiff on the basis of his protected class.

66. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

67. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

68. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – SEX DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

69. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

70. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his protected class (male).

71. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

8

## COUNT V – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

72. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

73. Plaintiff engaged in activity protected by Title VII.

74. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

75. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

76. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

77. Plaintiff engaged in activity protected by the PHRA.

78. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

79. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, James Thompson, requests that the Court grant him the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Liquidated damages;

(d)    Emotional pain and suffering;

(e)    Reasonable attorneys' fees;

(f)    Recoverable costs;

(g)    Pre and post judgment interest;

(h)    An allowance to compensate for negative tax consequences;

(i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: April 22, 2026    **By:** */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

11