IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| U & ME CHAMBERSBURG, LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Docket No. |
| PRIMANTI CORPORATION d/b/a | : | |
| PRIMANTI BROS., | : | |
| Defendant. | : | |

**COMPLAINT**

Plaintiff U & Me Chambersburg, LLC, by and through its counsel Cunningham, Chernicoff & Warshawsky, P.C., files the within Complaint and avers as follows.

**PARTIES**

1.      Plaintiff U & Me Chambersburg, LLC ("Landlord") is a Pennsylvania limited liability company with a business address of The Star Building, 6312 Northern Boulevard, East Norwich, New York 11732.

2.      Defendant Primanti Corporation d/b/a Primanti Bros. ("Primanti") is a Delaware business corporation with its principal place of business at 424 South 27th Street, Pittsburgh, Pennsylvania 15203.

**JURISDICTION AND VENUE**

3.      Landlord has two members, Marc Underberg and Axelrod Master LLC.

4.      Marc Underberg is a resident of the State of New York.

5.      Axelrod Master LLC is a limited liability company organized under the laws of the State of New York.

6.      Axelrod Master LLC has two members: Michael Axelrod and the Michael Axelrod Family Trust U/A/D 8/3/10 (the "Axelrod Trust").

7.      Michael Axelrod is a resident of the State of New York.

1

8.    Axelrod Trust is a traditional trust governed by *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980).

9.    Axelrod Trust's co-Trustees are Paige Axelrod and Derek Axelrod, both of whom are citizens of the State of New York.

10.    To the extent the Axelrod Trust is deemed to be a trust governed by *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378 (2016), Axelrod Trust is still a New York citizen because all of its beneficiaries are citizens of New York.

11.    Landlord is therefore a citizen of New York for the purposes of diversity jurisdiction.

12.    Primanti is a Delaware corporation with its principal place of business in Pennsylvania and is therefore a citizen of Delaware and Pennsylvania for the purposes of diversity jurisdiction.

13.    This court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) because there exists complete diversity between the parties and the amount in controversy exceeds $75,000.

14.    Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2) because the property that is the subject of this action is located, and the events or omissions giving rise to the claim occurred, in Franklin County, Pennsylvania.

## FACTS

15.    Landlord is the owner of certain real property located at 983 Norland Avenue, Chambersburg, Franklin County, Pennsylvania 17201 containing a shopping center known as Chambersburg Crossing ("Chambersburg Crossing").

16.     Primanti is a well-known Pittsburgh-based restaurant chain with locations throughout Pennsylvania, Maryland, Ohio, West Virginia, and Florida.

17.     Chambersburg Crossing is located off of Interstate 81 in the Borough of Chambersburg.

18.     On June 23, 2022, Primanti entered into an Indenture of Lease (the "Lease") with the prior owner of the Property, Chambersburg MZL LLC ("Prior Owner") for Unit 15 of the Property. A true and correct copy of the Lease is attached hereto as Exhibit A.

19.     Under the Lease, Primanti rented a free-standing building known as Unit 15 of Chambersburg Crossing (the "Premises") for a term of 144 months, with two five-year renewal options.

20.     On or about December 23, 2024, the Prior Owner conveyed Chambersburg Crossing to Landlord.

21.     In connection with and contemporaneously with the conveyance of Chambersburg Crossing from the Prior Owner to Landlord, Prior Owner also executed a written assignment of the Lease to Landlord.

22.     At the time of the conveyance, Primanti was occupying the Premises and operating a restaurant.

23.     Primanti paid rent to the Landlord after the transfer and continued to occupy the Premises and operate the restaurant there.

24.     On or about February 10, 2026, Primanti gave notice to Landlord (the "Notice") that it was abandoning its Lease "effective immediately" and would no longer be paying rent. A true and correct copy of this notice is attached hereto as Exhibit B.

25.     Primanti's Notice did not allege any default under the Lease by Landlord, nor did it point to any provision of the Lease which it claimed to authorize Primanti's action.

26.     Landlord has not breached any provision of the Lease.

27.     Rather, Primanti's sudden termination of the Lease was done for Primanti's business reasons.

28.     Indeed, Primanti abruptly closed several other locations around the same time including its restaurants in or near Lancaster and Camp Hill with little or no advance notice to employees, customers, and others.

29.     Primanti then failed to make its rent payment to Landlord due on March 1, 2026 and has not made any additional payments since then.

30.     On March 10, 2026, Landlord gave notice to Primanti that it was in default under the Lease.

31.     Primanti has failed to and refused to cure its default.

32.     All conditions precedent to the maintenance of this action have occurred or been performed.

## COUNT I – BREACH OF CONTRACT

33.     The foregoing averments are incorporated herein by reference as though set forth in full.

34.     Landlord and Primanti have a valid, enforceable, and binding contract.

35.     Primanti breached that contract.

36.     Primanti's breach was without legal excuse or justification.

37.     As a result of Primanti's breach, Landlord incurred damages including lost rent, costs, expenses, and other damages recoverable under the Lease and applicable law.

38.     Further, the Lease authorizes Landlord to recover its attorneys' fees and costs of litigation.

39.     Landlord's damages exceed $75,000.

WHEREFORE, Plaintiff U & Me Chambersburg, LLC respectfully requests that this Court enter judgment in its favor and against Defendant Primanti Corporation d/b/a Primanti Bros. including compensatory, incidental, and consequential damages in excess of $75,000, attorneys' fees and costs of suit, and such other damages as may be available under applicable law.

Respectfully submitted:

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By: /s/ Joseph M. Kanfer
Bruce J. Warshawsky, Esquire
Attorney I.D. No. 58799
Joseph M. Kanfer, Esquire
Attorney I.D. No. 306558
2320 North Second Street
P. O. Box 60457
Harrisburg, PA 17106-0457
(717) 238-6570
bjw@cclawpc.com
jkanfer@cclawpc.com

Date: April 23, 2026