IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

Brenda Shumaker,                          :
                Plaintiff,              :

                        :

      v.                               :    CIVIL ACTION NO:_____

                        :

FRANK BISIGNANO,                      :    COMPLAINT TO REVIEW AND
Acting Commissioner of the Social     :    SET ASIDE DECISION UNDER
Security Administration,              :    THE SOCIAL SECURITY ACT
             Defendant.          :

## **COMPLAINT**

### I.  **Jurisdiction**

1.      This is a civil action brought by Plaintiff, Brenda Shumaker, Social Security Number XXX-XX-**0017**, appealing the final decision of the Social Security Administration, dated February 25, 2026 denying her claim for a Period of Disability, Disability Insurance Benefits and Supplemental Security Income.

2.      Jurisdiction and venue are conferred upon this Court pursuant to 42 U.S.C. § 405(g) and 1383 (c)(3) of the Social Security Act, which grant the right of Judicial Review to an aggrieved party following any final decision of the Commissioner of Social Security after exhaustion of all administrative remedies by Plaintiff, irrespective of the amount in controversy.

### II.  **Parties**

3.      Plaintiff, Brenda Shumaker, is an adult individual residing in Elliottsburg, Perry County, Pennsylvania.

4.      Defendant,  Frank Bisignano, is the Acting Commissioner of the Social Security Administration for the United States of America. His duties include, ***inter alia***, responsibility for the application and the administration of the Social Security Act and the Rules and Regulations of the Social Security Administration (SSA) promulgated under the Act.

## III.    Factual Allegations

5.      On September 12, 2023, Plaintiff protectively filed with the Social Security Administration an application for a Period of Disability, Disability Insurance Benefits and Supplemental Security Income, alleging disability beginning June 7, 2003.

6.      The SSA denied the Plaintiff's claim initially on May 9, 2024 and upon reconsideration on September 17, 2024, finding that Plaintiff was not disabled.

7.       On November 15, 2024, Plaintiff filed a timely written Request for Hearing before an Administrative Law Judge (ALJ), and the Claimant testified at an administrative hearing held on June 25, 2025.

8.      By decision dated July 7, 2025, ALJ Howard Kauffman found, inter alia, that Plaintiff was not disabled within the meaning of the Social Security Act.

9.      Plaintiff then filed a timely request for review of the ALJ decision with the Social Security Administration Appeals Council, which was denied by the Appeals Council on February 25, 2026.

10.     Plaintiff has therefore exhausted all administrative remedies.

11.    Plaintiff has been continuously disabled since June 7, 2003, as documented in the record of the administrative proceedings, which must be filed by the Defendant with this Court pursuant to 42 U.S.C. § 405(g) and 1383 (c)(3).

12.    Plaintiff has not engaged in substantial gainful activity at any time relevant to her claim.

13.    The denial of Plaintiff's claim for a Period of Disability, Disability Insurance Benefits and Supplemental Security Income is not supported by substantial evidence and is based on the incorrect application of legal principles and the application of incorrect legal principles.

## IV. Requested Relief

14.    WHEREFORE, Plaintiff Brenda Shumaker requests that this Honorable Court grant her the following relief:

a.  Reverse the decision at the administrative level below, and award Plaintiff a Period of Disability, Disability Insurance Benefits and Supplemental Security Income based on her disability with an onset date June 7, 2003 and continuing without cessation to the present; or, in the alternative,

b.  Remand this case to the Commissioner for a new hearing on the question of whether the Plaintiff's medical condition renders her disabled, with directions to render a timely decision in accordance with applicable law; and

c.  Grant such relief as this Honorable Court may deem justified, including, but not limited to, the award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Respectfully submitted,

/s/Christopher J. Marzzacco, Esquire
Marzzacco Niven & Associates, P.C.
945 East Park Drive, Suite 103
Harrisburg, PA 17111
Fax.: (717) 231-1650
Tel.: (717) 231-1640
Email: cmarzzacco@klnivenlaw.com