**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Brooke Bodenheimer, | Case No: |
| Plaintiff | Jury Trial Demanded |
| *versus* | |
| United Concordia Companies, Inc, | |
| Defendants | |

**COMPLAINT**

Plaintiff Brooke Bodenheimer ("Bodenheimer"), by and through the undersigned counsel, brings this action against Defendant United Concordia Companies, Inc ("UCC"), and alleges as follows:

**Introduction**

1.    This is an action for unlawful employment discrimination, failure to accommodate, and retaliation on the basis of disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq* ("ADA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq* ("PHRA").

2.   Plaintiff seeks legal and equitable relief for Defendant's discriminatory conduct, including her wrongful termination on July 23, 2024.

## Jurisdiction and Venue

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

4.   This Court has supplemental jurisdiction over Bodenheimer's state law claims pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391 because the unlawful employment practices occurred within this District.

## Parties

6.   Bodenheimer is an adult individual residing in Cumberland County, Pennsylvania.

7.   UCC is a corporation that conducts business in Pennsylvania and is an employer within the meaning of the ADA and PHRA.

**Exhaustion of Administrative Remedies**

8.    Bodenheimer timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), which was dual-filed with the PA Human Relations Commission (PHRC).

9.    Bodenheimer received a Notice of Right to Sue notice from the EEOC.

10.    This action is timely filed within ninety (90) days of receipt of that notice.

11.    More than one year has passed since Bodenheimer's EEOC charge was dual-filed with the PHRC.

**Factual Background**

12.    Bodenheimer began her employment with UCC on or about March 9, 1998.

13.    On or about September 30, 2020, Bodenheimer was promoted to Dental Network Service Representative.

14.    Bodenheimer was fully qualified for her position and performed her duties satisfactorily and in accordance with UCC's legitimate expectations.

15. In February 2024, Bodenheimer received a merit increase and bonus based on her performance.

16. Bodenheimer is an individual with disabilities, including anxiety, depression, and a gastro-intestinal condition.

17. These conditions substantially limit one or more major life activities.

18. UCC was aware of Bodenheimer's disabilities.

19. Between approximately August and October 2022, Bodenheimer took medical leave due to her mental health conditions.

20. Upon her return, UCC increased Bodenheimer's workload and responsibilities.

21. Bodenheimer informed her supervisor that she was struggling to manage her disability in light of the increased workload.

22. UCC failed to engage in the interactive process to identify reasonable accommodations.

23. Despite her conditions, Bodenheimer received a "meets expectations" performance rating in 2023, along with a bonus and merit increase.

24. In late 2023, Bodenheimer began experiencing severe gastro-intestinal symptoms requiring medical testing and treatment.

25. In or around June 2024, Bodenheimer informed management of her condition and treatment.

26. Bodenheimer informed UCC that she might need a different position or other accommodation due to her condition.

27. UCC failed to explore reassignment or any reasonable accommodation.

28. UCC failed to engage in the interactive process as required by law.

29. Bodenheimer's condition required frequent restroom use, including during work meetings and travel.

30. UCC was aware of these limitations.

31. On July 23, 2024, UCC terminated Bodenheimer's employment.

32. UCC cited alleged performance and behavioral deficiencies.

33. These stated reasons were false and pretextual.

34. UCC terminated Bodenheimer because of her disability and perceived need for accommodation.

35. Bodenheimer's requests for accommodation constituted protected activity.

36. UCC's conduct constitutes discrimination, failure to accommodate, and retaliation.

37. Bodenheimer was replaced by or her duties reassigned to a non-disabled individual.

## COUNT I
## Americans with Disabilities Act
## Disability Discrimination

38. Bodenheimer incorporates the preceding paragraphs.

39. Bodenheimer is disabled within the meaning of the ADA.

40. Bodenheimer was qualified to perform the essential functions of her position.

41. UCC discriminated against Bodenheimer because of her disability, including by terminating her employment.

## COUNT II
## Americans with Disabilities Act
## *Failure to Accommodate*

42. Bodenheimer incorporates the preceding paragraphs.

43. Bodenheimer requested reasonable accommodations.

44. UCC failed to engage in the interactive process.

45. UCC failed to provide reasonable accommodations.

## COUNT III
## Americans with Disabilities Act
## *Retaliation*

46. Bodenheimer incorporates the preceding paragraphs.

47. Bodenheimer engaged in protected activity by requesting accommodations.

48. UCC took adverse action against Bodenheimer.

49. There is a causal connection between Bodenheimer's protected activity and her termination.

### COUNT IV
### PA Human Relations Act
### *Discrimination, Failure to Accommodate, and Retaliation*

50. Bodenheimer incorporates the preceding paragraphs.

51. The conduct described in Counts I-III above also violates the PHRA.

### PRAYER FOR RELIEF

52. As a direct and proximate result of UCC's conduct, Bodenheimer has suffered damages and respectfully requests that this Court enter judgment in her favor and against UCC and award:

   1. Back pay and front pay;

   2. Compensatory damages;

   3. Punitive damages (under the ADA);

   4. Attorneys' fees and costs;

   5. Interest; and

6.    Such other relief as the Court deems just and proper.


Respectfully submitted,

KREVSKY BOWSER LLC

/s/ Anthony T Bowser
Anthony T Bowser (PA #204561)
abowser@krevskybowser.com
20 Erford Road | Suite 300A
Lemoyne, PA  17043
717.731.8600
*Counsel for Plaintiff*