## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE DOE, | : | A CIVIL ACTION |
| PLAINTIFF | : | |
| | : | |
| VS. | : | |
| | : | |
| LEBANON VALLEY COLLEGE | : | DOCKET NUMBER : |
| 101 NORTH COLLEGE AVENUE | : | |
| ANNVILLE, PA 17003, | : | |
| DEFENDANT | : | JURY TRIAL DEMANDED |

## COMPLAINT

By:
Ryan R. Grace
Attorney I.D. No.: 307192
rgrace@bellwoarkelly.com

**BELLWOAR KELLY, LLP**
126 W. Miner Street
West Chester, PA 19382
(610) 314-7066

AND NOW the Plaintiff, by and through undersigned counsel, files this Complaint alleging that the Defendant is liable for damages directly and proximately caused by violations of Title IX of the Education Amendments of 1972 as well as related state law claims, and in support thereof, avers as follows:

## THE PARTIES

1. Jane Doe* (hereinafter "Plaintiff") is a pseudonym for an adult individual, who was born in May 2005, lives in the Commonwealth of Pennsylvania, and who, in September 2024, was a teenager and sophomore student at Lebanon Valley College in Lebanon Valley, Pennsylvania.

2. Defendant Lebanon Valley College (hereinafter "Defendant") is a private college located in Lebanon County, Pennsylvania that receives federal funding including through federal student financial aid programs.

## JURISDICTION

3. Jurisdiction over this controversy is properly vested in the United States District Court of the Middle District of Pennsylvania pursuant to 29 U.S.C. §1331, as this is a civil action arising under the Constitution and laws of the United States of America.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 23 U.S.C. § 1367(a).

---

* The Plaintiff filed a "Motion to Proceed Under Pseudonym" concurrently with this Complaint.

5. The Plaintiff demands a jury be empaneled to decide the matter.

## VENUE

6. Venue is proper in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims physically occurred within this District and the Defendants conduct substantial business within this District.

7. The unlawful acts and omissions of the Defendant directly and proximately caused damage to the Plaintiff valued in excess of one hundred and fifty thousand dollars ($150,000).

## THE FACTS

8. In September 2024, the Defendant caused extreme damage to the Plaintiff when it negligently caused and enabled her to be sexually assaulted on its campus and then demonstrated deliberate indifference to that sexual assault.

9. At all relevant times, the Plaintiff was a sophomore student enrolled at Defendant College.

10. On or about September 15, 2024, the Plaintiff was present in a dorm room, which was assigned to a friend of the Plaintiff.

11. The dorm room of Plaintiff's friend was owned and controlled by Defendant, and was physically located on Defendant's campus.

12. While in her friend's dorm room, Plaintiff drank alcohol, causing her to become intoxicated.

13. The Plaintiff left the dorm room and entered the hallway of the dormitory, to use her cellular phone.

14. Plaintiff found herself unable to reenter the dorm room and isolated in the dormitory hallway.

15. Another student of the Defendant College ("The Assailant") followed Plaintiff into the hallway.

16. The Plaintiff was aware that The Assailant had a sexual attraction to her and avoided him because she did not want to interact with him.

17. For several minutes, the Plaintiff attempted to avoid The Assailant and hide from him in multiple areas of the dormitory, including the laundry room.

18. When the Plaintiff thought she was no longer being followed by The Assailant, she once again attempted to reenter her friend's room.

19. Due to her heavily intoxicated state, The Assailant was able to follow Plaintiff, and ultimately get her to enter into his own dorm room.

20. The Assailant's dorm room was also owned and controlled by Defendant, and was physically located on Defendant's campus.

21. While in The Assailant's dorm room, The Assailant engaged in sexual intercourse with the Plaintiff by force and without her consent.

22. The Plaintiff promptly reported the sexual assault to appropriate agents of Defendant College.

23. The Defendant College took unreasonable actions in response to Plaintiff's complaint of on-campus sexual violence.

24. Defendant's investigation of sexual assault was delayed for an unreasonably long period of time; specifically, the investigation was still pending at the end of the 2024-25 school year.

25. The Assailant was permitted to withdraw from Defendant college at the end of the 2024/25 school year and prior to any formal finding on his academic record.

26. The Defendant did not remove The Assailant from campus during its investigation into the sexual assault.

27. The Defendant afforded no protections to the Plaintiff during the pendency of the investigation.

28. At the time of the incident, the Plaintiff and The Assailant were both studying the same academic major with many overlapping courses.

29. The Defendant took no steps to remove The Assailant from Plaintiff's courses, restrict their interactions, or attempt to keep the two separated in academic situations.

30. The Plaintiff and The Assailant were both members of the same collegiate athletic team at Defendant College.

31. The Defendant failed to remove The Assailant from the relevant athletic team following the Plaintiff's report, and the Plaintiff was forced to leave the team.

32. The Plaintiff and The Assailant both worked in the same on-campus employment at the time of the sexual assault.

33. The Defendant permitted The Assailant to continue working in the on-campus employment, and took no steps to restrict his interactions with the Plaintiff.

34. The Plaintiff was forced to take on different roles in her campus employment, resulting in fewer hours and less pay, in order to avoid The Assailant.

35. Agents of the Defendant retaliated against the Plaintiff; specifically, agents of the Defendant told the Plaintiff that she should take some time off from school due to the sexual assault.

36. One of the same agents, who told the Plaintiff to take time off from school, also unsuccessfully attempted to have the Plaintiff removed from a summer school program through baseless allegations of academic cheating by the Plaintiff.

37. In November 2025, Lebanon County prosecutors declined to file criminal charges against The Assailant, citing in part that the Defendant had delayed in providing necessary information to police.

38. The Defendant's acts and omissions in response to Plaintiff's report of on-campus sexual assault amounted to deliberate indifference.

39. The sexual assault of Plaintiff, directly and proximately caused by the Defendant's unreasonable supervision, caused extreme damage to the Plaintiff including:

   a. Physical trauma and pain;

   b. Severe emotional and psychological trauma, anxiety, and nightmares;

   c. Fear, trust issues, and heightened sense of vulnerability;

   d. Mental and physical pain and suffering;

e. Significant impairment of emotional function and reaction;

f. Depression and mental anguish;

g. Embarrassment and humiliation;

h. Loss of self-confidence and self-esteem;

i. Diminished quality of life and loss of enjoyment of her college experience; and

j. Academic suffering and significant decline in performance.

40. The Defendant's deliberate indifference to on-campus sexual assault caused the Plaintiff extreme damage, including:

a. Embarrassment and humiliation;

b. Loss of self-confidence and self-esteem;

c. Diminished quality of life and loss of enjoyment of her college experience; and

d. Academic suffering and significant decline in performance.

### COUNT I
### Sexual Discrimination in Violation of Title IX
### *Plaintiff v. Defendant*

41. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

42. At all relevant times, the Plaintiff was a student at the Defendant's college.

43. The Plaintiff was subjected to sexual assault by another student of Defendant's college and on premises controlled by Defendant.

44. The sexual assault of the Plaintiff was severe, objectively offensive, created a hostile education environment based on her sex/gender, and deprived the Plaintiff of access to educational opportunities on the basis of her sex/gender.

45. The Plaintiff reported the sexual assault to college officials and agents of the Defendant, who had authority and ability to take corrective action under Title IX of the Education Amendments, 20 U.S.C. § 1681.

46. At all relevant times, the Defendant received federal funds through, at least, federally funded student financial assistance.

47. The Defendant was obligated to take reasonable corrective action in response to the sexual assault of Plaintiff.

48. The Defendant took no action to restrict contact between The Assailant and the Plaintiff.

49. The Defendant permitted The Assailant to remain a member of the same collegiate athletic team, campus job, and academic major as the Plaintiff, after the Plaintiff reported the sexual assault.

50. By its acts and omissions, the Defendant was deliberately indifferent to the sexual assault of the Plaintiff and created a hostile educational environment.

51. The Defendant was deliberately indifferent to the sexual assault of Plaintiff specifically by:

    a. failing to conduct a fair hearing on the sexual assault claim;

b. permitting The Assailant to continue in official college activities with the Plaintiff, including collegiate athletic team, the same on-campus employment, and the same academic courses;

c. failing to respond to the Plaintiff's concerns that she did not feel safe on campus with The Assailant also present there;

d. failing to offer reasonable accommodations or academic support to the Plaintiff after the assault;

e. forcing the Plaintiff to remain in classes and extracurricular activities with The Assailant;

f. failing to create, implement, or enforce policies aimed at reducing sexual violence on campus as required by Title IX.

52. The Defendant's deliberate indifference to sexual assault of the Plaintiff deprived the Plaintiff of access to educational opportunities.

53. The Plaintiff's specific collegiate athletic team and academic major were primary factors in her decision to attend the Defendant College.

54. As a direct and proximate result of the Defendant's Title IX violations and deliberate indifference, the Plaintiff suffered loss of educational opportunities, along with injuries, psychological damage, loss of earnings, diminished enjoyment of life, anxiety, trauma, and expenses.

55. The Defendant failed to take steps to protect the Plaintiff and it altered her access to educational opportunities to such an extent that punitive damages are warranted.

Wherefore, the Plaintiff demands judgement against the Defendant for a sum in excess of one hundred and fifty thousand ($150,000.00) in compensatory damages, punitive damages, attorney fees, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.

## COUNT II
### Retaliation in Violation of Title IX
#### *Plaintiff v. Defendant*

56. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

57. The Plaintiff reported the sexual assault to college officials and agents of the Defendant, who were restricted from retaliating against the Plaintiff for her report of sexual assault, under Title IX of the Education Amendments, 20 U.S.C. § 1681.

58. After the Plaintiff reported the sexual assault that The Assailant committed against her to the Defendant, agents of the Defendant took retaliatory action against the Plaintiff based on her lawful complaint.

59. Plaintiff and The Assailant were both participants in the same academic major at the time of the sexual assault.

60. Multiple professors in the Plaintiff's academic department attempted to pressure the Plaintiff to leave the department.

61. A professor specifically urged the Plaintiff to take some time off from school, after she reported The Assailant's sexual assault.

62. A professor attempted to pressure The Plaintiff out of her chosen academic department by baselessly accusing her of cheating.

63. The Plaintiff was exonerated of cheating, however the incident resulted in a diminished grade for the Plaintiff in one of her courses.

64. After her report of sexual assault, the Defendant caused the Plaintiff to suffer on-going retaliation, specifically: lowered grades, reduced sports playing time, diminished campus employment, academic exclusion, and harassment.

65. Plaintiff engaged in a protected activity under Title IX of the Education Amendments by reporting The Assailant's sexual assault.

66. The Defendant had actual knowledge of the Plaintiff's protected activity.

67. Adverse action was taken against the Plaintiff as a direct result of her protected activity.

68. The Defendant's adverse action and retaliation against the Plaintiff deprived the Plaintiff of access to educational opportunities.

69. As a direct and proximate result of the adverse actions and retaliation against the Plaintiff, the Plaintiff suffered loss of educational opportunities, along with injuries, psychological damage, loss of earnings, diminished enjoyment of life, anxiety, trauma, and expenses

70. The Defendant retaliated against the Plaintiff and it limited her access to educational opportunities to such an extent that punitive damages are warranted.

Wherefore, the Plaintiff demands judgement against the Defendant for a sum in excess of one hundred and fifty thousand ($150,000.00) in compensatory damages, punitive damages, attorney fees, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.

### COUNT III
**Negligence**
*Plaintiff v. Defendant*

71. The above paragraphs of the Complaint are incorporated herein by reference as through set forth at length.

72. At all relevant times, the Plaintiff was a student of the Defendant college, present on its property, and party to a contractual relationship with Defendant.

73. Defendant owed Plaintiff the highest duty of care under the law.

74. The Defendant had an affirmative duty to protect the Plaintiff from foreseeable harm, and take actions to ensure her physical safety while present on its premises.

75. The Defendant failed to adequately supervise or monitor its dormitory hallways and common areas at night.

76. As a direct result of the failure to properly monitor and secure dormitory areas, the Defendant failed to detect a visibly intoxicated and vulnerable young women on its premises.

77. The Defendant failed to enforce its no-alcohol policy for students, under the age of 21 years, through security checks, patrols, or inspections.

78. The Defendant recklessly permitted individuals, under the age of 21 years, to consume alcohol on its camps; specifically, the Defendant offered orientation presentations to incoming students about "safe" consumption of alcohol despite those incoming students being under 21 years of age.

79. The Defendant failed to prevent foreseeable sexual assaults in its dormitories despite known risks associated with underage alcohol use and lack of oversight.

80. Defendant college knew or should have known of the heightened risks of sexual assault in dormitories involving underage alcohol consumption, impaired students or visitors, and inadequate security or supervision.

81. The Defendant breached its duty of care to the Plaintiff, directly causing significant damage to the Plaintiff.

82. It was reasonably foreseeable that Defendant's unreasonable actions would lead to sexual assault of students on its premises.

83. The Assailant's sexual assault of the Plaintiff directly caused serious damage to the Plaintiff, as described above here.

84. It was reasonably foreseeable that sexual assault of a student would cause serious damage to that student.

85. As a direct and proximate result of Defendant's acts and omissions, the Plaintiff suffered severe physical, emotional, and psychological injuries.

86. Despite all reasonable efforts at mitigation, the Plaintiff suffered extreme damage, caused by the Defendant, which is likely to continue for the foreseeable future.

87. The Defendant's reckless acts allowing individuals under the age of 21 years to consume alcohol on its campus, combined its unreasonable oversight of its dormitories, amounts to extreme and outrageous behavior and warrants the award of punitive damages.


Wherefore, the Plaintiff demands judgement against the Defendant for a sum in excess of one hundred and fifty thousand ($150,000.00) in compensatory damages, punitive damages, and interest together with permissible costs of suit, and all other relief The Court deems appropriate.


Respectfully Submitted,
**BELLWOAR KELLY, LLP**

Ryan R. Grace
*Attorney at Law*