# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Myerstown Soccer Club

## DEFENDANTS

GOPLAY, LLC, et al.

**(b)** County of Residence of First Listed Plaintiff  Lebanon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Massachusetts
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Justin J. Bollinger, Gibbel Kraybill & Hess LLP, 2933 Lititz Pike, PO Box 5349, Lancaster, PA 17606; 717-291-1700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS

**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sec. 1332

Brief description of cause:
Breach of contract for failure to provide travel arrangements or refund.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE  5/7/2026

SIGNATURE OF ATTORNEY OF RECORD  /s/ Justin J. Bollinger

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MYERSTOWN SOCCER CLUB, *a Pennsylvania nonprofit corporation*, | : | |
| | : | |
| | : | Civil Action |
| Plaintiff | : | |
| | : | |
| v. | : | No. |
| | : | |
| GOPLAY LLC, *a Massachusetts limited liability company*, *formerly known as* GOPLAY SPORTS TOURS LLC, DARREN PETER LYONS, *individually and as Manager for GOPLAY LLC*, and BRIAN AINSCOUGH*, individually and as Manager for GOPLAY LLC* | : | JURY TRIAL DEMANDED |
| Defendants | : | |

## COMPLAINT

## I.  PRELIMINARY STATEMENT

Plaintiff Myerstown Soccer Club and Defendant GOPLAY LLC entered into an agreement on September 7, 2025, whereby Defendants agreed to arrange and provide travel services for Plaintiff in exchange for payment.  Plaintiff made payments to Defendant GOPLAY totaling ONE HUNDRED FIFTEEN THOUSAND DOLLARS and 00/100 ($115,000.00).  Defendants defaulted under the agreement by notifying Plaintiff that Defendant GOPLAY was ceasing operations and did not intend to fulfill its obligation to provide travel services for Plaintiff. Defendants have failed to return any of the payment made by Plaintiff.  Therefore, Plaintiff seeks return of the full amount paid to Defendant GOLAY to date as damages incurred as a result of Defendants' breach.

1

## II. JURISDICTION AND VENUE

1.      Jurisdiction is premised on 28 U.S.C. § 1332 (diversity jurisdiction), specifically, Plaintiff is a nonprofit corporation with a principal place of business in Pennsylvania and Defendant is a limited liability company with a principal place of business in Massachusetts. Accordingly, there is complete diversity between Plaintiff and Defendant. The amount of controversy exceeds the minimum threshold of $75,000.

2.      Venue is premised on 28 U.S.C. § 1391(b)(2) in that a substantial portion of the acts or omissions giving rise to the claims arose in this judicial district.

## III. THE PARTIES

3.      Plaintiff Myerstown Soccer Club, ("MSC") is a nonprofit corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business  at 41 S. Fairlane Avenue, Myerstown, Pennsylvania 17067.

4.      Defendant GOPLAY LLC, ("GOPLAY"), formerly known as GOPLAY SPORTS TOURS LLC, is a Massachusetts limited liability company organized under the laws of the Commonwealth of Massachusetts with a principal address at 4228 Washington Street, Boston, Massachusetts 02132, and a registered office of 1900 West Park Drive, Suite 280F, Westborough, Massachusetts 01581.

5.      Defendant Darren Peter Lyons, ("Lyons"), is an adult individual, with an address of 91 Redlands Road, Boston, Massachusetts 02132.

6.      Defendant Brian Ainscough, ("Ainscough"), is an adult individual, with an address of 38 Elm Street, Canton, Massachusetts 02021.

## IV.  FACTUAL BACKGROUND

7.      Plaintiff is a soccer club located in Myerstown, Pennsylvania.

8.      According to Plaintiff's information, knowledge, and belief, Defendant is a travel services provider located in Boston, Massachusetts.

9.      Both Defendant Lyons and Defendant Ainscough are listed as Managers of GOPLAY on GOPLAY's Annual Report filed September 29, 2025.  *See* Exhibit A.

10.     Upon information and belief, Plaintiff believes that Defendant Lyons and Defendant Ainscough have maintained multiple business relationships both in the United States, including GOPLAY, and other foreign investments in soccer clubs internationally.

11.     On September 7, 2025, Plaintiff signed a travel services agreement (the "Agreement") with Defendant in which Defendant agreed to provide certain travel services, including arranging "all air and ground transportation, lodging, cultural experiences, and certain meals for" an overseas trip for the MSC ELCO Boys Soccer Team to visit Germany and Austria from July 31, 2026, through August 9, 2026 (the "Trip"). *See* Exhibit B.

12.     Pursuant to the Agreement, Plaintiff made payments totaling $115,000.00 to Defendant as follows on the dates below:

      a.  December 17, 2025: $40,000.00;

      b.  February 17, 2026: $50,000.00; and

      c.  March 23, 2026: $25,000.00.

13.     By email dated April 6, 2026, representatives of Plaintiff were informed, for the first time, that Defendant GOPLAY was ceasing operations and "will no longer be able to accept payments or fulfill any future bookings." *See* Exhibit C.

14.     On Thursday, April 9, 2026, Defendant Ainscough initiated a phone call to MSC's Executive Director, at which time Ainscough stated that despite the payments Plaintiff made to Defendant GOPLAY, he did not know whether any flights or hotel accommodations had been secured for Plaintiff.  During this phone call, Defendant Ainscough offered to assist MSC's Executive Director in booking an alternate overseas soccer trip for the MSC ELCO Boys Soccer Team.

15.     According to Paragraph 6 of the Agreement, entitled "Cancellations By GOPLAY LLC," "[i]f GoPlay LLC cancels a trip at any time for circumstances other than those deemed 'beyond the control' of GoPlay LLC, GoPlay LLC shall refund in full any payments received from Myerstown Soccer Club." *See* Exhibit B.

16.     Based upon the clear contractual language of the Agreement, Plaintiff is entitled to a full, complete, and immediate refund of the money paid toward the Trip.

17.     By email dated April 7, 2026, Plaintiff's counsel requested from Defendant documentation related to the Trip, including flight confirmations, hotel booking confirmation, transportation confirmation, and any and all other documentation regarding prepayments or deposits made to third parties on behalf of, or related to, the Trip.  *See* Exhibit D.

18.     Neither Plaintiff nor Plaintiff's counsel has received a response to Plaintiff's requests for documentation related to the Trip.

19.     By letter dated April 21, 2026, Plaintiff's counsel sent a formal demand for return of the $115,000.00 payment to Defendant. *See* Exhibit E.

20.     To date, the only response Plaintiff has received is from Ainscough's counsel denying Ainscough's involvement in financial matters for GOPLAY.

4

21.    To date, neither MSC nor undersigned counsel have received a formal response to the demand letter from GOPLAY or Defendant Lyons.

**COUNT I**
**BREACH OF CONTRACT**

22.    The foregoing paragraphs are realleged and incorporated herein by reference.

23.    Defendant GOPLAY contracted with Plaintiff for the above-described travel services.

24.    Plaintiff performed under the Agreement by providing Defendant GOPLAY with payments totaling $115,000.00.

25.    Defendants GOPLAY, Lyons, and Ainscough breached the Agreement cancelling the Agreement and providing notice of GOPLAY'S intent not to provide the travel services described in the Agreement.

26.    As a direct and proximate result of the Defendants' breach, Plaintiff has incurred damages in excess of $115,000.00.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

**COUNT II**
**UNJUST ENRICHMENT**

27.    The foregoing paragraphs are realleged and incorporated herein by reference.

28.    By accepting payments from Plaintiff, without intending to deliver the travel services related to Plaintiff's Trip, Defendants have been unjustly enriched by the retention of the $115,000.00 paid by Plaintiff.

5

29.     An injustice would result if recovery is not granted for the enrichment received by Defendants.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

**COUNT III**
**PROMISSORY ESTOPPEL**

30.     The foregoing paragraphs are realleged and incorporated herein by reference.

31.     Defendant Lyons promised Plaintiff that if Plaintiff made payments to Defendant GOPLAY, that Defendants would perform certain travel services related to the Trip.

32.     Defendants accepted payments from Plaintiff but later informed Plaintiff that it would not provide the travel services related to the Trip.

33.     Plaintiff reasonably relied upon Defendants' promises, to Plaintiff's detriment, that Defendants would perform travel services for Plaintiff related to the Trip.

34.     It was reasonably foreseeable to Defendants that Plaintiff would rely upon Defendants' representations regarding performance of travel services to Plaintiff's detriment given the undisclosed financial distress GOPLAY was experiencing.

35.     Plaintiff relied upon Defendants' representations that travel services were forthcoming, to Plaintiff's detriment, and to the detriment of the fifty-four (54) people who paid to participate in the Trip through MSC, twenty-four (24) of whom are youth soccer players.

36.     Plaintiff has suffered actual damages as a result of Defendants' misrepresentations.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

## COUNT IV
## FRAUD

37.     The foregoing paragraphs are realleged and incorporated herein by reference.

38.     It is believed and therefore averred that at all times Defendants Lyons and Ainscough were the owners, members, managers, shareholders, officers, directors, employees, and/or agents of GOPLAY.

39.     Defendants made representations and promises to book certain travel accommodations, including flights, hotels, transportation, meals, excursions, and soccer matches with local soccer teams, knowing that Defendants would be unable to, and/or never intended to, make the agreed upon travel arrangements, all the while accepting additional deposits from Plaintiff pursuant to the Agreement.

40.     It is believed and therefore averred that the Defendants' representations and promises were fraudulent to the extent Defendants knew they would be unable to, and/or never intended to, make the agreed upon travel arrangements.

41.     It is believed and therefore averred that Defendants' representations and promises were fraudulent to the extent Defendants knew that GOPLAY did not have the ability to issue a full refund due under the terms of the Agreement in the event of a cancellation of the Trip by GOPLAY.

42.     Defendants made these representations and promises via email, phone calls, and a Zoom video conference on February 24, 2026, to representatives of Plaintiff, at Plaintiff's principal

7

place of business in Myerstown, Pennsylvania, at which time Defendants informed Plaintiff that travel arrangements for the Trip had been secured.

43.     Upon information and belief, Defendants failed to secure any of the contracted for travel arrangements for the Trip.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

## COUNT V
## NEGLIGENT AND/OR INTENTIONAL MISREPRESENTATION

44.     The foregoing paragraphs are realleged and incorporated herein by reference.

45.     From the beginning of MSC's conversations with Defendant Lyons, Defendant Lyons, individually, and on behalf of GOPLAY, made numerous representations to MSC that he knew were false, or were at least negligent as to the truth of the representations, regarding Defendants' ability to fulfill the terms of the Agreement.

46.     The Defendants knew that Plaintiff intended to rely upon the representations and information obtained from the Defendants in booking the Trip.

47.     Plaintiff had no reason to doubt the information that was provided to them by the Defendants, and therefore they justifiably relied upon the false representations and acted upon them, as intended by the Defendants.

48.     The above-described actions of the Defendants have caused the Plaintiff to sustain damages, including the loss of all money paid for the Trip.

49. Plaintiff is now left without any trip for the fifty-four (54) people to attend, twenty-four (24) of whom are youth soccer players, who were planning to participate in a ten (10) day long soccer trip to Germany and Austria this summer.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

## COUNT VI
## CONVERSION

50. The foregoing paragraphs are realleged and incorporated herein by reference.

51. Plaintiff provided Defendant GOPLAY with payments totaling $115,000.00.

52. Plaintiff contends that the $115,000.00 provided to Defendant GOPLAY should be returned because of Defendants' failure to deliver the travel services.

53. Plaintiff has demanded return of its $115,000.00. *See* Exhibit D.

54. As of the filing of this Complaint, Defendants have failed or refused to return the $115,000.00.

55. Defendants have provided notice to Plaintiff of its intent not to perform its obligations to Plaintiff and has therefore wrongfully retained the $115,000.00.

56. Defendant has wrongfully exercised control over the $115,000.00 and continues to do so.

57. Defendants' conduct is intentional, willful, and vexatious.

9

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be deemed just and appropriate.

## COUNT VII
## PIERCING THE CORPORATE VEIL

58.    The foregoing paragraphs are realleged and incorporated herein by reference.

59.    Upon information and belief, Defendants undercapitalized GOPLAY such that GOPLAY could not afford to pay its liabilities as they came due, including sums owed to Plaintiff.

60.    Upon information and belief, Defendants Lyons and Ainscough did not adhere to corporate formalities.

61.    Upon information and belief, Defendants Lyons and Ainscough substantially intermingled their personal finances and business finances, transferring money from their businesses to their personal accounts in order to deliberately render GOPLAY insolvent, or at least unable to meet GOPLAY's financial obligations as such become due.

62.    Upon information and belief, by transferring money in order to impoverish GOLAY, Defendants Lyons and Ainscough have improperly abused the corporate form in order to perpetuate a fraud against Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court disregard the corporate form of GOPLAY LLC, and allow Plaintiffs to pierce the corporate veil by entering judgment in its favor and against all Defendants, jointly and severally, and award Plaintiff the minimum amount of $115,000.00, together with costs, attorneys' fees, and interest, and any such further relief as may be proper and permitted.

10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.    Enter judgment against all Defendants, jointly and severally, and in favor of Plaintiff, in the minimum amount of $115,000, together with interest, costs, and fees as allowed by law;

2.    Retain jurisdiction over this matter until such time as all responsive actions have been taken and all costs, fees, and damages paid;

3.    Grant such other relief as the Court deems appropriate.

4.    Plaintiff demands a jury trial.

Respectfully submitted,

GIBBEL KRAYBILL & HESS LLP

Date: 5/7/2026                    By:    _____

Justin J. Bollinger, Esquire
Attorney I.D. No. 308779
2933 Lititz Pike
P.O. Box 5349
Lancaster PA  17606
(717) 291-1700 (p)
(717) 291-5547 (f)
*Attorney for Plaintiff*

11

# EXHIBIT A

MA SOC   Filing Number: 202573254880   Date: 9/29/2025 11:13:18 AM

## The Commonwealth of Massachusetts, William Francis Galvin
# Corporations Division

One Ashburton Place - Floor 17, Boston MA 02108-1512   |   Phone: 617-727-9640

## Annual Report

(General Laws, Chapter 156C, Section 12)                              Filing Fee: $500.00

| |
|---|
| Identification Number:        001355513 |

| |
|---|
| Annual Report Filing Year: 2024 |

| |
|---|
| 1.a. Exact name of the limited liability company: GOPLAY LLC |

☐ Check if amending entity name

1.b. The exact name of the limited liability company as amended, is:

GOPLAY LLC

2. Address in the Commonwealth where the records will be maintained:

| | |
|---|---|
| Number and street: | 4228 WASHINGTON ST |
| Address 2: | |
| City or town: | BOSTON        State:  MA        Zip code:   02131 |
| Country: | UNITED STATES |

3. The general character of business, and if the limited liability company is organized to render professional service, the service to be rendered:

SELLER OF TRAVEL SERVICES

4. The latest date of dissolution, if specified: (mm/dd/yyyy)

5. Name and address of the Resident Agent:

| | |
|---|---|
| Agent name: | UNITED STATES CORPORATION AGENTS, INC. |
| Number and street: | 1900 WEST PARK DRIVE |
| Address 2: | SUITE 280F |
| City or town: | WESTBOROUGH        State:  MA        Zip code:   01581 |

6. The name and business address of each manager, if any:

| Title | Name | Address |
|---|---|---|

| MANAGER | DARREN PETER LYONS | 91 REDLANDS ROAD BOSTON, MA 02132 USA |
| MANAGER | BRIAN AINSCOUGH | 38 ELM STREET CANTON, MA 02021 USA |

7. The name and business address of the person(s) in addition to the manager(s), authorized to execute documents to be filed with the Corporations Division, and at least one person shall be named if there are no managers.

| Title | Name | Address |
|---|---|---|
| SOC SIGNATORY | DARREN LYONS | 91 REDLANDS ROAD BOSTON, MA 02132 USA |
| SOC SIGNATORY | BRIAN AINSCOUGH | 38 ELM STREET CANTON, MA 02021 USA |

8. The name and business address of the person(s) authorized to execute, acknowledge, deliver and record any recordable instrument purporting to affect an interest in real property:

| Title | Name | Address |
|---|---|---|
| REAL PROPERTY | DARREN LYONS | 91 REDLANDS ROAD BOSTON, MA 02132 USA |
| REAL PROPERTY | BRIAN AINSCOUGH | 38 ELM STREET BOSTON, MA 02132 USA |

9. Additional matters:

SIGNED UNDER THE PENALTIES OF PERJURY, this 29 Day of September, 2025,

DARREN LYONS

, Signature of Authorized Signatory.

MA SOC   Filing Number: 202573254880    Date: 9/29/2025 11:13:18 AM

# THE COMMONWEALTH OF MASSACHUSETTS

I hereby certify that, upon examination of this document, duly submitted to me, it appears

that the provisions of the General Laws relative to corporations have been complied with,

and I hereby approve said articles; and the filing fee having been paid, said articles are

deemed to have been filed with me on:

September 29, 2025 11:13 AM

WILLIAM FRANCIS GALVIN

*Secretary of the Commonwealth*

# EXHIBIT B

# EXHIBIT A

## AGREEMENT BETWEEN

## MYERSTOWN SOCCER CLUB

## &

## GOPLAY LLC

In consideration of the premises and mutual covenants contained in this Agreement, the parties agree as follows:

1. **SCOPE OF AGREEMENT.** This agreement applies to the trip to Germany & Austria from July 31st – August 9th, 2026.

2. **TRAVEL SERVICES.** GoPlay LLC shall arrange for and provide all air and ground transportation, lodging, cultural experiences, and certain meals for the Trips ("Travel Services"), the details of which GoPlay LLC shall specify on the itinerary.

3. **PAYMENT BY Myerstown Soccer Club**

   I. All Myerstown Soccer Club for Travel Services payments hereunder shall be made directly to GoPlay LLC. All checks or ACH drawn by Myerstown Soccer Club shall be made to the order of GoPlay LLC or any other name GoPlay LLC may direct. All funds received by GoPlay LLC for the trip are to be received by GoPlay LLC in trust for the benefit of the trip participants. GoPlay LLC shall manage all charges collected from players in accordance with applicable federal and state laws and regulations, as well as the requirements of this Agreement. GoPlay LLC shall disclose to a Myerstown Soccer Club the total cost to trip participants for the arranged trip. Disclosure of these costs and expenses for each trip shall be listed on the addendum(s) to the agreement. Cost figures so disclosed will not be changed, and prices are guaranteed.

   II. The total payment due to GoPlay LLC is $3,600 per person.

   III. Payment to me was made as per the agreed schedule. September 30th, 2025, January 15th, 2026, and June 30th, 2026.

4. **TRIP CANCELLATION PROVISIONS WHEN CANCELLATION IS DUE TO CAUSES BEYOND THE PARTIES' CONTROL.**

# EXHIBIT A

I. If GoPlay LLC or Myerstown Soccer Club cancels the trip more than ninety days before departure due to circumstances beyond either party's control, GoPlay LLC will refund all monies paid by Myerstown Soccer Club.

II. If the trip is canceled less than ninety days but more than forty-five days before departure, there may be non-recoverable charges beyond GoPlay LLC's control, including but not limited to deposits/payments to airlines and hotels. In this case, GoPlay LLC will make every effort to recover and refund such amounts to Myerstown Soccer Club.

III. If either GoPlay LLC or Myerstown Soccer Club cancels or cuts short a trip after departure and while in progress for reasons beyond either party's control, GoPlay LLC will refund monies paid to Myerstown Soccer Club based on the appropriate portion of unused travel. Circumstances "beyond the control" of either party shall be defined as any circumstance affecting the trip participants' health, safety, or comfort, including the threat of war or natural disaster.

5. **CANCELLATION FOR CONVENIENCE BY TRIP PARTICIPANTS.** GoPlay LLC shall give adequate notice of the cancellation policy for each trip in writing, along with the initial promotional/informational materials that will be distributed to Myerstown Soccer Club.

6. **CANCELLATION BY GOPLAY LLC.**

If GoPlay LLC cancels a trip at any time for circumstances other than those deemed "beyond the control" of GoPlay LLC, GoPlay LLC shall refund in full any payments received from Myerstown Soccer Club.

7. **CANCELLATION BY Myerstown Soccer Club**

I. If Myerstown Soccer Club cancels the trip for any reason ninety days before its scheduled departure (or fewer days upon the express mutual written agreement of GoPlay LLC and Myerstown Soccer Club), GoPlay LLC shall refund in full any payments received from Myerstown Soccer Club.

II. If Myerstown Soccer Club cancels the trip less than ninety days but more than forty-five days before departure, GoPlay LLC may be charged charges beyond its control, including but not limited to deposits/payments to airlines and hotels. In this case, GoPlay LLC will make every effort to recover and refund such amounts to Myerstown Soccer Club.

III. If Myerstown Soccer Club cancels the trip less than forty-five days before departure, GoPlay LLC will be responsible for non-recoverable charges beyond its

# EXHIBIT A

control. GoPlay LLC will try to recover and refund the remaining balance of the payment to Myerstown Soccer Club.

8.  **INSURANCE.**

    I.   Types and Amounts.  The GoPlay LLC shall obtain and maintain throughout the term of this Agreement, at its own expense: (i) one or more policies for commercial general liability insurance, which policy(ies) and have a minimum single combined limit of liability of not less than One Million Dollars ($1,000,000) per occurrence and Five Million Dollars ($5,000,000) aggregate coverage; (ii) if contracting in whole or part to provide professional services, one or more policies for professional liability insurance, which policy(ies) shall have a minimum single combined limit liability of not less than One Million Dollars ($1,000,000) per occurrence and Five Million dollars ($5,000,000) aggregate coverage.

    II.  Delivery; Coverage Change; No Inconsistent Action.  Before the execution of this Agreement, copies of current certificates of insurance evidencing the insurance coverage required by this Agreement shall be delivered to Myerstown Soccer Club  Not less than thirty (30) days before the date of any expiration or renewal of, or actual, proposed or threatened reduction or cancellation of coverage under, any insurance required hereunder, the Contractor shall provide written notice to Myerstown Soccer Club of the same and deliver to Myerstown Soccer Club renewal or replacement certificates of insurance.  GoPlay LLC shall cause all insurance to remain in full force and effect throughout this Agreement and shall not take any action or omit any action that would suspend or invalidate any required coverages.  The failure of the Contractor to maintain Workers' Compensation Insurance shall render this contract void and of no effect.  The failure of the Contractor to maintain the other required coverages shall be deemed a material breach of this Agreement upon which the University reserves the right to consider this Agreement terminated as of the date of such failure.

9.  **NO ASSIGNMENT/TIME OF ESSENCE/HEIRS AND ASSIGNS.**  This Agreement is for the particular services to be performed by GoPlay LLC and shall not be assignable by GoPlay LLC in whole or in part without the prior written consent of Myerstown Soccer Club.  Time is of the essence in the performance of every provision of this Agreement.  The provisions of this Agreement shall extend to and be binding upon and inure to the benefit of the heirs, executors, administrators, successors, and assigns of the respective parties hereto or of any third-party beneficiaries of this Agreement.

EXHIBIT A

10. **NO MODIFICATIONS OF AGREEMENTS.** This Agreement constitutes the complete understanding of the parties on the subject and supersedes all prior understandings or agreements. No oral understanding or agreement not incorporated herein shall be binding on any of the parties hereto. No prior or contemporaneous agreement, representations, or understandings between GoPlay LLC and any Travel Instructor for any Sports Trip that are not set forth herein shall be binding upon Myerstown Soccer Club. No waiver, modification, or amendment of any provision of its Agreement shall be effective unless it is in writing and signed by duly authorized representatives of both parties.

11. **NOTICES.** Any notices required or permitted hereunder shall be given in writing to the appropriate party at the address noticed to the other. Such notice shall be deemed given at the time of personal delivery to the signatory of the appropriate party named below or upon mailing by certified or registered mail five (5) days after the date of such mailing.

12. **GOVERNING LAW AND VENUE.** Unless otherwise specified in this Agreement or required by Law, all claims or actions concerning this Agreement shall be resolved exclusively by a court of competent jurisdiction in PA, and the parties expressly waive any objections to the same on any grounds, including venue and forum nonconvenient. This Agreement is intended as a contract under and shall be governed and construed by the Laws of the State of PA, without regard to the conflict of laws provisions thereof.

IN WITNESS WHEREOF, GoPlay LLC and Myerstown Soccer Club have executed this Agreement to be effective on the day and year first written above.

GoPlay LLC                                    Myerstown Soccer Club

**Signature:** _____

**Name / Title:** *President*

**Date:** 9/7/25

# EXHIBIT C

EXHIBIT B





---------- Forwarded message ---------
From: **GoPlay Info** <info@goplay-sports.com>
Date: Mon, Apr 6, 2026, 9:48 PM
Subject: GoPlay LLC
To:

Dear Valued Customer,

It is with deep regret that we inform you that GoPlay LLC has ceased operations, effective immediately, and will no longer be able to accept payments or fulfill any future bookings.

In recent weeks, a combination of reduced bookings and increased cancellations due to the ongoing situation in the Middle East has rendered it impossible for GoPlay to continue operations. Please know that GoPlay did not make this decision lightly and explored several options to avoid this outcome, including refinancing, raising new capital, and a potential sale of the business. Unfortunately, GoPlay has been unable to identify a way to continue operating.

The company is now taking steps to enter a formal Chapter 7 bankruptcy process. A bankruptcy trustee has been appointed to liquidate GoPlay's assets and use the proceeds of those assets to pay outstanding debts. You will be sent notices of the filing, applicable meeting dates, and deadlines in the case.

2

EXHIBIT B

For legal purposes, please direct all correspondence to: info@goplay-sports.com until you hear from the bankruptcy trustee.

Customers who have paid by credit card may wish to contact their card provider to explore potential chargeback options. You may also wish to review any applicable travel insurance policies.

GoPlay sincerely apologizes for the impact this news will have on you, and your team. We will be sending individual emails out to travelers by 12pm tomorrow.

Yours sincerely,
GoPlay LLC

3

# EXHIBIT D

# EXHIBIT C



==========================================



·  **From:** Justin Bollinger <jbollinger@gkh.com>
**Sent:** Tuesday, April 7, 2026 10:02 AM
**To:** info@goplay-sports.com <info@goplay-sports.com>
**Cc:** treasurer@myerstownsoccerclub.org
<treasurer@myerstownsoccerclub.org>; Darren Lyons <dlyons@goplay-sports.com>; Brian Marquette <info@myerstownsoccerclub.org>
**Subject:** RE: ELCO Boys Soccer Trip - Refund Requested

Good morning,

EXHIBIT C

· As a follow-up to the email below, would you please provide me with the following documentation for the ELCO Boys Soccer Trip:

1. Flight confirmations;
2. Hotel booking confirmations;
3. Transportation confirmations for any local transportation providers (charter bus, etc.); and
4. Any and all other documentation regarding prepayments or deposits made to third parties on behalf of, or related to, the above-referenced trip.

Please let me know if you have any questions.

Thank you.

-Justin


**Justin J. Bollinger**

Partner

jbollinger@gkh.com | **P: 717.291.1700** |

F: 717.291.5547

2933 Lititz Pike | P.O. Box 5349 | Lancaster, PA 17606


** CONFIDENTIAL**

# EXHIBIT E



THE LAW OFFICES OF

GKH
ESTD 1977

GIBBEL KRAYBILL & HESS LLP
ATTORNEYS & COUNSELORS AT LAW

April 21, 2026

***VIA FIRST CLASS MAIL, CERTIFIED MAIL RETURN RECEIPT REQUESTED AND VIA EMAIL***
GOPLAY LLC
4228 Washington Street
Boston, MA 02131
info@goplay-sports.com

GOPLAY LLC
c/o United states Corporation Agents, Inc.
1900 West Park Drive, Suite 280F
Westborough, MA 01581

GOPLAY LLC
c/o Darren Peter Lyons, Manager
91 Redlands Road
Boston, MA 02132
dlyons@goplay-sports.com

GOPLAY LLC
c/o Brian Ainscough, Manager
38 Elm Street
Canton, MA 02021

   Re: Agreement Between Myerstown Soccer Club & GOPLAY LLC

Dear GO PLAY LLC, Mr. Lyons, and Mr. Ainscough:

   We represent Myerstown Soccer Club ("MSC"), a soccer club located in Myerstown, Pennsylvania. GOPLAY LLC contracted with MSC to provide certain travel services, including arranging "all air and ground transportation, lodging, cultural experiences, and certain meals for" an overseas trip for the ELCO Boys Soccer Team to visit Germany and Austria from July 31, 2026 through August 9, 2026 (the "Trip"). *See* Agreement Between Myerstown Soccer Club & GOPLAY LLC attached as Exhibit A (the "Agreement").

   By email dated April 6, 2026, representatives of MSC were informed, for the first time, that GoPlay LLC was ceasing operations and "will no longer be able to accept payments or fulfill any future bookings." *See* April 6, 2026, Email attached as Exhibit B.

   Prior to receiving the April 6, 2026 email from GO PLAY LLC, and pursuant to the Agreement, MSC made payments to GOPLAY LLC as follows:

By Appointment Only   717 291 1700 · 484 416 0531   2933 Lititz Pike
N. Duke Street · Lancaster   Fax – 717 291 5547   PO Box 5349
E. Lancaster Ave · Ardmore   WWW.GKH.COM   Lancaster, PA 17606

April 21, 2026
Page 2

1. December 17, 2025: $40,000.00
2. February 17, 2026: $50,000.00
3. March 23, 2026: $25,000.00

According to Paragraph 6 of the Agreement, Cancellation By GOPLAY LLC, "[i]f GoPlay LLC cancels a trip at any time for circumstances other than those deemed "beyond the control" of GoPlay LLC, GoPlay LLC shall refund in full any payments received from Myerstown Soccer Club." Based upon the clear contractual language of the Agreement, MSC is entitled to a full, complete, and immediate refund of the money paid toward the Trip.

**Since GOPLAY LLC unilaterally cancelled the Trip, MSC is by this letter making formal demand for payment in full of the $115,000.00 it paid to GOPLAY LLC within ten (10) calendar days of the date of this letter. Unless GOPLAY LLC makes payment as demanded for the total sum of $115,000.00, MSC is prepared to pursue all legal remedies available to collect the amounts due under the Agreement, including filing a lawsuit in any appropriate state or federal court in the Commonwealth of Pennsylvania having jurisdiction of this matter. If MSC is compelled to file a lawsuit, MSC will seek the recovery of all sums due, as well as attorneys' fees incurred during collection and/or litigation of this matter. Pursuant to Paragraph 12 of the Agreement, any claims or actions regarding the Agreement will be construed under the laws of the Commonwealth of Pennsylvania and will be "resolved exclusively by a court of competent jurisdiction in PA."**

Finally, by email dated April 7, 2026, which was sent to GO PLAY LLC (info@goplay-sports.com) and Mr. Lyons (dlyons@goplay-sports.com), undersigned counsel requested documentation related to the ELCO Boys Soccer Trip, including:

1. Flight confirmations;
2. Hotel booking confirmations;
3. Transportation confirmations for any local transportation providers (charter bus, etc.); and
4. Any and all other documentation regarding prepayments or deposits made to third parties on behalf of, or related to, the above-referenced trip.

*See* April 7, 2026, Email attached as Exhibit C.

To date, none of the requested information has been provided to MSC or undersigned counsel. Therefore, by this letter MSC is also demanding documentation regarding the above-referenced trip information, which MSC paid GOPLAY LLC to coordinate and arrange pursuant to the Agreement.

Please contact me directly at 717-291-1700 to discuss this matter. If GOPLAY LLC is represented by legal counsel, please have its attorney contact me to discuss. Thank you.

April 21, 2026
Page 3

Sincerely,

Justin J. Bollinger
jbollinger@gkh.com

JJB
cc:     info@myerstownsoccerclub.org; treasurer@myerstownsoccerclub.org
Encl.  Exhibit A:  Agreement Between Myerstown Soccer Club & GOPLAY LLC
        Exhibit B:  Email from GOPLAY LLC, April 6, 2026
        Exhibit C:  Email to GOPLAY LLC, April 7, 2026

# EXHIBIT A

## AGREEMENT BETWEEN

## MYERSTOWN SOCCER CLUB

## &

## GOPLAY LLC

In consideration of the premises and mutual covenants contained in this Agreement, the parties agree as follows:

1.  **SCOPE OF AGREEMENT.** This agreement applies to the trip to Germany & Austria from July 31st – August 9th, 2026.

2.  **TRAVEL SERVICES.** GoPlay LLC shall arrange for and provide all air and ground transportation, lodging, cultural experiences, and certain meals for the Trips ("Travel Services"), the details of which GoPlay LLC shall specify on the itinerary.

3.  **PAYMENT BY Myerstown Soccer Club**

    I.   All Myerstown Soccer Club for Travel Services payments hereunder shall be made directly to GoPlay LLC. All checks or ACH drawn by Myerstown Soccer Club shall be made to the order of GoPlay LLC or any other name GoPlay LLC may direct. All funds received by GoPlay LLC for the trip are to be received by GoPlay LLC in trust for the benefit of the trip participants. GoPlay LLC shall manage all charges collected from players in accordance with applicable federal and state laws and regulations, as well as the requirements of this Agreement. GoPlay LLC shall disclose to a Myerstown Soccer Club the total cost to trip participants for the arranged trip. Disclosure of these costs and expenses for each trip shall be listed on the addendum(s) to the agreement. Cost figures so disclosed will not be changed, and prices are guaranteed.

    II.  The total payment due to GoPlay LLC is $3,600 per person.

    III. Payment to me was made as per the agreed schedule. September 30th, 2025, January 15th, 2026, and June 30th, 2026.

4.  **TRIP CANCELLATION PROVISIONS WHEN CANCELLATION IS DUE TO CAUSES BEYOND THE PARTIES' CONTROL.**

# EXHIBIT A

I.    If GoPlay LLC or Myerstown Soccer Club cancels the trip more than ninety days before departure due to circumstances beyond either party's control, GoPlay LLC will refund all monies paid by Myerstown Soccer Club.

II.   If the trip is canceled less than ninety days but more than forty-five days before departure, there may be non-recoverable charges beyond GoPlay LLC's control, including but not limited to deposits/payments to airlines and hotels. In this case, GoPlay LLC will make every effort to recover and refund such amounts to Myerstown Soccer Club.

III.  If either GoPlay LLC or Myerstown Soccer Club cancels or cuts short a trip after departure and while in progress for reasons beyond either party's control, GoPlay LLC will refund monies paid to Myerstown Soccer Club based on the appropriate portion of unused travel. Circumstances "beyond the control" of either party shall be defined as any circumstance affecting the trip participants' health, safety, or comfort, including the threat of war or natural disaster.

5.    **CANCELLATION FOR CONVENIENCE BY TRIP PARTICIPANTS.**  GoPlay LLC shall give adequate notice of the cancellation policy for each trip in writing, along with the initial promotional/informational materials that will be distributed to Myerstown Soccer Club.

6.    **CANCELLATION BY GOPLAY LLC.**

If GoPlay LLC cancels a trip at any time for circumstances other than those deemed "beyond the control" of GoPlay LLC, GoPlay LLC shall refund in full any payments received from Myerstown Soccer Club.

7.    **CANCELLATION BY Myerstown Soccer Club**

I.    If Myerstown Soccer Club cancels the trip for any reason ninety days before its scheduled departure (or fewer days upon the express mutual written agreement of GoPlay LLC and Myerstown Soccer Club), GoPlay LLC shall refund in full any payments received from Myerstown Soccer Club.

II.   If Myerstown Soccer Club cancels the trip less than ninety days but more than forty-five days before departure, GoPlay LLC may be charged charges beyond its control, including but not limited to deposits/payments to airlines and hotels. In this case, GoPlay LLC will make every effort to recover and refund such amounts to Myerstown Soccer Club.

III.  If Myerstown Soccer Club cancels the trip less than forty-five days before departure, GoPlay LLC will be responsible for non-recoverable charges beyond its

EXHIBIT A

control. GoPlay LLC will try to recover and refund the remaining balance of the payment to Myerstown Soccer Club.

8. **INSURANCE.**

I. Types and Amounts. The GoPlay LLC shall obtain and maintain throughout the term of this Agreement, at its own expense: (i) one or more policies for commercial general liability insurance, which policy(ies) and have a minimum single combined limit of liability of not less than One Million Dollars ($1,000,000) per occurrence and Five Million Dollars ($5,000,000) aggregate coverage; (ii) if contracting in whole or part to provide professional services, one or more policies for professional liability insurance, which policy(ies) shall have a minimum single combined limit liability of not less than One Million Dollars ($1,000,000) per occurrence and Five Million dollars ($5,000,000) aggregate coverage.

II. Delivery; Coverage Change; No Inconsistent Action. Before the execution of this Agreement, copies of current certificates of insurance evidencing the insurance coverage required by this Agreement shall be delivered to Myerstown Soccer Club Not less than thirty (30) days before the date of any expiration or renewal of, or actual, proposed or threatened reduction or cancellation of coverage under, any insurance required hereunder, the Contractor shall provide written notice to Myerstown Soccer Club of the same and deliver to Myerstown Soccer Club renewal or replacement certificates of insurance. GoPlay LLC shall cause all insurance to remain in full force and effect throughout this Agreement and shall not take any action or omit any action that would suspend or invalidate any required coverages. The failure of the Contractor to maintain Workers' Compensation Insurance shall render this contract void and of no effect. The failure of the Contractor to maintain the other required coverages shall be deemed a material breach of this Agreement upon which the University reserves the right to consider this Agreement terminated as of the date of such failure.

9. **NO ASSIGNMENT/TIME OF ESSENCE/HEIRS AND ASSIGNS.** This Agreement is for the particular services to be performed by GoPlay LLC and shall not be assignable by GoPlay LLC in whole or in part without the prior written consent of Myerstown Soccer Club. Time is of the essence in the performance of every provision of this Agreement. The provisions of this Agreement shall extend to and be binding upon and inure to the benefit of the heirs, executors, administrators, successors, and assigns of the respective parties hereto or of any third-party beneficiaries of this Agreement.

EXHIBIT A

10. **NO MODIFICATIONS OF AGREEMENTS.** This Agreement constitutes the complete understanding of the parties on the subject and supersedes all prior understandings or agreements. No oral understanding or agreement not incorporated herein shall be binding on any of the parties hereto. No prior or contemporaneous agreement, representations, or understandings between GoPlay LLC and any Travel Instructor for any Sports Trip that are not set forth herein shall be binding upon Myerstown Soccer Club. No waiver, modification, or amendment of any provision of its Agreement shall be effective unless it is in writing and signed by duly authorized representatives of both parties.

11. **NOTICES.** Any notices required or permitted hereunder shall be given in writing to the appropriate party at the address noticed to the other. Such notice shall be deemed given at the time of personal delivery to the signatory of the appropriate party named below or upon mailing by certified or registered mail five (5) days after the date of such mailing.

12. **GOVERNING LAW AND VENUE.** Unless otherwise specified in this Agreement or required by Law, all claims or actions concerning this Agreement shall be resolved exclusively by a court of competent jurisdiction in PA, and the parties expressly waive any objections to the same on any grounds, including venue and forum nonconvenient. This Agreement is intended as a contract under and shall be governed and construed by the Laws of the State of PA, without regard to the conflict of laws provisions thereof.

IN WITNESS WHEREOF, GoPlay LLC and Myerstown Soccer Club have executed this Agreement to be effective on the day and year first written above.

GoPlay LLC                                    Myerstown Soccer Club

**Signature:** _(signature)_

**Name / Title:** _President_

**Date:** _9/7/25_

EXHIBIT B





---------- Forwarded message ----------
From: **GoPlay Info** <info@goplay-sports.com>
Date: Mon, Apr 6, 2026, 9:48 PM
Subject: GoPlay LLC
To:

Dear Valued Customer,

It is with deep regret that we inform you that GoPlay LLC has ceased operations, effective immediately, and will no longer be able to accept payments or fulfill any future bookings.

In recent weeks, a combination of reduced bookings and increased cancellations due to the ongoing situation in the Middle East has rendered it impossible for GoPlay to continue operations. Please know that GoPlay did not make this decision lightly and explored several options to avoid this outcome, including refinancing, raising new capital, and a potential sale of the business. Unfortunately, GoPlay has been unable to identify a way to continue operating.

The company is now taking steps to enter a formal Chapter 7 bankruptcy process. A bankruptcy trustee has been appointed to liquidate GoPlay's assets and use the proceeds of those assets to pay outstanding debts.   You will be sent notices of the filing, applicable meeting dates, and deadlines in the case.

2

EXHIBIT B

For legal purposes, please direct all correspondence to: info@goplay-sports.com until you hear from the bankruptcy trustee.

Customers who have paid by credit card may wish to contact their card provider to explore potential chargeback options. You may also wish to review any applicable travel insurance policies.

GoPlay sincerely apologizes for the impact this news will have on you, and your team. We will be sending individual emails out to travelers by 12pm tomorrow.

Yours sincerely,
GoPlay LLC

# EXHIBIT C



============================================



· **From:** Justin Bollinger <jbollinger@gkh.com>
**Sent:** Tuesday, April 7, 2026 10:02 AM
**To:** info@goplay-sports.com <info@goplay-sports.com>
**Cc:** treasurer@myerstownsoccerclub.org
<treasurer@myerstownsoccerclub.org>; Darren Lyons <dlyons@goplay-sports.com>; Brian Marquette <info@myerstownsoccerclub.org>
**Subject:** RE: ELCO Boys Soccer Trip - Refund Requested

Good morning,

EXHIBIT C

As a follow-up to the email below, would you please provide me with the following documentation for the ELCO Boys Soccer Trip:

1. Flight confirmations;
2. Hotel booking confirmations;
3. Transportation confirmations for any local transportation providers (charter bus, etc.); and
4. Any and all other documentation regarding prepayments or deposits made to third parties on behalf of, or related to, the above-referenced trip.

Please let me know if you have any questions.

Thank you.

-Justin

**Justin J. Bollinger**

Partner

jbollinger@gkh.com | **P: 717.291.1700** |

F: 717.291.5547

2933 Lititz Pike | P.O. Box 5349 | Lancaster, PA 17606

** CONFIDENTIAL**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| <br><br><br><br><br>*Plaintiff(s)*<br>v.<br><br><br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
*Plaintiff(s)* ) |
v. ) | Civil Action No. |
| ) | |
| ) | |
| ) | |
| ) | |
*Defendant(s)* ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td rowspan="7">_____<br><i>Plaintiff(s)</i><br><br>v.<br><br>_____<br><i>Defendant(s)</i></td><td>)</td><td rowspan="7">Civil Action No.</td></tr>
<tr><td>)</td></tr>
<tr><td>)</td></tr>
<tr><td>)</td></tr>
<tr><td>)</td></tr>
<tr><td>)</td></tr>
<tr><td>)</td></tr>
</table>

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____

                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: