## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

BRANDON NEWCOMER                      :
4248 Wagonwheel Ct., Apt. F           :
Harrisburg, PA 17109                  :
                                      :      Civil Action No.: _____
                  Plaintiff,          :
                                      :
        v.                            :
                                      :      **JURY TRIAL DEMANDED**
YORK INTERNATIONAL CORP               :
d/b/a JOHNSON CONTROLS                :
5757 N Green Bay Avenue               :
Milwaukee, WI 53209                   :
                  Defendant.          :
---------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Brandon Newcomer ("Plaintiff"), by and through his undersigned counsel, for his Complaint against York International Corp d/b/a Johnson Controls ("Defendant"), alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this Complaint contending that Defendant violated the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*.

## PARTIES

2.    Plaintiff is a citizen of the United States and Commonwealth of Pennsylvania and currently maintains a residence at 4248 Wagonwheel Ct., Apt. F, Harrisburg, PA 17109.

3.    Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Wisconsin and registered to do business in Pennsylvania with a principal place of business located at 1499 East Philadelphia Street, York, PA 17403.

## **JURISDICTION AND VENUE**

4.    Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.    On or about May 6, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2024-05731. Plaintiff's EEOC charge was filed within one-hundred and eighty (180) days of the unlawful employment practice.

6.    By correspondence dated March 31, 2026, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

7.     Plaintiff filed the instant action within the statutory time frame applicable to his claims.

8.     Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

9.     This action is authorized and initiated pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same common nucleus of operative fact as his federal claims.

12.     The venue in this district is proper pursuant to 28 U.S.C. § 1391, as the unlawful practices to which Plaintiff is complaining were committed in this district within the Commonwealth of Pennsylvania.

## **FACTUAL ALLEGATIONS**

13.     Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14.     On or about July 17, 2023, Plaintiff began his employment with Defendant in the position of Wrapper/Skidder/Assembler.

15. By way of background, Plaintiff suffers from chronic digestive issues, acid reflux, and ulcers.

16. The aforementioned constitute disabilities within the meaning of the ADA and PHRA in that they severely limit one or more major life activities.

17. By further way of background, during the course of Plaintiff's employment with Defendant, Plaintiff sufficiently placed Defendant's Supervisors, Emily Wood ("Ms. Wood"), Kyle Williams ("Mr. Williams"), and Maria Rasko ("Ms. Rasko"), on notice of his disabilities.

18. Notably, when Plaintiff missed work for his aforementioned disabilities, and upon providing Defendant's human resources department with copies of his doctors' notes, Plaintiff would be told "[his] notes from urgent care aren't valid."

19. As a result, Defendant would add absentee points to Plaintiff's personnel file and count the absences as negative contributing factors for continued employment with Defendant.

20. At no point, despite knowing about Plaintiff's disabilities and frequent doctor visits in connection thereto, did Defendant raise with Plaintiff the possibility of a reasonable accommodation, such as a schedule change or a leave of absence.

21.    On or about February 12, 2024, Plaintiff was required by Defendant to work with hazardous chemicals which caused severe breathing complications, pain in Plaintiff's lungs, and incessant coughing.

22.    Following Plaintiff's shift, at approximately 2:00 AM on or about February 13, 2024, Plaintiff was hospitalized due to the aforementioned symptoms associated with Defendant's hazardous chemicals.

23.    Ultimately, Plaintiff was diagnosed with pneumothorax, or, in simpler terms, a collapsed lung.

24.    Pneumothorax constitutes a disability within the meaning of the ADA and PHRA in that it severely limits one or more major life activities.

25.    Subsequently, Plaintiff informed Ms. Wood of his hospitalization and need for a reasonable accommodation in the form of a brief medical leave of absence.

26.    In response, Ms. Wood advised Plaintiff to email Defendant's human resources department and inform them of same.

27.    On or about February 14, 2024, via email, Plaintiff updated Defendant's Human Resources Representative, Rachel Beaver ("Ms. Beaver"), on the status of his condition, his need for a reasonable accommodation, and of the possibility of needing work restrictions upon his return to work.

28.    On or about February 15, 2024, approximately two (2) days following Plaintiff's hospitalization and need for a reasonable accommodation, Plaintiff

received a termination letter from Defendant advising that he had been terminated from employment effective February 9, 2024, despite working February 9th and 12th.

29.     Therein, Defendant attributed the absentee points Plaintiff accumulated due to his disabilities and hospitalization as the reason(s) for Plaintiff's termination.

30.     Notably, it was the on or about February 12, 2024, shift which resulted in Plaintiff's hospitalization and need for a reasonable accommodation.

31.     Upon notifying Ms. Beaver of the incorrect termination date, Plaintiff was advised it would be updated in Defendant's employment record for him.

32.     In light of the foregoing, it is believed, and therefore averred, that Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, because Defendant regarded him as being disabled, for his past record of impairment, and in retaliation for his request(s) for an accommodation in connection thereto, in violation of the ADA and PHRA.

33.     Additionally, it is believed, and therefore averred, that Defendant failed to engage in the interactive process with Plaintiff to determine a reasonable accommodation, in violation of the ADA and PHRA.

34.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other

economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq*.
## DISCRIMINATION, FAILURE TO ACCOMMODATE, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS, AND RETALIATION

35.     Paragraphs 1 through 34 are hereby incorporated by reference as though the same were fully set forth at length herein.

36.     At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

37.     At all times relevant hereto, Defendant employed at least fifteen (15) employees.

38.     Plaintiff is a qualified individual with one or more disabilities within the meaning of the ADA.

39.     Defendant was aware of Plaintiff's disabilities, record of impairment, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

40.     Plaintiff asked for a reasonable accommodation in connection with his disabilities.

41.     Defendant failed to engage in the interactive process with Plaintiff to determine a reasonable accommodation.

42.    Upon information and belief, Defendant retaliated against Plaintiff for his request for a reasonable accommodation in connection with his disabilities.

43.    Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job, with or without a reasonable accommodation.

44.    By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process to determine and consider reasonable accommodations for Plaintiff, by failing to provide reasonable accommodations to Plaintiff, and by terminating Plaintiff's employment because of his actual and/or perceived disabilities, because Defendant regarded him as being disabled, for his past record of impairment, and/or in retaliation for his request(s) for reasonable accommodations in connection to his disabilities.

45.    Defendant further violated the ADA by failing to engage in the interactive process with Plaintiff.

46.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against

Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial;

B. Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

C. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E. Pre-judgment interest in an appropriate amount; and

F. Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## THE PENNSYLVANIA HUMAN RELATIONS ACT
### 43 P.S. § 951, *ET SEQ.*
### DISCRIMINATION, FAILURE TO ACCOMMODATE, FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS, AND RETALIATION

47. Paragraphs 1 through 46 are hereby incorporated by reference, as though the same were fully set forth at length herein.

48.    At all times relevant hereto, Defendant had at least fifteen (15) employees.

49.    Plaintiff is a qualified individual with one or more disabilities within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

50.    Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled within the meaning of the PHRA.

51.    Plaintiff asked for a reasonable accommodation in connection with his disabilities.

52.    Defendant failed to engage in the interactive process with Plaintiff to determine a reasonable accommodation.

53.    Upon information and belief, Defendant retaliated against Plaintiff for his request for a reasonable accommodation in connection with his disabilities.

54.    Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job, with or without a reasonable accommodation.

55.    By reason of the foregoing, Defendants, through its agents, officers, servants, and/or employees, has violated the PHRA by discharging Plaintiff because of his disabilities, his record of disability/impairment, because it regarded him as being disabled within the meaning of the PHRA, and/or in retaliation for requesting a reasonable accommodation for his disability.

56.    Defendant further violated the PHRA by failing to engage in the interactive process with Plaintiff.

57.    As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial;

B.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C.    Pre-judgment interest in an appropriate amount; and

D.    Such other and further relief as is just and equitable under the circumstances; and,

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    */s/ Mary Kramer*
      Mary Kramer, Esq.
      Michael Murphy, Esq.
      1628 John F. Kennedy Blvd., Suite 2000
      Philadelphia, PA 19103
      Phone: (267) 273-1054
      Fax: (215) 525-0210
      mkramer@phillyemploymentlawyer.com
      murphy@phillyemploymentlawyer.com
      *Attorneys for Plaintiff*

Dated: May 12, 2026

## <u>DEMAND TO PRESERVE EVIDENCE</u>

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.