## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROSA KEITH,                          )
                                     ) CIVIL ACTION NO.:
      Plaintiff,                   )
                                     )
      v.                           )
                                     ) **JURY TRIAL DEMANDED**
THE SYGMA NETWORK, INC.,             )
                                     ) *ELECTRONICALLY FILED*
      Defendant.                   )

## COMPLAINT

Plaintiff, Rosa Keith, a resident of Cumberland County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, The Sygma Network, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), and 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3.     Plaintiff, Rosa Keith ("Ms. Keith" or "Plaintiff"), is an adult female individual residing at 234 Marion Avenue, Carlisle, Cumberland County, Pennsylvania 17013.

4.     Ms. Keith's gender is female.

5.     Ms. Keith's race is African American.

6.     Defendant, The Sygma Network, Inc., ("Sygma"), is a Delaware corporation that maintains its headquarters in Dublin, Ohio.

7.     At all times relevant and material to this Complaint, Sygma maintained a distribution facility at 400 Industrial Road, Harrisburg, Dauphin County, Pennsylvania 17110.

## ADMINISTRATIVE PROCEEDINGS

8.     On or about September 5, 2025, Ms. Keith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge Number 530-2025-09613.

9.     Ms. Keith has been advised by the EEOC of her right to sue in federal court, which notice was issued on April 9, 2026.

10.    All necessary and appropriate administrative prerequisites to this action have been met.

**STATEMENT OF FACTS**

11.     Ms. Keith worked for Sygma for twenty-three years until her termination on or about June 25, 2026.

12.     Ms. Keith always performed her job in a satisfactory manner, which was recognized by Sygma's management when she was promoted to a management position in 2022.

13.     While Ms. Keith thrived in her role because of her hard-working and tenacious nature, she was often treated differently due to her race and gender.

14.     Sygma's management held Ms. Keith to a higher standard compared to her Caucasian/white male coworkers, since she was one of only a few African American employees and one of only a few female managers at Sygma's Harrisburg facility, which was primarily dominated by white male employees.

15.     One of the most striking instances of Ms. Keith being treated differently because of her racial and gender identity was her termination.

16.     In or about late June 2025, Ms. Keith's supervisor informed her that she was being terminated for mishandling company assets after she allegedly failed to process two hundred and forty-eight dollars  ($248) in invoices through the Employee Product Share Program.

17.     Surprised by this sudden and improper accusation, Ms. Keith informed her supervisor that she did in fact process the invoices in question, which could be

3

confirmed through a cursory inspection, but nonetheless her response was ignored as she was subsequently terminated.

18. It is clear that Ms. Keith's termination stemmed from the disparate treatment she endured because of her gender and race, since around the time of her termination, a white male manager who oversaw inventory at Sygma's Harrisburg location lost over two hundred thousand dollars ($200,000) in company product.

19. Rather than terminating the while male employee for mishandling company assets, as Sygma did with Ms. Keith, Sygma merely wrote this employee up.

20. The difference in treatment between this white male employee and Ms. Keith became even more apparent when considering how this employee's mishandling of company assets was so severe that Sygma had to spread the loss of these missing funds in many reports over the span of a year to minimize the facial appearance of a loss over two hundred thousands dollars.

21. While contrasting the severity of this white male's major mishandling of company assets and his resulting discipline compared to Ms. Keith's alleged mishandling of two hundred and forty-eight dollars and termination, it becomes clear that Sygma's reasoning for Ms. Keith's termination was pretextual, and that Sygma subjected her to disparate treatment due to the company's animus towards her race and gender.

22.    Defendant Sygma violated Title VII by discriminating against Ms. Keith on the basis of her gender and race.

23.    Defendant Sygma violated Section 1981 by discriminating against Ms. Keith on the basis of her race.

## COUNT I

**TITLE VII VIOLATIONS**
**GENDER DISCRIMINATION**

24.    All prior paragraphs are incorporated herein as if set forth fully below.

25.    At all relevant times hereto, Ms. Keith was an "employee" within the meaning of Title VII, and Sygma was an "employer" within the meaning of Title VII.

26.    Sygma violated Title VII by discriminating against Ms. Keith on the basis of her gender, resulting in her termination.

27.    As a consequence of Sygma's discriminatory actions, Ms. Keith was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

28.    As a result of Sygma's discriminatory actions, Ms. Keith has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing.

5

29.    The actions of Sygma set forth above constitute violations of Ms. Keith's federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Rosa Keith, seeks damages against Defendant, The Sygma Network, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

**COUNT II**

**TITLE VII VIOLATIONS**
**RACE DISCRIMINATION**

30.    All prior paragraphs are incorporated herein as if set forth fully below.

31.    At all relevant times hereto, Ms. Keith was an "employee" within the meaning of Title VII, and Sygma was an "employer" within the meaning of Title VII.

32.    Sygma violated Title VII by discriminating against Ms. Keith on the basis of her race, resulting in her termination.

33.    As a consequence of Sygma's discriminatory actions, Ms. Keith was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

34. As a result of Sygma's discriminatory actions, Ms. Keith has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing.

35. The actions of Sygma set forth above constitute violations of Ms. Keith's federal civil rights under Title VII.

**WHEREFORE**, Plaintiff, Rosa Keith, seeks damages against Defendant, The Sygma Network, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT III

### 42 U.S.C. § 1981 VIOLATIONS
### RACE DISCRIMINATION

36. All prior paragraphs are incorporated herein as if set forth fully below.

37. At all times relevant herein, Ms. Keith maintained or sought to maintain a contractual relationship with Sygma (i.e., an employment relationship).

38. At all times relevant herein, Sygma acted by and through its agents, servants, and employees, to intentionally discriminate against Ms. Keith on the basis of her African American race and thereby deny her the benefits of the contractual relationship she had entered into with Sygma.

39. As a consequence of Sygma's discriminatory actions and failures to act, Ms. Keith was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties

7

and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

40.    As a result of Sygma's discriminatory actions, Ms. Keith has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing.

41.    The actions of Sygma set forth above constitute violations of Ms. Keith's federal civil rights under Section 1981.

**WHEREFORE**, Plaintiff, Rosa Keith, seeks damages against Defendant, Sygma, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### *AD DAMNUM* **CLAUSE/PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Rosa Keith, prays that the Court enter judgment in her favor and against the Defendant, The Sygma Network, Inc., and that the Court enter an Order as follows:

a.    Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of her gender, race and/or any basis prohibited under applicable federal law;

b.    Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating and/or retaliating against employees based on their gender and/or race and is to be ordered to

8

promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e. Plaintiff is to be awarded punitive damages pursuant to Title VII and Section 1981;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal law;

h.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i.    Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage – or cease engaging – in illegal retaliation against Plaintiff or other witnesses to this action; and

j.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Date: May 13, 2026

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

10

/s/ Michael J. Bradley
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*

11