# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

FAWN JANECEK, *individually and on*    :
*behalf of all others similarly situated*    :    CIVIL ACTION NO. _____
257 Mitchell Creek Road    :
Tioga, PA 16946    :    **JURY TRIAL DEMANDED**
   :
           Plaintiff,    :
   v.    :
   :
TYOGA CONTAINER COMPANY, INC.    :
9 Fish Street    :
Tioga, PA 16946    :
   :
           Defendant.    :

---------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Fawn Janecek ("Plaintiff") hereby brings this collective and class action against Defendant Tyoga Container Company, Inc. ("Defendant"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint contending that Defendant has unlawfully failed to pay her and other similarly-situated hourly employees overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.     Plaintiff is a current employee of Defendant who is employed in the position of Machine Operator.  During the course of their employment, Plaintiff and Putative Class Members regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Putative Class Members were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendant unlawfully failed to pay her and Putative Class Members overtime compensation for certain compensable pre-shift work in violation of the FLSA and PMWA and for compensable "walking time" in violation of the PMWA.

3.     Accordingly, Plaintiff contends that she and Putative Class Members are owed unpaid wages and overtime compensation which were denied to them as a result of Defendant's unlawful pay practices.

4.     Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## **JURISDICTION AND VENUE**

5.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be

maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

8.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## PARTIES

9.     Plaintiff Fawn Janecek currently resides at 257 Mitchell Creek Road, Tioga, PA 16946.

10.     Upon information and belief, Defendant Tyoga Container Company, Inc. is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a headquarters and office address registered with the Pennsylvania Secretary of State of 9 Fish Street, Tioga, PA 16946.

11.     Defendant operates in the Commonwealth of Pennsylvania, including this judicial district.

3

12. Defendant is an "employer" and an enterprise engaged in commerce and thus covered by the FLSA.

13. Upon information and belief, Defendant is a covered enterprise and employer under the FLSA in that, in each of the past three (3) years, it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

14. Plaintiff and, upon information and belief, Putative Class Members are employees who were employed by Defendant during all times relevant hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

15. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

4

17.    This action is brought as a collective action to recover unpaid overtime compensation and liquidated damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

18.    Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant who worked for Defendant at Defendant's Tioga, PA manufacturing plant at any point in the past three (3) years, who were paid on an hourly basis, and were denied overtime compensation due to Defendant's failure to count certain pre-shift work towards their total hours worked in violation of the FLSA ("Putative Collective Members").

19.    Plaintiff estimates that there are in excess of two hundred (200) other similarly-situated individuals who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and personnel records.  Putative Collective Members may be informed of the pendency of this collective action by direct mail and/or publication.

20.    Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Putative Collective Members are similarly-situated. Plaintiff and Putative Collective Members were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's failure to count certain pre-shift work towards their total hours worked under the FLSA, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Complaint, whereby Defendant have failed to pay Putative Collective Members an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Putative Collective Members in the same fashion.

21.    Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

22.    Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

6

23.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant at Defendant's manufacturing plant in Tioga, PA during the past three (3) years who were paid on an hourly basis ("Putative Class Members").[1]

24.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

25.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

      A.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

      B.     Whether the pre- and post-shift work performed by Plaintiff and Putative Class Members was/is compensable under the PMWA;

      C.     Whether the time Plaintiff and Putative Class Members spent walking to and from their work stations from Defendant's timeclocks at the

---

[1] Because the term "Putative Class Members" also, by definition, includes all individuals who qualify as "Putative Collective Members," Plaintiff will use the former term when describing all such individuals collectively.

beginning and end of their scheduled shifts constituted "hours worked" within the meaning of the PMWA;

D.      Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

E.      Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

F.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

26.    Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a current employee of Defendant who was employed in the position of Machine Operator who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to properly pay overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

27.    Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff is similarly situated to the Class and has no conflict with the Class members.

28.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

29.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay overtime compensation in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

30.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

31.     Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32.     Defendant owns and operates a large corrugated box manufacturing plant in Tioga, PA, totaling approximately 264,000 square feet, at which Plaintiff and Putative Class Members are/were employed (hereinafter, the "Tioga Plant").

33.     Defendant employs individuals who work at the Tioga Plant and are paid an hourly wage.

34.     Plaintiff Fawn Janecek began working for Defendant on or around January 3, 2023, when she was hired as a Machine Operator.

35.     Plaintiff was paid on an hourly basis.

36. Plaintiff, like Defendant's other hourly employees at the Tioga Plant, regularly works 40 or more hours per week.

37. According to Defendant's Employee Handbook, "Employees are expected to report to work and return from scheduled breaks on time, as well as work the hours scheduled," and being "tardy" is defined as "one minute after the scheduled work start time." See Excerpts from Defendant's Employee Handbook, a copy of which has been attached hereto as Exhibit "A" (emphasis in original), at 2.

38. Putative Class Members are further instructed that "[t]he company expects employees to be present in their workplace ready to work at the time the employee is due to start the workday," and that "[e]mployees should remain at their workspace during the course of their workday, unless business necessitates require them to leave or they have a scheduled break." See id., at 4.

39. Pursuant to Defendant's policies, "Employees should consider reporting to work on time and not unduly missing work as part of their expected job functions." See id.

40. Repeated failure to "be present in their workplace ready to work at the time the employee is due to start the workday," i.e. being tardy, is considered a "Secondary Conduct Infraction" which "may result in a progressive discipline process" up to and including termination. See id., at 3.

11

41.    In order to comply with Defendant's directives to "be present in their workplace ready to work at the time the employee is due to start the workday," and to avoid disciplinary action, Plaintiff and Putative Class Members must complete several activities at the Tioga Plant prior to their scheduled start time.

42.    For example, Putative Class Members are required to, *inter alia*: (a) punch in at the time clock near the facility's entrance; (b) walk for several minutes until they reach their assigned machine and/or work station; and (c) prepare their workstation for the day, including, as applicable, powering on the machine, turn on and purge the glue system, etc.

43.    Defendant's management was aware that Plaintiff and Putative Class Members frequently arrived for their shifts before their scheduled start time to perform compensable work activities at or related to their workstations without compensation.

44.    For example, until April 2026, Plaintiff routinely arrived at work approximately twenty (20) minutes early in order to accomplish the aforementioned pre-shift activities so that her machine was ready to begin production at her shift's scheduled start time.

45.    When Plaintiff would do this, her manager, Blair Whitney ("Mr. Whitney"), would already be present in the building and would typically see Plaintiff walking to her station.

46.     Moreover, Plaintiff and her coworkers would typically punch in early when they performed these pre-shift activities, thereby documenting their early arrival and performance of work in Defendant's time system.

47.     Nevertheless, at no point did Mr. Whitney, or any other member of Defendant's management, instruct Plaintiff or, upon information Putative Class Members – who also commonly arrived early in order to meet Defendant's attendance and production expectations – not to begin working early.

48.     Despite thus arriving (and punching in) approximately twenty minutes early per shift, Plaintiff's hourly compensation would only begin at her scheduled start time.

49.     Similarly, when Plaintiff and Putative Class Members would leave their workstations at their scheduled shift end times and punch out a few minutes after their scheduled shift, they would only be paid up to the scheduled end of their shift, and not for the 2-3 minutes it took for them to walk through the Tioga Plant to the time clocks.

50.     On April 3, 2026, Plaintiff – having arrived early to perform her work – completed production and prepared her machine/work station for the next shift by 2:57 pm, 3 minutes prior to the scheduled end of her shift.

51.     Accordingly, Plaintiff left her station, walked to the time clock, and punched out at approximately 3 pm.

52.    On April 6, 2026, Plaintiff received an "Initial Warning" and "Corrective Action Plan" for "leaving her machine center at 2:57 pm, which is before the end of her shift."

53.    Therein, Plaintiff was reminded that, per Defendant's Employee Handbook, "all employees are required to work during their scheduled shift times and remain at their assigned workstations for the entirety of their scheduled shift, and that failure to do so in the future would "result in additional disciplinary action, up to and including termination."

54.    The time Plaintiff and Putative Class Members were required to walk between Defendant's timeclock and their workstations before and after the end of their scheduled shifts was constituted "time during which an employee is required by the employer to be on the premises of the employer," and thus, "hours worked" within the meaning of the PMWA.  See 34 Pa. Code. § 231.1.

55.    This walking time was and is compensable "regardless of whether the employee is actually performing job-related duties while on the premises."  See Heimbach v. Amazon.com, Inc., 255 A.3d 191, 204 (Pa. 2021).

56.    The time Plaintiff and Putative Class Members spent performing pre-shift work activities at their assigned work stations in order to prepare their workstations for production constituted "hours worked" under the PMWA, as they were required by Defendant to be "on the premises of the employer" and "to be on

duty or to be at the prescribed work place" to accomplish it, and because it was "time during which" they were "required or permitted to work." See 34 Pa. Code § 231.1.

57. Additionally, the pre-shift work activities Plaintiff and Putative Collective Members performed at their assigned work stations to prepare their workstations for production qualified as "hours worked" within the meaning of the FLSA, in that they were both "suffered and permitted" and integral and indispensable to the performance of their principal activities and/or productive work. See 29 C.F.R. § 785.24.

58. In April 2026, Plaintiff complained to her manager, Mr. Whitney as well as Mackenzie Patterson ("Ms. Patterson"), Senior HR Generalist, about Defendant's unlawful pay practices described above and to appeal her April 6, 2026 writeup.

59. Rather than offer a solution to allow Plaintiff and her coworkers to be paid for all "hours worked" under the FLSA and PMWA, Ms. Patterson responded by telling Plaintiff to "turn the other cheek," and to "play the game."

60. Despite the compensability of Plaintiff's and Putative Class Members' pre-shift work under the FLSA and PMWA, and pre- and post-shift walking time under the PMWA, Defendant does not count that time towards their "hours worked."

61.    Because Plaintiff and, upon information and belief, Putative Class Members, are scheduled to work at least forty (40) hours per week, the uncompensated work time referenced above typically results in the failure to pay overtime compensation in violation of the FLSA and PMWA.

62.    Plaintiff estimates that, as a result of the unlawful pay practices described above, she and Putative Class Members have been denied compensation for approximately forty-five (45) to ninety (90) minutes of compensable pre-shift work per week in violation of the FLSA and PMWA.

63.    Plaintiff further estimates that, as a result of the unlawful pay practices described above, she and Putative Class Members have been denied overtime compensation for at least twenty (20) to thirty (30) minutes of compensable "walking time" per week in violation of the PMWA.

64.    For example, during the workweek of May 4, 2026 to May 8, 2026, Plaintiff was paid for forty hours, despite clocking in approximately eight (8) minutes prior to her scheduled start time each day to perform the aforementioned compensable pre-shift work activities, and clocking out approximately two (2) minutes after her scheduled end time due to Defendant's requirement that she remain at her workstation until the end of her scheduled shift, resulting in the denial of at least forty (40) minutes of overtime compensation that week under the

FLSA, and at least fifty (50) minutes of overtime compensation that week under the PMWA.

65.     By way of another example, during the workweek of March 30, 2026 to April 3, 2026, Plaintiff was also paid just forty hours, despite clocking in approximately twenty (20) minutes prior to her scheduled start time to perform the aforementioned compensable pre-shift work activities, resulting in the denial of approximately one hundred (100) minutes of overtime compensation that week.

66.     Defendant failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff and, upon information and belief, Putative Collective Members, per day and per week as required by the FLSA.  See 29 C.F.R. § 516.2.

67.     Defendant was aware that Plaintiff and, upon information and belief, Putative Class Members were/are working significant overtime hours without properly receiving overtime compensation as aforesaid.

68.     Plaintiff and Putative Class Members are/were compensated on an hourly basis and, as such, do not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA/PMWA.

69.     Additionally, there are no other exemptions under the FLSA and/or PMWA applicable to Plaintiff or Putative Class Members.

70.     Plaintiff and Putative Class Members are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

71.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Putative Class Members have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

72.     Paragraphs 1 through 71 are hereby incorporated by reference as though the same were fully set forth at length herein.

73.     Pursuant Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

74.     Despite knowing that Plaintiff and Putative Collective Members routinely clocked in prior to their scheduled shifts in order to perform the compensable pre-shift work described above, Defendant failed to count those pre-shift activities towards their total "hours worked" in violation of the FLSA.

75.     As a result, Defendant failed to pay Plaintiff and Putative Collective Members overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

76.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

77.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

78.     Defendant is liable to Plaintiff and Putative Collective Members for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of herself and Putative Collective Members;

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at the Tioga Plant who were paid an hourly wage at any point in the past three (3) years, and were denied overtime compensation due to Defendant's failure to count certain pre-shift work towards their total hours worked in violation of the FLSA, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability

19

period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.    Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Putative Collective Members for work performed in excess of forty (40) hours per week;

E.    Awarding Plaintiff and Putative Collective Members back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.    Awarding Plaintiff and Putative Collective Members liquidated damages in accordance with the FLSA;

G.    Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.    Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.    Granting Plaintiff and Putative Collective Members leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.    For all additional general and equitable relief to which Plaintiff and the Putative Collective Members may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

79.    Paragraphs 1 through 78 are hereby incorporated by reference as though the same were fully set forth at length herein.

80.    The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  See 43 P.S. § 333.113.

81.    The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one- and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

82.    By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Putative Class Members for all hours work.

83.    As a result of Defendant's unlawful acts, Plaintiff and Putative Class Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of herself and the Putative Class Members, prays for judgment against Defendant as follows:

A.      An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B.      An award to Plaintiff and Putative Class Members for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiff and Putative Class Members of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiff and Putative Class Members for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By:   /s/ Michael Groh
        Michael Groh, Esq.
        PA Atty ID No.: 319296
        Michael Murphy, Esq.
        PA Atty ID No.: 91262

22

Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mgroh@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: May 15, 2026

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Putative Class Members' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.