## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY A. WILLIAMSON,          :
    Plaintiff          :
              :
              :          CIVIL ACTION NO: _____
v.          :
              :
CUMBERLAND COUNTY          :          JURY TRIAL DEMANDED
ADULT PROBATION AND          :
PAROLE; UNKNOWN          :          ELECTRONICALLY FILED
EMPLOYEES OF          :
CUMBERLAND COUNTY          :
PRISON; and PROBATION          :
OFFICER SHANNON FAY,          :
    Defendants          :

## COMPLAINT

Plaintiff Gregory A. Williamson, by and through his counsel, The Law Firm of Killian & Gephart, LLP, alleges as follows:

## I.   JURISDICTION AND VENUE

1.    This action arises under the United States Constitution, particularly under the Fourteenth Amendment, and asserts claims under 42 U.S.C. § 1983.

2.    This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391, as the events complained of herein occurred in Cumberland County, in the Commonwealth of Pennsylvania, and the Defendants reside or have places of business within the boundaries of the Middle District of Pennsylvania.

1

## II.    PARTIES

4.    Plaintiff is a 60-year old citizen of the United States.  He resides in Lemoyne Borough in Cumberland County, Pennsylvania.

5.    Cumberland County Adult Probation & Parole (hereinafter "Defendant Cumberland County") is an agency of Cumberland County that is responsible for supervising individuals placed on probation, parole, or intermediate punishment.  All actions alleged in this Complaint involve Defendant Cumberland County acting in an executive or policymaking capacity.

6.    Defendant Unknown Officers of Cumberland County Prison (hereinafter, "Defendant Prison Officers") are individuals employed by Cumberland County and assigned as prison guards.  The identities of these officers are presently unknown despite reasonable diligence and will be substituted upon discovery.  At all times relevant to this Complaint, Defendant Prison Officers were acting under the color of state law.  Defendants Prison Officers are sued in their individual capacities.  Cumberland County Prison is an adult detention facility managed by Cumberland County.  It is located at 1101 Claremont Road, Carlisle, PA 17015.

7.    Defendant Cumberland County Probation Officer Shannon Fay (hereinafter, Defendant Fay") is an employee of Cumberland County, and was, at all relevant times, acting under the color of state law.  Defendant Fay is sued in her individual capacity.

### III.    STATEMENT OF FACTS

8.    On February 16, 2023, Plaintiff was charged with possession of a small amount of marijuana and use of drug paraphernalia in violation of Sections 780-113(a)(31) and 780-113(a)(32) of the Pennsylvania Controlled Substances, Drug, Device, and Cosmetic Act, 35 P.S. §§ 780-113(a)(31), 780-113(a)(32).

9.    At the time he was charged, Plaintiff lived with his mother, who was suffering from dementia.  Plaintiff served as the sole caregiver for his mother.

10.    On January 9, 2024, Plaintiff pleaded guilty to the above-mentioned charges pursuant to a negotiated recommendation that he serve 15 days on house arrest with electronic monitoring followed by a supervisory period.  (Guilty Plea Colloquy attached as Ex. 1.)

11.    On February 6, 2024, Plaintiff was sentenced by Judge Jessica E. Brewbaker of the Cumberland County Court of Common Pleas.  The sentence required Plaintiff to pay costs and fines, submit to drug testing when requested during supervision, and serve a sentence of 15 days to 6 months, with the first 15 days on house arrest with electronic monitoring."  (Sentencing Order attached as Ex. 2.)  He began his 15-day house arrest immediately after sentencing.

12.    Near the end of his house arrest sentence, Plaintiff was assigned Defendant Fay of Cumberland County Adult Probation & Parole as his supervisor.

3

13.    Plaintiff's house arrest sentence ended on February 21, 2024.  On that same day, Defendant Fay summoned Plaintiff through text message to appear for drug testing.

14.    Plaintiff was suffering from a medical condition in February 2024, that caused him to be hospitalized and was nearly blind.

15.    Plaintiff, believing that his sentence was "non-reporting" and did not require him to appear before Defendant Fay for testing after the period of house arrest ended, disputed whether he was required to appear for testing.

16.    On March 14, 2024, Defendant Fay filed a "Petition for Revocation From Probation and Issuance of Bench Warrant" with the court of common pleas. The Petition sought a Bench Warrant and determination as to whether his probation/parole should be revoked.[1]  (Ex. 3.)

17.    On March 20, 2024, Judge Brewbaker issued a Bench Warrant.  The warrant provided:

> AND NOW, this 20th day of March, 2024, the Sheriff of Cumberland County, or any other police officer, is hereby ORDERED to convey and deliver Gregory Alan Williamson, residing at 228 Fineview Rd Camp Hill, PA 17011, into the custody of the Court of Common Pleas of Cumberland County, at Cumberland County Courthouse 1 Courthouse Square Carlisle, PA 17013 for a hearing.  If the Court is unavailable, the individual may be held in the County Jail until the Court is opened

---

[1] The documents from the Court are not clear as to whether Plaintiff was on probation or parole.  This complaint uses "probation/parole" as a short cut for the type of supervision Plaintiff was under at the time of his incarceration.

for business, at which time the individual shall be promptly conveyed and delivered into the custody of the Court.

(Ex. 4.)

18.    On April 3, 2024, Plaintiff was apprehended under the Bench Warrant and began a period of incarceration at the Cumberland County Prison.

19.    At no time after April 3, 2024, did Defendants Fay or Prison Officers bring Plaintiff before an impartial individual for a probable cause hearing required by due process.  In fact, Plaintiff's criminal docket lists a hearing scheduled for April 5, 2024, where the court would consider Plaintiff being "picked up on Bench Warrant."  Defendants Fay and Prison Officers were made aware of the hearing date and failed to ensure Plaintiff was brought before the court.

20.    Plaintiff was prejudiced by not being provided with a probable cause hearing as he could have made persuasive arguments on why he did not violate the terms of his probation/parole.

21.    While in prison, Plaintiff lost his house, personal property, two jobs, and his mother was placed in an Alzheimer's care facility.  Plaintiff was never given an opportunity to arrange for care for his mother or dog while he was incarcerated.

22.    Plaintiff was finally brought by Defendants Prison Officers to the Court of Common Pleas on May 21, 2024, for a revocation hearing.

23.    Prior to the beginning of the May 21, 2024, hearing, Judge Jessica Brewbaker of the Court of Common Pleas for Cumberland County called counsel

into chambers to ascertain the reasons for the delay in holding any hearing. Judge Brewbaker then went on the record and stated:

> And again, for the record, I do not find this acceptable, Mr. Williamson. I'm going to apologize on behalf of the Court because I think we violated your rights, and I don't think that's okay. And now, today's date, the Defendant having appeared with counsel … Pursuant to a petition for revocation from parole, and the Court having noted that he has been incarcerated since April 3, 2024, without seeing this Court on a Possession of Paraphernalia case with an original sentence of EM, the above-captioned docket is closed.

(Ex. 5.)

## COUNT I
## VIOLATION OF THE FOURTEENTH AMENDMENT
### 42 U.S.C. § 1983
### (Plaintiff v. Defendants Fay and Prison Officers)

24.    All preceding paragraphs are incorporated as if fully set forth herein.

25.    The Fourteenth Amendment to the United States Constitution requires state government actors to provide certain procedural safeguards prior to revoking an offender's probation or parole. These procedures, according to the United States Supreme Court, involve two steps.

26.    The first due process step applicable for revoking probation/parole involves a hearing "in the nature of a preliminary hearing to determine whether there is probable cause or reasonable ground to believe" that the individual in question committed a violation of probation/parole conditions. *Morrissey v. Brewer*, 408 U.S. 471, 485 (1972); see also *Gagnon v. Scarpelli*, 411 U.S. 778, 783 (1973). The

6

preliminary hearing must provide the offender with "notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing." *Gagnon*, 411 U.S. at 786. Moreover, this hearing must occur "at or reasonably near the place of the alleged violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." *Morrissey*, 408 U.S. at 485.

27. The second due process step applicable to revocation of probation/parole involves a full revocation hearing "within a reasonable time after the parolee is taken into custody." *Id.* at 488. At this hearing, the offender "must be provided with the opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." *Morrissey*, 408 U.S. at 488.

28. Plaintiff was incarcerated in Cumberland County Prison for 48 days without being brought before a court for either a probable cause or revocation hearing.

29. Defendants Fay and Prison Officers shared responsibility pursuant to county policies to ensure Plaintiff was brought to court for a probable cause hearing.

30. Pursuant to policies enacted by Cumberland County intended to effectuate the constitutional principles listed above, Defendant Fay was required to

7

meet with Plaintiff within 48 hours of his detention to discuss potential waiver of the probable cause hearing (called *Gagnon* I hearing).  Ms. Fay did not meet with Plaintiff within the first 48 hours of detention and Plaintiff never waived his hearing.

31.     The policies of Cumberland County also required Ms. Fay to schedule a hearing with the President Judge within 14 days of Plaintiff's arrest, and to provide Plaintiff with notice of the hearing three days in advance of the hearing.  Defendant Fay failed to ensure that Plaintiff was brought to a hearing.

32.     Defendant Fay was aware of the clearly-established constitutional due process requirements to hold probable cause and revocation hearings promptly and willfully failed to implement those due process requirements.

33.     Based on information and belief, Defendants Prison Officers knew that Plaintiff was scheduled for a probable cause hearing on April 5, 2024, as the Prison receives a list of scheduled court appearances, and chose to not deliver Plaintiff to court for the hearing.  Defendants Prison Officers knew at the time of the deprivation of Plaintiff's clearly-established right to be brought before the court for a probable cause hearing.

34.     The failure of Defendants Fay and Prison Officers to bring Plaintiff to court resulted in actual prejudice to Plaintiff's due process rights and resulted in at least an additional 45 days of incarceration.

35. Over the 48 days between April 3, 2024, and May 21, 2024, the Court of Common Pleas for Cumberland County held revocation hearing sessions on the following dates: April 9, 2024, April 23, 2024, April 30, 2024, and May 14, 2024. Defendant Fay could have requested that the revocation hearing occur on any of these dates and decided not to.

36. Defendant Fay refused to take steps to ensure that Plaintiff was brought before the court for his revocation hearing as required by due process and the Court's March 20, 2024, order, resulting in prolonged incarceration and a violation of Plaintiff's clearly-established rights.

37. As a direct and proximate result of Defendant Fay and Prison Officers' conduct, Plaintiff suffered a deprivation of his liberty interest, lost wages, other financial harm, and severe mental/emotional distress including continued anxiety, depression, humiliation, and emotional distress.

**COUNT II**
**VIOLATION OF THE FOURTEENTH AMENDMENT**
**42 U.S.C. § 1983**
**(Plaintiff v. Cumberland County Adult Probation & Parole)**

38. All preceding paragraphs are incorporated as if fully set forth herein.

39. Policymakers for Defendant Cumberland County know that its probation officers are required by due process to ensure probationers/parolees receive probable cause and revocation hearings in a timely manner.

40. There is a pattern of probation officers employed by Defendant Cumberland County of failing to satisfy due process guarantees regarding holding timely probable cause and revocation hearings. *See e.g. Samuels v. Cumberland County*, 1:16-cv-00006-JEJ.

41. Notwithstanding the pattern of violations, and policymaker knowledge thereof, Defendant Cumberland County chose to not enact policies providing effective oversight of probation officers and has failed to train supervisors on ensuring that hearings occur in a timely manner. Such oversight would include, *inter alia*, directives and training for supervisors to ensure compliance by line officers and mechanisms to discover delays in providing due process to individuals that are incarcerated pending probation or parole revocation.

42. Cumberland County's decision to not enact policies providing oversight to probation officers and/or training supervisors amounts to deliberate indifference to Plaintiff's federally-protected rights.

43. Defendant County's failure to enact policies providing supervision or train supervisors was the moving force behind the deprivation of Plaintiff's rights.

44. As a direct and proximate result of Defendant County's conduct, Plaintiff suffered a deprivation of his liberty interest, lost wages, other financial harm, and severe mental/emotional distress including continued anxiety, depression, humiliation, and emotional distress.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendants and requests that this Court:

a)  Award traditional tort remedies such as compensatory damages against all Defendants;

b)  Award nominal damages for the violation of due process;

c)  Award such punitive damages against Defendants Fay and Prison Officers;

d)  Award prevailing party attorney's fees and costs pursuant to 42 U.S.C. § 1988(b);

e)  Award pre- and post-judgment interest at the lawful rate; and

f)  Order other relief that the Court deems just and proper under either law or equity.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury with respect to the claims and relief set forth herein.

Respectfully submitted,

Dated: May 18, 2026

/s/ Scott P. Stedjan
Scott P. Stedjan, Esquire
Pa. I.D. # 318851
Killian & Gephart, LLP
218 Pine Street

11

Harrisburg, PA 17101
sstedjan@killiangephart.com
Tel: (717) 232-1851
Fax: (717) 238-0592
*Counsel for Plaintiff*


*/s/ Joshua R. Traver*
Joshua R. Traver, Esquire
Pa. I.D. # 323332
Killian & Gephart, LLP
218 Pine Street
Harrisburg, PA 17101
jtraver@killiangephart.com
Tel: (717) 232-1851
Fax: (717) 238-0592
*Counsel for Plaintiff*

## **VERIFICATION**

I hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. To the extent that the contents are that of counsel, I have relied upon my counsel in making this verification. I understand that any false statements therein are subject to the penalties contained in 28 U.S.C. § 1745, relating to unsworn falsification to authorities.

Dated: 5/18/26

Gregory A. Williamson