## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID OLIVER, JR. <br>                Plaintiff <br><br> vs. <br><br> DOLLAR TREE CORPORATE OFFICE, AR-UPTOWN, LLC and SMS, LLC, <br>                Defendants | CIVIL ACTION <br><br> NO. |

## NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441

Removing Defendant, Dollar Tree Stores, Inc., misidentified as Dollar Tree Corporate Office, hereby submits notice to the United States District Court for the Middle District of Pennsylvania for the removal of the above-entitled action to this Court and, in support thereof, respectfully represents:

1.    Removing Defendant is a corporation organized and existing under the laws of the Commonwealth of Virginia.

2.    Dollar Tree Stores, Inc. maintains a principal place of business within the Commonwealth of Virginia located at 500 Volvo Parkway, Chesapeake, Virginia 23320. See Ex. A.

3. Upon information, knowledge, and belief, Plaintiff is an adult individual and citizen and resident of the Commonwealth of Pennsylvania residing at 1201 North Front Street, Apt. 1011, Harrisburg, PA 17102.

4. Upon information, knowledge, and belief, Co-Defendant AR-Uptown, LLC, has its principal place of business at 11155 Red Run Blvd., Suite 320, Owings Mills, MD 21117.

5. Upon information, knowledge, and belief, Co-Defendant SMS, LLC, has its principal place of business at 11155 Red Run Blvd., Suite 320, Owings Mills, MD 21117.

6. On or about April 29, 2026, Plaintiff initiated the instant action by filing a Complaint in the Pennsylvania Court of Common Pleas, Dauphin County, Docket No. 2026-CV-03511. See Exhibit B.

7. The Complaint was served on Removing Defendant on May 1, 2026.

8. The Complaint seeks damages against all Defendants for a trip and fall at or near the Uptown Plaza Mall located at 2915 N 7th Street, Harrisburg, PA 17110.

9. As a result of this incident, Plaintiff alleges severe and permanent damages which, as alleged, exceed $75,000.00, exclusive of interests and costs and consist of the following alleged damages: severe and permanent physical injuries, severe pain, anxiety, depression, emotional distress, embarrassment, loss of life's pleasure and enjoyment, medical expenses, loss of earnings, and loss of earning capacity.

10. Removing Defendant respectfully submits the injuries and requested damages alleged within the four corners of the Complaint establish the amount in controversy. The court's determination of the amount in controversy "is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights." Hamm v. Allstate Prop.& Cas. Ins. Co., 908 F.Supp.2d 656, 663 (W.D. Pa. 2012) (citing Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993)).

11. As the Complaint seeks damages in excess of $75,000.00, exclusive of interest and costs, the jurisdictional minimum has been met. McMillan v. Wilkie Trucking Inc., No. 13-7104, 2014 WL 695583, at *2 (E.D. Pa. Feb. 21, 2014) ("The complaint need not state a dollar amount to put a defendant on notice that the amount in controversy exceeds $75,000 . . . ."); Johnson v. Tesla Motors, Inc., No. 13–5106, 2013 WL 5834442, at *2 (E.D. Pa. Oct. 30, 2013) ("Rather, the 30–day period begins to run when a defendant can reasonably and intelligently conclude that the amount in controversy exceeds the jurisdictional minimum.").

12. Diversity of citizenship exists between Plaintiff, a citizen, resident, and domiciliary of the Commonwealth of Pennsylvania, and Removing Defendant, a corporation organized and existing under the laws of the Commonwealth of Virginia, and both Co-Defendants, with their principal place of business within the State of Maryland.

13. Diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this Notice.

Therefore, as to said claim and cause of action, Dollar Tree Stores, Inc. is entitled to removal pursuant to 28 U.S.C. §1441, et seq.

14. This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is being filed within thirty (30) days after receipt by Removing Defendant of the Complaint and within one (1) year of the date on which the instant action was first instituted.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

Date: 5/20/26

By: _Amanda L. Hennessey_
Amanda L. Hennessey, Esq.
PA I.D. No. 314312
P.O. Box 1275
Camp Hill, PA 17001
ahennessey@tthlaw.com
*Counsel for Defendant Dollar Tree*
*Stores, Inc. misidentified as Dollar Tree*
*Corporate Offices*

## AFFIDAVIT

I, Amanda L. Hennessey, Esquire, being duly sworn according to law, deposes and states the following:

1. I am the attorney for Defendant, Dollar Tree Store, Inc..

2. I prepared the foregoing Notice and know the contents thereof.

3. I am authorized to make this Affidavit on behalf of Removing Defendant.

4. The facts alleged in the Notice are true and correct to the best of my knowledge, information and belief.

I, Amanda L. Hennessey, Esquire, hereby state that the facts set forth in the foregoing Affidavit are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification of authorities.

Date: 5/20/26

_Amanda L. Hennessey_
Amanda L. Hennessey, Esq.

## CERTIFICATE OF SERVICE

I, Coleen M. Polek, of the law firm of Thomas, Thomas & Hafer, LLP, hereby certify that I sent a true and correct copy of the foregoing document to the parties in the manner and on the date set forth below:

### Via Electronic Mail:

Joel Greenberg, Esquire
Ostroff Godshall Injury and Accident Lawyers
jgreenberg@oglaw.com
*Counsel for Plaintiff David Oliver, Jr.*


*/s/ Coleen M. Polek*                          Date:  5/20/26

# Exhibit A

 An Official **Pennsylvania** Government Website

### pennsylvania
DEPARTMENT OF STATE

Business | UCC | Trademark | CROP

Login

🏠 Home

🔍 Search

📄 Initial Forms

❓ Help

# Business Search

*As of 05/20/2026 we have processed all business filings received in our office through 05/17/2026.*

Business Search Info: ⌄

Dollar Tree 🔍 *

Advanced ⌄

Results: 5

| Filing Information | | Initial Filing Date | Status |
|---|---|---|---|
| DOLLAR TREE (1509767) | > | 05/26/1989 | Active |
| DOLLAR TREE STORES (3006199) | > | 04/26/2001 | Active |
| DOLLAR TREE STORES, INC. (974821) | > | 04/16/1987 | Active |
| DOLLAR TREE Distribution, INC. (3776534) | > | 11/21/2007 | Active |
| Dollar Tree Sourcing Company, LLC (3979786) | > | 08/27/2010 | Active |

## DOLLAR TREE STORES, INC. (974821)

 File Annual Report

 Request Certificate

| | |
|---|---|
| Initial Filing Date | **04/16/1987** |
| Status | **Active** |
| Formed In | **VIRGINIA** |
| Filing Type | **Foreign Business Corporation** |
| Annual Report Due Date | **06/30/2026** |
| Principal Address | **500 VOLVO PARKWAY CHESAPEAKE, VA 23320** |
| Registered Office | **Corporation Service Company** |
| County | **Dauphin** |
| Officers | **Assistant Secretary HARRY  SPENCER** |
| | **Other Deborah  E.  Miller** |
| | **Other David  L.  Thompson** |
| | **Other Todd  B.  Littler** |
| | **Other Susie  Kim** |
| | **Other Pedro  J.  Voyer** |
| | **Other John  Scudder** |
| | **Other Jessica  J.  Thomas** |
| | **Other Jennifer  L.  Silberman** |
| | **Other John  S.  Mitchell,  Jr.** |
| Governors | **Governor Susie  Kim** |
| | **Governor John  S.  Mitchell,  Jr** |

 View History

 Request Access



Business   UCC   Trademark   CROP

⌂ Home

🔍 Search

📄 Initial Forms

❓ Help

## DOLLAR TREE STORES, INC. (974821)

File Annual Report      Request Certificate

| | |
|---|---|
| *Initial Filing Date* | **04/16/1987** |
| *Status* | **Active** |
| *Formed In* | **VIRGINIA** |
| *Filing Type* | **Foreign Business Corporation** |
| *Annual Report Due Date* | **06/30/2026** |
| *Principal Address* | **500 VOLVO PARKWAY CHESAPEAKE, VA 23320** |
| *Registered Office* | **Corporation Service Company** |
| *County* | **Dauphin** |
| *Officers* | Assistant Secretary **HARRY  SPENCER** |
| | Other **Deborah  E.  Miller** |
| | Other **David  L.  Thompson** |
| | Other **Todd  B.  Littler** |
| | Other **Susie  Kim** |
| | Other **Pedro  J.  Voyer** |
| | Other **John  Scudder** |
| | Other **Jessica  J.  Thomas** |
| | Other **Jennifer  L.  Silberman** |
| | Other **John  S. Mitchell, Jr.** |
| *Governors* | Governor **Susie  Kim** |
| | Governor **John  S.  Mitchell, Jr** |

View History      Request Access

# Exhibit B

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Dauphin
_____ County

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | *TIME STAMP* |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
**David Oliver, Jr.**

Lead Defendant's Name:
**Dollar Tree Corporate Office**

**Are money damages requested?** ☒ Yes   ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes   ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney: <u>Joel Greenberg, Esquire</u>

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- _____
- ☐ Other: _____
- _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- _____
- _____
- ☐ Zoning Board
- ☐ Other: _____
- _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____
- _____

*Updated 1/1/2011*

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

**OSTROFF | GODSHALL - Injury and Accident Lawyers**
By: Joel Greenberg, Esquire
Attorney ID No. 83625
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422                              Attorney for Plaintiff
(610) 279-7000
jgreenberg@oglaw.com

| | |
|---|---|
| DAVID OLIVER, JR. | : COURT OF COMMON PLEAS OF |
| 1201 North Front Street, APT. 1011 | : DAUPHIN COUNTY |
| Harrisburg, PA 17102 | : PENNSYLVANIA |
|           Plaintiff | : |
|   vs. | : |
| | : |
| DOLLAR TREE CORPORATE OFFICE | : CIVIL ACTION - LAW |
| 500 Volvo Parkway | : No. _____ |
| Chesapeake, VA 23320 | : |
|     and | : |
| | : |
| AR-UPTOWN, LLC | : JURY TRIAL DEMANDED |
| 11155 Red Run Blvd, Suite 320 | : |
| Owings Mills, MD 21117 | : |
|     and | : |
| | : |
| SMS, LLC | : |
| 11155 Red Run Blvd, Suite 320 | : |
| Owings Mills, MD 21117 | : |
|          Defendants | : |

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

213 North Front Street
Harrisburg, PA 17101 (717) 232-7536

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

**OSTROFF | GODSHALL - Injury and Accident Lawyers**
By: Joel Greenberg, Esquire
Attorney ID No. 83625
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422                                  Attorney for Plaintiff
(610) 279-7000
jgreenberg@oglaw.com

| | |
|---|---|
| DAVID OLIVER, JR. | : COURT OF COMMON PLEAS OF |
| 1201 North Front Street, APT. 1011 | : DAUPHIN COUNTY |
| Harrisburg, PA 17102 | : PENNSYLVANIA |
|                   Plaintiff | : |
| | : |
|    vs. | : |
| | : |
| DOLLAR TREE CORPORATE OFFICE | : CIVIL ACTION - LAW |
| 500 Volvo Parkway | : No. _____ |
| Chesapeake, VA 23320 | : |
|     and | : |
| | : |
| AR-UPTOWN, LLC | : JURY TRIAL DEMANDED |
| 11155 Red Run Blvd, Suite 320 | : |
| Owings Mills, MD 21117 | : |
|     and | : |
| | : |
| SMS, LLC | : |
| 11155 Red Run Blvd, Suite 320 | : |
| Owings Mills, MD 21117 | : |
|            Defendants | : |

<u>Civil Action Complaint</u>

1.      Plaintiff, David Oliver, Jr. (hereinafter, "Plaintiff"), is an adult individual who resides at the above referenced address.

2.      Defendant, Dollar Tree Corporate Office (hereinafter, "Defendant Dollar") is a corporation operating under the laws of the Commonwealth of Pennsylvania, with a registered agent located at the above referenced address in the State of Virginia.

3.      Defendant, AR-Uptown, LLC (hereinafter, "Defendant AR") is limited liability company operating under the laws of the Commonwealth of Pennsylvania, with a registered agent located at the above referenced address in the State of Maryland.

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

4.	Defendant, SMS, LLC (hereinafter, "Defendant SMS") is limited liability company operating under the laws of the Commonwealth of Pennsylvania, with a registered agent located at the above referenced address in the State of Maryland.

5.	At all times relevant hereto, Defendant Dollar, Defendant AR, and Defendant SMS, (hereinafter referred to collectively as "Defendants") individually, jointly, and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of said relationship, owned, possessed, managed, constructed, maintained, designed and/or controlled a mall, known as Uptown Plaza Mall (hereinafter, the "Mall"), located at  2915 N 7th Street, Harrisburg, PA 17110, including said entrances, exits, floors, sidewalks, parking lots, common areas,  pickup and loading zones, displays, and signs. (hereinafter referred to as the "Premises").

6.	Upon information and belief, at all times relevant hereto, Defendants, individually, jointly, and/or severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the course and scope of said relationship, were responsible for and had a duty to manage and/or maintain the Premises, and specifically to ensure the Premises were in a reasonably safe condition for pedestrians on the Premises.

7.	On or about October 11, 2024, Plaintiff was upon the Premises, walking on the sidewalk with all due care and caution, intended for pedestrian use, when the Plaintiff suddenly and without warning, tripped and fell, forcefully onto the ground, due to a defect in the sidewalk, suffering serious and potentially permanent injuries.

8.	At the time of Plaintiff's fall, Plaintiff was a pedestrian and was a business invitee owed the highest duty of care by Defendants.

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

9.      Upon information and belief, the defect/hole upon which Plaintiff tripped was left untreated and hidden which was not readily visible or discernible to pedestrians in the position of Plaintiff.

10.      At the time of Plaintiff's fall and for an extended and/or lengthy period of time prior thereto, Defendants, individually, jointly, and severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees, contractors, and/or subcontractors, acting within the scope and authority of their relationships with Defendants, negligently and carelessly possessed, managed, modified, controlled and/or maintained the Premises so as to create and/or allow the hazardous and/or defective condition on the sidewalk to remain in a common area meant for business invitee use.

11.      At all times relevant hereto, Defendants, individually, jointly, and severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees, contractors, and/or subcontractors, had a duty to ensure that the Premises did not to pose an unreasonable risk of harm to pedestrians lawfully walking upon the Premises.

12.      At all times relevant hereto, Defendants, individually, jointly, and severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees, contractors, and/or subcontractors, had actual and/or constructive notice of the existence of the hazardous and/or defective condition for a sufficient time prior to Plaintiff's fall to have taken measures to correct it and/or to properly warn pedestrians such as Plaintiff.

13.      At all times relevant to Plaintiff's fall, there was no warning or notice to pedestrians, such as Plaintiff, of the hazardous and/or defective condition on the Premises.

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

14. At all times material hereto, Plaintiff was exercising due care and caution for their safety and in no manner contributed to his fall or Plaintiff's resulting injuries.

15. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the resulting hazardous and/or dangerous condition, and Plaintiff's subsequent fall, Plaintiff suffered and/or may continue to suffer severe and potentially permanent physical injuries, severe pain, anxiety, depression, emotional distress, embarrassment, loss of life's pleasures and enjoyment of life.

16. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the resulting hazardous and/or dangerous condition, Plaintiff's subsequent fall and their injuries, Plaintiff has undergone and/or may in the future undergo reasonable and necessary medical treatments.

17. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the resulting hazardous and/or dangerous condition, Plaintiff's subsequent fall and their injuries, Plaintiff has incurred and/or may in the future incur medical expenses for the care and treatment of their injuries.

18. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the resulting hazardous and/or dangerous condition, Plaintiff's subsequent fall and their injuries, Plaintiff has been and/or may in the future be hindered and/or prevented from attending to and/or fully performing his usual and customary duties, avocations and/or hobbies.

19. As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the resulting hazardous and/or dangerous condition, Plaintiff's subsequent fall and their injuries, Plaintiff has been and/or in the future may be prevented from

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

being gainfully employed, resulting in a loss of earning and/or an impairment of their earning capacity.

20.    As a direct and proximate result of Defendants' individual, joint and/or several negligence and carelessness, the resulting hazardous condition, Plaintiff's subsequent fall and their injuries, Plaintiff has been and/or may in the future be required to spend money for household help.

## COUNT I - NEGLIGENCE
## DAVID OLIVER, JR. v. DOLLAR TREE CORPORATE OFFICES

21.    Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

22.    The individual, joint and/or several negligence and carelessness of Defendant Dollar, directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, acting in the course and scope of such relationship, included the following:

    a. creating a hazardous and/or dangerous condition/defect about which it knew and/or should have known;

    b. permitting the hazardous and/or dangerous condition/defect to exist on the Premises for an extended and/or long-standing period of time;

    c. failing to regularly and/or properly inspect the Premises for such hazardous and/or dangerous conditions/defects;

    d. failing to warn pedestrians, such as Plaintiff, of the hazardous and/or dangerous condition/defect until it could be remediated;

    e. failing to take reasonable measures under the circumstances to protect pedestrians such as Plaintiff from a foreseeable risk of injury;

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

f.  failing to protect Plaintiff against the hazardous and/or dangerous condition/defect on the sidewalk when Defendants knew and/or should have known that it was hazardous to pedestrians, including Plaintiff walking thereon;

g.  failing to have a system in place to monitor the Premises' areas to ensure that it was free from hazardous conditions;

h.  failing to properly inspect and/or maintain the Premises such that a hazardous condition remained for an unreasonable period of time when it posed a foreseeable risk to the pedestrians, including Plaintiff;

i.  failing to properly remediate the hazardous condition;

j.  violating Defendants' own safety requirements with regard to inspection, and/or maintenance of the Premises;

k.  violating Property Maintenance Code 302.5 Site Hazard: All walkways, stairs, driveways, parking spaces, sidewalks, and similar areas shall be maintained free from hazardous conditions;

l.  hiring, contracting, training, and/or supervising agents, servants, borrowed servants, workmen, employees and/or subcontractors to design, construct, manage, inspect and/or maintain the Premises, who were not qualified to do so in a safe and non-negligent manner;

m.  failing to take reasonable measures under the circumstances to protect pedestrians, including Plaintiff, from a foreseeable risk of injury;

n.  negligently supervising and/or controlling said Defendants' agents, ostensible agents, servants, borrowed servants, workmen and/or employees in their performance and/or maintenance services, including, but not limited to,

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

maintaining sidewalks on the Premises in a reasonably safe and prudent manner; and

o. placing the pecuniary interests of Defendants ahead of the safety of pedestrians such as Plaintiff.

23. As a direct and proximate result of the careless and/or negligent acts of Defendant, as set forth herein, Plaintiff, sustained the injuries and damages as set forth above.

WHEREFORE, Plaintiff, David Oliver, Jr., demands judgment in his favor and individually, jointly, severally, and specifically against Defendant Dollar Tree Corporate Offices, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with such further relief as may be appropriate.

## COUNT II - NEGLIGENCE
## DAVID OLIVER, JR. v. AR-UPTOWN, LLC

24. Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

25. The individual, joint and/or several negligence and carelessness of Defendant AR, directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, acting in the course and scope of such relationship, included the following:

26. As a direct and proximate result of the careless and/or negligent acts of Defendant, as set forth herein, Plaintiff, sustained the injuries and damages as set forth above.

a. creating a hazardous and/or dangerous condition/defect about which it knew and/or should have known;

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

b.  permitting the hazardous and/or dangerous condition/defect to exist on the Premises for an extended and/or long-standing period of time;

c.  failing to regularly and/or properly inspect the Premises for such hazardous and/or dangerous conditions/defects;

d.  failing to warn pedestrians, such as Plaintiff, of the hazardous and/or dangerous condition/defect until it could be remediated;

e.  failing to take reasonable measures under the circumstances to protect pedestrians such as Plaintiff from a foreseeable risk of injury;

f.  failing to protect Plaintiff against the hazardous and/or dangerous condition/defect on the sidewalk when Defendants knew and/or should have known that it was hazardous to pedestrians, including Plaintiff walking thereon;

g.  failing to have a system in place to monitor the Premises' areas to ensure that it was free from hazardous conditions;

h.  failing to properly inspect and/or maintain the Premises such that a hazardous condition remained for an unreasonable period of time when it posed a foreseeable risk to the pedestrians, including Plaintiff;

i.  failing to properly remediate the hazardous condition;

j.  violating Defendants' own safety requirements with regard to inspection, and/or maintenance of the Premises;

k.  violating Property Maintenance Code 302.5 Site Hazard: All walkways, stairs, driveways, parking spaces, sidewalks, and similar areas shall be maintained free from hazardous conditions;

l.  hiring, contracting, training, and/or supervising agents, servants, borrowed servants, workmen, employees and/or subcontractors to design, construct, manage, inspect and/or maintain the Premises, who were not qualified to do so in a safe and non-negligent manner;

m.  failing to take reasonable measures under the circumstances to protect pedestrians, including Plaintiff, from a foreseeable risk of injury;

n.  negligently supervising and/or controlling said Defendants' agents, ostensible agents, servants, borrowed servants, workmen and/or employees in their

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

performance and/or maintenance services, including, but not limited to, maintaining sidewalks on the Premises in a reasonably safe and prudent manner; and

o. placing the pecuniary interests of Defendants ahead of the safety of pedestrians such as Plaintiff.

27. As a direct and proximate result of the careless and/or negligent acts of Defendant, as set forth herein, Plaintiff, sustained the injuries and damages as set forth above.

WHEREFORE, Plaintiff, David Oliver, Jr., demands judgment in his favor and individually, jointly, severally, and specifically against Defendant AR-Uptown, LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with such further relief as may be appropriate.

## COUNT III – NEGLIGENCE
## DAVID OLIVER, JR. v. SMS, LLC

28. Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

29. The individual, joint and/or several negligence and carelessness of Defendant SMS, directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, acting in the course and scope of such relationship, included the following:

a. creating a hazardous and/or dangerous condition/defect about which it knew and/or should have known;

b. permitting the hazardous and/or dangerous condition/defect to exist on the Premises for an extended and/or long-standing period of time;

c. failing to regularly and/or properly inspect the Premises for such hazardous and/or dangerous conditions/defects;

d. failing to warn pedestrians, such as Plaintiff, of the hazardous and/or dangerous condition/defect until it could be remediated;

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

e.   failing to take reasonable measures under the circumstances to protect pedestrians such as Plaintiff from a foreseeable risk of injury;

f.   failing to protect Plaintiff against the hazardous and/or dangerous condition/defect on the sidewalk when Defendants knew and/or should have known that it was hazardous to pedestrians, including Plaintiff walking thereon;

g.   failing to have a system in place to monitor the Premises' areas to ensure that it was free from hazardous conditions;

h.   failing to properly inspect and/or maintain the Premises such that a hazardous condition remained for an unreasonable period of time when it posed a foreseeable risk to the pedestrians, including Plaintiff;

i.   failing to properly remediate the hazardous condition;

j.   violating Defendants' own safety requirements with regard to inspection, and/or maintenance of the Premises;

k.   violating Property Maintenance Code 302.5 Site Hazard: All walkways, stairs, driveways, parking spaces, sidewalks, and similar areas shall be maintained free from hazardous conditions;

l.   hiring, contracting, training, and/or supervising agents, servants, borrowed servants, workmen, employees and/or subcontractors to design, construct, manage, inspect and/or maintain the Premises, who were not qualified to do so in a safe and non-negligent manner;

m.   failing to take reasonable measures under the circumstances to protect pedestrians, including Plaintiff, from a foreseeable risk of injury;

n.   negligently supervising and/or controlling said Defendants' agents, ostensible agents, servants, borrowed servants, workmen and/or employees in their performance and/or maintenance services, including, but not limited to, maintaining sidewalks on the Premises in a reasonably safe and prudent manner; and

o.   placing the pecuniary interests of Defendants ahead of the safety of pedestrians such as Plaintiff.

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

30.     As a direct and proximate result of the careless and/or negligent acts of Defendant, as set forth herein, Plaintiff, sustained the injuries and damages as set forth above.

WHEREFORE, Plaintiff, David Oliver, Jr., demands judgment in his favor and individually, jointly, severally, and specifically against Defendant SMS, LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with such further relief as may be appropriate.

**OSTROFF GOSHALL | Injury and Accident Lawyers**

Date: 4/28/2026                 By: _/s/ Joel Greenberg_____

                                    Joel Greenberg, Esquire
                                    Attorney for Plaintiff

Dauphin County Prothonotary E-Filed - 29 Apr 2026 02:11:34 PM
Case Number: 2026-CV-03511

## Verification

The undersigned, Plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signer. Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Electronically Signed 2026-10-10 19:38:14 UTC - 71.57.242.206
Nintex AssureSign® b4b034-a83d-42b3-acb8-b37201434 1ea

**David Oliver, Jr.**