UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Brenda Torres                                        :
238 West North Street                                :
Carlisle, PA 17013                                   :                    #_____
                              Plaintiff              :
v.                                                   :
                                                     :
Chipotle Mexican Grill, Inc.                         :
610 Newport Center Drive, Ste. 1100                  :
Newport Beach, CA, 92660                             :
                                                     :
                              And                    :
                                                     :
Chipotle Mexican Grill of Colorado, LLC              :
610 Newport Center Drive, Ste. 1100                  :
Newport Beach, CA, 92660                             :
                                                     :
                              Defendants             :
                                                     :

## COMPLAINT

## PARTIES

1.      Plaintiff, Brenda Torres ("Plaintiff"), is an adult individual and resident of

Commonwealth of Pennsylvania, residing at the address listed in the above caption

2.      Defendant, Chipotle Mexican Grill, Inc., is a business entity incorporated in

Delaware, with a primary place of business at the address listed in the caption of this Complaint,

and which at all times material hereto was the operator, maintainer, possessor, lessor, lessee and/or

otherwise legally responsible for the care, control and safety of the premises located at 40 Noble

Boulevard, #32, Carlisle, PA 17013.

3.      Defendant, Chipotle Mexican Grill of Colorado, LLC, is a business entity

incorporated in Delaware, with a primary place of business at the address listed in the caption of

this Complaint, and which at all times material hereto was the operator, maintainer, possessor,

lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises

located at 40 Noble Boulevard, #32, Carlisle, PA 17013.

4.      Defendants named in paragraphs 2 and 3 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that Plaintiff is a citizen of the Commonwealth of Pennsylvania and the Defendants are citizens of Delaware and California, and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.00.

6.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

### FACTS

7.      At all relevant times, Defendants were acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located inside of Chipotle, 40 Noble Boulevard #32 in Carlisle, PA, referred to hereinafter as "the premises."

8.      On or about September 21, 2024, Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

9.      At all times relevant hereto, Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, specifically Plaintiff.

10.     On or about September 21, 2024, while on Defendants' premises, Plaintiff was caused to slip and fall on a puddle of water on the floor within the restaurant, causing serious and

permanent personal injuries on account of which this action is brought.

11.    At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including, but not limited to, the aforementioned condition which directly resulted in the Plaintiff's injuries.

### COUNT I
**Brenda Torres v. Chipotle Mexican Grill, Inc.**
**Premises Liability - Negligence**

12.    Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

13.    The negligence of Defendant included the following actions/inactions:

   a. Failure to timely and properly remove, remedy, and/or clean the puddle of water on the floor within the restaurant, thereby causing Plaintiff to slip and fall;

   b. Failure to regard the rights, safety and position of Plaintiff in and about the area of the aforementioned accident;

   c. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

   d. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the aforementioned conditions on the premises;

   e. Failure to provide sufficient warning to Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

   f. Failure to provide adequate safeguards to prevent the injury to Plaintiff; and

   g. Failure to exercise proper care, custody and control over the aforesaid premises.

14.    As a direct and proximate result of the negligent and/or careless conduct of Defendant, described above, Plaintiff suffered various serious and permanent personal injuries,

serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and other ills and injuries, including to her back, right ankle, and right leg, specifically including disc herniation at L4-5 and bulging at L3-4 & L5-S1, which necessitated a radiofrequency ablation; and a right ankle fracture, all to Plaintiff's great loss and detriment.

15.     As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

16.     As an additional result of the carelessness and/or negligence of Defendant, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

17.     As a further result of Plaintiff's injuries, Plaintiff has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Brenda Torres, demands judgment in Plaintiff's favor and against Defendant, Chipotle Mexican Grill, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

### COUNT II
**Brenda Torres v. Chipotle Mexican Grill of Colorado, LLC**
**Premises Liability - Negligence**

19.     Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

20. The negligence of Defendant included the following actions/inactions:

    h. Failure to timely and properly remove, remedy, and/or clean the puddle of water on the floor within the restaurant, thereby causing Plaintiff to slip and fall;

    i. Failure to regard the rights, safety and position of Plaintiff in and about the area of the aforementioned accident;

    j. Failure to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell by Defendant's employees and/or agents;

    k. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the aforementioned conditions on the premises;

    l. Failure to provide sufficient warning to Plaintiff as to the existence of the reasonably foreseeable defective, dangerous, and unsafe conditions giving rise to the instant action;

    m. Failure to provide adequate safeguards to prevent the injury to Plaintiff; and

    a. Failure to exercise proper care, custody and control over the aforesaid premises.

21. As a direct and proximate result of the negligent and/or careless conduct of Defendant, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and other ills and injuries, including to her back, right ankle, and right leg, specifically including disc herniation at L4-5 and bulging at L3-4 & L5-S1, which necessitated a radiofrequency ablation; and a right ankle fracture, all to Plaintiff's great loss and detriment.

22. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

23. As an additional result of the carelessness and/or negligence of Defendant, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries,

and will continue to so suffer for an indefinite time into the future.

24.     As a further result of Plaintiff's injuries, Plaintiff has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

25.     Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Brenda Torres, demands judgment in Plaintiff's favor and against Defendant, Chipotle Mexican Grill of Colorado, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**SIMON & SIMON, P.C.**

BY: _____

Roman Galas, Esquire
301 Grant Street, Suite 270
Pittsburgh, PA 15219
Tel: (412) 360-7257
Fax: (267) 639-9006
(215) 467-4666
Attorney I.D. No. 039612007
RomanGalas@gosimon.com
***Attorneys for Plaintiff(s)***