**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CASEY L. WAMPOLE, | : | |
| Plaintiff, | : | Civil Case No. |
| v. | : | |
| AWP, INC. d/b/a AWP SAFETY, | : | Jury Trial Demanded |
| Defendant. | : | |

**COMPLAINT**

## I. INTRODUCTION

1. This is an action for employment discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"); and the Pregnant Workers Fairness Act ("PWFA"), 42 U.S.C. § 2000gg et seq.

2. Plaintiff brings this action to redress Defendant's unlawful termination of her employment based on disability, pregnancy, and in retaliation for requesting and using reasonable accommodations.

3. Plaintiff's pregnancy and related medical conditions constituted known limitations under the ADA and the PWFA.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 and the above federal statutes.

5. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391 because the unlawful employment practices occurred within this District.

**III. PARTIES**

6.   Plaintiff, Casey L. Wampole, is an adult individual residing in Berks County, PA.

7.   Defendant, AWP, Inc., is an Ohio corporation with more than 8,000 employees, doing business in the Commonwealth of Pennsylvania under the registered fictitious name "AWP Safety", and has identified itself during the administrative process as "AWP Safety Inc." which is not the entity registered in the Commonwealth of Pennsylvania.

**IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8.   Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC").[1]

9.   The EEOC issued a Notice of Right to Sue, and this action is timely filed within 90 days of receipt.

**V. FACTUAL ALLEGATIONS**

10. Plaintiff was hired by Defendant on or about October 1, 2024, as a Protector, a position in which she continued to work, with pregnancy-related leave, until she received notice of her termination in or about May 2025.

11. At all relevant times, Plaintiff was pregnant and was a qualified individual with a disability. Plaintiff disclosed her pregnancy to Defendant during onboarding.

12. Plaintiff performed her job satisfactorily and was not subject to any disciplinary action during her employment.

---

[1] Since less than one year has passed since the filing of the administrative charge, the PHRC retains exclusive jurisdiction over Plaintiff's claims under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq. Plaintiff therefore does not assert PHRA claims in this Complaint at this time, but intends to amend this Complaint to include PHRA claims once the PHRC's period of exclusive jurisdiction has expired or jurisdiction otherwise becomes proper.

13. During her employment, Plaintiff required periodic medical treatment related to her pregnancy and associated complications, including conditions placing her at risk for preeclampsia and thyroid-related disorders.

14. Plaintiff provided advance notice of her medical appointments, typically at least two weeks in advance, and submitted medical documentation supporting her need for leave.

15. These absences were foreseeable, medically necessary, and constituted reasonable accommodations under federal law.

16. During her employment, Plaintiff's supervisor instructed her that she need not formally call off for medically necessary absences so long as she provided notice directly, which Plaintiff did.

17. Defendant accepted Plaintiff's notices and medical documentation without discipline.

18. In or about December 2024, Plaintiff informed Defendant that she would be relocating to another county and requested a transfer in order to continue her employment.

19. Defendant informed her that she was approved to transfer to Berks County but did not transfer her.

20. Plaintiff subsequently took leave in connection with childbirth and related medical recovery.

21. Plaintiff gave birth in or about April 2025 and was medically cleared to return to work in or about May 2025.

22. Upon being cleared to return to work, Plaintiff contacted her supervisor to resume her employment.

23. Defendant failed to respond to Plaintiff's communications.

24. Plaintiff then sought assistance from her union representative, who attempted to contact Defendant on her behalf.

25. Only after these efforts did Plaintiff learn, for the first time, that Defendant claimed she had been terminated on or about February 23, 2025.

26. Defendant asserted that Plaintiff's termination was due to "attendance."

27. Plaintiff was never previously informed that she had been terminated, nor was she provided with any written notice or documentation of termination.

28. Plaintiff's alleged attendance issues were directly related to her pregnancy, disability, and need for medically necessary leave and accommodations.

29. Defendant's reliance on "attendance" as a justification for termination is false and pretextual.

30. Defendant's conduct deviated from its normal practices and policies by failing to notify Plaintiff of any termination, failing to discipline her prior to discharge, and failing to provide any opportunity to return to work following medical clearance.

31. Defendant's actions demonstrate a pattern of disregarding Plaintiff's protected medical needs and pregnancy-related limitations.

32. Defendant failed to engage in any good faith interactive process regarding Plaintiff's need for accommodations.

33. Defendant further failed to explore reasonable alternatives, including transfer, modified scheduling, or protected leave.

34. Plaintiff engaged in protected activity by requesting accommodations, taking medically necessary leave, and asserting her rights related to her disability and pregnancy.

35. Defendant terminated Plaintiff in retaliation for engaging in such protected activity.

36. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered loss of wages, loss of employment opportunities, emotional distress, and other damages.

### COUNT ONE – DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE (ADA)

37. Plaintiff incorporates all prior paragraphs.

38. Plaintiff suffered from physical impairments, including pregnancy-related complications and endocrine disorders, including hyperthyroidism, which substantially limited one or more major life activities, including working and the operation of major bodily functions, including endocrine function and cardiovascular function.

39. At all relevant times, Plaintiff was a qualified individual with a disability that was known to Defendant.

40. Plaintiff requested and utilized reasonable accommodations, including medical leave related to her disability.

41. Defendant failed to accommodate Plaintiff and instead terminated her employment because of her disability and/or her need for accommodations.

42. This conduct violates the ADA.

43. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including lost wages, emotional distress, and other losses.

44. Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's rights.

### COUNT TWO – PREGNANCY FAILURE TO ACCOMMODATE (PWFA)

45. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

46. Plaintiff had known limitations related to pregnancy, childbirth, and related medical conditions within the meaning of the PWFA.

5

47. Defendant was aware of Plaintiff's pregnancy and her related limitations.

48. Plaintiff required reasonable accommodations, including intermittent leave for prenatal care, treatment of pregnancy-related complications, and recovery following childbirth.

49. These accommodations were reasonable and would not have imposed an undue hardship on Defendant.

50. Defendant failed to provide reasonable accommodations to Plaintiff.

51. Defendant failed to engage in a good faith interactive process to determine appropriate accommodations.

52. Defendant failed to accommodate Plaintiff and instead terminated her employment because of her pregnancy, childbirth, related medical conditions, and/or need for accommodations.

53. Defendant's actions violate the PWFA.

54. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages including lost wages, emotional distress, and other losses.

55. Defendant's conduct was intentional, willful, and in reckless disregard of Plaintiff's rights.

WHEREFORE, Plaintiff demands relief as set forth below.

**COUNT THREE – PREGNANCY DISCRIMINATION**
**(Title VII, 42 U.S.C. § 2000e et seq.)**

56. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

57. Plaintiff was pregnant and affected by pregnancy-related medical conditions during her employment.

58. Defendant was aware of Plaintiff's pregnancy.

59. Plaintiff was qualified to perform the essential functions of her position.

60. Defendant subjected Plaintiff to adverse employment action, including termination, by treating Plaintiff less favorably than employees who were not pregnant or who did not require medical leave.

61. Plaintiff's pregnancy and pregnancy-related conditions were a motivating factor in Defendant's decision to terminate her employment.

62. Defendant's stated reason for termination is false and pretextual.

63. Defendant's conduct constitutes unlawful discrimination on the basis of sex, including pregnancy, in violation of Title VII.

64. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages including lost wages, emotional distress, and other losses.

65. Defendant's actions were intentional and taken with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands relief as set forth below.

## COUNT FOUR – RETALIATION (ADA, TITLE VII, PWFA)

66. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

67. Plaintiff engaged in protected activity under federal law, including but not limited to:

    a.  Requesting reasonable accommodations for her disability and pregnancy;

    b.  Providing notice of medically necessary absences;

    c.  Taking leave related to her pregnancy and medical conditions;

    d.  Asserting her rights to continued employment and accommodation.

68. Defendant was aware of Plaintiff's protected activity.

69. Following Plaintiff's protected activity, Defendant subjected Plaintiff to adverse employment action, including termination of her employment.

7

70.  Defendant's actions were causally connected to Plaintiff's protected activity.

71.  Defendant's stated reason for termination, "attendance," is false and pretextual and/or directly related to her approved pregnancy leave.

72. Defendant's conduct, including failing to notify Plaintiff of her termination, failing to respond to her attempt to return to work, and disregarding prior approval of her absences, evidence retaliatory intent.

73. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered damages including lost wages, emotional distress, and other compensable harm.

74. Defendant's conduct was willful, intentional, and in reckless disregard of Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands relief as set forth below.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. Back pay and reinstatement and/or front pay;

B. Compensatory damages;

C. Punitive damages;

D. Attorneys' fees and costs;

E. Any further relief the Court deems just.

8

## VII. JURY DEMAND

Plaintiff demands a trial by jury.

**HENNESSY LAW**

*s/ Kay Hennessy Seven*

_____
KAY HENNESSY SEVEN, ESQUIRE
I.D. NO.: 77262
Hennessy Law, P.C.
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Phone: 267-344-3600
kay@hennessylawfirm.com

Date:    June 2, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CASEY L. WAMPOLE,                          :

          Plaintiff,                          :          Civil Case No.

    v.                                                :

AWP, INC. d/b/a AWP SAFETY,           :          Jury Trial Demanded

         Defendant.                          :

## VERIFICATION

I, Casey L. Wampole, hereby verify that the averments in the attached Complaint are true and correct to my personal information and belief.

_____
Casey L. Wampole

June 2, 2026