# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FOGEL G. SHIMP, | CIVIL DIVISION |
| Plaintiff, | Case No. |
| v. | |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.; ARTHUR W. SPEARRITT, individually and in his official capacity; RACHEL LUEBBERS, individually and in her official capacity; JEREMY TURNBAUGH, individually and in his official capacity; and CHRIS HARTMAN, individually and in his official capacity, | |
| Defendants. | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Love's Travel Stops & Country Stores, Inc. ("Love's), Arthur W. Spearritt ("Spearritt), Rachel Luebbers ("Luebbers"), Jeremy Turnbaugh ("Turnbaugh"), and Chris Hartman ("Hartman") (collectively, "Defendants") are removing the civil action captioned *Fogel G. Shimp v. Love's Travel Stops & County Stores, Inc., et al.*, pending in the Court of Common Pleas of Cumberland County, Pennsylvania at Case No. 2026-04909, to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

## I.    INTRODUCTION

1.    On May 7, 2026, Plaintiff initiated his civil action by filing a Complaint against Defendants, alleging that while employed by Love's, he engaged in protected activity by opposing unlawful workplace conduct, including a hostile work environment and an assault, subsequently reported this conduct, and suffered retaliation resulting in his termination. A true and correct copy of the Complaint is attached to this Notice of Removal as part of **Exhibit A,** and a true and correct copy of the state court docket with pertinent copies of state court filings is attached collectively as **Exhibit B.**

2.    Plaintiff's Complaint includes the following causes of action: Retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a) (Compl., Count I), Hostile Work Environment in violation of Title VII 42 U.S.C. § 2000e-2(a) (Compl., Count II), Retaliation in violation of Pennsylvania's Human Rights Act, 43 Pa. Stat. § 955(e) ("PHRA") (Count III), Assault (Count IV), and Negligent Supervision and Retention (Count V).

## II.    THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA HAS ORIGINAL SUBJECT MATTER JURISDICTION OF THIS CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331.

   A.    **This Court has original subject matter jurisdiction of Plaintiff's claim for violations of Title VII (Compl., Counts I-II) pursuant to 28 U.S.C. § 1331.**

2

3.  The United States District Court for the Middle District of Pennsylvania has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 because the federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and this civil action (*see* Compl., Counts I-II) arises under Title VII, a federal law.  See, e.g., *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163 (3d Cir. 1987).

**B.   This Court has supplemental or pendent subject matter jurisdiction of Plaintiff's claims for Retaliation in violation of the PHRA, Assault, and Negligent Supervision and Retention (Compl., Counts III - IV) pursuant to 28 U.S.C. § 1367.**

4.  This Court should also exercise jurisdiction over Plaintiff's claims for violations of the PHRA, Assault, and Negligent Supervision and Retention (Compl., Counts III - IV) pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's claims for violations of the Title VII against Defendants (Compl., Counts I-II) that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *see, also, Local No. 1 (ACA) Broadcast Employees of International Brotherhood of Teamsters*, *etc*. v.

*International Brotherhood of Teamsters*, 614 F.2d 846, 850 (3d Cir. 1980) ("Federal courts have the constitutional power to exercise pendent jurisdiction when the state and federal claims derive from a common nucleus of operative fact, such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction on the court.")

**III. DEFENDANTS HAVE SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.**

5. Plaintiff's Complaint was served on Defendants on May 7, 2026.[1] Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b).  28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading.").

6. Cumberland County is located within the Middle District of Pennsylvania, *see*, 28 U.S.C. § 118(b), and venue for this action is proper in the Middle District pursuant to 28 U.S.C. § 1441(a) because the Middle District is the "district and division embracing the place where such action is pending."

7. After the filing of this Notice of Removal, Defendants will file a Notice of Filing Notice of Removal in the Court of Common Pleas of Cumberland County,

---

[1] Certain Defendants were not served until later in this month.  In particular, Defendant Love's and Defendant Luebbers were served after May 7, 2026.

4

Pennsylvania and serve the same upon Plaintiff as required by 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing Notice of Removal (without Exhibit) is attached to this Notice of Removal as **Exhibit C**.

8.    All Defendants join in and consent to the removal of this civil action to this Court.

## IV.    NON-WAIVER AND RESERVATION

9.    By removing this civil action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law.  Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal of Plaintiff's claims on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum *non conveniens*. Defendants also expressly reserve the right to assert any other defenses and/or objections to which they may be entitled.

WHEREFORE, Defendants Love's Travel Stops & Country Stores, Inc. ("Love's), Arthur W. Spearritt ("Spearritt), Rachel Luebbers ("Luebbers"), Jeremy Turnbaugh ("Turnbaugh"), and Chris Hartman ("Hartman") (collectively, "Defendants") remove the civil action captioned *Fogel G. Shimp v. Love's Travel Stops & County Stores, Inc., et al.*, pending in the Court of Common Pleas of Cumberland County, Pennsylvania at Case No. 2026-04909, to the United States

District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Respectfully submitted,

Dated: June 4, 2026

/s/ *John Berry*
John J. Berry, Esq.
Pa. I.D. No. 313481
Lauren K. Levenson, Esq.
Pa. I.D. No. 327739

DINSMORE & SHOHL LLP
1300 Six PPG Place
Pittsburgh, PA 15222
412.281.5000 (t)
412.281.5055 (f)
John.berry@dinsmore.com
Lauren.levenson@dinsmore.com

*Counsel for Love's Travel Stops & Country Stores, Inc.*, *Arthur W. Spearritt, Rachel Luebbers, Jeremy Turnbaugh, and Chris Hartman.*

6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Notice of Removal was served upon the following counsel of record this 4th day of June, 2026 by the Court's CM/ECF System, U.S. Mail, First Class and/or E-Mail:

Fogel G. Shimp
950 Walnut Bottom Road, Suite 183
Carlisle, PA 17015

28 Saria Lane
Carlisle, PA 17015
shimpinternational@protonmail.com

*Plaintiff, Pro Se*

/s/ *John Berry*
John J. Berry, Esq.
Pa. I.D. No. 313481
Lauren K. Levenson, Esq.
Pa. I.D. No. 327739

DINSMORE & SHOHL LLP
1300 Six PPG Place
Pittsburgh, PA 15222
412.281.5000 (t)
412.281.5055 (f)
John.berry@dinsmore.com
Lauren.levenson@dinsmore.com

*Counsel for Love's Travel Stops & Country Stores, Inc., Arthur W. Spearritt, Rachel Luebbers, Jeremy Turnbaugh, and Chris Hartman*