## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **J.O., an adult individual,** | **CIVIL ACTION** |
| *Plaintiff,* | **NO.** |
| v. | **JURY TRIAL DEMANDED** |
| **ELIZABETH WINEBRENNER**<br>**Individually in her personal capacity**<br>**And in her official capacity as an agent**<br>**or employee of Adams County**<br>**Children and Youth Services** | |
| **-and-** | |
| **DONALD ROTH**<br>**Individually in his personal capacity**<br>**And in his official capacity as an agent**<br>**or supervisor**<br>**or employee of Adams County**<br>**Children and Youth Services** | |
| **-and-** | |
| **ADAMS COUNTY CHILDREN AND**<br>**YOUTH SERVICES** | |
| **-and-** | |
| **ADAMS COUNTY,** | |
| *Defendants.* | |

## COMPLAINT AND JURY DEMAND

### PARTIES

1.     Plaintiff J.O. ("Plaintiff") is an adult individual who maintains a principal residence in Adams County, Pennsylvania.

2.     Defendant Elizabeth Winebrenner ("Defendant Winebrenner") is an adult individual who was at all times relevant hereto a caseworker specialist employed by Defendant Adams County Children and Youth Services ("Defendant CYS") and Defendant Adams County.

The business address of this Defendant is 525 Boyds School Road, Suite 100, Gettysburg, Pennsylvania 17325.

3.    Defendant Donald Roth ("Defendant Roth") is an adult individual who was at all times relevant hereto a supervisor at Defendant CYS who maintains a primary business address at 525 Boyds School Road, Suite 100, Gettysburg, Pennsylvania 17325, and was at all times relevant hereto an authorized agent/supervisor or employee of Defendant CYS and Defendant Adams County and supervised Defendant Winebrenner.

4.    Defendant Adams County Children and Youth Services ("Defendant CYS") is an agency of Adams County, Pennsylvania, formed pursuant to Pennsylvania's Child Protective Services Law ("CPSL"), 23 Pa. C.S. §§ 6301-6385, and maintains a principal office at 525 Boyds School Road, Suite 100, Gettysburg, Pennsylvania 17325.

5.    Defendant Adams County is a political subdivision of the Commonwealth of Pennsylvania and is the direct policy-making entity supervising and managing the actions of Defendant CYS.

## JURISDICTION AND VENUE

6.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343, conferring original jurisdiction upon the various district courts of the United States for civil actions authorized by law to be commenced by any person to recover damages and to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including conspiracies in violation thereof.  This suit is authorized pursuant to 42 U.S.C.A. § 1983.  An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C.A. § 1988.

7.    Supplemental jurisdiction over the state law claims is founded upon 28 U.S.C.A. §1367.

8.    Venue is proper in this Court under 28 U.S.C.A. § 1391(b) because the Middle

District of Pennsylvania is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

### PENNSYLVANIA'S "INDICATED" ABUSE REPORTING LAWS

9.      Pennsylvania's *Child Protective Services Law*, Act of December 19, 1990, No. 206, P.L. 1240, 23 Pa. C.S. §§ 6301-6386 ("CPSL"), mandates that the Pennsylvania Department of Human Services ("DHS") maintain a "[s]tatewide central register of child abuse which shall consist of founded and indicated reports." 23 Pa. C.S. § 6331(3).

10.      An "indicated report" under the CPSL is an executive agency declaration that "substantial evidence" exists to support an allegation of abuse against an individual accused of child abuse based on 1) medical evidence, 2) a child protective service investigation, or 3) admission of acts of abuse by a perpetrator. 23 Pa. C.S.A. § 6303.

11.      "Substantial evidence" is defined by Pennsylvania law as evidence that outweighs inconsistent evidence and which a reasonable person would accept as adequate to support a conclusion. 23 Pa. C.S. § 6303

12.      Local family service agencies are required by Pennsylvania law to submit a document known as Form CY-48 to the statewide ChildLine registry to report the results of investigations of claims of child abuse. 23 Pa. C.S. § 6367(a); 55 Pa. Code § 3490.67(a). See also 23 Pa. C.S. § 6313 (local child protective services agency may report abuse as "indicated," "founded" or "unfounded.").

13.      At the time of the accusation, no prior judicial or administrative hearing is required, or even permitted, under Pennsylvania law before an indicated report of abuse is accepted by DHS and the name of the individual accused of child abuse entered onto the statewide ChildLine abuse registry.

14.    Pennsylvania law denies to an individual accused of child abuse a hearing at a meaningful time following the filing of an indicated report of abuse with the ChildLine registry.

15.    An individual branded as a perpetrator of "indicated" abuse by the filing of an indicated report must take affirmative administrative action to seek expungement of his or her indicated record if he or she has been unjustly accused of abuse. 23 Pa. C.S. § 6341.

16.    The accused can request one of three appeals paths 1) file an administrative appeal to the Secretary of the Pennsylvania Department of Human Services to amend or expunge the report of indicated abuse, or 2) appeal and request a hearing before the secretary to amend or expunge an indicated report on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this chapter. 23 Pa. C.S. § 6341(a)(2)

17.    If the Secretary refuses to act within sixty (60) days of the request or denies the administrative appeal, the individual accused of child abuse may file an appeal and request a hearing before the Secretary or his or her designee. 23 Pa. C.S. § 6341(c).

18.    Following a hearing before the Secretary or an administrative law judge as designee, a recommendation is issued for disposition of the request for expunction of the record. 23 Pa. C.S. § 6341(c).

19.    After recommendation, the Office of Hearings & Appeals issues a final disposition order. 55 Pa. Code § 275.4(h).

20.    The maximum legally allowed time assuming the longest possible appeals path and allowed times between the filing of an indicated report of abuse and final expungement is 68 weeks. Despite promises from Defendants and a stipulated Order from the administrative law judge, Plaintiff's matter has not yet been expunged.

## DEFENDANT CYS FILES INDICATED REPORT AGAINST PLAINTIFF

21.    On or about June 25, 2025, Defendant CYS, through its authorized agent or

4

employee, Defendant Winebrenner, transmitted to DHS a Form CY-48 that named Plaintiff as an "indicated" perpetrator of child abuse and Plaintiff was placed on a Statewide Child Abuse Register. The Report Number was 20452270.

22.     As a result of Defendant Winebrenner's submission of the Form CY-48 to DHS, Plaintiff was registered as a child abuser on the ChildLine registry and suffered immediate civil disabilities, including loss of current employment as a teacher at Hanover YMCA, impairment of his right to obtain employment in his field in child-serving organizations, career-ascending employment, and there were significant limitations in the education and child care professions.

23.     Following in the initial referral, Defendant Winebrenner sent Plaintiff a letter stating that she would contact Plaintiff to conduct an interview. The CPSL requires that caseworkers conduct interviews of alleged perpetrators before an indicated status determination. It is only in the most glaring circumstances, such as an admission by the alleged perpetrator to police, that an interview need not necessarily be conducted.

24.     On October 31, 2025, on the eve of the scheduled BHA hearing, Defendants filed a Notice of Non-Pursuit admitting they could not go forward. Nothing in the circumstances had changed since Plaintiff was labeled indicated. On October 31, 2025, there was a joint stipulated Order ordering that the indicated status be removed and that Plaintiff's record be expunged.

25.     On or about May 14, 2026, Plaintiff was notified the Childline record was not amended, and his name was not officially removed as a perpetrator of child abuse and was not expunged despite promises from Defendants and a stipulated Order from the administrative law judge, Plaintiff's matter has not yet been expunged.

## DEFENDANT CYS' INVESTIGATION OF ALLEGED ABUSE

26.     In the course of CYS' investigation of Plaintiff, Defendants Winebrenner, Roth,

and CYS failed to perform an investigation meeting legal minimum requirements 55 Pa. Code § 3490.55. If a proper investigation occurred, they would not have reasonable cause, substantial evidence, or any evidence of conceivable merit whatsoever to pursue an investigation against Plaintiff.

27.     In the course of the investigation, Defendant Winebrenner acted in concert and consultation with Defendant Roth in investigatory actions leading up to the filing of the unsubstantiated indicated report of abuse against Plaintiff.

28.     Due to legally deficient investigative activities, Defendants Winebrenner, Roth, and CYS did not have substantial or any evidence to support the filing of an indicated report with DHS.

29.     Despite such lack of sufficient evidentiary support, Defendant Winebrenner filed an indicated report of abuse that named Plaintiff as a perpetrator.

30.     The actions of Defendants Winebrenner and Roth were in accordance with the custom and policy of Defendant CYS and Defendant Adams County, both of which entities are the policy-making entities under which Defendants Winebrenner and Roth work.

31.     Defendants Winebrenner and Roth did not have reasonable cause to believe that substantial evidence existed to support their filing of an indicated report of abuse with DHS.

32.     Prior to the filing of the indicated report, there was awareness that Complainant had induced by parents to make a false report.  All Defendants were aware of Complainant's parents' role, the delay in reporting, and Complainant's limited memory and mental ability but these issues were ignored by all Defendants.

33.     Defendant CYS and Defendant Adams County have failed to train employees, including Defendants Winebrenner and Roth, in the proper investigation and evaluation of an allegation of child abuse.

34.     Defendant Winebrenner indicated on June 25, 2025 that there was "substantial evidence of abuse."  This is despite Winebrenner not having interviewed Plaintiff.  The CPSL requires that a potential perpetrator be interviewed except in the most clear and obvious circumstances.  Plaintiff was interviewed by Detective Gilberto of Littlestown Police Department but there were no admissions and there was no physical evidence relating to Plaintiff and Complainant. The local police and the Adams County District Attorney did not pursue criminal charges because there was no probable cause and all Defendants also had no reasonable cause to label Plaintiff indicated because there was no reasonable cause and Plaintiff was not interviewed by Defendants.

35.     Defendants Winebrenner and Roth did refer the matter further to police and there was no police investigation or arrest because there was nothing approaching probable cause and Defendants were aware of this.

36.     Defendants also did not interview any other witnesses that would have shown that all allegations were impossible to have occurred in any world.

37.     Defendant Winebrenner's responsibilities as a caseworker for Defendant CYS include conducting investigations and providing testimony in judicial and administrative proceedings against individuals who are suspected of child abuse.

38.     Defendant Winebrenner, in conjunction with her supervisor Defendant Roth, did not have substantial evidence to investigate and pursue a judicial finding of abuse against Plaintiff.  They purposefully ignored parental influence on Complainant, the impossibility of the allegations, and did not interview Plaintiff, as is required by the CPSL.

39.     Despite such lack of sufficient evidentiary support and despite lack of reasonable cause, Defendants Winebrenner and Roth encouraged, solicited, and otherwise conspired with Complainant, a private citizen, based upon the unfounded and unprovable allegations of abuse.

40.    Defendants Winebrenner and Roth acted with gross negligence, recklessly, wantonly, and in a way that shocks the conscience by assisting Complainant in the investigation and continuation of a case based upon suspected abuse against Plaintiff when, in fact, they knew or should have known that there was no reasonable cause to find that Plaintiff had abused Complainant.

41.    Defendants Winebrenner and Roth chose to continue the case against Plaintiff despite being aware of Complainant's psychological history as well as any ulterior motives as the basis of false reporting by Complainant.  There was other documentation which refuted the false accusations as well, but these documents were also ignored by Defendants.

42.    On multiple occasions, counsel for Plaintiff requested via counsel for Defendant CYS that the case against Plaintiff be withdrawn, but the response was that Defendants Winebrenner, Roth, and CYS wanted to continue with the case because Complainant's family wanted to continue with the case.  This is not the basis for a finding of substantial evidence and Defendants Winebrenner, Roth, and CYS ignored objective evidence favorable to Plaintiff and twisted evidence that was also favorable to Plaintiff.

43.    Defendants Winebrenner, Roth, and CYS were always aware of the dubious merits of the case but held and continued to hold that there was substantial evidence of abuse when, in fact, there was none, and there was much evidence of falsehood by Complainant and clear manipulation of Complainant.

44.    Defendants Winebrenner and Roth's actions were at all times consistent with, and in accordance with, the custom and policy of Defendants CYS and Adams County.  Adams County CYS has a lack thoroughness of investigations, professionalism, oversight, accuracy, and associated training and policy making.  Defendants CYS and Adams County have clear deficits and a custom and practice of lack of thoroughness and professionalism and this, for example, led to

the death of Iris Mummert in 2020.

45.     The Defendants CYS and Adams County deficits and a custom and practice of lack of thoroughness and professionalism led to Plaintiff having the false indicated status submitted against Plaintiff.

46.     Defendants CYS and Adams County have failed to train their authorized agents or employees in the proper investigation and administrative actions in support of prosecutions of child abuse with gross negligence or an arbitrariness that shocks the conscience.

### FALLOUT FROM UNSUBSTANTIATED INVESTIGATION BY CYS AND ITS EMPLOYEES

47.     The CPSL requires that applicants for jobs in education and child-related positions submit "an official clearance statement obtained from the [Department of Human Services] within the immediately preceding year as to whether the applicant is named as the perpetrator of an indicated or a founded report[.]" 23 Pa. C.S. § 6355(1).

48.     Plaintiff was forced from his current employment as a YMCA teacher and desired career in education and the ability to do so in the future and fears employment-denying subjection to an indicated report of abuse, which specifically states "as a **substantiated or pending perpetrator** of child abuse," without pre-deprivation hearing or post-deprivation hearing at a meaningful time.

49.     As a result of the allegations of child abuse leveled against Plaintiff, Plaintiff was released from employment, incurring significant loss of wages, benefits, and future earnings.

50.     As a result of the allegations of child abuse leveled against Plaintiff, Plaintiff had to pursue further legal remedies.

51.     Plaintiff expended substantial monies in seeking an expungement of his registration as a child abuser on Pennsylvania's ChildLine registry and clearing his name in related judicial proceedings, and the process is ongoing.

52.     Plaintiff has suffered humiliation, pain, mental anguish including serious and immediate suicidal ideation, and embarrassment as a direct and proximate result of the actions of all Defendants in this matter.

**FIRST CAUSE OF ACTION – DAMAGES – AGAINST DEFENDANTS WINEBRENNER AND ROTH; NO REASONABLE CAUSE TO PURSUE INVESTIGATION**
**(U.S. Constitution, Amend. XIV)**

53.     The averments of the preceding paragraphs are incorporated herein by reference as if set forth at length.

54.     Defendants Winebrenner and Roth falsely represented to DHS that substantial evidence existed to support an indicated report of abuse when they filed a Form CY-48 with DHS declaring that Plaintiff was an indicated perpetrator of abuse.

55.     Defendant Winebrenner acted in concert with Defendant Roth in the investigation of such a baseless claim and the actions leading to the administrative branding of indicated "child abuser" inflicted on Plaintiff.

56.     Defendants Winebrenner and Roth civilly conspired to deprive Plaintiff of his civil rights.

57.     Neither Defendant Winebrenner nor Defendant Roth had reasonable cause to believe that investigation into the allegation of abuse against Plaintiff was warranted nor that substantial evidence existed to support the transmission of an indicated report to DHS for registration against Plaintiff.

58.     Defendant Winebrenner and Roth's investigation and filing of a Form CY-48 against Plaintiff by these Defendants were undertaken in accordance with the customs, policies, and procedures of Defendants CYS and Adams County.

59.     Defendants Winebrenner and Roth had a subjective appreciation of the risk to which Plaintiff was exposed and they acted or failed to act in conscious disregard of such risk.

10

WHEREFORE, Plaintiff prays this Court, pursuant to 42 U.S.C. §1983, to award damages to him and against Defendants Winebrenner and Roth in an amount in excess of Fifty Thousand Dollars ($50,000.00) in incurred losses, attorneys' fees, interest, costs and whatsoever other relief as this Court shall deem to be just and equitable.

**SECOND CAUSE OF ACTION – DAMAGES AGAINST DEFENDANTS CYS AND ADAMS COUNTY -- POLICY TO FILE INDICATED REPORTS EVEN WHEN NO REASONABLE CAUSE TO PURSUE INVESTIGATION; FAILURE TO TRAIN AND SUPERVISE**
(U.S. Constitution, Amend. XIV)

60.     The averments of the preceding paragraphs are incorporated herein by reference as if set forth at length.

61.     Defendants Adams County and CYS maintain a policy or custom under which it requires case workers to file reports of indicated abuse against alleged perpetrators even if there exists evidence to the contrary.

62.     Defendant CYS maintains a policy or custom under which it credits opinion as to the existence of abuse and the perpetrators thereof arising out of professional practices and techniques not generally accepted within the relevant scientific of professional community in a manner that shocks the conscience.

63.     Such policy or custom violated Plaintiff's rights to be free from arbitrary exercise of governmental power, inasmuch as an indicated report must be supported by "substantial evidence."

64.     "Substantial evidence" is evidence that must outweigh inconsistent evidence and which a reasonable person would accept as adequate to support a conclusion.

65.     Defendants CYS and Adams County applied their unconstitutional policy or custom against Plaintiff in reporting him as an indicated perpetrator of abuse without reasonable cause and in violation of Pennsylvania statutory law requiring "substantial evidence."

11

66.     Defendants CYS and Adams County, through their investigative activities, have denied Plaintiff his substantive due process rights in the absence of reasonable cause.

67.     Defendant CYS and Adams County acted with gross negligence, recklessness, wantonness, or an arbitrariness that shocks the conscience.

68.     Plaintiff expended thousands of dollars in legal fees attempting to clear his name from accusations of abuse disseminated by Defendants and to defend his rights to custody.  Even still, when Plaintiff ever applies for a job in education, his desired field of employment, institutions will have self-disclosure requirements as part of the application process (in addition to a background check).  So, although Plaintiff has partially cleared his name, even with potential expungement which has not as yet occurred, the self-disclosure application clauses will follow Plaintiff forever.  Plaintiff foresees extremely limited career possibilities due to the errant procedures alleged herein.

69.     The custom, practice, and policy of lack of thoroughness in investigation leading to indicated status led to the need for extensive intervention following the death of  Iris Mummert, for example, because there was a clear continuing custom, practice, and policy of lack of thoroughness in investigation.

WHEREFORE, Plaintiff prays this Honorable Court, pursuant to 42 U.S.C. § 1983, to award damages to him and against Defendants Adams County and CYS in an amount in excess of Fifty Thousand Dollars ($50,000.00) in losses incurred, attorneys' fees, interest, costs and whatsoever other relief as this Court shall deem to be just and equitable.

### THIRD CAUSE OF ACTION – STATE MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS Winebrenner AND ROTH (Supplemental Jurisdiction)

70.     The averments of the preceding paragraphs are incorporated herein by reference as if set forth at length.

71.     The administrative procedures against Plaintiff were initiated without probable cause and in bad faith by Defendants Winebrenner and Roth.

72.     All issues resolved in Plaintiff's favor.

73.     The actions of Defendants Winebrenner and Roth as alleged constitute willful misconduct and are outside the scope of employment because the investigation ignored all facts and was wholly incomplete in violation of all state legal standards and requirements.

WHEREFORE, Plaintiff prays this Honorable Court to grant in favor of Plaintiff and award compensatory damages at least in the amount of fifty thousand dollars ($50,000.00), punitive damages, interest at the maximum allowable rate, costs of suit and whatsoever other relief as shall be just and equitable.

Respectfully submitted,

**O'HANLON SCHWARTZ, P.C.**

STEPHEN T. O'HANLON, ESQUIRE

DATE:  June 9, 2026

**O'HANLON SCHWARTZ, P.C.**
BY:  Stephen T. O'Hanlon, Esquire (PA Bar # 208428)
      Israel A. Schwartz, Esquire (PA Bar # 327623)
*Attorneys for Plaintiff*
2 Penn Center, Suite 1410
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel:  (267) 546-9066
Fax: (215) 567-1998
steve@ohanlonschwartz.com
izzy@ohanlonschwartz.com

13