IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRENDA L. REISINGER           :        CIVIL ACTION
                              :        NO.
                              :
        v.                    :
                              :
COMMONWEALTH OF PA,           :
OFFICE OF ADMINISTRATION      :        Jury Trial Demanded

**COMPLAINT**

1.      Plaintiff, Brenda L. Reisinger, is a female residing in the Commonwealth of Pennsylvania at 1970 Pisgah State Road, Shermans Dale, PA 17090.

2.      Defendant, Commonwealth of Pennsylvania, is Plaintiff's employer, and she works for the Commonwealth as an IT Generalist 2.  She has been employed with Defendant since 1990.

3.      The cause of action set forth in this Complaint arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000(e) *et seq*.

4.      The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343.

5.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting in the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6.      At all times relevant to this Complaint, Plaintiff worked as the only female working in a group of seven employees supervised by Eddie Sutton, a male, in the Public Safety Information Technology Delivery Center (PSTDC) in Harrisburg, PA.

1

7.      In October of 2024 Plaintiff formally filed a complaint of being subjected to, among other things, sexual harassment and retaliation.

8.      After being issued a notice of a Pre-Disciplinary Conference (PDC) in December of 2024, Plaintiff again complained of discrimination and retaliation in January of 2025.

9.      Plaintiff was then suspended without pay on February 07, 2025, for allegedly improperly using the Enterprise Network System by accessing another user's personal One Drive without authorization or work-related purpose. During her suspension, her medical benefits were terminated.

10.     Plaintiff was reinstated in late July of 2025 after an investigation found no basis for her suspension, although she was transferred from her then current position and location under Mr. Sutton just outside of Harrisburg, PA to a location in Mechanicsburg, PA. The transfer prolonged Plaintiff's commute and caused additional expense and hardship.

11.     In addition to the retaliatory actions referenced above, Plaintiff alleges that Defendant subjected her to a hostile environment because of her gender, this hostile environment being evidenced by Defendant, among other things, doing the following:(a) allowing her male coworkers to work from home while denying her the same opportunity; (b) treating her differently than her male coworkers in the amount of work given to her, and in work assignments; (c) holding her to unreasonable expectations, deadlines and different standards regarding work performed compared to her male coworkers; (d) being more critical of her work in conducting reviews of work performance; (e) failing to provide the same support for her work performance as given to her male coworkers; (f) suspending her without pay while permitting male employees to violate Defendant's policies without any or similar discipline, as, for example, allowing Mr. Sutton to

2

continue to work and receive pay despite having felony convictions; and, (g) not providing training for her that was given to her male coworkers.

12. On August 05, 2025 Plaintiff filed a Charge of gender discrimination and retaliation with the United States Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a right to sue on that Charge on March 12, 2026.

COUNT I – Title VII

13. Plaintiff incorporates herein by reference paragraphs 1 through 12 above as if set forth herein in their entirety.

14. Defendant violated Title VII by creating a hostile environment for Plaintiff on account of her gender, and/or otherwise being motivated in its actions addressed above by her complaints of discrimination.

15. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning capacity, loss of benefits, medical expenses, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a) Declaring Defendant's actions to be in violation of Title VII;

(b) Awarding Plaintiff transfer to an appropriate location and position with Defendant;

(c) Awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered as a result of Defendant's improper and discriminatory treatment, including, but not limited to, past and future wages, lost earning capacity,

3

pension and other lost benefits;

(d)    Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(e)    Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

(f)    Awarding Plaintiff punitive damages and such other damages as are appropriate under the Title VII; and,

(g)    Granting such other and further relief as the court deems appropriate.

Respectfully submitted,

/s/ Brian J. Foley
Brian J. Foley, Esquire
Identification #68806
6701 Germantown Ave., Suite 200
Philadelphia, PA 19119
(267) 930-4425

/s/ Mark S. Scheffer
Mark S. Scheffer, Esquire
Identification #59271
P.O. Box 111
Birchrunville, PA 19421
(610) 915-8351

Attorneys for Plaintiff

June 9, 2026

4