**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BULLDOG NATIONAL RISK RETENTION GROUP, INC.<br>1325 Park Street, Suite 200<br>Columbia, SC 29201<br><br>              Plaintiff<br><br>vs.<br><br>SANDHU BRO INC<br>3661 W. Shield Ave. Apt 152<br>Fresno, CA 93722,<br>                        Defendant<br><br>And<br><br>ONKAR SINGH<br>3661 W. Shields Ave., Apt. 152<br>Fresno, CA 93722 | NO.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

AND NOW, comes the Plaintiff, Bulldog National Risk Retention Group, Inc., by its attorneys and brings the following Complaint for Declaratory Judgment:

**JURISDICTION AND VENUE**

1.      The Plaintiff is Bulldog National Risk Retention Group, Inc. is an insurance company doing business in Pennsylvania with a physical address of 1325 Park Street, Suite 200, Columbia, SC 29201.

2.      Sandhu Bro Inc. is a business entity with a principal place of business at 3661 W. Shield Ave. Apt 152, Fresno, CA 93722.

3.    Onkar Singh is an individual with a residence address of 14710 41st Avenue, Flushing, NY 11355 and at all relevant times was an employee and or agent of Defendant, Sandhu Bro Inc.

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the Plaintiff and Defendants and the injury claim which underlies this action has a value in excess of $75,000.

5.    The Plaintiff brings this action pursuant to 28 U.S.C. §2201 because this is a matter by an insurance company seeking a declaration pursuant to a policy of insurance.

6.    This Court has personal jurisdiction over Defendant Sandhu Bro Inc because at all relevant times, Defendant has engaged in substantial business activities in the Commonwealth of Pennsylvania, and, in particular, in the Middle District and is a defendant in the underlying liability suit, *Banks v. Singh et al.* M.D. Pa., No. 1:24−CV−01626−YK currently pending in the Middle District. (A true and correct copy of the underlying lawsuit is attached hereto and made a part hereof as "Exhibit A.")

7.    This Court has personal jurisdiction over Onkar Singh in that the accident that is subject of the underlying lawsuit occurred within the Middle District and is a defendant in the underlying liability suit currently pending in the Middle District. (A true and correct copy of the underlying lawsuit, *Banks v. Singh et al.* M.D. Pa., No. 1:24−CV−01626−YK is attached hereto and made a part hereof as "Exhibit A.")

8.    Venue is proper in the Middle District pursuant to 28 U.S.C. § 1391(b)(2) in that the events in the underlying lawsuit all occurred in the Middle District and the underlying lawsuit is currently pending in the Middle District. (See "Exhibit A.").

**INSURANCE COVERAGE**

9.    At all times material hereto, Plaintiff, Bulldog National Risk Retention Group, Inc. insured Defendant, Sandhu Bro Inc., and Defendant Onkar Singh under a commercial auto insurance coverage under policy number ATG-CA-0005923-23 for policy period 01/13/2023 to 01/13/2024, in the amount of one million dollars ($1,000,000), combined single limit with a deductible in the amount of two thousand, five hundred dollars ($2,500). (A true and correct copy of the Policy is attached hereto and made a part hereof as "Exhibit B.")

<strong>UNDERLYING FACTS PERTAINING TO INSURANCE CLAIM</strong>

10.    On September 25, 2024, Tamathell Banks, an individual, filed a personal injury action against Defendants Defendant, Sandhu Bro Inc., and Defendant Onkar Singh alleging injuries due to a motor vehicle that is alleged to have occurred on January 5, 2024.  (See "Exhibit "A".)

11.    The Plaintiff Bulldog National Risk Retention Group, Inc. retained counsel to Defend , Sandhu Bro Inc, and Defendant Onkar Singh in the underlying lawsuit.

<strong>DEFENDANTS SANDU BRO INC AND ONKAR SINH'S LACK OF COOPERATION</strong>

12.    Pursuant to the Bulldog National Risk Retention Group, Inc. policy of insurance:

**A PERSON SEEKING COVERAGE MUST:**

1. Cooperate with **us** in any matter concerning a claim or lawsuit;
2. Provide any written proof of loss **we** may reasonably require;
3. Allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, that **we** may conduct outside the presence of **you**, a **relative**, or any person claiming coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;
4. Promptly call **us** to notify us about any claim or lawsuit and send us any and all legal papers relating to any claim or lawsuit;
5. Attend hearings and trials as we may require;
6. Submit to medical examinations, at our expense, by doctors we select as often as we may reasonably require;
7. Authorize us to obtain medical and other records;
8. Take reasonable steps after a loss to protect the **insured auto** from further loss.  We will pay reasonable expenses incurred in providing that protection. If failure to provide such protection results in further loss, any additional damages will not be covered under this policy;

(Exhibit "B" pg. 10 of 67).

3

13. As noted above, pursuant to the terms of the Policy, Defendants, Sandhu Bro Inc and Defendant Onkar Singh have an obligation to cooperate with the defense in the underlying lawsuit.

14. Despite the obligations under the policy, Defendants, Sandhu Bro Inc and Onkar Singh have not cooperated in the defense of the suit.

15. The failure to cooperate has consisted of the following to date:

(a) Failure to assist in providing assistance to defense counsel in preparing answers to discovery responses;

(b) Failure to provide signed verifications to discovery responses;

(c) Failure to provide photographs and video of the underlying accident scene and damages when requested by defense counsel;

(d) Refusal to schedule or attend meetings with defense counsel concerning the defense of the case.

(e) Failure to respond to written communications from defense counsel concerning the defense of the case;

(f) Failure to cooperate with defense counsel in meeting for and appearing for deposition.

16. In an effort to secure cooperation from Defendant, Sandhu Bro Inc. and Defendant Onkar Singh, Plaintiff, Bulldog National Risk Retention Group, Inc sent correspondence explaining Defendants' duties under the policy. (Correspondence dated October 24, 2025 from Plaintiff Bulldog National Risk Retention Group, Inc to Defendant, Sandhu Bro Inc. and Defendant Onkar Singh is attached hereto and made a part hereof as "Exhibit C".)

17. The Defendant, Sandhu Bro Inc. and Defendant Onkar Singh have continued to be non-cooperative in the defense of this lawsuit.

## CLAIMS FOR RELIEF

18. The contents of the foregoing paragraphs are incorporated herein as if set forth at length.

## RESCISSION

19. The non-cooperation of Defendants Sandhu Bro Inc and Onkar Singh are material and prejudicial to the defense of the liability suit.

20. Prior to filing this action, Plaintiff Bulldog National Risk Retention Group, Inc. attempted to contact Defendants Sandhu Bro Inc and Onkar Singh numerous times, by multiple means and warned Defendants Sandhu Bro Inc and Onkar Singh that failure to respond and/or comply with the Policy's requirements may lead to the filing of an action for declaratory judgment.

21. Defendants Sandhu Bro Inc and Onkar Singh ignored all of Plaintiff Bulldog National Risk Retention Group, Inc's attempts to obtain information.

22. In view of Sandhu Bro Inc and Onkar Singh s failure to comply with the explicit terms and conditions in the Policy, in the alternative to Policy rescission, a declaratory judgment is sought that Plaintiff Bulldog National Risk Retention Group, Inc. has no duty to defend or indemnify Sandhu Bro Inc and Onkar Singh for the lawsuit filed by Tamathell Banks.

## IN THE ALTERNATIVE, NO DUTY TO DEFEND OR INDEMNIFY

22. The failure of Defendants Defendant, Sandhu Bro Inc. and Defendant Onkar Singh to cooperate in the defense of the underlying lawsuit are material and prejudicial to Plaintiff Bulldog National Risk Retention Group, Inc

5

23.    The lack of responsiveness and cooperation has left Plaintiff Bulldog National Risk Retention Group, Inc in a position where it cannot defend the underlying lawsuit.

24.    In view of Defendant, Sandhu Bro Inc.'s and Defendant Onkar Singh's  failure to comply with the explicit terms and conditions in the Policy, a declaratory judgment is sought that Plaintiff Bulldog National Risk Retention Group, Inc to defend or indemnify Defendants, Sandhu Bro and Onkar Singh for the claim presented by Tamathell Banks.

WHEREFORE, Bulldog National Risk Retention Group, Inc respectfully requests an order entering a declaratory judgment for the following relief:

A.    That the insurance Policy is rescinded effective on the date of original issuance, January 13, 2023, for lack of cooperation in the defense of the underlying lawsuit. material misrepresentation in the application for insurance coverage; or

B.    In the alternative, Bulldog National Risk Retention Group, Inc has no duty to defend or indemnify Sandhu Bro Inc and Onkar Singh due to its material failure to provide assistance and cooperation to Bulldog National Risk Retention Group, Inc as required by the Policy.

Respectfully submitted,

**MCGIVNEY, KLUGER, CLARK & INTOCCIA, P.C.**

Date:  June 11, 2026          By:  */s/  Christopher D. Hillsley*

CHRISTOPHER D. HILLSLEY, ESQUIRE
Attorney for Plaintiff, Bulldog National Risk Retention Group, Inc
Attorney ID No.  88241
1001 Conshohocken State Road, Suite 2-107
Conshohocken, PA 19428
Phone: (610) 316-6841
Fax: (215) 557-7590
chillsley@mkcilaw.us.com