# Exhibit "A"



# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
_____ Lackawanna _____ County



*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: MARYWOOD UNIVERSITY | Lead Defendant's Name: INTERNATIONAL STUDIES INSTITUTES, INC |
|---|---|

| **Are money damages requested?** ☐ Yes ☒ No | Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits |
|---|---|

| **Is this a *Class Action Suit*?** ☐ Yes ☒ No | **Is this an *MDJ Appeal*?** ☐ Yes ☒ No |
|---|---|

Name of Plaintiff/Appellant's Attorney: Timothy P. Polishan (PA 76247)

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:
  _____
  _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:
  _____
  _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:
  _____
  _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
  _____
- ☐ Other:
  _____
  _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:
  _____
  _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
  _____
- ☐ Zoning Board
- ☐ Other:
  _____
  _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☒ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:
  _____
  _____

*Updated 1/1/2011*

**IN THE COURT OF COMMON PLEAS**
**OF LACKAWANNA COUNTY, PENNSYLVANIA**

2025 MAY 12 P 1: 27

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

MARYWOOD UNIVERSITY,

*Plaintiff,*

v.

INTERNATIONAL STUDIES INSTITUTES,
INC., d/b/a INTERNATIONAL STUDIES
INSTITUTE: FLORENCE

*Defendant.*

No. 26 CV 3210

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service - Lackawanna Bar Association
233 Penn Avenue
Scranton, PA 18503
(570) 969-9600 *or 570-969-9161*

Legal Services - North Penn Legal Services
33 North Main Street, Suite 200
Pittston, PA 18640
(570) 299-4100

Timothy P. Polishan PA I.D. 76247
POLISHAN SOLFANELLI LLC
*Counsel for Plaintiff*

**IN THE COURT OF COMMON PLEAS**
**OF LACKAWANNA COUNTY, PENNSYLVANIA**

2026 MAY 12 P 1: 27

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

MARYWOOD UNIVERSITY,

    *Plaintiff,*

v.

INTERNATIONAL STUDIES INSTITUTES,
INC., d/b/a INTERNATIONAL STUDIES
INSTITUTE: FLORENCE

    *Defendant.*

No. 26 CV 3210

## AVISO

    Usted ha sido demandado ante el tribunal. Si desea defenderse de las reclamaciones expuestas en las páginas siguientes, debe actuar dentro de los veinte (20) días siguientes a la notificación de esta Demanda y Aviso, presentando personalmente o por medio de un abogado una comparecencia por escrito y registrando ante el Tribunal sus defensas u objeciones a las reclamaciones presentadas en su contra. Se le advierte que, de no hacerlo, el caso podrá seguir adelante sin usted y el Tribunal podrá dictar una sentencia en su contra sin previo aviso por cualquier suma de dinero reclamada en la Demanda o por cualquier otra reclamación o reparación solicitada por el Demandante. Usted podría perder dinero, propiedades u otros derechos importantes para usted.

    USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE UN ABOGADO O NO PUEDE PAGAR UNO, VAYA O LLAME POR TELÉFONO A LA OFICINA INDICADA A CONTINUACIÓN. ESTA OFICINA PUEDE BRINDARLE INFORMACIÓN SOBRE CÓMO CONTRATAR A UN ABOGADO.

    SI NO PUEDE PAGAR LA CONTRATACIÓN DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA PUEDA BRINDARLE INFORMACIÓN SOBRE AGENCIAS QUE PUEDEN OFRECER SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQUISITOS A UNA TASA REDUCIDA O GRATUITAMENTE.

Lawyer Referral Service - Lackawanna Bar Association
233 Penn Avenue
Scranton, PA 18503
(570) 969-9600 or 570-969-9161

Legal Services - North Penn Legal Services
33 North Main Street, Suite 200
Pittston, PA 18640
(570) 299-4100

Timothy P. Polishan PA I.D. 76247
POLISHAN SOLFANELLI LLC
*Counsel for Plaintiff*

2

**IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY, PENNSYLVANIA**

2026 MAY 12 P 1: 26

CLERK OF JUDICIAL
RECORDS CIVIL DIVISION

MARYWOOD UNIVERSITY,

*Plaintiff,*

v.

INTERNATIONAL STUDIES INSTITUTES,
INC., d/b/a INTERNATIONAL STUDIES
INSTITUTE: FLORENCE

*Defendant.*

No. 26 CV 3210

## COMPLAINT

Plaintiff Marywood University ("Plaintiff" or "Marywood"), by and through its undersigned counsel, files this Complaint against Defendant International Studies Institutes, Inc., d/b/a International Studies Institute: Florence ("Defendant" or "ISI," and collectively with Marywood, "the Parties") and respectfully represents as follows:

## NATURE OF THE ACTION

1. This action arises from a dispute between Plaintiff and Defendant concerning the parties' contractual relationship governing a study abroad program in Florence, Italy. Plaintiff seeks declaratory judgment that finds the contract properly terminated, releasing Plaintiff from further obligations beginning with the Fall 2026 semester, and requiring Defendant to litigate any additional issues according to the forum selection clause.

## PARTIES

2. Marywood University is a Pennsylvania private Catholic university, and a nonprofit corporation, with its principal place of business at 2300 Adams Avenue, Scranton, Pennsylvania 18509.

3

3. ISI is a Florida nonprofit corporation with its principal place of business at 2610 Bowring Street, Kissimmee, Florida 34747.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 42 Pa.C.S. § 931(a) and 42 Pa.C.S. § 7532.

6. Venue is proper in Lackawanna County because the parties have agreed to venue in this Lackawanna County Court; Plaintiff's principal place of business is located in Lackawanna County; and a substantial part of the events or omissions giving rise to this litigation occurred in Lackawanna County.

## FACTS

4. Marywood is an accredited institution of higher education.

5. ISI is a private institution for study abroad located in Florence, Italy.

6. In July 2014, the Parties entered into a Memorandum of Understanding (the "Memorandum").

7. The Memorandum was intended to facilitate study abroad opportunities for students of Marywood.

8. A true and complete copy of the Memorandum is attached as Exhibit 1.

9. The purpose of the Memorandum included to document the parameters that Marywood and ISI will work together in offering Marywood students an opportunity to study abroad in Florence and Perugia, Italy; to establish the parameters of collaboration for hosting Marywood faculty-led and/or special academic programs at the ISI; and to promote Marywood student interest and facilitate enrollment in the study abroad opportunities created as a result of this agreement. Exhibit 1, p. 1.

10. Notably, the Memorandum granted Marywood the sole discretion to send any students or faculty to ISI for the semester. Exhibit 1, p. 4.

4

11. Additionally, the Memorandum provided, "[e]ither party may terminate their participation in this agreement by giving written notification to the other party at least nine months prior to the commencement of the succeeding term." Exhibit 1, p. 5.

12. On or about July 7, 2022, the Parties entered into a Consortium Agreement (the "Agreement").

13. A true and complete copy of the Agreement is attached as Exhibit 2.

14. The Agreement amended and, where in conflict, superseded the terms of the Memorandum.

15. The Agreement provides "[n]either party is obligated to agree to a minimum number of visiting students at ISI. This Agreement is non-exclusive and does not affect either party's ability to enter into a similar agreement with other parties." Exhibit 2, p. 1.

16. Additionally, the Agreement provides, "[e]ither party may terminate the Agreement at any time and shall provide thirty (30) days written notice to the other party. Professional and ethical practice in managing the conclusion of all obligations to an acceptable degree related to the activities of the students is expected." Exhibit 2, p. 2.

17. Under the Agreement, "[n]otices required or permitted by this Agreement shall be deemed effective when received or upon refusal to accept delivery if sent by hand delivery, recognized overnight courier service or first-class certified mail, return receipt requested, postage prepaid." Exhibit 2, p. 3.

18. Moreover, the Parties agreed that all matters arising from the Agreement will be governed by, construed by, and enforced by the laws of the Commonwealth of Pennsylvania. Exhibit 2, p. 3.

19. Between 2015 and spring 2026, Marywood sent a number of architecture

students to ISI, pursuant to the terms of the Agreement.

20. In or about Fall 2024, Marywood advised ISI that it would not be able to continue under the terms of the Agreement.

21. On or about March 19, 2026, Marywood exercised its contractual right to terminate the Agreement at the conclusion of the Spring 2026 term.

22. Marywood's termination notice provided far more than the required 30 days notice.

23. In March 2026, Marywood also executed a lease for space in Florence, Italy, to locate a campus, intending to begin operations in August 2026.

24. ISI acknowledged receipt of Marywood's termination notice in an April 9, 2026 letter from Daniel Tartaglia (the "Letter").

25. A true and correct copy of the Letter is attached as Exhibit 3.

26. ISI objected to Marywood's notice.

27. ISI asserted that Marywood is required to continue sending students to ISI.

28. ISI asserted that Marywood must provide nine months of notice pursuant to the terms of the Memorandum.

29. ISI asserted that Marywood may not operate a competing program in Florence.

30. On or about May 4, 2026, ISI served Marywood with a Cease and Desist notice.

31. A true and correct copy of the Cease and Desist is attached as Exhibit 4.

32. ISI's Cease and Desist notice threatened litigation in Italian courts, including seeking emergency injunctive proceedings to preclude Marywood from operating in Florence at a location other than ISI, as well as claims for substantial monetary damages.

33. ISI's position is without merit because it directly conflicts with the amended notice terms in the Agreement, ignores the fact the Memorandum was nonexclusive and permitted competition, and ignores the applicable forum selection clause.

34. If the Agreement remains in place through the Spring semester, and Marywood is obligated to pay ISI for its students that study abroad during that period, then Marywood anticipates ISI's additional fees will exceed $1 million.

## CLAIM
### (DECLARATORY JUDGMENT)

35. Marywood repeats and incorporates by reference the allegations set forth in the  preceding paragraph as though fully stated herein.

36. The Agreement is a valid and enforceable contract between the Parties that amends and supersedes the Memorandum where in conflict, including but not limited to with respect to the notice requirement.

37. An actual and justiciable controversy exists between the parties regarding their respective rights and obligations.

38. Marywood has fulfilled its contractual obligations under the Agreement.

39. Pursuant to Section D of the Agreement, Marywood has a contractual right to terminate the Agreement, which it validly exercised pursuant to Section E of the Agreement.

40. Marywood is entitled to a declaratory judgment that the Agreement and Memorandum are properly terminated, and it is therefore under no obligation to send students to ISI after the conclusion of the Spring 2026 semester.

41. This Court, and not Italian courts, are the appropriate forum for this dispute.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Marywood respectfully requests that this Court enter a judgment in its favor and against Defendant ISI for:

A. A declaration that Marywood has properly terminated the Agreement and Memorandum.

B. A declaration that Marywood is under no obligation to send students to ISI after the conclusion of the Spring 2026 semester or otherwise compensate ISI.

C. Injunctive relief enjoining ISI from initiating or maintaining any litigation arising from the Agreement outside of the Commonwealth of Pennsylvania.

D. Such other and further relief as the Court deems just and proper.

*Undersigned counsel certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents because this filing does not contain confidential information.*

Dated: May 12, 2026                                    Respectfully submitted,

Timothy P. Polishan
PA I.D. 76247
POLISHAN SOLFANELLI LLC
259 South Keyser Avenue
Old Forge, PA 18518
tim@polishanlaw.com
tel: (570) 562-4520 ext. 102
fax: (570) 562-4531

Matthew J. McDonald
PA I.D. 323952
KLEHR HARRISON
HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
mmcdonald@klehr.com
tel: (215) 569-4287
fax: (215) 568-6603

*Counsel for Plaintiff*

8

## VERIFICATION

I, Lisa Lori, am the President of Plaintiff Marywood University in the foregoing action. I am authorized to make this Verification on behalf of Plaintiff. I hereby verify that the statements set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements in this Verification are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: May 13, 2026

Lisa Lori
President, Marywood University

9

# EXHIBIT 1



## MEMORANDUM OF UNDERSTANDING BETWEEN
## MARYWOOD UNIVERSITY
## AND
## THE UMBRA INSTITUTE AND INTERNATIONAL STUDIES INSTITUTE

Marywood University, an accredited institution of higher learning located in Scranton, Pennsylvania also referred to as "MU", and the International Studies Institute, a private institution for study abroad located in Florence, Italy, and the Umbra Institute in Perugia, Italy (collectively referred to as the "Institutes"), agree to collaborate and cooperate as per this memorandum.

---

### PURPOSE OF THE AGREEMENT

---

The purposes of this agreement are as follows:
1. To document the parameters that MU and the Institutes will work together in offering MU students an opportunity to study abroad in Florence and Perugia, Italy;
2. To establish the parameters of collaboration for hosting MU faculty-led and/or special academic programs at the Institutes;
3. To promote student interest and facilitate enrollment in the study abroad opportunities created as a result of this agreement.

---

### RESPONSIBILITIES OF THE INSTITUTES

---

To achieve the purposes stated above, the Institutes will, individually and insofar as their means and the laws of the State of Italy will allow:

4. Provide an academic program in a facility that includes, but is not limited to sufficiently equipped classrooms, art studios, computer laboratory, library with adequate reference resources (books, web access, etc.), as well as faculty and administrative offices;
5. Operate a fall and spring academic semester programs as well as a summer session with dates closely based upon the academic calendar of US higher education;
6. Provide a varied curriculum of courses taught by a qualified and mutually-approved faculty;
7. Provide a pre-departure handbook;
8. Provide airport pick-up and return of students on specified dates, times and locations;
9. Provide a comprehensive orientation program which informs students of the policies and procedures of the program, and assists them in becoming familiar and comfortable with their new locale and surroundings;

10. Provide a student handbook documenting the rules, regulations and policies regarding participation in the program as well as helpful information for living and studying in the host country, emergency procedures and phone numbers, and other relevant and supportive information as required by MU.
11. Provide appropriate housing for each student for the full duration of his/her period of enrollment at The Institutes;
12. Offer optional and required co- and extra-curricular activities, field trips and excursions for both academic and recreational pursuits;
13. Provide support staff (i.e., Program Director, a Student Services Coordinator and Assistants) to meet all the academic support and non-academic needs of students attending the program;
14. Make psychological counseling available (at students' expense) for students who need such services in dealing with homesickness, culture shock and other personal issues.
15. Assist students with immigration registration, visa and other residence permit formalities to ensure compliance with immigration laws of the host country;
16. Provide periodic assessment of the students' academic performance and transmitting final grade reports for students within four weeks of the conclusion of each program term;
17. Allow external evaluators from MU to visit the programs to assess the maintenance of academic standards and the transferability of credit, quality and scope of services offered, and overall satisfaction;
18. Maintain regular communication with MU representatives regarding the progress of the students in the program, and to address relevant issues in a manner consistent with MU policy;
19. Provide comprehensive information about the courses offered in the academic program including course titles and descriptions, course syllabi including texts and required readings as well as curriculum vitae of instructors for both Institutes for pre-approval by MU;
20. Provide all information as agreed and in accordance with mutually established deadlines (i.e., course offerings, schedules, housing information, program dates, etc.) in an effort to allow MU to promote the program to its students accurately and effectively.
21. Allow MU faculty to teach one or more courses at either Institute. Details and financial remuneration will be determined on a case-by-case basis.

## RESPONSIBILITIES OF MARYWOOD UNIVERSITY

To achieve the goals stated above, MU will, insofar as its means and the laws of the State of Pennsylvania allow:

22. Publicize both the ISI in Florence and Umbra Institute in Perugia programs at its sole discretion and through various media, such as web pages, posters, catalogs, newsletters, brochures, and information sessions to encourage and facilitate enrollment;
23. Receive and handle inquiries; counsel and advise students about courses and services offered; process applications;
24. Accept into the programs only students of at least 18 years of age and who will have completed at least 30 semester hours (or the equivalent) of study at accredited North American colleges or universities at the time of entrance to the program and who have achieved a cumulative GPA of at least 2.75;

2

25. Provide a completed specified application form (personal information, housing form and course selection form) and copy of the applicant's transcript for any student accepted at least 90 days prior to the start of each term;
26. Distribute acceptance letters for students to obtain the required study visa for Italy;
27. Provide or ensure that all students have secured sufficient health and repatriation insurance for the duration of their time studying abroad;
28. Provide students, families and home schools with pre-departure and other pertinent program information mutually developed and supplied by the Institutes;
29. Collect and process fees and other funding from all possible sources, and facilitate payments through financial aid such as loans, grants or scholarships;
30. Ensure that all students will or are instructed to arrive on the specified and mutually-approved arrival date, and communicate to the Institutes the travel itineraries and arrival details for each student;
31. Hold all students subject to the Institutes' academic policies and standards of conduct as well as relevant MU conduct codes and policies of academic integrity while studying abroad;
32. Maintain communication, as needed, with the Institutes, students and families to assure prompt and satisfactory resolution of any and all problems that may arise.

---

## PROGRAM MANAGEMENT AND COMMUNICATION

---

Communications and decisions about routine Program matters to ensure quality of the Program and services offered should be made to:

**For the Umbra Institute**
Anna Girolmetti & Francesco Burzacca
Via Bartolo 16
Perugia, Italy 60123
Tel: +39 075 573-4595
Email: agiro@umbra.org

**For the International Studies Institute**
Antonio Artese & Stefano U. Baldassarri
Via della Vigna Nuova 18
Florence, Italy 50123
Tel: +39 055 264-5910
Email: aartese@isiflorence.org

**For Marywood University**
Director for Study Abroad
Liberal Arts Center Room 220
Tel: (570) 961-4581
International@marywood.edu

---

## FINANCIAL ARRANGEMENTS

---

3

39. Program fees for each student will be discounted <u>20%</u> from the published tuition and fees, which will be determined upon mutual agreement and no later than nine months prior to the start of the academic year.

The published program fee include: *pre-departure handbook, arrival orientation and welcome reception, immigration document assistance, housing and utilities (in shared apartments), the academic program, institute facilities and educational resources (classrooms, studio art rooms, library and computer lab), resident director and student services assistance, emergency assistant services, cultural activities series, farewell reception, grade report.*

The program fee does not include: *meals, textbooks, course fees (museum, travel, art supplies), health insurance, permit to stay fees ("permesso di soggiorno"), cell phone usage, optional excursions, exceptional expenses incurred for special or emergency services.*

40. The Institutes will submit an invoice to MU denominated in U.S. dollars.
41. All students will be individually responsible for the academic materials, travel or lab fees required for each course, and pay such charges directly to the Institute.
42. Each student will be subjected to a cancellation fee of $950.00 for each student who has been registered for participation and withdraws within 30 days of the arrival date.
43. Any student that withdraws from participation of the program after arrival in the host country must contact the Director of the Institute who will immediately contact the visiting faculty or appropriate personnel at MU to jointly address the situation.
44. For students who leave the program after arrival, refunds will be granted as a percentage of the base program cost according to the following schedule:

| | |
|---|---|
| Remainder of the 1st calendar week: | 75% refund |
| 2nd week and 3rd week: | 50% refund |
| up to the end of the 4th week: | 20% refund |
| 5th week and beyond | 0% refund |

---

## SPECIAL PROVISIONS

---

46. MU is not obligated to send any students or faculty as a result of this agreement and may do so at its sole discretion.
47. The Institutes reserve the right to reject any student that does not meet the admission requirements outlined above.
48. The Institutes will accept students to the extent possible until classes have been filled to capacity. The Institute will enroll students on a first come first serve basis. The Institute may add additional courses, at its discretion, or under additional terms, when necessary.
49. With the exception of obligatory courses (i.e. Italian) the Institute reserves the right to cancel any courses that have total enrollments of less than six students overall.

4

50. Disciplinary actions, including expulsion, will be taken according to the due process outlined in the relevant Conduct of Student Code and in collaboration with MU. Behavior that could trigger disciplinary action will be adequately explained in advance to the students.

51. The Institutes and MU are committed to the policy that all persons shall have equal access to programs, facilities, admission, and employment without regard to personal characteristics not related to ability, performance, or qualifications as determined by the respective MU and Institutes' policies or by state or federal authorities. None of the parties discriminates against any person because of age, ancestry, color, disability or handicap, national origin, race, religious creed, sex, sexual orientation, or veteran status. MU and the Institutes shall abide by these principles in the administration of this Memorandum of Agreement and none shall impose criteria which would violate the principles of non-discrimination.

---

## AGREEMENT TERMS

---

58. This agreement commences once all parties have signed and dated the agreement.

59. Either party may terminate their participation in this agreement by giving written notification to the other party at least nine months prior to the commencement of the succeeding term

60. This agreement, in itself, does not bind any party to any financial obligations or personnel commitments beyond the terms specified, nor does this agreement authorize any institution to enter into any agreement which will bind the other(s) to any financial obligations or personnel resource obligations.

61. Only the individuals that have signed this agreement below are authorized to establish policies and make commitments on behalf of their party.

62. Any changes to the agreement shall be made by an exchange of letters between the appropriate parties at Marywood University and the Institutes.


IN WITNESS WHEREOF, the parties hereto have caused this agreement to be executed as and of the day and year written below. All previous and other written and verbal agreements are considered null and void.


For Marywood University

*Jean Boland-Chase*

Date _7-17-2014_


For the ISI and the Umbra Institute

Date _6/1/14_

5

**EXHIBIT 2**

## CONSORTIUM AGREEMENT BETWEEN MARYWOOD UNIVERITY AND THE INTERNATIONAL STUDIES INSTITUTE: FLORENCE

This **Consortium Agreement** is made this day, **July 7, 2022**, by and between **Marywood University ("Marywood")** and the **International Studies Institute: Florence ("ISI")**,

WHEREAS, Marywood and ISI agree that a cooperative arrangement would be mutually beneficial;

WHEREAS, Marywood University is the "home" institution at which the student is matriculating and ISI is the "host" institution in which the student will enroll for approved courses as a non-degree seeking student;

WHEREAS, this Agreement will set forth general procedural information to facilitate course registration and application to degree requirements for students in the School of Architecture at Marywood University and are an addendum to the existing agreement between Marywood and ISI. Except where noted below, the provisions of the existing agreement are retained.

In consideration of the mutual promises and covenants herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

### A. Purpose
The purpose of this Agreement is to guide and direct the parties respecting their integrated registration and grading process. The parties anticipate that a number of registrations will occur during the term of this Agreement. Neither party is obligated to agree to a minimum number of visiting students at ISI. This Agreement is non-exclusive and does not affect either party's ability to enter into a similar agreement with other parties.

### B. Registration and grading of students
- Responsibilities of the home institution: ISI courses for which Marywood School of Architecture students enroll will be added to the home institution master schedule of courses for the session.
- Marywood School of Architecture students studying at ISI will register for coursework on the home institution Student Information System (SIS) in addition to registration at ISI.
- The School of Architecture Director or Designee will be listed as faculty for these courses for purposes of grading
- Upon transmission of grades from ISI, the School of Architecture Director or Designee will record grades in the Marywood University Student Information System for purposes of recording on the student academic transcript.

1

Responsibilities of the host institution

- Upon completion of coursework by Marywood University School of Architecture students, ISI will transmit grades to the Director of the School or designee for recording in the Marywood SIS.
- To the extent that ISI generates or maintains educational records relating to any student, ISI agrees to comply with the Family Educational Rights and Privacy Act (FERPA) to the same extent such laws and regulations apply to Marywood University and shall limit access to only those employees or agents with a need to know. For purposes of this Agreement, pursuant to FERPA, Marywood University designates ISI as a school official with a legitimate educational interest in the educational records of any student to the extent that access to Marywood University's records is required to carry out the program.
- Course grades awarded by ISI shall adhere to the Marywood University Undergraduate Grading System as stated in the Marywood catalog and School of Architecture grading scale.
- Marywood University's Undergraduate Grading System and School of Architecture Grading Scale shall be included in the syllabi of ISI classes taken by Marywood School of Architecture students.
- All ISI courses for which students receive letter grades will meet course objectives as stipulated by the curricula published by the School of Architecture and in accordance with the requirements of all program accreditors.
- All faculty teaching courses in which Marywood University School of Architecture students are enrolled will meet or exceed the minimum qualifications to serve as faculty in the School of Architecture as defined in the MUSOA Bylaws.
  - a) The curriculum vitae of all faculty teaching courses in which Marywood School of Architecture students are enrolled will be supplied to the Director of the Marywood School of Architecture.
  - b) If a faculty member does not meet the minimum qualifications to teach, the MUSOA Director will inform the ISI Director prior to the academic term.

## C.    Term

The term of this Agreement shall be from August 1, 2022 through June 30, 2023. Thereafter, the Agreement shall automatically renew on an annual basis for successive periods of one (1) year, with a term from July 1 through June 30.

## D.    Termination.

Either party may terminate the Agreement at any time and shall provide thirty (30) days written notice to the other party. Professional and ethical practice in managing the conclusion of all obligations to an acceptable degree related to the activities of the students is expected.

## E.    General Provisions

1)    **Independent Contractor Status.** The relationship of the parties is that of independent contractors, and tenancy, partnership, joint venture, agency, fiduciary or other relationship is not created. Neither party may incur any indebtedness or enter into any obligation or commitment on the other party's behalf.

2

**2)  Non-Assignability.** Neither party may assign this Agreement in whole or in part without the prior written consent of the other party, except that either party may assign this Agreement in its entirety to an affiliate that controls, is controlled by, or is under common control with such party. This Agreement is made for the exclusive benefit of the parties, and no benefit to any third party is intended.

**3)  Non-Discrimination.** The parties agree not to unlawfully discriminate against any person on the basis of race, creed, color, sex, sexual orientation, religion, age, disability, veteran's status, national origin, or any other basis prohibited by law.

**4)  Governing Law.** This Agreement, and all matters arising from it, will be governed by, construed by, and enforced by the laws of the Commonwealth of Pennsylvania. Venue shall be in the Court of Common Pleas of Lackawanna County.

**F.  Indemnification.**
Marywood hereby indemnifies and holds the International Studies Institute: Florence harmless from and against liability, losses, damages, claims, causes of action, costs, or expenses (including reasonable attorneys' fees) which directly arise out of the negligence or intentional acts or omissions of Marywood, its students, employees, or agents.

The International Studies Institute: Florence hereby indemnifies and holds Marywood harmless from and against liability, losses, damages, claims, causes of action, costs, or expenses (including reasonable attorneys' fees) which directly arise out of the negligence or intentional acts or omissions of ISI, its students, employees, or agents.

**G.  Notices.** Notices required or permitted by this Agreement shall be deemed effective when received or upon refusal to accept delivery if sent by hand delivery, recognized overnight courier service or first-class certified mail, return receipt requested, postage prepaid, to the following addresses, or such other address as a party may specify by notice in accordance with this section:

| **To Marywood:** | **To International Studies Institute:** |
|---|---|
| James Eckler, Director | Daniel Tartaglia, President |
| School of Architecture | The International Studies Institute |
| Marywood University | 6428 Ridge Terrace #761 |
| 2300 Adams Avenue | Orlando, Florida 32810 |
| Scranton, PA 18509 | USA |
| USA | |
| | |
| with a copy to: | Stefano Baldassarri, Director |
| Christina Clark, Provost | The International Studies Institute: Florence |
| Marywood University | Via della Vigna Nuova 18 |
| 2300 Adams Avenue | Florence, Italy 50123 |
| Scranton, PA 18509 | |
| USA | |

3

IN WITNESS WHEREOF, the parties have executed this Consortium Agreement as of the date indicated below.

**Marywood University**

Christina A. Clark, Ph.D., Provost

Date: July 7, 2022

**International Studies Institute: Florence**

Daniel Tartaglia, President

Date:    07/08/2022

4

**EXHIBIT 3**



April 9, 2026

Lisa A. Lori, J.D., President
Marywood University
2300 Adams Avenue
Scranton, PA 18509

**RE: Request for Discussion – ISI / Marywood Florence Program**

Dear President Lori,

I hope this letter finds you well. I am writing following my March 19 Zoom conversation with Mr. James Eckler. I was surprised to learn, for the first time, of Marywood University's intention to discontinue our collaboration and launch an independent study abroad program in Florence beginning this September. During that meeting, and in a subsequent conversation the following day, I expressed my concerns. Mr. Eckler indicated that he would communicate my objections to you and follow up with me; however, I have not received a response, which is why I am writing to you directly.

For more than 15 years, ISI Florence and Marywood University have shared a close and highly productive partnership. Together, we have built a program that has consistently served Marywood students at a high level—academically, operationally, and experientially. ISI has provided the full academic and operational framework for the Florence program—curriculum, faculty coordination, housing, student services, and on-the-ground support—while working closely with your team to align with Marywood's academic priorities, particularly in architecture.

Marywood students have long been a meaningful part of our community in Florence, and we have shaped much of our investment, structure and capacity around that relationship. Over the years, we have also made deliberate choices to prioritize Marywood, including foregoing other partnership opportunities and working collaboratively to improve affordability and accessibility for your students.

For that reason, the manner and timing of this development were unexpected. Beyond the contractual framework, this represents a significant departure from the collaborative approach that has defined our relationship for more than 15 years.

The governing Memorandum of Understanding requires nine months' advance written notice for termination, while the 30-day provision (as described by Mr. Eckler) applies only to a limited addendum related to grading and registration. Accordingly, we believe the Agreement remains in full effect for the Fall 2026 and Spring 2027 terms.



I am also concerned by reports that Marywood students have been directed by Mr. Eckler to withdraw their applications from ISI without the discussion I had anticipated. In addition, Florence is far more than a location—it is an academic and operational ecosystem that ISI has developed over more than 25 years. A transition of this nature, particularly on a compressed timeline and within an active partnership, raises important questions about continuity, student experience, and the use of long-established structures and relationships developed by ISI.

That said, our strong preference is to address this constructively and collaboratively. We would very much like to better understand the factors that led to this decision and explore whether there is a path forward that continues to serve Marywood students effectively while respecting the partnership we have built.

In that spirit, we respectfully request that Marywood pause implementation of the independent program and continue operating the Florence program with ISI for the Fall 2026 and Spring 2027 semesters, consistent with the terms of our Memorandum of Understanding. This would allow time for a direct and thoughtful discussion about Marywood's objectives and the best path forward for your students.

I would greatly appreciate the opportunity to speak with you directly, or with your designated representatives, in the coming days. I am available for a Zoom call next week and would be happy to accommodate your schedule. Given the timing of planning for the upcoming academic terms, it would be helpful to connect soon, and ideally before the end of next week (April 17), so we can coordinate next steps. I remain confident that we can reach a resolution that reflects our shared history and prioritizes student success.

This letter documents ISI's position while extending an invitation to dialogue. We remain hopeful this can be resolved amicably and in a manner consistent with both our agreement and the longstanding relationship between our institutions.

Thank you for your leadership and consideration. I look forward to your reply and the opportunity to speak soon.

Sincerely,

Daniel Tartaglia

President, ISI Abroad
dtartaglia@isiabroad.org
Mobile: (407) 408-3178

## EXHIBIT 4

# STUDIO LEGALE MASTELLONE



Legall
STUDI LEGALI ALLEATI

---

VIA LUIGI SALVATORE CHERUBINI, 13    TEL. (+39) 055 46 20 040    info@studiomastellone.it                www.leg-all.it
50121 FIRENZE                        FAX (+39) 055 47 58 54      www.studiomastellone.it

AVV.  CARLO MASTELLONE LL.M. (LOND)

AVV.  TIRTZA MEUCCI

AVV. PROF.  PIETRO MASTELLONE LL.M. (AMSTERDAM)

AVV.  EMANUELE DE NAPOLI

AVV.  BERNARDO PERSIA

AVV.  ELENA BORSACCHI
OF COUNSEL

STEFANO BIANCHINI
DOTT. COMMERCIALISTA REVISORE LEGALE

Florence, 4 May 2026

By e-mail
paterson@marywood.edu
cc
llori@marywood.edu
jeckler@marywood.edu
jeckler@maryu.marywood.edu
and by express courier

Ms. **Mary Theresa Paterson**, Esquire
General Counsel
Marywood University
2300 Adams Ave.,
Scranton, PA, 18509
USA

cc. Prof. **Lisa A. Lori**, President
Prof. **James Eckler**, Academic Vice-President and Dean,
Reap College of Creative and Professional Studies

Re: <u>**ISI Florence – Marywood University – Notice of Cease and Desist in reply to your letter of April 10, 2026.**</u>

ISI Florence (*International Studies Institute*) have instructed this law firm to respond to your letter of April 10, 2026, signed by Mary Theresa Paterson, General Counsel of Marywood University, which in turn was sent in response to the letter of Mr. Daniel Tartaglia, President of ISI, dated April 9, 2026.

STUDIO LEGALE MASTELLONE

---

MILANO
STUDIO LEGALE SARDO

ROMA
COGGIATTI & ASSOCIATI

VERONA
DINDO ZORZI & ASSOCIATI

STUDIO LEGALE MASTELLONE

Furthermore, we must point out that the damages caused to ISI by your conduct are very substantial and in this regard the following must be taken into account:
- the existence of a well-established business organisation that has been in place for many years, in which our Client has made significant investments, entered into employment and consultancy contracts with faculty for the courses and with administrative staff, long-term leases for the premises where the architecture courses are held, as well as accommodation leases for Marywood students;
- substantial expenditure relating to dedicated marketing and promotional activities;
- hence the existence of significant damages for the Fall 2026 and Spring 2027 semesters, quantifiable at an amount of no less than US $1,250,000 circa.

Such damages are exacerbated by the circumstance, of which we have direct evidence, that students already enrolled to the courses have been invited to cancel their enrolment in order to enrol directly with your competing program, and that the Director of the courses himself was allegedly contacted by you to act on your behalf rather than on behalf of ISI.

We therefore hereby inform you that an application for mediation proceedings, as provided for under the applicable Italian legislation (*i.e.* Legislative Decree 28/2010), will be filed with the OCF – Florence mediation organisation; this is to be regarded as a mandatory mediation *ratione materiae* prior to filing an application for urgent interim measures, and we hereby request that you **cease and desist with immediate effect** from any and all initiatives aimed at establishing an independent study program abroad in Florence prior to the Autumn 2027 semester, and we invite you to contact us for the purpose of discussing an out-of-court settlement of the matter.

Yours sincerely,

Carlo Mastellone

3

STUDIO LEGALE MASTELLONE

We can only confirm the objections and requests made by ISI in President Tartaglia's letter and hereby firmly contest your assertions regarding Marywood University's complete freedom to withdraw at short notice from the 2015 *Memorandum of Understanding*, without the 9 (nine) month notice period provided for in the contract itself. This period is the minimum conceivable to allow our Client to wind up the entire organisational and contractual framework established over these 15 years of contractual and consortium relations with Marywood, and certainly not the shorter period provided for in the subsequent *Consortium Agreement*. In noting that the latter is merely a specification (*i.e.* an 'Addendum' as expressly indicated therein) of the former, and governs the enrolment procedures and student assessment criteria, we must also underline that, to date, no formal and express written notice of termination has been received by our Client, but only a threat to cease sending students, with the consequence that the existing contracts have become *de facto* inoperative. No notice has therefore been *'clearly communicated'* in the manner provided for by the contract in force.

Furthermore, Marywood's discretion regarding the placement of students – which is, in any case, closely linked to the aforementioned notice – must be strictly weighed against the **legitimate expectations, held in good faith,** of ISI Florence, which, during the many years of collaboration, has invested and continues to invest substantial sums and resources in the creation and management of a complex facility dedicated to the students of your University. In this regard, we also dispute the claim that discussions have taken place on the renegotiation of the financial terms of the current agreements, in which ISI allegedly would have failed to meet the requests made by you. Over time, in fact, ISI has not only reserved to Marywood students an extremely preferential treatment, but has also never refused any request for discounts, but rather has granted to your students the opportunity to benefit from rates well below those of all other participants.

In this regard, your intention to implement a programme of the same nature to the detriment of ISI, without respecting the contractual terms, is unacceptable, particularly in light of the principles of the Italian legal system, which in the present situation would in any event be protected in proceedings before an Italian Courts on an urgency basis - the latter is to be considered as having jurisdiction under EU Regulation No. 1215/2012 ( Brussels I-bis) concerning jurisdiction, the recognition and enforcement of judgments in civil and commercial matters (Recast), which applies to defendants even if not domiciled in an EU Member State.

We hereby expressly warn you that we reserve the right to apply to the local Courts for urgent proceedings under Article 700 of the Italian Code of Civil Procedure, aimed at an Order to desist from your initiative, which amounts to a clear and gross breach of contract, given that the activities carried out by ISI on behalf of MU take place entirely in Italy.

2

MARYWOOD UNIVERSITY,

      Plaintiff,

v.

INTERNATIONAL STUDIES
INSTITUTES, INC., d/b/a
INTERNATIONAL STUDIES INSTITUTE:
FLORENCE, and

INTERNATIONAL STUDIES INSTITUTE
LLC, d/b/a INTERNATIONAL STUDIES
INSTITUTE: FLORENCE,

      Defendants.

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY,
PENNSYLVANIA

CIVIL DIVISION

NO. 26 CV 3210



## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Amended Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyer Referral Service - Lackawanna Bar Association**

233 Penn Avenue
Scranton, PA 18503
(570) 969-9600 or 570-969-9161

**Legal Services - North Penn Legal Services**

33 North Main Street, Suite 200
Pittston, PA 18640
(570) 299-4100

## AVISO

Usted ha sido demandado ante el tribunal. Si desea defenderse de las reclamaciones expuestas en las páginas siguientes, debe actuar dentro de los veinte (20) días siguientes a la notificación de esta Demanda y Aviso, presentando personalmente o por medio de un abogado una comparecencia por escrito y registrando ante el Tribunal sus defenses u objeciones a las reclamaciones presentadas en su                                                                                                 contra.

Se le advierte que, de no hacerlo, el caso podrá seguir adelante sin usted y el Tribunal podrá dictar una sentencia en su contra sin previo aviso por cualquier suma de dinero reclamada en la Demanda o por cualquier otra reclamación o reparación solicitada por el Demandante. Usted podría perder dinero, propiedades u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE UN ABOGADO O NO PUEDE PAGAR UNO, VAYA O LLAME POR TELÉFONO A LA OFICINA INDICADA A CONTINUACIÓN. ESTA OFICINA PUEDE BRINDARLE INFORMACIÓN SOBRE CÓMO CONTRATAR A UN ABOGADO.

SI NO PUEDE PAGAR LA CONTRATACIÓN DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA PUEDA BRINDARLE INFORMACIÓN SOBRE AGENCIAS QUE PUEDEN OFRECER SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQUISITOS A UNA TASA REDUCIDA O GRATUITAMENTE.

**Lawyer Referral Service - Lackawanna Bar Association**

233 Penn Avenue
Scranton, PA 18503
(570) 969-9600 o 570-969-9161

**Legal Services - North Penn Legal Services**

33 North Main Street, Suite 200
Pittston, PA 18640
(570) 299-4100

2

MARYWOOD UNIVERSITY,

          Plaintiff,

v.

INTERNATIONAL STUDIES
INSTITUTES, INC., d/b/a
INTERNATIONAL STUDIES INSTITUTE:
FLORENCE, and

INTERNATIONAL STUDIES INSTITUTE
LLC, d/b/a INTERNATIONAL STUDIES
INSTITUTE: FLORENCE,

          Defendants.

IN THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY,
PENNSYLVANIA

CIVIL DIVISION

NO. 26 CV 3210

## FIRST AMENDED COMPLAINT

Plaintiff Marywood University ("Plaintiff" or "Marywood"), by and through its undersigned counsel, files this First Amended Complaint against Defendants International Studies Institutes, Inc. ("ISI Florida") and International Studies Institute LLC ("ISI Delaware"), both doing business as International Studies Institute: Florence (collectively as "ISI," and collectively with Marywood, as "the Parties"), and respectfully represents as follows:

### NATURE OF THE ACTION

1.     This action arises from a commercial dispute between Marywood and ISI concerning the parties' contractual relationship governing a study abroad program. Plaintiff seeks a preliminary and permanent anti-suit injunction enforcing the contract's mandatory, exclusive Lackawanna County Court of Common Pleas forum selection clause by restraining ISI from prosecuting unauthorized parallel proceedings in Florence, Italy. Marywood further seeks a declaration: that Marywood is under no ongoing obligation to send students to ISI or otherwise compensate ISI after the conclusion of the Spring 2026 semester; that Marywood's operation of an

3

independent, self-contained study abroad program in Florence, Italy, does not violate any agreement or duty owed to Defendants; that the non-exclusive nature of the agreements fully permits Marywood to establish its own program; and that, in any event, Marywood properly and validly terminated the Agreement and framework Memorandum effective at the conclusion of the Spring 2026 semester.

## PARTIES

2.      Plaintiff Marywood University is a private Catholic university and a Pennsylvania non-profit corporation, with its principal place of business located at 2300 Adams Avenue, Scranton, Lackawanna County, Pennsylvania 18509.

3.      Defendant International Studies Institutes, Inc. (hereinafter 'ISI Florida') is a Florida non-profit corporation with its principal place of business, now or formerly, at 2610 Bowring Street, Kissimmee, Florida 34747.

4.      Defendant International Studies Institute LLC (hereinafter 'ISI Delaware') is a Delaware limited liability company formed with its registered agent's address located at 8 The Green, Suite A, Dover, Delaware 19901 (Kent County), and, upon information and belief, its principal place of business, now or formerly, at 2610 Bowring Street, Kissimmee, Florida 34747.

5.      Until Marywood received notice on May 18, 2026, regarding pending Italian mediation papers filed before the Organismo di Conciliazione di Firenze under Proceeding No. 867/2026, ISI had not provided Marywood information or notice about the existence, involvement, or corporate role of the Delaware limited liability company (ISI Delaware) referenced in those Italian papers. Throughout the entirety of the parties' multi-year commercial relationship, Marywood's extensive dealings, communications, operational records, and financial accounts with ISI included references by ISI to its connections to Florida and New Jersey.

6.      In addition to ISI's Florida address averred in paragraphs 3 and 4 above, in all its

4

historical dealings with Marywood, ISI has systematically utilized an operational setup involving addresses within Florida and New Jersey, including: (a) a finance billing address at 'ISI Abroad US Finance Office, 5366 Central Florida PKWY, Unit 101, Orlando, Florida 32821-8772'; (b) a principal mailing address at '42 Petry Drive, East Hanover, New Jersey 07936,' which is also designated as an address for Daniel Tartaglia, who is listed in Department of State records in Florida as an officer, chairman and registered agent of ISI Florida; and (c) a historical principal and registered agent corporate address at '6428 Ridge Terrace, Suite 761, Orlando, Florida 32810.'

7.      ISI's standard commercial invoices and formal check requisitions directed Marywood to send all payments in United States dollars to 'International Studies Institute LLC, 42 Petry Drive, East Hanover, NJ 07936' or to execute wire transfers to a JP Morgan Chase Bank account physically located in East Hanover, New Jersey.

8.      At all times, Daniel Tartaglia, acting as the President and Chairman of ISI Florida and as the core manager or registered corporate actor of ISI Delaware, has been the human agent directing actions with respect to ISI's dealings with Marywood under the commercial trade name 'International Studies Institute: Florence,' including the execution of the key 2022 Consortium Agreement at issue in this case, as will be further detailed in additional averments below.

9.      Upon information and belief, ISI Florida and ISI Delaware are, or may be, alter egos of one another, and may share common ownership, control, and/or executive leadership (including Vice Presidents Laura Fronduti, Ashley Ipakchi, Jacopo Bernardini, Laura Bean, and Catherine Tartaglia, all of whom are registered at Mr. Tartaglia's personal address at 42 Petry Drive, East Hanover, New Jersey), operate under the exact same trade name, and hold themselves out to the public as a single integrated commercial enterprise. In the alternative, Daniel Tartaglia has, in any event, utilized one or both corporate defendant entities collectively and interchangeably

5

for all his conduct trading and doing business as 'International Studies Institute: Florence' with respect to all his dealings with Marywood.

10.     In good faith reliance upon the consistent, uniform representations of Daniel Tartaglia to Marywood throughout history leading up to this case and the parties' preceding relationship, Marywood understood at all times that Mr. Tartaglia was acting on behalf of a single integrated entity known as 'International Studies Institute: Florence,' as he explicitly indicated when he signed the 2022 Consortium Agreement.

11.     Accordingly, in this amended pleading, Plaintiff has named both ISI Florida and ISI Delaware as defendants to ensure that Daniel Tartaglia, acting on behalf of whatever entity or entities are now attempting to violate the mandatory venue clause at issue in this case, and the entity or entities themselves, are fully bound by the adjudications and orders issued by this Court.

## JURISDICTION AND VENUE

12.     This Court possesses subject matter jurisdiction over this action pursuant to 42 Pa.C.S. § 931(a) (relating to original jurisdiction of courts of common pleas) and 42 Pa.C.S. § 7532 (relating to declaratory relief).

13.     Venue is proper in Lackawanna County, Pennsylvania, because the parties expressly agreed to exclusive venue in this Lackawanna County Court under Section E(4) of the 2022 Consortium Agreement; Plaintiff's principal place of business is located in Lackawanna County; and a substantial part of the operational events, omissions, and decisions giving rise to this litigation occurred in Lackawanna County.

## STATEMENT OF FACTS

14.     Marywood is an accredited institution of higher education operating a prominent architecture program and other academic offerings.

15.     U.S.-based ISI operates a private study abroad institution from leased facilities in

6

Florence, Italy, providing academic instruction, student housing, and related on-the-ground administrative services.

16.     In July 2015, the Parties fully executed a framework Memorandum of Understanding (the "Memorandum"), intended to outline the general administrative parameters for study abroad opportunities for Marywood students in Florence and Perugia, Italy. A true and complete copy of the Memorandum is attached hereto as Exhibit A.

17.     The framework Memorandum explicitly granted Marywood the sole discretion regarding whether to send any students or faculty to ISI, stating in Article 46 that Marywood 'is not obligated to send any students or faculty as a result of this agreement and may do so at its sole discretion.' (Exhibit A, p. 4).

18.     Article 59 of the Memorandum provided that '[e]ither party may terminate their participation in this agreement by giving written notification to the other party at least nine months prior to the commencement of the succeeding term.' (Exhibit A, p. 5).

19.     On July 7, 2022, the Parties entered an active operational contract titled 'Consortium Agreement' (the "Agreement"), signed by Dr. Christina A. Clark, then-Provost of Marywood, and Daniel Tartaglia, President of ISI. A true and complete copy of the Agreement is attached hereto as Exhibit B.

20.     The 2022 Agreement specifically governed, *inter alia,* the registration, grading, academic oversight, faculty qualification standards, and student administration for Marywood's architecture students studying abroad in Florence and explicitly amended and superseded the terms of the framework Memorandum wherever in conflict. (Exhibit B, p. 1).

21.     Section A of the Agreement explicitly reconfirmed its non-exclusive nature and

7

the complete absence of any volume commitment, stating: 'Neither party is obligated to agree to a minimum number of visiting students at ISI. This Agreement is non-exclusive and does not affect either party's ability to enter into a similar agreement with other parties.' (Exhibit B, p. 1).

22.      Section D of the Agreement explicitly altered the termination notice framework, replacing the prior nine-month notification requirement with an immediate 30-day provision, stating: 'Either party may terminate the Agreement at any time and shall provide thirty (30) days written notice to the other party.' (Exhibit B, p. 2).

23.      Section E(4) of the Agreement introduced a mandatory, exclusive choice-of-law and forum selection clause, binding both parties to Pennsylvania law and fixing venue solely in this Court, stating: 'This Agreement, and all matters arising from it, will be governed by, construed by, and enforced by the laws of the Commonwealth of Pennsylvania. Venue shall be in the Court of Common Pleas of Lackawanna County.' (Exhibit B, p. 3).

24.      ISI systematically issued invoices from its 'ISI Abroad US Finance Office' located at 5366 Central Florida PKWY, Unit 101, Orlando, Florida, requesting processing via checking accounts or wire transfers to East Hanover, New Jersey, all of which Marywood processed under standard institutional accounting protocols for domestic invoices and payments. True and correct copies of an illustrative ISI invoice and corresponding Marywood check requisition record (appropriately redacted) are attached collectively as Exhibit C.

25.      In or about Fall 2024, including during an October 2024 meeting, Marywood clearly advised Mr. Tartaglia and ISI that ISI's program fees had become increasingly cost-prohibitive and financially unsustainable for Marywood's long-term planning, such that Marywood would explore alternative models for its Florence study abroad program.

26. After Marywood worked diligently, from Fall 2024 to Spring 2026, to find facilities in Florence where it could operate a program, in March 2026, Marywood executed a commercial lease for independent academic facilities in Florence, Italy, committing significant resources to launch a self-contained, directly operated institutional study abroad program scheduled to open for the Fall 2026 semester.

27. On March 19, 2026, Marywood's Dean James Eckler held a videoconference with ISI President Daniel Tartaglia to communicate this transition, providing notification that Marywood would not send architecture cohorts to ISI after the conclusion of the Spring 2026 term, and offering to maintain professional cooperation regarding student housing services under the existing fee structure.

28. By letter dated April 9, 2026, Mr. Tartaglia formally acknowledged receipt of Marywood's notice of transition but firmly objected to it, asserting that Marywood was required to continue sending students and provide a nine-month notice under the 2015 framework Memorandum. A true and correct copy of Mr. Tartaglia's letter is attached hereto as Exhibit D.

29. On April 10, 2026, Marywood's General Counsel Mary Theresa Paterson sent formal written notice of termination to Mr. Tartaglia via electronic mail and overnight delivery, explicitly citing Section D of the 2022 Agreement and providing approximately four and one-half months' advance warning prior to the scheduled Fall 2026 term—substantially exceeding the contract's 30-day notice requirement. A true and correct copy of Marywood's April 10, 2026 notice letter is attached hereto as Exhibit E.

30. On May 4, 2026, ISI served Marywood with a Cease and Desist notice through its Italian counsel, Studio Legale Mastellone, threatening to initiate urgent interim emergency proceedings under Article 700 of the Italian Code of Civil Procedure in Florence, Italy, to enjoin

9

Marywood from operating its independent program, and demanding US $1,250,000 in immediate damages. A true and correct copy of the Cease and Desist notice is attached hereto as Exhibit F.

31.    Unbeknownst to Marywood at the time, on May 11, 2026, in violation of the mandatory, exclusive forum selection clause in Section E(4) of the 2022 Agreement, ISI filed a mandatory application for mediation against Marywood before the Organismo di Conciliazione di Firenze (Florence Conciliation Body) in Florence, Italy, docketed as Proceeding No. 867/2026, identifying the filing party as ISI Delaware and asserting claims exceeding €2,000,000. A true and correct copy of the Italian mediation application is attached hereto as Exhibit G.

32.    Approximately a week after Marywood commenced this action on May 12, 2026, Marywood learned about ISI's violation of the parties' mandatory, exclusive forum selection when, on May 18, 2026, Marywood received official notice papers from the Florence Conciliation Body scheduling a mandatory mediation session for June 30, 2026, at 12:30 p.m. in Florence, Italy, and explicitly warning that substantive corporate representatives accompanied by counsel must attend in person or face severe statutory court penalties and adverse evidentiary inferences in subsequent foreign court injunction proceedings. A true and correct copy of the mediation notice is attached hereto as Exhibit H.

## COUNT I — INJUNCTIVE RELIEF / ANTI-SUIT INJUNCTION

33.    Marywood repeats and incorporates by reference the allegations set forth in paragraphs 1 through 32 as though fully stated herein.

34.    Marywood has a clear right to relief and a high likelihood of success on the merits, as the contractual forum selection clause in Section E(4) of the 2022 Agreement is unambiguous, mandatory, and presumptively enforceable under Pennsylvania law, and U.S.-based ISI voluntarily bound itself to it.

10

35.    Absent immediate injunctive relief, Marywood will suffer immediate and irreparable harm, including severe statutory default penalties under Italian law for non-appearance at the June 30, 2026 mediation session, the risk of conflicting international judgments on the same subject matter, and catastrophic reputational and operational disruption to Marywood's Fall 2026 study abroad program launch.

36.    The balance of hardships tips heavily in Marywood's favor, as a preliminary and permanent anti-suit injunction simply holds U.S.-based ISI to its contractually chosen forum, whereas denying relief completely eviscerates Marywood's contractual right for this action to be decided in the parties' agreed-upon exclusive forum and forces duplicative, multi-hemispheric litigation.

37.    Public interest and public policy are strongly served by enforcing freely negotiated commercial contracts, protecting the jurisdiction of Pennsylvania courts, and preventing deceptive, manipulative forum shopping.

38.    Marywood is entitled to preliminary and permanent injunctive relief enjoining and restraining ISI, its officers, agents, and attorneys (including but not limited to Daniel Tartaglia) from participating in, advancing, or maintaining the pending Italian mediation or initiating any other litigation or emergency applications outside of the Parties' agreed upon exclusive venue in this Court in Lackawanna County, Pennsylvania.

## COUNT II — BREACH OF CONTRACT

39.    Marywood repeats and incorporates by reference the allegations set forth in paragraphs 1 through 38 as though fully stated herein.

40.    The 2022 Agreement constitutes a valid and enforceable contract between Marywood and ISI trading as International Studies Institute: Florence.

41. Section E(4) of the Agreement contains a mandatory and exclusive forum selection

11

Clause requiring all matters arising from or relating to the contract to be governed by Pennsylvania law and litigated exclusively in the Court of Common Pleas of Lackawanna County, Pennsylvania.

42.　　ISI breached this material term of the Agreement by filing the Italian mediation application (Proceeding No. 867/2026) in Florence, Italy, and by threatening emergency injunctive court actions under Article 700 of the Italian Code of Civil Procedure in an unauthorized foreign jurisdiction (Exhibits F & G).

43.　　ISI's continuous attempts to assert that Italian courts have exclusive jurisdiction under EU Regulation No. 1215/2012 directly contradicts and materially violates the clear choice-of-forum term contractually established by the parties. Moreover, ISI's culpable actions averred in this pleading (with respect to ISI improperly acting as if the Agreement creates an exclusive arrangement and somehow prohibits Marywood from sending students elsewhere or running its own independent program) materially breach the Agreement as they constitute a concerted effort by Defendants to violate Section A of the Agreement which provides that: 'Neither party is obligated to agree to a minimum number of visiting students at ISI. This Agreement is non-exclusive and does not affect either party's ability to enter into a similar agreement with other parties.' (Exhibit B, p. 1).

44.　　As a direct and proximate result of ISI's material breach, Marywood has suffered and will continue to suffer substantial irreparable harm, including the deprivation of its contractually bargained-for exclusive forum in this Court, severe reputational, operational and administrative disruption, and significant unrecoverable expenditures for specialized foreign counsel and document translation services.

12

## COUNT III — DECLARATORY JUDGMENT

45.     Marywood repeats and incorporates by reference the allegations set forth in paragraphs 1 through 44 as though fully stated herein.

46.     An actual, substantial, and justiciable controversy exists between the parties regarding their respective contractual rights and obligations under the 2015 Memorandum (Exhibit A) and the 2022 Agreement (Exhibit B).

47.     The 2022 Agreement is a valid, binding, and enforceable contract that expressly amends and supersedes the framework Memorandum with respect to termination notice and dispute resolution forum.

48.     Marywood has fulfilled all its contractual obligations and validly exercised its right to terminate the relationship under Section D of the 2022 Agreement by providing written notice on April 10, 2026 (Exhibit E), which substantially exceeded the 30-day requirement.

49.     In addition to a declaration that the Parties' agreed-upon exclusive forum for this dispute is the Court, Marywood is further entitled to a declaratory judgment finding: that Marywood's operation of an independent, self-contained study abroad program in Florence, Italy, does not violate any agreement or duty owed to Defendants; that the non-exclusive nature of the Agreement fully permits Marywood to establish its own program, to place students with other providers, and to operate its own independent program without violating any duty or contract with ISI; that Marywood is under no ongoing obligation to send students to ISI or otherwise compensate ISI after the conclusion of the Spring 2026 semester; and that, in any event, Marywood properly and validly terminated the Agreement and framework Memorandum effective at the conclusion of the Spring 2026 semester.

50.     A declaration by this Court is appropriate and necessary to resolve the uncertainty

13

and controversy regarding the parties' rights, protect this Court's exclusive jurisdiction, and prevent duplicative multi-hemispheric litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marywood University respectfully requests that this Court enter judgment in its favor and against Defendants International Studies Institutes, Inc. and International Studies Institute LLC for:

**A.** A preliminary and permanent anti-suit injunction enjoining and restraining Defendants, their officers, directors, agents, employees, and attorneys (including but not limited to Daniel Tartaglia) from participating in, advancing, or maintaining the pending Italian mediation (Proceeding No. 867/2026) or initiating, maintaining, or prosecuting any other civil litigation, mediation, arbitration, or emergency applications (including under Article 700 of the Italian Code of Civil Procedure) arising from the parties' relationship outside of the Lackawanna County Court of Common Pleas in the Commonwealth of Pennsylvania;

**B.** An order directing Defendants to immediately withdraw, or secure an indefinite stay of, the pending Italian mediation and related applications within five (5) business days of the Court's order;

**C.** A declaration that Marywood's operation of an independent, self-contained study abroad program in Florence, Italy, does not violate any agreement or duty owed to Defendants, and that the non-exclusive nature of the Agreement fully permit Marywood to establish its own program;

**D.** A declaration that Marywood is under no ongoing obligation to send students to ISI or otherwise compensate Defendants after the conclusion of the Spring 2026 semester;

**E.** A declaration that Marywood properly and validly terminated the Agreement and framework Memorandum effective at the conclusion of the Spring 2026 semester;

14

**F.** To the extent warranted and permitted by any applicable law, an award of costs and reasonable attorneys' fees incurred in this action and in defending the unauthorized foreign proceedings; and

**G.** Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Marywood University hereby demands a trial by jury on any issues so triable.

## CASE RECORDS PUBLIC ACCESS POLICY CERTIFICATION

Undersigned counsel certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents because this filing does not contain confidential information.

Dated: May 29, 2026

Respectfully submitted,

POLISHAN SOLFANELLI LLC
By:
Timothy P. Polishan, Esq. (PA 76247)
David J. Solfanelli, Esq. (PA 93040)
259 South Keyser Avenue
Old Forge, PA 18518
Tel: (570) 562-4520
Email: tim@polishanlaw.com / dave@solfanelli.com

KLEHR HARRISON HARVEY BRANZBURG LLP
By: /s/ William W. Matthews
William W. Matthews, Esq. (PA 71021)
Matthew J. McDonald, Esq. (PA 323952)
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Tel: (215) 569-2700
Email: WMatthews@klehr.com / MMcdonald@klehr.com

Counsel for Plaintiff Marywood University

## VERIFICATION

I, Lisa Lori, J.D., state that I am the President of Marywood University, the Plaintiff in the within action, and am authorized to make this verification on its behalf.

I hereby verify that the facts set forth in the foregoing Amended Complaint are true and correct to the best of my knowledge, information, and belief.

I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Lisa Lori
President, Marywood University

Dated: May 28, 2026

IN THE COURT OF COMMON PLEAS OF
LACKAWANNA COUNTY,
PENNSYLVANIA

CIVIL DIVISION                    CIVIL ACTION

MARYWOOD UNIVERSITY,              NO. 26 CV 3210

    Plaintiff,

  v.

INTERNATIONAL STUDIES
INSTITUTES,
INC., d/b/a INTERNATIONAL STUDIES
INSTITUTE: FLORENCE,

    Defendant.

## EXHIBIT LIST

**Exhibit A**: 2015 Memorandum of Understanding

**Exhibit B**: 2022 Consortium Agreement

**Exhibit C**: ISI invoice and Marywood check requisition (redacted)

**Exhibit D**: April 9, 2026 Letter: ISI to Marywood

**Exhibit E**: April 10, 2026 Letter (Notice of Termination): Marywood to ISI

**Exhibit F**: May 4, 2026 Letter: ISI to Marywood

**Exhibit G**: May 11, 2026 ISI Mediation Application

**Exhibit H**: May 18, 2026 Notice to Marywood from Florence Conciliation Body

**EXHIBIT A**



## MEMORANDUM OF UNDERSTANDING BETWEEN
## MARYWOOD UNIVERSITY
## AND
## THE UMBRA INSTITUTE AND INTERNATIONAL STUDIES INSTITUTE

Marywood University, an accredited institution of higher learning located in Scranton, Pennysivania also referred to as "MU", and the International Studies Institute, a private institution for study abroad located in Florence, Italy, and the Umbra Institute in Perugia, Italy (collectively referred to as the "Institutes"), agree to collaborate and cooperate as per this memorandum.

---

### PURPOSE OF THE AGREEMENT

---

The purposes of this agreement are as follows:
1. To document the parameters that MU and the Institutes will work together in offering MU students an opportunity to study abroad in Florence and Perugia, Italy;
2. To establish the parameters of collaboration for hosting MU faculty-led and/or special academic programs at the Institutes;
3. To promote student interest and facilitate enrollment in the study abroad opportunities created as a result of this agreement.

---

### RESPONSIBILITIES OF THE INSTITUTES

---

To achieve the purposes stated above, the Institutes will, individually and insofar as their means and the laws of the State of Italy will allow:

4. Provide an academic program in a facility that includes, but is not limited to sufficiently equipped classrooms, art studios, computer laboratory, library with adequate reference resources (books, web access, etc.), as well as faculty and administrative offices;
5. Operate a fall and spring academic semester programs as well as a summer session with dates closely based upon the academic calendar of US higher education;
6. Provide a varied curriculum of courses taught by a qualified and mutually-approved faculty;
7. Provide a pre-departure handbook;
8. Provide airport pick-up and return of students on specified dates, times and locations;
9. Provide a comprehensive orientation program which informs students of the policies and procedures of the program, and assists them in becoming familiar and comfortable with their new locale and surroundings;

10. Provide a student handbook documenting the rules, regulations and policies regarding participation in the program as well as helpful information for living and studying in the host country, emergency procedures and phone numbers, and other relevant and supportive information as required by MU.

11. Provide appropriate housing for each student for the full duration of his/her period of enrollment at The Institutes;

12. Offer optional and required co- and extra-curricular activities, field trips and excursions for both academic and recreational pursuits;

13. Provide support staff (i.e., Program Director, a Student Services Coordinator and Assistants) to meet all the academic support and non-academic needs of students attending the program;

14. Make psychological counseling available (at students' expense) for students who need such services in dealing with homesickness, culture shock and other personal issues.

15. Assist students with immigration registration, visa and other residence permit formalities to ensure compliance with immigration laws of the host country;

16. Provide periodic assessment of the students' academic performance and transmitting final grade reports for students within four weeks of the conclusion of each program term;

17. Allow external evaluators from MU to visit the programs to assess the maintenance of academic standards and the transferability of credit, quality and scope of services offered, and overall satisfaction;

18. Maintain regular communication with MU representatives regarding the progress of the students in the program, and to address relevant issues in a manner consistent with MU policy;

19. Provide comprehensive information about the courses offered in the academic program including course titles and descriptions, course syllabi including texts and required readings as well as curriculum vitae of instructors for both Institutes for pre-approval by MU;

20. Provide all information as agreed and in accordance with mutually established deadlines (i.e., course offerings, schedules, housing information, program dates, etc.) in an effort to allow MU to promote the program to its students accurately and effectively.

21. Allow MU faculty to teach one or more courses at either Institute. Details and financial remuneration will be determined on a case-by-case basis.

## RESPONSIBILITIES OF MARYWOOD UNIVERSITY

To achieve the goals stated above, MU will, insofar as its means and the laws of the State of Pennsylvania allow:

22. Publicize both the ISI in Florence and Umbra Institute in Perugia programs at its sole discretion and through various media, such as web pages, posters, catalogs, newsletters, brochures, and information sessions to encourage and facilitate enrollment;

23. Receive and handle inquiries; counsel and advise students about courses and services offered; process applications;

24. Accept into the programs only students of at least 18 years of age and who will have completed at least 30 semester hours (or the equivalent) of study at accredited North American colleges or universities at the time of entrance to the program and who have achieved a cumulative GPA of at least 2.75;

2

25. Provide a completed specified application form (personal information, housing form and course selection form) and copy of the applicant's transcript for any student accepted at least 90 days prior to the start of each term;
26. Distribute acceptance letters for students to obtain the required study visa for Italy;
27. Provide or ensure that all students have secured sufficient health and repatriation insurance for the duration of their time studying abroad;
28. Provide students, families and home schools with pre-departure and other pertinent program information mutually developed and supplied by the Institutes;
29. Collect and process fees and other funding from all possible sources, and facilitate payments through financial aid such as loans, grants or scholarships;
30. Ensure that all students will or are instructed to arrive on the specified and mutually-approved arrival date, and communicate to the Institutes the travel itineraries and arrival details for each student;
31. Hold all students subject to the Institutes' academic policies and standards of conduct as well as relevant MU conduct codes and policies of academic integrity while studying abroad;
32. Maintain communication, as needed, with the Institutes, students and families to assure prompt and satisfactory resolution of any and all problems that may arise.

## PROGRAM MANAGEMENT AND COMMUNICATION

Communications and decisions about routine Program matters to ensure quality of the Program and services offered should be made to:

**For the Umbra Institute**
Anna Girolimetti & Francesco Burzacca
Via Bartolo 16
Perugia, Italy 60123
Tel: +39 075 573-4595
Email: agiro@umbra.org

**For the International Studies Institute**
Antonio Artese & Stefano U. Baldassarri
Via della Vigna Nuova 18
Florence, Italy 50123
Tel: +39 055 264-5910
Email: aartese@isiflorence.org

**For Marywood University**
Director for Study Abroad
Liberal Arts Center Room 220
Tel: (570) 961-4581
International@marywood.edu

## FINANCIAL ARRANGEMENTS

3

39. Program fees for each student will be discounted <u>20%</u> from the published tuition and fees, which will be determined upon mutual agreement and no later than nine months prior to the start of the academic year.

The published program fee include: *pre-departure handbook, arrival orientation and welcome reception, immigration document assistance, housing and utilities (in shared apartments), the academic program, institute facilities and educational resources (classrooms, studio art rooms, library and computer lab), resident director and student services assistance, emergency assistant services, cultural activities series, farewell reception, grade report.*

The program fee does not include: *meals, textbooks, course fees (museum, travel, art supplies), health insurance, permit to stay fees ("permesso di soggiorno"), cell phone usage, optional excursions, exceptional expenses incurred for special or emergency services.*

40. The Institutes will submit an invoice to MU denominated in U.S. dollars.
41. All students will be individually responsible for the academic materials, travel or lab fees required for each course, and pay such charges directly to the Institute.
42. Each student will be subjected to a cancellation fee of $950.00 for each student who has been registered for participation and withdraws within 30 days of the arrival date.
43. Any student that withdraws from participation of the program after arrival in the host country must contact the Director of the Institute who will immediately contact the visiting faculty or appropriate personnel at MU to jointly address the situation.
44. For students who leave the program after arrival, refunds will be granted as a percentage of the base program cost according to the following schedule:

| | |
|---|---|
| Remainder of the 1st calendar week: | 75% refund |
| 2nd week and 3rd week: | 50% refund |
| up to the end of the 4th week: | 20% refund |
| 5th week and beyond | 0% refund |

## SPECIAL PROVISIONS

46. MU is not obligated to send any students or faculty as a resu t of this agreement and may do so at its sole discretion.
47. The Institutes reserve the right to reject any student that does not meet the admission requirements outlined above.
48. The Institutes will accept students to the extent possible until classes have been filled to capacity. The Institute will enroll students on a first come first serve basis. The Institute may add additional courses, at its discretion, or under additional terms, when necessary.
49. With the exception of obligatory courses (i.e. Italian) the Institute reserves the right to cancel any courses that have total enrollments of less than six students overall.

4

50. Disciplinary actions, including expulsion, will be taken according to the due.process outlined in the relevant Conduct of Student Code and in collaboration with MU. Behavior that could trigger disciplinary action will be adequately explained in advance to the students.

51. The Institutes and MU are committed to the policy that all persons shall have equal access to programs, facilities, admission, and employment without regard to personal characteristics not related to ability, performance, or qualifications as determined by the respective MU and Institutes' policies or by state or federal authorities. None of the parties discriminates against any person because of age, ancestry, color, disability or handicap, national origin, race, religious creed, sex, sexual orientation, or veteran status. MU and the Institutes shall abide by these principles in the administration of this Memorandum of Agreement and none shall impose criteria which would violate the principles of non-discr mination.

## AGREEMENT TERMS

58. This agreement commences once all parties have signed and dated the agreement.

59. Either party may terminate their participation in this agreement by giving written notification to the other party at least nine months prior to the commencement of the succeeding term

60. This agreement, in itself, does not bind any party to any financial obligations or personnel commitments beyond the terms specified, nor does this agreement authorize any institution to enter into any agreement which will bind the other(s) to any f nancial obligations or personnel resource obligations.

61. Only the individuals that have signed this agreement below are authorized to establish policies and make commitments on behalf of their party.

62. Any changes to the agreement shall be made by an exchange of letters between the appropriate parties at Marywood University and the Institutes.

IN WITNESS WHEREOF, the parties hereto have caused this agreement to be executed as and of the day and year written below. All previous and other written and verbal agreements are considered null and void.

For Marywood University

*Ann Boland-Chase*

Date 7-17-2014

For the Island the Umbra Institute

Date 6/1/18

**<u>EXHIBIT B</u>**

## CONSORTIUM AGREEMENT BETWEEN MARYWOOD UNIVERITY AND THE INTERNATIONAL STUDIES INSTITUTE: FLORENCE

This Consortium Agreement is made this day, July 7, 2022, by and between Marywood University ("Marywood") and the International Studies Institute: Florence ("ISI"),

WHEREAS, Marywood and ISI agree that a cooperative arrangement would be mutually beneficial;

WHEREAS, Marywood University is the "home" institution at which the student is matriculating and ISI is the "host" institution in which the student will enroll for approved courses as a non-degree seeking student;

WHEREAS, this Agreement will set forth general procedural information to facilitate course registration and application to degree requirements for students in the School of Architecture at Marywood University and are an addendum to the existing agreement between Marywood and ISI. Except where noted below, the provisions of the existing agreement are retained.

In consideration of the mutual promises and covenants herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

### A.     Purpose
The purpose of this Agreement is to guide and direct the parties respecting their integrated registration and grading process. The parties anticipate that a number of registrations will occur during the term of this Agreement. Neither party is obligated to agree to a minimum number of visiting students at ISI. This Agreement is non-exclusive and does not affect either party's ability to enter into a similar agreement with other parties.

### B.     Registration and grading of students
- Responsibilities of the home institution: ISI courses for which Marywood School of Architecture students enroll will be added to the home institution master schedule of courses for the session.
- Marywood School of Architecture students studying at ISI will register for coursework on the home institution Student Information System (SIS) in addition to registration at ISI.
- The School of Architecture Director or Designee will be listed as faculty for these courses for purposes of grading
- Upon transmission of grades from ISI, the School of Architecture Director or Designee will record grades in the Marywood University Student Information System for purposes of recording on the student academic transcript.

1

Responsibilities of the host institution

- Upon completion of coursework by Marywood University School of Architecture students, ISI will transmit grades to the Director of the School or designee for recording in the Marywood SIS.
- To the extent that ISI generates or maintains educational records relating to any student, ISI agrees to comply with the Family Educational Rights and Privacy Act (FERPA) to the same extent such laws and regulations apply to Marywood University and shall limit access to only those employees or agents with a need to know. For purposes of this Agreement, pursuant to FERPA, Marywood University designates ISI as a school official with a legitimate educational interest in the educational records of any student to the extent that access to Marywood University's records is required to carry out the program.
- Course grades awarded by ISI shall adhere to the Marywood University Undergraduate Grading System as stated in the Marywood catalog and School of Architecture grading scale.
- Marywood University's Undergraduate Grading System and School of Architecture Grading Scale shall be included in the syllabi of ISI classes taken by Marywood School of Architecture students.
- All ISI courses for which students receive letter grades will meet course objectives as stipulated by the curricula published by the School of Architecture and in accordance with the requirements of all program accreditors.
- All faculty teaching courses in which Marywood University School of Architecture students are enrolled will meet or exceed the minimum qualifications to serve as faculty in the School of Architecture as defined in the MUSOA Bylaws.
  a) The curriculum vitae of all faculty teaching courses in which Marywood School of Architecture students are enrolled will be supplied to the Director of the Marywood School of Architecture.
  b) If a faculty member does not meet the minimum qualifications to teach, the MUSOA Director will inform the ISI Director prior to the academic term.

### C.    Term

The term of this Agreement shall be from August 1, 2022 through June 30, 2023. Thereafter, the Agreement shall automatically renew on an annual basis for successive periods of one (1) year, with a term from July 1 through June 30.

### D.    Termination.

Either party may terminate the Agreement at any time and shall provide thirty (30) days written notice to the other party. Professional and ethical practice in managing the conclusion of all obligations to an acceptable degree related to the activities of the students is expected.

### E.    General Provisions

1)    **Independent Contractor Status.** The relationship of the parties is that of independent contractors, and tenancy, partnership, joint venture, agency, fiduciary or other relationship is not created. Neither party may incur any indebtedness or enter into any obligation or commitment on the other party's behalf.

2

2)     **Non-Assignability.** Neither party may assign this Agreement in whole or in part without the prior written consent of the other party, except that either party may assign this Agreement in its entirety to an affiliate that controls, is controlled by, or is under common control with such party. This Agreement is made for the exclusive benefit of the parties, and no benefit to any third party is intended.

3)     **Non-Discrimination.** The parties agree not to unlawfully discriminate against any person on the basis of race, creed, color, sex, sexual orientation, religion, age, disability, veteran's status, national origin, or any other basis prohibited by law.

4)     **Governing Law.** This Agreement, and all matters arising from it, will be governed by, construed by, and enforced by the laws of the Commonwealth of Pennsylvania. Venue shall be in the Court of Common Pleas of Lackawanna County.

**F.     Indemnification.**

Marywood hereby indemnifies and holds the International Studies Institute: Florence harmless from and against liability, losses, damages, claims, causes of action, costs, or expenses (including reasonable attorneys' fees) which directly arise out of the negligence or intentional acts or omissions of Marywood, its students, employees, or agents.

The International Studies Institute: Florence hereby indemnifies and holds Marywood harmless from and against liability, losses, damages, claims, causes of action, costs, or expenses (including reasonable attorneys' fees) which directly arise out of the negligence or intentional acts or omissions of ISI, its students, employees, or agents.

**G.     Notices.** Notices required or permitted by this Agreement shall be deemed effective when received or upon refusal to accept delivery if sent by hand delivery, recognized overnight courier service or first-class certified mail, return receipt requested, postage prepaid, to the following addresses, or such other address as a party may specify by notice in accordance with this section:

To Marywood:
James Eckler, Director
School of Architecture
Marywood University
2300 Adams Avenue
Scranton, PA 18509
USA

with a copy to:
Christina Clark, Provost
Marywood University
2300 Adams Avenue
Scranton, PA 18509
USA

To International Studies Institute:
Daniel Tartaglia, President
The International Studies Institute
6428 Ridge Terrace #761
Orlando, Florida 32810
USA

Stefano Baldassarr, Director
The International Studies Institute: Florence
Via della Vigna Nuova 18
Florence, Italy 50123

3

IN WITNESS WHEREOF, the parties have executed this Consortium Agreement as of the date indicated below.

**Marywood University**

Christina A. Clark, Ph.D., Provost

Date: July 7, 2022

**International Studies Institute: Florence**

Daniel Tartaglia, President

Date:    07/08/2022

4

**EXHIBIT C**



# Check Requisition Form

Hold for Pickup ☐   Mail Check ☑

This form may be printed and submitted to the Purchasing/Accounts Payable Office.

*(Instructions on the next page.)*

**Department:** Study Abroad Off Campus Tuition

**Dept number:** redacted

**Project ID:** N/A _____ (must place N/A if not applicable)

**Amount:** redacted

**For:** ISI Florence Study Abroad - Off Campus Tuition/Housing/Fees
Spring Semester 2025 Architectural Program redacted
General Studies Program redacted
Tuition. Housing & Program Fees

**Special Instructions:**

redacted

**To:** International Studies Institute LLC
42 Petry Drive
East Hanover, N.J. 07936



**Requested by:** redacted

**Telephone:** redacted     **E-mail:** redacted

**Authorized by:** redacted     redacted

**Telephone:** redacted     **E-mail:** redacted

**Date:** 12/10/25

redacted

1

# Invoice

MU SPRING 2026



**From**

ISI Abroad US Finance Office
5366 Central Florida PKWY Unit 101
Orlando, Florida 32821-8772
United States
Program: ISI Florence

**To**

Marywood University
Liberal Arts Center, Room 220
Scranton, PA 18509
United States

**Invoice No.**
redacted

**Date**
Dec 04 2025

**Invoice Due**
Jan 07 2026

| Description | Quantity | Rate | Amount |
|---|---|---|---|
| Spring Semester 2026 - The International Studies Institute - Florence<br>Architecture Program Fee | redacted | | |
| Housing: redacted<br>Apartment Internet: redacted<br>Apartment Sanitizing & Cleaning: redacted<br>Orientation & Student Services Fee: redacted<br>Architecture Program Supplement Fee: redacted<br>Tuition & Program Fees: redacted | | | |

MU ARCH - Spring 20...

| Spring Semester 2026 - The International Studies Institute - Florence<br>General Studies Program Fee | redacted | | |
|---|---|---|---|
| Housing: redacted<br>Apartment Internet: redacted<br>Apartment Sanitizing & Cleaning: redacted<br>Orientation & Student Services Fee: redacted<br>Tuition & Program Fees: redacted | | | |

MU - Spring 202...





Please make all checks out to: International Studies Institute LLC

ONLINE PAYMENT BY CHECK:
Save time and money by submitting your paper check electronically online.
Click Here: https://isiflorence.org redacted

CHECK PAYMENT BY MAIL:
Please mail checks to the following address.
42 PETRY DRIVE
EAST HANOVER, NJ 07936

PAYMENT BY ELECTRONIC TRANSFER:
Bank Name: JP Morgan Chase Bank
Bank Address: redacted    East Hanover, NJ 07936
Account Name: International Studies Institute LLC
Account Number: redacted
ACH Routing/Transit Number: redacted
Wire Transfer Number: redacted

| Student | First Name | Middle Name | Last Name | Current Primary Program | Program |
|---|---|---|---|---|---|
| | | | | BIA Interior Architecture | ISI Florence |
| | | | | BIA Interior Architecture | ISI Florence |
| | | | | BIA Interior Architecture | ISI Florence |
| | | | | BIA Interior Architecture | ISI Florence |
| | | | | BIA Interior Architecture | ISI Florence |
| | | | | BIA Interior Architecture | ISI Florence |
| | | | | BIA Interior Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BIA Interior Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BS Psychology | ISI Florence General |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BIA Interior Architecture | ISI Florence |
| | | | | BIA Interior Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BA Criminal Justice | ISI Florence General |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BArch Architecture | ISI Florence |
| | | | | BIA Interior Architecture | ISI Florence |
| | | | | BIA Interior Architecture | ISI Florence |

redacted

| | |
|---|---|
| BArch Architecture | ISI Florence |
| BArch Architecture | ISI Florence |
| BArch Architecture | ISI Florence |
| BArch Architecture | ISI Florence |
| BIA Interior Architecture | ISI Florence |
| BIA Interior Architecture | ISI Florence |

redacted

**EXHIBIT D**



April 9, 2026

Lisa A. Lori, J.D., President
Marywood University
2300 Adams Avenue
Scranton, PA 18509

**RE: Request for Discussion – ISI / Marywood Florence Program**

Dear President Lori,

I hope this letter finds you well. I am writing following my March 19 Zoom conversation with Mr. James Eckler. I was surprised to learn, for the first time, of Marywood University's intention to discontinue our collaboration and launch an independent study abroad program in Florence beginning this September. During that meeting, and in a subsequent conversation the following day, I expressed my concerns. Mr. Eckler indicated that he would communicate my objections to you and follow up with me; however, I have not received a response, which is why I am writing to you directly.

For more than 15 years, ISI Florence and Marywood University have shared a close and highly productive partnership. Together, we have built a program that has consistently served Marywood students at a high level—academically, operationally, and experientially. ISI has provided the full academic and operational framework for the Florence program—curriculum, faculty coordination, housing, student services, and on-the-ground support—while working closely with your team to align with Marywood's academic priorities, particularly in architecture.

Marywood students have long been a meaningful part of our community in Florence, and we have shaped much of our investment, structure and capacity around that relationship. Over the years, we have also made deliberate choices to prioritize Marywood, including foregoing other partnership opportunities and working collaboratively to improve affordability and accessibility for your students.

For that reason, the manner and timing of this development were unexpected. Beyond the contractual framework, this represents a significant departure from the collaborative approach that has defined our relationship for more than 15 years.

The governing Memorandum of Understanding requires nine months' advance written notice for termination, while the 30-day provision (as described by Mr. Eckler) applies only to a limited addendum related to grading and registration. Accordingly, we believe the Agreement remains in full effect for the Fall 2026 and Spring 2027 terms.



I am also concerned by reports that Marywood students have been directed by Mr. Eckler to withdraw their applications from ISI without the discussion I had anticipated. In addition, Florence is far more than a location—it is an academic and operational ecosystem that ISI has developed over more than 25 years. A transition of this nature, particularly on a compressed timeline and within an active partnership, raises important questions about continuity, student experience, and the use of long-established structures and relationships developed by ISI.

That said, our strong preference is to address this constructively and collaboratively. We would very much like to better understand the factors that led to this decision and explore whether there is a path forward that continues to serve Marywood students effectively while respecting the partnership we have built.

In that spirit, we respectfully request that Marywood pause implementation of the independent program and continue operating the Florence program with ISI for the Fall 2026 and Spring 2027 semesters, consistent with the terms of our Memorandum of Understanding. This would allow time for a direct and thoughtful discussion about Marywood's objectives and the best path forward for your students.

I would greatly appreciate the opportunity to speak with you directly, or with your designated representatives, in the coming days. I am available for a Zoom call next week and would be happy to accommodate your schedule. Given the timing of planning for the upcoming academic terms, it would be helpful to connect soon, and ideally before the end of next week (April 17), so we can coordinate next steps. I remain confident that we can reach a resolution that reflects our shared history and prioritizes student success.

This letter documents ISI's position while extending an invitation to dialogue. We remain hopeful this can be resolved amicably and in a manner consistent with both our agreement and the longstanding relationship between our institutions.

Thank you for your leadership and consideration. I look forward to your reply and the opportunity to speak soon.

Sincerely,

Daniel Tartaglia

President, ISI Abroad
dtartaglia@isiabroad.org
Mobile: (407) 408-3178

**EXHIBIT E**



Marywood
UNIVERSITY

April 10, 2026

Mr. Daniel Tartaglia
President, ISI Abroad
dtartaglia@isiabroad.org

Dear Mr. Tartaglia,

I am General Counsel for Marywood University. I write in response to your letter dated April 9, 2026, to President Lori. While we appreciate your position, we respectfully but strongly disagree with both your characterization of the parties' agreements and your conclusions.

As an initial matter, the Memorandum of Understanding dated 2014, upon which you rely, plainly states that "[Marywood University] is not obligated to send any students or faculty as a result of this agreement and may do so at its sole discretion." (See Paragraph 46). This provision is clear and controlling. Accordingly, the MOU does not impose any obligation on Marywood to send students to ISI, and any decision to do so has always remained entirely within Marywood's sole discretion. Marywood has exercised that discretion and elected not to send students to ISI for the fall and spring semesters, and for the foreseeable future.

Your assertion that a nine-month notice provision requires continued participation is misplaced. The MOU must be read as a whole, and it expressly preserves Marywood's discretion with respect to student participation. That discretion is not limited or overridden by general notice language, particularly where no underlying obligation to send students exists in the first instance.

Furthermore, Section D of the July 7, 2022 Consortium Agreement, entitled "Termination," supersedes paragraph 59 of the MOU with respect to the academic program at issue. Specifically, Section D of the Consortium Agreement provides that "[e]ither party may terminate the Agreement and shall provide thirty (30) days written notice to the other party. Professional and ethical practice in managing the conclusion of all obligations to an acceptable degree related to the activities of the students is

expected." The Consortium Agreement sets forth "general procedural information to facilitate course registration and application to degree requirements for students in the School of Architecture ...." Consistent with these provisions, Marywood provided more than 30 days' notice of termination and clearly conveyed its intent not to send architecture students to ISI.

In addition, Marywood has acted appropriately with respect to its students, including communicating program changes and available options. Any suggestion that Marywood has acted improperly in advising its students is unfounded.

Finally, Marywood values its long-standing relationship with ISI and acknowledges the satisfactory services provided in the past. However, as previously communicated, our decision to pursue alternative arrangements in Florence was driven by economic considerations and long-term program sustainability. Dean Eckler engaged in discussions with you regarding potential modifications to the financial arrangement. While some discount was offered, it was not sufficient to meet Marywood's long-term needs, and we understand that no further economic adjustments were available. Accordingly, Marywood has exercised its discretion to discontinue sending students to ISI.

We remain committed to ensuring an orderly transition and appreciate your professionalism in that regard.

Sincerely,

Mary Theresa Paterson, Esquire
General Counsel, Marywood University

cc: President Lisa Lori
    James Eckler, Academic Vice President and Dean, Reap College of Creative and
    Professional Studies

2300 Adams Ave., Scranton, PA 18509-159 | phone (570)348-6211 | Marywood.edu

**EXHIBIT F**

# STUDIO LEGALE MASTELLONE



**STUDI LEGALI ALLEATI**

VIA LUIGI SALVATORE CHERUBINI, 13    TEL. (+39) 055 46 20 040    info@studiomastellone.it                www.leg-all.it
50121 FIRENZE                                          FAX (+39) 055 47 58 54      www.studiomastellone.it

AVV. CARLO MASTELLONE LL.M. (LOND)
AVV. TIRZZA MEUCCI
AVV. PROF. PIETRO MASTELLONE LL.M. (AMSTERDAM)
AVV. EMANUELE DE NAPOLI
AVV. BERNARDO PERSIA
AVV. ELENA BORSACCHI
OF COUNSEL

STEFANO BIANCHINI
DOTT. COMMERCIALISTA REVISORE LEGALE

Florence, 4 May 2026

By e-mail
paterson@marywood.edu
cc
llori@marywood.edu
jeckler@marywood.edu
jeckler@maryu.marywood.edu
and by express courier

Ms. **Mary Theresa Paterson**, Esquire
General Counsel
Marywood University
2300 Adams Ave.,
Scranton, PA, 18509
USA

cc. Prof. **Lisa A. Lori**, President
Prof. **James Eckler**, Academic Vice-President and Dean,
Reap College of Creative and Professional Studies

Re: <u>**ISI Florence – Marywood University – Notice of Cease and Desist in reply to your letter of April 10, 2026.**</u>

ISI Florence (*International Studies Institute*) have instructed this law firm to respond to your letter of April 10, 2026, signed by Mary Theresa Paterson, General Counsel of Marywood University, which in turn was sent in response to the letter of Mr. Daniel Tartaglia, President of ISI, dated April 9, 2026.

STUDIO LEGALE MASTELLONE

MILANO
STUDIO LEGALE SARDO

ROMA
COGGIATTI & ASSOCIATI

VERONA
DINDO ZORZI & ASSOCIATI

STUDIO LEGALE MASTELLONE

We can only confirm the objections and requests made by ISI in President Tartaglia's letter and hereby firmly contest your assertions regarding Marywood University's complete freedom to withdraw at short notice from the 2015 *Memorandum of Understanding*, without the 9 (nine) month notice period provided for in the contract itself. This period is the minimum conceivable to allow our Client to wind up the entire organisational and contractual framework established over these 15 years of contractual and consortium relations with Marywood, and certainly not the shorter period provided for in the subsequent *Consortium Agreement*. In noting that the latter is merely a specification (*i.e.* an 'Addendum' as expressly indicated therein) of the former, and governs the enrolment procedures and student assessment criteria, we must also underline that, to date, no formal and express written notice of termination has been received by our Client, but only a threat to cease sending students, with the consequence that the existing contracts have become *de facto* inoperative. No notice has therefore been *'clearly* communicated' in the manner provided for by the contract in force.

Furthermore, Marywood's discretion regarding the placement of students – which is, in any case, closely linked to the aforementioned notice – must be strictly weighed against the **legitimate expectations, held in good faith,** of ISI Florence, which, during the many years of collaboration, has invested and continues to invest substantial sums and resources in the creation and management of a complex facility dedicated to the students of your University. In this regard, we also dispute the claim that discussions have taken place on the renegotiation of the financial terms of the current agreements, in which ISI allegedly would have failed to meet the requests made by you. Over time, in fact, ISI has not only reserved to Marywood students an extremely preferential treatment, but has also never refused any request for discounts, but rather has granted to your students the opportunity to benefit from rates well below those of all other participants.

In this regard, your intention to implement a programme of the same nature to the detriment of ISI, without respecting the contractual terms, is unacceptable, particularly in light of the principles of the Italian legal system, which in the present situation would in any event be protected in proceedings before an Italian Courts on an urgency basis - the latter is to be considered as having jurisdiction under EU Regulation No. 1215/2012 ( Brussels I-bis) concerning jurisdiction, the recognition and enforcement of judgments in civil and commercial matters (Recast), which applies to defendants even if not domiciled in an EU Member State.

We hereby expressly warn you that we reserve the right to apply to the local Courts for urgent proceedings under Article 700 of the Italian Code of Civil Procedure, aimed at an Order to desist from your initiative, which amounts to a clear and gross breach of contract, given that the activities carried out by ISI on behalf of MU take place entirely in Italy.

2

STUDIO LEGALE MASTELLONE

Furthermore, we must point out that the damages caused to ISI by your conduct are very substantial and in this regard the following must be taken into account:
- the existence of a well-established business organisation that has been in place for many years, in which our Client has made significant investments, entered into employment and consultancy contracts with faculty for the courses and with administrative staff, long-term leases for the premises where the architecture courses are held, as well as accommodation leases for Marywood students;
- substantial expenditure relating to dedicated marketing and promotional activities;
- hence the existence of significant damages for the Fall 2026 and Spring 2027 semesters, quantifiable at an amount of no less than US $1,250,000 circa.

Such damages are exacerbated by the circumstance, of which we have direct evidence, that students already enrolled to the courses have been invited to cancel their enrolment in order to enrol directly with your competing program, and that the Director of the courses himself was allegedly contacted by you to act on your behalf rather than on behalf of ISI.

We therefore hereby inform you that an application for mediation proceedings, as provided for under the applicable Italian legislation (*i.e.* Legislative Decree 28/2010), will be filed with the OCF – Florence mediation organisation; this is to be regarded as a mandatory mediation *ratione materiae* prior to filing an application for urgent interim measures, and we hereby request that you cease and desist with immediate effect from any and all initiatives aimed at establishing an independent study program abroad in Florence prior to the Autumn 2027 semester, and we invite you to contact us for the purpose of discussing an out-of-court settlement of the matter.

Yours sincerely,

Carlo Mastellone

3

**EXHIBIT G**



**OCF**
ORGANISMO
DI CONCILIAZIONE
DI FIRENZE
*N. 37 del Registro degli organismi di mediazione*

**DEPOSITATO   OCF**
il _11/05/2026_ h17:55
n. procedura _867/2026_

Organismo di Conciliazione di Firenze
OCF
c/o Nuovo Palazzo di Giustizia
V.le Guidoni, 61 -50127 Firenze
Tel. 055/5078074 - fax 055/5416722
Cod. Fiscale 94123800487
Partita IVA 05951130482

## DOMANDA DI MEDIAZIONE

per le cd. "materie obbligatorie", per le mediazioni delegate dal giudice e per clausola contrattuale

### *SEZIONE 1 – PARTI ISTANTI*[1]

**Ragione sociale**

THE INTERNATIONAL STUDIES INSTITUTE, LLC

P.IVA/ Codice Fiscale 06820750484 / 94084400483 sede in STE A 8, Kent County, Delaware – Dover (Stati Uniti d'America) e sede secondaria in Via della Vigna Nuova n° 18 CAP 50123 città Firenze prov. FI tel. +39 055 264 5910 mail info@isiflorence.org

PEC isiflorence@pec.it

Nominativo del titolare o legale rappresentante dell'impresa DANIEL JOSEPH TARTAGLIA

**P.IVA/ Codice Fiscale**[2] per l'emissione della relativa fattura elettronica 06820750484 / 94084400483

**PEC o CODICE DESTINATARIO** del soggetto ricevente fatturazione elettronica isiflorence@pec.it

**Rappresentato/assistito da:**

X difensore

Nome e cognome Avv. Carlo Ugo Mastellone studio in via Luigi Salvatore Cherubini n° 13 Città Firenze prov FI telefono (+39) 055 46 20 040 cellulare (+39) 338 870 5857 fax (+39) 055 47 58 34

PEC carlo.mastellone@firenze.pecavvocati.it

## CONFERISCE

incarico all'ORGANISMO DI CONCILIAZIONE DI FIRENZE - OCF affinché venga avviata la procedura di mediazione nei confronti di:

**Ragione sociale MARYWOOD UNIVERSITY (Ente di istruzione Statunitense)**

**TAX IDENTIFICATION NUMBER (TIN) – 24-0795453**

sede in Adams Avenue n° 2300 CAP 18509 città Scranton prov. PA tel. (+1) 570 348 6211 mail

info@marywood.edu / Lisa A. Lori (Presidente) llori@marywood.edu / Prof. James Eckler (Vice-President)

---

[1] In caso di due o piu' parti istanti si prega di compilare due volte pagina 1

[2] La mancata compilazione dei suddetti dati non consente l'omissione della fattura elettronica, l'inserimento di dati non corretti o incompleti solleva O. C.F. da qualunque responsabilità sul mancato recapito della fattura elettronica.

*O.C.F. - Organismo di Conciliazione di Firenze - C.f. 94123800487 - p.Iva 05951130482*
Sede legale: c/o Ordine degli Avvocati di Firenze, Nuovo Palazzo di Giustizia
Segreteria e sede unica per gli incontri di mediazione: Nuovo Palazzo di Giustizia, Accesso H, 11° piano, Viale Guidoni n. 61 (50127) Firenze
*tel. +39.055.5078074 / 0554223801 / 0554249753 - fax +39.055.54.16.722 web:* www.conciliazionefirenze.org
*mail:* segreteria@conciliazionefirenze.org - *PEC:* depositi@pec.conciliazionefirenze.it

*1*



*N. 37 del Registro degli organismi di mediazione*

jeckler@marywood.edu – jeckler@maryu.marywood.edu / Mary Theresa Peterson, Esquire (General Counsel) paterson@marywood.edu

PEC N.B.: non munita di PEC in quanto società con sede all'estero.

## SEZIONE 2 – TIPOLOGIA MEDIAZIONE

X MEDIAZIONE Ex ART.5 , comma 1 - DLGS 28/10 modificato dal DL69 /2013 (condizione di procedibilità)

## SEZIONE 3 – MATERIA

X Consorzio

## SEZIONE 4 – OGGETTO, VALORE, RAGIONI DELLA PRETESA

DESCRIZIONE DEI FATTI OGGETTO DI CONTROVERSIA:

International Studies Institute LLC ("ISI Florence" e "ISI") è un istituto statunitense di alta formazione attivo a Firenze dal 2001, dove è presente una sede specializzata in programmi universitari di breve durata ("semestri") riservata a studenti statunitensi iscritti nelle università nordamericane di provenienza. I crediti attribuiti agli studenti all'esito del "semestre" valgono ai fini della laurea nell'università di provenienza. Nel corso degli anni, ISI ha sviluppato una struttura accademica e organizzativa articolata, collaborando con numerose università soprattutto statunitensi.

Tra le collaborazioni principali vi è quella con **Marywood University**, avviata nel 2011 e regolata da accordi successivi nel 2015 e 2022. ISI organizza "semestri" di studio in materia di architettura a Firenze, fornendo anche alloggi dedicati agli studenti, mentre Marywood seleziona gli studenti e gestisce le iscrizioni. La collaborazione ha garantito per anni un flusso stabile di studenti, circa 40 per semestre, portando ISI ad effettuare rilevanti investimenti in personale, strutture e alloggi.

Nel marzo 2026, Marywood comunicava improvvisamente la cessazione della collaborazione indicando di voler avviare un proprio programma autonomo a Firenze ed invitando gli studenti già iscritti presso ISI a trasferirsi e affidando un incarico ad uno storico collaboratore di ISI. A seguito dell'interruzione del rapporto e del mancato esito dei successivi contatti tra le parti, ISI si è rivolta ai propri legali ritenendo di aver subito un significativo danno economico e organizzativo.

Il VALORE INDICATIVO (a norma del cod. proc. civ.) della controversia è: _____

Valore indeterminabile: ☐ basso (da 10.001 a 25.000 euro)   ☐ medio (da 25.001 a 50.000 euro)   X alto (da 50.001 a 150.000 euro)

*O.C.F. – Organismo di Conciliazione di Firenze - C.f. 94123800487 - p.iva 05951130482*
Sede legale: c/o Ordine degli Avvocati di Firenze, Nuovo Palazzo di Giustizia
Segreteria e sede unica per gli incontri di mediazione: Nuovo Palazzo di Giustizia, Accesso H, 11° piano, Viale Guidoni n. 61 (50127) Firenze
*tel.* +39.055.5078074 / 0554223801 / 0554249753  - fax +39.055.54116.722 *web:* www.conciliazionefirenze.org
*mail:* segreteria@conciliazionefirenze.org - *PEC:* depositi@pec.conciliazionefirenze.it

2



**N. 37 del Registro degli organismi di mediazione**

## RAGIONI DELLA PRETESA:

La collaborazione tra International Studies Institute LLC e Marywood University, durata oltre dieci anni, era fondata su un rapporto stabile che ha portato ISI a sostenere importanti investimenti organizzativi e accademici. Marywood avrebbe interrotto improvvisamente il rapporto senza rispettare il previsto preavviso scritto di nove mesi prima del successivo semestre previsto dal contratto, avviando contestualmente un programma concorrente a Firenze e coinvolgendo collaboratori storici dell'Istituto.

Il termine di preavviso di nove mesi previsto dal Memorandum of Understanding del 2015 è da ritenersi pienamente applicabile, mentre si contesta invece la sufficienza del termine di trenta giorni richiamato da Marywood, indicato nel contratto di "consorzio" (un mero addendum del precedente). Inoltre, l'invito rivolto agli studenti già iscritti a trasferirsi nel nuovo programma rappresenta una grave fonte di danni economici, organizzativi e reputazionali per ISI, stimabili in oltre due milioni di euro.

Per dovere di completezza, si precisa che è da intendersi sussistente la competenza giurisdizionale del giudice italiano in materia di provvedimenti cautelari d'urgenza, in quanto i servizi vengono prestati a Firenze. Pur riservandosi di avviare un procedimento cautelare ex art. 700 c.p.c., l'Istituto ha interesse a individuare una soluzione condivisa in sede di mediazione, al fine di preservare il progetto accademico sviluppato negli anni e tutelare gli studenti coinvolti.

**LA DESCRIZIONE DEI FATTI OGGETTO DI CONTROVERSIA E LE RAGIONI DELLA PRETESA SONO MEGLIO SPECIFICATE ED APPROFONDITE IN DETTAGLIO DELL'ALLEGATO PRO-MEMORIA E NEI RELATIVI ALLEGATI NUMERATI**

☐ INDICA quale mediatore _____

X Rimette la scelta del conciliatore al Responsabile dell'OCF – Si richiede la designazione di un mediatore esperto in transazioni cross-border con una elevata conoscenza della lingua inglese, necessaria per il corretto svolgimento del procedimento di mediazione alla luce della provenienza delle parti.

Si precisa che l'incontro si svolgerà in presenza presso la sede dell'Organismo, con possibilità di svolgerlo in videoconferenza previa espressa e motivata richiesta. Si ricorda che in caso di incontro in videoconferenza il verbale conclusivo e l'eventuale accordo dovranno essere sottoscritti, mediante firma digitale o altro tipo di firma elettronica qualificata, per cui è necessario essere dotati di kit di firma digitale ovvero di SPID di secondo livello.

### SEZIONE 5 – SPESE DI AVVIO

Il sottoscritto dichiara che il costo del primo incontro di mediazione (comprensivo delle spese di avvio e delle spese mediazione primo incontro) pari a:

| | |
|---|---|
| **Fino a €1.000** | €97,60 IVA inclusa |
| **Da €1.001 a €50.000** | €190,32 IVA inclusa |

O.C.F. - Organismo di Conciliazione di Firenze - C.f. 94123800487 - p.iva 05951130482
Sede legale: c/o Ordine degli Avvocati di Firenze, Nuovo Palazzo di Giustizia
Segreteria e sede unica per gli incontri di mediazione: Nuovo Palazzo di Giustizia, Accesso H, 11° piano, Viale Guidoni n. 61 (50127) Firenze
tel. +39.055.5078074-/ 0554223801 /. 0554249753 - fax +39.055.54.16.722 web: www.conciliazionefirenze.org
mail: segreteria@conciliazionefirenze.org - PEC: depositi@pec.conciliazionefirenze.it

3



**OCF**
**ORGANISMO**
**DI CONCILIAZIONE**
**DI FIRENZE**
*N. 37 del Registro degli organismi di mediazione*

| Oltre €50.001 | €273.28 IVA inclusa |
|---|---|

è stato versato mediante: bonifico bancario, di cui si allega copia, intestato a: Organismo di Conciliazione di Firenze, BANCO DI LUCCA E DEL TIRRENO IBAN IT95T0324202800CC1024009949 nella causale inserire il *nome della parte o il numero della procedura di mediazione*.

## SEZIONE 6 - ALLEGATI

Si allegano alla presente domanda i seguenti documenti *(barrare le voci che interessano)*:

X copia documento d'identità in corso di validità (obbligatorio);

X versamento spese di avvio e delle spese mediazione primo incontro (obbligatorio);

X mandato a conciliare (obbligatorio);

X visura camerale aggiornata all'anno in corso (obbligatoria se trattasi di società)

☐ certificato di residenza aggiornato della/e parte/i da invitare in mediazione (obbligatorio) – **N.B.: trattasi di istituzione accademica statunitense, come sopra chiarito.**

☐ atto costitutivo/statuto (obbligatorio se trattasi di ente non iscritto al registro delle imprese);

☐ copia provvedimento del giudice se mediazione delegata (obbligatorio);

☐ copia provvedimento del giudice se mediazione con giudizio pendente (obbligatorio);

☐ copia del contratto/statuto/atto costitutivo contenente la clausola conciliativa;

X ulteriore documentazione (in duplice copia se cartacea): Promemoria documenti ivi descritti.

## NON allegare documenti riservati al solo Mediatore

Il presente modulo e la documentazione allegata saranno trasmessi, a discrezione della Segreteria dell'OCF, alla parte nei cui confronti il tentativo è proposto.

**Il sottoscritto dichiara di avere preso visione del Regolamento della procedura di mediazione applicato da OCF consultabile sul sito, di accettarne senza riserva alcuna il contenuto e le relative tariffe.**

**Il sottoscritto altresì dichiara di non aver avviato la medesima procedura presso altri organismi di mediazione.**

R.G.P.D UE 2016/679 sulla protezione dei dati personali

Il sottoscritto **CARLO UGO MASTELLONE**, C.F. MSTCLG55C02Z114V, come da mandato a conciliare autenticato, debitamente munito di apostille e qui allegato, presa visione dell'Informativa pubblicata sul sito dell'Organismo di Conciliazione di Firenze e disponibile anche presso gli Uffici di segreteria, acconsente il trattamento dei dati richiesti nel presente modulo (il consenso rappresenta la base giuridica del trattamento).

Letto, confermato e sottoscritto,
Firenze, 11 maggio 2026
(luogo) (data)

Firma _____

CARLO UGO
MASTELLONE
AVVOCATO
11.05.2026 16:14:53
GMT+01:00

O.C.F. - *Organismo di Conciliazione di Firenze* - *C.f. 94123800487 - p.iva 05951130482*
Sede legale: c/o Ordine degli Avvocati di Firenze, Nuovo Palazzo di Giustizia
Segreteria e sede unica per gli incontri di mediazione: Nuovo Palazzo di Giustizia, Accesso H, 11° piano, Viale Guidoni n. 61 (50127) Firenze
*tel.*+39.055.5078074 / 0554223801 / 0554249753 - *fax*+39.055.54.16.322 web: www.conciliazionefirenze.org
*mail:* segreteria@conciliazionefirenze.org - *PEC:* depositi@pec.conciliazionefirenze.it

*4*



*No. 37 in the Register of Mediation Bodies*

## APPLICATION FOR MEDIATION

for so-called "mandatory matters", for mediations ordered by the court and for contractual clauses

### SECTION 1 – APPLICANTS[1]

Company name

## THE INTERNATIONAL STUDIES INSTITUTE, LLC

VAT No./Tax Code 06820750484 / 94084400483 Registered office at STE A 8, Kent County, Delaware – Dover (United States of America) and secondary office at Via della Vigna Nuova No. 18, postcode 50123, city of Florence, province of Florence, tel. +39 055 264 5910, email info@isiflorence.org

PEC isiflorence@pec.it

Name of the owner or legal representative of the company DANIEL JOSEPH TARTAGLIA

VAT No./Tax Code[2] for the issue of the relevant electronic invoice 06820750484 / 94084400483

Certified email address or RECIPIENT CODE of the entity receiving the electronic invoiceisiflorence@pec.it

Represented/assisted by:

X defence counsel

Name and surname: Carlo Ugo Mastellone, solicitor, office at Via Luigi Salvatore Cherubini No. 13, Florence, Province of Florence, telephone (+39) 055 46 20 040, mobile (+39) 338 870 5857, fax (+39) 055 47 58 54

PEC carlo.mastellone@firenze.pecavvocati.it

### HEREBY

the FLORENCE CONCILIATION BODY (OCF) to initiate mediation proceedings against:

Company name MARYWOOD UNIVERSITY (US educational institution)

TAX IDENTIFICATION NUMBER (TIN) – 24-0795453

Registered office at 2300 Adams Avenue, postcode 18509, city of Scranton, PA, tel. (+1) 570 348 6211, email info@marywood.edu / Lisa A. Lori (Presidente) llori@marywood.edu / Prof. James Eckler (Vice-President)

---

[1]    If there are two or more applicants, please complete page 1 twice

[2]    Failure to provide the above details will prevent the electronic invoice from being issued; the inclusion of incorrect or incomplete details relieves O. C.R. of any liability for the non-delivery of the electronic invoice.

*O.C.F. – Florence Conciliation Body – Tax Code 94123800487 – VAT No. 05951130482*
Registered office: c/o Florence Bar Association, New Palace of Justice
Secretariat and sole venue for mediation meetings: New Palace of Justice, Entrance H, 11th floor, Viale Guidoni 61 (50127) Florence
Tel. +39.055.5078074 / 0554223801 / 0554249753 - Fax +39.055.54416.722 Web: www.conciliazionefirenze.org
email: segreteria@conciliazionefirenze.org - PEC: depositi@pec.conciliazionefirenze.it

*1*



*No. 37 in the Register of Mediation Bodies*

jeckler@marywood.edu – jeckler@maryu.marywood.edu / Mary Theresa Paterson, Esquire (General Counsel) paterson@marywood.edu

PEC **N.B.: does not have a PEC as it is a company based abroad.**

## SECTION 2 – TYPE OF MEDIATION

X MEDIATION pursuant to Article 5, paragraph 1 – Legislative Decree 28/10 as amended by Decree Law 69/2013 (condition for admissibility)

## SECTION 3 – SUBJECT MATTER

X Consortium

## SECTION 4 – SUBJECT MATTER, VALUE, GROUNDS FOR THE CLAIM

DESCRIPTION OF THE FACTS FORMING THE SUBJECT OF THE DISPUTE:

International Studies Institute LLC ("ISI Florence" and "ISI") is a US higher education institution that has been operating in Florence since 2001, where it runs a centre specialising in short-term university programmes ("semesters") reserved for US students enrolled at their home universities in North America. The credits awarded to students upon completion of the "semester" count towards their degree at their home university. Over the years, ISI has developed a comprehensive academic and organisational structure, collaborating with numerous universities, primarily in the US.

Among the main partnerships is that with **Marywood University**, established in 2011 and governed by subsequent agreements in 2015 and 2022. ISI organises "semesters" of study in architecture in Florence, also providing dedicated student accommodation, whilst Marywood selects the students and manages enrolments. For years, this partnership ensured a steady flow of students, around 40 per semester, leading ISI to make significant investments in staff, facilities and accommodation.

In March 2026, Marywood suddenly announced the termination of the partnership, stating its intention to launch its own independent programme in Florence and inviting students already enrolled at ISI to transfer, whilst appointing a long-standing ISI collaborator to oversee the programme. Following the termination of the relationship and the failure of subsequent contacts between the parties, ISI sought legal counsel, believing it had suffered significant financial and organisational damage.

*O.C.F. – Florence Conciliation Body – Tax Code 94123800487 – VAT No. 05951130482*
Registered office: c/o Florence Bar Association, New Palace of Justice
Secretariat and sole venue for mediation meetings: New Palace of Justice, Entrance H, 11th floor, Viale Guidoni 61 (50127) Florence
Tel. +39.055.5078074 / 0554223801 /: 0554249755 – Fax +39.055.54.16.722  Web: www.conciliazionefirenze.org
email: segreteria@conciliazionefirenze.org - PEC: depositi@pec.conciliazionefirenze.it

2



*No. 37 in the Register of Mediation Bodies*

The INDICATIVE VALUE (in accordance with the Code of Civil Procedure) of the dispute is:

**Undeterminable** value: low (from €10,001 to €25,000) ☐medium (from €25,001 to €50,000)    X high (from €50,001 to €150,000)

**GROUNDS FOR THE CLAIM:**

The collaboration between International Studies Institute LLC and Marywood University, which lasted over ten years, was based on a stable relationship that led ISI to make significant organisational and academic investments. Marywood allegedly terminated the relationship abruptly without observing the nine-month written notice period prior to the next semester as stipulated in the contract, whilst simultaneously launching a competing programme in Florence and involving long-standing staff members of the Institute.

The nine-month notice period provided for in the 2015 Memorandum of Understanding is to be considered fully applicable, whilst the sufficiency of the thirty-day notice period referred to by Marywood, as set out in the "consortium" contract (a mere addendum to the previous one), is contested. Furthermore, the invitation extended to currently enrolled students to transfer to the new programme represents a serious source of financial, organisational and reputational damage for ISI, estimated at over two million euros.

For the sake of completeness, it should be noted that the jurisdiction of the Italian courts in matters relating to urgent interim measures is deemed to apply, as the services are provided in Florence. Whilst reserving the right to initiate interim proceedings under Article 700 of the Italian Code of Civil Procedure, the Institute is keen to find a mutually agreed solution through mediation, in order to safeguard the academic project developed over the years and protect the students involved.

**THE DESCRIPTION OF THE FACTS GIVING RISE TO THE DISPUTE AND THE GROUNDS FOR THE CLAIM ARE SET OUT IN GREATER DETAIL IN THE ATTACHED MEMORANDUM AND IN THE RELEVANT NUMBERED ANNEXES**

☐ NOMINATES as mediator _____

X   Leaves the choice of mediator to the Head of the OCF – We request the appointment of a mediator expert in cross-border transactions with a high level of proficiency in English, necessary for the proper conduct of the mediation proceedings in view of the parties' origins.

*O.C.F. – Florence Conciliation Body – Tax Code 94123800487 – VAT No. 05951130482*
Registered office: c/o Florence Bar Association, New Palace of Justice
Secretariat and sole venue for mediation meetings: New Palace of Justice, Entrance H, 11th floor, Viale Guidoni 61 (50127) Florence
Tel. +39.055.3078074 / 0554223801 / 0554249753 – Fax +39.055.5416721 Web: www.conciliazionefirenze.org
email: segreteria@conciliazionefirenze.org – PEC: depositi@pec.conciliazionefirenze.it



*No. 37 in the Register of Mediation Bodies*

Please note that the meeting will take place in person at the Organisation's headquarters, with the possibility of holding it via videoconference upon express and justified request. Please note that in the event of a videoconference meeting, the final minutes and any agreement must be signed using a digital signature or other type of qualified electronic signature; therefore, it is necessary to have a digital signature kit or a second-level SPID.

## SECTION 5 – INITIAL COSTS

The undersigned declares that the cost of the first mediation meeting (including start-up costs and the costs of the first mediation meeting) amounts to:

| Up to €1,000 | €97.60 including VAT |
|---|---|
| From €1,001 to €50,000 | €190.32 including VAT |
| Over €50,001 | €273.28 including VAT |

has been paid by: bank transfer, a copy of which is attached, made payable to  Organismo di Conciliazione di Firenze, BANCO DI LUCCA E DEL TIRRENO IBAN IT95T0324202800CC1024009949. Please state the *name of the party* or *the mediation procedure number* in the payment reference.

## SECTION 6 - ATTACHMENTS

The following documents are attached to this application *(tick the relevant boxes)*:

X copy of a valid identity document (mandatory);

X payment of initiation fees and fees for the first mediation meeting (mandatory);

X mandate to mediate (mandatory);

X Chamber of Commerce registration certificate updated for the current year (mandatory if the applicant is a company)

☐ up-to-date certificate of residence for the party or parties to be invited to mediation (mandatory) – **N.B.: this is a US academic institution, as clarified above.**

☐ articles of association/statutes (mandatory if the entity is not registered in the Companies Register);

☐ copy of the court order if mediation is ordered by the court (mandatory);

☐ copy of the court order if mediation is taking place whilst legal proceedings are pending (mandatory);

☐ copy of the contract/articles of association/memorandum of association containing the arbitration clause;

X additional documentation (in duplicate if in paper form): Memorandum and documents described therein.

## DO NOT attach documents intended solely for the Mediator

This form and the attached documentation will be forwarded, at the discretion of the OCF Secretariat, to the party against whom the attempt is made.

*O.C.F. – Florence Conciliation Body – Tax Code 94123800487 – VAT No. 05951130482*
Registered office: c/o Florence Bar Association, New Palace of Justice
Secretariat and sole venue for mediation meetings: New Palace of Justice, Entrance H, 11th floor, Viale Guidoni 61 (50127) Florence
Tel. +39.055.5078074 / 0554023801 / 0554249753 - Fax +39.055.54.16.722  Web: www.conciliazionefirenze.org
email: segreteria@conciliazionefirenze.org - PEC: depositi@pec.conciliazionefirenze.it



*No. 37 in the Register of Mediation Bodies*

The undersigned declares that they have read the Rules of Procedure for Mediation applied by OCF, available on the website, and that they accept the content and the relevant fees without reservation.

The undersigned also declares that they have not initiated the same procedure with other mediation bodies.

EU GDPR 2016/679 on the protection of personal data

The undersigned, **CARLO UGO MASTELLONE**, Tax Code MSTCLG55C02Z114V, pursuant to the duly authenticated power of attorey, bearing an apostille and attached hereto, having read the Privacy Notice published on the website of the Florence Conciliation Body and also available at the Secretariat offices, consents to the processing of the data requested in this form (consent constitutes the legal basis for the processing)

Read, confirmed and signed,
Florence, 11 May 2026                     Signature_____
(place)    (date)

*O.C.F. – Florence Conciliation Body – Tax Code 94123800487 – VAT No. 05951130482*
Registered office: c/o Florence Bar Association, New Palace of Justice
Secretariat and sole venue for mediation meetings: New Palace of Justice, Entrance H, 11th floor, Viale Guidoni 61 (50127) Florence
*Tel:* +39.055.5078074 / 0554223801 / 0554249753 - *Fax* +39.055.54486722 *Web:* www.conciliazionefirenze.org
*email:*segreteria@conciliazionefirenze.org - *PEC:* depositi@pec.conciliazionefirenze.it

STUDIO LEGALE

Avv. CARLO MASTELLONE

VIA L.S. CHERUBINI, 13
50121 FIRENZE
TEL 055 4620040    FAX 055 475854
E-mail: info@studiomastellone.it

# ORGANISMO DI CONCILIAZIONE
# DI FIRENZE

## Promemoria di approfondimento dei fatti oggetto di controversia e delle ragioni della parte attivante

### THE INTERNATIONAL STUDIES INSTITUTE, LLC,

nel procedimento di mediazione promosso nei confronti di

### MARYWOOD UNIVERSITY

## Sommario

1. L'attività della International Studies Institute – Il programma Florence Abroad..........................................................................................................1

2. La collaborazione di lunga durata con Marywood University......................3

3. L'improvvisa interruzione del rapporto da parte di Marywood e la concorrenza sleale. ......................................................................................4

4. Il grave inadempimento di Marywood e la distorta interpretazione del MoU. ......................................................................................................................6

5. Il danno economico e strutturale subito e subendo da ISI Florence. ............7

6. Brevi considerazioni in tema di foro giurisdizionalmente competente.........9

7. Il procedimento cautelare ex art. 700 c.p.c. e la mediazione obbligatoria..10

## APPROFONDIMENTO DEI FATTI OGGETTO DI CONTROVERSIA
### 1. L'attività della International Studies Institute – Il programma Florence Abroad.

La **International Studies Institute, LLC** (d'ora in avanti "ISI" e "ISI Florence") è una persona giuridica costituita ed esistente ai sensi del diritto dello Stato del Delaware, con sede in The Gree Ste A 8, Kent County, Delaware-Dover (USA) con una sede in Via della Vigna Nuova n. 18, Firenze, 50123 ed una ulteriore unità locale in Piazza IV Novembre n. 23, Perugia, 06123. L'attività di ISI a Firenze ha come oggetto l'organizzazione di corsi di

alta formazione universitaria a Firenze riservata a studenti iscritti presso Università straniere (prevalentemente statunitensi) nelle materie dell'Arte ("*Fine and Studio Arts*") e Storia dell'arte, Architettura, Nutrizione e Sostenibilità, Lingua e Cultura Italiana, Storia, Letteratura, Filosofia, Commercio Internazionale, Scienze Politiche, ecc.

I corsi sono suddivisi principalmente in **semestri** ("*Semesters*") della durata di quindici settimane da gennaio a fine aprile (c.d. "*Spring Semester*") e da fine agosto a dicembre (c.d. "*Fall Semester*") e rappresentano le principali proposte accademiche dell'Istituto, che gestisce gran parte delle proprie attività, risorse e personale di conseguenza. Il percorso di studio svolto presso ISI Florence da parte degli studenti delle Università partner è incluso nel curriculum accademico di origine con il riconoscimento di crediti (*e.g.* dai 15 ai 18 crediti per i semestri primaverile e autunnale) che valgono ai fini della laurea nelle Università statunitensi di provenienza. Per mantenere uno standard di insegnamento elevato, che soddisfi i parametri e gli standard delle università statuinitensi, ISI seleziona personale docente di alta professionalità e competenza munito titoli di studio prestigiosi e rilasciati negli Stati Uniti, in Australia e in Europa. Da notare che le iscrizione presso ISI seno riservate unicamente agli studenti che abbiano completato con successo due o più semestri del proprio percorso di studio presso college e università accreditate, con una valutazione GPA ("*Grade Point Average*") minima di 2.75. Inoltre, al fine di facilitare il soggiorno degli iscritti, ISI mette a loro disposizione degli **alloggi** situati nel centro storico di Firenze, per i quali vengono stipulati appositi **contratti di locazione** (*i.e.* una porzione di complesso immobiliare sito in Corso dei Tintori n. 29, nove unità immobiliari site in Via Romana n. 61 e una unità immobiliare situata in Via del Ronco n. 14). Le attività didattiche si svolgono invece presso il primo e il secondo piano di "Palazzo Bargagli", in Lungarno delle Grazie n. 22, per cui è in essere un ulteriore contratto di locazione (All. 1 – 4 - **Contratti di locazione**), nonché presso Palazzo Rucellai, in Via delle Vigna Nuova n. 18. Da quanto sinora esposto si evince già ampiamente l'alto livello di formazione offerto da ISI, nonché la complessità della struttura organizzativa e accademica, che negli anni è stata proporzionalmente sviluppata e accresciuta, divenendo un punto di riferimento per numerosi programmi di studio all'estero di rinomate Università statunitensi.

## 2. La collaborazione di lunga durata con Marywood University.

Fin dall'inizio della propria attività a Firenze, ISI si è dimostrata un importante partner per molti istituti di alta formazione, tanto da fondare già nel 2005 il "*Consortium for Public Universities*" con la partecipazione di istituzioni quali Pennsylvania State University, University of Connecticut, University of Virginia, University of Maryland, University of Melbourne (Australia). ISI Florence gode inoltre di affiliazioni con ulteriori istituti, tra cui Roger Williams University, Rutgers University, Connecticut College, **Marywood University**, Arizona State University, nonché collaborazioni anche con l'Università degli Studi di Firenze.

La collaborazione con Marywood University si è rivelata negli anni tra le più solide e importanti. Già nel 2011 era stato sottoscritto, infatti, un "*Memorandum of Agreement*" tra le parti, qualificabile come contratto quadro con cui esse disciplinavano le reciproche obbligazioni nella gestione di un programma di studi in materia di architettura a cui gli studenti di Marywood partecipavano attivamente in quanto esperienza di "*Study Abroad*" del proprio percorso accademico. Nel 2015, veniva concluso un nuovo "*Memorandum of Understanding*" (**All. 5 – Memorandum of Understanding**), d'ora in avanti "MoU", con il quale le parti delineavano il perimetro della propria collaborazione, secondo cui, a titolo di esempio, ISI si obbligava ac organizzare un programma di studio comprensivo di tutti gli elementi necessari, tra cui il personale docente ed i locali, mentre Marywood si obbligava – *ex multis* – a selezionare gli studenti in base a criteri condivisi, a raccogliere le tasse di iscrizione sulla base delle quali corrispondere poi un compenso ad ISI (**All. 6 – Esempi di fatture ISI-Marywood**) ed a promuovere il programma. Nel 2022, le parti sottoscrivevano un ulteriore contratto di consorzio (**All. 7 - Consortium Agreement**), qualificato come "*Addendum*" del MoU, con cui disciplinavano le specifiche modalità di registrazione e valutazione degli studenti, nonché aspetti finanziari delle iscrizioni. Peraltro tale tipologia di contratto è necessaria in base al regolamento del *U.S. Department of Education* affinché gli studenti iscritti a programmi di studio realizzati da università americane e scuole di formazione all'estero possano accedere a strumenti di supporto finanziario.

Il rapporto tra Marywood e ISI nel tempo è quindi divenuto particolarmente florido, tanto da risultare uno dei più importanti per la seconda da un punto di vista organizzativo e finanziario. Marywood, infatti, invia ora circa 40 studenti per "*Semestre*" ad un costo di circa $15.595,00 ciascuno (per un totale di

$623.800,00/semestre). La tariffa applicata agli studenti di Marywood è peraltro particolarmente vantaggiosa rispetto a quella invece prevista per gli iscritti di altre Università (circa $20.995,00/studente), a riprova del trattamento preferenziale garantito a Marywood. Negli anni il rapporto tra le parti si è rafforzato sensibilmente, con un flusso costante di studenti da parte di Marywood, per cui ISI ha stipulato i già menzionati contratti di locazione volti non solo ad ampliare gli spazi dedicati alla didattica, ma anche ad incrementare gli alloggi offerti agli iscritti. Sono stati predisposti locali appositi per il corso di architettura rivolto agli studenti di Marywood, con sale attrezzate con strumentazioni di ultima generazione presso Palazzo Bargagli (in Corso dei Tintori) e sono state effettuate assunzioni di personale amministrativo e docente per sopperire alle esigenze organizzative e didattiche. La collaborazione ha quindi negli anni garantito un flusso stabile di studenti, comportando importanti investimenti da parte di ISI, sia in termini di capitale che di risorse. Marywood ha inoltre più volte riferito di avere intenzione non solo di ampliare i programmi attivi presso ISI, ma anche di rendere il percorso a Firenze presso ISI addirittura obbligatorio per tutti i propri iscritti (All. 8 - **Promozione di ISI sulle piattaforme Marywood | All. 9 - Corrispondenza con Marywood**), generando così nell'Istituto il legittimo affidamento sulla proficua continuazione della relazione ormai decennale.

## 3. L'improvvisa interruzione del rapporto da parte di Marywood e la concorrenza sleale.

Inaspettatamente, il 19 marzo 2026 il Presidente di ISI Abroad Daniel Joseph Tartaglia veniva informato in videoconferenza dal Preside di Marywood Prof. James Eckler della volontà di quest'ultima di interrompere la collaborazione improvvisamente, al fine di avviare in autonomia un proprio programma di studi a Firenze (All. 10 - **Notizia web Marywood**). Il personale di ISI veniva peraltro a conoscenza del fatto che gli studenti di Marywood già iscritti al semestre "*Fall 2026*" erano stati invitati dalla propria università ad annullare l'iscrizione per registrarsi invece al nuovo programma (All. 11 - **Elenco studenti iscritti**). Nel momento in cui agli studenti è stato chiesto di annullare o modificare la propria iscrizione, ISI Florence aveva già sostenuto notevoli spese operative, accademiche, relative al personale, agli alloggi e amministrative connesse ai semestri Fall 2026 e Spring 2027. Un numero consistente di studenti aveva già completato alcune fasi del processo di

iscrizione, tra cui l'iscrizione al corso di studi, la pianificazione accademica e l'assegnazione dell'alloggio.

Per di più, ISI scopriva che uno dei docenti di più vecchia data del programma a Firenze, Prof. Franco Pisani, incaricato di svolgere corsi di Architettura e Storia del design (All. 12 - Contratto Franco Pisani), era stato invitato da Marywood ad abbandonare la collaborazione con ISI per passare al nuovo e concorrente programma, di cui avrebbe avuto la direzione.

Di fronte a tale improvviso atteggiamento, il Dott. Tartaglia scriveva una lettera (All. 13 - Lettera del 09.04.2026) diretta alla Presidente di Marywood Lisa A. Lori in data 09.04.2026 dai toni concilianti e decisamente aperti al dialogo, a cui il giorno dopo giungeva in risposta una missiva (All. 14 - Lettera del 10.04.2026) a firma della General Counsel Mary Theresa Paterson di totale contestazione.

ISI era quindi costretta a rivolgersi allo Studio Legale Mastellone per ottenere adeguata tutela dei propri diritti e tentare di trovare rimedi ad un danno di estrema rilevanza e di carattere non esclusivamente economico. Ad inizio maggio 2026, veniva spedita una lettera di risposta in cui la posizione di ISI veniva debitamente chiarita (All. 15 - Lettera del 04.05.2026).

Ad oggi, nessun riscontro è giunto da Marywood, mentre ISI continua a sostenere il peso economico e organizzativo di una complicata struttura accademica fondata su una collaborazione lunga quindi anni improvvisamente venuta meno.

Il comportamento di Marywood non sembra costituire una semplice risoluzione contrattuale, bensì una transizione coordinata e strategicamente pianificata, in cui Marywood è passata dall'essere un partner istituzionale di lunga data a divenire un concorrente diretto, continuando al contempo a beneficiare dell'infrastruttura accademica, della rete professionale, del know-how operativo e dell'avviamento consolidato di ISI Firenze. In particolare, l'assunzione del Prof. Franco Pisani, il dirottamento di studenti già iscritti e la preparazione di un programma concorrente a Firenze prima di qualsiasi regolare preavviso previsto dal contratto suggeriscono fortemente una deliberata strategia volta ad appropriarsi dei benefici di una collaborazione lunga 15 anni, trasferendo al contempo il programma sotto il controllo diretto di Marywood.

## APPROFONDIMENTO DELE RAGIONI DELLA PRETESA

### 4. Il grave inadempimento di Marywood e la distorta interpretazione del MoU.

ISI Florence ha collaborato strettamente con Marywood University per quindici anni, offrendo percorsi di alta formazione accademica in ambienti prestigiosi e realizzando a tal fine una **struttura organizzativa e professionale di elevata complessità**. Tale attività, che rappresenta l'oggetto sociale stesso di ISI, è stata evidentemente svolta sull'affidamento, in totale buona fede, da parte della prima nei confronti dell'università statunitense, che negli anni non ha mancato di rafforzare tale affidamento intrecciando un rapporto di durata solido e di mutuale rispetto.

**Per tali motivi, è evidente la gravità dell'inadempimento di Marywood**, che senza alcun preavviso e disconoscendo completamente le previsioni contrattuali del MoU in materia di recesso, si è limitata ad anticipare sommariamente a ISI la propria volontà di interrompere una collaborazione storica senza alcun adeguato preavviso, anzi nel bel mezzo delle attività accademiche, peraltro affidandosi – in evidente mala fede – ai collaboratori più importanti di ISI per creare un programma concorrente.

Come riportato nella lettera di risposta del 10.04.2026 a firma del General Counsel di Marywood, si sosterrebbe invece la validità del preavviso, che per giunta mai è stato inviato né chiaramente né in forma scritta, di soli trenta giorni come previsto dal contratto di consorzio (cfr. art. "D – *Termination*" del contratto di consorzio). Quest'ultimo, per quanto applicabile al rapporto in esame, non è che un Addendum del più ampio MoU, come già spiegato. Ben più correttamente, quindi, **Marywood avrebbe dovuto fornire un preavviso chiaro e in forma scritta almeno nove mesi prima dell'avvio del successivo semestre** (cfr. art. 59 MoU), dando così tempo a sufficienza a ISI per riorganizzare le future attività e ridirezionare le proprie risorse adeguatamente.

A niente inoltre varrebbe il riferimento di Marywood alla discrezionalità dell'invio di studenti prevista dall'art. 46 del MoU (che stavolta è invece convenientemente considerato dirimente dall'università), dato che tale previsione deve essere rigorosamente bilanciata con il legittimo affidamento di ISI nonché con il già menzionato preavviso, considerando anche che questa tipologia di programma accademico comporta comprensibilmente un elevatissimo sforzo

organizzativo ed economico per l'istituzione ospitante. Appare inoltre evidente che la discrezionalità si riferisce alle qualità dello studente ed alle sue attitudini allo studio delle materie trattate da ISI e non può essere riferita né alla struttura di ISI né ad un potere totalmente discrezionale di Marywood.

La distrazione degli studenti già iscritti al semestre *Fall 2026* rappresenta una ulteriore dimostrazione della inaspettata mala fede dell'università, che ha quindi operato in modalità interamente difforme rispetto agli accordi contrattuali, trascurando un rapporto collaborativo di quindici anni di durata e sinora di particolare successo, rischiando di minare le fondamenta dell'intera attività accademica di ISI Florence.

Inoltre, l'affermazione contenuta nella lettera della General Counsel riguardo all'impossibilità di raggiungere nuovi accordi finanziari è in contrasto con la prassi consolidata tra le parti e con i loro rapporti commerciali di lunga data, dato che ISI non ha mai negato trattamenti preferenziali a Marywood, tanto meno durante le più recenti discussioni con il prof. Eckler.

## 5. Il danno economico e strutturale subito e subendo da ISI Florence.

A causa della mancata osservanza del dovuto preavviso, che avrebbe consentito ad ISI di disporre di tempo sufficiente per pianificare di conseguenza e operare per due semestri (un intero anno accademico nell'istruzione superiore statunitense) prima che la risoluzione entrasse in vigore, i danni subiti da ISI Firenze includono, a titolo esemplificativo ma non esaustivo: (i) la perdita dei ricavi netti previsti dai programmi; (ii) le spese sostenute in previsione del proseguimento delle attività dei programmi; (iii) obblighi relativi a locazioni e strutture assunti specificamente per le operazioni relative a Marywood; (iv) spese per il personale e la ristrutturazione; (v) danno alla reputazione e alle relazioni istituzionale; (vi) interruzione operativa e costi di riassegnazione del personale; e (vii) perdita di posizionamento accademico strategico e di continuità nel mercato dei programmi di studio all'estero a Firenze.

In tal senso, il danno economico e strutturale che quest'ultima patirebbe qualora la controversia non fosse prontamente risolta potrebbe risultare irrimediabilmente rovinoso. In particolare, ISI aveva già provveduto a organizzare in modo capillare i semestri previsti per l'autunno 2026 e la primavera 2027, ma ora si ritrova completamente priva di questi studenti. Data la natura specialistica dei

programmi di architettura, dell'organico e dell'assegnazione delle strutture, non è stato ragionevolmente possibile garantire iscrizioni sostitutive equivalenti entro i tempi imposti dall'improvviso comportamento di Marywood. In tal senso, erano previste entrate dal programma relative alle iscrizioni interessate di US$ 623.800,00 per ciascun semestre (quaranta studenti), per un totale di circa US$ 1.247.600,00 – ora perdute. A ciò si aggiungono i canoni dei contratti di locazione summenzionati, con particolare riferimento alle unità in Via Romana che sarebbero state occupate al 90% da studenti Marywood (capacità massima di 45 studenti), con un costo annuo di Euro 425.000,00 - nonché la struttura in Corso dei Tintori, per cui è prevista una spesa annua di circa Euro 150.000,00 oltre IVA, senza contare le spese di locazione per Palazzo Barbagli, locato su due piani prevalentemente per soddisfare l'accoglienza degli studenti Marywood, per cui ISI sostiene due canoni per un totale annuo di Euro 187.000,00. In merito al personale, una parte di esso era interamente dedicato a Marywood nel corso di entrambi i semestri, con una spesa per dipendenti e infrastrutture pari a circa Euro 279.000,00. ISI occupa, infatti, un totale di ventitré dipendenti amministrativi nel corso dell'intero anno, un dipendente e due collaboratori interamente dedicati al programma accademico Marywood e un corpo docente generale di circa trentasette insegnanti nel semestre autunnale e quarantaquattro nel semestre primaverile. A tali valori debbono aggiungersi i costi delle necessarie operazioni di riallocazione del personale, riprogrammazione delle attività e adeguamenti operativi qualora Marywood non ritrattasse la propria posizione, che al momento è possibile solo quantificare indicativamente in alcune centinaia di migliaia di dollari. Ciò senza considerare il peso economico e finanziario del venir meno di una componente così significativa della compagine studentesca, nonché l'evidente rischio di sottrazione di *know-how* strutturale a seguito della collaborazione intrapresa da Marywood direttamente con il Prof. Franco Pisani. Infine, a causa della perdita improvvisa e non coordinata di una relazione accademica ed economica di tale portata, ISI Florence subirà (e già subisce) inevitabilmente pregiudizi d'immagine di estrema rilevanza. Il danno economico, ancora in fase di esatta quantificazione per la natura stessa della vicenda, è quindi ben superiore ad Euro 2.000.000,00. ISI Florence è ora tenuta ad adottare tutte le misure di mitigazione commercialmente ragionevoli, compresi tentativi di mantenere le iscrizioni degli studenti,

riorganizzare l'assegnazione degli alloggi, ridistribuire le risorse di personale, individuare partnership istituzionali sostitutive e ridurre l'esposizione operativa ove ragionevolmente possibile. Tuttavia, a causa della tempistica improvvisa e della natura del comportamento di Marywood, la possibilità di attuare misure di mitigazione significative prima dell'inizio del semestre autunnale 2026 è fortemente limitata.

In ogni caso, il comportamento come sopra evidenziato di Marywood, ossia mirato ad un passaggio repentino da collaboratrice a concorrente diretta, anche con appropriazione di personale docente, viola il principio del c.d. *neminem laedere* canonizzato nell'ordinamento italiano all'art. 2043 c.c.

### 6. Brevi considerazioni in tema di foro giurisdizionalmente competente.

Il baricentro del rapporto contrattuale era rappresentato da Firenze, in Italia, dove venivano fisicamente prestati i servizi accademici, dove venivano organizzate le attività didattiche e le operazioni relative all'alloggio, dove erano ubicati il personale e le infrastrutture didattiche di riferimento e dove si manifesterebbe concretamente il danno economico e concorrenziale. L'esperienza formativa offerta a Firenze costituiva l'oggetto essenziale della collaborazione tra le parti.

Elencato, pur sommariamente, il pregiudizio subito e subendo da parte di ISI, occorre brevemente riportare alcune necessarie considerazioni in tema di giurisdizione. I due enti hanno, infatti, entrambi sede principale negli Stati Uniti, ma ISI, lo si ricorda, ha una sede secondaria a Firenze presso cui sono prestati interamente i servizi accademici offerti agli studenti Marywood. Inoltre, il MoU non prevede una scelta di foro competente. Occorre quindi fare riferimento al **Regolamento UE n. 1215/2012 – c.d. Bruxelles 1-bis** in materia di giurisdizione (peraltro ormai per giurisprudenza pacifica applicabile anche nei confronti di parti non residenti in Stati membri UE), che all'art. 7 co. 1 lett. b) privilegia il luogo della prestazione dei servizi con applicazione estensiva. La rilevanza del luogo della prestazione dei servizi, per un percorso accademico che ha nel suo oggetto principale proprio l'esperienza di studio in Italia, non può che essere dirimente.

## 7. Il procedimento cautelare ex art. 700 c.p.c. e la mediazione obbligatoria.

A tal proposito si precisa che è intenzione di ISI, in mancanza di accordo in sede di mediazione, agire con un procedimento cautelare d'urgenza ex art. 700 c.p.c. per tutelare la propria posizione ed impedire che Marywood prosegua le proprie attività a Firenze in costanza di un grave inadempimento contrattuale. Il procedimento d'urgenza è peraltro in linea con il citato Regolamento Bruxelles 1-bis, che fa salvi i procedimenti d'urgenza all'art. 35. Alla luce dell'inaspettata intenzione di Marywood di attivare un corso di architettura autonomo proprio a Firenze, sottraendo non solo gli iscritti a ISI, ma addirittura il personale docente di vecchia data, l'unico strumento disponibile è chiaramente quello del procedimento cautelare. ISI si trova dinanzi, infatti, non solo ad un evidente inadempimento del contratto che disciplina il rapporto tra le parti, dato che il preavviso necessario non è stato affatto rispettato, ma anche ad una evidente azione mirata a danneggiare la sua decennale attività sfruttandone le conoscenze e il network professionale. Il pregiudizio che minaccia l'International Studies Institute è, dunque, sia imminente che irreparabile e, anche in base a quanto sinora esposto, esso appare più che fondato.

In ogni caso, ISI Florence si riserva espressamente il diritto di richiedere la conservazione e la divulgazione di tutte le comunicazioni, le iniziative di reclutamento del personale, i materiali di pianificazione, i documenti operativi, la corrispondenza con gli studenti, i materiali di marketing e i registri interni relativi alla creazione, alla promozione e all'attuazione del programma concorrente di Marywood a Firenze, comprese le comunicazioni che coinvolgono personale attuale o ex affiliato a ISI.

Al tentativo di interrompere l'indebita attività di Marywood e di far rispettare le previsioni contrattuali, deve accompagnarsi comunque anche il tentativo di mediazione.

Proprio con riferimento al procedimento di mediazione che si intende avviare con la presente domanda, si precisa nuovamente che tra le parti è di fatto in essere un consorzio, che rientra quindi tra le materie per cui è prevista la mediazione obbligatoria ex lege ai sensi dell'art. 5 co. 1 D.Lgs. 28/2010. In ogni caso e al di là dello stretto dettato della norma, proprio alla luce del rapporto di durata oggetto della pretesa e della qualità della relazione sinora mantenuta,

l'assistenza di un mediatore terzo e imparziale rappresenta una preziosa opportunità per cercare non solo di ristabilire il dialogo, ora interrotto. ma anche di individuare un terreno comune per salvaguardare la validissima architettura didattica realizzata da ISI, la cui perdita danneggerebbe, non da ultimo, anche centinaia di studenti.

Elenco atti e documenti:

1) Contratto di locazione Corso dei Tintori n. 29;

2) Contratto di locazione Via Romana n. 61;

3) Contratto di locazione Lungarno delle Grazie n. 22 primo piano;

4) Contratto di locazione Lungarno delle Grazie n. 22 secondo piano;

5) Memorandum of Understanding (con copia di cortesia tradotta in italiano);

6) Esempi di fatture ISI-Marywood;

7) Consortium Agreement (con copia di cortesia tradotta in italiano);

8) Promozione di ISI sulle piattaforme Marywood;

9) Corrispondenza con Marywood;

10) Notizia web Marywood;

11) Lista di studenti iscritti;

12) Contratto Franco Pisani;

13) Lettera del 09.04.2026 (con copia di cortesia tradotta in italiano);

14) Lettera del 10.04.2026 (con copia di cortesia tradotta in italiano);

15) Lettera del 04.05.2026 (con copia di cortesia tradotta in italiano).

Firenze, lì

CARLO UGO
MASTELLONE
AVVOCATO
11.05.2024 16:15:46
GMT+01:00

Avv. Carlo Ugo Mastellone

**STUDIO LEGALE**

Avv. CARLO MASTELLONE

VIA L.S. CHERUBINI, 13
50121 FLORENCE
TEL. 055 4620040    FAX 055 475854
Email: info@studiomastellone.it

# CONCILIATION BODY
# OF FLORENCE

## Memorandum detailing the facts in dispute and the grounds of

## the claimant

### THE INTERNATIONAL STUDIES INSTITUTE, LLC,

#### in the mediation proceedings brought against

### MARYWOOD UNIVERSITY

## Summary

1. The activities of the International Studies Institute – The Florence Abroad programme. ...............................................................................................1

2. The long-standing collaboration with Marywood University. .... ..................3

3. The sudden termination of the relationship by Marywood and unfair competition.................................................................................................4

4. Marywood's serious breach of contract and distorted interpretation of the MoU. ........................................................................................................6

5. The economic and structural damage suffered and continuing to be suffered by ISI Florence. ........................................................................................7

6. Brief considerations regarding jurisdiction of the courts. ...........................9

7. The interim proceedings under Article 700 of the Italian Code of Civil Procedure and mandatory mediation.............................................................9

## DETAILED EXAMINATION OF THE FACTS IN DISPUTE

### 1. The activities of the International Studies Institute – The Florence Abroad programme.

International Studies Institute, LLC (hereinafter "ISI" and "ISI Florence") is a legal entity incorporated and existing under the laws of the State of

Delaware, with its registered office at The Green Street A 8, Kent County, Delaware-Dover (USA), and a branch office at Via della Vigna Nuova 18, Florence, 50123, and a further local office at Piazza IV Novembre no. 23, Perugia, 06123. ISI's activities in Florence focus on organising university-level advanced training courses in Florence, reserved for students enrolled at foreign universities (primarily US institutions) in the fields of *Fine and Studio Arts*, Art History, Architecture, Nutrition and Sustainability, Italian Language and Culture, History, Literature, Philosophy, International Business, Political Science, etc.

The courses are mainly divided into semesters lasting fifteen weeks, running from January to the end of April (the "*Spring Semester*") and from the end of August to December (the "*Fall Semester*"); these constitute the Institute's main academic offerings, and the Institute manages the majority of its activities, resources and staff accordingly. The course of study undertaken at ISI Florence by students from partner universities is included in their home academic curriculum with the award of credits (*e.g.* 15 to 18 credits for the spring and autumn semesters) that count towards their degree at their home US universities. To maintain a high standard of teaching that meets the parameters and standards of US universities, ISI selects highly professional and competent teaching staff holding prestigious qualifications awarded in the United States, Australia and Europe. It should be noted that enrolment at ISI is reserved solely for students who have successfully completed two semesters or more of their studies at accredited colleges and universities, with a minimum GPA (Grade Point Average) of 2.75. Furthermore, in order to facilitate the stay of enrolled students, ISI provides them with accommodation in the historic centre of Florence, for which specific tenancy agreements are drawn up (*i.e.* a section of a building complex at Corso dei Tintori 29, nine flats at Via Romana 61 and one flat at Via del Ronco 14). Teaching activities, on the other hand, take place on the first and second floors of "Palazzo Bargagli", at Lungarno delle Grazie 22, for which a further lease agreement is in place (Annexes 1–4 – Lease Agreements), as well as at Palazzo Rucellai, at Via delle Vigna Nuova 18. From the above, it is already clear that ISI offers a high standard of education, as well as a complex organisational and academic structure, which has been developed and expanded over the years, becoming a point of reference for numerous study abroad programmes run by renowned US universities.

## 2. The long-standing partnership with Marywood University.

Since it first began operating in Florence, ISI has proved to be an important partner for many higher education institutions, so much so that as early as 2005 it founded the *'Consortium for Public* Universities' with the participation of institutions such as Pennsylvania State University, the University of Connecticut, the University of Virginia, the University of Maryland and the University of Melbourne (Australia). ISI Florence also has affiliations with other institutions, including Roger Williams University, Rutgers University, Connecticut College, **Marywood University**, Arizona State University, as well as partnerships with the University of Florence.

The partnership with Marywood University has proved to be one of the most solid and significant over the years. In fact, as early as 2011, a *"Memorandum of* Agreement" was signed between the parties, which can be described as a framework agreement governing their mutual obligations in the management of an architecture programme in which Marywood students actively participated as part of a *"Study Abroad"* experience within their academic programme. In **2015**, a new *"Memorandum of* Understanding" (**Annex 5 – Memorandum of Understanding**), hereinafter "MoU", was concluded, whereby the parties outlined the scope of their collaboration; for example, ISI undertook to organise a study programme comprising all necessary elements, including teaching staff and premises, whilst Marywood undertook – *among other things* - to select students on the basis of agreed criteria, to collect tuition fees on the basis of which it would then pay a fee to ISI (**Annex 6 – Examples of ISI-Marywood invoices**) and to promote the programme. In 2022, the parties signed a further consortium agreement (**Annex 7 – Consortium Agreement**), classified as an "Addendum" to the aforementioned MoU, which governed the specific procedures for student registration and assessment, as well as the financial aspects of enrolment. Furthermore, this type of contract is required under the regulations of the *U.S. Department of Education* to ensure that students enrolled in study programmes run by American universities and training schools abroad can access financial support schemes.

The relationship between Marywood and ISI has therefore flourished over time, to the extent that it has become one of the most important partnerships for ISI from an organisational and financial perspective. Marywood, in fact, now sends around 40 students per semester at a cost of approximately $15,595.00 each [1]

(totalling $623,800.00 per semester). The fee charged to Marywood students is, moreover, particularly advantageous compared to that charged to students from other universities (approximately $20,995.00 per student), confirming the preferential treatment granted to Marywood. Over the years, the relationship between the parties has strengthened significantly, with a steady flow of students from Marywood, prompting ISI to enter into the aforementioned lease agreements aimed not only at expanding the spaces dedicated to teaching but also at increasing the accommodation offered to students. Dedicated facilities have been set up for the architecture course for Marywood students, with rooms equipped with state-of-the-art equipment at Palazzo Bargagli (in Corso dei Tintori), and administrative and teaching staff have been recruited to meet organisational and teaching requirements. Over the years, this collaboration has therefore ensured a steady flow of students, entailing significant investment by ISI, both in terms of capital and resources. Marywood has also repeatedly stated its intention not only to expand the programmes offered at ISI, but also to make the course in Florence at ISI compulsory for all its students (Annex 8 - Promotion of ISI on Marywood platforms | Annex 9 - Correspondence with Marywood), thereby generating within the Institute a legitimate expectation that the now decade-long relationship would continue fruitfully.

## 3. The sudden termination of the relationship by Marywood and unfair competition.

Unexpectedly, on 19 March 2026, the President of ISI Abroad, Daniel Joseph Tartaglia, was informed via videoconference by the Dean of Marywood, Prof. James Eckler, of the latter's intention to terminate the collaboration abruptly, in order to launch its own independent study programme in Florence (Annex 10 – Marywood web news). ISI staff also became aware that Marywood students already enrolled for the "*Fall 2026*" semester had been invited by their university to cancel their enrolment and register for the new programme instead (Annex 11 – List of enrolled students). At the time students were invited to cancel or redirect their enrolment, ISI Florence had already incurred significant operational, academic, staffing, housing, and administrative costs associated with the Fall 2026 and Spring 2027 semesters. A substantial number of students had already completed portions of the enrolment process, including programme registration, academic planning, and housing allocation.

Furthermore, ISI discovered that one of the programme's longest-serving lecturers in Florence, Prof. Franco Pisani, who was responsible for teaching courses in Architecture and History of Design (**Annex 12 – Franco Pisani Contract**), had been invited by Marywood to abandon the collaboration with ISI and move to the new, competing programme, which he was to head.

Faced with this sudden turn of events, Mr. Tartaglia wrote a letter (**Annex 13 - Letter dated 9 April 2026**) addressed to the President of Marywood, Lisa A. Lori, on 09.04.2026, in a conciliatory tone and clearly open to dialogue, to which a reply arrived the following day (**Annex 14 - Letter dated 10 April 2026**) signed by General Counsel Mary Theresa Paterson, which was entirely dismissive.

ISI was therefore compelled to engage the services of Studio Legale Mastellone to secure adequate protection of its rights and to seek redress for damage of a significant nature, which was not exclusively financial. In early May 2026, a reply was sent in which ISI's position was duly clarified (**Annex 15 – Letter dated 4 May 2026**).

To date, no response has been received from Marywood, whilst ISI continues to bear the financial and organisational burden of a complex academic structure founded on a 15-year-long collaboration that has suddenly come to an end.

Marywood's conduct appears not to constitute a mere contractual termination, but rather a coordinated and strategically planned transition whereby Marywood shifted from longstanding institutional partner to direct competitor while continuing to benefit from ISI Florence's academic infrastructure, professional network, operational know-how, and long-established goodwill. In particular, the recruitment of Prof. Franco Pisani, the diversion of already-enrolled students, and the preparation of a competing Florence programme prior to any proper contractual notice strongly suggest a deliberate strategy aimed at appropriating the benefits of a 15-year-long collaboration whilst transferring the programme internally to Marywood's direct control.

## DETAILED EXPLANATION OF THE GROUNDS FOR THE CLAIM

### 4. Marywood's serious breach of contract and distorted interpretation of the MoU.

ISI Florence has worked closely with Marywood University for 15 years, offering advanced academic programmes in prestigious settings and establishing, for this purpose, a highly complex organisational and professional structure. This activity, which constitutes the very corporate purpose of ISI, was evidently carried out on the basis of trust, in total good faith, on the part of the former towards the US university, which over the years did not fail to reinforce that trust by forging a lasting relationship of mutual respect.

For these reasons, the seriousness of Marywood's breach is evident: without any prior notice and completely disregarding the contractual provisions of the MoU regarding termination, it merely summarily informed ISI of its intention to terminate a long-standing collaboration without any adequate notice, indeed in the middle of the academic term, whilst relying – in clear bad faith – on ISI's most important staff members to create a competing programme.

As stated in the reply letter dated 10 April 2026 signed by Marywood's General Counsel, the validity of the notice period – which, moreover, was never sent either clearly or in writing – of just thirty days, as provided for in the consortium agreement (see Article "D – Termination" of the consortium agreement), is instead asserted. The latter, insofar as it applies to the relationship in question, is merely an Addendum to the broader MoU, as already explained. **Marywood should have provided a clear written notice at least nine months before the start of the following semester** (see Article 59 of the MoU), thus giving ISI sufficient time to reorganise its future activities and redirect its resources appropriately.

Furthermore, Marywood's reference to the discretion regarding the sending of students provided for in Article 46 of the MoU (which on this occasion is, however, conveniently regarded by the university as decisive) is of no avail, given that this provision must be strictly balanced against ISI's legitimate expectations as well as the aforementioned notice period, bearing in mind also that this type of academic programme understandably entails a very high organisational and financial burden for the host institution. It is also clear that the discretion refers to the student's qualities and aptitude for studying the subjects covered

by ISI and cannot be attributed neither to ISI's structure nor to Marywood's entirely discretionary power.

The diversion of students already enrolled for the *Fall 2026* semester represents further evidence of the university's unexpected bad faith, which has thus operated in a manner entirely at odds with the contractual agreements, disregarding a collaborative relationship spanning over 15 years and hitherto particularly successful, thereby risking undermining the foundations of ISI Florence's entire academic activity.

Furthermore, the statement in the General Counsel's letter regarding the impossibility of reaching new financial agreements is inconsistent with the parties' longstanding course of dealing and historical commercial relationship, given that ISI has never denied granting preferential treatment to Marywood, least of all during the most recent discussions with Prof. Eckler.

### 5. The financial and structural damage suffered and currently being suffered by ISI Florence.

As a result of ignoring the required proper advance notice, which would have allowed ISI ample time to plan accordingly and operate two semesters (a full academic year in US higher education) prior to termination being in effect, the damages suffered by ISI Florence include, without limitation: (i) loss of expected net programme revenue; (ii) reliance-based expenditures incurred in anticipation of continued programme operations; (iii) dedicated lease and facility obligations undertaken specifically for Marywood-related operations; (iv) staffing and restructuring expenses; (v) reputational and institutional goodwill damage; (vi) operational disruption and redeployment costs; and (vii) loss of strategic academic positioning and continuity within the Florence study-abroad market.

In this regard, the financial and structural damage that the latter would suffer if the dispute were not promptly resolved could prove irreparably devastating. In particular, ISI has already made extensive arrangements for the expected Autumn 2026 and Spring 2027 semesters, now find themselves completely devoid of these students. Due to the specialised nature of architecture programming, staffing, and facilities allocation, equivalent replacement enrolments could not reasonably be secured within the timeframe imposed by Marywood's abrupt conduct. In this regard, a **projected programme revenue associated with the**

affected enrolments of US$ 623,800.00 was expected for each semester (forty students), amounting to a total of approximately US$ 1,247,600.00 – now lost. Added to this are the rents for the aforementioned lease agreements, with particular reference to the units in Via Romana, which would have been 90% occupied by Marywood students (maximum capacity of 45 students), at an annual cost of EUR 425,000.00 - as well as the premises in Corso dei Tintori, for which an annual expenditure of approximately EUR 150,000.00 plus VAT is anticipated, not including the rental costs for Palazzo Bargagli, a two-storey building leased primarily to accommodate Marywood students, for which ISI pays two rents totalling EUR 187,000.00 per year. With regard to staff, a portion of the workforce was entirely dedicated to Marywood throughout both semesters, with expenditure on staff and infrastructure amounting to approximately EUR 279,000.00. ISI employs a total of twenty-three administrative staff throughout the year, one staff member and two support staff entirely dedicated to the Marywood academic programme, and a teaching staff of approximately thirty-seven lecturers in the autumn semester and forty-four in the spring semester. To these figures must be added the costs of the necessary staff redeployment, rescheduling of activities and operational adjustments should Marywood not reconsider its position, which at present can only be estimated at several hundred thousand dollars. This is without considering the economic and financial burden of losing such a significant component of the student body, as well as the clear risk of a loss of structural *know-how* following the collaboration undertaken by Marywood directly with Prof. Franco Pisani. Finally, due to the sudden and uncoordinated loss of an academic and economic relationship of such magnitude, ISI Florence will inevitably suffer (and is already suffering) extremely significant reputational damage. The economic loss, which is still being precisely quantified due to the very nature of the matter, is therefore well in excess of EUR 2,000,000.00.

ISI Florence is now required to undertake all commercially reasonable mitigation efforts, including attempts to preserve student enrolments, restructure housing allocations, reassign staffing resources, identify replacement institutional partnerships, and reduce operational exposure where reasonably possible. However, due to the abrupt timing and nature of Marywood's conduct, meaningful mitigation prior to the commencement of the Fall 2026 semester

remains severely constrained.

In any event, Marywood's conduct, as outlined above—namely, its attempt to make a sudden transition from partner to direct competitor, including the poaching of teaching staff—breaches the principle of the so called *neminem laedere*, which is codified in Italian law under Article 2043 of the Civil Code.

## 6. Brief considerations regarding jurisdiction of the courts.

The centre of gravity of the contractual relationship was Florence, Italy, where the academic services were physically rendered, where teaching activities and housing operations were organised, where the relevant staff and educational infrastructure were located, and where the alleged economic and competitive harm materially manifested. The educational experience provided in Florence constituted the essential object of the parties' collaboration.

Having outlined, albeit briefly, the damage suffered and currently being suffered by ISI, it is necessary to briefly set out some essential considerations regarding jurisdiction. Both entities, in fact, have their principal place of business in the United States, but ISI, it should be noted, has a secondary office in Florence where all the academic services offered to Marywood students are provided. Furthermore, the MoU does not provide for a choice of competent court. Reference must therefore be made to **EU Regulation No 1215/2012** – the so-called **Brussels I** - Regulation on jurisdiction (which, moreover, according to settled case law, is now also applicable to parties not resident in EU Member States) – specifically Article 7(1)(b), which gives priority to the place where the services are provided, with broad application. The relevance of the place where the services are provided, for an academic programme whose primary purpose is precisely the experience of studying in Italy, can only be decisive.

## 7. The interim relief proceedings under Article 700 of the Italian Code of Civil Procedure and mandatory mediation.

In this regard, it is noted that, in the absence of an agreement resulting from mediation, ISI intends to initiate urgent interim proceedings under Article 700 of the Italian Code of Civil Procedure to protect its position and prevent Marywood from continuing its activities in Florence whilst in serious breach of contract. The urgent proceedings are, moreover, in line with the afore-

mentioned Brussels I bis Regulation, which preserves the right to urgent proceedings under Article 35. In light of Marywood's unexpected intention to launch an independent architecture course in Florence, thereby poaching not only ISI's enrolled students but even its long-serving teaching staff, the only available remedy is clearly that of interim relief proceedings. ISI is, in fact, faced not only with a clear breach of the contract governing the relationship between the parties, given that the required notice period was not observed at all, but also with a clear action aimed at damaging its decade-long activity by exploiting its knowledge and professional network. The harm threatening the International Studies Institute is, therefore, both imminent and irreparable and, based on the above, appears to be more than well founded on the merits.

ISI Florence expressly reserves the right to seek preservation and disclosure of all communications, recruitment efforts, planning materials, operational documents, student correspondence, marketing materials, and internal records relating to the creation, promotion, and implementation of Marywood's competing Florence programme, including communications involving current or former ISI-affiliated personnel.

In any event, ISI Florence expressly reserves the right to seek preservation and disclosure of all communications, recruitment efforts, planning materials, operational documents, student correspondence, marketing materials, and internal records relating to the creation, promotion, and implementation of Marywood's competing Florence programme, including communications involving current or former ISI-affiliated personnel.

Any attempt to put a stop to Marywood's unauthorised activities and to ensure that it complies with the contractual provisions must, however, be accompanied by an attempt at mediation.

With specific reference to the mediation proceedings to be initiated by this application, it is reiterated that a consortium is in fact in place between the parties, which therefore falls within the scope of matters for which mandatory mediation is provided for by law pursuant to Article 5(1) of Legislative Decree 28/2010. In any event, and beyond the strict letter of the law, precisely in light of the long-standing relationship at the heart of the claim and the nature of the relationship maintained to date, the assistance of an impartial third-party mediator represents a valuable opportunity not only to seek to re-establish the now-

interrupted dialogue, but also to identify common ground to safeguard the highly effective educational framework established by ISI, the loss of which would, not least, also harm hundreds of students.

List of documents:

1) Lease agreement Corso dei Tintori no. 29;

2) Lease agreement Via Romana no. 61;

3) Lease agreement Lungarno delle Grazie no. 22 first floor;

4) Lease agreement Lungarno delle Grazie no. 22 second floor;

5) Memorandum of Understanding (with courtesy Italian translation);

6) Examples of ISI-Marywood invoices;

7) Consortium Agreement (with courtesy Italian translation);

8) Promotion of ISI on Marywood platforms;

9) Correspondence with Marywood;

10) Marywood web news;

11) List of enrolled students;

12) Franco Pisani Contract;

13) Letter dated 9 April 2026 (with courtesy Italian translation);

14) Letter dated 10 April 2026 (with courtesy Italian translation);

15) Letter dated 4 May 2026 (with courtesy Italian translation).

Florence,

Carlo Ugo Mastellone, Attorney



**OCF**
ORGANISMO
DI CONCILIAZIONE
DI FIRENZE

*N. 37 del Registro degli organismi di mediazione*

## RISPOSTA ALLA DOMANDA DI MEDIAZIONE

per le cd. "materie obbligatorie", per le mediazioni delegate dal giudice e per clausola contrattuale

*SEZIONE 1 – PARTI[1]*

Cognome/Nome/Ragione sociale (allegare visura camerale aggiornata c.a.)

_____

P.IVA/ Codice Fiscale (dati obbligatori)_____

residente/sede in Via/Piazza _____ n° _____ CAP _____ città

_____ prov. ____ tel. (si raccomanda da inserire un recapito telefonico) _____

cell. _____ mail_____

PEC (obbligatoria se società/impresa)_____

Nominativo del titolare o legale rappresentante dell'impresa_____

DATI OBBLIGATORI ai sensi Direttiva Europea 55/2014 recepita con Legge 205/2017 c.d. Legge di Bilancio 2018

P.IVA/ Codice Fiscale[2] per l'emissione della relativa fattura elettronica_____

PEC o CODICE DESTINATARIO del soggetto ricevente fatturazione elettronica _____

▦ quale rappresentante[3] con mandato a conciliare per conto di:

_____ (come da delega in allegato) nato a _____ il

_____ residente in via _____ n° _____ CAP_____

città _____ prov. _____ tel. _____ fax _____

mail_____

Rappresentato/assistito da:

☐ difensore con specifica procura (allegata)

Nome e cognome _____ domicilio/sede/studio in

via/piazza_____ n° _____ Città_____ prov _____

telefono_____ cellulare_____ fax_____

PEC _____

---

[1] In caso di due o più parti si prega di compilare due volte pagina 1

[2] La mancata compilazione dei suddetti dati non consente l'emissione della fattura elettronica, l'inserimento di dati non corretti o incompleti solleva O. C.F. da qualunque responsabilità sul mancato recapito della fattura elettronica.

[3] Da compilare solo nel caso in cui la parte intenda farsi rappresentare da un terzo durante la procedura di conciliazione.

O.C.F. - Organismo di Conciliazione di Firenze - C.f. 94123800487 - p.iva 05951130482
Sede legale: c/o Ordine degli Avvocati di Firenze, Nuovo Palazzo di Giustizia
Segreteria e sede unica per gli incontri di mediazione: Nuovo Palazzo di Giustizia, Accesso H, 4° piano, Viale Guidoni n. 61 (50127) Firenze
tel. +39.055.50.78.074 - fax +39.055.54.16.722  web: www.conciliazionefirenze.org
mail:segreteria@conciliazionefirenze.org - PEC: raso@pec.conciliazionefirenze.it

1

**OCF**
ORGANISMO
DI CONCILIAZIONE
DI FIRENZE

*N. 37 del Registro degli organismi di mediazione*

**chiamato in mediazione da**

_____

*(barrare una delle seguenti opzioni)*

☐ accetta il giorno dell'incontro fissato in data _____

☐ non accetta il tentativo di mediazione

Si precisa che l'incontro si svolgerà in presenza presso la sede dell'Organismo, con possibilità d svolgerlo in videoconferenza previa espressa e motivata richiesta. Si ricorda che in caso di incontro in videoconferenza il verbale conclusivo e l'eventuale accordo dovranno essere sottoscritti, mediante firma digitale o altro tipo di firma elettronica qualificata, per cui è necessario essere cointi di kit di firma digitale ovvero di SPID di secondo livello.

## SEZIONE 3 – OGGETTO, VALORE, RAGIONI DELLA PRETESA

DESCRIZIONE DEI FATTI OGGETTO DI CONTROVERSIA:

_____
_____
_____
_____

Il VALORE INDICATIVO (a norma del cod. proc. civ.) della controversia è: _____

Valore indeterminabile: ☐ basso (da 10.001 a 25.000 euro)   ☐ medio (da 25.00_ a 50.000 euro )   ☐ alto (da 50.001 a 150.000 euro)

RAGIONI DELLA PRETESA:

_____
_____
_____

## SEZIONE 4 – SPESE AMMINISTRATIVE

Il sottoscritto dichiara:

il costo del primo incontro di mediazione (comprensivo delle spese di avvio e delle spese mediazione primo incontro) pari a:

| | |
|---|---|
| Fino a €1.000 | €97,60 IVA inclusa |
| Da €1.001 a €50.000 | €190,32 IVA inclusa |
| Oltre €50.001 | €273,28 IVA inclusa |

*O.C.F. - Organismo di Conciliazione di Firenze - C.f. 94123800487 - p.Iva 05951130482*
Sede legale: c/o Ordine degli Avvocati di Firenze, Nuovo Palazzo di Giustizia
Segreteria e sede unica per gli incontri di mediazione: Nuovo Palazzo di Giustizia, Accesso H, 11° p nto, Viale Guidoni n. 61 (50127) Firenze
*tel.* +39.055.50.78.074 - *fax* +39.055.54.16.722  *web:* www.conciliazionefirenze.org
*mail:*segreteria@conciliazionefirenze.org - *PEC:* raso@pec.conciliazionefirenze.it



**N. 37 del Registro degli organismi di mediazione**

è stato versato mediante: bonifico bancario, di cui si allega copia, intestato a: Organismo di Conciliazione di Firenze, BANCO DI LUCCA E DEL TIRRENO IBAN IT95T0324202800CC1024009949 nella causale inscrire il *nome della parte o il numero della procedura di mediazione.*

## *SEZIONE 5 - ALLEGATI*

Si allegano alla presente domanda i seguenti documenti *(barrare le voci che interessano):*

- ☐ copia documento d'identità in corso di validità (obbligatorio);
- ☐ versamento spese di avvio e delle spese mediazione primo incontro
- ☐ mandato a conciliare (obbligatorio);
- ☐ visura camerale aggiornata (obbligatoria se trattasi di società)
- ☐ atto costitutivo/statuto (obbligatorio se trattasi di ente non iscritto al registro delle imprese);
- ☐ copia provvedimento del giudice se mediazione delegata (obbligatorio);
- ☐ copia del contratto/statuto/atto costitutivo contenente la clausola conciliativa;
- ☐ ulteriore documentazione (in duplice copia se cartacea) :

---

**NON allegare documenti riservati al solo Mediatore**

Il presente modulo e la documentazione allegata saranno trasmessi, a discrezione della Segreteria dell'OCF, alla parte nei cui confronti il tentativo è proposto.

Il sottoscritto dichiara di avere preso visione del Regolamento della procedura di mediazione applicato da OCF consultabile sul sito, di accettarne senza riserva alcuna il contenuto e le relative tariffe.

**R.G.P.D UE 2016/679 sulla protezione dei dati personali**

Il/la            sottoscritto/a            _____

C.F._____, presa visione dell'Informativa pubblicata sul sito dell'Organismo di Conciliazione di Firenze e disponibile anche presso gli Uffici di segreteria, acconsente il trattamento dei dati richiesti nel presente modulo (il consenso rappresenta la base giuridica del trattamento)

Letto, confermato e sottoscritto,

_____            Firma _____
(luogo)            (data)

---

O.C.F. - Organismo di Conciliazione di Firenze - C.f. 94123800487 - p.iva 05951130482
Sede legale: c/o Ordine degli Avvocati di Firenze, Nuovo Palazzo di Giustizia
Segreteria e sede unica per gli incontri di mediazione: Nuovo Palazzo di Giustizia, Accesso H, 11° piano, Viale Guidoni n. 61 (50127) Firenze
tel. +39.055.50.78.074 - fax +39.055.54.16.722  web: www.conciliazionefirenze.org
mail:segreteria@conciliazionefirenze.org-PEC: raso@pec.conciliazionefirenze.it

3



**OCF**
**ORGANISMO**
**DI CONCILIAZIONE**
**DI FIRENZE**
*No. 37 in the Register of Mediation Bodies*

## RESPONSE TO THE REQUEST FOR MEDIATION

### for so-called "mandatory matters," for court-ordered mediations, and for contractual clauses

**SECTION 1 – PARTIES[1]**

Last Name/First Name/Company Name (attach an updated Chamber of Commerce certificate)

_____

VAT No./Tax ID (required information)_____

resident/headquarters at Street/Square _____ No. _____ ZIP

_____ City _____ Province ____ Tel. (it is recommended to provide a phone number)

_____ Cell _____

Email_____

Certified Email (required if a company/business)_____

Name of the owner or legal representative of the business_____

MANDATORY INFORMATION pursuant to European Directive 55/2014 implemented by Law 205/2017 (the so-called 2018 Budget Law)

VAT Number/Tax ID[2] for the issuance of the corresponding electronic invoice_____

Certified Email Address (PEC) or RECIPIENT INVOICING CODE of the entity receiving the electronic invoice_____

□ as representative of[3] with authority to settle on behalf of:

_____ (as per the attached power of attorney) born in

_____ on _____ residing at _____ No.

_____ ZIP _____ city _____ province _____ tel.

_____ fax _____ email_____

**Represented/assisted by:**

_____

1    If there are two or more parties, please fill out page 1 twice
2    Failure to provide the above information will prevent the issuance of the electronic invoice; the entry of incorrect or incomplete data relieves O. C.F. of any liability for the non-delivery of the electronic invoice.
3    To be completed only if the party intends to be represented by a third party during the conciliation proceedings.

*O.C.F. - Florence Conciliation Body - Tax ID No. 94123800481 - VAT No. 05951130452*
Registered office: c/o Florence Bar Association, New Palace of Justice
Secretariat and sole location for mediation meetings: New Palace of Justice, Entrance H, 11th floor, Viale Guidoni 61 (50127) Florence
*Tel. +39.055.50.78.074 - Fax +39.055.54.16.722 Web:* www.conciliazionefirenze.org
*mail:segreteria@conciliazionefirenze.org*

**OCF**
**Organismo**
**di Conciliazione**
**di Firenze**

*No. 37 in the Register of Mediation Bodies*

☐ **attorney with specific power of attorney (attached)**

First   and   last   name _____

address/office/practice at via/piazza _____ no. _____ City

_____ province _____ phone _____

cell _____ fax _____

Certified email _____

### Called to mediation by

_____

_____

*(check one of the following options)*

☐ Accepts the meeting date set for _____

☐ does not accept the mediation attempt

Please note that the meeting will take place in person at the Body's headquarters, with the option to hold it via videoconference upon express and justified request. Please be advised that in the event of a videoconference meeting, the final minutes and any agreement must be signed using a digital signature or other type of qualified electronic signature; therefore, you must have a digital signature kit or a second-level SPID.

### *SECTION 3 – SUBJECT MATTER, VALUE, AND GROUNDS FOR THE CLAIM*

DESCRIPTION OF THE FACTS SUBJECT TO THE DISPUTE:

_____

_____

_____

_____

_____

_____

The INDICATIVE VALUE (pursuant to the Code of Civil Procedure) of the dispute is:

_____

Value undeterminable:☐ low (from 10,001 to 25,000 euros) ☐medium (from 25,001 to 50,000 euros)   o high (from 50,001 to 150,000 euros)

*O.C.F. - Florence Conciliation Body - Tax ID No. 94123800487 - VAT No. 05951130482*
Registered office: c/o Florence Bar Association, New Palace of Justice
Secretariat and sole location for mediation meetings: New Palace of Justice, Entrance H, 11th floor, Viale Guidoni 61 (50127) Florence
*Tel. +39.055.50.78.074 - Fax +39.055.54.16.722 Web:* www.conciliazionefirenze.org
*mail:segreteria@conciliazionefirenze.org*
2

**OCF**
ORGANISMO
DI CONCILIAZIONE
DI FIRENZE
*No. 37 in the Register of Mediation Bodies*

REASONS FOR THE CLAIM:

_____

_____

_____

### *SECTION 4 – ADMINISTRATIVE EXPENSES*

The undersigned declares:

the cost of the first mediation session (including initiation fees and first-session mediation fees) amounts to:

| Up to €1,000 | €97.60 (including VAT) |
|---|---|
| From €1,001 to €50,000 | €190.32 including VAT |
| Over €50,001 | €273.28 including VAT |

The payment was made via bank transfer, a copy of which is attached, payable to: Organismo di Conciliazione di Firenze, BANCO DI LUCCA E DEL TIRRENO, IBAN IT95T0324202800CC1024009949. Please include the *name of the party* or *the mediation case number* in the payment description.

### *SECTION 5 - ATTACHMENTS*

The following documents are attached to this application *(check the applicable items)*:

- ☐ copy of a valid ID (required);
- ☐ payment of initiation fees and mediation fees for the first meeting
- ☐ mandate to mediate (required);
- ☐ up-to-date Chamber of Commerce certificate (required for companies)
- ☐ articles of incorporation/bylaws (required if the entity is not registered with the Chamber of Commerce);
- ☐ copy of the court order if mediation is court-ordered (required);
- ☐ copy of the contract/bylaws/articles of incorporation containing the arbitration clause;
- ☐ additional documentation (in duplicate if in paper form):

_____

_____

**DO NOT attach documents intended solely for the Mediator**

*O.C.F. - Florence Conciliation Body – Tax ID No. 94123800487 - VAT No. 05951130422*
Registered office: c/o Florence Bar Association, New Palace of Justice
Secretarial and sole location for mediation meetings: New Palace of Justice, Entrance H, 1 th floor, Viale Guidoni 61 (50127) Florence
*Tel. +39.055.50.78.074 - Fax +39.055.54.16.722 Web:* www.conciliazionefirenze.org
*mail:segreteria@conciliazionefirenze.org*
3



**No. 37 in the Register of Mediation Bodies**

This form and the attached documentation will be forwarded, at the discretion of the OCF Secretariat, to the party against whom the mediation is proposed.

The undersigned declares that they have read the Rules of the mediation procedure applied by OCF, available on the website, and accept their content and related fees without reservation.

**EU GDPR 2016/679 on the protection of personal data**

The    undersigned _____, Tax    ID
_____, having read the Privacy Notice published on the website of the Florence Conciliation Body and also available at the Secretariat offices, consents to the processing of the data requested in this form (consent constitutes the legal basis for the processing)

Read, confirmed, and signed,

_____, _____                              Signature _____
(place)        (date)

*O.C.F. - Florence Conciliation Body - Tax ID No. 94123800487 - VAT No. 05951130482*
Registered office: c/o Florence Bar Association, New Palace of Justice
Secretariat and sole location for mediation meetings: New Palace of Justice, Entrance H, 11th floor, Viale Guidoni 61 (50127) Florence
*Tel. +39.055.50.78.074 - Fax +39.055.54.16.722 Web:* www.conciliazionefirenze.org
*mail:segreteria@conciliazionefirenze.org*

**EXHIBIT H**





*Iscritto presso il Ministero della Giustizia al n. 37 del Registro degli Organismi di Mediazione*

Firenze, 18/05/2026

Raccomandata Estera
Spett.le
MARYWOOD UNIVERSITY
ADAMS AVENUE 2300
18509 SCRANTON (PA)

anticipata via email:
info@marywood.edu
llori@marywood.edu (Presidente Lisa A. Lori)
jeckler@marywood.edu (Vice-President Prof. James Eckler)
jackler@maryu.marywood.edu
paterson@marywood.edu (Mary Theresa Paterson, Esquire, General Counsel)

e pc
Gentile Avv. CARLO UGO MASTELLONE
Comunicazione via PEC
carlo.mastellone@firenze.pecavvocati.it

Proc. n. 867/2026 Depositato in data 11/05/2026

Oggetto: proposta di un tentativo di mediazione e fissazione dell'incontro

Spett.le

La informiamo che THE INTERNATIONAL STUDIES INSTITUTE LLC assistito dall'Avv. CARLO UGO MASTELLONE in persona del rappresentante legale p.t. DANIEL JOSEPH TARTAGLIA, ha conferito all'Organismo di Conciliazione di Firenze (OCF) l'incarico di avviare un tentativo di mediazione con riferimento alla questione che la vede coinvolta, illustrata nella domanda allegata.

La scelta della mediazione è un'opportunità unica di trovare una soluzione di reciproca soddisfazione per le parti in tempi rapidi, in un ambito di totale riservatezza e soprattutto con un notevole risparmio in termini economici.

Il primo incontro di mediazione è fissato per il giorno 30/06/2026 alle ore 12:30 presso la sede dell'Organismo di Conciliazione di Firenze, in Viale Guidoni n 61 Blocco H piano 11°.

Il Responsabile dell'Organismo, per garantire alti livelli di professionalità e competenza e valutata la tipologia del caso, ha designato quale mediatore: Avv. LAURA RISTORI.

Si evidenzia che è necessario che le parti siano presenti personalmente assistite dai propri Avvocati e che cooperino in buona fede e lealmente, al fine di realizzare un effettivo confronto sulle questioni controverse, ai sensi dell'art. 8 comma 4 D.Lgs. 28/2010. così come modificato dal D.Lgs. n. 149/2022.

La invitiamo a formalizzare la Sua adesione per scritto compilando il modulo allegato alla presente che potrà restituirci almeno 3 giorni prima della data fissata per l'incontro a mezzo email esclusivamente all' indirizzo di posta elettronica certificata: raso@pec.conciliazionefirenze.it oppure mediante deposito presso la Segreteria di OCF. Al modulo devono essere allegati la fotocopia di un Suo documento d'identità ed eventuale documentazione integrativa della domanda stessa.

Il costo del primo incontro di mediazione, per ciascuna parte, da corrispondere, contestualmente all'adesione al procedimento di mediazione, è di €273.28iva inclusa[1]. Tale importo dovrà essere corrisposto mediante bonifico bancario IBAN IT95T0324202800CC1024009949, Banco di Lucca e del Tirreno, beneficiario Organismo di Conciliazione di Firenze.

---

[1] Il costo del primo incontro di mediazione comprende le spese di avvio pari a €107.36IVA inclusa e spese mediazione primo incontro €165.92 IVA inclusa

O.C.F.- Organismo di Conciliazione di Firenze - C.f. 94123800487 - p.iva 05951130462
Sede legale: c/o Ordine degli Avvocati di Firenze, Nuovo Palazzo di Giustizia
Segreteria e sede per gli incontri di mediazione: Nuovo Palazzo di Giustizia, Accesso H, 11° piano, Viale Guidoni n. 61 (50127) Firenze
tel. +39.055.5078074 / 055.4223801 / 055.4249753- fax +39.055.54.16.722 web: www.conciliazionefirenze.org
mail: segreteria@conciliazionefirenze.org - PEC: raso@pec.conciliazionefirenze.it



*Iscritto presso il Ministero della Giustizia al n. 37 del Registro degli Organismi di Mediazione*

Nel caso le parti assistite dai propri Avvocati all'esito del primo incontro intendano proseguire con successivi incontri o in ipotesi di accordo al primo incontro di mediazione sarà dovuta l'ulteriore somma di € 1054.08iva inclusa come da Tabella di cui all'art. 31 comma1 D.M. 150 del 2023 da corrispondere alle medesime coordinate.

Si precisa che l'importo dell'indennità è stato calcolato sulla base di quanto dichiarato dalla parte attivante nella domanda di mediazione, con riserva da parte del Responsabile dell'Organismo di Conciliazione di Firenze di rimodulare il valore della procedura di mediazione.

Si ricorda che in caso di raggiungimento dell'accordo si applicano le maggiorazioni previste all'art. 30 del DM n. 150 del 2023.

*Gli incontri di mediazione potranno essere svolti, previa richiesta, da remoto - ai sensi dell'art. 8 bis del D.Lgs n. 28/2010, così come modificato dal D.Lgs. n. 149/2022 – si precisa che in questo caso il verbale conclusivo e l'eventuale accordo dovranno essere sottoscritti anche dalle parti sostanziali, mediante firma digitale o altro tipo di firma elettronica qualificata, per cui è necessario essere dotati di kit di firma digitale ovvero di SPID di secondo livello, diversamente l'incontro dovrà svolgersi in presenza.*

La informiamo inoltre che dalla mancata partecipazione senza giustificato motivo al primo incontro del procedimento di mediazione, il Giudice può desumere argomenti di prova nel successivo giudizio ai sensi dell'articolo 116, secondo comma, del codice di procedura civile (art.12-bis I° comma D.Lgs. 28/2010 così come modificato dal D.Lgs. n. 149/2022).

Quando la mediazione costituisce condizione di procedibilita', il Giudice condanna la parte costituita, che non ha partecipato al procedimento senza giustificato motivo, al versamento all'entrata del bilancio dello Stato di una somma di importo corrispondente al doppio del contributo unificato dovuto per il giudizio (art. 12-bis, 2°comma D.Lgs. 28/2010 così come modificato dal D.Lgs. n. 149/2022) inoltre, se richiesto, il Giudice con il provvedimento che definisce il giudizio, può,' altresì, condannare la parte soccombente che non ha partecipato alla mediazione al pagamento in favore della controparte di una somma equitativamente determinata in misura non superiore nel massimo alle spese del giudizio maturate dopo la conclusione del procedimento di mediazione (art. 12-bis, 3°comma D.Lgs. 28/2010 così come modificato dal D.Lgs. n. 149/2022).

Ricordiamo infine che la mediazione, previa emissione di ulteriori decreti attuativi, offre importanti vantaggi fiscali:

- tutti gli atti, documenti e provvedimenti relativi al procedimento di mediazione sono esenti dall'imposta di bollo e da ogni spesa, tassa o diritto di qualsiasi specie e natura (art. 17, 1° comma, D.Lgs 28/2010 così come modificato dal D.Lgs. n. 149/2022;

- il verbale di accordo è esente dall'imposta di registro entro il limite di valore di 100.000,00, altrimenti l'imposta è dovuta soltanto per la parte eccedente (art. 17, 2° comma, D.Lgs 28/2010 così come modificato dal D.Lgs. n. 149/2022 );

- in caso di successo della mediazione sarebbe previsto dal legislatore un credito d'imposta commisurato all'indennità corrisposta ai sensi dell'art. 17 commi 3 e 4, fino a concorrenza di € 600,00. Nei casi di cui all'art. 5 comma 1 e quando la mediazione è demandata dal giudice, alle parti è altresì' riconosciuto un credito d'imposta commisurato al compenso corrisposto al proprio Avvocato per l'assistenza nella procedura di mediazione nei limiti previsti dai parametri forensi e fino a concorrenza di Euro seicento (art. 20, 1° comma D.Lgs 28/2010 così come modificato dal D.Lgs. n. 149/2022);

- I credit d'imposta sono utilizzabili dalla parte nel limite complessivo di euro seicento per procedura e fino ad un importo massimo annuale di euro duemilaquattrocento per le persone fisiche e di euro ventiquattromila per le persone

*O.C.F - Organismo di Conciliazione di Firenze - C.f. 94123800487 - p.iva 05951130482*
Sede legale: c/o Ordine degli Avvocati di Firenze, Nuovo Palazzo di Giustizia
Segreteria e sede per gli incontri di mediazione: Nuovo Palazzo di Giustizia, Accesso H, 1.° piano, Viale Guidoni n. 61 (50127) Firenze
*tel.* +39.055,5078074 / 055.4223801 / 055.4249753- *fax* +39.055.54.16.722 *web:* www.conciliazionefirenze.org
*mail:* segreteria@conciliazionefirenze.org - *PEC:* raso@pec.conciliazionefirenze.it



*Iscritto presso Il Ministero della Giustizia al n. 37 del Registro degli Organismi di Mediazione*

giuridiche. In caso di insuccesso della mediazione i crediti d'imposta sono ridotti alla meta' (art. 20, 2° comma D.Lgs 28/2010 così come modificato dal D.Lgs. n. 149/2022);

- E' riconosciuto un ulteriore credito d'imposta commisurato al contributo unificato versato dalla parte del giudizio estinto a seguito della conclusione di un accordo di conciliazione, nel limite dell'importo versato e fino a concorrenza di euro cinquecentodiciotto (art 20, 3° comma D.Lgs 28/2010 così come modificato dal D.Lgs. n. 149/2022);

- Nel caso invece di insuccesso della mediazione, i crediti d'imposta sono ridotti della metà (art. 20, 2° comma, DLgs 28/2010 così come modificato dal D.Lgs. n. 149/2022).

In ordine ai predetti benefici fiscali, si precisa che l'effettivo riconoscimento è sottoposto all'emanazione dei provvedimenti ministeriali di competenza.

Fondamentale rilevanza assume anche l'esecutività immediata dell'accordo in presenza degli Avvocati: ove tutte le parti aderenti alla mediazione siano assistite da un avvocato, l'accordo che sia stato sottoscritto dalle parti e dagli stessi Avvocati, costituisce titolo esecutivo per l'espropriazione forzata, l'esecuzione degli obblighi di fare e non fare, nonché per l'iscrizione di ipoteca giudiziale.

Distinti saluti,

Per Il Responsabile di OCF

Avv. Pietro Boretti Anguissola

O.C.F - Organismo di Conciliazione di Firenze - C.f. 94123800487 - p.Iva 05951130482
Sede legale: c/o Ordine degli Avvocati di Firenze, Nuovo Palazzo di Giustizia
Segreteria e sede per gli incontri di mediazione: Nuovo Palazzo di Giustizia, Accesso H, 11ª piano, Viale Guidoni n. 61 (50127) Firenze
tel. +39.055.5078074 / 055.4223801 / 055.4249753 - fax +39.055.54.16.722  web: www.conciliazionefirenze.org
mail: segreteria@conciliazionefirenze.org - PEC: rnso@pec.conciliazionefirenze.it



*Iscritto presso il Ministero della Giustizia al n. 37 del Registro degli Organismi di Mediazione*

## MEDIAZIONI OBBLIGATORIE E DELEGATE

| VALORE LITE | Spese di avvio e spese del primo incontro (da pagare in sede di deposito della domanda o adesione) | Importi dovuti in caso di proseguimento oltre il primo incontro di mediazione (mancato accordo e accordo)* | Totale Spese Mediazione (avvio, primo incontro,accordo o mancato accordo): |
|---|---|---|---|
| Fino a €1.000,00 | €97,60 | €39,04 | €136,64 |
| Da €1.001 a €5.000 | €190,32 | €65,88 | €256,20 |
| Da €5.001 a €10.000 | €190,32 | €187,88 | €378,20 |
| Da €10.001 a €25.000 | €190,32 | €370,88 | €561,20 |
| Da €25.001 a €50.000 | €190,32 | €514,88 | €705,20 |
| Da €50.001 a €150.000 | €273,28 | €1054,08 | €1327,36 |
| Da €150.001 a €250.000 | €273,28 | €1420,08 | €1693,36 |
| Da €250.001 a €500.000 | €273,28 | €2398,08 | €2969,36 |
| Da €500.001 a €1.500.00 | €273,28 | €3738,08 | €4011,36 |
| Da €1.500.001 a €2.500.000 | €273,28 | €4421,28 | €4694,56 |
| Da €2.500.001 a €5.000.000 | €273,28 | €6178,08 | €6451,36 |

Valore indeterminabile: ☐ basso (da 10.001 a 25.000 euro)   ☐ medio (da 25.001 a 50.000 euro)   ☐ alto (da 50.001 a 150.000 euro)

*In caso di accordo al primo incontro sono previste le maggiorazioni di cui all'art. 30 comma 1 del DM150/2023; in caso di conciliazione con incontri successivi al primo sono previste

le maggiorazioni di cui all'art. 30 comma 2 del DM150/2023.

## MEDIAZIONI VOLONTARIE

| VALORE LITE | Spese di avvio e spese del primo incontro (da pagare in sede di deposito della domanda o adesione) | Importi dovuti in caso di proseguimento oltre il primo incontro di mediazione (mancato accordo e accordo)* | Totale Spese Mediazione (avvio, primo incontro,accordo o mancato accordo): |
|---|---|---|---|
| Fino a €1.000,00 | € 122 | €48,80 | €170,80 |
| Da €1.001, a €5.000 | €237,90 | €82,35 | €320,25 |
| Da €5.001 a €10.000 | €237,90 | €234,85 | €472,75 |
| Da €10.001 a €25.000 | €237,90 | €463,80 | €701,80 |
| Da €25.001 a €50.000 | €237,90 | €768,60 | €1006,5 |
| Da €50.001 a €150.000 | €341,60 | €1317,50 | €1659,20 |
| Da €150.001 a €250.000 | €341,60 | €1775,10 | €2116,70 |
| Da €250.001 a €500.000 | €341,60 | €2995,10 | €3336,70 |
| Da €500.001 a €1.500.00 | €341,60 | €4672,6 | € 5014,20 |
| Da €1.500.001 a €2.500.000 | €341,60 | €5528,80 | €5869,20 |
| Da €2.500.001 a €5.000.000 | €341,60 | €7732,50 | €8084,20 |

Tabella approvata dal Consiglio Direttivo dell'Organismo di Conciliazione di Firenze in data 14.11.2023

Valore indeterminabile: ☐ basso (da 10.001 a 25.000 euro)   ☐ medio (da 25.001 a 50.000 euro )   ☐ alto 'da 50.001 a 150.000 euro)

*In caso di accordo al primo incontro sono previste le maggiorazioni di cui all'art. 30 comma 1 del DM150/2023; in caso di conciliazione con incontri successivi al primo sono previste le

maggiorazioni di cui all'art. 30 comma 2 del DM150/2023.

O.C.F - Organismo di Conciliazione di Firenze - C.f. 94123800487 - p.iva 05951130482
Sede legale: c/o Ordine degli Avvocati di Firenze, Nuovo Palazzo di Giustizia
Segreteria e sede per gli incontri di mediazione: Nuovo Palazzo di Giustizia, Accesso H, 11° piano, Viale Guidoni n. 61 (50127) Firenze
tel. +39.055.5078074 / 055.4223801 / 055.4249753- fax +39.055.54.16.722  web: www.conciliazionefirenze.org
mail: segreteria@conciliazionefirenze.org - PEC: raso@pec.conciliazionefirenze.it

**OCF**
**ORGANISMO**
**DI CONCILIAZIONE**
**DI FIRENZE**

*Registered with the Ministry of Justice under No. 37 in the Register of Mediation Bodies*

Florence, 18 May /2026

**International Registered Mail**
To:
MARYWOOD UNIVERSITY
ADAMS AVENUE 2300
18509 SCRANTON (PA)

**Anticipated by email:**
info@marywood.edu
llori@marywood.edu (President Lisa A. Lori)
jeckler@marywood.edu (Vice-President Prof. James Eckler)
jeckler@maryu.marywood.edu
paterson@marywood.edu (Mary Theresa Paterson, Esquire, General Counsel)

cc
To Avv. CARLO UGO MASTELLONE
Via Certified Electronic Mail
carlo.mastellone@firenze.pecavvocati.it

Proc. no. 867/2026 Filed on 11 May 2026

Subject: proposal for a mediation attempt and scheduling of the meeting

Dear Messrs,

We hereby inform you that THE INTERNATIONAL STUDIES INSTITUTE LLC, represented by Attorney CARLO UGO MASTELLONE, represented by is legal representative *pro tempore* DANIEL JOSEPH TARTAGLIA, has instructed the Florence Conciliation Body (OCF) to initiate mediation proceedings regarding the matter in which you are involved, as outlined in the attached application.

The choice of mediation offers a unique opportunity to find a mutually satisfactory solution for the parties in a timely manner, in a setting of complete confidentiality, and above all with significant cost savings.

The first mediation meeting is scheduled for <u>June 30, 2026, at 12:30 p.m.</u> at the headquarters of the Florence Conciliation Body, located at Viale Guidoni 61, Block H, 11th floor.

To ensure high standards of professionalism and expertise, and after evaluating the nature of the case, the Head of the Body has appointed the following mediator: Attorney LAURA RISTORI.

Please note that the parties must be present in person, accompanied by their attorneys, and must cooperate in good faith and in a spirit of fairness in order to facilitate a substantive discussion of the disputed issues, pursuant to Article 8, paragraph 4, of Legislative Decree No. 28/2010, as amended by Legislative Decree No. 149/2022.

We invite you to formally confirm your participation in writing by completing the form attached hereto, which you may return to us at least 3 days prior to the date set for the meeting via email exclusively to the certified email address: raso@pec.conciliazionefirenze.it, or by filing it with the OCF Secretariat. A photocopy of your ID and any supplementary documentation for the application must be attached to the form.

The cost of the first mediation session, payable by each party upon entering the mediation process, is €273.28 (including VAT)[1]. This amount must be paid by bank transfer to IBAN IT95T0324202800CC1024009949, Banco di Lucca e del Tirreno, payable to *Organismo di Conciliazione di Firenze*.

---

[1]  *The cost of the first mediation session includes an initiation fee of €107.36 (VAT included) and mediation fees for the first session of €165.92 (VAT included)*

*O.C.F - Organismo di Conciliazione di Firenze - Tax Code 94123800487 – VAT 05952130482*
Registered office: c/o Florence Bar Association, New Courthouse
Office and venue for mediation sessions: New Courthouse, Entrance H, 11th floor, 61 Viale Guidoni (50127) Florence
tel. +39.055.5078074 / 055.4223801 / 055.4249753-*fax* +39.055.54.16.722  *web:* www.conciliazionefirenze.org
*mail:* segreteria@conciliazionefirenze.org – *Certified Electronic Mail:* raso@pec.conciliazionefirenze.it



*Registered with the Ministry of Justice under No. 37 in the Register of Mediation Bodies*

If the parties, represented by their attorneys, intend to proceed with subsequent meetings following the first session, or in the event of an agreement reached at the first mediation session, an additional sum of € 1,854.08 (including VAT) shall be due, as per the Table referred to in Article 31, paragraph 1, of Ministerial Decree 150 of 2023, to be paid to the same account details.

Please note that the amount of the fee has been calculated based on the information provided by the requesting party in the mediation request, subject to the Head of the Florence Conciliation Body's right to adjust the cost of the mediation procedure.

Please note that in the event an agreement is reached, the surcharges provided for in Article 30 of Ministerial Decree No. 150 of 2023 shall apply.

*Mediation sessions may be conducted remotely, upon request, pursuant to Article 8-bis of Legislative Decree No. 28/2010, as amended by Legislative Decree No. 149/2022 – please note that in this case, the final minutes and any agreement must also be signed by the substantive parties, via digital signature or another type of qualified electronic signature; therefore, it is necessary to have a digital signature kit or a second-level SPID (Sistema Pubblico di Identità Digitale – Public Digital Identity System); otherwise, the session must take place in person.*

We also inform you that from the failure to attend the first session of the mediation proceedings without a valid reason the judge may infer evidence in the subsequent trial pursuant to Article 116, second paragraph, of the Code of Civil Procedure (Article 12-bis, first paragraph, of Legislative Decree 28/2010, as amended by Legislative Decree No. 149/2022).

When mediation is a prerequisite for proceeding with the case, the judge shall order the party who has been served with the summons but failed to participate in the proceedings without just cause to pay into the State Treasury a sum equal to twice the standard court fee due for the proceedings (Art. 12-bis, paragraph 2 of Legislative Decree 28/2010, as amended by Legislative Decree No. 149/2022). Furthermore, if requested, the judge, in the order concluding the proceedings, may also order the losing party who did not participate in mediation to pay the opposing party a sum determined on an equitable basis, not exceeding the court costs incurred after the conclusion of the mediation proceedings (Art. 12-bis, paragraph 3 of Legislative Decree 28/2010, as amended by Legislative Decree No. 149/2022).

Finally, it is worth noting that mediation, pending the issuance of further implementing regulations, offers significant tax benefits:

- All records, documents, and decisions relating to the mediation process are exempt from stamp duty and from any fees, taxes, or charges of any kind or nature (Article 17, paragraph 1, of Legislative Decree No. 28/2010, as amended by Legislative Decree No. 149/2022);
- The minutes of the agreement are exempt from registration tax up to a value of €100,000.00; otherwise, the tax is due only on the amount exceeding that threshold (Article 17, paragraph 2, of Legislative Decree No. 28/2010, as amended by Legislative Decree No. 149/2022);
- If mediation is successful, the law provides for a tax credit proportional to the compensation paid pursuant to Article 17, paragraphs 3 and 4, up to a maximum of €600.00. In the cases referred to in Article 5, paragraph 1, and when mediation is ordered by the court, the parties are also entitled to a tax credit commensurate with the fees paid to their attorney for assistance in the mediation proceedings, within the limits set by the legal fee schedule and up to a maximum of six hundred euros (Article 20, paragraph 1 of Legislative Decree 28/2010, as amended by Legislative Decree No. 149/2022);
- Tax credits may be claimed by the party up to a total limit of six hundred euros per proceeding and up to a maximum annual amount of two thousand four hundred euros for individuals and twenty-four thousand euros for legal entities. If mediation fails, the tax credits are reduced by half (Art. 20, para. 2 of Legislative Decree 28/2010, as amended by Legislative Decree No. 149/2022);

*O.C.F - Organismo di Conciliazione di Firenze - Tax Code 94123800487 – VAT 05951130482*
Registered office: c/o Florence Bar Association, New Courthouse
Office and venue for mediation sessions: New Courthouse, Entrance H, 11th floor, 61 Viale Guidoni (50127) Florence
tel. +39.055.5078074 / 055.4223801 / 055.4249753- *fax* +39.055.54.16.722 *web:* www.conciliazionefirenze.org *e-mail:* segreteria@conciliazionefirenze.org – *Certified Electronic Mail:* raso@pec.conciliazionefirenze.it



Registered with the Ministry of Justice under No. 37 in the Register of Mediation Bodies

- An additional tax credit is granted in proportion to the unified fee paid by the party to the case that was dismissed following the conclusion of a settlement agreement, up to the amount paid and not exceeding five hundred eighteen euros (Article 20, paragraph 3 of Legislative Decree 28/2010, as amended by Legislative Decree No. 149/2022);

- If mediation fails, however, the tax credits are reduced by half (Art. 20, para. 2, Legislative Decree No. 28/2010, as amended by Legislative Decree No. 149/2022).

With regard to the aforementioned tax benefits, it should be noted that their actual recognition is subject to the issuance of the relevant ministerial regulations.

The immediate enforceability of the agreement in the presence of attorneys is also of fundamental importance: where all parties to the mediation are represented by an attorney, the agreement signed by the parties and the attorneys themselves constitutes an enforceable title for compulsory expropriation, the enforcement of obligations to act or refrain from acting, as well as for the registration of a judicial mortgage.

Sincerely.

On behalf of the Head of OCF
Avv. Pietro Boretta Anguissola

O.C.F - Organismo di Conciliazione di Firenze - Tax Code 94123800487 – VAT 05952130482
Registered office: c/o Florence Bar Association, New Courthouse
Office and venue for mediation sessions: New Courthouse, Entrance H, 11th floor, 61 Viale Guidoni (50127) Florence
tel. +39.055.5078074 / 055.4223801 / 055.4249763-fax+39.055.54.16.722 web: www.conciliazionefirenze.org
mail: segreteria@conciliazionefirenze.org – Certified Electronic Mail: raso@pec.conciliazionefirenze.it