**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LB GTMA OPCO, LLC dba CORE EQUIPMENT GROUP, | ) ) ) |
| Plaintiff, | ) ) Civil Action No. |
| v. | ) ) |
| MULCH WORKS RECYCLING, INC., | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, LB GTMA OpCo, LLC dba Core Equipment Group ("Plaintiff" or "CEG"), by counsel, states the following as its Complaint against Defendant Mulch Works Recycling, Inc. ("Defendant"):

## NATURE OF THE CASE

1. This civil action arises from Defendant's breach of contract and continued refusal, despite demand by Plaintiff, to pay amounts owed to Plaintiff for goods sold and/or services rendered to Defendant.

## THE PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Essex, MD. Plaintiff has no members domiciled in Pennsylvania.

3. Defendant is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its registered office location at 3800 Mount Road, Aston, PA 19014-1293.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332(a), as the parties hereto are citizens of different states and the amount in controversy exceeds $75,000.00.

5.      Personal jurisdiction over the Defendant and venue in this district are proper because Defendant irrevocably consented to venue and exclusive jurisdiction in this district in section 19 of the Rental Agreement (as hereinafter defined).

**FACTUAL ALLEGATIONS**

6.      Beginning in January 2023 and continuing through mid-2024, Defendant contracted with Groff Tractor Mid Atlantic, LLC ("GTMA") for the provision of goods and services by GTMA to Defendant. A true and correct copy of the original rental agreement between GTMA and Defendant (the "Rental Agreement") is attached hereto as **Exhibit A**.

7.      Subsequently, CEG acquired substantially all assets of GTMA in a going-concern sale held in GTMA's chapter 11 bankruptcy case, in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"), under Case No. 25-90010. The Bankruptcy Court entered an order approving the sale of GTMA's assets to LB Advisors, LLC, which assigned its interests to CEG as part of an Asset Purchase Agreement attached as Exhibit 1 to the Bankruptcy Court's order.

8.      Following the foregoing purchase and assignment, CEG was the real party-in-interest with the right to collect the accounts receivable of GTMA that were sold under the Asset Purchase Agreement, including the amounts owed by Defendant.

9.      The most recent statement of Defendant's account with CEG, dated May 7, 2026 (the "Account Statement"), and attached hereto as **Exhibit B**, reflects a total past-due and owing

2

balance of $89,596.14 (the "Outstanding Balance"), all of which is now more than 120 days past due.

10. The Account Statement is supported by the invoices ("Invoices") attached hereto as **Exhibit C**.

11. CEG, and GTMA which preceded CEG, has performed all of its obligations under the Rental Agreement and delivered all goods and services to Defendant reflected on the subsequent invoices.

12. Despite prior written demands, including but not limited to a demand letter from undersigned counsel dated May 18, 2026, and without justification, Defendant has failed and refused to pay the Outstanding Balance and has accordingly breached the parties' contract.

13. As a direct and proximate result of Defendant's breach, CEG has been harmed in an amount not less than $89,596.14 to date.

**COUNT I**
**Breach of Contract**

14. CEG incorporates each of the preceding paragraphs as if fully set forth herein.

15. The Rental Agreement, together with the duly issued invoices associated therewith, constitute a valid and enforceable contract between CEG and Defendant.

16. CEG, and GTMA which preceded CEG, has performed all of its obligations under the parties' contract.

17. Defendant has breached the parties' contract by, *inter alia*, failing and refusing to pay the Outstanding Balance despite prior demands by CEG.

18. As a direct and proximate result of Defendant's breach, CEG has suffered damages in an amount not less than $89,596.14 to date.

## COUNT II
### Unjust Enrichment (in the alternative)

19.     CEG incorporates paragraphs 1-13 hereof as if fully set forth herein.

20.     CEG, and GTMA which preceded CEG, conferred a valuable benefit upon Defendant by providing Defendant with goods and services, including but not limited to rental equipment for use in the course of Defendant's business.

21.     The valuable benefit conferred upon Defendant was obtained at CEG's expense, namely through unpaid rental fees and other amounts duly owed by Defendant to CEG for goods and services rendered, impoverishing CEG.

22.     There is no justification for Defendant's failure and refusal to pay the Outstanding Balance owed to CEG for goods and services rendered to Defendant,

23.     CEG lacks an adequate remedy at law.

24.     The benefit conferred upon Defendant had a reasonable value of not less than $89,596.14.

WHEREFORE, for the foregoing reasons, CEG demands judgment in its favor and against Defendant as follows:

a.     Compensatory damages for breach of contract in an amount to be proven at trial but in no event less than $89,596.14, plus pre- and post-judgment interest at the legal rate;

b.     In the alternative, damages compensating CEG for the unjust enrichment of Defendant at CEG's expense, in an amount equal to the reasonable value of the benefit conferred upon Defendant and in any event not less than $89,596.14;

c.     Attorneys' fees and costs to the extent permitted by applicable law and the parties' agreements, including section 14 of the Rental Agreement; and

d.     Such other and further relief as the Court deems just, equitable, and proper.

Dated: June 15, 2026                            **WHITEFORD, TAYLOR & PRESTON LLC**

*/s/ Bradley P. Lehman*
Bradley P. Lehman (#5921)
600 N. King Street, Suite 300
Wilmington, Delaware 19801
Telephone:(302) 295-5674
Facsimile: (302) 295-5678
Email: blehman@whitefordlaw.com

*Counsel for Plaintiff*