# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

**FADY MICHAEL,**                              CIVIL DIVISION

                                                No.: _____

          Plaintiff,

     vs.

**WINSTON G. AMMONS and**

**TMG TRANSPORTATION,**

          Defendants.


**NOTICE TO DEFEND**

TO: Defendants

You are hereby notified to file
a written response to the enclosed
Complaint in Civil Action within
twenty (20) days from the date
of service hereof, or a judgment
may be entered against you.


By:     ____*/s/ Shaheen Z. Wallace*____

          Shaheen Z. Wallace, Esquire


                              **Filed on Behalf of Plaintiff**

                              Counsel of Record for this Party:
                              Shaheen Z. Wallace, Esquire
                              PA I.D. #319893
                              TALON LAW GROUP
                              6521 Steubenville Pike No. 1125
                              Pittsburgh, PA 15232
                              (844) 474-2448
                              szw@talonlawgroup.com

**JURY TRIAL DEMANDED**

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

**FADY MICHAEL,**

        Plaintiff,

    vs.

**WINSTON G. AMMONS and**

**TMG TRANSPORTATION,**

        Defendants.

### COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Fady Michael, by and through his attorney, Shaheen Wallace, Esquire, and TALON LAW GROUP, and files this Complaint in Civil Action in the United States District Court for the Middle District of Pennsylvania, alleging as follows:

### THE PARTIES

1.      Plaintiff Fady Michael (hereinafter "Plaintiff") is an adult individual residing at 14A Taylor Avenue, East Brunswick, New Jersey 08816.

2.      Defendant Winston G. Ammons (hereinafter "Defendant Ammons") is an adult individual residing at 389 Eastern Shores Drive, Lexington, Tennessee 38351.

3.      Defendant TMG Transportation (hereinafter "Defendant TMG") is a business entity with a principal place of business located at 50 Mullins Lane, Milan, Tennessee 38358.

### JURISDICTION AND VENUE

4.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims herein pursuant to 28 U.S.C. § 1332(a)(1), as the parties are of diverse citizenship and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to this action occurred in Swatara Township, Lebanon County, Pennsylvania, which lies within this judicial district.

**NATURE OF THIS ACTION**

6.      This is an action brought under 28 U.S.C. § 1332(a)(1).

7.      Defendant Ammons caused a motor vehicle collision resulting in serious and permanent injuries to Plaintiff.

8.      On or about May 19, 2025, at approximately 6:24 p.m., Plaintiff was lawfully operating his vehicle traveling westbound on Interstate 78 near mile marker 2.1 in Swatara Township, Lebanon County, Pennsylvania.

9.      At the stated time and place, a tire that had come loose from another vehicle was rolling into the westbound lanes of travel, causing the traffic ahead of Plaintiff to slow and stop, whereupon Plaintiff brought his vehicle safely to a stop along the left shoulder of the roadway.

10.     At the same time, Defendant Ammons was operating a semi-truck and trailer, traveling westbound on Interstate 78 behind the slowing and stopping traffic, while acting within the course and scope of his employment with Defendant TMG.

11.     Defendant Ammons, following too closely and traveling too fast for conditions, failed to slow or stop and slammed into the rear of a box truck that had stopped in the roadway.

12.     After that impact, Defendant Ammons continued forward off the left shoulder of the roadway and slammed into the rear of Plaintiff's stopped vehicle.

13.     The force of the impact pushed Plaintiff's vehicle into an adjacent vehicle and caused heavy rear, front, and side damage to Plaintiff's vehicle, which was disabled and towed from the scene.

14.     Defendant Ammons's semi-truck sustained heavy front-end damage and was towed from the scene of the collision.

15.     As a result of the collision, Plaintiff sustained serious and permanent injuries to his cervical spine, thoracic spine, and lumbar spine, among other things.

## CAUSE OF ACTION

### COUNT I – NEGLIGENCE (Winston G. Ammons)

16. Paragraphs 1 through 15 are incorporated here by reference as though set forth fully.

17. Defendant Ammons had a duty to act as a reasonable driver would have under the same or similar circumstances.

18. Defendant Ammons breached that duty by the following:

    a. In causing the collision with Plaintiff's vehicle;

    b. In operating his vehicle at a rate of speed excessive under the circumstances;

    c. In following too closely;

    d. In failing to maintain a proper lookout;

    e. In failing to have his vehicle under proper control;

    f. In failing to stop or turn aside before colliding with Plaintiff's vehicle;

    g. In operating his vehicle in a manner which was in violation of the motor vehicle laws of the Commonwealth of Pennsylvania;

    h. In operating his vehicle in a manner which was in violation of applicable safety standards and regulations, including those set forth by his employer and the Federal Motor Carrier Safety Regulations; and

    i. In otherwise being careless, reckless, and negligent.

19. As a result of the collision complained of, Plaintiff sustained serious and permanent injuries.

20. As a result of the collision complained of and the resultant physical injuries, for which Defendant Ammons is liable, Plaintiff has sustained the following damages:

    a. Physical pain and suffering;

    b. Loss of enjoyment of life's pleasures;

    c.   Mental anguish and distress;

    d.   Lost wages;

    e.   Medical bills not paid by insurance.

WHEREFORE, the Plaintiff, Fady Michael, demands judgment against the Defendant, Winston G. Ammons, for:

    a.   Actual and compensatory damages;

    b.   Emotional distress;

    c.   Lost wages;

    d.   Punitive damages; and

    e.   Such other and further relief as the Court shall deem just and proper.

### COUNT II – NEGLIGENCE (TMG Transportation)

21.    Paragraphs 1 through 20 are hereby incorporated by reference as though set forth fully.

22.    Defendant TMG had a duty to Plaintiff to act reasonably.

23.    Defendant TMG breached that duty.

24.    As a direct and proximate cause of the negligence of Defendant TMG, Plaintiff suffers from permanent physical injuries, conscious mental anguish, pain and suffering in the past and in the future, past medical expenses, and future medical expenses.

25.    All of the above damages were directly and proximately caused by the aforementioned negligence of Defendant TMG and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff, or any opportunity for Plaintiff to avoid the collision.

WHEREFORE, the Plaintiff, Fady Michael, demands judgment against the Defendant, TMG Transportation, for:

    a.   Actual and compensatory damages;

b.  Emotional distress;

c.  Lost wages;

d.  Punitive damages; and

e.  Such other and further relief as the Court shall deem just and proper.

**COUNT III – NEGLIGENT ENTRUSTMENT (TMG Transportation)**

26.  Paragraphs 1 through 25 are hereby incorporated by reference as though set forth fully.

27.  The injuries, harm, and damages were incurred by Plaintiff as a result of the use of the vehicle by Defendant Ammons in a negligent and reckless manner, which, because of inexperience and/or prior actions, Defendant TMG knew, or had reason to know, was likely and involved an unreasonable risk of harm to others while driving a truck.

28.  Defendant TMG, as the employer of Defendant Ammons and the owner of the truck driven by Defendant Ammons, had the right to permit and the power to prohibit the use of the vehicle by Defendant Ammons.

29.  Defendant TMG knew, or had reason to know, that Defendant Ammons, because of inexperience and/or prior actions, was likely to drive the truck in a negligent and reckless manner.

30.  As a direct result of Defendant TMG negligently entrusting its vehicle to Defendant Ammons, who operated said vehicle in a negligent and reckless manner, Plaintiff, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in Count I of this Complaint.

WHEREFORE, the Plaintiff, Fady Michael, demands judgment against the Defendant, TMG Transportation, for:

a.  Actual and compensatory damages;

b.  Emotional distress;

c.  Lost wages;

d.  Punitive damages; and

e.  Such other and further relief as the Court shall deem just and proper.

## COUNT IV – NEGLIGENT HIRING AND RETENTION (TMG Transportation)

31.  Paragraphs 1 through 30 are hereby incorporated by reference as though set forth fully.

32.  Defendant TMG had a duty to use reasonable care to select and retain an employee who was competent and fit to perform the duties required of him as an employee. Defendant TMG owed such duty to Plaintiff, and such duty was breached.

33.  Defendant TMG knew, or should have known, that Defendant Ammons would be likely to operate a motor vehicle in a negligent and reckless manner.

34.  Defendant TMG knew, or should have known, that Defendant Ammons was not competent or fit for the duties required of him as an employee. Defendant TMG breached its duty to use reasonable care to select and retain an employee who was competent and fit for the position.

35.  As a result of Defendant TMG's negligence in hiring and retaining Defendant Ammons, Plaintiff was injured as alleged.

WHEREFORE, the Plaintiff, Fady Michael, demands judgment against the Defendant, TMG Transportation, for:

a.  Actual and compensatory damages;

b.  Emotional distress;

c.  Lost wages;

d.  Punitive damages; and

e.  Such other and further relief as the Court shall deem just and proper.

## COUNT V – AGENCY (TMG Transportation)

36.  Plaintiff hereby incorporates paragraphs 1 through 35 of this Complaint as if set forth fully herein.

37. The above-described acts of Defendant Ammons were committed while he was acting as an agent, servant, and/or employee of Defendant TMG.

38. The above-described acts of Defendant Ammons were committed within the scope of his agency and while furthering the business interests of Defendant TMG.

39. As the principal for Defendant Ammons, Defendant TMG is responsible for all of the acts committed by Defendant Ammons within the scope of his agency.

WHEREFORE, the Plaintiff, Fady Michael, demands judgment against the Defendant, TMG Transportation, for:

    a. Actual and compensatory damages;

    b. Emotional distress;

    c. Lost wages;

    d. Punitive damages; and

    e. Such other and further relief as the Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully Submitted,

**/s/ Shaheen Wallace**

Shaheen Wallace, Esquire
Attorney for the Plaintiff
TALON LAW GROUP
6251 Steubenville Pike #1125
Pittsburgh, PA 15205
(844) 474-2448
szw@talonlawgroup.com