# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MOHAMMAD BAQIR RASOULI, Plaintiff,**<br><br>**vs.**<br><br>**U.S. DEPARTMENT OF STATE; THE SECRETARY OF STATE, in his official capacity; CHIEF OF MISSION (or COM-DESIGNEE), U.S. EMBASSY KABUL, in his/her official capacity Defendants.** | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff Mohammad Baqir Rasouli ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants U.S. Department of State, the Secretary of State, and the Chief of Mission (or Chief of Mission–Designee) for U.S. Embassy Kabul (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, challenging Defendants' determination that Plaintiff committed fraud in connection with his Afghan Special Immigrant Visa ("SIV") Chief of Mission ("COM") approval request (Case No. NVCSIV2016015039) and Defendants' refusal to provide Plaintiff a meaningful opportunity to contest that fraud allegation.

2.      Plaintiff does not seek an order compelling issuance of a visa. Plaintiff seeks narrow APA relief: (a) vacatur of the fraud finding and related COM denial actions as arbitrary, capricious, and contrary to law; and (b) remand requiring a reasoned explanation and a meaningful opportunity to appeal on a disclosed factual basis.

3.      Defendants initially alleged "fraud" in a conclusory manner that did not identify which of multiple employment-related letters was supposedly fraudulent or what facts supported the accusation. Plaintiff was forced to file a timely but essentially "blind" administrative appeal without knowing the government's factual theory.

4.      Only through a congressional inquiry did Plaintiff learn Defendants' specific verification theory that Defendants contacted Vira Construction Company ("VCC") and were told Plaintiff never worked there, which Defendants treated as confirming fraud.

5.      After that information was obtained, Plaintiff submitted a December 29, 2025 evidence package directly rebutting the employer-denial theory and requesting that the COM vacate the fraud finding "for all future purposes." Defendants refused to consider that submission, stating: "You can only appeal a case once," and further stating the National Visa Center ("NVC") "is not able to discuss the specific reasons for the denial."

6.      Defendants' combination of (a) withholding the specifics necessary to meaningfully exercise the administrative appeal right, and then (b) enforcing a one-appeal bar to block Plaintiff's targeted rebuttal, is unlawful procedure and arbitrary and capricious agency action under the APA.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 28 U.S.C. § 1331 and the APA, 5 U.S.C. §§ 701–706.

8.     Sovereign immunity is waived by 5 U.S.C. § 702 because Plaintiff seeks non-monetary relief.

9.     The fraud finding, COM denial, and Defendants' refusal to consider Plaintiff's December 29, 2025 submission constitute "final agency action" within the meaning of 5 U.S.C. § 704 because they represent Defendants' definitive position, foreclose further administrative review, and carry ongoing legal and practical consequences.

10.     Venue is proper in this District under 28 U.S.C. § 1391(e) because Defendants are agencies and officers of the United States headquartered in this District, and Plaintiff is a resident of Carlisle County. a substantial part of the acts and omissions giving rise to these claims occurred in this District through adjudication and issuance of COM/NVC correspondence.

## **FACTS**

11.     Plaintiff Mohammad Baqir Rasouli is a citizen and national of Afghanistan currently present in the United States under a grant of asylum and residing in Carlisle, Pennsylvania.

12.     Plaintiff is a former Afghan military officer who served during U.S. operations, worked in coordination with U.S. personnel, and later sought refuge in the United States after conditions in Afghanistan posed a direct and immediate threat to his family.

13.     The US Government granted Plaintiff asylum status on October 18, 2023.

14.     Plaintiff's service record provides critical context for evaluating both the plausibility of the alleged fraud and the seriousness

of the agency's obligation to administer the COM process fairly and with care.

15.    The agency's branding of Plaintiff as having committed fraud without adequate notice, disclosure of evidence, or a meaningful opportunity to respond, carries particularly severe consequences given Plaintiff's history of service to the United States.

16.    Defendant U.S. Department of State is a federal agency headquartered in Washington, D.C., and is responsible for administering the Afghan SIV COM approval process.

17.    Defendant Secretary of State is sued in his official capacity and is responsible for State's administration of the Afghan SIV program.

18.    Defendant Chief of Mission (or Chief of Mission–Designee) for U.S. Embassy Kabul is sued in his/her official capacity as the official responsible for COM determinations and COM appeal decisions under the Afghan SIV process.

## The Afghan Allies Protection Act

19.    Congress established the Afghan SIV program to provide special immigrant status to eligible Afghan nationals who worked for or on behalf of the United States Government (or covered missions) in Afghanistan and who provided faithful and valuable service. COM approval is a prerequisite step in Afghan SIV processing. *Afghan Allies Protection Act of 2009*, Pub. L. No. 111-8, Div. F, Title VI, § 602(b), 123 Stat. 524, 807–09 (2009), as amended.

20.    The Afghan SIV statute requires that, to the maximum extent feasible, COM denial decisions describe the basis for denial, including the facts and inferences underlying the individual determination, and provide a limited appeal opportunity.

21.    The APA requires reasoned decision-making. Agency action is unlawful if it is arbitrary, capricious, an abuse of discretion, contrary to

law, or taken without observance of required procedure. 5 U.S.C. § 706(2)(A), (D).

22. Plaintiff's initial SIV application established that, from approximately September 2010 through December 2015, he was employed in Afghanistan as a paid, part-time procurement adviser with Vira Construction Company ("VCC"), a company that performed contract work for the United States Government and the Afghan Government, including projects for the U.S. Army Corps of Engineers.

23. Plaintiff explained that this employment occurred concurrently with his primary service as an officer in the Afghan National Army and was performed during off-duty hours.

24. To corroborate this employment, Plaintiff submitted several employment/HR letters, identifying his position, dates of service, work location in Kabul, and duties performed for VCC, including a supervisor recommendation letter dated February 14, 2016, signed and stamped by Abdul Bashir Nikzad, then a manager and part-owner of VCC and Plaintiff's direct supervisor.

25. The supervisor letter expressly recommended Plaintiff for the Afghan SIV program and described his work in support of U.S. and coalition-related projects

26. In February 2025, Defendants denied Plaintiff's COM approval request based on "derogatory information" and a conclusory statement that "the employment letter" submitted was "fraudulent."

27. The denial did not identify which employment letter was allegedly fraudulent, despite multiple employment-related letters in the record, and did not explain what statement was purportedly false or what verification was performed.

28. Plaintiff and counsel sought clarification from Defendants as to which employment document was deemed fraudulent and why.

29. Defendants did not provide that clarification and instead directed Plaintiff to appeal based on the denial letter.

30. Plaintiff filed a timely administrative appeal on June 17, 2025.

31. Plaintiff's appeal explained that Defendants "made a substantial error in rejecting one of his employment letters, as there were three letters submitted by Mr. Rasouli, and the COM failed to identify which one is allegedly fraudulent."

32. Counsel for Plaintiff's contemporaneous communications to the COM likewise emphasized that the denial "does not identify what document contains an allegedly fraudulent statement," depriving Plaintiff of a meaningful opportunity to respond.

33. After Plaintiff filed the June 2025 appeal, Plaintiff sought assistance from a Congressman Scott Perry of Pennsylvania to obtain clarity regarding Defendants' fraud allegation.

34. The congressional response, dated October 29, 2025, conveyed that Defendants contacted VCC and were told Plaintiff never worked there, and Defendants treated that response as confirming the employment/HR letter was fraudulent.

35. By process of elimination, Plaintiff concluded Defendants interviewed Mr. Nikzad, who by then had himself obtained an SIV to live in the United States.

36. Mr. Nikzad claimed Rasouli's proffered employment letters were not authentic and that Plaintiff never worked for VCC.

37. This was the first time Plaintiff learned Defendants' specific factual theory and what they purportedly relied upon.

38. On December 29, 2025, Plaintiff submitted a cover letter and evidence package to the COM addressing the employer-denial theory and

requesting that the COM vacate the fraud finding "for all future purposes."

39. The submission explained that the fraud allegation "appears to rest on Mr. Abdul Nikzad's denial of Mr. Rasouli's employment," and that Nikzad's denial was false and motivated by personal animosity. The submission further noted Plaintiff "understands his past employment may not qualify for an SIV, but he contests the fraud finding."

40. The submission included sworn corroboration by Mohammad Qayum Ebrahimi, Vice President and 50% owner of VCC, confirming Plaintiff's employment and addressing authenticity of the relevant documents and company stamp, among other corroborating evidence and certified translations.

41. On January 25, 2026, Defendants summarily refused the appeal, stating: "You can only appeal a case once. You can no longer request an appeal or a reconsideration of your case." Defendants further stated that NVC "is not able to discuss the specific reasons for the denial."

42. Defendants' position creates an unlawful trap: Defendants refused to identify the alleged fraud in time for a meaningful first appeal, then invoked a one-appeal bar to reject Plaintiff's targeted rebuttal once Plaintiff learned Defendants' theory.

43. Plaintiff continues to suffer harm from the fraud finding, including reputational stigma within the US government interagency environment and collateral consequences independent of any ultimate SIV eligibility determination.

## CLAIMS FOR RELIEF
## COUNT I – APA: Unlawful Procedure / Denial of Meaningful Opportunity to Appeal

44. Plaintiff incorporates all prior paragraphs in support of this claim for relief.

45.    By alleging fraud without identifying the document and factual basis during the period when Plaintiff was required to exercise his appeal right, Defendants failed to provide the notice necessary for a meaningful appeal and administered the appeal mechanism in an arbitrary manner.

46.    Defendants then refused to consider Plaintiff's December 29, 2025 submission on the ground that "You can only appeal a case once," even though Defendants' own refusal to disclose the basis of the fraud allegation rendered the first appeal effectively blind.

47.    These actions are "without observance of procedure required by law" and arbitrary and capricious. 5 U.S.C. § 706(2)(D), (A).

48.    Under settled administrative law principles, an agency must follow and fairly administer the procedures it makes available. Defendants cannot simultaneously (a) deprive Plaintiff of the information necessary to exercise an appeal right and (b) invoke a one-appeal bar to prevent any meaningful response to the actual allegation once disclosed.

49.    Equitable principles likewise prohibit Defendants from treating Plaintiff's initial appeal as exhausting the sole administrative appeal opportunity where Defendants' own nondisclosure made that appeal meaningless. Plaintiff's December 29, 2025 submission should be treated as the operative initial appeal (or Plaintiff should be afforded a renewed appeal opportunity after adequate notice).

## COUNT II – APA: Arbitrary and Capricious Fraud Finding / Failure to Provide a Reasoned Explanation

50.    Plaintiff incorporates all prior paragraphs in support of this claim for relief.

51.    Defendants' fraud finding is arbitrary and capricious because it rests on conclusory assertions and undisclosed verification and "risk

assessment" rationale, while refusing to provide a reasoned explanation sufficient for Plaintiff (and this Court) to understand and test the basis of the determination.

52. An agency must articulate a rational connection between the facts found and the decision made, consider important aspects of the problem, and not ignore material evidence. Defendants' refusal to engage with Plaintiff's evidence, particularly in response to the December 29, 2025 submission, renders the fraud finding arbitrary and capricious.

53. At minimum, the fraud finding must be vacated and remanded so Defendants may reconsider on a disclosed factual basis and with reasoned decision-making.

## COUNT III – APA: Unlawful Refusal to Consider the December 29, 2025 Submission (Constructive Tolling / Fair Administration of Appeal Right)

54. Plaintiff incorporates all prior paragraphs in support of this claim for relief.

55. Defendants' January 25, 2026 refusal to consider Plaintiff's December 29, 2025 submission is itself final agency action subject to APA review because it definitively forecloses any administrative mechanism to contest the fraud finding.

56. Defendants' blanket position, "You can only appeal a case once," is arbitrary and contrary to law as applied here, where Defendants' own nondisclosure deprived Plaintiff of the ability to make an informed and targeted appeal.

57. The Court should set aside the refusal and order Defendants to adjudicate Plaintiff's December 29, 2025 submission as the operative appeal, or to provide a renewed appeal opportunity after adequate notice.

## COUNT IV – Fifth Amendment Procedural Due Process (Alternative Claim)

58.    Plaintiff incorporates all prior paragraphs in support of this claim for relief.

59.    Plaintiff is physically present in the United States as an asylee. The government's fraud finding imposes stigma and carries significant collateral consequences. Even where an applicant has no entitlement to a discretionary benefit, the government must provide fundamentally fair procedures before imposing a fraud stigma with collateral effects.

60.    Defendants' failure to provide notice of the specific alleged fraudulent document and factual basis, combined with their refusal to consider Plaintiff's evidence after the basis was obtained, deprived Plaintiff of a meaningful opportunity to be heard.

61.    Plaintiff is entitled to declaratory and injunctive relief requiring Defendants to provide adequate notice and a meaningful opportunity to contest the fraud allegation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare unlawful and set aside Defendants' fraud finding and related denial actions as arbitrary, capricious, contrary to law, and/or taken without observance of required procedure;

B. Hold that Plaintiff's June 17, 2025 appeal does not exhaust the sole administrative appeal opportunity because Defendants failed to provide adequate notice of the fraud allegation and its factual basis, thereby depriving Plaintiff of a meaningful opportunity to appeal;

C. Remand with instructions that Defendants either (1) treat Plaintiff's December 29, 2025 submission as the operative initial appeal and adjudicate it on the merits, or (2) provide Plaintiff a

renewed and meaningful appeal opportunity after disclosing the specific document(s) deemed fraudulent and the factual basis for that conclusion;

D. In the alternative and/or additionally, vacate the fraud finding and remand for reconsideration consistent with reasoned decision making and the evidentiary record;

E. Award Plaintiff costs and reasonable attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable authority; and

F. Grant such other and further relief as the Court deems just and proper.

This the 19th day of June, 2026.

/s/ David C. Dagle, Esq.
Pa. ID. No.: 201707
Law Offices of Peter J. Russo, P.C.
245 Grandview Ave, Suite 102
Camp Hill, PA 17011
Telephone: 717-591-1755
Email: ddagle@pjrlaw.com

/s/Brett Dressler (Pro hac vice pending)
NC. ID No.: 34516
Sellers, Ayers, Dortch & Lyons, PA
301 S. McDowell Street, Ste. 410
Charlotte, NC  28204
Telephone:  704-377-5050
Facsimile:  704-339-0172
EMAIL:  bdressler@sellersayers.com