**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Marc Calixte | : | |
| 10508 Medford Lakes Drive | : | |
| Riverview, FL 33578 | : | |
| Plaintiff | : | # |
| v. | : | |
| Walter Lee Smith Jr. | : | |
| 341 Valley Road | : | |
| Etters, PA 17319 | : | |
| Defendants | : | |

## COMPLAINT

## PARTIES

1. Plaintiff, Marc Calixte ("Plaintiff"), is a citizen of the State of Florida, residing at the address listed in the caption of this Complaint.

2. Defendant, Walter Lee Smith Jr. ("Smith"), is a citizen of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that Plaintiff is a citizen of the State of Florida, and Defendant Smith is a citizen of the Commonwealth of Pennsylvania, and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

5. On or about December 23, 2024, at or about 1:34 a.m., Plaintiff was the operator of a vehicle traveling north in the left lane of Interstate 81 ("I-81"), at or near mile marker 37, in

Penn Township, PA.

6.      On the same date shortly before that time, Smith had been the operator of a vehicle also proceeding on I-81 north, ahead of Plaintiff's vehicle, which he had negligently crashed, then abandoned and left illegally parked in the left lane of I-81 north.

7.      As Plaintiff proceeded forward, unaware of the vehicle that Smith had unlawfully abandoned in the left travel lane, Plaintiff was unable to avoid colliding with the stopped vehicle.

8.      The aforesaid motor vehicle collision was caused by the Smith negligently and/or carelessly operating his vehicle in such a manner so as to cause to cause it to come to a stop in the travel lanes of I-81, where he then abandoned it, and was not caused by any action or inaction on Plaintiff's part.

9.      As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness Defendant Smith, Plaintiff suffered severe and permanent injuries, including to his neck and back, including cervical, thoracic, and lumbar bulges/protrusions necessitating radiofrequency ablation.

<u>COUNT I</u>
**Marc Calixte v. Walter Lee Smith Jr.**
**Negligence**

10.      Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of this Complaint, inclusive, as if set forth herein at length.

11.      The negligence and/or carelessness of Defendant, which was the direct and proximate cause of the aforesaid motor vehicle collision and Plaintiff's resultant injuries and damages, consisted of the following actions/inactions:

a.  Operating his motor vehicle in a negligent manner and causing a collision;

b.  Unlawfully stopping and/or parking in the left lane of travel after causing said collision, then abandoning the vehicle, thereby obstructing traffic and causing Plaintiff's vehicle to strike Defendants' vehicle;

2

c.  Operating his vehicle in a negligent and/or careless manner without regard for the rights or safety of Plaintiff and other motorists, thereby creating a hazardous roadway condition that Plaintiff was unable to avoid;

d.  Failing to keep his vehicle under proper and adequate control;

e.  Failing to safely stop and remove his vehicle from the lane of travel;

f.  Failing to operate his vehicle at a safe and reasonable speed and manner under the circumstances, resulting in a collision that led his vehicle to come to rest in the left lane of travel;

g.  Failing to keep a proper lookout for approaching traffic prior to his initial collision, and prior to stopping, parking, and/or abandoning his vehicle in the lane of travel;

h.  Being inattentive to his duties as an operator of a motor vehicle, including failing to recognize the danger posed to approaching motorists;

i.  Disregarding applicable traffic lanes and patterns;

j.  Failing to remain continually alert to roadway conditions and the presence of other vehicles while operating and stopping the vehicle;

k.  Failing to perceive the highly apparent danger to others created by leaving a vehicle stopped in the left lane of travel;

l.  Failing to provide adequate and meaningful warning to Plaintiff and other motorists of the hazardous condition created by the stopped vehicle;

m.  Operating and leaving the vehicle in the roadway with disregard for the rights and safety of Plaintiff, despite knowing or having reason to know that Plaintiff and other motorists would encounter the obstruction;

n.  Failing to take reasonable and necessary steps to remove the vehicle from the lane of travel or otherwise eliminate the roadway hazard once stopped; and

o.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles, including violating Pennsylvania Vehicle Code Sections 3303, 3304, 3309, 3361, 3712, 3714, 3744, 3745, and/or 3746.

12.   As a direct and proximate result of the negligent and/or careless conduct of Defendant Smith, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and other ills and injuries, including to his neck and back,

3

including cervical, thoracic, and lumbar bulges/ protrusions necessitating radiofrequency ablation, all to Plaintiff's great loss and detriment.

13. As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

14. As an additional result of the carelessness and/or negligence of Smith, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

15. As a direct result of the carelessness and/or negligence of Smith, Plaintiff suffered damage to his personal property, including the motor vehicle he was operating at the time of the subject motor vehicle collision, and related expenses including, but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

16. As a further result of Plaintiff's injuries, he has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

17. Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff, Marc Calixte, prays for judgment in his favor and against Defendant, Walter Lee Smith Jr., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

**SIMON & SIMON, P.C.**

BY: _____

Roman Galas, Esquire
Simon & Simon, P.C.
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666
RomanGalas@gosimon.com
Attorney ID: 207093