**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

**CASE NO.:  \*\*\*\***

MARCO VERCH,

                Plaintiff,

v.

MALAKIN MOTORS LLC,

                Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff MARCO VERCH by and through his undersigned counsel, brings this

Complaint against Defendant MALAKIN MOTORS LLC for damages and injunctive relief, and

in support thereof states as follows:

**SUMMARY OF THE ACTION**

1.     Plaintiff MARCO VERCH ("Verch") brings this action for violations of exclusive

rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Verch's

original copyrighted Work of authorship after removal of his copyright management information

("CMI").

2.     Marco Verch is a photographer from Cologne, Germany. He has been working as

a photographer for many years and enjoys taking pictures of scenery from his travels, sporting

events, food, flowers, cars, drones and more. He also takes photos for advertisements and

fundraising campaigns.

3.     Defendant MALAKIN MOTORS LLC ("Malakin") is a family-owned

automotive dealership and service center based in Grantville, Pennsylvania, specializing in

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

affordable, quality pre-owned vehicles. Founded in 2014, the company has built a reputation for offering a wide range of inventory—including cars, trucks, trailers, motorcycles, and recreational vehicles—alongside comprehensive automotive services such as repairs, inspections, and towing..   At all times relevant herein, Malakin owned and operated the Facebook Account located at the internet URL www.facebook.com/malakinmotors (the "Malakin Facebook Page").

4.     Verch alleges that Malakin copied Verch's copyrighted Work from the internet in order to advertise, market and promote its business activities.  Malakin committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of the Malakin's business.

## JURISDICTION AND VENUE

5.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.     Malakin is subject to personal jurisdiction in Pennsylvania.

8.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Malakin engaged in infringement in this district, Malakin resides in this district, and Malakin is subject to personal jurisdiction in this district.

## DEFENDANT

9.     Malakin Motors LLC is a Pennsylvania Limited Liability Company, with its principal place of business at 9889 Allentown Boulevard, Grantville, Pennsylvania, 17028-8706, and can be served at its principal place of business.

## THE COPYRIGHTED WORK AT ISSUE

10.    In 2019, Jernej Furman created the photograph entitled "Happy-Easter-text-on-wooden-background," which is shown below and referred to herein as the "Work."



11.    Verch is the owner of the Work by assignment.

12.    Verch registered the Work with the Register of Copyrights on June 1, 2020 as part of a group registration.  The Group Registration was assigned registration number VA 2-211-532.  The Certificate of Registration is attached hereto as **Exhibit 1**.

13.    Verch makes his work available via CCNull.de and a Creative Commons 2.0 License.

14.    Verch published the Work on or about January 24, 2019 on Flickr, and again on February 16, 2021 on CCNull at the internet URL https://ccnull.de/foto/happy-easter-text-on-

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

wooden-background/1038132. Attached hereto as **Exhibit 2** is a true and correct copy of the Work Verch's CCNull page.

15. For a party to be allowed to use a Creative Commons 2.0 License ("CC 2.0"), it is conditioned upon the prospective licensee of the Work attributing the Work to the original owner/claimant of the Work.

16. In part, the CC 2.0 license states, "You must give appropriate credit, provide a link to the license and indicate if changes were made."[1]

17. Verch's display of the Work on CCNull also included CMI next to the Work in the form of Verch's name, the year when the Work was first created, and the link to the licensing terms.

18. Verch's Work is protected by copyright but is not otherwise proprietary, or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Work are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

19. At all relevant times Verch was the owner of the copyrighted Work.

## INFRINGEMENT BY MALAKIN

20. Malakin has never been licensed to use the Work for any purpose.

21. On a date after the Work at issue in this action was created, but prior to the filing of this action, Malakin copied the Work.

22. On or about July 25, 2023, Verch discovered the unauthorized use of his Work on the Malakin Facebook Page in a post dated April 6, 2023.

23. Malakin copied Verch's copyrighted Work without Verch's permission.

---

[1] https://creativecommons.org/licenses/by/2.0/

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

24.     After Malakin copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its used car dealership business.

25.     Malakin copied and distributed Verch's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

26.     Malakin committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 3**.

27.     Verch never gave Malakin permission or authority to copy, distribute or display the Work for any purpose.

28.     Verch notified Malakin of the allegations set forth herein on November 13, 2025, December 3, 2025, April 2, 2026, April 15, 2026, and May 18, 2026.  To date, Malakin failed to respond to any communications.

29.     When Malakin copied and displayed the Work, Malakin failed to provide attribution as required by the CC 2.0 license.

30.     Malakin's failure to attribute is a violation of 17 U.S.C. § 1202(b) as removal of CMI.

31.     Verch never gave Malakin permission or authority to remove CMI from the Work.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

32.     Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     Verch owns a valid copyright in the Work.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

34.     Verch registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35.     Malakin copied, displayed, and distributed the Work and made derivatives of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

36.     Malakin performed the acts alleged in the course and scope of its business activities.

37.     Malakin's acts were willful.

38.     Verch has been damaged.

39.     The harm caused to Verch has been irreparable.

### COUNT II
### <u>VICARIOUS COPYRIGHT INFRINGEMENT</u>

40.     Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41.     Upon information and belief, a third party committed copyright infringement when they copied, displayed, and made derivatives of the Work.

42.     Malakin has a direct financial interest in the infringing material because it derives profits from the Malakin Facebook Page displaying the infringed Work.

43.     Despite having the ability to stop the infringed Work from being displayed on the Malakin Facebook Page, Malakin allowed the materials to remain up for display.

44.     To the extent that the actions described above were performed by the third-party alone, Malakin is vicariously liable for the unauthorized copying, display, distribution, and creation of derivative works of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

45.     Verch has been damaged.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

46.     The harm caused to Verch has been irreparable.

## COUNT III
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

47.     Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

48.     The Work at issue in this case requires attribution and contains CMI.

49.     Malakin knowingly and with the intent to enable or facilitate copyright infringement, displayed the Work on the Malakin Facebook Page, without any of the attributions in violation of 17 U.S.C. § 1202(b).

50.     Malakin distributed the Work to the Malakin Facebook Page knowing that the CMI has been removed or altered without the authority of the copyright owner or the law.

51.     Malakin committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

52.     Malakin caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

53.     Verch has been damaged.

54.     The harm caused to Verch has been irreparable.

WHEREFORE, the Plaintiff MARCO VERCH prays for judgment against Defendant MALAKIN MOTORS LLC that:

a.      Malakin and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1202;

b.      Malakin be required to pay Verch his actual damages and Defendant's profits attributable to the infringement, or, at Verch's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c.      Verch be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d.      Verch be awarded pre- and post-judgment interest; and

e.      Verch be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Verch hereby demands a trial by jury of all issues so triable.

Dated: June 24, 2026                    Respectfully submitted,


                                        /s/  Joseph A. Dunne
                                        JOSEPH A. DUNNE
                                        Bar Number: 325562
                                        joseph.dunne@sriplaw.com

                                        **SRIPLAW, P. A.**
                                        41 Madison Avenue
                                        25th Floor
                                        New York, New York 10010
                                        929.200.8446 – Telephone
                                        561.404.4353 – Facsimile

                                        *Counsel for Plaintiff Marco Verch*

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE