JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| David Sucher and Lauren E. Sucher, as co-administrators of the Estate of Steven A. Sucher | 9119-4662 Quebec Inc. d/b/a National Transport Inc. |

**(b)** County of Residence of First Listed Plaintiff   Norfolk City County, VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Vaudreuil-Dorion, QC J7V 8P2, Canada
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
       THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander C. Hyder, Esq. - Morgan & Morgan
2005 Market St., Ste. 600, Philadelphia, PA 19103
T: 267-780-2985

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**28 U.S.C. §1332(a)**
Brief description of cause:
**Motor Vehicle Accident**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
6/25/26

SIGNATURE OF ATTORNEY OF RECORD
/s/ Alexander C. Hyder, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

David Sucher and Lauren E. Sucher, as co-administrators of the ESTATE OF STEVEN A. SUCHER

           **Plaintiff(s),**

           **v.**

919-4662 QUEBEC INC. d/b/a NATIONAL TRANSPORT INC.

           **Defendant(s)/**
           **Third-Party Plaintiff(s),**

           **v.**

           **Third-Party Defendant(s).**

**Civil Action No. _____**

**DISCLOSURE STATEMENT PURSUANT TO Fed. R. Civ. P. 7.1**
**(Civil Action)**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Plaintiff ,
                                          (type of party)

who is David Sucher and Lauren E. Sucher, as co-administrators of the Estate of Steven A. Sucher , makes the following disclosure:
        (name of party)

Page 1 of 2

1.    Is the party a non-governmental corporate party?

☐ YES        ☑ NO

2.    If the answer to Number 1 is "yes," list below any parent corporation or state that there is no such corporation:

3.    If the answer to Number 1 is "yes," list below any publicly-held corporation that owns 10% or more of the party's stock or state that there is no such corporation:

The undersigned party understands that under Rule 7.1 of the Federal Rules of Civil Procedure, it must promptly file a supplemental statement upon any change in the information that this statement requires.

/s/ Alexander C. Hyder, Esq.
Signature of Counsel for Party

Date: 6/24/26

**MORGAN & MORGAN PHILADELPHIA PLLC**
Alexander C. Hyder, Esquire #320939                    *Attorneys for Plaintiffs*
Robert N. Newman, Esquire #337906
2005 Market Street, Suite 600
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 16359282

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID SUCHER and LAUREN E. SUCHER, as co-administrators of the ESTATE OF STEVEN A. SUCHER** <br> Plaintiffs, <br><br> *vs.* <br><br> **9119-4662 QUEBEC INC. d/b/a NATIONAL TRANSPORT INC.** <br> *and* <br> **KORIKO GANIOU** <br> *and* <br> **MATTHEW J. SHIRES** <br> *and* <br> **JOHN DOE (1-10)** (fictitious names, true names unknown at this time) <br> *and* <br> **ABC COMPANY (1-10)** (fictitious names, true names unknown at this time) <br> Defendants. | **Case No.:** _____ <br><br><br> **CIVIL ACTION – LAW** <br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

AND NOW COME the Plaintiffs, David Sucher and Lauren E. Sucher, as the Co-Administrators of the Estate of Steven A. Sucher, by and through their counsel, Morgan & Morgan Philadelphia PLLC, and hereby complain against the above-named Defendants, and in support thereof avers as follows:

## THE PARTIES

1.      Plaintiff David Sucher (hereinafter "Plaintiff David Sucher") is an adult individual and the son of the Decedent, Steven Allan Sucher (hereinafter "Plaintiff-Decedent"), who resides at 2794 Tennis Club Drive, Apt 501, West Palm Beach, FL 33417.

2.      Plaintiff Lauren E. Sucher (hereinafter "Plaintiff Lauren E. Sucher") is an adult individual and the daughter of the Plaintiff-Decedent, who resides at 218 West Bayview Boulevard, Norfolk, VA 23503.

3.      Plaintiffs bring this action individually and in their capacity as the duly appointed representatives of Steven Allan Sucher, deceased, on behalf of the Estate of Steven Allan Sucher, and all persons entitled to recover under Pennsylvania's Wrongful Death Act and Survival Act.

4.      Plaintiff-Decedent was an adult individual and resident of Lake Worth, Florida.

5.      At all relevant times, Plaintiff-Decedent owned and/or operated a 2019 Volkswagen Jetta automobile involved in the motor vehicle collision giving rise to this action.

6.      At all relevant times relevant hereto, Defendant Matthew J. Shires (hereinafter "Defendant Shires") was an adult individual residing at 4236 Chapel Gate Place, Belcamp, MD 21017, and was operating a 2019 Ram 1500 automobile, which was involved in the motor vehicle collision giving rise to this action.

7.      Defendant 9119-4662 Quebec Inc. d/b/a National Transport Inc. (hereinafter "Defendant National Transport Inc.") is a motor carrier with their principal place of business at 231 Rue Rodolphe-Besner, Vaudreuil-Dorion, QC J7V 8P2, Canada.

8.      Defendant Koriko I. Ganiou (hereinafter "Defendant Ganiou") is an adult individual residing at 94 Rue Watt, Châteauguay, QC J6J 1P7, Canada, and at all times relevant hereto was an employee of Defendant National Transport Inc.

9.    At all relevant times, Defendant Ganiou was operating a 2023 Freightliner Cascadia commercial truck, owned by Defendant National Transport Inc. (hereinafter the "subject tractor-trailer"), which was involved in the motor vehicle collision giving rise to this action.

10.    The Defendants herein are John Doe (1-10), various fictitious and currently unidentified individuals, corporations, and/or companies, duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania and regularly conducting business in the Commonwealth of Pennsylvania, including Adams County.

11.    The Defendants herein are ABC Company (1-10), various fictitious and currently unidentified individuals, corporations, and/or companies, duly organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania and regularly conducting business in the Commonwealth of Pennsylvania, including Adams County.

12.    Defendant National Transport Inc. operates under USDOT No. 1345128 and MC No. 520633.

13.    Each interstate company, in order to obtain a DOT number must submit an OP-1 form containing a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration ("FMCSA") that Defendant National Transport Inc. has access to and is familiar with all applicable USDOT regulations relating to the safe operation of commercial motor vehicles and that Defendant will comply with the FMCSRs at all times while operating a commercial motor vehicle in the United States.

14.    More specifically, each Form OP-1 submitted contained a "Safety Certification", certifying to the Federal Motor Carrier Safety Administration that, at a minimum, Defendants:

    a.    Had and will have in place a system and an individual responsible for ensuring overall compliance with the FMCSRs;

b.  Can produce a copy of the FMCSRs;

c.  Had and will have in place a driver safety training/orientation program;

d.  Had and will have prepared and maintain an accident register;

e.  Is familiar with D.O.T. regulations governing driver qualifications, and had and will have in place a system for overseeing driver qualifications requirements;

f.  Had and will have in place policies and procedures consistent with D.O.T. regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

g.  Is familiar with, and had and will have a system for complying with all USDOT regulations governing alcohol and controlled substances testing requirements; and

h.  Must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating with the United States.

15.  At all times relevant hereto, Defendant National Transport Inc. was registered to do business in the Commonwealth of Pennsylvania, and regularly does business in the Commonwealth of Pennsylvania, including Adams County, such that this Honorable Court has jurisdiction.

16.  At all times hereto, Defendant National Transport Inc. purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous and systematic activities and business in the Commonwealth of Pennsylvania, and regularly conducts and conducted business in Adams County.

17. At all relevant times, Defendant National Transport Inc. owned, leased, maintained, controlled, dispatched, operated, and/or placed into service the tractor-trailer operated by Defendant Ganiou.

18. At all times relevant hereto, Defendant Ganiou was acting within the course and scope of his employment with Defendant National Transport Inc., in the furtherance of the business interests and objectives of Defendant National Transport Inc., and with the actual and/or implied authority of Defendant National Transport Inc.

19. At all times material hereto, Defendant National Transport Inc. acted or failed to act through its agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship.

20. At all times material hereto, Defendant National Transport Inc. established or should have established plans, specifications, and safety programs for the safe operation of motor vehicles, including commercial vehicles.

## <u>JURISDICTION</u>

21. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between Plaintiffs and Defendants and the amount in controversy is greater than $75,000.

22. Plaintiff-Decedent was a citizen of the State of Florida.

23. Defendant Ganiou is a citizen of Canada.

24. Defendant National Transport Inc. maintains corporate citizenship in Canada by virtue of its incorporation and home office in that country.

25. Defendant Shires is a citizen of the State of Maryland.

26. This Court has personal jurisdiction over the Defendants because at all relevant

Times hereto, Defendants operated motor vehicles in the Commonwealth of Pennsylvania.

27.    Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(3) because Defendants are subject to this Court's personal jurisdiction.

## CRASH FACTUAL BACKGROUND

28.    On September 21, 2025, at approximately 5:28 a.m., Plaintiff-Decedent was lawfully traveling northbound on U.S. Route 15 near mile marker 18.4 in Tyrone Township, Adams County, Pennsylvania, and upon information and belief, Plaintiff-Decedent's vehicle was struck by a vehicle operated by John Doe, causing Plaintiff-Decedent's vehicle to become disabled in the left lane.

29.    At the same time and place, Defendant Shires was traveling northbound on U.S. Route 15 and failed to timely and safely perceive, react to, stop, slow, steer, and/or otherwise avoid Plaintiff-Decedent's disabled vehicle in the roadway, thereby striking Plaintiff-Decedent's vehicle.

30.    At that same time and place, Defendant Ganiou, while operating the subject tractor-trailer northbound on U.S. Route 15 in the course and scope of his employment, agency, and/or business relationship with Defendant National Transport Inc., failed to timely and safely perceive, react to, stop, slow, steer, and/or otherwise avoid Plaintiff-Decedent's disabled vehicle, which was stranded in the left lane, thereby violently striking Plaintiff-Decedent's vehicle.

31.    As a direct result of the catastrophic collision caused by Defendants, Plaintiff-Decedent's vehicle was caused to incur the following severe and disabling damage:

[INTENTIONALLY LEFT BLANK]



32.     Upon information and belief, Defendant Ganiou struck Plaintiff-Decedent's vehicle at or near the rear and/or driver's side area, causing devastating damage to Plaintiff-Decedent's vehicle and fatal injuries to Plaintiff-Decedent.

33.     Plaintiff-Decedent suffered from immense conscious pain and suffering, including fear of his impending death.

34.     Plaintiff-Decedent was later pronounced deceased at the scene of the crash.

35.     This crash was in no way caused or contributed to by the Plaintiff-Decedent and was solely caused by the Defendants in the manner set forth herein.

36.     The conduct of Defendants, and particularly the conduct of Defendant Ganiou in operating a commercial tractor-trailer, created a foreseeable and substantial risk of serious bodily injury or death to motorists lawfully traveling on U.S. Route 15, including Plaintiff-Decedent.

37.     As a direct and proximate result of the joint careless, reckless, negligent, grossly negligent, and other liability-producing operations of Defendants herein, Plaintiff-Decedent suffered great physical pain and suffering, trauma, mental anguish, embarrassment, humiliation,

and ultimately death.

38.     As a direct and proximate result of the negligent careless and reckless conduct of the Defendants, Plaintiff-Decedent's earnings, earning capacity, and employment opportunities were terminated.

39.     As a direct and proximate result of the negligent, careless, and reckless conduct of the Defendants, the Estate of Steven A. Sucher incurred liability for emergency medical services, funeral and household expenses.

40.     As a direct and proximate result of the aforementioned fatal injuries sustained due to the negligence, carelessness, and recklessness of Defendants, Plaintiff-Decedent required emergency medical response and care at the scene, and the Estate of Steven A. Sucher incurred and/or may incur expenses including, but not limited to, emergency medical services, funeral expenses, burial expenses, estate administration expenses, and other damages recoverable under Pennsylvania law.

41.     The aforementioned conduct of the Defendants foreseeably caused a high degree of risk of serious physical injury to other motorists, including Plaintiff-Decedent, which caused Plaintiffs' damages as set forth herein.

42.     Plaintiffs' injuries and damages were caused solely by the acts of the Defendants jointly and/or severally and/or through their joint and individual agents, servants, workmen, and/or employees as hereinbefore and hereinafter set forth.

43.     Plaintiffs' injuries and damages were not caused by any act or omission on the part of Plaintiff-Decedent or any other individuals and/or entity.

44.     As a further result of the aforementioned accident, Plaintiffs have or may hereafter incur other financial expenses or sustain losses including, but not limited to work loss and loss of

earning capacity which do or may exceed amounts that Plaintiffs may otherwise be entitled to recover.

45.     Plaintiffs are eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the Defendants herein, pursuant to applicable tort law.

## COUNT I
## DAVID SUCHER and LAUREN E. SUCHER, INDIVIDUALLY AND AS THE ADMINISTRATORS OF THE ESTATE OF STEVEN A. SUCHER v. MATTHEW J. SHIRES

46.     The Plaintiffs herein incorporate by reference the preceding paragraphs as if same were set forth at length herein.

47.     The negligence, carelessness, and recklessness of Defendant Shires consisted of, but is not limited to, the following:

  a. Failing to maintain proper and adequate control of the subject vehicle so as to avoid striking Plaintiff-Decedent's vehicle;

  b. Traveling at too high a speed for the present conditions;

  c. Failing to pay proper attention while operating the subject vehicle;

  d. Operating the subject vehicle in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff;

  e. Failing to have the subject vehicle under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

  f. Failing to remain alert;

  g. Operating said motor vehicle in violation of the Motor Vehicle Code and applicable ordinances of the Commonwealth of Pennsylvania;

h.    Failing to make necessary and reasonable observations while operating the subject vehicle;

i.    Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff-Decedent's vehicle;

j.    Acting with a conscious disregard for the rights and safety of the Plaintiff;

k.    Otherwise failing to exercise due care under the circumstances; and

l.    Such other liability-producing conduct as discovery shall disclose.

48.    For the reasons set forth above, Defendant Shires's operation of the subject vehicle represented a foreseeable and unreasonable risk of danger to other vehicles, pedestrians, and passengers, including the Plaintiff.

49.    As a direct and proximate result of the negligence, carelessness and recklessness of Defendant Shires, Plaintiff sustained severe and permanent injuries and damages, as previously described, that resulted in Plaintiff-Decedent's death.

50.    The conduct of Defendant Shires rises to the level of outrageous conduct in that he willfully and recklessly ignored the known safety hazards that caused Plaintiffs' harm and damages as set forth herein.

51.    This and other misconduct of Defendant Shires constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants, in an amount in excess of the jurisdiction threshold, plus all costs and other relief, including punitive damages, that this court deems necessary.

[INTENTIONALLY LEFT BLANK]

**COUNT II**
**DAVID SUCHER and LAUREN E. SUCHER, INDIVIDUALLY AND AS THE ADMINISTRATORS OF THE ESTATE OF STEVEN A. SUCHER v. 9119-4662 QUEBEC INC. d/b/a NATIONAL TRANSPORT INC.**

52. The Plaintiffs herein incorporate by reference the preceding paragraphs as if same were set forth at length herein.

53. At all times relevant hereto, Defendant National Transport Inc. conducted business in the Commonwealth of Pennsylvania.

54. At all times relevant hereto, Defendant National Transport Inc. employed, supervised, and trained the operator of the subject tractor-trailer, Defendant Ganiou.

55. The injuries, damages, and losses suffered by Plaintiffs, as more fully set forth above, were caused by the negligence, carelessness, recklessness, and gross negligence of Defendant National Transport Inc. jointly and severally, acting by and through its agents, servants, workers and/or employees, both generally and in the following particular respects:

     a.    Failing to properly train their employees;

     b.    Hiring and/or continuing to employ Defendant Ganiou despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

     c.    Failure to comply with Federal Motor Carrier Safety Regulations (hereinafter "FMCSR");

     d.    Failing to properly equip their trucks, including the subject commercial truck;

     e.    Failing to maintain their trucks, including the subject commercial truck;

     f.    Failing to properly service their vehicles, including the subject commercial truck;

g.    Failing to inspect their trucks, including the subject commercial truck;

h.    Failing to properly maintain, service, and/or inspect the brakes and brake systems of their trucks, including the subject commercial truck;

i.    Failing to ensure the subject commercial truck was operated by a properly trained and licensed driver;

j.    Failing to properly monitor driver performance;

k.    Promoting and encouraging drivers to rush at the expense of safety;

l.    Violating commercial motor vehicle regulations; and

m.    Failing to use due care under the circumstances.

56.    The conduct of Defendant National Transport Inc. caused and contributed to the aforesaid accident, and the injuries and damages suffered by Plaintiffs described at length herein.

57.    As a direct and proximate result of the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant National Transport Inc., Plaintiff sustained severe and permanent injuries and damages, as previously described.

58.    Defendant National Transport Inc. knew or should have known that failing to have appropriate safety policies regarding the use, operation, and/or maintenance of their tractor-trailers, including the subject tractor-trailer, posed a high risk of serious bodily injury and/or death to those other vehicles, including Plaintiff.

59.    The conduct of Defendant National Transport Inc. rises to the level of outrageous conduct by willfully and recklessly ignoring the known safety hazards which caused the severe and permanent personal injuries of Plaintiff as set forth herein.

60.    Defendant National Transport Inc. acted with a willful, wanton, and reckless disregard for the safety of other vehicles and pedestrians, including Plaintiff.

61.     Defendant National Transport Inc. is jointly and severally liable for the injuries and damages of Plaintiff.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants, in an amount in excess of the jurisdiction threshold, plus all costs and other relief, including punitive damages, that this court deems necessary

### COUNT III
### DAVID SUCHER and LAUREN E. SUCHER, INDIVIDUALLY AND AS THE ADMINISTRATORS OF THE ESTATE OF STEVEN A. SUCHER v. 9119-4662 QUEBEC INC. d/b/a NATIONAL TRANSPORT INC., as being vicariously liable for <u>KORIKO GANIOU</u>

62.     The Plaintiffs herein incorporate by reference the preceding paragraphs as if same were set forth at length herein.

63.     At all times relevant hereto, Defendant Ganiou was an employee, agent, ostensible agent, servant, and/or worker of Defendant National Transport Inc.

64.     At the time of the accident, Defendant Ganiou was acting within the course and scope of his employment and/or agency with Defendant National Transport Inc.

65.     Defendant National Transport Inc. is vicariously liable as the employer and/or principal of Defendant Ganiou for the injuries, resulting losses, and expenses of Plaintiffs for which claim is made, under theories of vicarious liability and agency, and/or under the doctrine of *respondeat superior*.

66.     Defendant National Transport Inc. owed a duty to Plaintiffs to ensure its employees were properly supervised, monitored, trained, and/or qualified.

67.     Defendant National Transport Inc. owed a duty to Plaintiffs to establish and enforce safety policies and procedures addressing safety.

68.     The conduct of Defendant National Transport Inc. caused and contributed to the aforesaid accident, and the injuries and damages of Plaintiffs described at length herein.

69.     As a direct and proximate result of the negligence, carelessness, gross negligence, and/or recklessness of Defendant National Transport Inc., Plaintiff sustained serious and permanent injuries and damages, as previously discussed.

70.     Defendant National Transport Inc. is jointly and severally liable for the injuries and damages of Plaintiffs.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants, in an amount in excess of the jurisdiction threshold, plus all costs and other relief, including punitive damages, that this court deems necessary.

**COUNT IV**
**DAVID SUCHER and LAUREN E. SUCHER, INDIVIDUALLY AND AS THE**
**ADMINISTRATORS OF THE ESTATE OF STEVEN A. SUCHER v. KORIKO GANIOU**

71.     The Plaintiffs herein incorporate by reference the preceding paragraphs as if same were set forth at length herein.

72.     At all times relevant hereto, Defendant Ganiou was an employee, agent, ostensible agent, servant, and/or worker of Defendant National Transport Inc.

73.     At the time of the accident, Defendant Ganiou was acting within the course and scope of his employment and/or agency with Defendant National Transport Inc.

74.     The negligence, carelessness, and recklessness of Defendant Ganiou consisted of, but is not limited to, the following:

      a.     Failing to maintain proper and adequate control of the subject National Transport Inc. vehicle so as to avoid striking Plaintiff-Decedent's vehicle;

      b.     Traveling at a high rate of speed for the present conditions;

c.   Following too closely;

d.   Failing to pay proper attention while operating the subject National Transport Inc. vehicle;

e.   Operating the subject National Transport Inc. vehicle in a negligent, careless, and reckless manner without due regard for the rights and safety of the Plaintiff;

f.   Failing to have the subject National Transport Inc. vehicle under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

g.   Failing to remain alert;

h.   Operating said motor vehicle in violation of the Motor Vehicle Code and applicable ordinances of the Commonwealth of Pennsylvania;

i.   Failing to make necessary and reasonable observations while operating the subject National Transport Inc. vehicle;

j.   Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking Plaintiff;

k.   Acting with a conscious disregard for the rights and safety of the Plaintiff;

l.   Otherwise failing to exercise due care under the circumstances; and

m.   Such other liability-producing conduct as discovery shall disclose.

75.   For the reasons set forth above, Defendant Ganiou's operation of the subject tractor-trailer represented a foreseeable and unreasonable risk of danger to other vehicles, including the Plaintiff-Decedent.

76.    As a direct and proximate result of the negligence, carelessness and recklessness of Defendant Ganiou, Plaintiffs sustained severe and permanent injuries and damages, as previously described.

77.    The conduct of Defendant Ganiou rises to the level of outrageous conduct in that he willfully and recklessly ignored the known safety hazards which caused Plaintiffs' harm and damages as set forth herein.

78.    Defendant Ganiou acted with a willful, wanton, and reckless disregard for the safety of other vehicles, including the Plaintiffs.

79.    This and other misconduct of Defendant Ganiou constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants, in an amount in excess of the jurisdiction threshold, plus all costs and other relief, including punitive damages, that this court deems necessary

## COUNT V
### DAVID SUCHER and LAUREN E. SUCHER, INDIVIDUALLY AND AS THE ADMINISTRATORS OF THE ESTATE OF STEVEN A. SUCHER v. 9119-4662 QUEBEC INC. d/b/a NATIONAL TRANSPORT INC., KORIKO GANIOU, MATTHEW J. SHIRES, JOHN DOE (1-10), and ABC COMPANY (1-10)

80.    The Plaintiffs herein incorporate by reference the preceding paragraphs as if same were set forth at length herein.

81.    Plaintiffs bring this action pursuant to the Wrongful Death Act, 42 Pa. C.S.A. §8301, and Pa. R.C.P. 2202, and claims all benefits and recoverable damages under the Wrongful Death Act on behalf of themselves and all other persons entitled to recover under the law.

82.    As a direct and proximate result of the foregoing, the Plaintiff-Decedent's Wrongful Death beneficiaries have been, continue to be, and will in the future be deprived of his counsel,

services, companionship, society, guidance and all other damages recoverable under the Wrongful Death Act.

83.    As a direct and proximate result of the negligent, careless and reckless conduct of Defendants as set forth above, which is incorporated herein, Plaintiff-Decedent's Wrongful Death beneficiaries suffered, are suffering, and will, for an indefinite period of time into the future, suffer damages, injuries and losses including but not limited to, a loss of financial support, and the beneficiaries have been wrongfully deprived of the contributions they would have received from him, including monies which he would have provided for items such as clothing, food, shelter, medical care, education, entertainment, recreation and gifts.

84.    As a direct and proximate result of the negligent, careless and reckless conduct of Defendants as set forth above, which is incorporated herein, Plaintiff-Decedent's Wrongful Death beneficiaries have been caused to incur and pay various expenses for medical treatment, hospital care, custodial care, nursing care, medications and funeral and other expenses related to his death.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants, in an amount in excess of the jurisdictional threshold, plus all costs and other relief this Court deems necessary, including punitive damages.

**COUNT VI**
**DAVID SUCHER and LAUREN E. SUCHER, INDIVIDUALLY AND AS THE ADMINISTRATORS OF THE ESTATE OF STEVEN A. SUCHER v. 9119-4662 QUEBEC INC. d/b/a NATIONAL TRANSPORT INC., KORIKO GANIOU, MATTHEW J. SHIRES, JOHN DOE (1-10), and ABC COMPANY (1-10)**

85.    The Plaintiffs herein incorporate by reference the preceding paragraphs as if same were set forth at length herein.

86.    In their capacity as Administrators of the Estate of Steven A. Sucher, the Plaintiffs, David Sucher and Lauren E. Sucher, bring this action pursuant to the Survival Act, 42 Pa. C.S.A. §

8302 and 20 Pa. C.S.A. § 3371, and claim all benefits of the Survival Act on behalf of themselves and all other persons entitled to recover under the law.

87.     As a direct and proximate result of the previously pled facts and actions of the Defendant, Plaintiff-Decedent endured great physical and emotional suffering, pain, anguish, humiliation, embarrassment and loss of enjoyment of life.

88.     As a direct and proximate result of the previously pled facts and actions of the Defendant, Plaintiff-Decedent incurred substantial future lost wages, out-of-pocket medical expenses, and loss of life's pleasures.

89.     As a direct and proximate result of the previously pled facts and actions of the Defendant, Plaintiff-Decedent's heirs will be deprived of his guidance, love, tutelage, companionship, support and comfort, which they would have received from him for the remainder of his natural life.

90.     Plaintiffs' claims, on behalf of the Estate of Steven A. Sucher, deceased, includes damages for his physical and emotional pain and suffering, embarrassment, humiliation, loss of the enjoyment of life, and for his future loss of earnings and earning capacity, resulting from his untimely death.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants, in an amount in excess of the jurisdiction threshold, plus all costs and other relief, including punitive damages, that this court deems necessary

**COUNT VII**
**DAVID SUCHER and LAUREN E. SUCHER, INDIVIDUALLY AND AS THE ADMINISTRATORS OF THE ESTATE OF STEVEN A. SUCHER v.  JOHN DOE (1-10)**

91.     Plaintiffs herein incorporate by reference the preceding paragraphs as though.

92. Plaintiffs pray leave of Court to seasonably amend this Complaint and name the true identities of the John Doe (1-10) if and when their true identities and roles in the within matter are ascertained by Plaintiffs.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants, in an amount in excess of the jurisdiction threshold, plus all costs and other relief, including punitive damages, that this court deems necessary

## COUNT VIII
**DAVID SUCHER and LAUREN E. SUCHER, INDIVIDUALLY AND AS THE ADMINISTRATORS OF THE ESTATE OF STEVEN A. SUCHER v. ABC COMPANY (1-10)**

93. The Plaintiffs herein incorporate by reference the preceding paragraphs as though same were set forth fully at length herein.

94. Plaintiffs pray leave of Court to seasonably amend this Complaint and name the true identities of ABC Company (1-10) if and when their true identities and roles in the within this matter are ascertained by Plaintiffs.

**WHEREFORE**, Plaintiffs pray for judgment in Plaintiffs' favor and against ABC Company Defendants, in an amount in excess of the jurisdictional threshold, plus all costs and other relief this Court deems necessary.

Respectfully submitted,

**MORGAN & MORGAN**

BY: _____
Alexander C. Hyder, Esquire
Robert N. Newman, Esquire
*Trial Counsel for Plaintiffs*

DATE: June 25, 2026

**MORGAN & MORGAN PHILADELPHIA PLLC**
Alexander C. Hyder, Esquire #320939          *Attorneys for Plaintiffs*
Robert N. Newman, Esquire #337906
2005 Market Street, Suite 600
Philadelphia, PA 19103
t. 267.780.2985
f. 267.780.2920
ahyder@forthepeople.com
Our File No. 16359282

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID SUCHER and LAUREN E. SUCHER**, as co-administrators of the **ESTATE OF STEVEN A. SUCHER** <br> Plaintiffs, <br><br> *vs.* <br><br> **9119-4662 QUEBEC INC. d/b/a NATIONAL TRANSPORT INC.** <br> *and* <br> **KORIKO GANIOU** <br> *and* <br> **MATTHEW J. SHIRES** <br> *and* <br> **JOHN DOE (1-10)** (fictitious names, true names unknown at this time) <br> *and* <br> **ABC COMPANY (1-10)** (fictitious names, true names unknown at this time) <br> Defendants. | Case No.: _____ <br><br> **CIVIL ACTION – LAW** <br> **JURY TRIAL DEMANDED** |

### NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFFS HEREBY DEMANDS AND REQUESTS THAT DEFENDANT(S) TAKE

NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS,

COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS

IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY

OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS CONTAINED IN THIS COMPLAINT.

**MORGAN & MORGAN**

BY: _____

Alexander C. Hyder, Esquire
Robert N. Newman, Esquire
*Trial Counsel for Plaintiffs*

DATE: <u>June 25, 2026</u>

## **VERIFICATION**

I, Lauren E. Sucher, Individually and as the Administrator of the Estate of Steven A. Sucher, hereby state that I am a Plaintiff in the within action and that the facts set forth in this CIVIL ACTION COMPLAINT are true and correct to the best of my knowledge, information, and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

I understand that the statements in this Verification are made subject to the penalties of the court relating to unsworn falsification to authorities.



DATE: June 24, 2026

## **VERIFICATION**

I, David Sucher, Individually and as the Administrator of the Estate of Steven A. Sucher, hereby state that I am a Plaintiff in the within action and that the facts set forth in this CIVIL ACTION COMPLAINT are true and correct to the best of my knowledge, information, and belief. To the extent that the language contained in the responses is that of counsel, Plaintiff has relied upon counsel in executing this verification.

I understand that the statements in this Verification are made subject to the penalties of the court relating to unsworn falsification to authorities.



_____

DATE: June 24, 2026