# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANELLE BROWN<br>1045 Pine Grove Rd<br>Fredericksburg, PA 17026,<br><br>And<br><br>KIERAH HARWI<br>11 East Wood Street<br>Pine Grove, PA 17963,<br><br>And<br><br>KAITLYN SCHAEFFER<br>3 Frantz Rd<br>Pine Grove, PA 17963<br><br>        Plaintiffs,<br><br>    v.<br><br>BUDDY'S LOG CABIN, INC. D/B/A<br>BUDDY'S LOG CABIN<br>97 Tremont Road<br>Pine Grove, PA 17963,<br><br>And<br><br>STEVEN DONOFRIO<br>105 Rock Road<br>Pine Grove, PA 17963<br><br>And<br><br>TRENT DONOFRIO<br>101 Rock Road<br>Pine Grove, PA 17963<br><br>      Defendants. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFFS' COMPLAINT

1

Plaintiffs Janelle Brown, Kierah Harwi, and Kaitlyn Schaeffer (collectively "Plaintiffs") by and through their undersigned counsel, Ansa Assuncao LLP, hereby file their Complaint and, in support thereof, aver:

## INTRODUCTION

1.      Three young females seek justice for the years of sexual harassment, sexual abuse, and emotional torture endured, primarily when all three were underage, at the hands of Defendants Trent Donofrio, Steve Donofrio, and Buddy's Log Cabin, Inc. (collectively "Defendants"). Because the three young women are females, they suffered unwanted sexual groping, touching, caressing, comments, and witnessed the same perpetrated on other female employees at hands of Defendants. Defendants failed to have policies and procedures in place for the young females to report this unwanted sexual conduct. Defendants did not correct this pattern of unwanted sexual conduct, nor did Defendants hold the perpetrator responsible for the same.

## PARTIES

2.      Plaintiff Janelle Brown ("Ms. Brown") is an adult female resident of the Commonwealth of Pennsylvania, who resides at the address listed in the Complaint's caption.

3.      Plaintiff Kierah Harwi ("Ms. Harwi") is an adult female with her home address at the address listed in the Complaint's caption.

4.      Plaintiff Kaitlyn Schaeffer ("Ms. Schaeffer"), is an adult resident of the Commonwealth of Pennsylvania at the address listed in the Complaint's caption.

5.      Defendant Buddy's Log Cabin, Inc. d/b/a Buddy's Log Cabin ("Buddy's") is a business organized under the laws of the Commonwealth of Pennsylvania with its principal place of business at 97 Tremont Road, Pine Grove, Pennsylvania.

6.      Defendant Steve Donofrio ("Steve") is an adult resident of the Commonwealth of Pennsylvania with a primary address of 105 Rock Road, Pine Grove, Pennsylvania.

7.      Defendant Trent Donofrio ("Trent") is an adult male resident of the Commonwealth of Pennsylvania with a primary address of 101 Rock Road, Prine Grove, Pennsylvania.

8.      At all relevant times, Steve owned, operated, controlled, managed, supervised, and possessed Buddy's Log Cabin, Inc. which operates a restaurant, Buddy's Log Cabin, which Plaintiffs all were employees thereof.

9.      At all relevant times, Trent was the manager of Buddy's Log Cabin and controlled, managed, operated, oversaw, and was responsible for the hiring, training, and supervision of all Buddy's Log Cabin employees.

10.     At all relevant times, Buddy's acted by and through its owner, Steve, and through its employee and manager, Trent, and other employees, agents and/or ostensible agents, all of whom were at all times acting or failing to act within the course and scope of their employment, agency and/or ostensible agency and under color of their authority.

### JURISDICTION AND VENUE

11.     The Court exercises original subject-matter jurisdiction over Plaintiffs' Title VII claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because they arise under the laws of the United States, and she seeks redress for violations of federal law.

12.     Pursuant to 28 U.S.C. §1367, this Court also has pendent and supplemental jurisdiction over Plaintiffs' state law claims against Trent under the PHRA and over their common law tort claims, because they form part of the same case or controversy under Article III of the United States Constitution.

13. All the acts and/or omissions giving rise to Plaintiffs' claims occurred within Pine Grove, Schuylkill County, in the Middle District of Pennsylvania.

14. Both jurisdiction and venue are proper.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15. On or about February 10, 2025, Ms. Harwi dual filed a complaint against the Defendants, with the Pennsylvania Human Relations Commission ("PHRC") and the United States Equal Employment Opportunity Commission ("EEOC"), alleging discrimination and harassment in violation of the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act of 1964.

16. On March 4, 2026, the PHRC served Ms. Harwi with written notice of her right to file a lawsuit on her federal claims.

17. Ms. Harwi has exhausted her administrative remedies, and timely files this action seeking relief under both federal and state law.

18. On or about May 14, 2025, Ms. Brown, through her legal guardian – she has since turned eighteen years old – dual filed a complaint against the Defendants, with the PHRC and the EEOC, alleging discrimination and harassment in violation of the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act of 1964.

19. On June 4, 2026, the PHRC served Ms. Brown with written notice of her right to file a lawsuit on her federal claims.

20. Ms. Brown has exhausted her administrative remedies, and timely files this action seeking relief under both federal and state law.

21. On or about May 14, 2025, Ms. Schaeffer, through her legal guardian – she has since turned eighteen years old – dual filed a complaint against the Defendants, with the PHRC

4

and the EEOC, alleging discrimination and harassment in violation of the Pennsylvania Human Relations Act and Title VII of the Civil Rights Act of 1964.

22.    On June 4, 2026, the PHRC served Ms. Schaeffer with written notice of her right to file a lawsuit on her federal claims.

23.    Ms. Schaeffer has exhausted her administrative remedies, and timely files this action seeking relief under both federal and state law.

## FACTUAL BACKGROUND

### Janelle Brown

24.    Defendants hired Ms. Brown in June of 2020 – she was fourteen (14) years old when hired.

25.    Defendants never performed sexual harassment training for her, or any employee, manager or owner, nor was there a sexual harassment policy in place.

26.    Ms. Brown worked as a hostess and server before Steve and/or Trent promoted, moved, and/or assigned her to be a cook.

27.    Ms. Brown worked as a server and/or cook during her employment with Defendants.

28.    Trent also worked as a cook in the kitchen, a small area with tight corners and tight spaces – Trent was Ms. Brown's manager.

29.    Trent was responsible, controlled, managed, and directed employees time, schedules, positions, employment, and payment for the benefit of Steve and Buddy's.

30.    Ms. Brown worked on average six to seven days a week for fifty-two (52) weeks of the year.

31.    During her shifts while employed by Defendants, Ms. Brown suffered the following acts, which include but are not limited to the below, perpetrated by Trent, within the course and scope of his employment and under the management of Steve at Buddy's:

   a.    Propositioned to flash Trent her breast for a raise, bonus, or t-shirt;

   b.    Groped, touched, rubbed up on, or grabbed by Trent – this includes her breasts, hips, butt, waist, and other areas;

   c.    Have her bra unhooked by Trent;

   d.    Pressed up on Plaintiffs with his own crotch, buttock, and/or waist area;

   e.    During snapchat text exchanges, be propositioned to send explicit snapchats and/or propositioned for sex by Trent – all with the app Trent requested the employees use to contact him for scheduling issues;

   f.    Have Trent describe sexual acts he wished to perform on her;

   g.    Have Trent proposition her for sex;

   h.    Watch Trent perform one or more of such acts to other female employees; and

   i.    Provided alcohol by Trent during shifts where Trent would drink with the underaged staff and engage in one or more of the above-described acts.

32.    Around January of 2024, Trent solicited Ms. Brown to change before or after work in his office.

33.    Ms. Brown did change in the office.

34.    Upon information and belief, at or around the same time, Trent hid a camera in his office that recorded the events and activities therein.

35.    Trent is the only one who had access to the camera's recordings.

6

36. To change for work, Ms. Brown would have to undress to her underwear, sometimes to half naked, and sometimes completely naked to change before or after work.

37. Upon information and belief, Ms. Brown was recorded by Trent before and/or after her work shifts changing in his office – again, during the entirety of her employment with Defendants she was under the age of eighteen (18).

38. Due to the pervasive nature of the sexual harassment endured and witnessed at Buddy's, Ms. Brown quit her employment to escape the hostile work environment in June of 2024.

39. Ms. Brown suffered approximately four (4) years of sexual harassment, and a hostile work environment fostered and perpetuated by the negligence, carelessness, recklessness, and egregious conduct of Defendants.

40. Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Brown has suffered and will continue to suffer extreme emotional distress, depression, anxiety and related health problems, and has irreparably harmed self-esteem and self-confidence, all to her great detriment and loss.

41. Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Brown suffered financial harm to her past earnings and will suffer harm to her future earnings capacity.

42. Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Brown was forced to and will be forced to expend sums of money on medical treatments and care.

43. Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Brown has suffered and will continue to suffer mental anguish, embarrassment,

7

humiliation, and other incidental costs, all of which Ms. Brown believes and therefore avers will be permanent in nature.

44.     Ms. Brown in no manner contributed to her injuries and damages.

45.     Defendants' reckless indifference for Ms. Brown's rights and safety through the events described herein caused her injuries and damages.

**Kierah Harwi**

46.     Defendants hired Ms. Harwi in August of 2021 – Plaintiff was sixteen (16) years old at that time.

47.     Defendants never performed sexual harassment training for her, or any employee, manager or owner, nor was there a sexual harassment policy in place.

48.     Ms. Harwi worked as a hostess and server before Steve and Trent promoted, moved, and/or assigned her to be a cook.

49.     Ms. Harwi worked as a server and/or cook during her employment with Defendants.

50.     Trent also worked as a cook in the kitchen, a small area with tight corners and tight spaces – Trent was Ms. Harwi's manager.

51.     Trent was responsible, controlled, managed, and directed employees time, schedules, positions, employment, and payment for the benefit of Steve and Buddy's.

52.     Ms. Harwi worked, on average, four (4) shifts a week for fifty-two (52) weeks a year at Buddy's.

53.     During her shifts, Ms. Harwi suffered the following acts, which include but are not limited to the below, perpetrated by Trent, within the course and scope of his employment and under the management of Steve at Buddy's:

a. Propositioned to flash Trent her breast for a raise, bonus, or t-shirt;

b. Groped, touched, rubbed up on, and/or grabbed by Trent – this includes her breasts, hips, butt, waist, and other areas;

c. Propositioned for oral sex or other sexual acts;

d. Have her bra unhooked by Trent;

e. Pressed up on Plaintiffs with his own crotch, buttock, and/or waist area;

f. Have ice thrown down her shirt by Trent and to have Trent watch it melt;

g. Have Trent describe sexual acts he wished to perform on her;

h. Watch Trent perform one or more such acts to other female employees; and

i. Provided alcohol by Trent during shifts where Trent would drink with the underaged staff and engage in one or more of the above-described acts.

54. Around January of 2024, Trent solicited Ms. Harwi to change before or after work in his office.

55. Ms. Harwi did change in the office.

56. Upon information and belief, at or around the same time, Trent hid a camera in his office that recorded the events and activities therein.

57. Trent is the only one who had access to the camera's recordings.

58. To change for work, Ms. Harwi would have to strip down to her underwear or sometimes half naked to change before or after work.

59. After changing alone in the office when she needed to, Trent then made a comment to Ms. Harwi that he noticed Ms. Harwi did not shave her pubic region.

9

60.     Upon information and belief, Ms. Harwi was recorded by Trent before and/or after her work shifts changing in his office – again, during her employment at Buddy's she was under the age of eighteen (18).

61.     Due to the pervasive nature of the sexual harassment endured and witnessed at Buddy's, and due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Harwi quit her employment to escape the hostile work environment in June of 2024.

62.     Ms. Harwi suffered approximately three (3) years of sexual harassment and a hostile work environment fostered and perpetuated by the negligence, carelessness, recklessness, and egregious conduct of Defendants.

63.     Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Harwi has suffered and will continue to suffer extreme emotional distress, depression, anxiety and related health problems, and has irreparably harmed self-esteem and self-confidence, all to her great detriment and loss.

64.     Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Harwi suffered financial harm to her past earnings and will suffer harm to her future earnings capacity.

65.     Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Harwi will be forced to expend sums of money on medical treatments and care.

66.     Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Harwi has suffered and will continue to suffer mental anguish, embarrassment, humiliation, and other incidental costs, all of which Ms. Harwi believes and therefore avers will be permanent in nature.

67.    Ms. Harwi in no manner contributed to her injuries and damages

68.    Defendants' reckless indifference for Ms. Harwi's rights and safety through the events described herein caused her injuries and damages.

**Kaitlyn Schaeffer**

69.    Defendants hired Ms. Schaeffer in May of 2023 – Plaintiff was sixteen (16) years old at that time.

70.    Defendants never performed sexual harassment training for any employee, manager or owner, nor was there a sexual harassment policy in place.

71.    Ms. Schaeffer worked as a hostess and server for Defendants.

72.    Trent was Ms. Schaeffer's manager.

73.    Trent was responsible, controlled, managed, and directed employees time, schedules, positions, employment, and payment for the benefit of Steve and Buddy's.

74.    During her shifts, Ms. Schaeffer suffered the following acts, which include but are not limited to the below, perpetrated by Trent, within the course and scope of his employment and under the management of Steve at Buddy's:

   a.    Propositioned to flash Trent her breast for a raise, bonus, or t-shirt;

   b.    Groped, touched, rubbed up on, or grabbed by Trent – this includes her breasts, hips, butt, waist, and other areas;

   c.    Have her bra unhooked by Trent;

   d.    Pressed up on Plaintiffs with his own crotch, buttock, and/or waist area;

   e.    Have ice thrown down her shirt by Trent and to have Trent watch it melt;

   f.    Have Trent describe sexual acts he wished to perform on her;

   g.    Watch Trent perform one or more such acts to other girl employees; and

11

h.  Provided alcohol by Trent during shifts where Trent would drink with the underaged staff and engage in one or more of the above-described acts.

75.  Around January of 2024, Trent solicited Ms. Schaeffer to change before or after work in his office.

76.  Upon information and belief, at or around the same time, Trent hid a camera in his office that recorded the events and activities therein.

77.  Trent is the only one who had access to the camera's recordings.

78.  To change for work, Ms. Schaeffer would have to undress to her underwear or sometimes half naked to change before or after work.

79.  Upon information and belief, Ms. Schaeffer was recorded by Trent before and/or after her work shifts changing in his office – again, during the entirety of her employment with Defendants, she was under the age of eighteen (18).

80.  Due to the pervasive nature of the sexual harassment endured and witnessed at Buddy's Plaintiff quit her employment to escape the hostile work environment in June of 2024.

81.  Ms. Schaeffer suffered approximately ten (10) months of sexual harassment and a hostile work environment perpetuated and fostered by the negligence, carelessness, recklessness, and egregious conduct of Defendants.

82.  Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Schaeffer has suffered and will continue to suffer, extreme emotional distress, depression, anxiety and related health problems, and has irreparably harmed self-esteem and self-confidence, all to her great detriment and loss.

83.     Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Schaeffer suffered financial harm to her past earnings and will suffer harm to her future earnings capacity.

84.     Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Schaeffer will be forced to expend sums of money on medical treatments and care.

85.     Due to the negligence, carelessness, recklessness, and egregious conduct of Defendants, Ms. Schaeffer has suffered and will continue to suffer mental anguish, embarrassment, humiliation, and other incidental costs, all of which Ms. Schaeffer believes and therefore avers will be permanent in nature.

86.     Ms. Schaeffer in no manner contributed to her injuries and damages.

87.     Defendants' reckless indifference for Ms. Schaeffer's rights and safety through the events described herein caused her injuries and damages.

**COUNT I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Gender Discrimination; [2] Sexual Harassment; [3] Hostile Work Environment)**
**Plaintiffs vs. Defendants**

88.     Plaintiffs incorporate by reference all previous paragraphs as if set forth herein.

89.     Plaintiffs were subject to a hostile work environment, when they were are all underage, through unwelcomed sexual comments, gestures, touching, propositions, requests, and acts that were severe and/or pervasive by the actions and inactions of Defendants.

90.     Plaintiffs suffered this severe and/or pervasive sexual harassment, through unwelcomed sexual comments, gestures, touching, propositions, requests, and acts, all because they are females.

13

91.    Defendants had actual and/or constructive knowledge that Plaintiffs were subject to unwelcomed sexual comments, gestures, touching, propositions, requests, and acts but failed to have trainings, a reporting system, or any procedure in place to assist Plaintiffs in seeking help to end the severe and/or pervasive sexual harassment of Defendants, and Defendants failed to intervene to stop the conduct.

92.    Due to the severe and/or pervasive sexual harassment and abuse caused by Defendants, Plaintiffs were forced to quit their jobs at Defendants' restaurant.

93.    Due to the severe and/or pervasive sexual harassment and abuse caused by Defendants, Plaintiffs lost the financial benefits, tangible benefits, and intangible benefits of their employment at the restaurant and suffered all aforementioned injuries and damages.

WHEREFORE Plaintiffs respectfully request this Honorable Court grant judgment against Defendants and award them compensatory damages, punitive damages, attorney's fees, costs of suit, delay damages, and any other relief available at law or equity as deemed appropriate by the Court.

**COUNT II**
**Violation of Pennsylvania Human Relations Act 43 P.S. §§ 951-963**
**([1] Gender Discrimination; [2] Sexual Harassment; [3] Hostile Work Environment)**
**Plaintiffs vs. Defendants**

94.    Plaintiffs incorporate by reference all previous paragraphs as if set forth herein.

95.    Plaintiffs were subject to a hostile work environment, when they were are all underage, through unwelcomed sexual comments, gestures, touching, propositions, requests, and acts that were severe and/or pervasive by the actions and inactions of Defendants.

96.    Plaintiffs suffered this severe and/or pervasive sexual harassment, through unwelcomed sexual comments, gestures, touching, propositions, requests, and acts, all because they are females.

14

97.　Defendants had actual and/or constructive knowledge that Plaintiffs were subject to unwelcomed sexual comments, gestures, touching, propositions, requests, and acts but failed to have trainings, a reporting system, or any procedure in place to assist Plaintiffs in seeking help to end the severe and/or pervasive sexual harassment of Defendants, and Defendants failed to intervene to stop the conduct.

98.　Due to the severe and/or pervasive sexual harassment and abuse caused by Defendants, Plaintiffs were forced to quit their jobs at Defendants' restaurant.

99.　Due to the severe and/or pervasive sexual harassment and abuse caused by Defendants, Plaintiffs lost the financial benefits, tangible benefits, and intangible benefits of their employment at the restaurant and suffered all aforementioned injuries and damages.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant judgment against Defendants and award them compensatory damages, punitive damages, attorney's fees, costs of suit, delay damages, and any other relief available at law or equity as deemed appropriate by the Court.

**COUNT III**
**Negligence**
**Plaintiffs vs. Defendants**

100.　Plaintiffs incorporate by reference all previous paragraphs as if set forth herein.

101.　Defendants owed Plaintiffs duty(ies) of care.

102.　Defendants breached that duty(ies) by:

    a.　Failing to have a sexual harassment policy;

    b.　Failing to have a policy and/or procedure which to report sexual harassment;

    c.　Failing to train Trent Donofrio;

15

d.  Failing to train all employees in sexual harassment awareness, signs, reporting, requirements, and employees' rights under law;

e.  Allowing Trent Donofrio to continue to be the manager of the restaurant with actual and/or constructive knowledge of Trent's actions towards the female employees;

f.  Hiring Trent Donofrio;

g.  Retaining Trent Donofrio;

h.  Failing to adequately supervise Trent Donofrio;

i.  Failing to warn Plaintiffs, and others, of Trent Donofrio's actions;

j.  Having no adequate policy for disclosing, informing, or telling employees of cameras in the office;

k.  Failing to warn employees of a camera in the office;

l.  Recording underage girls changing;

m. Installing a camera in an office without the employees' knowledge;

n.  Requesting employees change in an office with a camera; and

o.  Violation of state law, codes, and federal laws and codes.

103.    As the sole direct, proximate, factual, and legal result of Defendants' negligence, carelessness, recklessness, and grave indifference to the rights and safety of Plaintiffs and others, Plaintiffs suffered the aforementioned injuries and damages.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant judgment against Defendants and award them compensatory damages, punitive damages, attorney's fees, costs of suit, delay damages, and any other relief available at law or equity as deemed appropriate by the Court.

**COUNT IV**
**Intentional Infliction of Emotional Distress**
**Plaintiffs vs. Defendants**

104.    Plaintiffs incorporate by reference all previous paragraphs as if set forth herein.

105.    Through a systematic continuous course of conduct over the abovementioned times for each Plaintiff, Defendants deliberately, with malice and hostile intent, inflicted extreme emotional distress upon Plaintiffs through acts and omissions including but not limited to:

a.  Grabbing Plaintiffs' breasts, hips, buttocks, shoulders, hair, and other body parts without their permission while the Plaintiffs were under 18 years old;

b.  Propositioning Plaintiffs for sexual favors while the Plaintiffs were under 18 years old;

c.  Promising Plaintiffs monetary or other rewards for sexual favors while the Plaintiffs were under 18 years old;

d.  Making lewd, sexual, and/or sexually charged remarks to Plaintiffs while Plaintiffs were under the age of 18;

e.  Sending lewd, sexually charged, and disturbing messages to Plaintiffs, while the Plaintiffs were under 18 years old, through SnapChat app/software;

f.  Providing alcohol to Plaintiffs and engaging in sexual touching, grabbing, groping, propositioning Plaintiffs for sexual favors, and/or describing sexual acts to Plaintiffs, when Plaintiffs were under the age of 18.

g.  Cornering Plaintiffs out of the sight of cameras, to sexually grab, grope, and touch, and to proposition Plaintiffs for sexual favors, when Plaintiffs were under the age of 18;

17

h. Placing a camera to record Plaintiffs while changing into work uniforms or back into street clothes without Plaintiffs' knowledge and while Plaintiffs were under the age of 18; and

i. Pressing on Plaintiffs with one's own crotch and/or waist area while Plaintiffs were under the age of 18.

106. Defendants had actual and/or constructive knowledge of the abovementioned acts but failed to implement policies or procedures to end the conduct nor did Defendants do anything to hold the person perpetrating the egregious acts on underage females accountable nor intervene.

107. Due to this systematic continuous course of conduct over the abovementioned times for each Plaintiff, Plaintiffs suffered the above-mentioned injuries and damages, and suffered such extreme distress, anxiety, and depression which required and will require treatment and care for the indefinite future.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant judgment against Defendants and award them compensatory damages, punitive damages, attorney's fees, costs of suit, delay damages, and any other relief available at law or equity as deemed appropriate by the Court.

**Count V**
**Negligent Infliction of Emotional Distress**
**Plaintiffs vs. Defendants**

108. Plaintiffs incorporate by reference all previous paragraphs as if set forth herein.

109. As a direct, proximate, factual, and legal result of Defendants' negligence, carelessness, recklessness, and grave indifference to the rights and safety of Plaintiffs and others, Plaintiffs were caused to sustain severe emotion distress and suffering.

18

110.     As a direct, proximate, factual, and legal result of Defendants' negligence, carelessness, recklessness, and grave indifference to the rights and safety of Plaintiffs and others, described in detail above, Plaintiffs suffered severe emotional harm and distress and all aforementioned damages and injuries.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant judgment against Defendants and award them compensatory damages, punitive damages, attorney's fees, costs of suit, delay damages, and any other relief available at law or equity as deemed appropriate by the Court.

**Law Office of Joseph P. Nahas**

By:

Joseph P. Nahas, Esquire (ID #86909)
214 S. Lehigh Ave.
Frackville, PA 17931
(570) 874-2492
lawofficeofjosephnahas@gmail.com
*Attorneys for Plaintiffs*

**ANSA ASSUNCAO LLP**

By:

Ryan R. Corkery, Esquire (ID #200570)
Patrick D. MacAvoy, Esq. (ID #209005)
Kathryn V. Chandless, Esq. (ID # 94977)
1255 Drummers Lane, Suite 300
Wayne, PA 19087
(267) 528-0750
ryan.corkery@ansalaw.com
patrick.macavoy@ansalaw.com
kathryn.chandless@ansalaw.com
*Attorneys for Plaintiffs*

19