IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIZABETH BURRUSS and | : | CIVIL ACTION |
| SHANE BURRUSS, w/h | | |
| 23327 Weller Place | : | NO.: |
| Woodland Hills, CA 91367 | | |
| | : | |
| v. | | |
| | : | ASSESSMENT OF DAMAGES |
| KNOEBELS AMUSEMENT PARK | | HEARING IS REQUIRED |
| AND RESORT | : | |
| d/b/a Knoebels Kares and/or | | JURY TRIAL DEMANDED |
| d/b/a Knoebels Grove Amusement Park | : | TWELVE JURORS REQUESTED |
| and/or d/b/a Knoebels Three Ponds, Inc. | | |
| 391 Knoebels Boulevard | : | |
| Elysburg, PA 17824 | : | |

## PLAINTIFFS' CIVIL ACTION COMPLAINT

Plaintiffs, Elizabeth Burruss and Shane Burruss, by and through their counsel, Jeffrey D. Schmidt, Esquire, Jeffrey I. Zimmerman, Esquire and Matthew A. Fleishman, Esquire, state the following in their Complaint against Defendant, Knoebels Amusement Park and Resort:

## THE PARTIES

1. The Plaintiffs, Elizabeth Burruss and Shane Burruss, are adult individuals and reside at 23327 Weller Place, Woodland Hills, CA 91367.

2. The Defendant, Knoebels Amusement Park and Resort d/b/a Knoebels Kares and/or d/b/a Knoebels Grove Amusement Park and/or d/b/a Knoebels Three Ponds, Inc., is a corporation created and existing under the laws of the Commonwealth of Pennsylvania with an office for acceptance of service and a principle place of business at 391 Knoebels Boulevard, Elysburg, PA 17824, and conducting business in said Commonwealth.

3. At all times material and relevant to this Complaint, the Defendant acted through the conduct of their servants, agents and employees, said persons acting within the course and scope of their employment and/or agency.

**JURISDICTION**

4. The cause of action described hereinafter accrued in the Commonwealth of Pennsylvania, Northumberland County, the location of the accident causing injury to the Plaintiff and giving rise to the instant litigation.

5. Jurisdiction in this Civil Action is pursuant to 28 U.S.C. §1332(a)(1), as this matter is between citizens of different States, and complete diversity exists, and the amount in controversy is in excess of $75,000.00.

6. Venue in this Civil Action is proper pursuant to 28 U.S.C. §1391(a)(2) and (3), as a substantial part of the events and omissions giving rise to this claim occurred herein and the Defendant is subject to personal jurisdiction as they have continuous and systematic contacts with the Commonwealth of Pennsylvania.

**FACTUAL BACKGROUND**

7. At all times material and relevant to the instant Complaint, the Defendant owned, operated, managed, controlled and/or was otherwise responsible for Knoebels Amusement Resort, located at 391 Knoebels Boulevard, Route 487, Elysburg, PA 17824.

8. At all times material and relevant to the instant Complaint, the Defendant held itself out as operating a facility that was reasonably safe for its patrons and specifically, that the ingress and egress to the amusement rides could be utilized safely and without an unreasonable risk of harm.

9. At all times material and relevant to the instant Complaint, the Plaintiff relied upon the expertise, experience, skill, knowledge and the resources of the Defendant to provide a safe experience accessing and utilizing the Defendant's establishment and the rides contained therein, and to have an awareness of the risks of utilizing the amusement rides therein, and to provide them with reasonable protection therefrom.

10. At all times material and relevant to the instant Complaint, the Defendant operated an amusement ride known as the "Giant Wheel," a Ferris wheel which, when in operation, rotates the Defendant's patrons in a vertical circular motion within passenger cars, carriages or pods.

11. In the course of the operation of the Giant Wheel, the Defendant's patrons would exit from the said cars, carriages or pods from an adjacent platform, which contained three loading stations, with only the center loading station being completely flat and level and the two outer loading stations being on angles.

12. At all times material and relevant to the instant Complaint, the manner in which passengers would unload from the passenger pods would be to step up from the passenger pod, over the lip of the pod and across the gap between the said pod and the adjacent platform.[1]

13. At all times material and relevant to the instant Complaint, the Giant Wheel was supervised, managed and attended by an employee of the Defendant who would control the movements of the Ferris wheel, give the patrons instructions when necessary and assist the said patrons in entering into and exiting from the passenger pods.

14. On or about July 28, 2024, at or about 12:45 p.m., the Plaintiff, Elizabeth Burruss, was a business invitee and patron of the Defendant who had just completed a ride on the Giant Wheel when, at which time, as the Plaintiff was exiting the passenger pod while holding her child, requiring her to step up over the lip of the passenger pod and over the gap onto the adjacent platform, her extended foot became stuck, caught and twisted on the surface of the angled loading platform, as the result of which she was caused to suffer severe and debilitating injuries.

15. At all times material and relevant to the instant Complaint, the Defendant, through its employees, had a duty to operate the amusement rides in a safe, responsible, attentive and non-reckless manner, and to take no action of which they were substantially certain would cause harm to its patrons.

16. The negligence, carelessness and recklessness of the Defendant herein consisted, inter alia, of the following:

    (a) providing and maintaining a loading and unloading ramp on an incline rather than a flat surface;

---

[1] The manner of leaving the ride is very different from entering it, where the occupant steps down into the pod.

(b)     failing to provide a level, even and flat surface to step onto when unloading from the Giant Wheel;

(c)     providing and maintaining the unloading platform at a height where the lip of the Giant Wheel passenger pod was at a greater height than the adjacent platform, causing the occupant to be forced to extend their leg in an unsafe manner when exiting from the said passenger pod;

(d)     providing and maintaining the unloading platform the Giant Wheel at an excessive distance from the resting position of the passenger pod, causing the occupant to be forced to extend their leg in an unsafe manner when unloading from the said passenger pod;

(e)     failing to assist the Plaintiff in exiting the said passenger pod, in consideration that she was holding a small child;

(f)     failure to have sufficient staff assigned to the Giant Wheel in order to be able to assist all patrons that required assistance;

(g)     failing to provide supervision and training to their employees in regard to remaining at and in the vicinity of the areas of the Giant Wheel at which passengers unload in order to render assistance;

(h)     failing to warn the Plaintiff of the risk associated with exiting the Giant Wheel, as set forth above;

(i)     failure to provide the Plaintiff the heightened duty of care owed to a business invitee;

(j)     failure to provide the Plaintiff the heightened duty of care owed by a common carrier to a passenger; and

(k)     violations of applicable codes, ordinances and standards including, but not limited to the Amusement Ride Inspection Act, 4 P.S., Amusements et seq.; 7 Pa. Code Chapter 139; Operators' & Attendants' Manual for Amusement Rides & Attractions; Global Association for the Attractions Industry manuals and handbooks; and United States Access Board accessibility guidelines.

## COUNT I

## ELIZABETH BURRUSS V. KNOEBELS AMUSEMENT PARK AND RESORT

17. The Plaintiff, Elizabeth Burruss, incorporates herein, by reference thereto, paragraphs one through sixteen, inclusive, as though the same were set forth herein at length.

18. As a result of this accident, the Plaintiff has suffered injuries which are, or may be serious and permanent, including, but not limited to injuries to her left leg, left knee, left foot and ankle; contusions and abrasions; severe damage to the nerves and nervous system and various other ills and injuries.

19. As a further result of this accident, the Plaintiff has been obligated to receive and undergo medical attention and care for her injuries, and to incur various expenses for said care, and she may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

20. As a further result of this accident, the Plaintiff has suffered an injury which may be in full or part a cosmetic disfigurement which is or may be permanent, irreparable, or severe.

21. As a further result of this accident, the Plaintiff has been unable to attend to her daily chores, duties and occupations, and may be unable to do so for an indefinite time in the future.

22. As a direct and reasonable result of the accident, the Plaintiff has and may continue to in the future incur other financial expenses or losses which to which she may otherwise be entitled to recover.

23. As a further result of the accident, the Plaintiff has suffered severe physical pain, aches, mental anguish, and humiliation, inconveniences, and loss of life's pleasures, and she may continue to suffer the same for an indefinite time in the future.

**WHEREFORE**, the Plaintiff, Elizabeth Burruss, demands damages of the Defendant, Knoebels Amusement Park and Resort, in a sum in excess of $75,000.00, plus interest, costs and attorneys fees.

**COUNT II**

**SHANE BURRUSS V. KNOEBELS AMUSEMENT PARK AND RESORT**

24. The Plaintiff, Shane Burruss, incorporates herein, by reference thereto, paragraphs one through twenty-three, inclusive, as though the same were set forth herein at length.

25. Solely as a result of the negligence of the Defendant, the Plaintiff, Shane Burruss, has, is, and will be caused to lose the society, comfort, companionship, support and consortium of his wife, Elizabeth Burruss.

**WHEREFORE**, the Plaintiff, Shane Burruss, demands damages of the Defendant, Knoebels Amusement Park and Resort, in a sum in excess of $75,000.00, plus interest, costs and attorneys fees.

**SCHMIDT, ZIMMERMAN &
FLEISHMAN**

By: /s/ Jeffrey D. Schmidt
JEFFREY D. SCHMIDT, ESQUIRE
JEFFREY I. ZIMMERMAN, ESQUIRE
MATTHEW A. FLEISHMAN, ESQUIRE
Attorneys for Plaintiffs,
Elizabeth Burruss and
Shane Burruss

# VERIFICATION

I, Elizabeth Burruss, hereby verify that the statements made in the foregoing writing are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa. C. S. § 4904, relating to unsworn falsification to authorities.

Ⓧ _Elizabeth Burruss_

DATED: __July 1, 2026__