**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDDIE D. GAULT, | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| RACHEL RODRIGUEZ and JACKIE A. ZUPO INSURANCE AGENCY, INC. | |
| Defendants. | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendants Rachel Rodriguez and Jackie A. Zupo Insurance Agency, Inc. (sometimes collectively, "Defendants") are removing the civil action captioned *Eddie D. Gault v. Rachel Rodriguez and Jackie A. Zupo Insurance Agency, Inc.*, pending in the Court of Common Pleas of Perry County, Pennsylvania at Case Number CV-2026-363, to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

**I.    INTRODUCTION**

1.    On April 27, 2026, Plaintiff Eddie D. Gault ("Plaintiff") initiated this civil action by filing a Writ of Summons against Defendant Rachel Rodriguez in the Court of Common Pleas of Perry County, Pennsylvania at Case Number CV-2026-363. On May 20, 2026, Plaintiff filed a second Writ of Summons under the same state court docket against both of the above-named Defendants. Copies of both state court Writs are attached collectively as **Exhibit A**.

2.    On June 9, 2026, Plaintiff filed a Complaint against Defendants. A true and correct copy of Plaintiff's Complaint is attached to this Notice of Removal as **Exhibit B**. Plaintiff's

1

Complaint was served on Defendants on June 15, 2026.  The Complaint is the initial pleading setting forth Plaintiff's claims raised in this litigation.

3.      Plaintiff's Complaint alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA") through their alleged use of automated telephone equipment (Count I) and alleged failure to maintain a "Do Not Call" Policy (Count II) and to identify the caller (Count III) and violated the Pennsylvania Telemarketers Registration Act ("PTRA") and Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count IV) by allegedly failing to register as telemarketers.  Plaintiff's Complaint demands a total judgment of $6,600 in connection with his claims against Defendants.

## II.    THIS COURT HAS SUBJECT MATTER JURISDICTION OF THIS CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1332.

### A.    This Court has original subject matter jurisdiction of Plaintiff's claim for violations of the TCPA (Counts I-III) pursuant to 28 U.S.C. § 1331.

4.      This Court has original subject matter jurisdiction of Plaintiff's claim against Defendants for violations of the TCPA (Counts I-III) pursuant to 28 U.S.C. § 1331 because the federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and this civil action arises under the TCPA, a federal law.  *See e.g. Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163 (3d Cir. 1987).

### B.    This Court has supplemental or pendent subject matter jurisdiction of Plaintiff's claims for violations of the PTRA and the UTPCPL (Count IV) pursuant to 28 U.S.C. § 1367.

5.      This Court should also exercise jurisdiction over Plaintiff's claim for violations of the PTRA and the UTPCPL against Defendants (Count IV) pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiff's claims for violations of the TCPA against Defendants that they form part of the same case or controversy under Article III of the United States Constitution.  28

U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *see also Local No. 1 (ACA) Broadcast Employees of International Brotherhood of Teamsters, etc. v. International Brotherhood of Teamsters,* 614 F.2d 846, 850 (3d Cir. 1980) ("Federal courts have the constitutional power to exercise pendent jurisdiction when the state and federal claims derive from a common nucleus of operative fact, such that the plaintiff would ordinarily be expected to try them all in one judicial proceeding, and when the federal claim has sufficient substance to confer subject matter jurisdiction on the court.")

### III. DEFENDANTS HAVE SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

6. Plaintiff's Complaint was filed on June 9, 2026 and served on Defendants on or around June 15, 2026. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b). 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.")

7. Copies of all process, pleadings, and orders served on Defendants are attached to this Notice of Removal under Exhibits A and B.

8. The Court of Common Pleas of Perry County, Pennsylvania is located within the Middle District of Pennsylvania, *see* 28 U.S.C. § 105(b), and venue for this action is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1441(a) because the Middle District of Pennsylvania is the "district and division embracing the place where such action is pending."

9.      Immediately following the filing of this Notice of Removal, Defendants will file a Notice of Filing Notice of Removal in the Court of Common Pleas of Perry County, Pennsylvania and serve the same upon Plaintiff as required by 28 U.S.C. § 1446(d).  A true and correct copy of the Notice of Filing Notice of Removal (without Exhibit 1) is attached hereto as **Exhibit C**.

## IV.     NON-WAIVER AND RESERVATION

10.     By removing this civil action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law.  Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims and/or seek dismissal of Plaintiff's claims on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of forum *non conveniens*. Defendants also expressly reserves the right to assert any other defenses and/or objections to which they may be entitled.

WHEREFORE, Defendants give notice that the civil action captioned *Eddie D. Gault v. Rachel Rodriguez and Jackie A. Zupo Insurance Agency, Inc.*, pending in the Court of Common Pleas of Perry County Pennsylvania at Case Number CV-2026-363, is removed to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Respectfully submitted,

Dated: July 9, 2026

/s/ John J. Berry
John J. Berry, Esq.
Pa. I.D. No. 313481
Sarah M. Hillman, Esq.
Pa. I.D. No. 330305

DINSMORE & SHOHL LLP
1300 Six PPG Place
Pittsburgh, PA 15222

4

412.281.5000 (t)
412.281.5055 (f)
John.berry@dinsmore.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following this 9th day of July, 2026 via E-mail:

> Eddie D. Gault
> 4 Knuth Road
> Duncannon, PA 17020
> roadster19611952@gmail.com
>
> *Plaintiff*

/s/ John J. Berry
John J. Berry, Esq.

*Counsel for Defendants*