JS 44  (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

John Brock

## DEFENDANTS

WH Capital, LLC and Waffle House, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Morgan and Morgan Philadelphia PLLC, Erin L. Bock, Esq., Two Gateway Center, 603 Stanwix Street, Suite

Attorneys *(If Known)*

Andrew J. Race, Esq., Moore Ingram Johnson & Steele, LLP 101 Erford Road, Suite 300, Camp Hill, PA 17011

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USCS Section 1332

Brief description of cause:
Plaintiff alleges personal injury in a Waffle House Bathroom, in excess of $75,000.00

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
+ $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER  CV-2026-01763

DATE

July 9, 2026

SIGNATURE OF ATTORNEY OF RECORD

/s/ Andrew J. Race, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Andrew J. Race, ID # 318622
Moore Ingram Johnson and Steele LLP
101 Erford Road, Suite 300
Camp Hill, PA 17011
PH: (717) 790-2854
FX: (717) 790-2872.
EM: kegonzalez@mijs.com          *Counsel for Defendants, Waffle House Inc., WH Capital, LLC*
       ajrace@mijs.com

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN BROCK,     :
                               :
          Plaintiff     :          CIV. NO.:
                               :
     v.                    :
                               :
WH CAPITAL, LLC and      :
WAFFLE HOUSE, INC.      :
                               :
          Defendants.     :          JURY TRIAL DEMANDED

## NOTICE OF REMOVAL

NOW COMES the Defendants WH Capital, LLC & Waffle House, Inc., by undersigned counsel and give Notice that this action is hereby removed from the Court of Common Please of Washington County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania on the following basis:

1.     On or about March 9, 2026, the Plaintiff John Brock filed a Complaint in the Court of Common Pleas of Washington County under case number CV-2026-

01763 against Defendants WH Capital, LLC & Waffle House, Inc. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.

2.      The Complaint purports to state claims of Negligence against Defendants. *See* Exhibit A.

3.      On May 12, 2026 Plaintiff filed an Affidavit of Service of the Complaint upon WH Capital, LLC via U.S. Certified mail. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit B.

4.      On or about April 8, 2026, the undersigned counsel filed its Answer to the Complaint with New Matter. A true and correct copy of the Answer with New Matter is attached hereto as Exhibit C.

5.      Thereafter, on or about May 19, 2026, Defendants served Plaintiffs with Requests for Admissions. A true and correct copy of the Requests for Admissions are attached hereto as Exhibit D.

6.      As part of those Requests for Admissions Plaintiff's were asked to "[a]dmit or deny that the amount in controversy does not exceed $75,000.00." *See* Exhibit D.

7.      On or about June 18, 2026, Plaintiff served it's Answers to Defendants Request for Admissions. A true and correct copy of Plaintiff's Responses to Defendant's Requests for Admissions is attached hereto as Exhibit E.

8.     Pursuant to Plaintiff's responses in Exhibit E, Plaintiff certified that his the amount in controversy exceeds $75,000.00. *See* Exhibit E.

9.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C.S §1332 because, upon information and belief, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and diversity of citizenship exists.

10.     Diversity jurisdiction exists in this case based on the following:

    a. The Plaintiff John Brock is an adult individual who resides at 4850 North 2300th Road, Blandinsville, IL 61420.

    b. Defendant Waffle House Inc., is a business entity incorporated in Georgia with its principle place of business located at 5986 Financial Drive, Norcross, GA 30071.

    c. Defendant WH Capital, LLC is a Georgia limited liability company with a principal address of 5986 Financial Drive, Norcross, GA 30071.

11.     Under 28 U.S.C. § 1446(b)(3), if the initial pleading does not explicitly state that the amount in controversy exceeds $75,000.00, the case is not immediately removable.

12.     As the Complaint did not identify the amount in controversy, Defendants issued Requests for Admissions to Plaintiff.

13.    Plaintiff Answers to the Requests for Admissions served on June 18, 2026 revealed that the amount in controversy exceeded $75,000.00. *See* Exhibit E.

14.    This Notice of Removal is filed within 30 days of receipt of Plaintiff's Responses to Requests for Admissions.

15.    A true and correct copy of this Notice of Removal has been or will be filed with the Clerk of the Court of Common Pleas of Washington County, Pennsylvania as required by 28 U.S.C.S § 1446(d) and provided to counsel for the Plaintiff.

16.    A copy of all process, pleadings, orders and documents served upon Defendants in the Court of Common Pleas of Washington County, Pennsylvania is attached to this Notice of Removal as Exhibit F.

WHEREFORE, the Defendants WH Capital, LLC & Waffle House, Inc., provide notice of its removal of the above captioned action from the Court of Common Pleas of Washington County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

MOORE INGRAM JOHNSON AND STEELE LLP

By:    /s/ Andrew J. Race
       Andrew J. Race, ID # 318622
Date: July 9, 2026          *Counsel for WH Capital, LLC, and Waffle House, Inc.*

Andrew J. Race, ID # 318622
Moore Ingram Johnson and Steele LLP
101 Erford Road, Suite 300
Camp Hill, PA 17011
PH: (717) 790-2854
FX: (717) 790-2872.
EM: kegonzalez@mijs.com          *Counsel for Defendants, Waffle House Inc., WH Capital, LLC*
     ajrace@mijs.com

---

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN BROCK,     :

          :

       Plaintiff     :     CIV. NO.:

          :

   v.     :

          :

WH CAPITAL, LLC and     :
WAFFLE HOUSE, INC.     :

          :

       Defendants.     :     **JURY TRIAL DEMANDED**

---

**<u>CERTIFICATE OF SERVICE</u>**

I, Andrew J. Race, Esquire, do hereby certify that on the date below I electronically filed the foregoing Notice of Removal with the Clerk of Court and served a true and correct copy of the foregoing Notice of Removal by e-mail upon the following:

Erin L. Bock, Esquire
MORGAN & MORGAN PHILADELPHIA PLLC.
Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
Erin.bock@forthepeople.com
*Counsel for Plaintiff*

MOORE INGRAM JOHNSON AND STEELE LLP


By:  ____/s/ Andrew J. Race_____

Date: July 9, 2026

Andrew J. Race, ID # 318622
*Counsels for WH Capital, LLC and Waffle House, Inc.*

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____WASHINGTON_____ **County**

FILED
March 09, 2026 4:34 PM
Office of the Prothonotary
Washington County, Pennsylvania
CV-2026-01763

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**:
☒ Complaint     ☐ Writ of Summons     ☐ Petition
☐ Transfer from Another Jurisdiction     ☐ Declaration of Taking

Lead Plaintiff's Name:
John Brock

Lead Defendant's Name:
WH Capital, LLC, and Waffle House, Inc.

**Are money damages requested?** ☒ Yes     ☐ No

Dollar Amount Requested:     ☐ within arbitration limits
(check one)     ☒ outside arbitration limits

**Is this a *Class Action Suit*?**     ☐ Yes     ☒ No

**Is this an *MDJ Appeal*?**     ☐ Yes     ☒ No

Name of Plaintiff/Appellant's Attorney: _____Erin L. Bock_____

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case**:     Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*.  If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☒ Premises Liability
☐ Product Liability (*does not include mass tort*)
☐ Slander/Libel/ Defamation
☐ Other:
_____
_____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:
_____
_____

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:
_____
_____

**CONTRACT** (*do not include Judgments*)
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other
_____
_____

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other
_____
_____

☐ Other:
_____
_____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:
_____
_____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other
_____
_____

☐ Zoning Board
☐ Other:
_____
_____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other:
_____
_____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

      Plaintiff,

v.

WH CAPITAL, LLC, and
WAFFLE HOUSE, INC.,

      Defendants.

CIVIL DIVISION

No.:

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff:

JOHN BROCK

Counsel of Record for this Party:

ERIN L. BOCK, ESQUIRE
PA I.D. 314166
erin.bock@forthepeople.com

MORGAN & MORGAN PHILADELPHIA,
PLLC

Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA  15222
P:  (412) 222-5556
F:  (412) 222-5557

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

        Plaintiff,

v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.

        Defendants.

CIVIL DIVISION

No.:

## NOTICE TO DEFEND

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**
**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

If you do not know a lawyer, contact:
Lawyer Referral Service
119 South College Street Washington, PA 15301
724.225.6710

If you can not afford a lawyer, contact:
Southwestern Pennsylvania Legal Aid Society 10 West Cherry Avenue
Washington, PA 15301
724.225.6170

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecía escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que, si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO DE INMEDIATO. SI USTED NO TIENE UN ABOGADO, VAYA O LLAME POR TELÉFONO A LA OFICINA INDICADA A CONTINUACIÓN. ESTA OFICINA PUEDE PROPORCIONARLE INFORMACIÓN SOBRE CÓMO CONTRATAR A UN ABOGADO. SI USTED NO PUEDE PAGAR PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PODRÍA PODER PROPORCIONARLE INFORMACIÓN SOBRE AGENCIAS QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS ELEGIBLES POR UNA TARIFA REDUCIDA O SIN COSTO.**

Si no conoce a un abogado,
comuníquese con:
Servicio de Referencia de Abogados
119 South College Street
Washington, PA 15301
724.225.6710

Si no puede pagar un abogado,
comuníquese con:
Sociedad de Ayuda Legal del Suroeste de Pensilvania 10 West Cherry Avenue
Washington, PA 15301
724.225.6170

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

          Plaintiff,

v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.

          Defendants.

CIVIL DIVISION

No.:

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, John Brock, by and through his attorneys, Erin L. Bock, Esquire and MORGAN & MORGAN PHILADELPHIA PLLC, and hereby files the within Complaint in Civil Action, and in support thereof avers as follows:

## PARTIES

1.  Plaintiff, John Brock, is an adult individual who resides at 4850 North 2300th Road, Blandinsville, IL 61420.

2.  Defendant, WH Capital, LLC ("WH Capital") is a Georgia limited liability company with a principal address of 5986 Financial Drive, Norcross, GA 30071. At all times relevant and material hereto, WH Capital owned, operated, managed, and conducted business throughout the state of Pennsylvania and in Washington County on a regular, systematic, continuous, and substantial basis at various Waffle House restaurants, including at the subject premises and in Washington County at a Waffle House restaurant located at 430 Racetrack Road, Washington, Pennsylvania 15301.

3.  At all times relevant and material hereto, WH Capital owned, leased, controlled, rented, repaired, managed, operated, and/or maintained real property located at 1249 Harrisburg Pike, Carlisle, Pennsylvania 17013, known as Waffle House Restaurant #1394 ("subject premises").

4.      At all times relevant and material hereto, WH Capital acted by and through its agents (actual, express, implied, apparent, ostensible or otherwise), representatives, servants, workmen, and/or employees for the maintenance, repair, care, and control of the Subject Premises.

5.      At all times relevant and material hereto, WH Capital was in possession and/or control of the subject premises and had a duty to keep the premises safe and free of dangerous conditions which presented unreasonable risks of harm and injury to invitees and others legally on the premises.

6.      Defendant, Waffle House, Inc. ("Waffle House") is a Georgia corporation with a principal address of 5986 Financial Drive, Norcross, GA 30071.  At all times relevant and material hereto, Waffle House owned, operated, managed, and conducted business throughout the state of Pennsylvania and in Washington County on a regular, systematic, continuous, and substantial basis at various Waffle House restaurants, including in Washington County at a Waffle House restaurants located at 430 Racetrack Road, Washington, Pennsylvania 15301 and 255 Murtland Avenue, Washington, PA 15301.

7.      At all times relevant and material hereto, Waffle House owned, leased, controlled, rented, repaired, managed, operated, and/or maintained real property located at 1249 Harrisburg Pike, Carlisle, Pennsylvania 17013, known as Waffle House Restaurant #1394 ("subject premises").

8.      At all times relevant and material hereto, Waffle House acted by and through its agents (actual, express, implied, apparent, ostensible or otherwise), representatives, servants, workmen, and/or employees for the maintenance, repair, care, and control of the Subject Premises.

9.      At all times relevant and material hereto, Waffle House was in possession and/or control of the subject premises and had a duty to keep the premises safe and free of dangerous conditions which presented unreasonable risks of harm and injury to invitees and others legally on the premises.

**JURISDICTION AND VENUE**

10.    This Court has subject matter jurisdiction over this action pursuant to 42 Pa.C.S.A. 931.

11.    This Court has personal jurisdiction over this action pursuant to 42 Pa.C.S.A. §§ 5301(a)(2)(iii) and 5301(a)(3)(iii).

12.    At all times material and relevant hereto, WH Capital and Waffle House have carried on a continuous and systematic part of their general businesses within Pennsylvania by way of multiple Waffle House restaurants throughout the state.

13.    Specifically, upon information and belief, WH Capital owned, operated, controlled managed and/or maintained businesses in Pennsylvania on a regular, systematic, continuous, and substantial basis by way of the subject premises as well as additional Waffle House restaurants including but not limited to the following pursuant to property searches in their respective counties which are collectively attached hereto as Exhibit "A":

- Waffle House #1614 430 Racetrack Road, Washington, Pennsylvania 15301

- Waffle House #1691 2101 Cherry Lane, Bethlehem, Pennsylvania 18015

- Waffle House #1745 700 Davis Street, Scranton, PA 18505

- Waffle House #1635 933 South State Street, Clarks Summit, PA 18411

14.    Further, upon information and belief, Waffle House owned, operated, controlled managed and/or maintained ten (10) Waffle House restaurants in the state of Pennsylvania on a regular, systematic, continuous, and substantial basis pursuant to the map from their company website[1], which is attached hereto as Exhibit "B."  Two of these restaurants are located in Washington County, Pennsylvania, as described above and indicated on this map.

---

[1] *See* locations.wafflehouse.com last accessed on March 6, 2026.

15. Venue is proper in this Court pursuant to Pa.R.C.P. 2179(a)(2) as WH Capital owned, operated, controlled, managed and/or maintained a business in Washington County on a regular, systematic, continuous, and substantial basis by way of the Waffle House restaurant on Racetrack Road in Washington, Pennsylvania as described in greater detail above.

16. Venue is proper in this Court pursuant to Pa.R.C.P. 2179(a)(2) as Waffle House owned, operated, controlled, managed and/or maintained businesses in Washington County on a regular, systematic, continuous, and substantial basis by way of two (2) Waffle House restaurants on Racetrack Road and Murtland Avenue in Washington, Pennsylvania as described in greater detail above.

17. The amount in controversy is in excess of the jurisdictional compulsory arbitration limits.

## FACTS

18. On or about April 10, 2025, Plaintiff, John Brock, was on the subject premises as a customer when he went to use the restroom.

19. At that time and place, Plaintiff encountered a dangerous, hazardous, defective, and/or otherwise unsafe condition consisting of an improperly installed toilet seat.

20. Upon information and belief, and unbeknownst to Plaintiff, the subject toilet seat was not bolted and/or improperly bolted to the toilet.

21. As Plaintiff was attempting to use the toilet, the toilet seat tipped over causing him to fall and sustain injuries and damages as further outlined below.

22. On that same date and for some time prior thereto, Defendants, acting individually, jointly, and/or by and through their agents, ostensible agents, servants, franchisees, workmen, and/or employees, negligently and/or carelessly allowed and permitted this dangerous, hazardous, defective, and/or otherwise unsafe condition of the subject premises to exist.

23.     At all times relevant and material hereto, Defendants knew or should have known of the dangerous, hazardous, defective, and/or otherwise unsafe condition of the subject premises.

24.     At all times relevant and material hereto, Defendants failed to take any steps to eliminate the condition, reduce its danger to invitees, licensees, and/or those legally on the premises, or otherwise warn those on the premises as customers, including the Plaintiff, of the dangerous, hazardous, defective, and/or otherwise unsafe condition of the subject premises.

25.     Plaintiff did not see the dangerous, hazardous, defective, and/or otherwise unsafe condition prior to his fall and received no warning concerning the same.

26.     As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff sustained the following injuries, some or all of which may be permanent in nature:

a.     Low back injury with bilateral SI joint involvement;

b.     Low back pain and tenderness;

c.     Bilateral SI joint pain and tenderness;

d.     Lumbar radiculopathy;

e.     Bilateral leg pain;

f.     Numbness and tingling in the legs;

g.     Limited range of motion in the low back;

h.     Limited range of motion in the bilateral SI joints;

i.     Limited range of motion in the legs;

j.     Bilateral leg weakness;

k.     Difficulty ambulating;

l.     Right hand and wrist pain and swelling;

m.     Reduced grip strength and function in the right hand;

n.      Headaches;

o.      Bruises, contusions and other injuries in and about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

p.      Nervousness, emotional tension, anxiety and depression

27.      As a direct and proximate result of the aforementioned incident, Plaintiff sustained the following damages, some or all of which are or may be permanent or ongoing:

a.      He has undergone extensive medical, rehabilitative, and therapeutic treatments;

b.      He has endured, and will continue to endure, great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of his injury, and emotional and psychological trauma;

c.      He has been, and will be required to, expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services;

d.      His general health, strength, and vitality have been impaired;

e.      He has the potential for future surgical intervention;

f.      He has sustained and will continue to sustain lost earnings and his earning capacity has been and may be permanently impaired;

g.      He has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

## COUNT I – NEGLIGENCE

### PLAINTIFF v. WH CAPITAL, LLC

28.      Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth herein at length.

29.     At all times material and relevant, WH Capital was responsible for, and in control of, the maintenance, inspections, and safety of the subject premises and owed a duty of care to invitees, licensees, and/or those legally on the property.

30.     The negligence and/or carelessness of WH Capital, individually, jointly, and/or through their agents, servants, franchisees, workmen, and/or employees, which was the direct and proximate cause of Plaintiff's fall and the resulting injuries suffered by Plaintiff consisted of, but is not limited to, the following:

a.     In causing, permitting, and/or allowing the dangerous, hazardous, unsafe, and/or defective condition, consisting of an improperly and/or unmounted toilet seat, to exist in an area Defendant knew, or by the exercise of reasonable care should have known, would endanger the health and safety of Plaintiff and others;

b.     Failure to properly monitor, test, maintain, inspect, and/or clean the subject premises to see if there were dangerous, hazardous, unsafe and/or defective conditions to those legally on or about the subject premises;

c.     Failure to provide sufficient warning as to the reasonably foreseeable dangerous, hazardous, unsafe and/or defective nature of the subject premises to such invitees, licensees and/or others legally on or about the subject premises;

d.     Failure to barricade, cordon, and/or block off the dangerous, hazardous, unsafe and/or defective area of the subject premises, specifically the bathroom stall where the subject toilet seat was located;

e.     Creating the dangerous, hazardous, unsafe, and/or defective condition by failing to properly install, repair and/or otherwise remedy the improperly and/or unmounted toilet seat;

f.     Further exacerbating the dangerous, hazardous, unsafe, and/or defective condition by failing to address the subject toilet seat;

g.     Failing to inspect the restroom and stalls on the subject premises for dangerous, hazardous, unsafe, and/or defective conditions;

h.     Knowing, or having reason to know, that the dangerous, hazardous, unsafe, and/or defective condition existed and was within an area

frequented by customers, such as Plaintiff, thereby creating an unsafe condition of the property and allowing it to exist;

      i.      Failing to fix, repair, and/or properly install the subject toilet seat;

      j.      Failing to hire competent agents, workers, and/or employees to monitor, inspect, repair, and maintain the subject premises for hazards;

      k.      Failing to have effective policies in place concerning agents, workers, and/or employees monitoring, maintenance, inspection and repair of the subject premises for hazards, knowing it would lead to foreseeable harm of customers, such as Plaintiff, traversing the property and utilizing the subject restroom;

      l.      Failing to have effective policies in place advising and directing agents, workers, and/or employees on the repair and remediation of broken or otherwise defective toilet seats, knowing it would lead to foreseeable harm of people, such as Plaintiff, traversing the subject premises and utilizing the subject restroom;

      m.      Failing to properly establish and/or enforce procedures and policies to ensure the subject premises was free and clear of defects and safe for customers and those otherwise legally on the premises;

      n.      Failing to remedy the unsafe conditions of the subject premises despite having sufficient time and notice to do so;

      o.      Disregarding unsafe conditions of the subject premises that posed an unreasonable risk of harm to Plaintiff, despite having knowledge of same, and having sufficient time to remedy the unsafe conditions;

      p.      Causing or allowing the toilet seat to become damaged, dilapidated, loose, improperly mounted, unmounted, and/or otherwise dangerous to people, such as Plaintiff, who Defendant knew, or should have known, would utilize the restroom while legally on the subject premises;

      q.      In failing to exercise regard and care for the rights and safety of Plaintiff required of Defendant by law.

31.      Upon information and belief, WH Capital had specific, prior knowledge of the condition which caused Plaintiff to fall.

32.     As a direct and proximate result of the negligent and/or careless conduct of WH Capital, Plaintiff suffered serious and/or permanent injuries and damages as further outlined above through no fault of his own.

WHEREFORE, Plaintiff John Brock demands compensatory damages, pain and suffering damages, and all available economic and non-economic damages available from Defendant WH Capital, LLC, in an amount in excess of the jurisdictional limits of compulsory arbitration, together with interests, costs, and other such relief this court deems just.

**JURY TRIAL DEMANDED**

## COUNT II – NEGLIGENCE

### PLAINTIFF v. WAFFLE HOUSE, INC.

33.     Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth herein at length.

34.     At all times material and relevant, Waffle House was responsible for, and in control of, the maintenance, inspections, and safety of the subject premises and owed a duty of care to invitees, licensees, and/or those legally on the property.

35.     The negligence and/or carelessness of Waffle House, individually, jointly, and/or through their agents, servants, franchisees, workmen, and/or employees, which was the direct and proximate cause of Plaintiff's fall and the resulting injuries suffered by Plaintiff consisted of, but is not limited to, the following:

      a.    In causing, permitting, and/or allowing the dangerous, hazardous, unsafe, and/or defective condition, consisting of an improperly and/or unmounted toilet seat, to exist in an area Defendant knew, or by the exercise of reasonable care should have known, would endanger the health and safety of Plaintiff and others;

b.      Failure to properly monitor, test, maintain, inspect, and/or clean the subject premises to see if there were dangerous, hazardous, unsafe and/or defective conditions to those legally on or about the subject premises;

c.      Failure to provide sufficient warning as to the reasonably foreseeable dangerous, hazardous, unsafe and/or defective nature of the subject premises to such invitees, licensees and/or others legally on or about the subject premises;

d.      Failure to barricade, cordon, and/or block off the dangerous, hazardous, unsafe and/or defective area of the subject premises, specifically the bathroom stall where the subject toilet seat was located;

e.      Creating the dangerous, hazardous, unsafe, and/or defective condition by failing to properly install, repair and/or otherwise remedy the improperly and/or unmounted toilet seat;

f.      Further exacerbating the dangerous, hazardous, unsafe, and/or defective condition by failing to address the subject toilet seat;

g.      Failing to inspect the restroom and stalls on the subject premises for dangerous, hazardous, unsafe, and/or defective conditions;

h.      Knowing, or having reason to know, that the dangerous, hazardous, unsafe, and/or defective condition existed and was within an area frequented by customers, such as Plaintiff, thereby creating an unsafe condition of the property and allowing it to exist;

i.      Failing to fix, repair, and/or properly install the subject toilet seat;

j.      Failing to hire competent agents, workers, and/or employees to monitor, inspect, repair, and maintain the subject premises for hazards;

k.      Failing to have effective policies in place concerning agents, workers, and/or employees monitoring, maintenance, inspection and repair of the subject premises for hazards, knowing it would lead to foreseeable harm of customers, such as Plaintiff, traversing the property and utilizing the subject restroom;

l.      Failing to have effective policies in place advising and directing agents, workers, and/or employees on the repair and remediation of broken or otherwise defective toilet seats, knowing it would lead to foreseeable harm of people, such as Plaintiff, traversing the subject premises and utilizing the subject restroom;

m.      Failing to properly establish and/or enforce procedures and policies to ensure the subject premises was free and clear of defects and safe for customers and those otherwise legally on the premises;

n.      Failing to remedy the unsafe conditions of the subject premises despite having sufficient time and notice to do so;

o.      Disregarding unsafe conditions of the subject premises that posed an unreasonable risk of harm to Plaintiff, despite having knowledge of same, and having sufficient time to remedy the unsafe conditions;

p.      Causing or allowing the toilet seat to become damaged, dilapidated, loose, improperly mounted, unmounted, and/or otherwise dangerous to people, such as Plaintiff, who Defendant knew, or should have known, would utilize the restroom while legally on the subject premises;

q.      In failing to exercise regard and care for the rights and safety of Plaintiff required of Defendant by law.

36.     Upon information and belief, Waffle House had specific, prior knowledge of the condition which caused Plaintiff to fall.

37.     As a direct and proximate result of the negligent and/or careless conduct of Waffle House, Plaintiff suffered serious and/or permanent injuries and damages as further outlined above through no fault of his own.

WHEREFORE, Plaintiff John Brock demands compensatory damages, pain and suffering damages, and all available economic and non-economic damages available from Defendant Waffle House, Inc., in an amount in excess of the jurisdictional limits of compulsory arbitration, together with interests, costs, and other such relief this court deems just.

**JURY TRIAL DEMANDED**

MORGAN & MORGAN PHILADELPHIA, PLLC

Erin L. Bock, Esquire
PA I.D. No. 314166
Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA  15222
P:  (412) 222-5556
F:  (412) 222-5557
*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I, Erin L. Bock, Esquire, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted By: MORGAN & MORGAN PHILADELPHIA PLLC

Signature:_____

Name:  _Erin L. Bock_____

Attorney No.:  __314166_____

Dated: March 9, 2026

Docusign Envelope ID: 1E4781BC-69C8-4795-8082-2A0EA3882E5B

## VERIFICATION

I, John Brock, hereby depose and state that I am the Plaintiff, that I have reviewed the foregoing Complaint, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications to authorities.

3/9/2026 | 10:50 AM EDT
_____

Date

_____

JOHN BROCK

FILED
May 13, 2026 11:43 AM
Office of the Prothonotary
Washington County, Pennsylvania
CV-2026-01763

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

      Plaintiff,

v.

WH CAPITAL, LLC,
WAFFLE HOUSE, INC.,

      Defendants.

CIVIL DIVISION

No.: CV-2026-01763

**AFFIDAVIT OF SERVICE OF COMPLAINT**

Filed on Behalf of Plaintiff:

JOHN BROCK

Counsel of Record for this Party:

ERIN L. BOCK, ESQUIRE
PA I.D. 314166
erin.bock@forthepeople.com

MORGAN & MORGAN PHILADELPHIA, PLLC

Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
P: (412) 222-5556
F: (412) 222-5557

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

        Plaintiff,

v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.

        Defendants.

CIVIL DIVISION
No.: CV-2026-01763

### AFFIDAVIT OF SERVICE OF COMPLAINT

BEFORE ME, a Notary Public, personally appeared Erin L. Bock, Esquire, who, being duly sworn according to law, deposes and says that she served the Complaint in Civil Action on WH Capital LLC on March 20, 2026, through U.S. Certified Mail delivery to WH Capital LLC 5986 Financial Drive, Norcross, GA 30071, and that the U.S. Certified Mail/return of service is attached hereto and marked as Exhibit "A."

Respectfully Submitted,

**MORGAN & MORGAN, PPLC**

SWORN TO and subscribed
before me this _11ᵗ_ day of
_MAY_ , 2026.

_____
NOTARY PUBLIC

ERIN L. BOCK, ESQUIRE
*Counsel for Plaintiff, John Brock*

Commonwealth of Pennsylvania - Notary Seal
James John Nicotero, Notary Public
Butler County
My commission expires July 15, 2026
Commission number 1194574
Member, Pennsylvania Association of Notaries

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Affidavit of Service was served

May 13, 2026, via U.S. Mail upon the following parties:


Moore Ingram Johnson and Steele LLP
Kayla E. Gonzalez
Andrew J. Race
101 Erford Road, Suite 300
Camp Hill, PA 17011
Email: kegonzalez@mijs.com
Email: ajrace@mijs.com
FX: (717) 790-2872 *Counsels for Defendants, WH Capital, LLC & Waffle House, Inc.*



**MORGAN & MORGAN PHILADELPHIA PLLC**



**ERIN L. BOCK**
*Counsel for Plaintiff, John Brock*

## CERTIFICATE OF COMPLIANCE

I, Erin L. Bock, Esquire, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non- confidential information and documents.

Submitted By: MORGAN & MORGAN PHILADELPHIA, PLLC

Signature: *Erin L. Bock*

Name: Erin L. Bock

Date: May 13, 2026

Attorney No.: 314166

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WH Capital, LLC
5986 Financial Dr.
Norcross, GA, 30071

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7899 2234 9707 70

2. Article Number (Transfer from service label)
9589 0710 5270 2732 6693 85

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Craig Knight_    ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Craig Knight                     3/20/26

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



USPS TRACKING #

ATLANTA GA RDC 302

11 MAR 2025 PM 4 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 7899 2234 9707 70

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Morgan e Morgan
Attn: Justice Washington
603 Stanwix St., Suite 1825
Pgh., PA, 15222  #18285951



FILED
April 08, 2026 11:59 AM
Office of the Prothonotary
Washington County, Pennsylvania
CV-2026-01763

Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622
Moore Ingram Johnson and Steele LLP
101 Erford Road, Suite 300
Camp Hill, PA 17011
PH: (717) 790-2854
FX: (717) 790-2872
EM: kegonzalez@mijs.com                    *Counsels for Defendants, WH Capital, LLC & Waffle House, Inc.*

---

| | | |
|---|---|---|
| JOHN BROCK, | : | COURT OF COMMON PLEAS |
| Plaintiff | : | WASHINGTON COUNTY, |
| | : | PENNSYLVANIA |
| | : | |
| Vs. | : | CV- 2026-01763 |
| | : | |
| WH CAPITAL, LLC and | : | |
| WAFFLE HOUSE, INC., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## NOTICE TO PLEAD

TO:    Erin L. Bock, Esquire
MORGAN & MORGAN PHILADELPHIA PLLC.
Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
Erin.bock@forthepeople.com
*Counsel for Plaintiff*

NOTICE:    You are hereby notified to file a written response to the within New Matter within twenty (20) days from service hereof or a judgment may be entered against you.

Respectfully submitted,

MOORE INGRAM JOHNSON AND STEELE LLP

By: *Kayla E. Gonzalez*
Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622
*Counsels for WH Capital, LLC and Waffle House, Inc.*

Date: April 8, 2026

Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622
Moore Ingram Johnson and Steele LLP
101 Erford Road, Suite 300
Camp Hill, PA 17011
PH: (717) 790-2854
FX: (717) 790-2872
EM: kegonzalez@mijs.com                 *Counsels for Defendants, WH Capital, LLC & Waffle House, Inc.*

---

| | | |
|---|---|---|
| JOHN BROCK, | : | COURT OF COMMON PLEAS |
| Plaintiff | : | WASHINGTON COUNTY, |
| | : | PENNSYLVANIA |
| | : | |
| Vs. | : | CV- 2026-01763 |
| | : | |
| WH CAPITAL, LLC and | : | |
| WAFFLE HOUSE, INC., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## DEFENDANTS WH CAPITAL, LLC AND WAFFLE HOUSE, INC., ANSWER TO COMPLAINT AND NEW MATTER

AND NOW, come Defendants, by and through their counsel, Kayla E. Gonzalez, Esquire and Andrew J. Race, Esquire, and hereby present the following Answer to Complaint with New Matter, respectfully averring as follows:

1.      Admitted upon information and belief.

2.      Admitted in part and denied in part. It is admitted that WH Capital is a limited liability company with a principal address in Georgia. It is further admitted that WH Capital owned, operated, managed, and/or conducted business throughout the state of Pennsylvania. It is further admitted that there is a Waffle House location located at 430 Racetrack Road Washington, Pennsylvania 15301. It is specifically denied that the location where the alleged incident occurred was in Washington County at the Waffle House located at 430 Racetrack Road Washington, Pennsylvania 15301. Further, Defendant is unable to identify the "subject premises" identified by

Plaintiff as no location has been identified in this averment or any of the preceding averments. Therefore, the same is denied and strict proof demanded.

3.   Admitted.

4.   Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded.

5.   Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

6.   Admitted in part and denied in part. It is admitted that Waffle House, Inc. ("Waffle House") is a Georgia corporation with a principal address in Georgia. It is further admitted that Waffle House owned, operated, managed, and/or conducted business throughout the state of Pennsylvania. It is further admitted that there is a Waffle House location located at 430 Racetrack Road Washington, Pennsylvania 15301. It is specifically denied that the location where the alleged incident occurred was in Washington County at the Waffle House located at 430 Racetrack Road Washington, Pennsylvania 15301. [1]

7.   Admitted.

8.   Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Through discovery, the appropriate entities or persons responsible for

---

[1] Specifically, for Unit 1394 located at 1249 Harrisburg Pike Carlisle, PA 17013 where the incident occurred, WH Capital, LLC owns the real property. Waffle House, Inc., leases it, and East Coast Waffles, Inc. ("ECW") operates the unit.

maintenance, control, care, repair, and control will be identified. Therefore, the same is denied and strict proof demanded.

9.     Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

## JURISDICTION AND VENUE

10.     Admitted.

11.     Admitted with qualification. This court has personal jurisdiction under the guise that the Defendants carry out some business operations within Washington County and Pennsylvania. However, the incident did not occur in Washington County, but rather Cumberland County, there are multiple Waffle House locations across the entire state of Pennsylvania, Plaintiff does not reside in Washington County, witnesses do not reside in Washington County, and nothing relating to this instance occurred in Washington County.

12.     Admitted with qualification. Admitted that Defendants carried on general business in Pennsylvania including in Cumberland County where the incident allegedly took place. However, the incident did not occur in Washington County, but rather Cumberland County, there are multiple Waffle House locations across the entire state of Pennsylvania, Plaintiff does not reside in Washington County, witnesses do not reside in Washington County, and nothing relating to this instance occurred in Washington County.

13.     Admitted with qualification. Admitted that Defendants carried on general business in Pennsylvania including in Cumberland County where the incident took place. However, the

incident did not occur in Washington County, but rather Cumberland County, there are multiple Waffle House locations across the entire state of Pennsylvania, Plaintiff does not reside in Washington County, witnesses do not reside in Washington County, and nothing relating to this instance occurred in Washington County. Of note, Plaintiff list Waffle House locations all over the state, conveniently leaving out the location of Waffle House located at 1249 Harrisburg Pike Carlisle, PA 17013 where Plaintiff's incident allegedly occurred.

14.     Admitted upon information and belief.

15.     Admitted with qualification. Admitted that Defendants carried on general business in Pennsylvania including in Cumberland County where the incident took place. Further, this court has personal jurisdiction under the guise that the Defendants carry out some business operations within Washington County and Pennsylvania. However, the incident did not occur in Washington County, but rather Cumberland County, there are multiple Waffle House locations across the entire state of Pennsylvania, Plaintiff does not reside in Washington County, witnesses do not reside in Washington County, and nothing relating to this instance occurred in Washington County.

16.     Admitted with qualification. Admitted that Defendants carried on general business in Pennsylvania including in Cumberland County where the incident took place. Further, this court has personal jurisdiction under the guise that the Defendants carry out some business operations within Washington County and Pennsylvania. However, the incident did not occur in Washington County, but rather Cumberland County, there are multiple Waffle House locations across the entire state of Pennsylvania, Plaintiff does not reside in Washington County, witnesses do not reside in Washington County, and nothing relating to this instance occurred in Washington County.

17.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded.

**FACTS**

18.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded.

19.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial. Furthermore, this averment is in part a conclusion of law to which no response is required.

20.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. To the extent the seat was not properly bolted, the same would be open and obvious and to any user of said toilet seat.

21.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. To the extent the averment is factually correct, the same being denied, Plaintiff would only have tipped and/or fell over if he was improperly seated on the toilet or otherwise conducting himself in a manner not suited for an ordinary toilet seat.

22.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

23.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. To the extent this averment contains averments of fact, the condition, if it existed PRIOR to Plaintiff's use of the toilet seat would have been open and obvious to Plaintiff. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

24.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Moreover, Plaintiff pleads no facts indicating Defendants failed to take any remedial steps. Moreover, upon information and belief, the toilet seat was properly secured until Plaintiff utilized it. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

25.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Defendants do not know what Plaintiff did or did not see but if the toilet seat was in fact separated from the toilet, said condition would be open and obvious to any user of the toilet seat. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

26.     a.- p. Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute

conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial. Moreover, it is believed and therefore averred that the pled injuries are significantly exaggerated beyond the scope of any injury that would have been sustained, the same being strictly denied.

27.     a.-g. Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

## COUNT I – NEGLIGENCE

## PLAINTIFF V WH CAPITAL, LLC

28.     Defendants hereby incorporate by reference their Answers to paragraphs 1 through 27 as though fully set forth at length herein.

29.     Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

30.     a.-q. Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. Further, Defendant specifically denies it acted

negligently. The averments are therefore denied, and strict proof is demanded at the time of trial. To the extent any defect existed, it was open and obvious, and Plaintiff should have been aware.

31.    Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. Further, Defendant specifically denies it had actual or constructive Notice of any condition alleged by Plaintiff. The averments are therefore denied, and strict proof is demanded at the time of trial.

32.    Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

WHEREFORE, Defendants respectfully requests this Honorable Court enter judgment in its favor and against Plaintiff, with prejudice.

### COUNT II- NEGLIGENCE

### PLAINTIFF V WAFFLE HOUSE, INC.

33.    Defendant hereby incorporates by reference its Answers to paragraphs 1 through 32 as though fully set forth at length herein.

34.    Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute

conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

35.    a.-q. Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. Further, Defendant specifically denies it acted negligently. The averments are therefore denied and strict proof is demanded at the time of trial.

36.    Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. Further, Defendant specifically denies it had actual or constructive Notice of any condition alleged by Plaintiff. The averments are therefore denied, and strict proof is demanded at the time of trial.

37.    Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. The averments are therefore denied, and strict proof is demanded at the time of trial.

WHEREFORE, Defendants respectfully requests this Honorable Court enter judgment in its favor and against Plaintiff, with prejudice.

## NEW MATTER

1.    Defendants incorporate the averments in Counts 1 through 37 by references as if set forth at length herein.

2.     Any recovery in this action may be limited or barred under the provisions of the Pennsylvania Comparative Negligence Act.

3.     Any condition of the toilet seat, the same being Denied, would be open and obvious that any user of the toilet seat would be aware.

4.     If Defendants were negligent, which is expressly denied, then the acts of Defendants alleged to have constituted negligence were not substantial factors or causes of the accident of which Plaintiff complained and/or did not result in injuries or damages alleged by Plaintiff.

5.     The intervening acts of other persons may have constituted supersedeas causes of the accident in which Plaintiff complains, and any injuries or damages allegedly suffered by Plaintiff were caused by the superseding negligence of other persons.

6.     Plaintiff's Complaint against Defendants should be dismissed because, at all relevant times, defendants acted in an ordinary, reasonable, and prudent manner.

7.     No omission or conduct on the part of Defendants contributed to Plaintiff's alleged damages.  To contrary, upon information and belief, Plaintiff's actions are the sole cause of any injuries sustained, the same being strictly denied.

8.     Plaintiff's claims are barred by the doctrine of unclean hands.

9.     Plaintiff failed to mitigate their damages.

10.     Plaintiff's alleged injuries and/or damages were caused by his own conduct, innocent of all other parties herein.

11.     Defendants' conduct was not a substantial or contributing factor to Plaintiff's alleged injuries.

12.     Plaintiff's injuries and/or damages alleged are unreasonable and excessive.

13.     Plaintiff's causes of actions are barred by assumption of risk.

14.     Defendants lacked actual or constructive notice of any allegedly dangerous

condition alleged by Plaintiff.

Respectfully submitted,

MOORE INGRAM JOHNSON AND STEELE LLP

By: *Kayla E. Gonzalez*

Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622
*Counsels for WH Capital, LLC and Waffle House, Inc.*

Date: April 8, 2026

## VERIFICATION

I, Kayla E. Gonzalez , verify that I am authorized to sign this verification of behalf of WH Capital, LLC and Waffle House, Inc., and that the statements made in the foregoing are true and correct to the best of my knowledge, information, and belief after reasonable investigation of the same. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

Respectfully submitted,

MOORE INGRAM JOHNSON AND STEELE LLP

By: *Kayla E. Gonzalez*
      Kayla E. Gonzalez, ID # 334984
      Andrew J. Race, ID # 318622

Date: April 8, 2026    *Counsels for WH Capital, LLC and Waffle House, Inc.*

Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622
Moore Ingram Johnson and Steele LLP
101 Erford Road, Suite 300
Camp Hill, PA 17011
PH: (717) 790-2854
FX: (717) 790-2872
EM: kegonzalez@mijs.com                    *Counsels for Defendants, WH Capital, LLC & Waffle House,*
                                           *Inc.*

---

| | | |
|---|---|---|
| JOHN BROCK, | : | COURT OF COMMON PLEAS |
| Plaintiff | : | WASHINGTON COUNTY, |
| | : | PENNSYLVANIA |
| | : | |
| Vs. | : | CV- 2026-01763 |
| | : | |
| WH CAPITAL LLC and | : | |
| WAFFLE HOUSE INC., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## <u>CERTIFICATE OF SERVICE</u>

I, Kayla E. Gonzalez, Esquire, do hereby certify that on the date below I served a true and correct copy of the foregoing Answer to the Complaint and New Matter by e-mail upon the following:

Erin L. Bock, Esquire
MORGAN & MORGAN PHILADELPHIA PLLC.
Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
Erin.bock@forthepeople.com
*Counsel for Plaintiff*

MOORE INGRAM JOHNSON AND STEELE LLP


By: *Kayla E. Gonzalez*
      Kayla E. Gonzalez, ID #334984
      Andrew J. Race, ID # 318622
      *Counsels for WH Capital, LLC and Waffle*
      *House, Inc.*

Date: April 8, 2026

Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622
Moore Ingram Johnson and Steele LLP
101 Erford Road, Suite 300
Camp Hill, PA 17011
PH: (717) 790-2854
FX: (717) 790-2872
EM: kegonzalez@mijs.com                          *Counsels for Defendants, WH Capital, LLC & Waffle House Inc.*

---

| | | |
|---|---|---|
| JOHN BROCK, | : | COURT OF COMMON PLEAS |
| Plaintiff | : | WASHINGTON COUNTY, |
| | : | PENNSYLVANIA |
| | : | |
| Vs. | : | CV- 2026-01763 |
| | : | |
| WH CAPITAL LLC and | : | |
| WAFFLE HOUSE INC., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

### DEFENDANTS REQUEST FOR ADMISSION TO PLAINTIFF- FIRST SET

TO:     Erin L. Bock, Esquire
        MORGAN & MORGAN PHILADELPHIA PLLC.
        Two Gateway Center
        603 Stanwix Street, Suite 1825
        Pittsburgh, PA 15222
        Erin.bock@forthepeople.com
        *Counsel for Plaintiff*

### INSTRUCTIONS

**PLEASE TAKE NOTICE**, the Defendants, WH Capital LLC and Waffle House Inc.,, (hereinafter referred to as, "Defendants") demand Plaintiff to admit or deny the truth of the following matters of facts in accordance with Pennsylvania Rules of Civil Procedure (Pa. R.C.P. 4014). Please note the following are required under the rule:

(1) Each matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

(2) If objection is made, the reasons for the objection shall be stated.

(3) If not admitted, your answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

(4) A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

(5) An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless stating that a reasonable inquiry was made and that the information known or readily obtainable is insufficient to enable an admission or denial.

(6) A party who considers that a matter of which an admission has been requested presents a genuine issue for trial, may not, on that ground alone, object to the request but may, subject to the provisions of the rules, deny the matter or set forth reasons for not being able to admit or deny.

**PLEASE TAKE FURTHER NOTICE** that the term "document" includes all electronic media or other tangible forms in which information is stored and includes all written or graphic matter of every kind and description, however produced or reproduced, WHETHER DRAFT OR FINAL, original or reproduction, including, but not limited to, letters, correspondence, memoranda, notes, films, transcripts, contracts, agreements, licenses, memoranda of telephone conversations or personal conversations, microfilm, telegrams, books, newspaper articles, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings, or materials similar to any of the foregoing, however denominated, and including writings, drawings, graphs, charts, photographs, data processing results, printouts and computations (both in existence and stored in memory components), and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

## REQUESTS FOR ADMISSIONS

1.     Admit or deny that the incident in question took place at the Waffle House located at 1249 Harrisburg Pike Carlisle, Pa 17013 ("Store 1394").

**ANSWER:**

2.     Admit or deny that Plaintiff does not reside in Washington County, Pennsylvania.

**ANSWER:**

3.     Admit or deny that no part of the incident pled that occurred on April 10, 2025, occurred in Washington County, Pennsylvania.

**ANSWER:**

4.     Admit or deny that the amount in controversy does not exceed $75,000.00.

**ANSWER:**

5.     Admit or deny that you do not possess any documentation or have any independent knowledge regarding the status of the toilet seat prior to Plaintiff's incident.

**ANSWER:**

6.     Admit or deny that you do not possess any documents and cannot verify that any defect in the toilet seat was present prior to Plaintiff sitting on it/the incident occurring.

**ANSWER:**

Respectfully submitted,

MOORE INGRAM JOHNSON AND STEELE LLP

By: *Kayla E. Gonzalez*

        Kayla E. Gonzalez, ID# 334984
        Andrew J. Race, ID # 318622

Date: May 19, 2026        *Counsels for WH Capital LLC and Waffle House Inc.*

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK,

      Plaintiff,

    v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.,

      Defendants.

CIVIL DIVISION

No. CV-2026-01763

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSON TO PLAINTIFF- FIRST SET**

Filed on behalf of Plaintiff:

JOHN BROCK

Counsel of Record for this party:

Erin L. Bock, Esquire
PA I.D. No. 314166
erin.bock@forthepeople.com

MORGAN & MORGAN PHILADELPHIA, PLLC

Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA  15222
P:  (412) 222-5556
F:  (412) 222-5557

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

        Plaintiff,

v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.

        Defendants.

CIVIL DIVISION
No.: CV-2026-01763

### PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSON TO PLAINTIFF- FIRST SET

AND NOW comes Plaintiff, John Brock, by and through his attorneys, Erin L. Bock, Esquire., and Morgan & Morgan, Philadelphia PPLC, and hereby files the within Objections and Responses to Defendants' Request for Admission to Plaintiff – First Set, as follows:

### INSTRUCTIONS

**PLEASE TAKE NOTICE**, the Defendants, WH Capital LLC and Waffle House Inc.,, (hereinafter referred to as, "Defendants") demand Plaintiff to admit or deny the truth of the following matters of facts in accordance with Pennsylvania Rules of Civil Procedure (Pa. R.C.P. 4014). Please note the following are required under the rule:

(1) Each matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

(2) If objection is made, the reasons for the objection shall be stated.

(3) If not admitted, your answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

(4) A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

(5) An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless stating that a reasonable inquiry was made and that the information known or readily obtainable is insufficient to enable an admission or denial.

(6) A party who considers that a matter of which an admission has been requested presents a genuine issue for trial, may not, on that ground alone, object to the request but may, subject to the provisions of the rules, deny the matter or set forth reasons for not being able to admit or deny.

**PLEASE TAKE FURTHER NOTICE** that the term "document" includes all electronic media or other tangible forms in which information is stored and includes all written or graphic matter of every kind and description, however produced or reproduced, WHETHER DRAFT OR FINAL, original or reproduction, including, but not limited to, letters, correspondence, memoranda, notes, films, transcripts, contracts, agreements, licenses, memoranda of telephone conversations or personal conversations, microfilm, telegrams, books, newspaper articles, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings, or materials similar to any of the foregoing, however denominated, and including writings, drawings, graphs, charts, photographs, data processing results, printouts and computations (both in existence and stored in memory components), and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

## GENERAL OBJECTIONS

**Each of Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following General Objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Request does not waive any of Plaintiff's General Objections.**

**Objection. Plaintiff hereby objects generally to the "Instructions" and "Definitions" sections of Defendant's discovery requests to the extent that they change, alter or amend in any way requirements of the Pennsylvania Rules of Civil Procedure. These Interrogatories are answered in accordance with and pursuant to the Pennsylvania Rules of Civil Procedure, including terms defined therein.**

**Objection. Plaintiff hereby objects generally to all definitions to the extent that they deviate from common and ordinary usage of the terms and to the extent that they change, alter or amend in any way requirements of the Pennsylvania Rules of Civil Procedure. These Requests are responded to pursuant to the Pennsylvania Rules of Civil Procedure, including terms defined therein, and in accordance with Plaintiff's understanding of the common and ordinary meanings of the terms used.**

**Objection. Plaintiff hereby objects generally to the extent these Requests seek information that is unlimited in scope and/or unlimited in time as such requests are overly broad, unduly**

burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Objection. Plaintiff hereby objects generally to the extent these Requests seek information that is protected by attorney-client confidentiality, the attorney-client privilege, and/or the attorney work product doctrine, and any information protected in this regard will not be produced.

Objection. Plaintiff hereby objects generally to the extent these Requests seek disclosure of information generated by persons other than Plaintiff and/or that is not under Plaintiff's custody or control, that is within the public domain, or that is otherwise equally available to Defendant as it is to Plaintiff.

In responding to these Requests, Plaintiff does not concede that any of the responses or information contained herein is relevant or admissible. Plaintiff reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

The following responses reflect Plaintiff's present knowledge, information, and belief and may be subject to change or modification based on further discovery or facts or circumstances that may come to Plaintiff's knowledge. Plaintiff specifically reserves the right to further supplement, amend, or otherwise revise these Answers in accordance with the Pennsylvania Rules of Civil Procedure and the Local Rules of the Court of Common Pleas of Washington County as well as any applicable Case Management Order entered in this matter.

## REQUESTS FOR ADMISSIONS

1. Admit or deny that the incident in question took place at the Waffle House located at 1249 Harrisburg Pike Carlisle, Pa 17013 ("Store 1394").

**ANSWER:    Admitted.  See Plaintiff's verified Complaint.**

2. Admit or deny that Plaintiff does not reside in Washington County, Pennsylvania.

**ANSWER:    Admitted.  See Plaintiff's verified Complaint.**

3. Admit or deny that no part of the incident pled that occurred on April 10, 2025, occurred in Washington County, Pennsylvania.

**ANSWER: Objection. Plaintiff objects to the phrase "no part of the incident pled" as vague, ambiguous, and undefined.  Subject to and without waiving any objections, to the extent that this Request seeks an admission that Plaintiff's injury did not occur in Washington County, Pennsylvania, admitted.  To the extent that it seeks an admission that no part of this incident involves Washington County, Pennsylvania, denied as Defendants carry on a regular, continuous, and systematic part of their general business in Washington County, Pennsylvania.**

4.    Admit or deny that the amount in controversy does not exceed $75,000.00.

**ANSWER: Objection.  Plaintiff objects to the extent that this Request calls for a legal conclusion and is therefore an improper subject for a Request for Admission.  Further, Plaintiff objects to this Request as premature as discovery is ongoing and damages continue to develop.  Subject to and without waiving any objections, denied.  Plaintiff's damages, including past and future medical expenses, past and future lost wages and earning capacity, past and future pain and suffering, embarrassment and humiliation, loss of life's pleasures, and other compensable harms recognized under Pennsylvania law, exceed $75,000.00.**

5.    Admit or deny that you do not possess any documentation or have any independent knowledge regarding the status of the toilet seat prior to Plaintiff's incident.

**ANSWER: Objection.  This Request is not a request for admission, but a contention interrogatory, which is premature as it seeks information concerning evidentiary support for allegations while discovery has not yet been completed and depositions have not yet taken place.  See Notes and Explanatory Comments to Pa.R.C.P. 4003.1(c) (adopting rationale in Civil Discovery Standard No. 8 of the ABA, which provides, "The legitimate purpose of contention interrogatories is to narrow the issues for trial, not to force the opposing side to marshal all its evidence on paper" and "…[C]ontention interrogatories ordinarily are more appropriate after the bulk of discovery has already taken place.").  As discovery is in its infancy, Plaintiff is unable to provide an admission or denial even after making a reasonable inquiry.**

6.    Admit or deny that you do not possess any documents and cannot verify that any defect in the toilet seat was present prior to Plaintiff sitting on it/the incident occurring.

**ANSWER:  Objection.  This Request is not a request for admission, but a contention interrogatory, which is premature as it seeks information concerning evidentiary support for allegations while discovery has not yet been completed and depositions have not yet taken place.  See Notes and Explanatory Comments to Pa.R.C.P. 4003.1(c) (adopting rationale in Civil Discovery Standard No. 8 of the ABA, which provides, "The legitimate purpose of contention interrogatories is to narrow the issues for trial, not to force the opposing side to marshal all its evidence on paper" and "…[C]ontention interrogatories ordinarily are more appropriate after the bulk of discovery has already taken place.").  As discovery is in its infancy, Plaintiff is unable to provide an admission or denial even after making a reasonable inquiry.**

MORGAN & MORGAN PHILADELPHIA, PLLC

Erin L. Bock, Esquire
Attorney for Plaintiff
PA I.D. No. 31416

## VERIFICATION

I, JOHN BROCK, verify that the statements made in the within **PLAINTIFF'S**

**OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSON TO**

**PLAINTIFF- FIRST SET** are true and correct.  I understand that false statements herein are

made subject to the penalties of 18 Pa.C.S.A.  §4904 relating to unsworn falsification to

authorities.

6/17/2026 | 10:21 AM EDT
_____
Date

_____
JOHN BROCK

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK,

      Plaintiff,

vs.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.,

      Defendant.

CIVIL DIVISION

No.:  CV-2026-01763

**NOTICE OF SERVICE OF PLAINTIFF'S
ANSWERS AND OBJECTIONS TO
DEFENDANT'S FIRST SET OF
REQUEST FOR ADMISSIONS
ADDRESSED TO PLAINTIFF**

Filed on Behalf of Plaintiff:

JOHN BROCK

Counsel of Record for this Party:

Erin L. Bock, Esquire
PA I.D. No. 314166
erin.bock@forthepeople.com

MORGAN & MORGAN PHILADELPHIA,
PLLC

Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA  15222
P:  (412) 222-5556
F:  (412) 222-5557

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

          Plaintiff,

v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.

          Defendants.

CIVIL DIVISION

No.: CV-2026-01763

### NOTICE OF SERVICE

The undersigned, Erin L. Bock, Esquire, avers and says that Plaintiff's Answers and Objections to Defendant's First Set of Request for Admissions Addressed to Plaintiff were served on the following counsel of record this 18th day of June 2026:

Moore Ingram Johnson and Steele LLP
Kayla E. Gonzalez, Esq.
Andrew J. Race, Esq.
101 Erford Road, Suite 300
Camp Hill, PA 17011
kegonzalez@mijs.com
ajrace@mijs.com
*Counsel for Defendant*

**MORGAN & MORGAN PHILADELPHIA, PLLC**

Erin L. Bock, Esquire
PA I.D. No. 314166
Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
P: (412) 222-5556
F: (412) 222-5557
*Counsel for Plaintiff*

Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622
Moore Ingram Johnson and Steele LLP
101 Erford Road, Suite 300
Camp Hill, PA 17011
PH: (717) 790-2854
FX: (717) 790-2872
EM: kegonzalez@mijs.com                      *Counsels for Defendants, WH Capital, LLC & Waffle House Inc.*

---

JOHN BROCK,                          :        COURT OF COMMON PLEAS
                    Plaintiff        :        WASHINGTON COUNTY,
                                     :        PENNSYLVANIA
                                     :
        Vs.                          :        CV- 2026-01763
                                     :
WH CAPITAL LLC and                   :
WAFFLE HOUSE INC.,                   :
                    Defendants       :        JURY TRIAL DEMANDED

### DEFENDANTS REQUEST FOR ADMISSION TO PLAINTIFF- FIRST SET

TO:    Erin L. Bock, Esquire
       MORGAN & MORGAN PHILADELPHIA PLLC.
       Two Gateway Center
       603 Stanwix Street, Suite 1825
       Pittsburgh, PA 15222
       Erin.bock@forthepeople.com
       *Counsel for Plaintiff*

### INSTRUCTIONS

**PLEASE TAKE NOTICE**, the Defendants, WH Capital LLC and Waffle House Inc.,, (hereinafter referred to as, "Defendants") demand Plaintiff to admit or deny the truth of the following matters of facts in accordance with Pennsylvania Rules of Civil Procedure (Pa. R.C.P. 4014). Please note the following are required under the rule:

(1) Each matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

(2) If objection is made, the reasons for the objection shall be stated.

(3) If not admitted, your answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

(4) A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

(5) An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless stating that a reasonable inquiry was made and that the information known or readily obtainable is insufficient to enable an admission or denial.

(6) A party who considers that a matter of which an admission has been requested presents a genuine issue for trial, may not, on that ground alone, object to the request but may, subject to the provisions of the rules, deny the matter or set forth reasons for not being able to admit or deny.

**PLEASE TAKE FURTHER NOTICE** that the term "document" includes all electronic media or other tangible forms in which information is stored and includes all written or graphic matter of every kind and description, however produced or reproduced, WHETHER DRAFT OR FINAL, original or reproduction, including, but not limited to, letters, correspondence, memoranda, notes, films, transcripts, contracts, agreements, licenses, memoranda of telephone conversations or personal conversations, microfilm, telegrams, books, newspaper articles, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings, or materials similar to any of the foregoing, however denominated, and including writings, drawings, graphs, charts, photographs, data processing results, printouts and computations (both in existence and stored in memory components), and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

## REQUESTS FOR ADMISSIONS

1. Admit or deny that the incident in question took place at the Waffle House located at 1249 Harrisburg Pike Carlisle, Pa 17013 ("Store 1394").

**ANSWER:**

2. Admit or deny that Plaintiff does not reside in Washington County, Pennsylvania.

**ANSWER:**

3.    Admit or deny that no part of the incident pled that occurred on April 10, 2025, occurred in Washington County, Pennsylvania.

**ANSWER:**

4.    Admit or deny that the amount in controversy does not exceed $75,000.00.

**ANSWER:**

5.    Admit or deny that you do not possess any documentation or have any independent knowledge regarding the status of the toilet seat prior to Plaintiff's incident.

**ANSWER:**

6.    Admit or deny that you do not possess any documents and cannot verify that any defect in the toilet seat was present prior to Plaintiff sitting on it/the incident occurring.

**ANSWER:**

Respectfully submitted,

MOORE INGRAM JOHNSON AND STEELE LLP

By: *Kayla E. Gonzalez*
     Kayla E. Gonzalez, ID # 334984
     Andrew J. Race, ID # 318622
Date: May 19, 2026          *Counsels for WH Capital LLC and Waffle House Inc.*



FILED
April 08, 2026 11:59 AM
Office of the Prothonotary
Washington County, Pennsylvania
CV-2026-01763

Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622
Moore Ingram Johnson and Steele LLP
101 Erford Road, Suite 300
Camp Hill, PA 17011
PH: (717) 790-2854
FX: (717) 790-2872
EM: kegonzalez@mijs.com                    *Counsels for Defendants, WH Capital, LLC & Waffle House, Inc.*

---

| | | |
|---|---|---|
| JOHN BROCK, | : | COURT OF COMMON PLEAS |
| Plaintiff | : | WASHINGTON COUNTY, |
| | : | PENNSYLVANIA |
| | : | |
| Vs. | : | CV- 2026-01763 |
| | : | |
| WH CAPITAL, LLC and | : | |
| WAFFLE HOUSE, INC., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## NOTICE TO PLEAD

TO:     Erin L. Bock, Esquire
MORGAN & MORGAN PHILADELPHIA PLLC.
Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
Erin.bock@forthepeople.com
*Counsel for Plaintiff*

NOTICE:     You are hereby notified to file a written response to the within New Matter within twenty (20) days from service hereof or a judgment may be entered against you.


Respectfully submitted,

MOORE INGRAM JOHNSON AND STEELE LLP


By: *Kayla E. Gonzalez*
    Kayla E. Gonzalez, ID # 334984
    Andrew J. Race, ID # 318622
    *Counsels for WH Capital, LLC and Waffle House, Inc.*

Date: April 8, 2026

Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622
Moore Ingram Johnson and Steele LLP
101 Erford Road, Suite 300
Camp Hill, PA 17011
PH: (717) 790-2854
FX: (717) 790-2872
EM: kegonzalez@mijs.com

*Counsels for Defendants, WH Capital, LLC & Waffle House, Inc.*

---

| | | |
|---|---|---|
| JOHN BROCK, | : | COURT OF COMMON PLEAS |
| Plaintiff | : | WASHINGTON COUNTY, |
| | : | PENNSYLVANIA |
| | : | |
| Vs. | : | CV- 2026-01763 |
| | : | |
| WH CAPITAL, LLC and | : | |
| WAFFLE HOUSE, INC., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

### DEFENDANTS WH CAPITAL, LLC AND WAFFLE HOUSE, INC., ANSWER TO COMPLAINT AND NEW MATTER

AND NOW, come Defendants, by and through their counsel, Kayla E. Gonzalez, Esquire and Andrew J. Race, Esquire, and hereby present the following Answer to Complaint with New Matter, respectfully averring as follows:

1.      Admitted upon information and belief.

2.      Admitted in part and denied in part. It is admitted that WH Capital is a limited liability company with a principal address in Georgia. It is further admitted that WH Capital owned, operated, managed, and/or conducted business throughout the state of Pennsylvania. It is further admitted that there is a Waffle House location located at 430 Racetrack Road Washington, Pennsylvania 15301. It is specifically denied that the location where the alleged incident occurred was in Washington County at the Waffle House located at 430 Racetrack Road Washington, Pennsylvania 15301. Further, Defendant is unable to identify the "subject premises" identified by

Plaintiff as no location has been identified in this averment or any of the preceding averments. Therefore, the same is denied and strict proof demanded.

3.     Admitted.

4.     Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded.

5.     Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

6.     Admitted in part and denied in part. It is admitted that Waffle House, Inc. ("Waffle House") is a Georgia corporation with a principal address in Georgia. It is further admitted that Waffle House owned, operated, managed, and/or conducted business throughout the state of Pennsylvania. It is further admitted that there is a Waffle House location located at 430 Racetrack Road Washington, Pennsylvania 15301. It is specifically denied that the location where the alleged incident occurred was in Washington County at the Waffle House located at 430 Racetrack Road Washington, Pennsylvania 15301. [1]

7.     Admitted.

8.     Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Through discovery, the appropriate entities or persons responsible for

---

[1] Specifically, for Unit 1394 located at 1249 Harrisburg Pike Carlisle, PA 17013 where the incident occurred, WH Capital, LLC owns the real property. Waffle House, Inc., leases it, and East Coast Waffles, Inc. ("ECW") operates the unit.

maintenance, control, care, repair, and control will be identified. Therefore, the same is denied and strict proof demanded.

9.    Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

## JURISDICTION AND VENUE

10.    Admitted.

11.    Admitted with qualification. This court has personal jurisdiction under the guise that the Defendants carry out some business operations within Washington County and Pennsylvania. However, the incident did not occur in Washington County, but rather Cumberland County, there are multiple Waffle House locations across the entire state of Pennsylvania, Plaintiff does not reside in Washington County, witnesses do not reside in Washington County, and nothing relating to this instance occurred in Washington County.

12.    Admitted with qualification. Admitted that Defendants carried on general business in Pennsylvania including in Cumberland County where the incident allegedly took place. However, the incident did not occur in Washington County, but rather Cumberland County, there are multiple Waffle House locations across the entire state of Pennsylvania, Plaintiff does not reside in Washington County, witnesses do not reside in Washington County, and nothing relating to this instance occurred in Washington County.

13.    Admitted with qualification. Admitted that Defendants carried on general business in Pennsylvania including in Cumberland County where the incident took place. However, the

incident did not occur in Washington County, but rather Cumberland County, there are multiple Waffle House locations across the entire state of Pennsylvania, Plaintiff does not reside in Washington County, witnesses do not reside in Washington County, and nothing relating to this instance occurred in Washington County. Of note, Plaintiff list Waffle House locations all over the state, conveniently leaving out the location of Waffle House located at 1249 Harrisburg Pike Carlisle, PA 17013 where Plaintiff's incident allegedly occurred.

14. Admitted upon information and belief.

15. Admitted with qualification. Admitted that Defendants carried on general business in Pennsylvania including in Cumberland County where the incident took place. Further, this court has personal jurisdiction under the guise that the Defendants carry out some business operations within Washington County and Pennsylvania. However, the incident did not occur in Washington County, but rather Cumberland County, there are multiple Waffle House locations across the entire state of Pennsylvania, Plaintiff does not reside in Washington County, witnesses do not reside in Washington County, and nothing relating to this instance occurred in Washington County.

16. Admitted with qualification. Admitted that Defendants carried on general business in Pennsylvania including in Cumberland County where the incident took place. Further, this court has personal jurisdiction under the guise that the Defendants carry out some business operations within Washington County and Pennsylvania. However, the incident did not occur in Washington County, but rather Cumberland County, there are multiple Waffle House locations across the entire state of Pennsylvania, Plaintiff does not reside in Washington County, witnesses do not reside in Washington County, and nothing relating to this instance occurred in Washington County.

17. Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded.

**FACTS**

18.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded.

19.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial. Furthermore, this averment is in part a conclusion of law to which no response is required.

20.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. To the extent the seat was not properly bolted, the same would be open and obvious and to any user of said toilet seat.

21.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. To the extent the averment is factually correct, the same being denied, Plaintiff would only have tipped and/or fell over if he was improperly seated on the toilet or otherwise conducting himself in a manner not suited for an ordinary toilet seat.

22.     Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

23.    Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. To the extent this averment contains averments of fact, the condition, if it existed PRIOR to Plaintiff's use of the toilet seat would have been open and obvious to Plaintiff. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

24.    Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Moreover, Plaintiff pleads no facts indicating Defendants failed to take any remedial steps. Moreover, upon information and belief, the toilet seat was properly secured until Plaintiff utilized it. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

25.    Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Defendants do not know what Plaintiff did or did not see but if the toilet seat was in fact separated from the toilet, said condition would be open and obvious to any user of the toilet seat. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

26.    a.- p. Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute

conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial. Moreover, it is believed and therefore averred that the pled injuries are significantly exaggerated beyond the scope of any injury that would have been sustained, the same being strictly denied.

27.     a.-g. Denied. Defendants are without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

## COUNT I – NEGLIGENCE

## PLAINTIFF V WH CAPITAL, LLC

28.     Defendants hereby incorporate by reference their Answers to paragraphs 1 through 27 as though fully set forth at length herein.

29.     Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

30.     a.-q. Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. Further, Defendant specifically denies it acted

negligently. The averments are therefore denied, and strict proof is demanded at the time of trial. To the extent any defect existed, it was open and obvious, and Plaintiff should have been aware.

31.    Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. Further, Defendant specifically denies it had actual or constructive Notice of any condition alleged by Plaintiff. The averments are therefore denied, and strict proof is demanded at the time of trial.

32.    Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

WHEREFORE, Defendants respectfully requests this Honorable Court enter judgment in its favor and against Plaintiff, with prejudice.

## COUNT II- NEGLIGENCE

### PLAINTIFF V WAFFLE HOUSE, INC.

33.    Defendant hereby incorporates by reference its Answers to paragraphs 1 through 32 as though fully set forth at length herein.

34.    Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute

conclusions of law to which no response is required. They are therefore denied and strict proof is demanded at the time of trial.

35.     a.-q. Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. Further, Defendant specifically denies it acted negligently. The averments are therefore denied and strict proof is demanded at the time of trial.

36.     Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. Further, Defendant specifically denies it had actual or constructive Notice of any condition alleged by Plaintiff. The averments are therefore denied, and strict proof is demanded at the time of trial.

37.     Denied. Defendant is without sufficient information to form a belief as to the truth or falsity of this averment. Therefore, the same is denied and strict proof demanded. By way of further response, the averments contained in this paragraph of the Complaint constitute conclusions of law to which no response is required. The averments are therefore denied, and strict proof is demanded at the time of trial.

WHEREFORE, Defendants respectfully requests this Honorable Court enter judgment in its favor and against Plaintiff, with prejudice.

## **NEW MATTER**

1.     Defendants incorporate the averments in Counts 1 through 37 by references as if set forth at length herein.

2.      Any recovery in this action may be limited or barred under the provisions of the Pennsylvania Comparative Negligence Act.

3.      Any condition of the toilet seat, the same being Denied, would be open and obvious that any user of the toilet seat would be aware.

4.      If Defendants were negligent, which is expressly denied, then the acts of Defendants alleged to have constituted negligence were not substantial factors or causes of the accident of which Plaintiff complained and/or did not result in injuries or damages alleged by Plaintiff.

5.      The intervening acts of other persons may have constituted supersedeas causes of the accident in which Plaintiff complains, and any injuries or damages allegedly suffered by Plaintiff were caused by the superseding negligence of other persons.

6.      Plaintiff's Complaint against Defendants should be dismissed because, at all relevant times, defendants acted in an ordinary, reasonable, and prudent manner.

7.      No omission or conduct on the part of Defendants contributed to Plaintiff's alleged damages.  To contrary, upon information and belief, Plaintiff's actions are the sole cause of any injuries sustained, the same being strictly denied.

8.      Plaintiff's claims are barred by the doctrine of unclean hands.

9.      Plaintiff failed to mitigate their damages.

10.     Plaintiff's alleged injuries and/or damages were caused by his own conduct, innocent of all other parties herein.

11.     Defendants' conduct was not a substantial or contributing factor to Plaintiff's alleged injuries.

12.     Plaintiff's injuries and/or damages alleged are unreasonable and excessive.

13.     Plaintiff's causes of actions are barred by assumption of risk.

14.     Defendants lacked actual or constructive notice of any allegedly dangerous condition alleged by Plaintiff.

Respectfully submitted,

MOORE INGRAM JOHNSON AND STEELE LLP


By: *Kayla E. Gonzalez*
  Kayla E. Gonzalez, ID # 334984
  Andrew J. Race, ID # 318622
Date: April 8, 2026    *Counsels for WH Capital, LLC and Waffle House, Inc.*

## **VERIFICATION**

I, Kayla E. Gonzalez , verify that I am authorized to sign this verification of behalf of WH Capital, LLC and Waffle House, Inc., and that the statements made in the foregoing are true and correct to the best of my knowledge, information, and belief after reasonable investigation of the same. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

Respectfully submitted,

MOORE INGRAM JOHNSON AND STEELE LLP

By: *Kayla E. Gonzalez*

Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622

Date: April 8, 2026                     *Counsels for WH Capital, LLC and Waffle House, Inc.*

Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622
Moore Ingram Johnson and Steele LLP
101 Erford Road, Suite 300
Camp Hill, PA 17011
PH: (717) 790-2854
FX: (717) 790-2872
EM: kegonzalez@mijs.com                    *Counsels for Defendants, WH Capital, LLC & Waffle House, Inc.*

---

| | | |
|---|---|---|
| JOHN BROCK, | : | COURT OF COMMON PLEAS |
| Plaintiff | : | WASHINGTON COUNTY, |
| | : | PENNSYLVANIA |
| | : | |
| Vs. | : | CV- 2026-01763 |
| | : | |
| WH CAPITAL LLC and | : | |
| WAFFLE HOUSE INC., | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Kayla E. Gonzalez, Esquire, do hereby certify that on the date below I served a true and correct copy of the foregoing Answer to the Complaint and New Matter by e-mail upon the following:

Erin L. Bock, Esquire
MORGAN & MORGAN PHILADELPHIA PLLC.
Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
Erin.bock@forthepeople.com
*Counsel for Plaintiff*

MOORE INGRAM JOHNSON AND STEELE LLP

By: *Kayla E. Gonzalez*
Kayla E. Gonzalez, ID # 334984
Andrew J. Race, ID # 318622
*Counsels for WH Capital, LLC and Waffle House, Inc.*

Date: April 8, 2026

FILED
May 13, 2026 11:43 AM
Office of the Prothonotary
Washington County, Pennsylvania
CV-2026-01763

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

        Plaintiff,

v.

WH CAPITAL, LLC,
WAFFLE HOUSE, INC.,

        Defendants.

CIVIL DIVISION

No.: CV-2026-01763

**AFFIDAVIT OF SERVICE OF COMPLAINT**

Filed on Behalf of Plaintiff:

JOHN BROCK

Counsel of Record for this Party:

ERIN L. BOCK, ESQUIRE
PA I.D. 314166
erin.bock@forthepeople.com

MORGAN & MORGAN PHILADELPHIA, PLLC

Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
P: (412) 222-5556
F: (412) 222-5557

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

        Plaintiff,

v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.

        Defendants.

CIVIL DIVISION
No.: CV-2026-01763

## AFFIDAVIT OF SERVICE OF COMPLAINT

BEFORE ME, a Notary Public, personally appeared Erin L. Bock, Esquire, who, being duly sworn according to law, deposes and says that she served the Complaint in Civil Action on WH Capital LLC on March 20, 2026, through U.S. Certified Mail delivery to WH Capital LLC 5986 Financial Drive, Norcross, GA 30071, and that the U.S. Certified Mail/return of service is attached hereto and marked as Exhibit "A."

Respectfully Submitted,

SWORN TO and subscribed
before me this _11¹_ day of
_MAY_, 2026.

**MORGAN & MORGAN, PPLC**

ERIN L. BOCK, ESQUIRE
*Counsel for Plaintiff, John Brock*

NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
James John Nicotero, Notary Public
Butler County
My commission expires July 15, 2026
Commission number 1194574
Member, Pennsylvania Association of Notaries

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff's Affidavit of Service was served

May 13, 2026, via U.S. Mail upon the following parties:


Moore Ingram Johnson and Steele LLP
Kayla E. Gonzalez
Andrew J. Race
101 Erford Road, Suite 300
Camp Hill, PA 17011
Email: kegonzalez@mijs.com
Email: ajrace@mijs.com
FX: (717) 790-2872*Counsels for Defendants, WH Capital, LLC & Waffle House, Inc.*



**MORGAN & MORGAN PHILADELPHIA PLLC**

**ERIN L. BOCK**
*Counsel for Plaintiff, John Brock*

## CERTIFICATE OF COMPLIANCE

I, Erin L. Bock, Esquire, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non- confidential information and documents.

Submitted By: MORGAN & MORGAN PHILADELPHIA, PLLC

Signature: *Erin L Bock*

Name: Erin L. Bock

Date: May 13, 2026

Attorney No.: 314166

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

WH Capital, LLC
5986 Financial Dr.
Norcross, GA, 30071

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7899 2234 9707 70

2. Article Number (Transfer from service label)

9589 0710 5270 2732 6693 85

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Craig Knight_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Craig Knight   3/20/26

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



USPS TRACKING #

ATLANTA GA RPDC 302

11 MAR 2025 PM 4 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 7899 2234 9707 70

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Morgan e Morgan
Attn: Justice Washington
603 Stanwix St., Suite 1825
Pgh., PA, 15222 #18285951

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____WASHINGTON_____ **County**

For Prothonotary Use Only:

Docket No:

FILED
March 09, 2026 4:34 PM
Office of the Prothonotary
Washington County, Pennsylvania
CV-2026-01763

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**:

☒ Complaint  ☐ Writ of Summons  ☐ Petition
☐ Transfer from Another Jurisdiction  ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| John Brock | WH Capital, LLC, and Waffle House, Inc. |

**Are money damages requested?** ☒ Yes  ☐ No

Dollar Amount Requested: (check one)  ☐ within arbitration limits  ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: _____Erin L. Bock_____

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case**: Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE***. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☒ Premises Liability
☐ Product Liability (*does not include mass tort*)
☐ Slander/Libel/ Defamation
☐ Other: _____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other: _____

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other
_____
☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other
_____
☐ Other: _____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other
_____
☐ Zoning Board
☐ Other: _____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

        Plaintiff,

v.

WH CAPITAL, LLC, and
WAFFLE HOUSE, INC.,

        Defendants.

CIVIL DIVISION

No.:

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff:

JOHN BROCK

Counsel of Record for this Party:

ERIN L. BOCK, ESQUIRE
PA I.D. 314166
erin.bock@forthepeople.com

MORGAN & MORGAN PHILADELPHIA, PLLC

Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA  15222
P:  (412) 222-5556
F:  (412) 222-5557

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

      Plaintiff,

v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.

      Defendants.

CIVIL DIVISION

No.:

## **NOTICE TO DEFEND**

| **"NOTICE"** | **"AVISO"** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparecía escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que, si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**<br><br>**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.** | **USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO DE INMEDIATO. SI USTED NO TIENE UN ABOGADO, VAYA O LLAME POR TELÉFONO A LA OFICINA INDICADA A CONTINUACIÓN. ESTA OFICINA PUEDE PROPORCIONARLE INFORMACIÓN SOBRE CÓMO CONTRATAR A UN ABOGADO.**<br>**SI USTED NO PUEDE PAGAR PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PODRÍA PODER PROPORCIONARLE INFORMACIÓN SOBRE AGENCIAS QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS ELEGIBLES POR UNA TARIFA REDUCIDA O SIN COSTO.** |
| <u>If you do not know a lawyer, contact:</u><br>Lawyer Referral Service<br>119 South College Street Washington, PA 15301<br>724.225.6710 | <u>Si no conoce a un abogado,</u><br><u>comuníquese con:</u><br>Servicio de Referencia de Abogados<br>119 South College Street<br>Washington, PA 15301<br>724.225.6710 |
| <u>If you can not afford a lawyer, contact:</u><br>Southwestern Pennsylvania Legal Aid Society 10 West Cherry Avenue<br>Washington, PA 15301<br>724.225.6170 | <u>Si no puede pagar un abogado,</u><br><u>comuníquese con:</u><br>Sociedad de Ayuda Legal del Suroeste de Pensilvania 10 West Cherry Avenue<br>Washington, PA 15301<br>724.225.6170 |

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

        Plaintiff,

v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.

        Defendants.

CIVIL DIVISION

No.:

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, John Brock, by and through his attorneys, Erin L. Bock, Esquire and MORGAN & MORGAN PHILADELPHIA PLLC, and hereby files the within Complaint in Civil Action, and in support thereof avers as follows:

## PARTIES

1.    Plaintiff, John Brock, is an adult individual who resides at 4850 North 2300th Road, Blandinsville, IL 61420.

2.    Defendant, WH Capital, LLC ("WH Capital") is a Georgia limited liability company with a principal address of 5986 Financial Drive, Norcross, GA 30071. At all times relevant and material hereto, WH Capital owned, operated, managed, and conducted business throughout the state of Pennsylvania and in Washington County on a regular, systematic, continuous, and substantial basis at various Waffle House restaurants, including at the subject premises and in Washington County at a Waffle House restaurant located at 430 Racetrack Road, Washington, Pennsylvania 15301.

3.    At all times relevant and material hereto, WH Capital owned, leased, controlled, rented, repaired, managed, operated, and/or maintained real property located at 1249 Harrisburg Pike, Carlisle, Pennsylvania 17013, known as Waffle House Restaurant #1394 ("subject premises").

4.    At all times relevant and material hereto, WH Capital acted by and through its agents (actual, express, implied, apparent, ostensible or otherwise), representatives, servants, workmen, and/or employees for the maintenance, repair, care, and control of the Subject Premises.

5.    At all times relevant and material hereto, WH Capital was in possession and/or control of the subject premises and had a duty to keep the premises safe and free of dangerous conditions which presented unreasonable risks of harm and injury to invitees and others legally on the premises.

6.    Defendant, Waffle House, Inc. ("Waffle House") is a Georgia corporation with a principal address of 5986 Financial Drive, Norcross, GA 30071.  At all times relevant and material hereto, Waffle House owned, operated, managed, and conducted business throughout the state of Pennsylvania and in Washington County on a regular, systematic, continuous, and substantial basis at various Waffle House restaurants, including in Washington County at a Waffle House restaurants located at 430 Racetrack Road, Washington, Pennsylvania 15301 and 255 Murtland Avenue, Washington, PA 15301.

7.    At all times relevant and material hereto, Waffle House owned, leased, controlled, rented, repaired, managed, operated, and/or maintained real property located at 1249 Harrisburg Pike, Carlisle, Pennsylvania 17013, known as Waffle House Restaurant #1394 ("subject premises").

8.    At all times relevant and material hereto, Waffle House acted by and through its agents (actual, express, implied, apparent, ostensible or otherwise), representatives, servants, workmen, and/or employees for the maintenance, repair, care, and control of the Subject Premises.

9.    At all times relevant and material hereto, Waffle House was in possession and/or control of the subject premises and had a duty to keep the premises safe and free of dangerous conditions which presented unreasonable risks of harm and injury to invitees and others legally on the premises.

**JURISDICTION AND VENUE**

10.    This Court has subject matter jurisdiction over this action pursuant to 42 Pa.C.S.A. 931.

11.    This Court has personal jurisdiction over this action pursuant to 42 Pa.C.S.A. §§ 5301(a)(2)(iii) and 5301(a)(3)(iii).

12.    At all times material and relevant hereto, WH Capital and Waffle House have carried on a continuous and systematic part of their general businesses within Pennsylvania by way of multiple Waffle House restaurants throughout the state.

13.    Specifically, upon information and belief, WH Capital owned, operated, controlled managed and/or maintained businesses in Pennsylvania on a regular, systematic, continuous, and substantial basis by way of the subject premises as well as additional Waffle House restaurants including but not limited to the following pursuant to property searches in their respective counties which are collectively attached hereto as Exhibit "A":

- Waffle House #1614 430 Racetrack Road, Washington, Pennsylvania 15301

- Waffle House #1691 2101 Cherry Lane, Bethlehem, Pennsylvania 18015

- Waffle House #1745 700 Davis Street, Scranton, PA 18505

- Waffle House #1635 933 South State Street, Clarks Summit, PA 18411

14.    Further, upon information and belief, Waffle House owned, operated, controlled managed and/or maintained ten (10) Waffle House restaurants in the state of Pennsylvania on a regular, systematic, continuous, and substantial basis pursuant to the map from their company website[1], which is attached hereto as Exhibit "B."  Two of these restaurants are located in Washington County, Pennsylvania, as described above and indicated on this map.

---

[1] *See* locations.wafflehouse.com last accessed on March 6, 2026.

15. Venue is proper in this Court pursuant to Pa.R.C.P. 2179(a)(2) as WH Capital owned, operated, controlled, managed and/or maintained a business in Washington County on a regular, systematic, continuous, and substantial basis by way of the Waffle House restaurant on Racetrack Road in Washington, Pennsylvania as described in greater detail above.

16. Venue is proper in this Court pursuant to Pa.R.C.P. 2179(a)(2) as Waffle House owned, operated, controlled, managed and/or maintained businesses in Washington County on a regular, systematic, continuous, and substantial basis by way of two (2) Waffle House restaurants on Racetrack Road and Murtland Avenue in Washington, Pennsylvania as described in greater detail above.

17. The amount in controversy is in excess of the jurisdictional compulsory arbitration limits.

### FACTS

18. On or about April 10, 2025, Plaintiff, John Brock, was on the subject premises as a customer when he went to use the restroom.

19. At that time and place, Plaintiff encountered a dangerous, hazardous, defective, and/or otherwise unsafe condition consisting of an improperly installed toilet seat.

20. Upon information and belief, and unbeknownst to Plaintiff, the subject toilet seat was not bolted and/or improperly bolted to the toilet.

21. As Plaintiff was attempting to use the toilet, the toilet seat tipped over causing him to fall and sustain injuries and damages as further outlined below.

22. On that same date and for some time prior thereto, Defendants, acting individually, jointly, and/or by and through their agents, ostensible agents, servants, franchisees, workmen, and/or employees, negligently and/or carelessly allowed and permitted this dangerous, hazardous, defective, and/or otherwise unsafe condition of the subject premises to exist.

23.   At all times relevant and material hereto, Defendants knew or should have known of the dangerous, hazardous, defective, and/or otherwise unsafe condition of the subject premises.

24.   At all times relevant and material hereto, Defendants failed to take any steps to eliminate the condition, reduce its danger to invitees, licensees, and/or those legally on the premises, or otherwise warn those on the premises as customers, including the Plaintiff, of the dangerous, hazardous, defective, and/or otherwise unsafe condition of the subject premises.

25.   Plaintiff did not see the dangerous, hazardous, defective, and/or otherwise unsafe condition prior to his fall and received no warning concerning the same.

26.   As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff sustained the following injuries, some or all of which may be permanent in nature:

a.   Low back injury with bilateral SI joint involvement;

b.   Low back pain and tenderness;

c.   Bilateral SI joint pain and tenderness;

d.   Lumbar radiculopathy;

e.   Bilateral leg pain;

f.   Numbness and tingling in the legs;

g.   Limited range of motion in the low back;

h.   Limited range of motion in the bilateral SI joints;

i.   Limited range of motion in the legs;

j.   Bilateral leg weakness;

k.   Difficulty ambulating;

l.   Right hand and wrist pain and swelling;

m.   Reduced grip strength and function in the right hand;

n.    Headaches;

o.    Bruises, contusions and other injuries in and about nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body; and

p.    Nervousness, emotional tension, anxiety and depression

27.    As a direct and proximate result of the aforementioned incident, Plaintiff sustained the following damages, some or all of which are or may be permanent or ongoing:

a.    He has undergone extensive medical, rehabilitative, and therapeutic treatments;

b.    He has endured, and will continue to endure, great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of his injury, and emotional and psychological trauma;

c.    He has been, and will be required to, expend large sums of money for medical treatment and care, medical supplies, rehabilitation and therapeutic treatment, medicines and other attendant services;

d.    His general health, strength, and vitality have been impaired;

e.    He has the potential for future surgical intervention;

f.    He has sustained and will continue to sustain lost earnings and his earning capacity has been and may be permanently impaired;

g.    He has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

## COUNT I – NEGLIGENCE

### PLAINTIFF v. WH CAPITAL, LLC

28.    Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth herein at length.

29.    At all times material and relevant, WH Capital was responsible for, and in control of, the maintenance, inspections, and safety of the subject premises and owed a duty of care to invitees, licensees, and/or those legally on the property.

30.    The negligence and/or carelessness of WH Capital, individually, jointly, and/or through their agents, servants, franchisees, workmen, and/or employees, which was the direct and proximate cause of Plaintiff's fall and the resulting injuries suffered by Plaintiff consisted of, but is not limited to, the following:

a.    In causing, permitting, and/or allowing the dangerous, hazardous, unsafe, and/or defective condition, consisting of an improperly and/or unmounted toilet seat, to exist in an area Defendant knew, or by the exercise of reasonable care should have known, would endanger the health and safety of Plaintiff and others;

b.    Failure to properly monitor, test, maintain, inspect, and/or clean the subject premises to see if there were dangerous, hazardous, unsafe and/or defective conditions to those legally on or about the subject premises;

c.    Failure to provide sufficient warning as to the reasonably foreseeable dangerous, hazardous, unsafe and/or defective nature of the subject premises to such invitees, licensees and/or others legally on or about the subject premises;

d.    Failure to barricade, cordon, and/or block off the dangerous, hazardous, unsafe and/or defective area of the subject premises, specifically the bathroom stall where the subject toilet seat was located;

e.    Creating the dangerous, hazardous, unsafe, and/or defective condition by failing to properly install, repair and/or otherwise remedy the improperly and/or unmounted toilet seat;

f.    Further exacerbating the dangerous, hazardous, unsafe, and/or defective condition by failing to address the subject toilet seat;

g.    Failing to inspect the restroom and stalls on the subject premises for dangerous, hazardous, unsafe, and/or defective conditions;

h.    Knowing, or having reason to know, that the dangerous, hazardous, unsafe, and/or defective condition existed and was within an area

frequented by customers, such as Plaintiff, thereby creating an unsafe condition of the property and allowing it to exist;

      i.      Failing to fix, repair, and/or properly install the subject toilet seat;

      j.      Failing to hire competent agents, workers, and/or employees to monitor, inspect, repair, and maintain the subject premises for hazards;

      k.      Failing to have effective policies in place concerning agents, workers, and/or employees monitoring, maintenance, inspection and repair of the subject premises for hazards, knowing it would lead to foreseeable harm of customers, such as Plaintiff, traversing the property and utilizing the subject restroom;

      l.      Failing to have effective policies in place advising and directing agents, workers, and/or employees on the repair and remediation of broken or otherwise defective toilet seats, knowing it would lead to foreseeable harm of people, such as Plaintiff, traversing the subject premises and utilizing the subject restroom;

      m.      Failing to properly establish and/or enforce procedures and policies to ensure the subject premises was free and clear of defects and safe for customers and those otherwise legally on the premises;

      n.      Failing to remedy the unsafe conditions of the subject premises despite having sufficient time and notice to do so;

      o.      Disregarding unsafe conditions of the subject premises that posed an unreasonable risk of harm to Plaintiff, despite having knowledge of same, and having sufficient time to remedy the unsafe conditions;

      p.      Causing or allowing the toilet seat to become damaged, dilapidated, loose, improperly mounted, unmounted, and/or otherwise dangerous to people, such as Plaintiff, who Defendant knew, or should have known, would utilize the restroom while legally on the subject premises;

      q.      In failing to exercise regard and care for the rights and safety of Plaintiff required of Defendant by law.

31.      Upon information and belief, WH Capital had specific, prior knowledge of the condition which caused Plaintiff to fall.

32. As a direct and proximate result of the negligent and/or careless conduct of WH Capital, Plaintiff suffered serious and/or permanent injuries and damages as further outlined above through no fault of his own.

WHEREFORE, Plaintiff John Brock demands compensatory damages, pain and suffering damages, and all available economic and non-economic damages available from Defendant WH Capital, LLC, in an amount in excess of the jurisdictional limits of compulsory arbitration, together with interests, costs, and other such relief this court deems just.

**JURY TRIAL DEMANDED**

## <u>COUNT II – NEGLIGENCE</u>

### **PLAINTIFF v. WAFFLE HOUSE, INC.**

33. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth herein at length.

34. At all times material and relevant, Waffle House was responsible for, and in control of, the maintenance, inspections, and safety of the subject premises and owed a duty of care to invitees, licensees, and/or those legally on the property.

35. The negligence and/or carelessness of Waffle House, individually, jointly, and/or through their agents, servants, franchisees, workmen, and/or employees, which was the direct and proximate cause of Plaintiff's fall and the resulting injuries suffered by Plaintiff consisted of, but is not limited to, the following:

> a. In causing, permitting, and/or allowing the dangerous, hazardous, unsafe, and/or defective condition, consisting of an improperly and/or unmounted toilet seat, to exist in an area Defendant knew, or by the exercise of reasonable care should have known, would endanger the health and safety of Plaintiff and others;

b.     Failure to properly monitor, test, maintain, inspect, and/or clean the subject premises to see if there were dangerous, hazardous, unsafe and/or defective conditions to those legally on or about the subject premises;

c.     Failure to provide sufficient warning as to the reasonably foreseeable dangerous, hazardous, unsafe and/or defective nature of the subject premises to such invitees, licensees and/or others legally on or about the subject premises;

d.     Failure to barricade, cordon, and/or block off the dangerous, hazardous, unsafe and/or defective area of the subject premises, specifically the bathroom stall where the subject toilet seat was located;

e.     Creating the dangerous, hazardous, unsafe, and/or defective condition by failing to properly install, repair and/or otherwise remedy the improperly and/or unmounted toilet seat;

f.     Further exacerbating the dangerous, hazardous, unsafe, and/or defective condition by failing to address the subject toilet seat;

g.     Failing to inspect the restroom and stalls on the subject premises for dangerous, hazardous, unsafe, and/or defective conditions;

h.     Knowing, or having reason to know, that the dangerous, hazardous, unsafe, and/or defective condition existed and was within an area frequented by customers, such as Plaintiff, thereby creating an unsafe condition of the property and allowing it to exist;

i.     Failing to fix, repair, and/or properly install the subject toilet seat;

j.     Failing to hire competent agents, workers, and/or employees to monitor, inspect, repair, and maintain the subject premises for hazards;

k.     Failing to have effective policies in place concerning agents, workers, and/or employees monitoring, maintenance, inspection and repair of the subject premises for hazards, knowing it would lead to foreseeable harm of customers, such as Plaintiff, traversing the property and utilizing the subject restroom;

l.     Failing to have effective policies in place advising and directing agents, workers, and/or employees on the repair and remediation of broken or otherwise defective toilet seats, knowing it would lead to foreseeable harm of people, such as Plaintiff, traversing the subject premises and utilizing the subject restroom;

m.     Failing to properly establish and/or enforce procedures and policies to ensure the subject premises was free and clear of defects and safe for customers and those otherwise legally on the premises;

n.     Failing to remedy the unsafe conditions of the subject premises despite having sufficient time and notice to do so;

o.     Disregarding unsafe conditions of the subject premises that posed an unreasonable risk of harm to Plaintiff, despite having knowledge of same, and having sufficient  time to remedy the unsafe conditions;

p.     Causing or allowing the toilet seat to become damaged, dilapidated, loose, improperly mounted, unmounted, and/or otherwise dangerous to people, such as Plaintiff, who Defendant knew, or should have known, would utilize the restroom while legally on the subject premises;

q.     In failing to exercise regard and care for the rights and safety of Plaintiff required of Defendant by law.

36.     Upon information and belief, Waffle House had specific, prior knowledge of the condition which caused Plaintiff to fall.

37.     As a direct and proximate result of the negligent and/or careless conduct of Waffle House, Plaintiff suffered serious and/or permanent injuries and damages as further outlined above through no fault of his own.

WHEREFORE, Plaintiff John Brock demands compensatory damages, pain and suffering damages, and all available economic and non-economic damages available from Defendant Waffle House, Inc., in an amount in excess of the jurisdictional limits of compulsory arbitration, together with interests, costs, and other such relief this court deems just.

**JURY TRIAL DEMANDED**

**MORGAN & MORGAN PHILADELPHIA, PLLC**

Erin L. Bock, Esquire
PA I.D. No. 314166
Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA  15222
P:  (412) 222-5556
F:  (412) 222-5557
*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I, Erin L. Bock, Esquire, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted By: MORGAN & MORGAN PHILADELPHIA PLLC

Signature: _Erin L. Bock_

Name: _Erin L. Bock_____

Attorney No.: __314166_____

Dated: March 9, 2026

## VERIFICATION

I, John Brock, hereby depose and state that I am the Plaintiff, that I have reviewed the foregoing Complaint, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications to authorities.

3/9/2026 | 10:50 AM EDT
_____
Date

_____
JOHN BROCK

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK,

       Plaintiff,

    v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.,

       Defendants.

CIVIL DIVISION

No. CV-2026-01763

**PLAINTIFF'S OBJECTIONS AND
RESPONSES TO DEFENDANTS'
REQUEST FOR ADMISSON TO
PLAINTIFF- FIRST SET**

Filed on behalf of Plaintiff:

JOHN BROCK

Counsel of Record for this party:

Erin L. Bock, Esquire
PA I.D. No. 314166
erin.bock@forthepeople.com

MORGAN & MORGAN PHILADELPHIA,
PLLC

Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA  15222
P:  (412) 222-5556
F:  (412) 222-5557

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

        Plaintiff,

v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.

        Defendants.

CIVIL DIVISION
No.: CV-2026-01763

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSON TO PLAINTIFF- FIRST SET**

AND NOW comes Plaintiff, John Brock, by and through his attorneys, Erin L. Bock, Esquire., and Morgan & Morgan, Philadelphia PPLC, and hereby files the within Objections and Responses to Defendants' Request for Admission to Plaintiff – First Set, as follows:

**INSTRUCTIONS**

**PLEASE TAKE NOTICE**, the Defendants, WH Capital LLC and Waffle House Inc.,, (hereinafter referred to as, "Defendants") demand Plaintiff to admit or deny the truth of the following matters of facts in accordance with Pennsylvania Rules of Civil Procedure (Pa. R.C.P. 4014). Please note the following are required under the rule:

(1) Each matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

(2) If objection is made, the reasons for the objection shall be stated.

(3) If not admitted, your answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

(4) A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify the answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

(5) An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless stating that a reasonable inquiry was made and that the information known or readily obtainable is insufficient to enable an admission or denial.

(6) A party who considers that a matter of which an admission has been requested presents a genuine issue for trial, may not, on that ground alone, object to the request but may, subject to the provisions of the rules, deny the matter or set forth reasons for not being able to admit or deny.

**PLEASE TAKE FURTHER NOTICE** that the term "document" includes all electronic media or other tangible forms in which information is stored and includes all written or graphic matter of every kind and description, however produced or reproduced, WHETHER DRAFT OR FINAL, original or reproduction, including, but not limited to, letters, correspondence, memoranda, notes, films, transcripts, contracts, agreements, licenses, memoranda of telephone conversations or personal conversations, microfilm, telegrams, books, newspaper articles, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings, or materials similar to any of the foregoing, however denominated, and including writings, drawings, graphs, charts, photographs, data processing results, printouts and computations (both in existence and stored in memory components), and other compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. THE TERM "DOCUMENT" INCLUDES ALL COPIES OF A DOCUMENT WHICH CONTAIN ANY ADDITIONAL WRITING, UNDERLINING, NOTES, DELETIONS, OR ANY OTHER MARKINGS OR NOTATIONS, OR ARE OTHERWISE NOT IDENTICAL COPIES OF THE ORIGINAL.

## GENERAL OBJECTIONS

**Each of Plaintiff's responses, in addition to any specifically stated objections, is subject to and incorporates the following General Objections. The assertion of the same, similar, or additional objections, or a partial response to an individual Request does not waive any of Plaintiff's General Objections.**

**Objection. Plaintiff hereby objects generally to the "Instructions" and "Definitions" sections of Defendant's discovery requests to the extent that they change, alter or amend in any way requirements of the Pennsylvania Rules of Civil Procedure. These Interrogatories are answered in accordance with and pursuant to the Pennsylvania Rules of Civil Procedure, including terms defined therein.**

**Objection. Plaintiff hereby objects generally to all definitions to the extent that they deviate from common and ordinary usage of the terms and to the extent that they change, alter or amend in any way requirements of the Pennsylvania Rules of Civil Procedure. These Requests are responded to pursuant to the Pennsylvania Rules of Civil Procedure, including terms defined therein, and in accordance with Plaintiff's understanding of the common and ordinary meanings of the terms used.**

**Objection. Plaintiff hereby objects generally to the extent these Requests seek information that is unlimited in scope and/or unlimited in time as such requests are overly broad, unduly**

burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Objection. Plaintiff hereby objects generally to the extent these Requests seek information that is protected by attorney-client confidentiality, the attorney-client privilege, and/or the attorney work product doctrine, and any information protected in this regard will not be produced.

Objection.  Plaintiff hereby objects generally to the extent these Requests seek disclosure of information generated by persons other than Plaintiff and/or that is not under Plaintiff's custody or control, that is within the public domain, or that is otherwise equally available to Defendant as it is to Plaintiff.

In responding to these Requests, Plaintiff does not concede that any of the responses or information contained herein is relevant or admissible. Plaintiff reserves the right to object, on the grounds of competency, privilege, relevance, materiality, or otherwise, to the use of this information for any purpose, in whole or in part, in this action or in any other action.

The following responses reflect Plaintiff's present knowledge, information, and belief and may be subject to change or modification based on further discovery or facts or circumstances that may come to Plaintiff's knowledge. Plaintiff specifically reserves the right to further supplement, amend, or otherwise revise these Answers in accordance with the Pennsylvania Rules of Civil Procedure and the Local Rules of the Court of Common Pleas of Washington County as well as any applicable Case Management Order entered in this matter.

## REQUESTS FOR ADMISSIONS

1.     Admit or deny that the incident in question took place at the Waffle House located at 1249 Harrisburg Pike Carlisle, Pa 17013 ("Store 1394").

**ANSWER:     Admitted.  See Plaintiff's verified Complaint.**

2.     Admit or deny that Plaintiff does not reside in Washington County, Pennsylvania.

**ANSWER:     Admitted.  See Plaintiff's verified Complaint.**

3.     Admit or deny that no part of the incident pled that occurred on April 10, 2025, occurred in Washington County, Pennsylvania.

**ANSWER: Objection. Plaintiff objects to the phrase "no part of the incident pled" as vague, ambiguous, and undefined.  Subject to and without waiving any objections, to the extent that this Request seeks an admission that Plaintiff's injury did not occur in Washington County, Pennsylvania, admitted.  To the extent that it seeks an admission that no part of this incident involves Washington County, Pennsylvania, denied as Defendants carry on a regular, continuous, and systematic part of their general business in Washington County, Pennsylvania.**

4.      Admit or deny that the amount in controversy does not exceed $75,000.00.

**ANSWER: Objection.  Plaintiff objects to the extent that this Request calls for a legal conclusion and is therefore an improper subject for a Request for Admission.  Further, Plaintiff objects to this Request as premature as discovery is ongoing and damages continue to develop.  Subject to and without waiving any objections, denied.  Plaintiff's damages, including past and future medical expenses, past and future lost wages and earning capacity, past and future pain and suffering, embarrassment and humiliation, loss of life's pleasures, and other compensable harms recognized under Pennsylvania law, exceed $75,000.00.**

5.      Admit or deny that you do not possess any documentation or have any independent knowledge regarding the status of the toilet seat prior to Plaintiff's incident.

**ANSWER: Objection.  This Request is not a request for admission, but a contention interrogatory, which is premature as it seeks information concerning evidentiary support for allegations while discovery has not yet been completed and depositions have not yet taken place.  See Notes and Explanatory Comments to Pa.R.C.P. 4003.1(c) (adopting rationale in Civil Discovery Standard No. 8 of the ABA, which provides, "The legitimate purpose of contention interrogatories is to narrow the issues for trial, not to force the opposing side to marshal all its evidence on paper" and "…[C]ontention interrogatories ordinarily are more appropriate after the bulk of discovery has already taken place.").  As discovery is in its infancy, Plaintiff is unable to provide an admission or denial even after making a reasonable inquiry.**

6.      Admit or deny that you do not possess any documents and cannot verify that any defect in the toilet seat was present prior to Plaintiff sitting on it/the incident occurring.

**ANSWER:  Objection.  This Request is not a request for admission, but a contention interrogatory, which is premature as it seeks information concerning evidentiary support for allegations while discovery has not yet been completed and depositions have not yet taken place.  See Notes and Explanatory Comments to Pa.R.C.P. 4003.1(c) (adopting rationale in Civil Discovery Standard No. 8 of the ABA, which provides, "The legitimate purpose of contention interrogatories is to narrow the issues for trial, not to force the opposing side to marshal all its evidence on paper" and "…[C]ontention interrogatories ordinarily are more appropriate after the bulk of discovery has already taken place.").  As discovery is in its infancy, Plaintiff is unable to provide an admission or denial even after making a reasonable inquiry.**

                                    **MORGAN & MORGAN PHILADELPHIA, PLLC**

                                    Erin L. Bock, Esquire
                                    Attorney for Plaintiff
                                    PA I.D. No. 31416

## VERIFICATION

I, JOHN BROCK, verify that the statements made in the within **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSON TO PLAINTIFF- FIRST SET** are true and correct.  I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

6/17/2026 | 10:21 AM EDT

_____

Date

_____

JOHN BROCK

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK,

      Plaintiff,

vs.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.,

      Defendant.

CIVIL DIVISION

No.:  CV-2026-01763

**NOTICE OF SERVICE OF PLAINTIFF'S
ANSWERS AND OBJECTIONS TO
DEFENDANT'S FIRST SET OF
REQUEST FOR ADMISSIONS
ADDRESSED TO PLAINTIFF**

Filed on Behalf of Plaintiff:

JOHN BROCK

Counsel of Record for this Party:

Erin L. Bock, Esquire
PA I.D. No. 314166
erin.bock@forthepeople.com

MORGAN  &  MORGAN  PHILADELPHIA,
PLLC

Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA  15222
P:  (412) 222-5556
F:  (412) 222-5557

**JURY TRIAL DEMANDED**

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA

JOHN BROCK

        Plaintiff,

v.

WH CAPITAL, LLC and
WAFFLE HOUSE, INC.

        Defendants.

CIVIL DIVISION

No.: CV-2026-01763

### NOTICE OF SERVICE

The undersigned, Erin L. Bock, Esquire, avers and says that Plaintiff's Answers and Objections to Defendant's First Set of Request for Admissions Addressed to Plaintiff were served on the following counsel of record this 18th day of June 2026:

Moore Ingram Johnson and Steele LLP
Kayla E. Gonzalez, Esq.
Andrew J. Race, Esq.
101 Erford Road, Suite 300
Camp Hill, PA 17011
kegonzalez@mijs.com
ajrace@mijs.com
*Counsel for Defendant*

**MORGAN & MORGAN PHILADELPHIA, PLLC**

Erin L. Bock, Esquire
PA I.D. No. 314166
Two Gateway Center
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
P: (412) 222-5556
F: (412) 222-5557
*Counsel for Plaintiff*