**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MIKE ROSE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC. d/b/a SAM'S CLUB,<br><br>Defendant. | Case No. _____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Mike Rose ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class and Collective Action Complaint against Defendant Sam's East, Inc. d/b/a Sam's Club ("Sam's Club" or "Defendant") and alleges as follows:

## INTRODUCTION

1. This is a wage-and-hour action to recover unpaid overtime wages and other earned wages owed to hourly-paid fuel center employees who worked for Defendant at Sam's Club fuel center locations.

2. Defendant employs hourly-paid fuel center employees to monitor fuel centers, assist customers, respond to fuel-center issues, perform maintenance-related work, remove trash, communicate with managers and other employees, train employees, and complete related work during their shifts.

1

3.      Hourly-paid fuel center employees are required to remain responsible for fuel-center operations during their shifts, including when they are not provided duty-free meal periods and/or breaks.

4.      Defendant maintains timekeeping, scheduling, payroll, staffing, meal-period, and overtime practices that fail to pay hourly-paid fuel center employees for all compensable work time.

5.      Hourly-paid fuel center employees are not paid for all compensable time spent working during unpaid meal periods and/or breaks, including time when they remain responsible for fuel-center duties and are not completely relieved from duty.

6.      Defendant also maintains a practice of adjusting shifts, requiring delayed punch-ins, or otherwise controlling recorded work time in a manner that avoids or reduces overtime compensation owed to hourly-paid fuel center employees.

7.      Plaintiff brings this action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., on behalf of himself and similarly situated employees pursuant to 29 U.S.C. § 216(b).

8.      Plaintiff also brings Pennsylvania state-law claims under the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 Pa. Stat. and Cons. Stat. Ann. §§ 333.101 et seq., and the Pennsylvania Wage Payment and Collection Law

("PWPCL"), 43 Pa. Stat. and Cons. Stat. Ann. §§ 260.1 et seq., individually and on behalf of a Rule 23 class of hourly-paid fuel center employees who worked for Defendant in Pennsylvania.

## JURISDICTION AND VENUE

9.      This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because that claim arises under federal law.

10.      This Court has supplemental jurisdiction over Plaintiff's PMWA and PWPCL claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same employment relationship, timekeeping practices, staffing practices, meal-period practices, off-the-clock work, overtime practices, payroll practices, and compensable-work-time practices as Plaintiff's FLSA claim.

11.      This Court has personal jurisdiction over Defendant because Defendant is registered to do business in Pennsylvania as a foreign business corporation and has consented to the general jurisdiction of Pennsylvania courts under 42 Pa. Cons. Stat. § 5301 and Mallory v. Norfolk Southern Railway Co., 600 U.S. 122 (2023).

12.      Defendant is subject to general personal jurisdiction in Pennsylvania with respect to Plaintiff's claims and the claims of the FLSA Collective and Pennsylvania Class because Defendant consented to general jurisdiction in Pennsylvania by registering to do business in Pennsylvania.

3

13.    Defendant is registered in Pennsylvania as an active foreign business corporation. Defendant was formed in Arkansas, maintains a registered office in Pennsylvania through CT Corporation System, and maintains a principal address at 1 Customer Drive, Bentonville, Arkansas.

14.    Sam's Club is registered in Pennsylvania as a fictitious name owned by Sam's East, Inc.

15.    Defendant also purposefully availed itself of the privilege of conducting business in Pennsylvania by registering to do business in Pennsylvania, operating Sam's Club retail and fuel-center locations in Pennsylvania, employing hourly-paid fuel center employees in Pennsylvania, and engaging in the pay, timekeeping, scheduling, meal-period, and overtime practices challenged in this action in Pennsylvania.

16.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in Pennsylvania and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

17.    Plaintiff worked for Defendant at a Sam's Club fuel center in Mechanicsburg, Pennsylvania, and the pay, timekeeping, staffing, meal-period, break, off-the-clock, and overtime practices challenged in this action injured Plaintiff in this District.

## PARTIES

18.     Plaintiff Mike Rose is an adult individual who resides in Pennsylvania.

19.     Defendant employed Plaintiff from approximately September 2001 through the present.

20.     Defendant employed Plaintiff as an hourly-paid Gas Station and Maintenance employee at a Sam's Club fuel center in Mechanicsburg, Pennsylvania.

21.     Plaintiff's duties included gas-station and maintenance work, monitoring the fuel center, responding to fuel-center conditions and customer needs, communicating with management and coworkers, handling trash and related maintenance tasks, and performing related work as assigned.

22.     Plaintiff was paid on an hourly basis and was treated as eligible for overtime compensation.

23.     Plaintiff's hourly rate was approximately $16.50 per hour during the relevant period.

24.     Defendant Sam's East, Inc. is a corporation formed under the laws of Arkansas.

25.     Defendant does business as Sam's Club.

26.     Defendant is registered to do business in Pennsylvania as an active foreign business corporation.

27.     Defendant operates Sam's Club retail and fuel-center locations in Pennsylvania and throughout the United States.

28.     At all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA, the PMWA, and the PWPCL.

## FACTUAL ALLEGATIONS

29.     At all relevant times, Defendant operated a nationwide retail business through Sam's Club locations, including Sam's Club fuel centers.

30.     At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

31.     At all relevant times, Defendant employed employees engaged in commerce, handled goods, equipment, materials, supplies, communications, instrumentalities, and records that moved in interstate commerce, and operated retail and fuel-center locations as part of an interstate business.

32.     At all relevant times, Defendant's annual gross volume of sales made or business done exceeded $500,000.

33.     Hourly-paid fuel center employees perform work at Sam's Club fuel centers, including monitoring fuel-center operations, assisting customers, responding to problems, communicating with managers and coworkers, maintaining

the fuel-center area, removing trash, training employees, and completing related duties during their shifts.

34.     Hourly-paid fuel center employees are paid on an hourly basis and are eligible for overtime compensation when they work more than forty hours in a workweek.

35.     Defendant uses timekeeping and payroll systems to record hourly-paid fuel center employees' punch times, meal periods, paid hours, regular wages, and overtime wages.

36.     Defendant requires hourly-paid fuel center employees to record their time by clocking or swiping in and out.

37.     Defendant requires hourly-paid fuel center employees to record unpaid meal periods and/or otherwise treats certain meal-period and break time as unpaid.

38.     Hourly-paid fuel center employees frequently cannot take duty-free meal periods and/or breaks because Defendant does not staff the fuel center with sufficient coverage to relieve them from fuel-center responsibilities.

39.     When coverage is unavailable, hourly-paid fuel center employees remain responsible for fuel-center duties during meal periods and/or breaks.

40.     Hourly-paid fuel center employees are not completely relieved from duty during meal periods and/or breaks when they remain responsible for monitoring the fuel center, responding to fuel-center needs, communicating with management

7

or coworkers, assisting customers, or otherwise continuing to perform fuel-center work.

41.    Defendant does not pay hourly-paid fuel center employees for all compensable work performed during unpaid meal periods and/or breaks.

42.    Defendant's failure to count work performed during unpaid meal periods and/or breaks causes Defendant to understate hourly-paid fuel center employees' total hours worked.

43.    When hourly-paid fuel center employees work more than forty hours in a workweek after including compensable meal-period and/or break work, Defendant fails to pay all overtime compensation owed for hours worked over forty.

44.    Defendant also maintains a practice of controlling, adjusting, or reducing recorded work time in a manner that avoids or reduces overtime compensation owed to hourly-paid fuel center employees.

45.    Plaintiff regularly worked approximately forty hours per week and worked more than forty hours in certain workweeks.

46.    Plaintiff was not paid for all compensable time he spent working during unpaid meal periods and/or breaks.

47.    Plaintiff complained to Defendant about not being paid for work performed during meal periods and/or breaks.

8

48.    Plaintiff reported that Defendant's policy required him to punch out for lunch, but that he nevertheless had to continue working because there was no one available to cover the fuel center.

49.    Plaintiff estimated that he was not paid for approximately thirty minutes per workday of compensable work during meal periods and/or breaks.

50.    For example, during the workweek ending June 5, 2026, Defendant's timekeeping records credited Plaintiff with exactly 40.00 hours of work.

51.    During the workweek ending June 5, 2026, Plaintiff worked on June 3 and June 5, 2026, and was denied a duty-free meal period and/or break on those shifts.

52.    The time Plaintiff spent working during the missed meal periods and/or breaks on June 3 and June 5, 2026 was unpaid.

53.    Plaintiff remained responsible for fuel-center duties and continued working during unpaid meal periods and/or breaks during the workweek ending June 5, 2026.

54.    As a result, Plaintiff worked more than forty hours during the workweek ending June 5, 2026, but Defendant paid him for only 40.00 hours and did not pay him all overtime compensation owed for compensable hours worked over forty.

55.     Plaintiff, on other occasions, was required to wait to punch in or otherwise had his hours controlled or adjusted so that his recorded hours would not exceed forty in a workweek.

56.     Defendant knew or should have known that hourly-paid fuel center employees performed compensable work during unpaid meal periods and/or breaks because Defendant assigned their work, controlled staffing and coverage, required them to remain responsible for fuel-center operations, received their time records, and received complaints concerning missed meal periods and/or breaks.

57.     Defendant's violations are willful because Defendant knew or should have known that hourly-paid fuel center employees were required or permitted to work during unpaid meal periods and/or breaks, that such time was compensable, and that excluding such time from paid hours would result in unpaid straight-time wages and unpaid overtime compensation.

58.     As a result of Defendant's unlawful practices, Plaintiff and other hourly-paid fuel center employees were not paid all wages and overtime compensation owed.

## FLSA COLLECTIVE ALLEGATIONS

59.     Plaintiff brings Count I as a collective action under 29 U.S.C. § 216(b) on behalf of himself and the following collective:

10

All hourly-paid, non-exempt fuel center employees employed by Sam's East, Inc. at Sam's Club fuel center locations in the United States at any time during the three years preceding the commencement of this action through the date of judgment.

60. FLSA Collective Members are similarly situated because they worked in the same or similar hourly-paid fuel center positions, performed the same or similar fuel-center duties, were subject to Defendant's common timekeeping and payroll systems, and were not paid for all compensable time worked during unpaid meal periods and/or breaks.

61. The claims of the FLSA Collective arise from Defendant's common policies, practices, and decisions, including Defendant's staffing practices, meal-period and break practices, timekeeping practices, payroll practices, and failure to count and pay all compensable work time in overtime weeks.

62. FLSA Collective Members are victims of Defendant's common unlawful pay practices.

63. Plaintiff will file a written consent to join this action under 29 U.S.C. § 216(b).

## RULE 23 CLASS ALLEGATIONS

64. Plaintiff brings Counts II and III under Federal Rule of Civil Procedure 23 on behalf of himself and the following Pennsylvania Class:

11

All hourly-paid, non-exempt fuel center employees employed by Sam's East, Inc. at Sam's Club fuel center locations in Pennsylvania at any time during the three years preceding the commencement of this action through the date of judgment.

65. The members of the Pennsylvania Class are ascertainable from Defendant's payroll records, timekeeping records, job-title records, personnel records, scheduling records, location records, meal-period records, break records, punch records, and other electronically stored information.

66. Upon information and belief, the Pennsylvania Class is so numerous that joinder of all members is impracticable.

67. Common questions of law and fact include whether hourly-paid fuel center employees were required or permitted to work during unpaid meal periods and/or breaks; whether Defendant failed to count such time as compensable work time; whether Defendant failed to pay overtime compensation for all hours worked over forty in a workweek; whether Defendant failed to pay earned wages for compensable work; whether Defendant's practices violated the PMWA and PWPCL; and the proper measure of wages, damages, fees, costs, and other relief.

68. Plaintiff's claims are typical of the claims of Pennsylvania Class Members because they arise from the same staffing, meal-period, break,

timekeeping, payroll, and overtime practices that apply to hourly-paid fuel center employees in Pennsylvania.

69.    Plaintiff will fairly and adequately protect the interests of the Pennsylvania Class. Plaintiff has no interests antagonistic to the Pennsylvania Class and is represented by counsel experienced in wage-and-hour litigation.

70.    Questions of law and fact common to the Pennsylvania Class predominate over questions affecting only individual members because the claims turn primarily on Defendant's common staffing, meal-period, break, timekeeping, payroll, and overtime practices for hourly-paid fuel center employees.

71.    Class treatment is superior to other available methods for fairly and efficiently adjudicating the Pennsylvania state-law claims because individual wage claims may be small relative to the cost of litigation, the class members are identifiable from Defendant's records, and common proof can resolve central liability and damages issues.

## COUNT I
### Violation of the Fair Labor Standards Act
### Failure to Pay Overtime Wages
### 29 U.S.C. §§ 207 and 216(b)

72.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

73.    Plaintiff brings this count individually and on behalf of the FLSA Collective.

74.    At all relevant times, Defendant was an employer covered by the FLSA.

75.    At all relevant times, Plaintiff and FLSA Collective Members were employees covered by the FLSA.

76.    The FLSA requires covered employers to pay covered employees overtime compensation at one and one-half times their regular rates of pay for all hours worked over forty in a workweek.

77.    Defendant regularly suffered and permitted Plaintiff and FLSA Collective Members to work in excess of forty hours in a workweek.

78.    Defendant failed to count all compensable work time performed during unpaid meal periods and/or breaks as hours worked.

79.    Defendant failed to pay Plaintiff and FLSA Collective Members one and one-half times their regular rates of pay for all hours worked over forty in a workweek.

80.    Defendant's violations are willful.

81.    As a result of Defendant's violations, Plaintiff and FLSA Collective Members are entitled to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs, pre- and post-judgment interest, and all other relief available under the FLSA.

### COUNT II
**Violation of the Pennsylvania Minimum Wage Act**
**Failure to Pay Overtime Wages**
**43 Pa. Stat. and Cons. Stat. Ann. § 333.104(c)**

82.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

83.     Plaintiff brings this count individually and on behalf of the Pennsylvania Class.

84.     At all relevant times, Defendant was an employer covered by the PMWA.

85.     At all relevant times, Plaintiff and Pennsylvania Class Members were employees covered by the PMWA.

86.     The PMWA requires employers to pay employees overtime compensation of not less than one and one-half times the employee's regular rate for hours worked over forty in a workweek.

87.     Defendant regularly suffered and permitted Plaintiff and Pennsylvania Class Members to work in excess of forty hours in a workweek.

88.     Defendant failed to count all compensable work time performed during unpaid meal periods and/or breaks as hours worked.

89.     Defendant failed to pay Plaintiff and Pennsylvania Class Members one and one-half times their regular rates of pay for all hours worked over forty in a workweek.

90.     As a result of Defendant's violations, Plaintiff and Pennsylvania Class Members are entitled to recover unpaid overtime wages, attorneys' fees, costs, interest, and all other relief available under the PMWA.

15

## COUNT III
### Violation of the Pennsylvania Wage Payment and Collection Law
### Failure to Pay Earned Wages
### 43 Pa. Stat. and Cons. Stat. Ann. §§ 260.1 et seq.

91.    Plaintiff realleges all preceding paragraphs as if fully set forth herein.

92.    Plaintiff brings this count individually and on behalf of the Pennsylvania Class.

93.    At all relevant times, Defendant was an employer within the meaning of the PWPCL.

94.    At all relevant times, Plaintiff and Pennsylvania Class Members were employees within the meaning of the PWPCL.

95.    Plaintiff and Pennsylvania Class Members earned wages for all compensable work they performed for Defendant, including compensable work performed during unpaid meal periods and/or breaks.

96.    Defendant failed to pay Plaintiff and Pennsylvania Class Members all wages earned for compensable work performed during unpaid meal periods and/or breaks.

97.    Defendant's failure to pay all earned wages violated the PWPCL.

98.    As a result of Defendant's violations, Plaintiff and Pennsylvania Class Members are entitled to recover unpaid wages, liquidated damages where available, attorneys' fees, costs, interest, and all other relief available under the PWPCL.

16

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A. Designating this action as a collective action under 29 U.S.C. § 216(b);

B. Authorizing notice to all FLSA Collective Members and permitting them to opt into this action;

C. Certifying the Pennsylvania Class under Federal Rule of Civil Procedure 23;

D. Appointing Plaintiff as class representative;

E. Appointing Plaintiff's counsel as class counsel;

F. Declaring that Defendant violated the FLSA, PMWA, and PWPCL;

G. Awarding unpaid overtime wages and unpaid earned wages due;

H. Awarding liquidated damages, statutory damages, and other enhanced damages available under federal and Pennsylvania law;

I. Awarding pre-judgment and post-judgment interest to the fullest extent permitted by law;

J. Awarding reasonable attorneys' fees and costs;

K. Ordering equitable and declaratory relief as appropriate;

L. Granting a jury trial on all triable issues; and

M. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38 with respect to all triable issues.

Respectfully Submitted,

**Dated:** July 10, 2026

**By:**    /s/ Jason Brown
Jason Brown (Bar No. 79369)
Michael Rinderman (PHV motion forthcoming)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5279
jtb@jtblawgroup.com
michael.rinderman@jtblawgroup.com

*Counsel for Plaintiff*

18