The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
345 Wyoming Ave., STE 205,
Scranton, PA 18503
Phone: (570) 319-6642

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| James Bonner, | : | ELECTRONICALLY FILED |
|  | : | NO.: |
| Plaintiff, | : |  |
|  | : | Judge: |
|  | : |  |
| vs. | : |  |
|  | : | Civil Action Law: |
| West Penn Township, | : |  |
| Glenn Hummel, Individually and as | : |  |
| Township Supervisor, and Tony | : |  |
| Prudente, Individually and as | : |  |
| Board of Supervisors Chairman | : |  |
|  | : |  |
| Defendant. | : | JURY TRIAL DEMANDED |
|  | : |  |

## COMPLAINT

**AND NOW,** come the Plaintiff, James Bonner, by and through his attorneys, The

Hanchulak Law Offices, P.C., and avers as follows:

### I. INTRODUCTION

1.      Plaintiff initiates this action to seek redress against West Penn Township

(hereinafter "Defendant"), his former employer, for unlawful ADA retaliation in violation of the

Americans with Disabilities Act, (hereinafter ADA), violations of the Pennsylvania Human

Relations Act (hereinafter PHRA), for violations of his Constitutional right to Due Process

1

pursuant to the 14th Amendment to the U.S. Constitution, as well as deprivation of his rights pursuant to 42 U.S. 1983, deprivation of his rights under the Police Tenure Act 53 P.S. §§ 811-816 and violations of other applicable laws.

## II. PARTIES

2. Plaintiff is an adult and competent individual residing at 158 West Fell Street, Summit Hill, PA 18250.

3. Defendant, West Penn Township, is a government unit, a township, located in Schuykill County, Pennsylvania, with offices located at 27 Municipal Road, New Ringgold, PA 17960.

4. Defendant, Glenn Hummel, Township Supervisor, is an adult and competent individual, with an office at 27 Municipal Road, New Ringgold, PA

17960.

5. Defendant, Tony Prudente, Board of Supervisors Chairman, is an adult and competent individual, with an office at 27 Municipal Road, New Ringgold, PA

17960.

## III. JURISDICTION

6. Defendant, West Penn Township, is an "employer" within the meaning of the ADA, as it engaged in an industry affecting interstate commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty or more weeks in the current or preceding calendar year.

7. Defendant, West Penn Township, "employer" within the meaning of the PHRA having 4 or more employees.

8. Pursuant to 28 U.S.C. § 1331 this court has original jurisdiction of all civil actions

arising under the Constitution, laws or treaties of the United States.

9. Venue in the Middle District is proper pursuant to 28 U.S.C. § 1391 (b), as the events or omissions giving rise to the claim occurred in the District and the Defendants can be served in the District.

10. This court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.SC. § 1367.

11. Plaintiff has exhausted his administrative remedies, having received an EEOC Dismissal and Notice of Rights on April 28, 2026, and attached hereto as **Exhibit A,** and a year or more having passed since the matter was filed with the PHRC.

### IV. FACTUAL BACKGROUND

10. Plaintiff was employed by West Penn Township as the Chief of Police in October of 2021, after having worked for the township in a different capacity since 2016.

11. Plaintiff's wife, Carla Fritz was also employed by West Penn Township as support staff for the Police Department from September 2021 until her employment was terminated on October 7, 2023.

12. In July of 2024 Plaintiff's wife, Carla Fritz, filed suit against the Defendant for unlawful discrimination in violation of the Americans with Disabilities Act (hereinafter ADA), unlawful ADA Retaliation, and violations of other applicable laws.

13. Defendant was served with the Complaint on July 8, 2024, accepted service on July 12, 2024, and Defendant's response to the Complaint was due September 6, 2024.

14. On or around September 4, 2024, Plaintiff asked his wife, Carla Fritz, to go into his office and check a date on a hearing notice he had on his desk, which she did.

15. On September 4, 2024, Plaintiff was placed on paid administrative suspension,

3

pending investigation for allowing an "unauthorized" individual, Plaintiff's wife, into the building.

16.    While Plaintiff was being placed on administrative suspension, he told his supervisor that other officers, and employees allow their spouses and family members into the office often without issue, to which he responded, "She's suing us Jim!".

17.    During Plaintiff's suspension, Sgt. John Kaczmarczyk was appointed as sergeant-in-charge.

18.    On October 7, 2024, Plaintiff's employment with Defendant was terminated.

## COUNT I
## UNLAWFUL ADA/PHRA RETALIATION

19.    Paragraphs 1 through 14 above are incorporated herein by reference as if the same were set fourth fully herein and at length.

20.    Mr. Bonner was qualified for the position he held with Defendant.

21.    Mr. Bonner's job performance was always satisfactory.

22.    Mr. Bonner's employment was terminated without any reasonable basis.

23.    Mr. Bonner's termination was in retaliation of his wife's protected activity under the ADA, as well as other laws.

24.    The employer did not have a legitimate, non-discriminatory reason for Plaintiff's termination.

25.    As indicated above, other employees were not met with disciplinary action for inviting family members and spouses into the building.

26.    As indicated above, "She's suing us Jim!" was stated to Plaintiff by a supervisor.

4

WHEREFORE, Plaintiff respectfully requests judgement in his favor and against Defendant, and an award of compensatory damages, back pay, front pay, the value of lost benefits, punitive damages, costs, attorney's fees, and such other relief as may be just, proper, and appropriate in the circumstances of this case.

## COUNT II

## PENNSYLVANIA HUMAN RELATIONS ACT

27.    Paragraphs 1 through 26 above are incorporated herein by reference as if the same were set forth fully herein and at length.

28.    The forgoing conduct by the Defendant constitutes violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

29.    As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff respectfully requests judgement in his favor and against Defendant, and an award of compensatory damages, back pay, front pay, the value of lost benefits, punitive damages, costs, attorney's fees, and such other relief as may be just, proper, and appropriate in the circumstances of this case.

**COUNT III**
**DUE PROCESS PURSUANT TO 42 U.S.C. § 1983**
**FOR VIOLATIONS OF THE 14TH AMENDMENT**
**TO THE U.S. CONSTITUTION, as well as Process**
**Due Pursuant to State Law**
**PLAINTIFF V. ALL DEFENDANTS**

30.    Plaintiff incorporates herein by reference paragraphs 1 through 29 above as if the same were set forth fully herein and at length.

31.    The Plaintiff had a protected interest in continued employment with West Penn Township.

32. On September 4, 2024, Plaintiff's employment was suspended.

33.. Pursuant to Pennsylvania law, a police officer may only be suspended in circumstances enumerated under the Police Tenure Act.

34. At no time prior to his suspension was Plaintiff provided a pre-suspension hearing.

35. At no time prior to his suspension was Plaintiff advised of the charges against him.

36. At no time prior to his suspension was Plaintiff advised of the evidence against him.

37. At no time prior to his suspension was Plaintiff provided with an opportunity to tell his side of the story.

38. Both state and federal law require due process under these circumstances.

39. As stated above, October 7, 2024, Plaintiff's employment with Defendant was terminated.

40. Both state and federal law require a pre-termination hearing, a post termination hearing, Plaintiff be advised of the charges against him, Plaintiff be advised of the evidence against him, and be provided an opportunity to tell his side of the story.

41. In this instance, Plaintiff was provided a pre-termination explanation as to why he was being terminated but was not provided with a post termination hearing.

42. Finally, Plaintiff's termination was not consistent with the Police Tenure Act.

WHEREFORE, Plaintiff seeks all remedies available pursuant to 42 U.S.C. § 1983 including, but not limited to reinstatement, back-pay, front-pay, nominal damages, reformation for Plaintiff's employment records, letters of good reference, public apology, punitive damages,

attorney's fees, costs, pre and post judgment interest, delay damages, damages for emotional distress, and compensatory damages, including emotional distress damages.

## COUNT IV
## FALSE LIGHT
## PLAINTIFF V. ALL DEFENDANTS

43.     Plaintiff incorporates herein by reference paragraphs 1 through 42 above as if the same were set forth fully herein and at length.

44.     Defendants intentionally made statements which placed Chief Bonner before the public in a false light.

45.     By way of example, the defendant's implied at public meetings that Chief Bonner was involved in nefarious or criminal activity, that some elaborate investigation was pending, when the entire stated basis of their investigation, suspension, and eventual termination was that Bonner's wife visited the building.

46.     As a result of the aforesaid acts, Chief Bonner has suffered damage to his good reputation, affecting his standing in the community and his ability to find work.

WHEREFORE,  Plaintiff seeks all remedies available pursuant to 42 U.S.C. § 1983 including, but not limited to reinstatement, back-pay, front-pay, nominal damages, reformation for Plaintiff's employment records, letters of good reference, public apology, punitive damages, attorney's fees, costs, pre and post judgment interest, delay damages, damages for emotional distress, and compensatory damages, including emotional distress damages.

Respectfully submitted,

THE HANCHULAK LAW OFFICES, P.C.


By:  s/Gerald J. Hanchulak

Gerald J. Hanchulak, Esq.

Attorney ID PA 56320

Attorneys for Complainant

345 Wyoming Avenue, Suite 205

Scranton, PA   18503

(570) 319-6642

ghanchulak@hanchulaklaw.com