The Hanchulak Law Offices, P.C.
By: Gerald J. Hanchulak, Attorney I.D. 56320
345 Wyoming Avenue, Suite 205
Scranton, PA 18503
Phone: (570) 319-6642
ghanchulak@hanchulaklaw.com

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | | |
|---|---|---|
| CHERYL GROSHKO, BRANDON SANTEE, DAVID WEIKEL, JEFFREY MOYER, and ERIC BROWN, | : | CIVIL ACTION LAW |
| | : | |
| Plaintiffs, | : | ELECTRONICALLY FILED NO.: |
| V. | : | |
| LEHIGH VALLEY HEALTH NETWORK INC. t/a LEHIGH VALLEY HEALTH NETWORK, a registered fictious name and LEHIGH VALLEY HOSPITAL-SCHUYLKILL, | : | Judge: |
| Defendants. | : | JURY TRIAL DEMANDED |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## COMPLAINT

**AND NOW,** come Plaintiffs, above captioned, by and through their attorneys, The

Hanchulak Law Offices, P.C. and avers as follows:

1

**INTRODUCTION AND PARTIES**

1.    The Plaintiffs above captioned, initiate this action contending that Defendants improperly failed to pay compensation, pay overtime compensation, and failed to keep proper wage and hour records at Lehigh Valley Hospital-Schuylkill, in violation of the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq. and the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S. §260.1(WPCL).

2.    Plaintiff, Cheryl Groshko, is an adult and competent individual residing at 30 Patriotic HL, Mahanoy City, PA 17948, and is currently employed by LVHN at Schuylkill, E. Norwegian Street as a Security Officer.

3.    Plaintiff, Brandon Santee, is an adult and competent individual residing at 408 North 10th Street, Pottsville, PA 17901, and is currently employed by LVHN at both the Schuylkill, E. Norwegian Street and S. Jackson Street campuses as a Security Officer.

4.    Plaintiff, David Weikel, is an adult and competent individual residing at 207 Middle Ave., Locustdale, PA 17945, and is currently employed with LVHN at Schuylkill, E. Norwegian Street as a Security Officer.

5.    Plaintiff, Jeffrey Moyer, is an adult and competent individual residing at 403 Adams Street, Pottsville, PA 17901, and was formerly employed by LVHN at both the Schuylkill E. Norwegian Street, and S. Jackson Street campuses as a Security Officer.

6.    Plaintiff, Eric Brown, is an adult and competent individual residing at 246 S. Chestnut Street, Mount Carmel, PA 17851 and is currently employed with LVHN at Schuylkill, E. Norwegian Street as a Security Officer.

7.    Defendant, Lehigh Valley Health Network, Inc. is a Pennsylvania nonprofit corporation with offices located at 700 East Norwegian Street, Pottsville, PA 17901.

8.　　Lehigh Valley Heath Network is a registered fictitious name under which Lehigh Valley Health Network, Inc. operates.

9.　　Lehigh Valley Hospital- Schuylkill E. Norwegian Street, is also a registered fictitious name under which the hospital in Pottsville on East Norwegian Street operates.

10.　　Lehigh Valley Hospital- Schuylkill S. Jackson Street, is also a registered fictious name under which the hospital in Pottsville on South Jackson Street operates.

11.　　The Plaintiffs are current and former employees of the Lehigh Valley Health Network during all times relevant hereto and as such, are entitled to the FLSA protections. See 29 U.S.C. § 203 (e).

12.　　The Defendants are employers within the meaning of 29 U.S.C. § 203 (d).

13.　　The Defendants are employers within the meaning of the Pennsylvania Wage Payment and Collection Law.

## JURISDICTION AND VENUE

14.　　This court has jurisdiction over this action pursuant to 29 U.S.C. § 216 (b), which provides, in relevant part, that suits under the FLSA "may be maintained against any employer in any Federal or State Court of competent jurisdiction."

15.　　This Court also has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

16.　　This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

17.　　Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), as the parties reside in this judicial district, doing business therein, and the unlawful practices Plaintiff is complaining about occurred in Pottsville, Pennsylvania.

## FACTS COMMON TO ALL PLAINTIFFS

18. Plaintiffs work or worked at Lehigh Valley Hospital, Schuylkill, E. Norwegian Street, and/or Schuylkill S. Jackson Street.

19. The hourly employees of the Lehigh Valley Hospital, Schuylkill E. Norwegian Street, and Schuylkill S. Jackson Street reported their hours electronically.

20. The hourly employees of the Lehigh Valley Hospital, Schuylkill E. Norwegian Street, and Schuylkill S. Jackson Street were allotted a 30-minute lunch break every shift.

21. As is common in healthcare, hospital employees often must work through their lunch periods.

22. Employees were required to affirm electronically if they did or did not take a 30-minute uninterrupted lunch.

23. Plaintiffs were told by their supervisor, Joseph Hannon, and the Director of Security, John T. Brobst that they may not leave the building for their 30-minute lunch break and that they were still expected to answer work-related phone calls. In fact, Plaintiffs were required to carry their work-issued cell phone, and radio, and respond to calls.

24. Further, Plaintiffs were pressured to answer the question on the timeclock indicating that they had received a 30-minute uninterrupted lunch, even when supervisors knew the employee had not taken a lunch.

25. There were many instances when Lehigh Valley Hospital, Schuylkill employees ate lunch in a given day but were not relieved from duty and were either pressured to indicate they did take an uninterrupted lunch or had their selection of "no lunch" changed without their consent after they submitted it.

26. Plaintiffs never took an uninterrupted lunch, as even when they were able to eat

4

lunch, they were required to carry their work-issued cell phones, and radios, resulting in 2 to 2 ½ unpaid hours per week. The precise number of unpaid lunches for each employee can only be determined after obtaining the Defendant's payroll records.

27.    The Plaintiffs have complained about the employer reversing lunch selections or not paying employees for lunch periods, through proper channels, and have been told their supervisor would be warned about the action, but the issue continues to the date of this filing.

28.    On several occasions, Plaintiffs have been on a call or doing a task specifically given to them by their supervisor beyond their shift's scheduled end. When Plaintiffs have clocked out after their shift's scheduled end, they have noticed their time had been changed back to the scheduled end of their shift, preventing them from incurring overtime payment for hours worked. Plaintiffs have learned that they are able to see when their time has been manually changed as there is an asterisk beside the altered time on their timecard. Plaintiffs do not know how many times this has occurred, as they only recently became aware of the alterations and began monitoring them.

29.    Plaintiffs have complained of the issue of their overtime hours being changed and not being paid for overtime hours worked to Human Resources. In some instances, Human Resources have told Plaintiffs that their supervisor and/or director who were actively changing the times, Joseph Hannon and John T. Brobst would receive a warning. In other instances, no action was taken. However, this issue continues to the date of this filing.

30.    Plaintiffs have also noticed that upon clocking in early, their time was being changed to the time of their shift's scheduled start without their consent. For example, on June 19, 2026, Plaintiff, Cheryl Groshko, emailed Security Supervisor, Joseph Hannon, informing him that there was a discrepancy on her timecard from June 13, 2026. She also informed Mr. Hannon

that there was an asterisk beside this discrepancy and asked him if this meant that the time had been manually changed. Mr. Hannon admitted that he had changed the time. He replied "Yes, you punched in early. If there is a reason you need to let me know way [why] you did so."

31.    Plaintiffs also report not being compensated for additional work-related tasks, including mandated drug screenings beyond their shift's end, mandated physical examinations outside of working hours, mandated travel from Pottsville to Allentown, PA, without receiving any milage compensation, or receiving inaccurate milage compensation that was less than the total miles traveled, inoperable procedures regarding applying to use allotted paid time off (PTO), resulting in accrued but unused and unpaid PTO.

32.     In addition to employees not being compensated for 30 minutes for each lunch period that they had worked through, and employees not being compensated for overtime hours worked beyond their scheduled shifts, the above conduct of the Defendant's not paying for employees' lunch periods for which they worked, resulted in employees not receiving 2 to 2 ½ hours of overtime compensation or more per week.

33.    The Defendant did not keep accurate and/or required wage and hour records.

### COUNT I – ALL PLAINTIFFS V. DEFENDANTS
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

34.    Plaintiffs incorporate herein by reference paragraphs 1 through 33 above as if the same were set forth herein by reference.

35.    At all relevant times Defendants were and continued to be employers within the meaning of the FLSA.

36.    Defendants failed to pay Plaintiffs for all hours worked and failed to pay overtime compensation at a rate of not less than one and one-half times the rate at which they are employed, for work performed beyond 40-hours in a given week, in violation of 29 U.S.C. §§

206 and 207.

37. As set forth above, the aforesaid violations were willful, as is evidenced by the fact that in many cases the employer altered the selection of no lunch taken by employees and substituted lunch taken and is further evidenced by the fact the employer pressured employees to indicate they did take an uninterrupted lunch when the employer knew the employees did not take an uninterrupted lunch.

38. As set forth above, the aforesaid violations were willful, as is evidenced by the fact that in many cases the employer altered the clock-in or clock-out time of employees to avoid paying overtime hours and admitted to doing so.

39. As set forth above, the aforesaid violations were willful, as is evidenced by the fact that in many cases employees complained to Human Resources about working through their lunches, and not being paid for that time, and for their clock-in and/or clock-out times being changed, resulting in them not being paid overtime payment for hours worked.

40. The Defendants knew or should have known that the failure to compensate employees for lunches they worked through was in violation of the FLSA.

41. The Defendants knew or should have known that the failure to compensate employees for lunches they worked through would result in uncompensated overtime hours for those employees.

42. The Defendants knew or should have known that the failure to compensate employees for overtime hours worked was in violation of the FLSA.

43. Under the FLSA the employees are entitled to recover from Defendants their unpaid overtime compensation, minimum wage for uncompensated time, an additional equal amount as liquidated damages, reasonable attorneys' fees and costs of the action pursuant to 29

7

U.S.C. § 216(b).

44.    It is believed and therefore averred that the Defendants did not keep accurate records which recorded Plaintiffs:

    a.    Full name and social security number;

    b.    Full and complete address;

    c.    Sex and occupation;

    d.    Time and day of the week when her workweek began and ended;

    e.    Hours worked each day;

    f.    Total hours worked each workweek;

    g.    Basis on which plaintiff was being paid (e.g., hourly, weekly, piecework);

    h.    Regular hourly rate of pay;

    i.    Total daily or weekly straight-time earnings;

    j.    Total overtime earnings for the workweek;

    k.    Additions to or deductions from her wages;

    l.    Total wages paid each pay period;

    m.    Date of payment and the pay period covered by the payment, and

    n.    Did not accurately record hours worked in a given day. See 29 C.F.R. Part 516.

WHEREFORE, Plaintiff seeks damages as set forth in the ad damnum clause below.

**COUNT II**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW (WPCL)**
**43 Pa. C.S. § 260.1**
**CHERYL GROSHKO v. DEFENDANT**

45.    Plaintiff above named incorporates herein by reference paragraphs 1 through 44 above as if the same were set forth fully herein and at length.

46.	The WPCL provides a means by which employees may collect wages and compensation of any kind held by their employer and includes severance pay, vacation pay, holiday pay, guaranteed pay; and any amount to be paid pursuant to agreement.

47.	As set forth in detail above, the Plaintiff was contractually entitled to be paid for all the hours she worked.

48.	Plaintiff worked through lunches for which she was not compensated. In fact, Plaintiff never received an uninterrupted lunch period and was never paid for the 30-minute period.

49.	Plaintiff was not compensated for additional hours she worked when clocking in early or clocking out late.

50.	Plaintiff was mandated annual physical examinations for which she was not compensated.

51.	Plaintiff was mandated random drug screenings which took place before or after her shift, for which she was not compensated.

52.	The payroll system and/or managements' adjustments caused Plaintiff not to be paid for overtime hours.

53.	It is impossible for the Plaintiff to determine all her losses without complete access to her payroll records, which she does not have.

54.	Plaintiff is due payment for lunches she worked and was not compensated for which have not been paid in 30 or more days.

55.	Plaintiff is due overtime pay for which she has not been compensated for 30 or more days.

WHEREFORE, Plaintiff seeks damages as set forth in the ad damnum clause below.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW (WPCL)

**43 Pa. C.S. § 260.1**
**BRANDON SANTEE v. DEFENDANT**

56.    Plaintiff above named incorporates herein by reference paragraphs 1 through 51 above as if the same were set forth fully herein and at length.

57.    The WPCL provides a means by which employees may collect wages and compensation of any kind held by their employer and includes severance pay, vacation pay, holiday pay, guaranteed pay; and any amount to be paid pursuant to agreement.

58.    As set forth in detail above, the Plaintiff was contractually entitled to be paid for all the hours he worked.

59.    Plaintiff worked through lunches for his entire tenure with Defendants. Plaintiff never took an uninterrupted lunch but was never paid for lunch.

60.    In fact, Plaintiff has complained about working through his lunch, overtime being unpaid, his timecard being changed by management, and staffing concerns, including that "staffing was insufficient to safely manage patient behavior." , "There have been repeated instances where officers are required to work alone due to call-offs rather than authorizing overtime to maintain minimum staffing.", "Multiple staff members have raised concerns that timecards may be adjusted near the end of pay periods in ways that avoid overtime (for example, small changes to time worked beyond scheduled shifts)." , "There have been repeated instances where officers are required to work alone due to call-offs rather than authorizing overtime to maintain minimum staffing." , and "Multiple staff members have raised concerns regarding the 30-minute breaks. While the breaks are provided, they are unpaid and come with restrictions: officers cannot leave the hospital and must remain available to answer work phones and radios during this time. This limits the ability to take a true rest period, may impact compliance with labor regulations, and policy also it affects staff well-being and morale."

10

61. On April 16, 2026, and on April 20, 2026, Plaintiff was required to use his own vehicle to travel from Pottsville, PA to Allentown, PA for Defensive Tactics Training. The commute to Allentown from Pottsville is approximately one hour. He was not compensated for milage on either occasion.

62. The payroll system and/or managements' adjustments caused Plaintiff not to be paid for overtime hours.

63. It is impossible for the Plaintiff to determine all his losses without complete access to his payroll records, which he does not have.

64. Plaintiff is due payment for lunches he worked and was not compensated for which have not been paid in 30 or more days.

65. Plaintiff is due overtime pay for which he has not been compensated for 30 or more days.

66. Plaintiff is due milage compensation for which he has not been compensated for 30 or more days.

WHEREFORE, Plaintiff seeks damages as set forth in the ad damnum clause below.

### COUNT IV
### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW (WPCL)
### 43 Pa. C.S. § 260.1
### DAVID WEIKEL v. DEFENDANT

67. Plaintiff above named incorporates herein by reference paragraphs 1 through 66 above as if the same were set forth fully herein and at length.

68. The WPCL provides a means by which employees may collect wages and compensation of any kind held by their employer and includes severance pay, vacation pay, holiday pay, guaranteed pay; and any amount to be paid pursuant to agreement.

69. As set forth is detail above, the Plaintiff was contractually entitled to be paid for all

11

the hours he worked.

70.     Plaintiff worked through lunches for his entire tenure with Defendants. Plaintiff never took an uninterrupted lunch but was never paid for lunch.

71.      The payroll system and/or managements' adjustments caused Plaintiff not to be paid for overtime hours.

72.     It is impossible for the Plaintiff to determine all his losses without complete access to his payroll records, which he does not have.

73.     Plaintiff is due payment for lunches he worked and was not compensated for which have not been paid in 30 or more days.

74.     Plaintiff is due overtime pay for which he has not been compensated for 30 or more days.

WHEREFORE, Plaintiff seeks damages as set forth in the ad damnum clause below.

### COUNT V
### PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW (WPCL)
### 43 Pa. C.S. § 260.1
### JEFFREY MOYER v. DEFENDANT

75.      Plaintiff above named incorporates herein by reference paragraphs 1 through 76 above as if the same were set forth fully herein and at length.

76.     The WPCL provides a means by which employees may collect wages and compensation of any kind held by their employer and includes severance pay, vacation pay, holiday pay, guaranteed pay; and any amount to be paid pursuant to agreement.

77.     As set forth is detail above, the Plaintiff was contractually entitled to be paid for all the hours he worked.

78.     Plaintiff worked through lunches for his entire tenure with Defendants. Plaintiff never took lunch but was never paid for lunch.

79.  Plaintiff is aware of at least 14 instances when his mandatory over-time was removed.

80.  Plaintiff is aware of at least 20 instances when his clock-in and/or clock-out time was manually changed without his consent to reflect his scheduled shift, instead of the actual hours for which he worked. It is of note, that Plaintiff did not become aware of his supervisor changing his hours on his timecard until late in his tenure. There are likely other instances of this occurring for which Plaintiff has no way of knowing.

81.  Plaintiff is aware of at least one instance when he was selected for a mandatory random drug screening for which he was required to stay late and was not paid for the additional time.

82.  The payroll system and/or managements adjustments caused Plaintiff not to be paid for incentive hours.

83.  It is impossible for the Plaintiff to determine all his losses without complete access to his payroll records, which he does not have.

84.  Plaintiff is due payment for lunches he worked and was not compensated for which have not been paid in 30 or more days.

85.  Plaintiff is due overtime pay for which he has not been compensated for 30 or more days.

WHEREFORE, Plaintiff seeks damages as set forth in the ad damnum clause below.

**COUNT VI**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW (WPCL)**
**43 Pa. C.S. § 260.1**
**ERIC BROWN v. DEFENDANT**

86.  Plaintiff above named incorporates herein by reference paragraphs 1 through 85 above as if the same were set forth fully herein and at length.

87. The WPCL provides a means by which employees may collect wages and compensation of any kind held by their employer and includes severance pay, vacation pay, holiday pay, guaranteed pay; and any amount to be paid pursuant to agreement.

88. As set forth is detail above, the Plaintiff was contractually entitled to be paid for all the hours he worked.

89. Plaintiff worked through lunches for his entire tenure with Defendants. Plaintiff never took an uninterrupted lunch but was never paid for lunch.

90. In June of 2026, Plaintiff was required to travel from Pottsville, PA to Allentown, PA and back for training, a total of 94 miles on the fastest route. Plaintiff was owed $0.725 per mile. Plaintiff was reimbursed $38.57. Plaintiff was owed $68.15.

91. The payroll system and/or managements' adjustments caused Plaintiff not to be paid for overtime hours.

92. It is impossible for the Plaintiff to determine all his losses without complete access to his payroll records, which he does not have.

93. Plaintiff is due payment for lunches he worked and was not compensated for which have not been paid in 30 or more days.

94. Plaintiff is due overtime pay for which he has not been compensated for 30 or more days.

WHEREFORE, Plaintiff seeks damages as set forth in the ad damnum clause below.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor as follows:

a. The Defendant be permanently enjoined from permitting future FLSA violations and WPCL violations against Plaintiffs and others;

b. The Defendant be ordered to promulgate an effective policy against permitting future FLSA violations and WPCL violations against Plaintiffs and others;

c. The Defendant is to be permanently enjoined from retaliating against its employees for exercising their rights under State and/or Federal law;

d. The Defendant be ordered to promulgate proper FLSA compliant wage and hour record keeping procedures;

e. The Defendant be deemed to have willfully violated the FLSA;

f. Defendant is to compensate Plaintiffs for uncompensated lunches;

g. Defendant is to compensate Plaintiffs for uncompensated time;

h. Defendant is to compensate Plaintiffs for uncompensated incentive pay;

i. Defendant is to compensate Plaintiffs for uncompensated overtime;

j. Defendant is to pay liquidated damages pursuant to the FLSA;

k. Defendant is to pay reasonable attorney's fees and costs pursuant to the FLSA and the WPCL;

l. Defendant is to pay liquidated damages pursuant to the WPCL;

m. Plaintiffs are to be accorded any and all other equitable and legal relief, as the Court deems just, proper, and appropriate; and

n. Plaintiffs are to be granted such additional injunctive or other relief as they may request during the pendency of this action in an effort to ensure Defendant does not engage in further, or ceases engaging in, illegal retaliation against Plaintiffs or other witnesses to this

action.

Respectfully submitted,

THE HANCHULAK LAW OFFICES, P.C.


By:    s/Gerald J. Hanchulak

      Gerald J. Hanchulak, Esq.

      Attorney ID PA 56320

      Attorney for Plaintiffs