**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RYAN SCHMITT                                  :
900 Gary Smith Way, Apt. 3203                 :
Forked River, New Jersey 08731                :
                                              :
          Plaintiff,                          :
                                              :        CIVIL ACTION NO.
     v.                                       :
                                              :
GEISINGER MEDICAL CENTER                      :        **COMPLAINT AND JURY DEMAND**
100 North Academy Avenue,                     :
Danville, Pennsylvania 17822                  :
          and                                 :
JOHN DOE 1-3, JANE DOE 1-3                    :
ABC PARTNERSHIPS and                          :
XYZ CORPORATIONS                              :
                                              :
          Defendants.                         :

**CIVIL ACTION COMPLAINT**

**THE PARTIES**

1.    Plaintiff, Ryan Schmitt (hereinafter referred to as "Plaintiff" and/or "Schmitt") is an adult individual, and citizen and resident of the State of New Jersey, residing at 900 Gary Smith Way, Apt. 3203, Forked River, New Jersey 08731.

2.    Upon information and belief, Defendant, Geisinger Medical Center (hereinafter referred to collectively as "Geisinger" and/or "Defendants") is a corporation, alter ego or other business entity created and existing under the laws of the Commonwealth of Pennsylvania, with an office for service of process located at 100 North Academy Avenue, Danville, Pennsylvania 17822.

3.    Defendants, John Doe 1-3 are individuals, fictitious names, sole proprietors, partners, alter egos, agents and/or members of the limited liability company holding itself out to

the general public as Geisinger by and through their servants, workmen and/or employees who are engaged in the business of guarding, maintaining, inspecting, clearing, and cleaning aisles, stairways and walkways, including but not limited to, providing matting, warnings and the removal of slip hazards, spills, and wet floors, whose identity is presently unknown after reasonable investigation.

4.    Defendants, Jane Doe 1-3 are individuals, fictitious names, partners, alter egos, agents, servants, workmen and/or employees acting in the course and scope of their employment for the Defendants jointly, severally and/or individually engaged in the business of maintaining, inspecting, guarding, clearing, and cleaning aisles, stairways and walkways, including but not limited to, providing matting, warnings and the removal of slip hazards, spills, and wet floors, whose identity is presently unknown after reasonable investigation.

5.    ABC Partnerships are entities whose identities are presently unknown who are predecessors and/or successors in interest to the named Defendants.

6.    XYZ Corporations are entities whose identities are presently unknown who are members, alter egos, umbrella corporations to the named Defendants.

7.    Plaintiff, Ryan Schmitt alleges that an insufficient amount of time has passed within which to determine the identity of any other persons or business entities who may be responsible for the causation of the accident.

## **JURISDICTION**

8.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

## VENUE

9. Venue over this action is appropriate in this matter in the Middle District of Pennsylvania pursuant to 28 U.S.C. 1391(a)(2), in that it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. At all times relevant hereto, Defendants, herein, jointly, severally and/or individually acted or failed to act jointly, severally and/or individually by and through their respective agents, ostensible agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants herein, in furtherance of the interest of Defendants' business and on Defendants' behalf.

11. On or about January 16, 2025, at approximately 3:00 p.m., Plaintiff Ryan Schmitt was a business invitee of Defendant, Geisinger Medical Center of Danville, located at 100 North Academy Avenue, Danville, Pennsylvania 17822, where he was employed as a valet parking attendant by Elevated Healthcare Hospitality, LLC. While performing his duties in the outdoor valet parking area on the aforementioned date and time, Plaintiff was caused to slip and fall to the ground due to a dangerous and defective condition - namely, a wet, icy, and slippery surface — maintained within an area frequented by Plaintiff, other employees, business invitees, and members of the general public. As a result, Plaintiff Ryan Schmitt sustained severe and grievous injuries, as more fully set forth herein.

12. At all times relevant and material hereto, Defendants, jointly, severally and/or individually, owned, controlled, possessed, operated, occupied the subject premises and owed a duty to its business invitees to inspect, maintain, supervise and guard the subject premises.

13.    Defendants jointly, severally and/or individually had actual notice and/or constructive notice of and should have known by the exercise of reasonable care, of the existence of the wet, icy and slippery surface and the dangerous condition it created at a sufficient time prior to Plaintiff's fall.

14.    Defendants jointly, severally and/or individually owed a duty to warn, guard and/or correct the hazard so as to protect Plaintiff and its business invitees against the dangerous condition.

15.    At all times material hereto, Defendants, jointly and/or severally and/or individually acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants herein, jointly and/or severally, in furtherance of their business and on their behalf.

16.    At all times material hereto, the aforesaid accident was caused solely by the negligence and carelessness of the Defendants jointly, severally and/or individually and was in no manner whatsoever due to any act or omission of the Plaintiff, Ryan Schmitt.

**COUNT I –**
**PLAINTIFF, RYAN SCHMITT v. ALL DEFENDANTS**

17.    Plaintiff incorporates by reference herein the allegations set forth in the averments of paragraphs one (1) through sixteen (16) of this Complaint, inclusive, as if set forth herein at length.

18.    The negligence and carelessness of the Defendants, jointly and/or severally and/or individually consisted of the following:

a)    Allowing and causing a wet and slippery substance to exist on its walkway which created a dangerous and defective condition to exist on the aforesaid

premises, which Defendant herein knew or should have known by the exercise of reasonable care;

b)    Failing to correct said dangerous and defective conditions of which Defendants knew or should have known and which constituted a danger to business invitees lawfully thereon, especially Plaintiff herein;

c)    Failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by business invitees, especially Plaintiff herein;

d)    Failing to give warning or notice of the existence of the dangerous and defective condition of the said premises to business invitees, especially Plaintiff herein;

e)    Failing to provide and maintain a safe and proper route of travel for Plaintiff and other persons lawfully upon the premises;

f)    Disregarding the rights and safety of Plaintiff;

g)    Failing to have sufficient personnel to inspect, monitor, clean and/or maintain the subject premises;

h)    Failing to inspect said premises at reasonable intervals in order to determine the condition thereof;

i)    Failing to guard against a hazard which Defendants knew and/or should have known under the circumstances;

j)    Failing to clear snow and ice in an area where Defendants knew or through the exercise of reasonable care and diligence would have guarded against slip and fall hazards;

k)   Failing to document inspections and/or schedule inspections to prevent the existence of slip and fall hazards on its premises; and

l)   Failure to repair, fix or cure the aforesaid dangerous condition;

m)   Violating the applicable ordinances, statutes, codes and/or building codes of the Commonwealth of Pennsylvania;

n)   Negligence at law;

o)   Failing to remove accumulated snow and/or ice from the outdoor valet parking area, walkways, and surrounding surfaces within a reasonable time after such accumulation;

p)   Failing to apply salt, sand, calcium chloride, or other ice-melt or traction-providing materials to the outdoor valet parking area and surrounding walkways, which Defendants knew or should have known were subject to icy and slippery conditions;

q)   Failing to implement, follow, and/or enforce a snow and ice removal protocol, policy, or procedure adequate to address winter weather conditions on the subject premises;

r)   Failing to monitor weather conditions, weather forecasts, and/or temperature conditions and to take appropriate preventative measures in advance of foreseeable icy and slippery conditions at the subject premises;

s)   Failing to inspect the outdoor valet parking area and surrounding walkways for ice, snow, and other winter weather hazards prior to requiring employees and business invitees to use said area;

t)    Failing to close, barricade, or restrict access to the outdoor valet parking area when Defendants knew or should have known that icy and dangerous conditions existed thereon;

u)    Failing to assign adequate personnel to monitor, treat, and maintain the outdoor valet parking area during winter weather conditions;

v)    Allowing snow and ice to freeze, thaw and re-freeze to create hills and ridges such that same became a hazard and impediment to all those lawfully walking on Defendant's premises.

19.    As a result of the negligence and carelessness of Defendants herein, individually and/or jointly and/or severally, Plaintiff, Ryan Schmitt, was caused to sustain injuries to the bones, joints, muscles, tendons, blood vessels and soft tissues throughout his body, including, but not limited to a Right radius fracture, right ulnar styloid fracture, soft tissue swelling around the right wrist, injuries to bones and soft tissue, all of which said injuries have, in the past, and will, in the future, cause Plaintiff herein great pain and suffering, a serious impairment of his bodily functions and all of which are permanent in nature.

20.    As a further result of this accident, Plaintiff, Ryan Schmitt has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses. To date, Plaintiff, Ryan Schmitt has accumulated **$89,192.93** in medical expenses and **$22,126.00** in lost wage payments related to the injuries sustained in this accident and may be required to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

21.    As a further result of this accident, Plaintiff, Ryan Schmitt, has suffered medically determinable physical and/or mental impairment which prevents him from performing all or

substantially many of the material acts and duties which constitute Plaintiff's usual and customary activities prior to the accident.

22.    As a direct and reasonable result of the accident, Plaintiff, Ryan Schmitt, has or may hereafter incur other financial expenses, including but not limited to, healthcare liens, and workers compensation liens, currently in the approximate sum of **$111,318.93**, which do or may exceed amounts which he may otherwise be entitled to recover, some or all of which are fully recoverable herein pursuant to the Pennsylvania Workers Compensation Act, Section 319 and/or ERISA.

23.    As a further result of the accident, Plaintiff, Ryan Schmitt, has suffered severe physical pain, mental anguish and humiliation and, may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, Plaintiff, Ryan Schmitt, demands judgment in his favor and against Defendants, severally and/or individually, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs.

<u>**COUNT II –**</u>
<u>**PLAINTIFF, RYAN SCHMITT v. JOHN DOE 1-3, JANE DOE 1-3, ABC**</u>
<u>**PARTNERSHIPS AND XYZ CORPORATIONS**</u>

24.    Plaintiff reavers and incorporates by reference all of the allegations of Paragraphs one (1) through twenty-three (23), inclusive, and set forth the same as though said Paragraphs were herein provided in full.

25.    As a direct and proximate result of the negligence and carelessness of Defendant, John Doe 1-3, jointly, severally and/or individually, as described and incorporated herein, Plaintiff, Ryan Schmitt, was caused to sustain the aforementioned injuries and losses.

**WHEREFORE**, Plaintiff, Ryan Schmitt, demands judgment against Defendants, John Doe 1-3, Jane Does 1-3 and ABC Partnerships and XYZ Corporations, jointly, severally and/or individually, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest and costs.

## JURY DEMAND

Plaintiff, Ryan Schmitt, demands a jury trial.

**TABAKINWOLFE, LLP**

BY: _____
RICHARD A. WOLFE, ESQUIRE
Attorney I.D. No.: 78944
rich@twnlegal.com
Office Court at Blue Bell
587 Skippack Pike, Suite 300
Blue Bell, PA  19422
(215) 525-1616 – phone
(215) 525-5858 – facsimile

*Attorney for Plaintiff,*
*Ryan Schmitt*