JS 44   (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Elizabeth Reed

### DEFENDANTS

Todd Ament and Kimberly Ament

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marzzacco Injury Law, 945 E. Park Drive, Ste. 103 Harrisburg, PA 17111, 717-231-1640

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[x] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| | | | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | |
| | | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Premises Liability

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   exceeding $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   07/17/2026

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELIZABETH REED** | : | NO. |
| 4450 Tait Rd. | : | |
| Mikado, MI 48745 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION – LAW |
| | : | |
| **TODD AMENT** and | : | |
| **KIMBERLY AMENT** | : | |
| 22 Button Buck Dr. | : | |
| Conestoga, PA 17516 | : | |
| | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW comes the Plaintiff, Elizabeth Reed, by and through her attorneys, Rebecca L. Bailey, Esquire, and Christopher J. Marzzacco, Esquire, of Marzzacco Injury Law, and hereby states the following against the above-named Defendants:

## PARTIES

1.    Plaintiff Elizabeth Reed (hereinafter "Plaintiff Reed") is an adult individual residing at 4450 Tait Rd., Mikado, Alcona County, Michigan 48745.

2.    Defendants, Todd Ament and Kimberly Ament (hereinafter "Defendants"), are married, adult individuals who currently reside at 22 Button Buck Dr., Conestoga, Pennsylvania 17516.

## JURISDICTION AND VENUE

1

3.     The Court has jurisdiction over this matter under 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.     Venue is proper in the Federal District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

5.     The incident giving rise to this cause of action occurred on October 11, 2025, at the Gettysburg KOA Holiday Campground (hereinafter "Campground") located at 20 Knox Rd. Gettysburg, Adams County, Pennsylvania.

6.     On the date of the incident, Plaintiff Reed was a paid guest of the Campground and staying at one of the tent sites with her significant other, James Mayes, and their Australian Sheppard puppy, Gracie.

7.     Upon information and belief, Defendants were also staying at the Campground, but in one of the cabins on the date of the incident.

8.     At all times material to this lawsuit, Defendants owned, possessed, controlled and/or otherwise was responsible for a large, black dog (hereinafter the "subject dog"), that was staying with them at the Campground.

9.     At approximately 7:00 p.m. on October 11, 2025, Plaintiff Reed was walking with her leashed puppy, Gracie, near the bathhouse of the Campground. They were headed to a nearby nature trail on the Campground's premises.

10.    At that time, suddenly and without warning, the subject dog approached Plaintiff Reed and her puppy, Gracie, and growled at them.

11.    The subject dog then charged towards them, which caused Plaintiff's puppy, Gracie, to become spooked and attempt to flee.

12.    As a result, Plaintiff Reed became tangled up in her puppy's leash, which caused her to fall to the ground and become injured.

13.    At all material times, the subject dog was not leashed or otherwise reasonably confined to the premises of the cabin.

14.    As the owners, keepers, and/or individuals otherwise responsible for the subject dog, Defendants were subject to the rules and regulations of the Pennsylvania Dog Law.

15.    As owners/possessors of the subject dog, Defendants owed Plaintiff Reed and all other guests at the Campground a duty to keep them reasonably safe and free from foreseeable harm by keeping the subject dog confined to the cabin's premises by use of a leash, chain or other similar device.

16.    At all relevant times hereto, Plaintiff Reed acted in a safe, prudent, and reasonable manner and in no way contributed to the injuries she ultimately sustained.

## COUNT I - NEGLIGENCE
## ELIZABETH REED V. TODD AMENT AND KIMBERLY AMENT

17.    Paragraphs 1 through 16 are incorporated herein as if set forth at length.

18.    The negligence and carelessness of Defendants includes, but is not

3

limited to, the following:

      a.     Failure to adequately leash, secure and/or chain the subject dog in violation of Pennsylvania's Leash Law;

      b.     Failure to exercise reasonable control over the subject dog;

      c.     Failure to keep the subject dog confined to the rental property, *ie.* the cabin's premises;

      d.     Creating a dangerous condition by harboring a dog with known vicious propensities in total disregard for the rights and safety of others, including Plaintiff Reed;

      e.     Failing to take reasonable measures to correct the aforesaid known, dangerous conditions such as confining the subject dog to the cabin's premises by use of a leash, tether or other device so that it could not wander from it;

      f.     Failure to prevent the subject dog from charging at/towards Plaintiff Reed's puppy; and

      g.     Negligence Per Se for failure to confine and control the subject dog within the cabin's premises or outside of the cabin's premises with a leash or similar means in violation of 3 P.S. § 459-305(a) of Pennsylvania's Dog Law.

19. The purpose of Pennsylvania's Dog Law is to maintain the public's safety and protect individuals, including Plaintiff Reed, from incidents that are foreseeable, especially involving unleashed dogs, such as the subject dog in this case.

20. The severe injuries suffered by Plaintiff Reed, as set forth *supra.*, were directly and proximately caused by the actions and/or inactions of Defendants' negligence and in violating Pennsylvania's Dog Law.

4

21. As a direct and proximate result of the incident and Defendants' negligence and/or carelessness, Plaintiff Reed sustained serious injuries, including but not limited to a fracture of left fibula and fracture of left ankle, which required surgical intervention.

22. As a direct and proximate result of the incident and Defendants' negligence and/or carelessness, Plaintiff Reed has undergone pain, suffering, disfigurement, and other noneconomic damages, to her great detriment and loss.

23. As a direct and proximate result of the incident and Defendants' negligence and/or carelessness, Plaintiff Reed has incurred various expenses for incident-related medical treatment and may continue to incur the same into the foreseeable future, to her great loss and detriment.

24. As a direct and proximate result of the incident and Defendants' negligence and/or carelessness, Plaintiff Reed has suffered the loss of life's pleasures and will continue to suffer the same into the foreseeable future, to her great detriment and loss.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Elizabeth Reed, respectfully requests this Honorable Court enter judgment in her favor, together with compensatory damages, costs of suit, attorneys' fees, interest, and such other relief as this Honorable Court deems just and proper.

5

Respectfully submitted,

**MARZZACCO INJURY LAW**

Date: <u>July 17, 2026</u>

By:   <u>*/s/ Rebecca L. Bailey*      </u>
Christopher J. Marzzacco, Esquire
PA Supreme Court I.D. No. 78262
Rebecca L. Bailey, Esquire
PA Supreme Court I.D. No. 321896
945 East Park Drive, Suite 103
Harrisburg, PA 17111
(717) 231-1640
(717) 231-1650 (fax)
cmarzzacco@klnivenlaw.com
rbailey@klnivenlaw.com
*Attorneys for Plaintiff*

6