## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE GOVAN, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. |
| | ) |
| vs. | ) |
| | ) |
| HOLLENBAUGH'S TRASH AND | ) Electronically Filed |
| RECYCLING, LLC | ) |
| | ) |
| Defendant. | |

## CIVIL COMPLAINT

Andre Govan, by undersigned counsel, files this Civil Complaint and in support alleges the following:

I.    Jurisdiction

1.    This action is brought pursuant to The Civil Rights Act of 1866, 42 U.S.C. § 1981.

II.    Venue

2.    Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant regularly conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

1

III.    The Parties

3.    The plaintiff, Andre Govan ("Govan") is an adult African-American individual who lives in, Huntingdon, Huntingdon County, PA.

4.    The defendant, Hollenbaugh's Trash and Recycling, LLC, is a limited liability company registered in Pennsylvania located at 900 Susquehanna Avenue, Huntingdon, PA.  Hollenbaugh's Trash and Recycling, LLC is owned and operated by Bradley Hollenbaugh.

III.    Factual Background

5.    Andre Govan was employed by Hollenbaugh's Trash and Recycling, LLC from May 12, 2026 through June 23, 2026.

6.    Bradley Hollenbaugh is the owner of Hollenbaugh's Trash and Recycling, LLC and was Govan's ultimate supervisor.

7    Govan was the only African American employee at the time of the termination of his employment.

8.    On June 23, 2026, Govan had worked a full day as a trash thrower. The garbage truck Govan was working on that day was driven by his manager, Katie (last name unknown). At the end of the shift, the driver of the truck was communicating with Bradley Hollenbaugh through a headset. Apparently, without advising Bradley Hollenbaugh, the driver placed the call on speaker phone such that Govan overheard Bradley Hollenbaugh advising the driver to tell that "mother

2

fucker," referring to Govan, he's not done yet. Govan replied that he could hear what Bradley Hollenbaugh was saying and asked why Bradley Hollenbaugh would refer to Govan in that manner.

9. As the driver had confirmed that the work day was over and she was returning the truck to the yard, upon return Govan clocked out.

10. Several white co-workers were present in the yard when Bradley Hollenbaugh approached Govan in an irate and aggressive manner. In a fit of rage, Bradley Hollenbaugh screamed at Govan, called him obscene names and referred to Govan several times as a "nigger." Bradley Hollenbaugh went on to say that Govan should just go on welfare "like the rest of his people."

11. Bradley Hollenbaugh's actions were so extreme and provocative that Govan was concerned that Bradley Hollenbaugh wanted to start or incite a physical altercation with Govan. In response, Govan informed Bradley Hollenbaugh that he did not have to tolerate being berated and subjected to racial slurs and to deescalate the situation, Govan left the workplace and returned home.

12. As soon as Govan got home and explained what had occurred to his significant other, Govan discovered that he had been blocked by Hollenbaugh Trash and Recycling, LLC from using the work scheduling app. It was obvious to Govan that his employment with Hollenbaugh Trash and Recycling, LLC was

3

terminated. Thereafter, Govan has received no communication from Bradley Hollenbaugh or anyone else at Hollenbaugh Trash and Recycling, LLC.

**COUNT II – 42 U.S.C. § 1981**

**Racial Discrimination/Retaliation**

13.    Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully stated herein.

14.    The above described unlawful employment practices by Defendant, its agents, servants and employees violate 42 U.S.C. § 1981.

15.    Defendant's actions were performed with malice and/or reckless indifference to Plaintiff's federally protected rights.

16.    As a direct and proximate result of the above-mentioned employment practices, Plaintiff has lost income, fringe benefits, retirement contributions, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and he has suffered embarrassment, humiliation, emotional distress, suffering, inconvenience and mental anguish for which he seeks damages.

WHEREFORE, Andre Govan demands judgment against, Hollenbaugh Trash and Recycling, LLC and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive

4

damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

JURY TRIAL DEMANDED

Respectfully submitted.

By: /s/ Thomas B. Anderson, Esquire
Thomas B. Anderson, Esquire
Pa. I.D. No. 79990
Bordas and Bordas, PLLC.
420 Fort Duquesne Blvd., Suite 1800
Pittsburgh, PA  15222
(412) 502-5000
tanderson@bordaslaw.com

Counsel for the Plaintiff

5