## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JEFFREY A. NELSON, VICKI A. NELSON, DOROTHY L. NELSON, and DANIEL HOFFMANN, | : : : : : | |
| Plaintiffs | : : | Case No. |
| v. | : : | |
| JETBLUE AIRWAYS CORPORATION and ETIHAD AIRWAYS P.J.S.C., | : : : | |
| Defendants | : : | |

### NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant ETIHAD AIRWAYS P.J.S.C. ("Etihad"), by and through its undersigned counsel, removes this pending action from the Court of Common Pleas of York County to the United States District Court for the Middle District of Pennsylvania. In support of this Notice of Removal, Etihad states the following:

### I.    PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS

1.    On June 24, 2026, Plaintiffs Jeffrey A. Nelson, Vicki A. Nelson, Dorothy L. Nelson and Daniel Hoffmann (hereinafter "Plaintiffs") initiated this action by filing a Complaint in the Court of Common Pleas of York County, bearing Case No. 2026-SU-002572. A copy of the Complaint is attached hereto as **Exhibit 1**.

2.    Plaintiffs' Complaint asserts claims against Etihad and defendant JetBlue Airways Corporation for breach of contract, negligent representation, promissory estoppel and unjust enrichment arising out of defendants' alleged refusal to transport Plaintiffs on their international carriage by air from New York, New York (JFK) to Amsterdam, Netherlands (AMS), with an

1

agreed stopping place in Boston, Massachusetts (BOS) on December 12, 2025. **Ex. 1** at ¶¶ 39, 40, 43, 45, 76.

3.      Etihad received a copy of the Complaint by service of process on its registered agent on June 29, 2026. *See* Notice of Service of Process, attached hereto as **Exhibit 2.**

4.      Etihad's deadline to respond to Plaintiff's Complaint is July 20, 2026.

## II.     THIS COURT HAS FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. § 1331 BECAUSE PLAINTIFF'S COMPLAINT ARISES UNDER A TREATY OF THE UNITED STATES

5.      Removal is proper because this Court has original jurisdiction based on the existence of a federal question under 28 U.S.C. § 1331.

6.      Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action to federal court where the court has original jurisdiction under 28 U.S.C. § 1331, that is, where the civil action arises under the Constitution, laws, or treaties of the United States.

7.      The claims in Plaintiffs' Complaint arise under a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force Nov. 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (the "Montreal Convention"), the successor to the Warsaw Convention (1929). Where the Montreal Convention applies, as it does here, it exclusively governs the rights and liabilities of the parties. *See, e.g.*, *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 161 (1999) (The Convention exclusively governs the rights and liabilities of passengers and carriers in international air transportation);[1] *see also* Montreal Convention, Art. 29 ("any

---

[1]     The Montreal Convention is the successor to the Warsaw Convention (1929). *Ehrlich v. Am. Airlines, Inc.,* 360 F.3d 366, 371 n.4 (2d Cir. 2004). "The Montreal Convention supersedes and replaces the earlier Warsaw Convention, is largely substantively unchanged from its predecessor treaty, and is interpreted using case law construing the Warsaw Convention." *Rehman v. Etihad Airways*, 2019 WL 12095414, at *10 (M.D. Pa. Nov. 14, 2019) (quoting *Lee v. AMR Corp.*, 2015 WL 3797330, at *2 (E.D. Pa. June 18, 2015) (internal citations omitted).

2

action for damages, however founded, whether under this Convention or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention.").

8.    The Montreal Convention applies to all "international carriage" by air within the meaning of Article 1.

9.    Pursuant to the Montreal Convention, "international carriage" by air includes carriage in which, according to the agreement between the parties, the place of departure and the place of destination are: (1) situated within two different State Parties; or (2) within the territory of a single State Party if there is an "agreed stopping place within the territory of another State, even if that State is not a State Party."  Montreal Convention, Art. 1(2).

10.    The claims in Plaintiffs' Complaint arise out of defendants' alleged delay in the transport of Plaintiffs pursuant to their tickets providing for the international carriage by air from New York, New York (JFK) to Amsterdam, Netherlands (AMS), with an agreed stopping place in Boston, Massachusetts (BOS). **Ex. 1** at ¶¶ 39, 40, 43, 45, 76.

11.    The United States and Netherlands are both State Parties to the Montreal Convention, the transportation of which the subject matter of this action arose was "international carriage" within the meaning of Article 1 of the Montreal Convention, whether Plaintiffs were travelling round-trip U.S. or only one-way U.S. to the Netherlands. *See Status of the United States with Regard to International Air Law Instruments*, https://www.icao.int/sites/default/files/secretariat/legal/Status%20of%20individual%20States/uni uni_states_en.pdf (last visited July 16, 2026).

3

12. Article 19 of the Montreal Convention establishes carrier liability for delayed carriage, and reads in relevant part, "the carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo."

13. Delays arising from a carrier's refusal of international carriage fall within the substantive scope of Article 19 of the Montreal Convention. *See Lee*, 2015 WL 3797330, at *4 ("Plaintiff suffered a 'delay' in travel" when she was denied boarding to Belize but then purchased a flight to Guatemala, the next destination of her trip); *Smith-Ligpn v. Brit. Airways Worldwide*, 2012 WL 1382468, at *2  (E.D. Pa. Apr. 20, 2012) (Montreal Convention applies to breach of contract claims).

14. Thus, the rights of Etihad and Plaintiffs are governed exclusively by the provisions of the Montreal Convention, which preempts all state law claims that fall within its scope. *See El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 160–61 (1999) (analyzing a similar provision under the Warsaw Convention); *Lee*, 2015 WL 3797330, at *2-4; *Smith-Ligpn*, 2012 WL 1382468, at *2; *Schaefer-Condulmari v. U.S. Airways Grp., Inc.*, 2009 WL 4729882, at *1 (E.D. Pa. Dec. 8, 2009).

15. As Plaintiffs asserted causes of action and claims arise under the Montreal Convention, which provides the exclusive cause of action for their claims, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1331 and 1441(a). *See Id.*

### III. THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 HAVE BEEN SATISFIED

16. In addition to satisfying the requirements of jurisdiction, Etihad has satisfied all other requirements for removal.

4

17.     Removal is timely under 28 U.S.C. § 1446 because this Notice of Removal is filed within 30 days after Etihad's receipt of a copy of the Complaint filed in the York County Court of Common Pleas.

18.     As of the date of this Notice, all defendants who have been properly served with Plaintiffs' Complaint have acknowledged their consent to remove this case to the U.S. District Court for the Middle District of Pennsylvania, which satisfied the unanimity requirement of 28 U.S.C. §§ 1441(a) and 1446(b)(2).  *See* Declaration of Consent of Defendant JetBlue Airways Corporation attached hereto as **Exhibit 3.**

19.     As York County is embraced by the United States District Court for the Middle District of Pennsylvania, the action is properly removed to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1441(a).

20.     In accordance with the requirements of 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be this day served on Plaintiff's Counsel and filed with the Clerk of Court for the Court of Common Pleas of York County.

## CONCLUSION

**WHEREFORE**, Etihad Airways P.J.S.C. removes this civil action from the Court of Common Pleas of York County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

Date:  July 20, 2026          **BUCHANAN INGERSOLL & ROONEY PC**

By: /s/ *Andrew G. Hope*
Andrew G. Hope (Pa. I.D. No. 317932)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102
(215) 665-5322
andrew.hope@bipc.com

*Counsel for Defendant Etihad Airways P.J.S.C.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of July, 2026, I caused a true and correct copy of the foregoing *Notice of Removal* to be served upon the following via First-Class U.S. mail and electronic mail:

Jeffrey A. Nelson
677 Campbell Road
York, PA 17492
svservicesllc@outlook.com

Vicki A. Nelson
677 Campbell Road
York, PA 17492
v.nelson@comcast.net

Dorothy L. Nelson
65 Lynwood Avenue
Franklin Park, NJ 08823

Daniel Hoffmann
4851 Kenworth Drive
Shingle Springs, CA 95682
daniel@hoffmann.net

Steven J. Shapiro
2005 Market St.
Suite 3120
Philadelphia, PA 19103
sshapiro@victorrane.com
*Counsel for Defendant JetBlue Airways Corporation*

*/s/ Andrew G. Hope*
Andrew G. Hope, Esq.

7