JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GEORGE MINK and CATHERINE MINK

## DEFENDANTS
SIXT TILTING TRUST

**(b)** County of Residence of First Listed Plaintiff    Chester County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam S. Barrist, Esq., 215-432-8829
P.O. Box 1820, Media, PA 19063

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❒ 1    U.S. Government Plaintiff

❒ 3    Federal Question
       *(U.S. Government Not a Party)*

❒ 2    U.S. Government Defendant

☒ 4    Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 365 Personal Injury - Product Liability | ❒ 690 Other | ❒ 423 Withdrawal 28 USC 157 | ❒ 376 Qui Tam (31 USC 3729(a)) |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | ❒ 367 Health Care/ | | | ❒ 400 State Reapportionment |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 330 Federal Employers' Liability | Product Liability | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| ❒ 151 Medicare Act | ❒ 340 Marine | ❒ 368 Asbestos Personal Injury Product Liability | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❒ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❒ 835 Patent - Abbreviated New Drug Application | ❒ 460 Deportation |
| | | | | ❒ 840 Trademark | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ❒ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❒ 480 Consumer Credit |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 371 Truth in Lending | ❒ 710 Fair Labor Standards Act | ❒ 861 HIA (1395ff) | ❒ 490 Cable/Sat TV |
| ❒ 190 Other Contract | ❒ 360 Other Personal Injury | ❒ 380 Other Personal Property Damage | ❒ 720 Labor/Management Relations | ❒ 862 Black Lung (923) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 195 Contract Product Liability | ❒ 362 Personal Injury - Medical Malpractice | ❒ 385 Property Damage Product Liability | ❒ 740 Railway Labor Act | ❒ 863 DIWC/DIWW (405(g)) | ❒ 890 Other Statutory Actions |
| ❒ 196 Franchise | | | ❒ 751 Family and Medical Leave Act | ❒ 864 SSID Title XVI | ❒ 891 Agricultural Acts |
| | | | | ❒ 865 RSI (405(g)) | ❒ 893 Environmental Matters |
| | | | ❒ 790 Other Labor Litigation | | ❒ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❒ 896 Arbitration |
| ❒ 210 Land Condemnation | ❒ 440 Other Civil Rights | **Habeas Corpus:** | | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❒ 220 Foreclosure | ❒ 441 Voting | ❒ 463 Alien Detainee | | ❒ 871 IRS—Third Party 26 USC 7609 | |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒ 510 Motions to Vacate Sentence | | | ❒ 950 Constitutionality of State Statutes |
| ❒ 240 Torts to Land | ❒ 443 Housing/ Accommodations | ❒ 530 General | | | |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒ 535 Death Penalty | **IMMIGRATION** | | |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | **Other:** | ❒ 462 Naturalization Application | | |
| | ❒ 448 Education | ❒ 540 Mandamus & Other | ❒ 465 Other Immigration Actions | | |
| | | ❒ 550 Civil Rights | | | |
| | | ❒ 555 Prison Condition | | | |
| | | ❒ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ❒ 2 Removed from State Court    ❒ 3 Remanded from Appellate Court    ❒ 4 Reinstated or Reopened    ❒ 5 Transferred from Another District *(specify)*    ❒ 6 Multidistrict Litigation - Transfer    ❒ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C §1332
Brief description of cause:
Motor vehicle collision in Lower Swatara Township, PA.

## VII. REQUESTED IN COMPLAINT:
❒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ In excess of $150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ❒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    07/20/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE MINK<br>201 Oak Lane<br>Downingtown, PA 19335<br><br>and<br><br>CATHERINE MINK<br>201 Oak Lane<br>Downingtown, PA 19335<br><br>                    Plaintiffs,<br><br>        v.<br><br>IMAD ALMAWRI<br>7 Buckingham Drive<br>Manalapan, NJ 07726<br><br>and<br><br>SIXT TILTING TRUST<br>1501 NW 49th Street, Suite 100<br>Fort Lauderdale, FL 33309<br><br>                    Defendants. | CIVIL ACTION<br><br>No._____ |

## COMPLAINT

Plaintiffs, George Mink ("Mr. Mink") and Catherine Mink ("Mrs. Mink"), through their undersigned attorneys, bring the following Complaint against the above-captioned Defendants.

## PARTIES

1. Plaintiffs, George Mink and Catherine Mink, are adult individuals, citizens, residents and domiciliaries of the Commonwealth of Pennsylvania, with a home address of 201 Oak Lane, Downingtown, PA 19335.

2. Collectively, Mr. Mink and Mrs. Mink shall be referred to, herein, as "Plaintiffs."

3. Defendant, Imad Almawri ("Mr. Almawri"), is, upon information and belief, an adult individual, citizen, resident and domiciliary of the State of New Jersey, with a home address of 7 Buckingham Drive, Manalapan, NJ 07726.

4. Defendant, Sixt Tilting Trust ("Sixt") is, upon information and belief, a corporation, partnership or other business entity in the State of Florida, with a place of incorporation of, principal place of business and citizenship of 1501 NW 49th Street, Suite 100, Fort Lauderdale, FL 33309.

5. Collectively, Mr. Almawri and Sixt shall be referred to, herein, as "Defendants."

## JURISDICTION AND VENUE

6. Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiffs are citizens, residents and domiciliaries of the Commonwealth of Pennsylvania, Mr. Almawri is a citizen, resident and domiciliary of the State of New Jersey and Sixt is a corporation, partnership or other business entity in and with a citizenship of the State of Florida.

7. There is, therefore, complete diversity between all Plaintiffs and all Defendants.

8. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the personal injuries that are the subject of this litigation occurred in Lower Swatara Township, Dauphin County, PA, within this District.

## FACTS

10. On December 15, 2025, Mr. Mink and Mrs. Mink were severely injured when Mr. Almawri negligently struck their vehicle while attempting to change lanes on I-76 (PA Turnpike)

2

eastbound around mile marker 249.8 in Lower Swatara Township, PA.

11. The force of the impact caused Mr. Mink and Mrs. Mink's vehicle to lose control, travel off the roadway onto the grass berm, over the curb heading to Highspire Service Plaza and strike a parked vehicle.

12. At the time of the collision, Mr. Almawri was in the course and scope of employment with and/or was authorized by Sixt Tilting Trust to drive the subject vehicle.

13. Following an investigation by the Pennsylvania State Police Department, Mr. Almawri was deemed at-fault in causing the subject collision and was charged with violations of 75 Pa.C.S.A.§3309(1), 75 Pa.C.S.A.§3334, 75 Pa.C.S.A.§3714 and 75 Pa.C.S.A.§3361.

14. Mr. Mink and Mrs. Mink were not charged or deemed at fault for their role in the subject collision.

15. Mr. Mink and Mrs. Mink are bound by the full tort option by virtue of having been struck by a vehicle registered in another state, Florida. 75 Pa.C.S.A. §1705(d)(ii).

16. Such violent collision caused Plaintiffs to a) sustain the permanent injuries described below, that have caused their bodies to not heal or function normally with further medical treatment; and b) suffer significant financial harm.

**COUNT ONE – NEGLIGENCE**
**George Mink and Catherine Mink v. Imad Almawri**

17. Mr. Mink and Mrs. Mink incorporate, by reference, the foregoing paragraphs, as though set forth fully herein.

18. As the direct and proximate cause of Mr. Almawri's negligence as stated above, Mr. Mink and Mrs. Mink have suffered severe permanent physical injury and financial loss.

19. The injuries that Mr. Mink and Mrs. Mink have sustained are permanent in nature. Mr. Mink and Mrs. Mink have suffered great physical and mental pain and anguish, and in all

3

reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of their natural lives.

20. As a further result of the above negligent acts committed by Mr. Almawri, Mr. Mink and Mrs. Mink have incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

21. As a further result of the above negligent acts committed by Mr. Almawri, Mr. Mink and Mrs. Mink have incurred and will continue to incur substantial financial harm due to vehicular property damage.

22. In addition, Mr. Mink and Mrs. Mink have suffered other economic injury and will likely continue to suffer such economic injury.

23. Mr. Almawri operated his vehicle in such a careless and/or negligent manner as to have caused the aforesaid collision to occur.

24. Mr. Almawri had a duty to Mr. Mink and Mrs. Mink to not operate his vehicle in such a careless and/or negligent manner.

25. Mr. Almawri breached said duty, as set forth below.

26. As a direct and proximate result of the aforesaid acts, omissions, carelessness and/or negligence on the part of Mr. Almawri, Mr. Mink and Mrs. Mink have suffered severe personal injuries; have been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, have been and will be in the future required to expend great sums of money for medical services; have been and will be in the future prevented from attending to their regular activities, duties and responsibilities; have been and will in the future be made to suffer lost earnings and other pecuniary loss.

4

27. The aforesaid accident was caused by the negligence and/or carelessness of Mr. Almawri, because he:

   a) Failed to keep his vehicle under control at all relevant times;

   b) Was driving at an excessive speed under the circumstances;

   c) Attempted to make an improper lane change;

   d) Disregarded traffic signals and signs;

   e) Failed to keep a proper lookout;

   f) Violently struck Mr. Mink and Mrs. Mink's vehicle;

   g) Was driving in distracted fashion;

   h) Caused a violent collision to take place; and

   i) Otherwise failed to exercise due care under the circumstances.

28. As the result of the above-referenced accident, Mr. Mink suffered painful and serious injuries, including, but not limited to:

   a) disc herniations from C4 through C7 and from L2 through S1;

   b) radiculopathy;

   c) cervicalgia;

   d) nerve damage throughout his body;

   e) strains, sprains, disc bulges and disc herniations throughout his body, the extent of which is presently unknown;

   f) torn ligaments and tendons throughout his body, the extent of which is presently unknown;

   g) head injuries, the extent of which is presently unknown; and

   h) emotional harm, the extent of which is presently unknown.

5

29. As the result of the above-referenced accident, Mrs. Mink suffered painful and serious injuries, including, but not limited to:

    a)  disc herniations C3-C4 and C6-C7;

    b)  radiculopathy;

    c)  cervicalgia;

    d)  nerve damage throughout her body;

    e)  strains, sprains, disc bulges and disc herniations throughout her body, the extent of which is presently unknown;

    f)  torn ligaments and tendons throughout her body, the extent of which is presently unknown;

    g)  head injuries, the extent of which is presently unknown; and

    h)  emotional harm, the extent of which is presently unknown.

30. As a result of such accident, Mr. Mink and Mrs. Mink have incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

31. As a result of such accident, Mr. Mink and Mrs. Mink have incurred unreimbursed property loss/damages and will continue to incur said expenses for an indefinite time into the future.

32. As a result of such accident, Mr. Mink and Mrs. Mink suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

33. As a result of such accident, Mr. Mink and Mrs. Mink have suffered lost wages, and will suffer a loss of future earnings capacity.

34. As a further result of such accident, Mr. Mink and Mrs. Mink have suffered and will continue to suffer a loss of life's pleasures.

**WHEREFORE**, Plaintiffs, George Mink and Catherine Mink, demand judgment against Imad Almawri and Sixt Titling Trust, jointly and severally in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

## COUNT TWO – NEGLIGENCE
### George Mink and Catherine Mink v. Sixt Tilting Trust

35. Mr. Mink and Mrs. Mink incorporate, by reference, the foregoing paragraphs, as though set forth fully herein.

36. As the direct and proximate cause of Sixt's negligence as stated above, Mr. Mink and Mrs. Mink have suffered severe permanent physical injury and financial loss.

37. The injuries that Mr. Mink and Mrs. Mink have sustained are permanent in nature. Mr. Mink and Mrs. Mink have suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of their natural lives.

38. As a further result of the above negligent acts committed by Sixt, Mr. Mink and Mrs. Mink have incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

39. As a further result of the above negligent acts committed by Sixt, Mr. Mink and Mrs. Mink have incurred and will continue to incur substantial financial harm due to vehicular property damage.

40. In addition, Mr. Mink and Mrs. Mink have suffered other economic injury and will likely continue to suffer such economic injury.

41. Sixt, vicariously, through its agent/employee/authorized representative, Mr. Almawri, operated its vehicle in such a careless and/or negligent manner as to have caused the aforesaid collision to occur.

7

42. Sixt had a duty to Mr. Mink and Mrs. Mink to not employ/authorize individuals who would operate its vehicle in such a careless and/or negligent manner

43. Sixt breached said duty, as set forth below.

44. As a direct and proximate result of the aforesaid acts, omissions, carelessness and/or negligence on the part of Sixt, Mr. Mink and Mrs. Mink have suffered severe personal injuries; have been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, have been and will be in the future required to expend great sums of money for medical services; have been and will be in the future prevented from attending to their regular activities, duties and responsibilities; have been and will in the future be made to suffer lost earnings and other pecuniary loss.

45. The aforesaid accident was caused by the negligence and/or carelessness of Sixt, because it, itself, and/or, vicariously, through its agent/employee/authorized representative, Mr. Almawri:

   a) Failed to keep his vehicle under control at all relevant times;

   b) Was driving at an excessive speed under the circumstances;

   c) Attempted to make an improper lane change;

   d) Disregarded traffic signals and signs;

   e) Failed to keep a proper lookout;

   f) Violently struck Mr. Mink and Mrs. Mink's vehicle;

   g) Was driving in distracted fashion;

   h) Negligently authorized Mr. Almawri to operate its vehicle;

   i) Negligently hired Mr. Almawri;

   j) Negligently trained Mr. Almawri;

   k) Negligently caused/forced/allowed Mr. Almawri to drive its vehicle when he was in

8

an unfit physical and/or mental condition to do so;

l) Caused its vehicle to be in an unsafe condition; and

m) Otherwise failed to exercise due care under the circumstances.

46. As the result of the above-referenced accident, Mr. Mink suffered painful and serious injuries, including, but not limited to:

a) disc herniations from C4 through C7 and from L2 through S1;

b) radiculopathy;

c) cervicalgia;

d) nerve damage throughout his body;

e) strains, sprains, disc bulges and disc herniations throughout his body, the extent of which is presently unknown;

f) torn ligaments and tendons throughout his body, the extent of which is presently unknown;

g) head injuries, the extent of which is presently unknown; and

h) emotional harm, the extent of which is presently unknown.

47. As the result of the above-referenced accident, Mrs. Mink suffered painful and serious injuries, including, but not limited to:

a) disc herniations C3-C4 and C6-C7;

b) radiculopathy;

c) cervicalgia;

d) nerve damage throughout her body;

e) strains, sprains, disc bulges and disc herniations throughout her body, the extent of which is presently unknown;

f) torn ligaments and tendons throughout her body, the extent of which is presently unknown;

g) head injuries, the extent of which is presently unknown; and

h) emotional harm, the extent of which is presently unknown.

48. As a result of such accident, Mr. Mink and Mrs. Mink have incurred medical expenses and will continue to incur said medical expenses for an indefinite time into the future.

49. As a result of such accident, Mr. Mink and Mrs. Mink have incurred unreimbursed property loss/damages and will continue to incur said expenses for an indefinite time into the future.

50. As a result of such accident, Mr. Mink and Mrs. Mink suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

51. As a result of such accident, Mr. Mink and Mrs. Mink have suffered lost wages, and will suffer a loss of future earnings capacity.

52. As a further result of such accident, Mr. Mink and Mrs. Mink have suffered and will continue to suffer a loss of life's pleasures.

**WHEREFORE**, Plaintiffs, George Mink and Catherine Mink, demand judgment against Sixt Tilting Trust and Imad Almawri, jointly and severally, in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

**THE BARRIST FIRM, LLC**

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiffs

Date:  July 21, 2026

11

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GEORGE MINK<br>201 Oak Lane<br>Downingtown, PA 19335<br><br>and<br><br>CATHERINE MINK<br>201 Oak Lane<br>Downingtown, PA 19335<br><br>       Plaintiffs,<br><br>   v.<br><br>IMAD ALMAWRI<br>7 Buckingham Drive<br>Manalapan, NJ 07726<br><br>and<br><br>SIXT TILTING TRUST<br>1501 NW 49th Street, Suite 100<br>Fort Lauderdale, FL 33309<br><br>      Defendants. | CIVIL ACTION<br><br>No._____ |

**JURY DEMAND**

Plaintiffs, George Mink and Catherine Mink, hereby demand a trial by twelve (12) jurors.

12

Respectfully submitted,

**THE BARRIST FIRM, LLC**

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date:  July 21, 2026