## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

Randall Long                                  :
671 N. 67th Street                            :
Harrisburg, PA 17111                          :
                 Plaintiff    :       #
    v.                                        :
                          :
Laura Bethany                                 :
140 Myrtle Place                              :
Vicksburg, MS 39180                           :
                 And     :
Bill Davis Trucking, Inc.                     :
810 Newport Road                              :
Batesville, AR 72501                          :
            Defendants    :

## COMPLAINT

## PARTIES

1.      Plaintiff, Randall Long ("Plaintiff"), is a citizen of the Commonwealth of Pennsylvania, residing at the address listed in the caption of the Complaint.

2.      Defendant, Laura Bethany ("Bethany"), is a citizen of the State of Mississippi, residing at the address listed in the caption of the Complaint.

3.      Defendant, Bill Davis Trucking, Inc. ("Bill Davis Trucking"), is a business entity incorporated in and with a principal place of business in the State of Arkansas at the address listed in the caption of the Complaint.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the parties and subject matter of the Civil Action-Complaint in that the parties are completely diverse, with Plaintiff a citizen of the Commonwealth of Pennsylvania, Defendant Bethany a citizen of the State of Mississippi, and Defendant Bill Davis Trucking a citizen of the State of Arkansas, and the amount in controversy in the case, exclusive of interest and costs, exceeds the sum of $75,000.

5.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a)(1) and (2), in that this a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in the Complaint occurred.

## FACTS

6.      On or about December 12, 2024, at or about 3:50 a.m., Plaintiff was the operator of a vehicle making a left onto Harrisburg Pike, at or near its intersection with Flying J Drive in Carlise, PA, with a green left-turn arrow giving him the right of way to proceed with his intended left turn.

7.      At or about the same date and time, Bethany was the operator of a tractor trailer owned, rented, leased, and/or otherwise under the control of and entrusted to her by Defendant Bill Davis Trucking.

8.      Upon information and belief, the tractor trailer bore the logo and business name of Defendant, Bill Davis Trucking and was being used for its business purpose(s).

9.      At or about the same date and time, Bethany was driving the tractor trailer at the aforesaid intersection approaching from the opposite direction of the Plaintiff's vehicle, when she suddenly, and without warning, proceeded straight through a steady red traffic signal, striking Plaintiff's turning vehicle.

10.     At all times relevant hereto, including the time of the subject motor vehicle collision, Bethany was an agent, employee, and/or servant of Defendant, Bill Davis Trucking, and was operating the tractor trailer in the course and scope of her agency and/or employment.

11.     Upon information and belief, in proceeding to strike Plaintiff's vehicle, Bethany failed to pay adequate attention to her surroundings, failed to obey a red traffic signal, failed to yield the right of way, failed to ensure traffic was clear, was in a hurry, and/or was simply fatigued and/or distracted.

12.     The collective and individual acts, omissions, and failures detailed above and further below on the part of the named Defendants were careless and negligent.

13.     The subject motor vehicle crash was proximately caused by the carelessness and/or negligence of the named Defendants and not the result of any action or failure to act by Plaintiff.

14.     As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the Defendants, Plaintiff suffered severe and permanent injuries, including to his back, neck and right wrist, as set forth more fully below.

**COUNT I**
**Randall Long v. Laura Bethany**
**Negligence**

15.     Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of the Complaint, inclusive, as if set forth herein at length.

16.     The negligence and/or carelessness of Defendant, which was the direct and proximate cause of the subject crash and Plaintiff's resultant injuries and damages, consisted of the following actions/inactions:

    a.  Failure to exercise ordinary care to avoid a crash;

    b.  Operating the tractor trailer without regard for the rights or safety of Plaintiff, and in such a manner as to proceed through a red traffic signal and strike Plaintiff's vehicle;

    c.  Failing to keep a proper lookout for surrounding vehicular traffic, including Plaintiff's vehicle lawfully proceeding through the intersection on a green left-turn arrow;

    d.  Failing to adequately, sufficiently, and properly observe and obey the red applicable traffic control signal before proceeding into subject the intersection;

    e.  Failing to yield the right of way to vehicular traffic lawfully proceeding through the subject intersection, specifically Plaintiff's vehicle;

    f.  Failing to have the tractor trailer under proper and adequate control;

    g.  Operating the tractor trailer at a rate of speed that was dangerous and excessive for

3

conditions;

h.  Failure to apply her brakes earlier to stop the tractor trailer to avoid the subject crash;

i.  Being inattentive to her duties as the operator of the tractor trailer;

j.  Failing to remain continually alert while operating the tractor trailer;

k.  Failing to perceive the highly apparent danger to Plaintiff which her actions and/or inactions posed;

l.  Failing to be highly vigilant and maintain sufficient control of the tractor trailer and bring it to a stop;

m.  Operating the tractor trailer with disregard for the rights of Plaintiff, even though she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

n.  Continuing to operate the tractor trailer in a direction towards Plaintiff's vehicle when she saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a crash;

o.  Failing to give Plaintiff meaningful warning signs concerning the impending crash;

p.  Failing to exercise and adhere to proper safe and defensive driving practices as set forth in her driver training and/or required by applicable state and/or Federal Motor Carrier Safety Regulations;

q.  Driving while above the hours of service allotted by applicable state and Federal Motor Carrier Regulations and/or otherwise fatigued;

r.  Driving while distracted; and/or

s.  Failing to operate said truck in compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles, specifically violations of Pennsylvania Motor Vehicle Code Sections 3111, 3115, 3361, and/or 3714.

17.  As a direct and proximate result of the negligent and/or careless conduct of Defendant, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and other ills and injuries, including to his back, neck and right wrist, necessitating extensive treatment including a lumbar steroid injection and

4

radiofrequency ablation, all to Plaintiff's great loss and detriment.

18.      As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

19.      As an additional result of the carelessness and/or negligence of Defendant, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

20.      As a direct result of the carelessness and/or negligence of Bethany, Plaintiff suffered damage to his personal property, including the motor vehicle he was operating at the time of the subject motor vehicle collision, and related expenses including, but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

21.      As a further result of Plaintiff's injuries, he has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

22.      Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff, Randall Long, prays for judgment in his favor and against Defendant, Laura Bethany, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief the court deems just.

**COUNT II**
**Randall Long v. Bill Davis Trucking, Inc.**
**Negligent Hiring, Retention, Training, Supervision, and Entrustment**

5

23.     Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of the Complaint, inclusive, as if set forth herein at length.

24.     The carelessness and/or negligence of Defendant Bill Davis Trucking, which was a proximate cause of the subject crash and the resultant injuries and damages sustained by Plaintiff, included the following actions/inactions:

a.  Hiring, retaining, and permitting Bethany to operate the tractor trailer without first properly and adequately qualifying her;

b.  Hiring, retaining, and permitting Bethany to operate the tractor trailer without first conducting a proper and adequate background check to ascertain whether or not she was competent and fit to properly and safely operate a company tractor trailer;

c.  Failing to provide proper, adequate, ongoing and/or remedial training to Bethany, including safe and defensive driving training in general and specific to obeying traffic control signals, maintaining a proper lookout, and yielding the right-of-way;

d.  Failing to take proper and adequate measures to prevent Bethany from endangering the motoring public, specifically including Plaintiff, by failing to: obey traffic control signals; pay proper attention to her surroundings while driving; and/or yield the right-of-way;

e.  Retaining and permitting Bethany to operate the tractor trailer when Bill Davis Trucking knew or, in the exercise of due care and diligence, should have known by and through her/her prior unsafe and/or substandard driving conduct during her tenure as agent/employee of Bill Davis Trucking that Bethany was incompetent and/or unfit to drive a tractor trailer, capable of committing and likely to commit actions and inactions like those set forth above that would harm the motoring public;

f.  Failing to properly and adequately train, monitor and/or supervise Bethany to ensure she would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code, and/or applicable regulations;

g.  Failing to properly and adequately train, monitor, and/or supervise Bethany to ensure she could manage collision-free encounters with the motoring public, specifically including Plaintiff; and

h.  Failing to warn Plaintiff that it knew or in the existence of due care and diligence should have known, that Plaintiff would be exposed to Bethany's negligent and/or careless operation of the tractor trailer.

25.     As a direct and proximate result of the negligent and/or careless conduct of

6

Defendant, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions and other ills and injuries, including to his back, neck and right wrist, necessitating extensive treatment including a lumbar steroid injection and radiofrequency ablation, all to Plaintiff's great loss and detriment.

26.    As a direct and proximate result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past suffered and is presently suffering great anguish, sickness and agony, and will continue to so suffer for an indefinite time into the future.

27.    As an additional result of the carelessness and/or negligence of Defendant, along with the physical injuries suffered, Plaintiff suffered and is presently suffering emotional injuries, and will continue to so suffer for an indefinite time into the future.

28.    As a direct result of the carelessness and/or negligence of Bethany, Plaintiff suffered damage to his personal property, including the motor vehicle he was operating at the time of the subject motor vehicle collision, and related expenses including, but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

29.    As a further result of Plaintiff's injuries, he has in the past suffered, is presently suffering, and may in the future suffer a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

30.    Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred or will incur medical, rehabilitative and other related expenses in an amount equal to or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1701 et. seq. as amended.

WHEREFORE, Plaintiff, Randall Long, prays for judgment in his favor and against

Defendant, Bill Davis Trucking, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief the court deems just.

## COUNT III
### Randall Long v. Bill Davis Trucking, Inc.
### Respondeat Superior

31.     Plaintiff incorporates by reference the allegations set forth in the aforementioned paragraphs of the Complaint, inclusive, as if set forth herein at length.

32.     The negligence and carelessness on the part of Defendant Bethany, detailed in Count I, above, occurred while Bethany was acting at all relevant times within the course and scope of her agency and/or employment with Bill Davis Trucking, and was the direct and proximate cause of the subject crash and Plaintiff's proximately resulting injuries and damages.

33.     As such, Bill Davis Trucking is vicariously liable under the doctrine of respondeat superior result for the negligence and/or careless conduct of Bethany in causing the subject crash and Plaintiff's proximately resulting injuries and damages.

WHEREFORE, Plaintiff, Randall Long, prays for judgment in his favor and against Defendant, Bill Davis Trucking, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief the court deems necessary.

**SIMON & SIMON, P.C.**

BY:     _____
Roman Galas, Esquire
Simon & Simon, P.C.
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666
RomanGalas@gosimon.com
Attorney ID: 207093

8