## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE OF PENNSYLVANIA

KELLY BERNAT, AS          : CIVIL ACTION – LAW
ADMINSTRATOR OF THE    :
ESTATE OF JOSCELYNNE
PANNONE, DECEASED,
                **Plaintiff**    :
         v.                  : No.
                            :
SOUFIANE IZIHI and NEW    :
PRIME, INC.,

                            : JURY TRIAL DEMANDED
            **Defendants**    :

## COMPLAINT

AND NOW comes Plaintiff Kelly Bernat as Administrator of the Estate of Joscelynne Pannone, Deceased, by and through her counsel, Scott B. Cooper and Schmidt Kramer PC, and files the within Complaint, averring as follows:

## PARTIES

1.    Plaintiff Kelly Bernat, Administrator of the Estate of Joscelynne Pannone is an adult individual residing at 1730 Mitchell Avenue, Chattanooga, Hamilton County, Tennessee, 37408.

2.    Plaintiff Kelly Bernat, mother of Decedent, Joscelynne Pannone, was granted Letters of Administration by the Register of Wills of Baltimore County Maryland on September 3, 2025.

3.    Defendant Soufiane Izihi is an adult individual residing at 62 Gould Avenue, Apartment 2, Paterson, Passaic County, New Jersey, 07503.

4.    Defendant New Prime, Inc. is a domestic corporation with headquarters located at 2740 North Mayfair Avenue, Springfield, Greene County, Missouri 65803.

## ALLEGATIONS OF JURISDICTION AND VENUE

5.    Plaintiff Kelly Bernat invokes the jurisdiction of this Court under 28 U.S. C. § 1332(a) and F.R.C.P. 8(a)(1) as this is a civil action between citizens of different states where the amount in controversy is in excess of $75,000.00.

6.    Venue lies in the Middle District of Pennsylvania under 28 U.S. C. § 1391 as the incident described herein occurred in the Middle District of Pennsylvania.

## OPERATIVE FACTS

7.    The facts and occurrences hereinafter stated took place on May 28, 2025, at approximately 2:55 a.m. on Interstate 81 south in East Hanover Township, Dauphin County, Pennsylvania

8.    At all times relevant hereto, Decedent, Joscelynne Pannone was the operator of a 2008 Kia Sorrento.

9.    Defendant New Prime, Inc. was the owner of a 2025 Freightliner tractor-trailer.

10. At all times relevant hereto, Defendant Soufiane Izihi was the operator of Defendant New Prime, Inc.'s tractor-trailer.

11. On May 28, 2025, Decedent Joscelynne Pannone was driving south on Interstate 81.

12. At the same time, Defendant Soufiane Izihi was illegally parked in the tractor- trailer on the right shoulder of the onramp from the Grantville rest stop.

13. At the time, it was dark, it had been raining, and the roadway was wet.

14. As Decedent Joscelynne Pannone approached mile marker 79.4, her vehicle hydroplaned then spun clockwise and traveled across the gore and on-ramp and struck Defendants' illegally parked tractor-trailer.

15. As a result of the impact, Joscelynne Pannone was pronounced dead at the scene at 4:00 a.m. by the Dauphin County Coroner.

<u>**COUNT I**</u>
<u>**NEGLIGENCE**</u>
<u>**KELLY BERNAT, AS ADMINSTRATOR OF THE ESTATE OF**</u>
<u>**JOSCELYNNE PANNONE, DECEASED v. SOUFIANE IZIHI**</u>

16. Plaintiff Kelly Bernat, Administrator of the Estate of Joscelynne Pannone incorporates Paragraphs 1 through 15 of this Complaint as if set forth in full.

17. The accident at issue was initiated and factually caused by the negligence and carelessness of Defendant Soufiane Izihi, consisting of the following:

a. Illegally parking the tractor-trailer on the shoulder/onramp area, creating a hazard to motorists traveling on Interstate 81, including Decedent, Joscelynne Pannone;

b. Stopping or parking the tractor-trailer in an area not intended or permitted for parking;

c. Failing to remove the tractor-trailer from the shoulder of the Interstate;

d. Failing to activate hazard lights, emergency flashers, or lights to alert approaching motorists to the presence of a tractor-trailer;

e. Failing to take reasonable steps to protect approaching motorists from colliding with the tractor-trailer; and

f. Violating provisions of the Pennsylvania Motor Vehicle Code, including 75 Pa.C.S. §§ 3351, 3353, 4302, 4303, 4305, and/or other applicable provisions relating to stopping, standing, parking, lighting, and warning devices.

18. The collision and the resulting injuries and damages sustained by Plaintiff's Decedent were entirely preventable and were caused solely by the negligence, carelessness, and recklessness of Defendant Soufiane Izihi acting in the course of his employment with Defendant New Prime, Inc.

19. Defendant Soufiane Izihi knew or should have known that his conduct set forth above involved a high degree of probability that substantial harm would result in persons or vehicles on the road, such as Decedent Joscelynne Pannone.

20. The actions, conduct, and negligence of Defendant Soufiane Izihi set for above display a wanton and reckless indifference to the health, safety, rights, and interests of others, including Decedent Joscelynne Pannone;

21. The accident and injuries to Decedent Joscelynne Pannone are the direct result of the egregious behavior and outrageous conduct of Defendant Soufiane Izihi acting in the course of his employment with Defendant New Prime, Inc.

22. The conduct of Defendant Soufiane Izihi amounts to reckless indifference to the rights and safety of Decedent Joscelynne Pannone in that he deliberately parked the tractor-trailer in an area on the shoulder of the highway not permitted for parking, knowing the high degree of risk of physical harm to anyone operating a vehicle on Interstate 81 south in the vicinity of the crash.

23. As a direct result of the accident and negligence set forth above, Decedent Joscelynne Pannone was killed.

## COUNT II
## NEGLIGENT ENTRUSTMENT
## KELLY BERNAT, AS ADMINSTRATOR OF THE ESTATE OF
## JOSCELYNNE PANNONE, DECEASED v. NEW PRIME, INC.

24.    Paragraphs 1 through 23 of this Complaint are incorporated herein by reference.

25.    The negligent, careless, and/or reckless conduct of Defendant New Prime, Inc. consisted of the following:

a.    Negligently entrusting Soufiane Izihi with the tractor-trailer when it knew or should have known that Soufiane Izihi lacked sufficient skill, judgment, and/or prudence in the operation of a tractor-trailer;

b.    Failing to adequately instruct Soufiane Izihi in the safe operation of the tractor-trailer prior to entrusting him with the tractor-trailer of which Defendant New Prime, Inc. was the owner;

c.    Failing to prevent Soufiane Izihi from operating the tractor-trailer of which Defendant New Prime, Inc. was the owner until he had sufficient ability to operate the tractor-trailer safely;

d.    Failing to adequately ascertain that Soufiane Izihi lacked the ability necessary to safely operate the tractor-trailer of which Defendant New Prime, Inc. was the owner under the circumstances;

e. Failing to provide Soufiane Izihi with proper training in the operation of a tractor-trailer;

f. Failing to properly supervise Soufiane Izihi in the operation of a tractor-trailer;

26. The actions, conduct, and negligence of Defendant New Prime, Inc set forth above, display a wanton and reckless indifference to the health, safety, rights, and interests of Decedent, Joscelynne Pannone.

27. The accident and injuries to Decedent Joscelynne Pannone are the direct result of the egregious behavior and outrageous conduct of Defendant New Prime, Inc, as set forth herein.

28. The conduct of Defendant New Prime amounts to reckless indifference to the right and safety of Decedent Joscelynne Pannone in that it knowingly permitting its employee, who was not properly trained or supervised to operate the tractor trailer of which it is the owner.

29. As a direct result of the accident and negligence set forth above, Decedent was killed.

## CLAIM I
## WRONGFUL DEATH ACTION
## KELLY BERNAT, AS ADMINISTRATOR OF THE ESTATE OF JOSCELYNNE PANNONE DECEASED, v. SOUFIANE IZIHI and NEW PRIME, INC.

30.    Paragraphs 1 through 29 of the Complaint are incorporated herein by reference.

31.    Plaintiff Kelly Bernat brings this action for wrongful death on behalf of Plaintiff's Decedent under the Pennsylvania Wrongful Death Statute, 42 Pa.C.S.A. § 8301.

32.    Plaintiff Kelly Bernat and Decedent's father Erik Pannone are the only beneficiaries entitled by law to recover damages for wrongful death.

33.    As a direct result of the negligence of Defendants Soufiane Izihi and New Prime, Inc, Plaintiff Kelly Bernat, on behalf of Decedent's estate, claims damages for loss of future earning power and future wages, and claim is made, therefore.

34.    As a direct result of the negligence of Defendants Soufiane Izihi and New Prime, Inc., Plaintiff Kelly Bernat demands the payment of the funeral, burial, and administrative expenses incurred as a result of Plaintiff's Decedent's death.

35.    Plaintiff Kelly Bernat maintains that the losses suffered by the Plaintiff Decedent's estate are the direct result of the negligent behavior of Defendants Soufiane Izihi and New Prime, Inc.

WHEREFORE, Plaintiff Kelly Bernat, as Administrator of the Estate of Joscelynne Pannone, demands judgment on Defendants Soufiane Izihi and New Prime, Inc. in an amount in excess of $75,000.00 exclusive of interests and costs and an award of punitive damages.

**CLAIM II**
**SURVIVAL ACTION**
**KELLY BERNAT, AS ADMINISTRATOR OF THE ESTATE OF**
**JOSCELYNNE PANNONE DECEASED, v. SOUFIANE IZIHI and NEW**
**PRIME, INC.**

36.     Paragraphs 1 through 35 of the Complaint are incorporated herein by reference.

37.     Plaintiff Kelly Bernat, as Administrator of the Estate of Joscelynne Pannone brings this action under the Pennsylvania Survival Statute, 42 Pa.C.S.A. §8302, and pursuant to 20 Pa.C.S.A. § 3373.

38.     As a direct result of the negligence of Defendant Soufiane Izihi and New Prime, Inc, Plaintiff Kelly Bernat, as Administrator of the Estate of Joscelynne Pannone claims damages for pain and suffering by Plaintiff's Decedent, Joscelynne Pannone.

39.     As a direct result of the negligence of Defendant Soufiane Izihi and New Prime, Inc., Plaintiff Kelly Bernat, as Administrator of the Estate of Joscelynne Pannone on behalf of Decedent's Estate claims damages for loss of future earning power and future wages, and claim is made, therefore.

40.    Plaintiff Kelly Bernat maintains that the losses suffered by Plaintiff's Decedent's Estate are the direct result of the negligent behavior of Defendants Soufiane Izihi and New Prime, Inc.

WHEREFORE, Plaintiff Kelly Bernat, as Administrator of the Estate of Joscelynne Pannone demands judgment on Defendants Soufiane Izihi and New Prime, Inc. in an amount in excess of $75,000.00 exclusive of interests and costs and an award of punitive damages.

Respectfully submitted,

**SCHMIDT KRAMER PC**

By: _____

Scott B. Cooper
I.D. No. 70242
209 State Street
Harrisburg, Pa 17101
(717) 232-6300
(717) 232-6467 Fax
scooper@schmidtkramer.com
Attorneys for Plaintiff

Date: 7/22/26