**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN AND APRIL KIVLER, AS PARENTS
AND NATURAL GUARDIANS OF E.K., A
MINOR,

                Plaintiffs,

v.

WOLF LICENSEE, LLC, NEW AGE
MEDIA MANAGEMENT, LLC, FOX
CORPORATION, FOX BROADCASTING
COMPANY, LLC, SINCLAIR, INC.,
SINCLAIR BROADCAST GROUP, LLC,
and SINCLAIR TELEVISION GROUP,
INC.,

                Defendants.

Case No. _____

## NOTICE OF REMOVAL OF CIVIL ACTION

To:    The Judges of the United States District Court
for the Middle District of Pennsylvania

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendants Wolf Licensee, LLC, Sinclair Inc., Sinclair Broadcast Group, LLC, and Sinclair Television Group, Inc. ("the Sinclair Defendants"), by and through their undersigned counsel, hereby file this Notice of Removal of the civil action filed in the Court of Common Pleas of Luzerne County, Pennsylvania—docketed under the case caption *Kivler, et al. v. Wolf Licensee, LLC, et al.*, Case No. 202604350 to the United States District Court for the Middle District of Pennsylvania. In support of this Notice of Removal, the Sinclair Defendants state as follows:

## I.      THE STATE COURT ACTION

1. On April 9, 2026, Plaintiffs, John and April Kivler, as Parents and Natural Guardians of E.K., a minor, commenced an action by filing a Complaint in the Court of Common

1

Pleas of Luzerne County, Pennsylvania, captioned *Kivler, et al. v. Wolf Licensee, LLC, et al.*, Case No. 202604350.  In accordance with 28 U.S.C. § 1446(a), copies of all summons, process, pleadings, motions, and orders filed in the State Court Action are attached hereto as **Exhibit A**.

2.      Plaintiffs served Defendants FOX Corporation, FOX Broadcasting Company, LLC, Sinclair, Inc., Sinclair Broadcast Group, LLC, and Sinclair Television Group, Inc. with the Complaint via Certified Mail on April 20, 2026.  *See* **Exhibit A**.  Plaintiffs purported to serve Defendant Wolf Licensee, LLC with the Complaint via Sheriff Service on April 23, 2026.  *See id.* Plaintiffs served Defendant New Age Media Management, LLC ("New Age") with the Complaint via Certified Mail on May 6, 2026.  *See id.*

3.      In their Complaint, Plaintiffs allege: (I) Defamation; and (II) False Light.  *See* Compl. ¶ 35-48.

4.      In particular, Plaintiffs allege the Sinclair Defendants "created, published and spread an unfair and inaccurate interview" that defamed the Plaintiff E.K. and "placed [her] in a false light."  *See* Compl. ¶¶ 37, 39, 43.

5.      Plaintiffs seek damages in the form of compensatory damages, punitive damages, delay damages, attorneys' fees, and costs associated with this suit.  *See* Compl. ¶¶ 40, 48.

6.      The Sinclair Defendants, with the consent of Defendants FOX Corporation and FOX Broadcasting Company ("the Fox Defendants")[1] seek to exercise their rights under the provisions of 28 U.S.C. §1441 *et seq.*, to remove this case from the Court of Common Pleas of Luzerne County, Pennsylvania.  28 U.S.C. §1441(a) provides in pertinent part that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

---

[1] Copies of email correspondence dated July 23, 2026 from counsel for the Fox Defendants, consenting to the herein removal, are attached hereto as **Exhibit B.**

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

## II.    THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

7.    Plaintiffs served Defendants FOX Corporation, FOX Broadcasting Company, LLC, Sinclair, Inc., Sinclair Broadcast Group, LLC, and Sinclair Television Group, Inc. with the Complaint via Certified Mail on April 20, 2026.

8.    Plaintiffs purportedly served Defendant Wolf Licensee, LLC with the Complaint via Sheriff Service at 1181 Highway 315, Wilkes-Barre, PA 18702 on April 23, 2026.  *See* **Exhibit A**.

9.    Plaintiffs served Defendant New Age Media Management, LLC with the Complaint via Certified Mail on May 6, 2026.  *See id.*

10.    Removal is appropriate because, upon inquiry into the true citizenship of the parties, there is complete diversity among the parties.  Paragraph 3 of the Complaint wrongly suggests that Defendant Wolf Licensee, LLC is a Pennsylvania corporation, which, if true, would defeat diversity jurisdiction.  Compl. ¶ 3 ("Defendant Wolf Licensee, LLC is a corporation that operates WOLF-TV (Channel 56), a Fox-affiliated television station, at 1181 Highway 315, Wilkes-Barre, PA 18702.").  This is a misstatement.  Defendant Wolf Licensee, LLC is a Nevada limited liability company, whose sole managing member is Sinclair Communications LLC, a citizen of the State of Maryland.  *See* **Exhibit C** (establishing that Wolf Licensee is a Nevada LLC, Nevada Business ID No. NV20131569345, with an address of 701 S. Carson St., Suite 200, Carson City, Nevada 89701).  Defendant Wolf Licensee, LLC is therefore not a citizen of the Commonwealth of Pennsylvania for purposes of 28 U.S.C. § 1332 and there is complete diversity among the parties, as otherwise established upon the face of the Complaint.

3

11.     Defendant Wolf Licensee, LLC's removal is timely.  Under 28 U.S.C. § 1446(b)(1), "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

12.     The 30-day deadline for removal runs from service of the last-served Defendant. *See Delalla v. Hanover Ins.*, 660 F.3d 180, 189 (3d Cir. 2011) ("We conclude that the later-served rule represents a better reading of the language § 1446(b) and results in more equitable treatment to later-served defendants.").  Here, Defendant Wolf Licensee, LLC has never been properly served with the Complaint, because Plaintiff purported to serve Wolf Licensee, LLC in Pennsylvania, and not at its true address in Nevada.

13.     Moreover, the other Sinclair Defendants' removal is also timely.  "Whether removal is timely under § 1446(b) depends on 'whether [a] document [the defendant receives] informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present.'" *McLaren v. UPS Store Inc.*, 32 F.4th 232, 238 (3d Cir. 2022).  28 U.S.C. § 1446(b)(3) provides that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

14.     Here, the removal deadline under § 1446(b)(1) was not triggered because the Plaintiffs' Complaint was unclear as to the damages amount being sought and did not allege that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required for federal court diversity jurisdiction under 28 U.S.C. § 1332(a).

15.  In the Complaint, Plaintiffs' damages demand states, "WHEREFORE, Plaintiffs demand judgment against all Defendants, jointly, severally and/or individually, in an amount substantially in excess of the jurisdictional limit, compensatory damages, punitive damages, plus costs, delay damages, and such other relief as this Honorable Court deems just and appropriate under the circumstances." Compl. ¶¶ 40, 48.

16.  The jurisdictional limit in the Luzerne County Common Pleas, as referenced in Plaintiffs' damages demand, is $50,000. *See* Luzerne County Rule of Civil Procedure 1309(g) (setting forth a "jurisdictional limit of $50,000, exclusive of interest and costs").

17.  Where, as here, "the four corners of each complaint Defendants received did not provide facts from which they could ascertain federal subject matter jurisdiction, the (b)(1) clock never began to run." *McLaren*, 32 F.4th at 238.

18.  Following service of the Complaint, the Parties immediately became involved in settlement negotiations, tolling by agreement the obligation of all properly served Sinclair Defendants to respond to the Complaint. After two months of settlement negotiations, Plaintiffs' counsel sent the Sinclair Defendants' counsel correspondence on June 29, 2026 that set forth, for the first time, a clear and specific damages demand that far exceeds the diversity jurisdiction threshold amount. Under § 1446(b)(3), the June 29 correspondence is an "other paper from which it may first be ascertained that the case is one which is or has become removable." Thus, a thirty (30) day window for removal began to run upon receipt of the June 29 correspondence for all of the Sinclair Defendants except for Wolf Licensee, LLC, which has not been properly served.

19.  Therefore, removal of this action is timely in accordance with 28 U.S.C. § 1446(b)(3) for the other Sinclair Defendants, in addition to Wolf Licensee, LLC, because this Notice of Removal was filed within thirty (30) days of ascertainment that the case is removable.

20.     As stated in Paragraph 6 above, the Sinclair Defendants have the consent of the Fox Defendants to remove this case from the Court of Common Pleas of Luzerne County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.

21.     The consent of Defendant New Age is not required.  While "removal generally requires unanimity among the defendants," the rule "may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined." *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213, 213 n.4 (3d Cir. 1995).  Both scenarios apply to New Age.

22.     Courts in the Third Circuit have held that "a nominal party is one who is neither necessary nor indispensable to join in the action." *Shea v. Nationwide Prop. & Cas. Ins. Co.*, 2023 WL 3412248, at *3 (M.D. Pa. Mar. 1, 2023), *report and recommendation adopted*, 2023 WL 2810836 (M.D. Pa. Apr. 6, 2023) (internal quotation marks omitted).  Further, a nominal party "lacks a real interest in the litigation." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013).  Contrary to Plaintiffs' averments, New Age does not operate WOLF-TV and did not operate WOLF-TV during the events underlying the present dispute.  Defendant Wolf Licensee, LLC, whose sole member is Sinclair Communications LLC, a wholly owned subsidiary of Sinclair, Inc., has owned the license to WOLF-TV since August 1, 2025.  *See* **Exhibit D** (showing WOLF Licensee, LLC applied for assignment of WOLF-TV's license, and the Federal Communications Commission granted the application on August 1, 2025).  Thus, New Age has no ties to WOLF-TV nor to this litigation and is a "nominal party" whose consent is not required for removal.

23.     Further, New Age was fraudulently joined.  In the Third Circuit, "joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against

the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). As previously stated, New Age has no affiliation with WOLF-TV and was not affiliated with WOLF-TV during the timeframe of the alleged conduct underlying the dispute.[2] *See* **Exhibit D**. There is "no reasonable basis in fact or colorable ground supporting the claim against" New Age, and therefore New Age's consent to removal is not required. *See In re Briscoe*, 448 F.3d at 216.

24.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed in the State Court Action are attached as **Exhibit A** hereto.

25.    This Court embraces the locality in which the State Court Action is now pending, making this Court a proper forum pursuant to 28 U.S.C. § 1441(a).

26.    No previous application has been made for the relief requested herein.

27.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs and the Fox Defendants, as well as with the Court of Common Pleas of Luzerne County, Pennsylvania.

### III.    THIS COURT HAS DIVERSITY JURISDICTION

28.    The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiffs and all Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. Accordingly, this action is removable under 28 U.S.C. § 1441(a), as set forth below.

---

[2] It appears that Plaintiffs intended to join New Age Media of Pennsylvania, LLC, a Pennsylvania limited liability company that was WOLF-TV's license holder until August 1, 2025. *See* **Exhibit D**. However, even if Plaintiffs had named the proper entity, it would still be a fraudulent joinder, as New Age Media of Pennsylvania, LLC had no affiliation with WOLF-TV during the timeframe of the alleged conduct in the Complaint and as such, there "is no reasonable basis in fact or colorable ground supporting the claim against" New Age Media of Pennsylvania, either. *See In re Briscoe*, 448 F.3d at 216.

29.     Upon information and belief, at the time Plaintiffs commenced this action and at all times since, Plaintiffs, John and April Kivler were citizens of the Commonwealth of Pennsylvania, residing in Nanticoke, Luzerne County, Pennsylvania. *See* Compl. ¶ 1.

30.     As set forth above, Defendant Wolf Licensee, LLC is not a Pennsylvania corporation as stated in the Complaint.  Compl. ¶ 3.  Defendant Wolf Licensee, LLC is a Nevada limited liability company with the address of 701 S. Carson St., Suite 200, Carson City, Nevada 89701, and its sole managing member is a citizen of the State of Maryland.  Defendant Wolf Licensee, LLC is therefore not a citizen of the Commonwealth of Pennsylvania for purposes of 28 U.S.C. § 1332.  As further set forth above, Defendant Wolf Licensee, LLC has never been properly served.

31.     Defendant New Age Media Management, LLC is a Delaware limited liability company.  Upon information and belief, Defendant New Age Media Management, LLC, is not a citizen of the Commonwealth of Pennsylvania for purposes of 28 U.S.C. § 1332.[3]

32.     Defendant FOX Corporation is a Delaware corporation with a principal place of business in New York.  Defendant FOX Corporation is therefore not a citizen of the Commonwealth of Pennsylvania for purposes of 28 U.S.C. § 1332.

33.     Defendant FOX Broadcasting Company, LLC is a Delaware limited liability company, whose sole managing member is a citizen of the States of Delaware and New York. Defendant FOX Broadcasting Company LLC is therefore not a citizen of the Commonwealth of Pennsylvania for purposes of 28 U.S.C. § 1332.

---

[3] Regardless of citizenship, New Age's citizenship should be disregarded for the diversity jurisdiction analysis, as a "nominal" and "fraudulently joined" party. *See Balazik*, 44 F.3d at 213 n.4.

34.      Defendant Sinclair, Inc. is a Maryland corporation with a principal place of business in Maryland.  Defendant Sinclair, Inc. is therefore not a citizen of the Commonwealth of Pennsylvania for purposes of 28 U.S.C. § 1332.

35.      Defendant Sinclair Broadcast Group, LLC is a Maryland limited liability company, whose sole managing member is a citizen of the State of Maryland.  Defendant Sinclair Broadcast Group, LLC, is therefore not a citizen of the Commonwealth of Pennsylvania for purposes of 28 U.S.C. § 1332.

36.      Defendant Sinclair Television Group, Inc. is a Maryland corporation with a principal place of business in Maryland.  Defendant Sinclair Television Group, Inc. is therefore not a citizen of the Commonwealth of Pennsylvania for purposes of 28 U.S.C. § 1332.

37.      The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

38.      As demonstrated by their June 29 correspondence, Plaintiffs seek damages well over $75,000.  Accordingly, the amount in controversy for diversity jurisdiction is satisfied in this case because it is clear from the settlement demand that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)

39.      Thus, this Court has federal diversity jurisdiction under 28 U.S.C. § 1332, and removal is proper.

## V.      REMOVAL TO THIS DISTRICT IS PROPER

40.      Pursuant to 28 U.S.C. §§ 1441 *et seq.*, the right exists to remove this case from the Court of Common Pleas of Luzerne County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania, which embraces the place where the action is pending.

## VI.     MISCELLANEOUS

41.     Written notice of the filing of this Notice of Removal will be promptly served on counsel for all adverse parties as required by law.

42.     Concurrently with this Notice of Removal, the Sinclair Defendants will promptly file notice with the Clerk of the Court of Common Pleas of Luzerne County, Pennsylvania, as required by law, and serve said notice on Plaintiffs.  A copy of the written notice to the Court of Common Pleas of Luzerne County, Pennsylvania is attached hereto as **Exhibit E.**

43.     Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, the corporate disclosure statement of the Sinclair Defendants is filed concurrently herewith.

44.     The Sinclair Defendants reserve the right to amend or supplement this Notice of Removal and reserve all defenses.

45.     If any question arises as to the propriety of the removal of this action, the Sinclair Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, the Sinclair Defendants, Wolf Licensee, LLC, New Age Media Management, LLC, Sinclair Inc., Sinclair Broadcast Group, LLC, and Sinclair Television Group, Inc., hereby remove the action now pending against them in the Court of Common Pleas of Luzerne County, Pennsylvania, and requests that this Court assume and retain full jurisdiction over this action for all further proceedings.

Respectfully submitted,

**BALLARD SPAHR LLP**

By:___*/s/ Kaitlin M. Gurney*_____
        Kaitlin M. Gurney [No. 309581]
        1735 Market Street, 51st Floor
        Philadelphia, PA 19103

10

T:  (215) 665-8500
F:  (215) 864-8999
gurneyk@ballardspahr.com

*Attorneys for the Sinclair Defendants, Wolf Licensee, LLC, Sinclair Inc., Sinclair Broadcast Group, LLC, and Sinclair Television Group, Inc.*

Date: July 28, 2026

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 28, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.  I also certify that on July 28, 2026, I served the foregoing in the manner noted upon:

<u>BY US MAIL AND EMAIL</u>
Lane R. Jubb, Jr., Esq.
Rachel S. Phillips, Esq.
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107-4997
lane.jubb@beasleyfirm.law
rachel.phillips@beasleyfirm.law
*Counsel for Plaintiffs*

<u>BY US MAIL</u>
New Age Media Management, LLC
251 Little Falls Drive
Wilmington, DE 19808
*Defendant*

<u>BY US MAIL</u>
Fox Corporation
1211 Avenue of the Americas
New York, NY 10036
*Defendant*

<u>BY US MAIL</u>
Fox Broadcasting Company, LLC
1211 Avenue of the Americas
New York, NY 10036
*Defendant*

*s/ Kaitlin M. Gurney*
KAITLIN M. GURNEY
