# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA ROMERO,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTEL, INC.,<br><br>        Defendant. | Case No.:<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>*Electronically Filed* |

## COMPLAINT

Plaintiff, PAMELA ROMERO, by and through her attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, MATTEL, INC., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.      This Complaint alleges unlawful discrimination based upon race and national origin within the workplace, in violation of the laws and statutes of the United States of America, specifically, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq*.; Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981); as well as pendent state law claims arising under the provisions of the laws of the

Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act ("PHRA"), as amended, 43 P.S. §951, *et seq.*

2.    Jurisdiction over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

3.    The PHRA provides for a private right of action, and this Honorable Court has jurisdiction over these pendent state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

5.    Plaintiff, Pamela Romero ("Plaintiff"), is an adult, female individual, who is Latino, residing in Lehigh County, Pennsylvania.

6.    Defendant, Mattel Inc. ("Defendant"), is a Delaware corporation with a business address of 333 Continental Boulevard, El Segundo, California.

7.    At all times relevant and material hereto, Defendant operated a business location at 575 Old Forge Road, Jonestown, Pennsylvania, and employed in excess of twenty (20) people.

8.    At all times relevant and material hereto, Defendant was an employer pursuant to Title VII.

2

**ADMINISTRATIVE PROCEEDINGS**

9.    On or about February 7, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2025-04817, alleging discrimination in the workplace on the basis of her race and national origin.

10.    Plaintiff has been advised of her right to sue in federal court, which notice was received on or about June 22, 2026.

11.    All necessary and appropriate administrative prerequisites to this action have occurred.

**STATEMENT OF FACTS**

12.    Plaintiff is Latino.

13.    In or around May of 2024, Plaintiff began working for Defendant as a Transportation Coordinator through a temp agency.

14.    In or around November of 2024, Plaintiff was hired as a full-time employee by Defendant.

15.    Plaintiff was a hard-working, dedicated employee.

16.    However, throughout her tenure of employment with Defendant, Plaintiff was regularly subjected to pervasive and oppressive harassment and discrimination on the basis of her race and national origin, perpetrated by her co-worker, Senior Transportation Coordinator, Vannessa Wilhelm ("Ms. Wilhelm").

17.    Ms. Wilhelm would frequently express her disdain for Latinos, making disparaging statements, such as "they're all illegal," and even going so far as to accuse Plaintiff of having a "green card marriage."

18.    Ms. Wilhelm further targeted and harassed Plaintiff through discrediting her work, excluding her from trainings, and even deleting her from the lunch schedule.

19.    Ms. Wilhelm's behavior made Plaintiff feel unsafe and uncomfortable in the workplace.

20.    Then, in early January of 2025, after this discriminatory behavior continued, Plaintiff reported Ms. Wilhelm's behavior to Defendant's human resources department.

21.    Despite human resources opening an investigation into Plaintiff's complaint, no corrective action was taken, so Plaintiff was forced to continue to work alongside Ms. Wilhelm and remained victim to her harassment.

22.    On or around January 27, 2025, Plaintiff's and Ms. Wilhelm's joint supervisor announced that she would be leaving for vacation and instructed Plaintiff to report to Ms. Wilhelm in her absence.

23.    Plaintiff immediately complained to the supervisor, as she explained how inappropriate and uncomfortable it would be for her to report to Ms. Wilhelm with the ongoing investigation into Ms. Wilhem's discriminatory behavior, but her

4

supervisor dismissed her concerns and told Plaintiff that she had to follow the chain of command.

24.    Plaintiff then contacted human resources, who ultimately refused to provide refuge to Plaintiff. Instead, human resources informed her that there was an open investigation into her prior complaint about Ms. Wilhelm, but that nothing would be done to resolve this current situation, so Plaintiff was forced to report directly to her harasser.

25.    Unable to continue working in this hostile environment, and since Defendant had made it clear it would do nothing to protect her from Ms. Wilhelm's onslaught of discrimination, Plaintiff resigned from her employment on or around January 28, 2025, rather than subordinate herself to a co-worker who had openly expressed racial animus against Plaintiff and Latinos, generally.

26.    Accordingly, Defendant's failure to protect Plaintiff from the discriminatory and hostile work environment forced Plaintiff to resign her employment, which constituted violations of Title VII, Section 1981, and the PHRA.

## COUNT I

## VIOLATIONS OF TITLE VII
### *National Origin Discrimination/Hostile Work Environment*

27.   All prior paragraphs are incorporated herein as if set forth fully below.

28.   Defendant created, permitted, tolerated, encouraged, and fostered an environment in which Plaintiff, a Latino, was regularly subjected to hostility and discrimination on the basis of her national origin, as the environment was ongoing and pervasive throughout her tenure of employment.

29.   As a consequence of this hostility and discrimination, supported and encouraged by Defendant's actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental distress, injury, and damage.

30.   As a direct and proximate result of the discriminatory treatment on the basis of national origin, Plaintiff has suffered, and continues to suffer emotional distress, a loss of self-respect and confidence, economic loss, and has been subjected to great damage to her career and professional standing.

31.   The actions of Defendant set forth above constitute violations of Title VII.

**WHEREFORE**, Plaintiff, Pamela Romero, seeks damages against Defendant, Mattel, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### VIOLATION OF TITLE VII
*National Origin Discrimination/Constructive Discharge*

32. All prior paragraphs are incorporated herein as if set forth fully below.

33. Plaintiff, a Latino, was regularly subjected to intolerable hostility and discrimination because of her national origin, as the environment was ongoing and pervasive throughout Plaintiff's tenure of employment.

34. On multiple occasions, Plaintiff reported to human resources and to her supervisor the discrimination she was being regularly subjected to by her co-worker, Ms. Wilhelm, and no corrective action was taken.

35. Beyond failing to take any correct action to protect Plaintiff from this discrimination, Defendant ordered Plaintiff to work under and report to Ms. Wilhelm, despite Plaintiff's repeated pleas that she not be forced to report directly to her harasser.

36. Facing no alternative, Plaintiff did what any reasonable employee would have done in her position and resigned.

37. As a direct and proximate result of this constructive discharge, Plaintiff has suffered, and continues to suffer, economic loss, emotional distress,

and a loss of self-respect and confidence, and her standing in the community has been damaged.

38.     The actions of Defendant set forth above constitute violations of Title VII.

**WHEREFORE**, Plaintiff, Pamela Romero, seeks damages against Defendant, Mattel, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

**COUNT III**

**VIOLATION OF 42 U.S.C. §1981**
*Race Discrimination/Hostile Work Environment*

39.     All prior paragraphs are incorporated herein as if set forth fully below.

40.     At all times relevant hereto, Plaintiff maintained or sought to maintain a contractual relationship with Defendant (i.e., an employment relationship).

41.     At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against Plaintiff on the basis of her race and thereby deny her the benefits of the contractual relationship she had entered into with Defendant.

42.     As a consequence of Defendant's discriminatory actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her

8

job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

43.    As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered, and continues to suffer, economic loss, emotional distress, and a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing.

44.    The actions of Defendant set forth above constitute violations of Section 1981.

**WHEREFORE**, Plaintiff, Pamela Romero, seeks damages against Defendant, Mattel, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### COUNT IV

**VIOLATION OF 42 U.S.C. §1981**
*Race Discrimination/Constructive Discharge*

45.    All prior paragraphs are incorporated herein as if set forth fully below.

46.    At all times relevant hereto, Plaintiff sought to engage in a contractual relationship with Defendant.

47.    At all times relevant hereto, Plaintiff was regularly subjected to intolerable hostility and discrimination because of her race, as the environment was ongoing and pervasive throughout Plaintiff's tenure of employment.

9

48.     On multiple occasions, Plaintiff reported to human resources and to her supervisor the ongoing and pervasive discrimination she was being subjected to by her co-worker, Ms. Wilhelm, and no corrective action was taken.

49.     Beyond failing to take any correct action, Defendant ordered Plaintiff to work under and report to Ms. Wilhelm, despite Plaintiff's repeated pleas that she not be forced to report directly to her harasser.

50.     Facing no alternative, Plaintiff did what any reasonable employee would have done in her position and resigned.

51.     As a direct and proximate result of this constructive discharge, Plaintiff has suffered, and continues to suffer, economic loss, emotional distress, and a loss of self-respect and confidence, and her standing in the community has been damaged.

52.     The actions of Defendant set forth above constitute violations of Plaintiff's federal civil rights under Section 1981.

**WHEREFORE**, Plaintiff, Pamela Romero, seeks damages against Defendant, Mattel, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT V

## VIOLATIONS OF THE PHRA
### *National Origin Discrimination/Hostile Work Environment*

53.    All prior paragraphs are incorporated herein as if set forth fully below.

54.    This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the cause of action complained of in this Count V arises out of the same facts, events, and circumstances as Counts I - IV, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

55.    Defendant created, permitted, tolerated, encouraged, and fostered an environment in which Plaintiff, a Latino, was subjected to hostile and discriminatory treatment on the basis of her national origin, which environment was ongoing and pervasive throughout Plaintiff's tenure of employment.

56.    As a consequence of the hostile and discriminatory treatment, supported and encouraged by Defendant's actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental distress, injury, and damage.

11

57. As more fully set forth in Counts I and III, Plaintiff has suffered directly and solely as a result of Defendant's actions, great pecuniary loss, damage, and harm, and will continue to suffer the same for the indefinite future.

58. These actions and inactions by Defendant violated Plaintiff's state rights under the PHRA.

**WHEREFORE**, Plaintiff, Pamela Romero, seeks damages against Defendant, Mattel, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## <u>COUNT VI</u>

**VIOLATIONS OF THE PHRA**
*National Origin and Race Discrimination/Constructive Discharge*

59. All prior paragraphs are incorporated herein as if set forth fully below.

60. This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the cause of action complained of in this Count VI arises out of the same facts, events, and circumstances as Counts I - IV, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

61. At all times relevant hereto, Plaintiff was regularly subjected to intolerable hostility and discrimination by her co-worker on the basis of her race and national origin, which environment was ongoing and pervasive throughout Plaintiff's tenure of employment.

62.     On multiple occasions, Plaintiff reported to human resources and to her supervisor the ongoing and pervasive discrimination she was being subjected to by her co-worker, Ms. Wilhelm, and no corrective action was taken.

63.     Beyond failing to take any correct action, Defendant ordered Plaintiff to work under and report to Ms. Wilhelm, despite Plaintiff's repeated pleas to both that she not be forced to report directly to her harasser.

64.     Facing no other choice, Plaintiff did what any reasonable employee would have done in her position and resigned her employment.

65.     As a direct and proximate result of this retaliation, and as more fully set forth in Counts II and IV, Plaintiff has suffered, and continues to suffer, great pecuniary loss, a loss of self-respect and confidence, damage, and harm, and will continue to suffer the same for the indefinite future.

66.     These actions and inactions by Defendant violated Plaintiff's state rights under the PHRA.

**WHEREFORE**, Plaintiff, Pamela Romero, seeks damages against Defendant, Mattel Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

13

## **AD DAMNUM CLAUSE/PRAYER FOR RELIEF**

a.  Defendant is to be permanently enjoined from discriminating against Plaintiff on the basis of her race, national origin, and/or any basis prohibited under applicable federal and state law;

b.  Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their race or national origin and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.   Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

d.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e.  Plaintiff is to be awarded punitive damages as provided for under Section 1981 and Title VII;

f.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

i.      Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage - or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

j.      The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

# DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

Weisberg Cummings, P.C.

August 11, 2026

Date

/s/*Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

/s/*Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

/s/*Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

/s/*Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*

16