**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------

| | | |
|---|---|---|
| AUSTIN SCHRADER | : | |
| 120 Kohler Mill Rd | : | |
| New Oxford, PA 17350 | : | CIVIL ACTION NO.: _____ |
| | : | |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| M3T CORPORATION | : | |
| 2250 Bumble Bee Hollow Road | : | |
| Mechanicsburg, PA 17055 | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Austin Schrader ("Plaintiff"), by and through his undersigned

attorney, for his Complaint against Defendant M3T Corporation ("Defendant"),

alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this Complaint contending that Defendant violated his

rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et*

*seq.* and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, by

discriminating against him because of his disability, past record of disability,

and/or because it regarded him as disabled, failing to reasonably accommodate

him, and ultimately terminating his employment because of his disability and in

retaliation for his internal complaints of disability discrimination and requests for an accommodation in connection with his disability.

2.     Additionally, Plaintiff contends that Defendant improperly failed to pay him overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq.*

## PARTIES

3.     Plaintiff Austin Schrader is a citizen of the United States and Pennsylvania, and currently maintains a residence at 120 Kohler Mill Road, New Oxford, PA 17350.

4.     Upon information and belief, Defendant M3T Corporation, is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business at 2250 Bumble Bee Hollow Road, Mechanicsburg, PA 17055.

5.     Defendant is an "employer" covered by the FLSA.

6.     Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

7.     Plaintiff was an employee engaged in commerce and employed by Defendant during all times relevant hereto and, as such, was an employee entitled to the FLSA's protections.  See 29 U.S.C. 203(e).

8.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

9.     Paragraphs 1 through 8 are hereby incorporated by reference as though the same were fully set forth at length herein.

10.     General personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as a consequence of its registration to do business in Pennsylvania.  See 42 Pa. Cons. Stat. § 5301(a)(2)(i) ("qualification as a foreign corporation" permits Pennsylvania courts to "exercise general personal jurisdiction" over such entities); Mallory v. Norfolk S. Ry., 600 U.S. 122, 143 S. Ct. 2028, 2038-45 (2023).

11.     On or about June 9, 2025, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission (the "PHRC"), thereby satisfying the requirements of 42 U.S.C. §§

12117(a); 2000e-5(b) and (e). Plaintiff's Charge was docketed as EEOC Charge No. 530-2025-06859. Plaintiff's Charge was filed within one hundred and eighty (180) days of the unlawful employment practices described herein.

12. By correspondence dated August 4, 2026, Plaintiff received a Notice of Rights to Sue Issued on Request from the EEOC regarding his Charge of Discrimination, advising him that he had ninety (90) days to file suit against Defendant.

13. Plaintiff filed the instant matter within the aforementioned ninety (90) day time period.

14. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

16. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. 1331.

17. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal claims.

18.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant conducted business operations within this district during the time period applicable to this matter, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FACTUAL ALLEGATIONS PERTAINING TO ALL CLAIMS

19.    Paragraphs 1 through 18 are hereby incorporated by reference as though the same were fully set forth at length herein.

20.    Plaintiff began his employment with Defendant on or around January 23, 2023, in the position of Customer Solutions Project Coordinator.

21.    Throughout the course of his employment, Plaintiff performed his job well, receiving positive feedback concerning his performance.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S CLAIMS UNDER THE ADA AND PHRA

22.    Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23.    Plaintiff has autism spectrum disorder ("ASD"), a disability under the ADA/PHRA, which primarily limits him in the major life activities of interacting with others and concentration.

24.    Plaintiff's disability-related limitations can be especially challenging in open-style office environments such as Defendant's due to the level of distraction they involve.

5

25.     Accordingly, on or around October 25, 2024, Plaintiff contacted Defendant's HR/Administrative Coordinator, Anne Tedtaotao ("Ms. Tedtaotao"), to request certain accommodations designed to help him remain focused and excel at his job.

26.     Plaintiff's requested accommodations included detailed directions in writing to better understand required outcomes, remote work on a regular basis, time to walk away from internal meetings to regulate emotions, and ability to use of headphones or music to create quiet work environment.

27.     Defendant's Chief Operating Officer, Tamara Metcalf ("Ms. Metcalf"), and Senior Customer Solutions Project Manager, Jason Elder ("Mr. Elder"), were both notified and were aware of Plaintiff's need for the requested accommodations.

28.     Ms. Tedtaotao denied Plaintiff's request for remote work on a regular basis, despite the fact that Defendant has a remote work policy in its employee handbook and that his role was capable of being performed remotely, with time in the office as needed.

29.     Nevertheless, Defendant failed to identify how regular remote work would cause Defendant an undue hardship.

30.     After requesting these accommodations and questioning Defendant's failure to provide them, Plaintiff experienced retaliation in the form of differential

treatment from management, namely from John Maffey, Defendant's President and CEO, who was openly disrespectful to Plaintiff in front of his coworkers, stating, *inter alia,* that Plaintiff was "not a focused member of the service team."

31.    In addition, Plaintiff was also excluded from service team assignments.

32.    On November 21, 2024, Plaintiff complained to Ms. Tedtaotao that he felt he was being retaliated against for requesting disability accommodations and pushed back on Defendant's refusal to allow him regular remote work, pointing out that Ms. Metcalf had told him that working at the office was more Defendant's "preference" than something actually needed for his core job duties.

33.    Ms. Tedtaotao responded to Plaintiff's complaint of discrimination and retaliation on November 25, 2024, by, among other things, saying, "I also acknowledge your concerns regarding how you feel you have been treated by management. Please know we take these matters seriously, and I have discussed these concerns."

34.    Upon information and belief, Ms. Metcalf was informed about Plaintiff's November 21, 2024 complaint on or before November 24, 2024.

35.    On December 13, 2024, not long after his complaints of retaliation, and while Plaintiff was still attempting to engage in the interactive process with

7

Defendant regarding accommodations for his ASD, Defendant abruptly terminated Plaintiff's employment for pretextual reasons.

36. Upon information and belief, Defendant replaced Plaintiff with a non-disabled individual.

37. Plaintiff contends Defendant discriminated against him and terminated him because of his actual and/or perceived disability, his past record of impairment, and/or in retaliation for complaints of discrimination and retaliation and request(s) for a reasonable accommodation in violation of the ADA and PHRA.

38. Additionally, Plaintiff contends Defendant unlawfully failed to engage in the interactive process and failed to accommodate him in violation of the ADA and PHRA.

39. As a direct result of Defendant's willful and discriminatory actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of health and retirement benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his professional reputation.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S FLSA AND PMWA CLAIMS

40.     Paragraphs 1 through 39 are hereby incorporated by reference as though the same were fully set forth at length herein.

41.     As Customer Solutions Project Coordinator, Plaintiff's primary duties involved routine customer service work, including answering incoming service calls, creating work orders, and scheduling service appointments.

42.     In so doing, Plaintiff utilized Defendant's Q360 program, which set the parameters for said work orders.

43.     Throughout the course of his employment with Defendant, Plaintiff typically worked an average of approximately forty-five (45) hours per week.

44.     Plaintiff was paid the same weekly salary for work performed each workweek, irrespective of his actual hours worked.

45.     Despite the fact that Plaintiff worked in excess of forty (40) hours per week, Plaintiff did not receive any overtime compensation for work performed in excess of forty (40) hours per week.

46.     For example, during the workweek of August 19, 2024 to August 25, 2024, Plaintiff worked approximately forty-eight (48) hours, but did not receive any overtime compensation for the approximately eight (8) hours of overtime he worked that week.

47.    Defendant unlawfully classified Plaintiff as "exempt" from overtime under the FLSA and PMWA, therefore determining that Plaintiff was not entitled to overtime compensation.

48.    Plaintiff did not customarily direct the work of two or more full-time employees of Defendant, nor have the authority to hire or fire other employees, nor did he make suggestions with respect to employee status changes to which Defendant gave significant weight.

49.    Thus, Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA or PMWA.

50.    In carrying out his job duties for Defendant – which primarily involved facilitating communications and sales – Plaintiff did not exercise independent judgment or have discretion to act without supervision with respect to matters of significance to Defendant's business.  Rather, Plaintiff was required to follow certain specific procedures and guidelines set forth by Defendant.

51.    Plaintiff did not have the authority to formulate, implement, or otherwise deviate from Defendant's pre-established policies or operating practices, but instead performed his job duties subject to specific instructions and/or guidelines provided by Defendant.

52. As such, Plaintiff's primary job duties did not include the performance of work requiring advance knowledge and the consistent exercise of discretion and judgment.

53. Moreover, Plaintiff did not have the authority to commit Defendant in matters having significant financial impact, nor did he have the authority to negotiate or otherwise bind Defendant with respect to matters of significance

54. Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA or PMWA.

55. Finally, there are no other exemptions under the FLSA or PMWA which could arguably be applicable to Plaintiff.

56. Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant.

57. Defendant failed to pay Plaintiff at a rate of 1.5 times his regular rate of pay for each hour he worked in excess of forty (40) in a workweek.

58. Defendant was aware that Plaintiff was regularly working in excess of forty (40) hours per week.

59. Defendant failed to accurately track and maintain records of Plaintiff's hours worked in violation of the FLSA and PMWA.

60.     As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION AND RETALIATION

61.     Paragraphs 1 through 60 are hereby incorporated by reference as though the same were fully set forth at length herein.

62.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

63.     At all times relevant hereto, Defendant had at least fifteen (15) employees.

64.     Plaintiff is a qualified individual with a disability within the meaning of the ADA.

65.     Plaintiff's disabilities substantially limit/limited Plaintiff in one or more major life activities as described above.

66.     Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

67.     By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff on account of his disabilities, for his past record of impairment, because it regarded him as being disabled, and/or in retaliation for plaintiff's request(s) for a

12

reasonable accommodation in connection thereto and his complaints of discrimination and retaliation.

68.    Defendant also failed to engage in the interactive process with Plaintiff despite Plaintiff's requests for a reasonable accommodation.

69.    As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial;

B.    Compensatory damages for emotional distress and humiliation in an amount to be determined at trial;

C.    Punitive damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

D.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

E.     Pre-judgment interest in an appropriate amount;

F.     Such other and further relief as is just and equitable under the circumstances; and

G.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II**
**THE PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, *ET SEQ.***
**<u>DISABILITY DISCRIMINATION AND RETALIATION</u>**

70.     Paragraphs 1 through 69 are hereby incorporated by reference, as though the same were fully set forth at length herein.

71.     At all times relevant hereto, Defendant has employed four (4) or more employees within the Commonwealth of Pennsylvania.

72.     Defendant is a covered employer for purposes of the PHRA.

73.     Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

74.     As described above, Plaintiff's disabilities substantially limit/limited Plaintiff in one or more major life activities.

75. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

76. It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his actual and/or perceived disabilities, for his past record of impairment, and/or because it regarded him as being disabled.

77. Defendant retaliated against Plaintiff for his request(s) to be reasonably accommodated and his complaints of discrimination and retaliation.

78. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

79. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial;

B.    Compensatory damages in an amount to be determined at trial;

C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances;

F.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT III
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

80.    Paragraphs 1 through 79 are hereby incorporated by reference as though the same were fully set forth at length herein.

81.    Pursuant to Section 207(a)(1) of the FLSA, non-exempt employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

82.    According to the policies and practices of Defendant, Plaintiff was required to work in excess of forty (40) hours per week.

83.     Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA.

84.     In fact, Plaintiff was only paid the same weekly salary, regardless of the number of hours actually worked.

85.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

86.     Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

87.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff for compensable hours worked over forty (40) hours in a workweek;

B.     Awarding Plaintiff unpaid overtime compensation in an amount consistent with the FLSA;

17

C.      Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E.      Awarding pre- and post-judgment interest and court costs as further allowed by law; and

F.      Such other and further relief as is just and equitable under the circumstances.

**COUNT IV**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

88.     Paragraphs 1 through 87 are hereby incorporated by reference as though the same were fully set forth at length herein.

89.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

90.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

91.    By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

92.    As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A.    An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.    An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C.    An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted


**MURPHY LAW GROUP, LLC**

By:    /s/ Michael Groh
Michael Groh, Esquire
PA Attorney ID No.: 319296
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
mgroh@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated:   August 12, 2026

20

## **<u>DEMAND TO PRESERVE EVIDENCE</u>**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.