IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

<table>
<tr>
<td>
TRAVIS FUNT, Individually and as parent and natural guardian of M.F., a minor,<br><br>
and<br><br>
ADAM FUNT,<br><br>
Plaintiffs,<br>
v.<br><br>
WESTERN MARYLAND CONCRETE, INC.,<br><br>
and<br><br>
JOSE REYES LOPEZ,<br><br>
Defendants.
</td>
<td>
Civil Action No.:<br><br>
<u>COMPLAINT</u><br><br>
<u>JURY TRIAL DEMAND</u>
</td>
</tr>
</table>

Travis Funt, Individually and as the parent and natural guardian of M.F., a minor, and Adam Funt, by and through their attorneys Kaplan Law and The Poole Law Group, hereby file the following Civil Action Complaint.

## **PARTIES**

1. Plaintiffs Travis Funt, Adam Funt, and M.F., minor, are all domiciled in and citizens of the Commonwealth of Pennsylvania, residing in Adams County.

2. Defendant Western Maryland Concrete, Inc. is a foreign business entity organized and existing under the laws of the State of Maryland with its principle place of business registered as 13418 John Kline Road, Smithsburg, MD, 21783 and may be served through registered agent Robet Butler at John Kline Road, Smithsburg, Maryland, 21783 pursuant to 49 C.F.R. §366.

3. Defendant Jose Reyes Lopez resides at 176 Key Parkway, Frederick, Maryland, 21702. Defendant is domiciled in and a resident of the State of Maryland.

**JURISDICTION AND VENUE**

4. Plaintiffs' claims are brought under 28 U.S.C. § 1332(a)(1), based upon diversity of citizenship.

5. Because Plaintiffs are citizens of Pennsylvania and no Defendant is a citizen of Pennsylvania, and because the amount in controversy (exclusive of costs and interest) exceeds $75,000, diversity jurisdiction exists in this Honorable Court.

6. Once served, the Defendants are subject to the personal jurisdiction of this Court pursuant to 42 Pa.C.S.A. § 5322 because, *inter alia,*

Defendant Jose Reyes Lopez caused tortious injury in Pennsylvania and Defendant Western Maryland Concrete, Inc. committed a tort in Pennsylvania and regularly transports goods on Pennsylvania's highways.

7. Venue is appropriate in this Court as this action arises from a motor vehicle accident occurring in Littlestown Borough, Adams County, Pennsylvania, which is located in this judicial district.

## BACKGROUND FACTS

8. On February 4, 2026, at or around 8:00 AM, Rebecca Funt, deceased wife of Plaintiff Travis Funt and mother of Plaintiffs Adam Funt and minor M.F., was lawfully traveling as a pedestrian at the intersection of North Queen Street and East King Street, Littlestown Borough, Adams County, Pennsylvania.

9. Rebecca Funt lawfully entered the crosswalk at the intersection of North Queen Street and East King Street, Littlestown Borough, Adams County, Pennsylvania while the WALK sign was illuminated.

10. When approximately halfway through the crosswalk, Rebecca Funk was struck by a truck driven by Defendant Jose Reyes Lopez.

11. Driver Defendant Jose Reyes Lopez did not attempt to avoid collision with Rebecca Funt, or to otherwise mitigate damages, causing the vehicle to push Mrs. Funt forward and downward such that the wheels of the

truck then ran over Mrs. Funt, causing severe and significant catastrophic injury.

12. Despite immediate and advanced life saving measures taken by emergency medical services, Rebecca Funt succumbed to her injuries at approximately 10 AM on this same day, February 4, 2026.

13. Following a review of the incident, police responders charged Defendant Reyes Lopez with violations of 75 Pa.C.S.A. § 3714 (b), careless driving in conjunction with an unintentional death, 75 Pa.C.S.A. § 3542 (a), failure to yield right-of-way to a pedestrian, and 18 Pa.C.S.A. § 2705, reckless endangerment of another person.

14. At all times relevant, Rebecca Funt had the right-of-way and was traversing lawfully in compliance with the laws of the Commonwealth of Pennsylvania.

15. At no point did any action and/or inaction of Rebecca Funt contribute in any way to the injuries sustained, either directly or proximately.

16. Upon information and belief, at all times relevant, including the time of the subject motor vehicle accident, Driver Defendant Reyes Lopez was an employee, agent, servant, and/or worker of Defendant Western Maryland Concrete, Inc.

17. Upon information and belief, at all times relevant, including the time of the subject motor vehicle accident, Driver Defendant Reyes Lopez was operating the subject motor vehicle in the course and scope of his employment and/or agency and/or service and/or work with Western Maryland Concrete, Inc.

**COUNT I - NEGLIGENCE**
*Plaintiffs v. Jose Reyes Lopez*

18. Plaintiffs hereby incorporate all preceding averments by reference as though fully set forth herein.

19. The negligence, carelessness, and/or recklessness of Defendant Jose Reyes Lopez, which was a direct and/or proximate cause of the subject Motor Vehicle Collision and subsequent injuries and damages suffered by Plaintiffs, included the following actions/inactions:

a) Failure to exercise ordinary care to avoid a crash;
b) Operating the Subject Motor Vehicle without regard for the rights or safety of Ms. Funk or the general public and in such a manner as to collide with Ms. Funk causing her injury and subsequent death;
c) Failure to adequately and sufficiently check for clear traffic to ensure it was safe to continue proceeding forward;
d) Failing to yield to the right of way of pedestrians;
e) Failure to have the Subject Motor Vehicle under proper and adequate control;
f) Operating the Subject Motor Vehicle at a rate of speed that was dangerous and excessive under the circumstances;
g) Violating the assured clear distance ahead rule;
h) Failure to apply his breaks earlier to stop the Subject Motor Vehicle to avoid the Subject Motor Vehicle Collision;

i) Being attentive as to his duties as the operator of the Subject Motor Vehicle;
j) Failure to remain continually alert while operating the Subject Motor Vehicle;
k) Failing to perceive the highly apparent danger to the public, specifically Ms. Funt, which his actions and/or inactions posed;
l) Failing to be highly vigilant and maintain sufficient control of the Subject Moter Vehicle and bring it to a stop on the shortest notice possible;
m) Operating the subject motor vehicle with gross negligence and disregard for the rights of plaintiff even though he was aware, or should have been aware, of the presence of Ms. Funt and the threat of harm posed to her;
n) Operating the Subject Motor Vehicle in a direction towards Ms. Funt when he saw, or in the reason or in the exercise of reasonable diligence should have seen, that further operation in that direction would result in injury collision;
o) Failure to give Ms. Funt meaningful warning signs concerning the impending collision;
p) Failure to take corrective and/or defensive actions to avoid the collision;
q) Failing to exercise and adhere to proper and safe defensive driving practices as is set forth in his driving training and/or required by the applicable State and/or Federal Motor Carrier Safety Regulations;
r) Driving while above the hours of service allotted by the applicable State and/or Federal Motor Carrier Safety Regulations and/or otherwise fatigue;
s) Driving while distracted;
t) Failing to operate said motor vehicle in compliance with applicable state and local laws and ordinances pertaining to the operation and control of motor vehicles including violations of Pennsylvania Motor Vehicle Code §§ 3714 and 3542; and
u) Reckless endangerment of another person, specifically Ms. Funt, as defined under 18 Pa.C.S.A. § 2705.

20. Defendant Jose Reyes Lopez had a duty to operate the truck in a safe and reasonable manner, to maintain control of the vehicle, at all times, to obey all traffic laws, and to recognize and yield to pedestrians.

21. Defendant Jose Reyes Lopez's negligence and/or gross negligence was the direct and proximate cause of Rebecca Funk's serious and catastrophic injuries and subsequent death as well as Plaintiffs' resultant damages.

22. As a direct and proximate result of the negligence of Defendant Jose Reyes-Lopez, Plaintiffs incurred economic damages including medical expenses, funeral and burial costs, lost earning capacity, and lost benefits.

23. As a direct and proximate result of the negligence of Defendant Jose Reyes-Lopez, Plaintiffs incurred loss of household services, society, comfort, guidance, and companionship of wife and mother Rebecca Funt.

**WHEREFORE**, Plaintiffs, Travis Funt, Individually and as parent and natural guardian of minor M.F., and Adam Funt, prays for judgement in their favor against Defendant Jose Reyes Lopez, jointly and/or severally, in an amount in excess of $150,000 in damages, in addition to interest, costs, attorneys fees, delay damages, punitive damages, and compensatory damages, and any other such relief this Honorable Court deems just and appropriate.

**COUNT II – NEGLIGENCE**

*Plaintiffs. v. Western Maryland Concrete, Inc*

24. Plaintiffs hereby incorporate all preceding averments by reference as though fully set forth herein.

25. At all times relevant, Western Maryland Concrete, Inc. employed Defendant Jose Reyes Lopez.

26. The negligence, carelessness, and/or recklessness of Defendant Jose Reyes Lopez, as detailed in Count I, occurred while Defendant Jose Reyes Lopez was working within the course and scope of his agency and/or employment with Defendant Western Maryland Concrete, Inc, and was the direct and proximate cause of the Subject Motor Vehicle Collision and the subsequent and resultant injuries and damages sustained by Plaintiffs

27. Under the doctrine of Respondeat Superior, Defendant Western Maryland Concrete, Inc is vicariously liable for the negligent, careless, and reckless conduct of employee Jose Reyes Lopez, in causing the Subject Motor Vehicle Collision, the subsequent death of Rebecca Funt, and the resultant damages to Plaintiffs.

**WHEREFORE**, Plaintiffs, Travis Funt, Individually and as parent and natural guardian of minor M.F., and Adam Funt, prays for judgement in their favor against Defendant Western Maryland Concrete, Inc., jointly and/or severally, in an amount in excess of $150,000 in damages, in addition to interest, costs, attorneys fees, delay damages, punitive damages, and compensatory damages, and any other such relief this Honorable Court deems just and appropriate.

**COUNT III – NEGLIGENT HIRING, TRAINING, AND RETENTION**

*Plaintiffs. v. Western Maryland Concrete, Inc*

28. Plaintiffs hereby incorporate all preceding averments by reference as though fully set forth herein.

29. The carelessness, negligence and/or recklessness of Defendant Western Maryland Concrete, Inc., which was a proximate cause of the Subject Motor Vehicle Collision and the resultant injuries and damages sustained by Plaintiffs, included the following actions/inactions:

a) Hiring, retaining, and permitting Defendant Jose Reyes Lopez to operate the Subject Motor Vehicle without first properly and adequately qualifying him consistent with industry custom and applicable regulations;
b) Hiring, retaining, and permitting Defendant Jose Reyes Lopez to operate the Subject Motor Vehicle without first conducting a proper and adequate background check to ascertain whether or not he was competent and fit to properly and safely operate a motor vehicle;
c) Failing to provide proper, adequate, ongoing and/or remedial training to Defendant Jose Reyes Lopez consistent with industry custom and applicable regulations, including safe and defensive driving training in general and specific to paying proper attention to his surroundings and avoiding in-vehicle distractions;
d) Failing to take proper and adequate measures to prevent Defendant Jose Reyes Lopez from endangering the motoring public, specifically including Rebecca Funt, by: failing to pay proper attention to his surroundings while driving; driving while distracted and/or fatigued; and/or rushing and/or hurrying;
e) Retaining and permitting Defendant Jose Reyes Lopez to operate the Subject Motor Vehicle when Defendant Western Maryland Concrete, Inc. knew or, in the exercise of due care and diligence, should have known by and through his prior unsafe and/or substandard driving conduct during his tenure as agent/employee of Defendant Western Maryland Concrete, Inc. that Defendant Jose Reyes Lopez was incompetent and/or unfit to drive a motor vehicle, capable of committing and likely to commit actions and inactions like those set forth above that would harm the public;

f) Failing to properly and adequately train, monitor and/or supervise Defendant Jose Reyes Lopez to ensure he would adhere to proper safe and defensive driving practices custom to the industry and/or required by the Pennsylvania Motor Vehicle Code, and/or applicable regulations;
g) Failing to properly and adequately train, monitor, and/or supervise Defendant Jose Reyes Lopez to ensure he could manage collision-free encounters with the public, specifically including Rebecca Funt;
h) Failing to properly and adequately train, monitor, and/or supervise Defendant Jose Reyes Lopez to ensure he/she could manage collision-free encounters with the motoring public, specifically including Plaintiff;
i) Allowing and/or directing Defendant Jose Reyes Lopez to operate the Subject Motor Vehicle while he/she was fatigued; and
j) Failing to warn the motoring public, including Plaintiff, that Defendant Jose Reyes Lopez knew or in the existence of due care and diligence should have known, that plaintiff would be exposed to Defendant Jose Reyes Lopez's negligent, and/or careless operation of the motor vehicle.

30. The negligent, careless, and/or reckless conduct of Defendant Western Maryland Concrete, Inc. was the direct and proximate cause of Rebecca Funk's serious and catastrophic injuries and subsequent death as well as Plaintiffs' resultant damages.

31. As a direct and proximate result of the negligence of Defendant Western Maryland Concrete, Inc., Plaintiffs incurred economic damages including medical expenses, funeral and burial costs, lost earning capacity, and lost benefits.

32. As a direct and proximate result of the negligence of Defendant Western Maryland Concrete, Inc., Plaintiffs incurred loss of household services, society, comfort, guidance, and companionship of wife and mother Rebecca Funt.

**WHEREFORE**, Plaintiffs, Travis Funt, Individually and as parent and natural guardian of minor M.F., and Adam Funt, prays for judgement in their favor against Defendant Western Maryland Concrete, Inc., jointly and/or severally, in an amount in excess of $150,000 in damages, in addition to interest, costs, attorneys fees, delay damages, punitive damages, and compensatory damages, and any other such relief this Honorable Court deems just and appropriate.

**COUNT IV – LOSS OF CONSORTIUM**

*Travis Funt, Individually and as Parent and Natural Guardian of minor M.F. v. all Defendants*

33. Plaintiffs hereby incorporate all preceding averments by reference as though fully set forth herein.

34. Plaintiffs have articulated claims of negligence and negligent hiring, training, and retention regarding the wrongful death of Wife and Mother Rebecca Funt.

35. Husband Travis Funt has been deprived of the society, companionship, care, affection, and marital relationship of Wife Rebecca Funt.

36. Minor M.F. has been deprived of the parental guidance, nurturing, and support of Mother Rebecca Funt.

37. Plaintiff Travis Funt, Individually and as Parent and Natural Guardian of minor M.F., has suffered damages and continues to suffer damages as a direct and proximate result of the Defendants individual and joint negligence.

**WHEREFORE**, Plaintiff Travis Funt, Individually and as Parent and Natural Guardian of minor M.F., claims of Defendants Jose Reyes Lopez and Western Maryland Concrete, Inc., jointly and/or severally, sums in excess of $150,000 in damages, in addition to interest, costs, delay damages, and any other such relief this Honorable Court deems just and appropriate.

Respectfully submitted,

s/ Sabrina D. Kaplan
Sabrina D. Kaplan
PA ID No. #332423
Kaplan Law, LLC
5500 Wissahickon Ave
Philadelphia, PA 19144
Phone: (310) 279-3011
Sabrina.d.kaplan@gmail.com

D. Bruce Poole *(Pro Hac Vice)*
The Poole Law Group
29 W. Franklin Street
Hagerstown, MD 21740
Phone: (301) 790-3600
Fax: (301) 714-0082
Bruce.poole@poolelg.com
*Attorneys for Plaintiffs*

Date: August 13, 2026