# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

David Banellis and Dianna Banellis

**(b)** County of Residence of First Listed Plaintiff: Luzerne County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Comitz Law Firm, LLC
82 South Washington Street
Wilkes-Barre, PA 18708

## DEFENDANTS

SVC Manufacturing, Inc., PepsiCo, Inc., and The Quaker Oats Company

County of Residence of First Listed Defendant: Cook County, IL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
MORGAN AKINS & JACKSON, PLLC
The Graham Building, 30 S. 15th St, Suite 701
Philadelphia, PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1332

Brief description of cause:
Premises liability slip and fall accident between diverse parties with amount in controversy exceeding $75,000

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Excess of $50,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: August 17, 2026

SIGNATURE OF ATTORNEY OF RECORD: Oliver R. Brooks

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID BANELLIS and DIANNA BANELLIS, his wife,**<br>***Plaintiff*,** | : | **CIVIL ACTION** |
| **V.** | : | **NO:** |
| **SVC MANUFACTURING, INC., PEPSICO, INC., and THE QUAKER OATS COMPANY,**<br>***Defendant(s)*.** | : | |

**NOTICE OF REMOVAL OF DEFENDANTS SVC MANUFACTURING, INC., PEPSICO, INC. AND THE QUAKER OATS COMPANY**

Defendants SVC Manufacturing, Inc., PepsiCo, Inc., and The Quaker Oats Company (collectively hereinafter "Removing Defendants"), by and through their attorneys, Morgan Akins & Jackson, PLLC, with this Notice of Removal (hereinafter "Notice") hereby remove the instant action from the Court of Common Pleas, Luzerne County, Case No.: 202608342 to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1332, and in support thereof states as follows:

1. Plaintiffs, David Banellis and Dianna Banellis, his wife (hereinafter, "Plaintiffs"), commenced the above referenced action by the filing of a Complaint (hereinafter, "Complaint") on or about July 9, 2026. (A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**).

2. A true and correct copy of the docket sheet of all State Court filings are attached hereto as **Exhibit "B."**

3. No affidavits of service are on the docket. *See* **Exhibit "B**.**"**

4. The Complaint alleges that on or about January 21, 2026, Plaintiff slipped and fell at Defendants' premises at 750 Oak Hill Road, Mountain Top, PA. *See* **Exhibit "A"** at ¶ 5.

5. The Complaint alleged that Plaintiff has suffered serious and permanent personal injuries in excess of $50,000. *Id*. at "WHEREFORE" clause.

**Notice Timely Filed**

6. This Notice is timely because it is filed within thirty (30) days of Removing Defendants' receipt of a "pleading, motion, order or other paper from which it may first be ascertained" that the action is removable. 28 U.S.C §1446(b).

7. Furthermore, this Notice is timely because it is filed within one (1) year of the inception of the matter. 28 U.S.C §1446(c)(1).

8. No affidavits of service are on the docket and the action commenced on July 9, 2026.

9. Despite no affidavit of service on the docket, Removing Defendants are believed to have been served on July 18, 2026.

10. Therefore, this removal cannot be untimely, since only thirty days have passed since service on Removing Defendant.

**Citizenship of Parties**

11. At all times relevant herein, including both the time of the Incident and the time of the filing of the instant Notice, Plaintiffs were and are residents of the state of Pennsylvania. *See* **Exhibit "A"** at ¶ 1.

12. On the Complaint's face, at all times relevant herein, including both the time of the Incident and the time of the filing of the instant Notice, SVC Manufacturing, Inc. was incorporated in Delaware and was a citizen of Illinois, where it maintains its principal place of business. *See* **Exhibit "A"** at ¶ 2.

13. On the Complaint's face, at all times relevant herein, including both the time of the Incident and the time of the filing of the instant Notice, PepsiCo, Inc. was incorporated in North Carolina and is a citizen of New York, where it maintains its principal place of business. *See* Exhibit **"A"** at ¶ 3.

14. On the Complaint's face, at all times relevant herein, including both the time of the Incident and the time of the filing of the instant Notice, The Quaker Oats Company, is incorporated in New Jersey and is a citizen of Illinois, where it maintains its principal place of business. *See* Exhibit **"A"** at ¶ 4.

15. Given the foregoing, complete diversity exists between Plaintiff (Pennsylvania) and Defendants (New York, New Jersey, Delaware, North Carolina, and Illinois), satisfying the requirements of 28 U.S.C. §1332(a)(1).

**Amount In Controversy**

16. The amount in controversy in the instant matter exceeds Seventy-Five Thousand dollars ($75,000.00), exclusive of interests and costs.

17. In the Complaint, Plaintiff claims an amount in excess of Seventy-Five Thousand ($50,000.00) Dollars. See *Id.*, "WHEREFORE" clause.

18. As detailed in the Complaint, Plaintiff alleges "cervical disc disorder at C5-6 with radiculopathy; post-concussion syndrome; closed head injury with intermittent headaches, aggravation of right shoulder rotator cuff tendinopathy, aggravation of cervical discogenic disease

with radicular pain down the right arm; non-displaced transverse S2-3 sacral fracture; and right atlantoaxial joint effusion." **Exhibit "A"** at ¶ 11(a-g).

19. Furthermore, the Complaint alleges past and future lost earnings. *Id*. at ¶15.

20. The amount in controversy is measured by "a reasonable reading of the value of the rights being litigated." Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) (citations omitted).

21. Plaintiff is alleging spinal injuries with radiculopathy, post-concussion syndrome, and a sacral fracture, among other claims for injuries, wage loss, and pain and suffering, that reasonably exceed $75,000.

22. Therefore, the amount in controversy requirement is satisfied.

**Conclusion**

23. For the reasons set forth above this action is properly removed to this Honorable Court by the Removing Defendants pursuant to 28 U.S.C. § 1332.

24. Removal to this Honorable Court is proper insofar as this case was initially brought in a state court within the geographical area of the Middle District of Pennsylvania. 28 U.S.C. §1441(a).

25. Removing Defendants have given written notice of the filing of this Notice pursuant to 28 U.S.C. §1446(d), by filing this Notice with the Court of Common Pleas, Luzerne County, and by giving written notice to Plaintiff.

26. All pleadings, process, orders and other filings in the State Court action are attached to this Notice as required by 28 U.S.C. §1441(a).

WHEREFORE, Removing Defendants, by and through their attorneys, Morgan Akins & Jackson, PLLC, via this Notice of Removal, hereby remove the instant action from the Court of Common Pleas, Luzerne County, docket no. 202608342 to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1332.

Respectfully Submitted,

MORGAN AKINS & JACKSON, PLLC

By:/s/ Oliver R. Brooks____________________

OLIVER R. BROOKS, ESQ.
P.A. Attorney I.D. No. 204192
The Graham Building 30 S. 15th Street
Suite 701 Philadelphia, PA 19102
Telephone: 201.655.9428
Facsimile: 215.600.1303
Email: obrooks@morganakins.com
*Counsel for Defendants, SVC Manufacturing, Inc., PepsiCo, Inc., and The Quaker Oats Company*

Date: August 17, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID BANELLIS and DIANNA BANELLIS, his wife,** | : | **CIVIL ACTION** |
| ***Plaintiff*,** | : | |
| **V.** | : | **NO:** |
| **SVC MANUFACTURING, INC., PEPSICO, INC., and THE QUAKER OATS COMPANY,** | : | |
| ***Defendant(s)*.** | : | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, in addition to being filed electronically on the electronic filing system for the Court of Common Pleas, Luzerne County, on docket no. 202608342, on August 17, 2026, a copy of the foregoing Notice of Removal was provided electronically, as well as mailed via USPS, to Plaintiff's Counsel at the below address:

Jonathan S. Comitz, Esquire
Comitz Law Firm, LLC
82 South Washington Street
Wilkes-Barre, PA 18708
*Attorney for Plaintiff*

Respectfully Submitted,

MORGAN AKINS & JACKSON, PLLC

By:/s/ Oliver R. Brooks

OLIVER R. BROOKS, ESQ.
P.A. Attorney I.D. No. 204192
The Graham Building 30 S. 15th Street
Suite 701 Philadelphia, PA 19102
Telephone: 201.655.9428
Facsimile: 215.600.1303
Email: obrooks@morganakins.com
*Counsel for Defendants, SVC Manufacturing, Inc., PepsiCo, Inc., and The Quaker Oats Company*

Date: August 17, 2026