# Exhibit "A"

Comitz Law Firm, LLC

www.comitzlaw.com

July 16, 2026

**VIA: CERTIFIED MAIL, RRR**
PEPSICO, INC.
700 ANDERSON HILL ROAD
PURCHASE, NEW YORK, 10577

Re: Our Client: David Banellis
DOL: 1/21/2026

Dear Sir/Madam:

Enclosed is a time-stamped copy of the Complaint filed against you in Luzerne County, Pennsylvania.

Please be guided accordingly.

Sincerely,

COMITZ LAW FIRM, LLC

JONATHAN S. COMITZ

Enclosure
JSC/al

82 South Washington Street • Wilkes-Barre, PA 18701 • 570.829.1111

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet
Luzerne County

| For Prothonotary Use Only: | TIME STAMP |
|---|---|
| Docket No: 202608342 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| David Banellis | SVC Manufacturing, Inc. |

Are money damages requested? [X] Yes [ ] No

Dollar Amount Requested: (check one) [ ] within arbitration limits [X] outside arbitration limits

Is this a *Class Action Suit?* [ ] Yes [X] No

Is this an *MDJ Appeal?* [ ] Yes [X] No

Name of Plaintiff/Appellant's Attorney: Jonathan S. Comitz, Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [X] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**

Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

**COMITZ LAW FIRM, LLC**

*Attorneys for Plaintiffs*

82 South Washington Street
Wilkes-Barre, PA 18708
570.829.1111 phone

| | | |
|---|---|---|
| DAVID BANELLIS and DIANNA BANELLIS, his wife, | : | IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY |
| Plaintiffs | : | CIVIL ACTION - LAW |
| vs. | : | JURY TRIAL DEMANDED |
| SVC MANUFACTURING, INC., PEPSICO, INC., and QUAKER OATS COMPANY, | : | |
| Defendants | : | No: **202608342** |

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. **YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.**

**AVISO**

**A USTED SE LE HA DEMANDADO EN LA CORTE.** Si usted quiere defenderse contra la demanda expuesta en las siguientes paginas, tiene que tomar accion en un plazo de veinte (20) dias despues que reciba esta demanda y aviso, por presentar una notificacion de comparecencia escrita personalmente o por un abogado y radicar por escrito en la Corte sus defensas u objeciones a las demandas presentadas en su contra. Se le advierte que si falla en hacerlo, el caso podria seguir adelante sin usted y un fallo podria ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la de-mandante. Puede que usted pierda dinero o propiedad u otros derechios importantes para usted. **USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO, DIRIJASE O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ABAJO. ESTA OFICINA PUEDE PROVEERLE CON INFORMACION SOBRE COMO CONTRATAR**

**UN ABOGADO. SI NO THENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOBADO, ESTA OFICINA PODRIA PROPORCIONARLE INFORMACION ACRERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REUNAN LOS REQUEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.**

**North Penn**
**Legal Services, Inc.**
**33 North Main Street, Suite 200**
**Pittston, PA 18640**
**(570) 299-4100**
**(877) 953-4250 Toll free**
**(570) 824-0001 Fax**

**101 West Broad Street**
**Suite 513**
**Hazleton, PA 18201**
**(570) 455-9512**
**(877) 953-4250 Toll Free**
**(570) 455-3625 Fax**

**Servicios Legales de**
**North Penn, Inc.**
**33 la Calle Main del Norte**
**Oficina 200**
**Pittston, PA 18640**
**(570) 299-4100**
**(877) 953-4250 Llamada gratuita**
**(570) 824-0001 Fax**

**101 La Calle Broad del Oeste**
**Oficina 513**
**Hazleton, PA 18201**
**(570) 455-9512**
**(877) 953-4250 Llamada gratuita**
**(570) 455-3625 Fax**

COMITZ LAW FIRM, LLC

JONATHAN S. COMITZ, ESQUIRE
Id No.: 90914
82 South Washington Street
Wilkes-Barre, PA 18701
(570) 829-1111
jcomitz@comitzlaw.com
Counsel for Plaintiffs

**COMITZ LAW FIRM, LLC**
82 South Washington Street
Wilkes-Barre, PA 18708
570.829.1111 phone
*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| DAVID BANELLIS and DIANNA BANELLIS, his wife, Plaintiffs | : | IN THE COURT OF COMMON PLEAS OF LUZERNE COUNTY |
| vs. | : | CIVIL ACTION - LAW |
| | : | JURY TRIAL DEMANDED |
| SVC MANUFACTURING, INC., PEPSICO, INC., and THE QUAKER OATS COMPANY, Defendants | : | No: **202608342** |

## COMPLAINT

Plaintiffs, David Banellis and Dianna Banellis, husband and wife, by and through their counsel, Comitz Law Firm, LLC, do hereby complain of the Defendants, SVC Manufacturing, Inc., PepsiCo, Inc., and The Quaker Oats Company, as follows:

1. Plaintiffs, David Banellis and Dianna Banellis, are adult individuals currently residing at 132 Church Street, Pittston, Luzerne County, Pennsylvania.

2. Defendant, SVC Manufacturing, Inc. (hereinafter "SVC"), is believed to be a Delaware corporation with a registered office situate at 433 W. Van Buren Street, Suite 3N, Chicago, Il 60607.

3. Defendant, PepsiCo, Inc. (hereinafter "PEPSI"), is believed to be a North Carolina corporation with its headquarters situate at 700 Anderson Hill Road, Purchase, New York, 10577.

4. Defendant, Quaker Oats Company (hereinafter "QUAKER"), is believed to be a New Jersey corporation with its registered office situate at 433 W. Van Buren Street, Suite 3N, Chicago, Il, 60607.

5. At all times relevant hereto, the Defendant, SVC, was the owner of an improved parcel of commercial real estate commonly known and situate at 750 Oak Hill Road, Mountain Top, Luzerne County, Pennsylvania (hereinafter "PREMISES").

6. Upon information and belief, at all times relevant hereto, the Defendants, PEPSI and/or QUAKER were tenants at the PREMISES.

7. At all times relevant hereto, it is believed that all of the Defendants were in sole and exclusive possession and control of the PREMISES and were responsible for the maintenance and care of same including, but not limited to, snow and ice removal from the parking areas and roadways located in and on the PREMISES.

8. At all times relevant hereto, the PREMISES were open to and used by the Defendants' business invitees and licensees including the male Plaintiff herein.

9. On January 21, 2026, at approximately 2:00 a.m., the male Plaintiff, at the direction of one or more of the Defendants' agents or employees, backed a trailer into a designated parking slot located on what was known as the "upper lot" on the PREMISES.

10. On the aforesaid date, and at the aforesaid time and place, the male Plaintiff thereafter exited the cab of the tractor and as he walked along the side of the trailer, he slipped on snow and/or ice, thereby causing him to fall to the ground and land on his back, thereby causing the injuries and damages hereinafter alleged.

11. Solely as a result of the negligence and carelessness of all of the Defendants, as hereinafter alleged, the male Plaintiff suffered and sustained the following severe, painful and disabling injuries:

a. Cervical disc disorder at C5-6 with radiculopathy;

b. post-concussion syndrome;

c. Closed head injury with intermittent headaches;

d. Aggravation of right shoulder rotator cuff tendinopathy;

e. Aggravation of cervical discogenic disease with radicular pain down the right arm;

f. Non-displaced transverse S2-3 sacral fracture; and

g. Right atlantoaxial joint effusion.

12. As a further result of the negligence and carelessness of all of the Defendants, as hereinafter alleged, the male Plaintiff was rendered sick, sore and disabled and sustained severe physical and mental pain and great discomfort, all of which have required medical treatment and care.

13. As a further result of the negligence and carelessness of all of the Defendants, as hereinafter alleged, the male Plaintiff suffered and continues to suffer severe physical and mental pain, discomfort and inconvenience. The Plaintiff has been informed, believes and therefore avers that some of his injuries or symptoms are of a continuing and permanent nature and that he will continue to suffer in the future and require ongoing medical care.

14. As a further result of the negligence and carelessness of all of the Defendants, as hereinafter alleged, the male Plaintiff incurred medical expenses to date and will in the future continue to incur additional medical expenses.

15. As a further result of the negligence and carelessness of all of the Defendants, as hereinafter alleged, the male Plaintiff suffered and sustained a loss of earnings and/or loss of earning capacity and power and will in the future, for an indefinite period of time, continue to suffer and sustain a loss of earnings and/or loss of earning capacity and power.

16. As a further result of the negligence and carelessness of all of the Defendants, as hereinafter alleged, the male Plaintiff suffered and sustained a loss of the everyday pleasures and enjoyments of life and will in the future, for an indefinite period of time, continue to suffer and sustain a loss of the everyday pleasures and enjoyments of life.

17. As a further result of the negligence and carelessness of all of the Defendants, as hereinafter alleged, the male Plaintiff suffered and sustained embarrassment and humiliation and will in the future, for an indefinite period of time, continue to suffer embarrassment and humiliation.

**<u>COUNT I</u>**

DAVID BANELLIS, vs. SVC MANUFACTURING, INC.,

Plaintiff Defendant

18. Plaintiff, David Banellis, incorporates herein paragraphs 1 through 17, inclusive, with the same force and effect as originally set forth hereinbefore.

19. All of the male Plaintiff's injuries and damages, as previously averred, were caused by the negligence and carelessness of the Defendant, SVC, acting by and through its agents, employees, servants, and workmen in that said Defendant:

a. Maintained the PREMISES where the Plaintiff slipped and fell in a dangerous and unsafe condition;

b. Permitted the PREMISES where the Plaintiff slipped and fell to accumulate ice and snow;

c. Permitted the ice and snow to remain on the PREMISES where the Plaintiff slipped and fell;

d. Permitted the ice and snow to remain on the PREMISES where the Plaintiff slipped and fell for an unreasonable period of time;

e. Failed to remove the ice and snow from the PREMISES where the Plaintiff slipped and fell in a reasonable period of time;

f. Failed to keep and maintain the PREMISES where the Plaintiff slipped and fell in a snow and/or ice-free condition;

g. Failed to keep and maintain the PREMISES where the Plaintiff slipped and fell in a safe condition;

h. Failed to provide to the Plaintiff a safe and reasonable means of ingress and egress;

i. Failed to warn users including the Plaintiff, David Banellis, of the dangerous and hazardous conditions referred to aforesaid;

j. Failed to properly remove the ice and/or snow which had accumulated on the PREMISES where the Plaintiff was walking;

k. Failed to inspect the PREMISES where the Plaintiff was walking on the day of the incident;

l. Failed to inspect the PREMISES where the Plaintiff was walking before it was used by the Plaintiff to ensure that it was safe for use;

m. Allowed the Plaintiff to walk on the PREMISES where he slipped and fell without first ascertaining that it was safe for use;

n. Delegated its duty of snow and ice removal to others without implementing any procedure or protocol or effective procedure or protocol to ensure that ice and snow was removed and/or properly removed;

o. Delegated its duty of snow and ice removal to others without implementing any procedure or protocol or effective procedure or protocol to ensure that ice and snow was removed and/or properly removed before the Plaintiff traversed the area where he fell;

p. Directed the Plaintiff to park the tractor trailer in an area of the PREMISES which was not safe for use by pedestrians due to the accumulation of ice and/or snow;

q. Directed the Plaintiff to park the tractor trailer in an area of the PREMISES where ice and/or snow had not been fully or properly removed;

r. Directed the Plaintiff to park the tractor trailer in an area of the PREMISES which was not safe for use by pedestrians due to the accumulation of ice and/or snow and which was not illuminated;

s. Violated the laws of the Commonwealth of Pennsylvania and the Codes of Wright Township relating to the removal of ice and snow in a safe and proper manner; and

t. Failed to exercise due care and caution in light of the then-existing circumstances in that said Defendant directed the Plaintiff to park the tractor trailer in a specific area where the ice and/or snow had not been removed and/or was not properly removed, and which was not illuminated, thereby causing the Plaintiff to slip and fall.

WHEREFORE, the Plaintiff, David Banellis, demands damages from the Defendant, SVC Manufacturing, Inc., for an amount in excess of the sum of Fifty Thousand ($50,000.00) Dollars, plus costs and interest. This action is not subject to compulsory arbitration.

**COUNT II**

DIANNA BANELLIS, vs. SVC MANUFACTURING, INC.,

Plaintiff Defendant

20. Plaintiff, Dianna Banellis, incorporates paragraphs 1 through 19, inclusive, with the same force and effect as originally set forth hereinbefore.

21. As a further result of the aforesaid negligence and carelessness of the Defendant, SVC, the Plaintiff, Dianna Banellis, has lost and is continuing to lose the companionship, society and services of her husband, David Banellis, and will in the future, for an indefinite period of time, continue to lose such companionship, society, and services.

WHEREFORE, the Plaintiff, Dianna Banellis, demands damages from the Defendant, SVC Manufacturing, Inc., for an amount in excess of the sum of Fifty Thousand ($50,000.00) Dollars,. plus costs and interest. This action is not subject to compulsory arbitration.

**COUNT III**

DAVID BANELLIS, vs. PEPSICO, INC.,

Plaintiff Defendant

22. Plaintiff, David Banellis, incorporates herein paragraphs 1 through 17, inclusive, with the same force and effect as originally set forth hereinbefore.

23. All of the male Plaintiff's injuries and damages, as previously averred, were caused by the negligence and carelessness of the Defendant, PEPSI, acting by and through its agents, employees, servants, and workmen in that said Defendant:

a. Maintained the PREMISES where the Plaintiff slipped and fell in a dangerous and unsafe condition;

b. Permitted the PREMISES where the Plaintiff slipped and fell to accumulate ice and snow;

c. Permitted the ice and snow to remain on the PREMISES where the Plaintiff slipped and fell;

d. Permitted the ice and snow to remain on the PREMISES where the Plaintiff slipped and fell for an unreasonable period of time;

e. Failed to remove the ice and snow from the PREMISES where the Plaintiff slipped and fell in a reasonable period of time;

f. Failed to keep and maintain the PREMISES where the Plaintiff slipped and fell in a snow and/or ice-free condition;

g. Failed to keep and maintain the PREMISES where the Plaintiff slipped and fell in a safe condition;

h. Failed to provide to the Plaintiff a safe and reasonable means of ingress and egress;

i. Failed to warn users including the Plaintiff, David Banellis, of the dangerous and hazardous conditions referred to aforesaid;

j. Failed to properly remove the ice and/or snow which had accumulated on the PREMISES where the Plaintiff was walking;

k. Failed to inspect the PREMISES where the Plaintiff was walking on the day of the incident;

l. Failed to inspect the PREMISES where the Plaintiff was walking before it was used by the Plaintiff to ensure that it was safe for use;

m. Allowed the Plaintiff to walk on the PREMISES where he slipped and fell without first ascertaining that it was safe for use;

n. Delegated its duty of snow and ice removal to others without implementing any procedure or protocol or effective procedure or protocol to ensure that ice and snow was removed and/or properly removed;

o. Delegated its duty of snow and ice removal to others without implementing any procedure or protocol or effective procedure or protocol to ensure that ice and snow was removed and/or properly removed before the Plaintiff traversed the area where he fell;

p. Directed the Plaintiff to park the tractor trailer in an area of the PREMISES which was not safe for use by pedestrians due to the accumulation of ice and/or snow;

q. Directed the Plaintiff to park the tractor trailer in an area of the PREMISES where ice and/or snow had not been fully or properly removed;

r. Directed the Plaintiff to park the tractor trailer in an area of the PREMISES which was not safe for use by pedestrians due to the accumulation of ice and/or snow and which was not illuminated;

s. Violated the laws of the Commonwealth of Pennsylvania and the Codes of Wright Township relating to the removal of ice and snow in a safe and proper manner; and

t. Failed to exercise due care and caution in light of the then-existing circumstances in that said Defendant directed the Plaintiff to park the tractor trailer in a specific area where the ice and/or snow had not been removed and/or

was not properly removed, and which was not illuminated, thereby causing the Plaintiff to slip and fall.

WHEREFORE, the Plaintiff, David Banellis, demands damages from the Defendant, PEPSICO Inc., for an amount in excess of the sum of Fifty Thousand ($50,000.00) Dollars, plus costs and interest. This action is not subject to compulsory arbitration.

**COUNT IV**

DIANNA BANELLIS, vs. PEPSICO, INC.,

Plaintiff Defendant

24. Plaintiff, Dianna Banellis, incorporates herein paragraphs 1 through 17, and 22-23, inclusive, with the same force and effect as originally set forth hereinbefore.

25. As a further result of the aforesaid negligence and carelessness of the Defendant, PEPSI, the Plaintiff, Dianna Banellis, has lost and is continuing to lose the companionship, society and services of her husband, David Banellis, and will in the future, for an indefinite period of time, continue to lose such companionship, society, and services.

WHEREFORE, the Plaintiff, Dianna Banellis, demands damages from the Defendant, PEPSICO, Inc., for an amount in excess of the sum of Fifty Thousand ($50,000.00) Dollars, plus costs and interest. This action is not subject to compulsory arbitration.

**COUNT V**

DAVID BANELLIS, vs. QUAKER OATS COMPANY,

Plaintiff Defendant

26. Plaintiff, David Banellis, incorporates herein paragraphs 1 through 17, inclusive, with the same force and effect as originally set forth hereinbefore.

27. All of the male Plaintiff's injuries and damages, as previously averred, were caused by the negligence and carelessness of the Defendant, QUAKER, acting by and through its agents, employees, servants, and workmen in that said Defendant:

a. Maintained the PREMISES where the Plaintiff slipped and fell in a dangerous and unsafe condition;

b. Permitted the PREMISES where the Plaintiff slipped and fell to accumulate ice and snow;

c. Permitted the ice and snow to remain on the PREMISES where the Plaintiff slipped and fell;

d. Permitted the ice and snow to remain on the PREMISES where the Plaintiff slipped and fell for an unreasonable period of time;

e. Failed to remove the ice and snow from the PREMISES where the Plaintiff slipped and fell in a reasonable period of time;

f. Failed to keep and maintain the PREMISES where the Plaintiff slipped and fell in a snow and/or ice-free condition;

g. Failed to keep and maintain the PREMISES where the Plaintiff slipped and fell in a safe condition;

h. Failed to provide to the Plaintiff a safe and reasonable means of ingress and egress;

i. Failed to warn users including the Plaintiff, David Banellis, of the dangerous and hazardous conditions referred to aforesaid;

j. Failed to properly remove the ice and/or snow which had accumulated on the PREMISES where the Plaintiff was walking;

k. Failed to inspect the PREMISES where the Plaintiff was walking on the day of the incident;

l. Failed to inspect the PREMISES where the Plaintiff was walking before it was used by the Plaintiff to ensure that it was safe for use;

m. Allowed the Plaintiff to walk on the PREMISES where he slipped and fell without first ascertaining that it was safe for use;

n. Delegated its duty of snow and ice removal to others without implementing any procedure or protocol or effective procedure or protocol to ensure that ice and snow was removed and/or properly removed;

o. Delegated its duty of snow and ice removal to others without implementing any procedure or protocol or effective procedure or protocol to ensure that ice and snow was removed and/or properly removed before the Plaintiff traversed the area where he fell;

p. Directed the Plaintiff to park the tractor trailer in an area of the PREMISES which was not safe for use by pedestrians due to the accumulation of ice and/or snow;

q. Directed the Plaintiff to park the tractor trailer in an area of the PREMISES where ice and/or snow had not been fully or properly removed;

r. Directed the Plaintiff to park the tractor trailer in an area of the PREMISES which was not safe for use by pedestrians due to the accumulation of ice and/or snow and which was not illuminated;

s. Violated the laws of the Commonwealth of Pennsylvania and the Codes of Wright Township relating to the removal of ice and snow in a safe and proper manner; and

t. Failed to exercise due care and caution in light of the then-existing circumstances in that said Defendant directed the Plaintiff to park the tractor trailer in a specific area where the ice and/or snow had not been removed and/or was not properly removed, and which was not illuminated, thereby causing the Plaintiff to slip and fall.

WHEREFORE, the Plaintiff, David Banellis, demands damages from the Defendant, QUAKER OATS COMPANY. for an amount in excess of the sum of Fifty Thousand ($50,000.00) Dollars, plus costs and interest. This action is not subject to compulsory arbitration.

**COUNT VI**

| | | |
|---|---|---|
| DIANNA BANELLIS, | vs. | QUAKER OATS COMPANY, |
| Plaintiff | | Defendant |

28. Plaintiff, Dianna Banellis, incorporates herein paragraphs 1 through 17, and 26-27, inclusive, with the same force and effect as originally set forth hereinbefore.

29. As a further result of the aforesaid negligence and carelessness of the Defendant, QUAKER, the Plaintiff, Dianna Banellis, has lost and is continuing to lose the companionship, society and services of her husband, David Banellis, and will in the future, for an indefinite period of time, continue to lose such companionship, society, and services.

WHEREFORE, the Plaintiff, Dianna Banellis, demands damages from the Defendant, QUAKER OATS COMPANY, for an amount in excess of the sum of Fifty Thousand ($50,000.00) Dollars, plus costs and interest. This action is not subject to compulsory arbitration.

Respectfully submitted,

COMITZ LAW FIRM, LLC

BY: ______________________

JONATHAN S. COMITZ
PA Bar Identification No.: 90914
jcomitz@comitzlaw.com

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

COMITZ LAW FIRM, LLC

By: ______________________

JONATHAN S. COMITZ, ESQUIRE
Id No.: 90914
82 South Washington Street
Wilkes-Barre, PA 18701
jcomitz@comitzlaw.com
(570) 829-1111
Counsel for Plaintiffs

## VERIFICATION

I, David Banellis, one of the Plaintiffs herein, do hereby verify that the facts set forth in the foregoing Complaint are based in part upon my own personal knowledge and based in part upon language provided by my attorney. Statements within my personal knowledge are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsifications to authorities.

DAVID BANELLIS

DATED: July 9 2026