**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATHAN M.F. CHARLES, LLC, CHARLES INTERNATIONAL LAW, LLC** | : | |
| v. | : | **No.** |
| **MCCABE RUSSELL, PA** | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, McCabe Russell, PA (hereinafter, "Defendant"), expressly reserving all rights otherwise to respond to this lawsuit, hereby removes the above-captioned case, which was filed in the Pennsylvania Court of Common Pleas for Lebanon County, Case No. 2026-CV-0658 (the "State Court Action"), to the United States District Court for the Middle District of Pennsylvania. This case is removable because there is complete diversity of citizenship between the parties and more than $75,000 is in controversy, excluding interest and costs. As grounds for removal, Defendant avers as follows:

## I. Facts and Parties

1. Plaintiffs commenced the State Court Action by filing their Complaint against Defendant on April 23, 2026, in the Pennsylvania Court of Common Pleas for Lebanon County. *See* a true and correct copy of the Complaint attached hereto as Exhibit A.

2. Defendant was served with original process through personal service by a process server on June, 22, 2026 at Defendant's office, which Defendant accepted.

3. Plaintiffs filed an Amended Complaint on August 4, 2026. *See* a true and correct copy of the Amended Complaint attached hereto as Exhibit B.

4. Plaintiffs in this case, Nathan M. F. Charles, LLC and Charles International Law, LLC, are two limited liability companies through which Nathan M. F. Charles, Esq. conducts his law practice.

5. Nathan M. F. Charles, Esq. is counsel for Plaintiffs.

6. Defendant, McCabe Russell, PA, is a Maryland law firm.

7. Defendant continues to represent Mr. Charles' now ex-wife in an acrimonious family law matter.

8. The Amended Complaint alleges causes of action for: abuse of process; conversion; tortious interference; and trespass to chattels. *See generally*, Ex. B.

9. All causes of action in the Complaint arise out of an underlying writ of garnishment, issued by the Circuit Court for Montgomery County, Maryland, that allegedly froze the business accounts of Plaintiffs.

10. The underlying writ of garnishment that gives rise to the instant complaint was a mechanism to collect on a judgment issued by the Circuit Court for Montgomery County, Maryland against Mr. Charles, and in favor of Mr. Charles' ex-wife.

11. Plaintiffs allege that, while the judgment was exclusively against Nathan M. F. Charles, Esq. in his individual capacity, attorneys for McCabe Russell somehow wrongfully served the writ of garnishment on M&T Bank so as to cause harm to Plaintiffs by causing Plaintiffs' business accounts to be frozen.

12. As required by 28 U.S.C. § 1446(a), Defendant has attached to this Notice of Removal a copy of all process, pleadings, and orders served upon it.

13. As set forth more fully below, this case is properly removed to the Court pursuant to 28 U.S.C. § 1441, because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## II. Diversity of Citizenship is Satisfied

14. "Federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $ 75,000 and is between 'citizens of different States.'" *McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332(a)(1)).

15. "The party asserting diversity jurisdiction bears the burden of proof," and "[a] party generally meets this burden by proving diversity of citizenship by a preponderance of the evidence." *Id.* (internal citations and quotation marks omitted).

16. "Diversity of citizenship must have existed at the time the complaint was filed, and at the time of removal, and the burden is on the removing party to establish federal jurisdiction." *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (internal citations and quotations marks omitted).

17. The rule that federal jurisdiction follows the amended (i.e., now operative) pleading applies to both original and removed cases, because the appropriateness of federal jurisdiction depends on the substance of the suit contained in the operative pleading. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 37-39 (2025); *see also, Howard v. City of Phila.*, No. 25-CV-6705, 2026 U.S. Dist. LEXIS 177069, at *1 n.1 (E.D. Pa. Aug. 7, 2026) ("If a plaintiff amends her complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case.") (quoting *Wullschleger*, 604 U.S. at 35).

18. “Citizenship is synonymous with domicile, and ‘the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.’” *McCann*, 458 F.3d at 286. (citing *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)).

19. “In determining an individual's domicile, a court considers several factors, including (1) declarations, (2) exercise of political rights, (3) payment of personal taxes, (4) house of residence, and (5) place of business." *Id.* (internal citations and quotation marks omitted). (numbering added).

20. “Other factors to be considered may include (6) location of brokerage and bank accounts, (7) location of spouse and family, (8) membership in unions and other organizations, and (9) driver's license and vehicle registration.” *Id.* (internal citations omitted) (numbering added).

21. “An individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State.” *Wachovia Bank, Nat'l Ass'n v. Schmidt*, 546 U.S. 303, 318 (2006) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) and *Williamson v. Osenton*, 232 U.S. 619, 625 (1914)).

22. A corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

23. “[T]he phrase ‘principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities, which is often metaphorically called its 'nerve center.’” *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013) (internal quotation marks omitted) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010)).

24. "A corporation's 'nerve center,' usually its main headquarters, is a single place." *Id.* (internal quotation marks omitted) (citing *Hertz*, 559 U.S. at 93).

25. The citizenship of an unincorporated association is determined by the citizenship of its members. *See, e.g.*, *Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 379 (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members."); *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 202 (3d Cir. 2022) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

26. "Accordingly, the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks*, 592 F.3d at 420.

27. "Because [an unincorporated] entity is not recognized as a legal person, . . . [t]he principal place of business of an unincorporated entity is therefore irrelevant to determining its citizenship." *Smithkline Beecham*, 724 F.3d at 348.

28. Here, complete diversity exists between the parties.

**A. Plaintiffs are both citizens of Pennsylvania**

29. Plaintiffs, Nathan M. F. Charles, LLC and Charles International Law, LLC are both LLC's, and Nathan M. F. Charles, Esq., the sole member of each, was a domiciliary of Pennsylvania at the time of the initial filing in the instant matter and remains a domiciliary of Pennsylvania at the time this Notice of Removal is filed.

30. As alleged in the operative Complaint, Nathan M. F. Charles, LLC and Charles International Law, LLC are both limited liability companies. Ex. B. ¶¶ 1, 2.

31. Nathan M. F. Charles, Esq. is the only member of Nathan M. F. Charles, LLC.

32. "Nathan M. F. Charles, LLC is a . . . limited liability through which Nathan M. F. Charles, Esquire previously conducted his law practice." Ex. B ¶ 3.

33. Mr. Charles is the owner and manager of Nathan M. F. Charles, LLC. *See* Ex B ¶¶ 68(c), 86(c), 196(c), 213, 298.

34. The Amended Complaint nowhere alleges the existence of any other owners or members of Nathan M. F. Charles, LLC.

35. Charles International Law is the established trade name of Nathan M. F. Charles, LLC. Ex. B ¶ 3.

36. The website of Charles International Law lists Nathan M. F. Charles, Esq. as the founder and managing partner. A true and correct copy of the page from the Website of Charles International Law it attached hereto as Exhibit C. (located at https://www.charlesinternationallaw.com/ourstory) (last accessed August 11, 2026).

37. The website does not list any other owners, members, or attorneys of Charles International Law.

38. "Charles International Law, LLC is a Pennsylvania limited liability company formed to continue that law practice in Pennsylvania under its established trade name." Ex. B ¶ 3.

39. Nathan M. F. Charles, LLC and Charles International Law, LLC "are legally distinct but share common ownership and management and constitute successive organizational forms of the same continuing law practice." *Id.*

40. At the time of the events that gave rise to the instant litigation, Mr. Charles resided in Pennsylvania. Ex. B, ¶ 49.

41. "Before the events giving rise to this action, Nathan MF Charles, LLC [through which Nathan M. F. Charles, Esquire previously conducted his law practice] had relocated the principal operations of that law practice to Lebanon County, Pennsylvania, where it rented office

space, conducted its principal business activities, maintained its primary banking relationship, and attempted to develop a Pennsylvania client base." Ex. B, ¶ 21.

42. Mr. Charles' voter registration shows that he is registered to vote in Pennsylvania. A true and correct copy of Mr. Charles' Pennsylvania Voter Registration is attached hereto as Exhibit D.

43. Mr. Charles' voter registration lists his residential address as 41 Strathford Dr., Lebanon, PA 17042, which is the same address listed for each of the LLC entities in the case caption of the Amended Complaint. Compare Ex. B with Ex. D.

44. According to property records from Lebanon County, PA, the 41 Strathford Dr. property is owned by Bradford H. Charles and Barbara B. Charles. A true and correct copy of the search results for the 41 Strathford Dr. property from the Geographic Information Systems (GIS) Property Viewer from the Lebanon County GIS Systems Department is attached hereto as Exhibit E (located at https://lebcogis.maps.arcgis.com/apps/webappviewer/index.html?id=dc37fec2f8044fc3a7f2898ed5d602ac) (last accessed 08/12/2026).

45. On information and belief, Judge Bradford H. Charles – one of the four full-time active judges in the Lebanon County Court of Common Pleas – and Barbara B. Charles are Nathan M. F. Charles, Esq.'s father and mother.

46. Nathan M. F. Charles, Esq. is licensed to practice law in Pennsylvania. A true and correct copy of the search results from The Disciplinary Board of the Supreme Court of Pennsylvania showing Nathan Charles' active law license is attached hereto as Exhibit F (located at https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/315497 (last accessed 08/12/2026).

47. Accordingly, the factors of exercise of political rights, house of residence, place of business, location of family, and membership in organizations all point to Mr. Charles' domicile being in Pennsylvania insofar as he is registered to vote there, resides there, relocated his business there, resides and operates his business out of a residence owned by his parents there, and his barred and licensed to practice law there.

48. Accordingly, the preponderance of the evidence points to Mr. Charles being domiciled in Pennsylvania, and thereby a citizen of Pennsylvania for purposes of federal jurisdiction, both at the time of the initial filing and at the time this removal notice is filed.

49. As the citizenship of an LLC is determined by the citizenship of its members, and insofar as both Plaintiff LLC's have Mr. Charles as their only member, it follows that both Nathan M. F. Charles, LLC and Charles International Law, LLC are citizens of Pennsylvania for purposes of federal jurisdiction, both at the time of the initial filing and at the time this removal notice is filed.

**B. Defendant is a citizen of Maryland**

50. In Maryland, a Professional Association bearing the abbreviation P.A. in its corporate name is considered a professional corporation. *See* Md. Corporations and Associations Code Ann. § 1-502 ("[t]he corporate name of a professional corporation must include . . . [t]he abbreviation 'P.A.'").

51. Here, Defendant, McCabe Russell, P.A. is a professional corporation whose state of formation and principal office are both in Maryland. A true and correct copy of McCabe Russell, P.A.'s Business Entity Search Printout from the Maryland Business Express website, managed by the Maryland State Department of Assessments and Taxation (SDAT) is attached hereto as Exhibit G.

52. McCabe Russell, P.A.'s principal place of business is also in Maryland, as the principal Maryland office is the place where its members direct, control, and coordinate its activities. *See*, Ex. G.

53. Defendant was incorporated and had its principal place of business in Maryland at the time of the initial filing of this lawsuit and at this time that this Notice of Removal is filed.

54. Therefore, Defendant is a citizen of Maryland for purposes of jurisdiction, both at the time of the initial filing and at the time this removal notice is filed.

55. As both Plaintiffs are citizens of Pennsylvania, and Defendant is a citizen of Maryland, there exists complete diversity between the parties.

## III. <u>The Amount in Controversy Requirement is Satisfied</u>

56. Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of costs and interest.

57. Where, such as here, the complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owen*, 574 U.S. 81, 89 (2014).

58. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Id.* at 87.

59. Plaintiffs' Amended Complaint contains four causes of action, and, in the Prayer for Relief, Plaintiffs request compensatory damages, "[p]unitive damages upon each claim for

which punitive damages are legally recoverable," and "attorney's fees . . . as may be recoverable." *See generally*, Ex. B.

60. For each cause of action, Plaintiffs request compensatory damages, consequential damages, and punitive damages. *See, e.g.*, Ex. B, ¶¶ 207, 247, 289, 330.

61. Plaintiffs specifically allege injuries involving loss of use of $19,522.85 for approximately two weeks. *See, e.g.*, Ex. B, ¶¶ 204(a), 241(a), 284(a), 326(a).

62. Plaintiffs also allege: disruption of their cash flow and business operations; costs, fees, interest, and burdens associated with obtaining substitute financing; unplanned financial obligation arising from funds advanced or loaned by Mr. Charles; diversion of attorney and administrative time; interference with their banking activities and performance of professional obligations; impairment of the funds' utility as operating capital; and expenses reasonably incurred to investigate, mitigate, and terminate the interference. *See, e.g.*, Ex. B ¶¶ 204, 241, 284, 326.

63. More specifically, for example, Plaintiffs allege that their Ecuadorian client's immigration matter required Executive Office for Immigration Review (EOIR) filing fees, and that the LLC's were forced seek emergency financing in the form of an advance or loan from Mr. Charles' personal credit card. *See* Ex. B, ¶¶ 121-130.

64. Plaintiffs' alleged mitigation costs for diverted and attorney and administrative time involve time spent: determining why the Operating Account had been restrained; reviewing the garnishment papers; communicating with M&T Bank; documenting that the account belonged to the Plaintiff LLC, rather than to Mr. Charles individually; notifying Defendant and demanding release of the account; arranging for substitute financing; identifying alternative means of satisfying business obligations; monitoring the restrained account; and undertaking legal efforts to protect Plaintiff's property and prevent similar collection activity from recurring. Ex. B, ¶¶ 154-55.

65. Plaintiffs also claim consequential damages in the form of lost business opportunities. Ex. B, ¶¶ 171-72.

66. As all of Plaintiffs' causes of action are intentional torts, the amount in controversy may include an award of Plaintiffs' requested punitive damages.

67. In Pennsylvania, "a factfinder in a civil action for damages arising out of a non-medical tort claim enjoys discretion in the fixing of punitive damages," and such discretion is only tempered by the U.S. Supreme Court's "non-binding single-digit ratio test," so that awards of punitive damages up to nine times the value of compensatory damages are possible. *Bert Co. v. Turk*, 298 A.3d 44, 60-61 (Pa. 2023) (discussing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003)).

68. Plaintiffs' total damages could therefore plausibly exceed $75,000.

69. As such, the amount in controversy requirement is satisfied, rendering this matter properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(b).

## IV. Procedural Requirements for Removal

70. "Two thirty-day clocks limit the time within which a defendant may remove a case." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022) (citing 28 U.S.C.§ 1446).

71. "First, under § 1446(b)(1), a defendant has thirty days to file a notice of removal 'after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief.' Second, 'if the case stated by the initial pleading is not removable,' then, under § 1446(b)(3), a case may be removed within thirty days 'after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.'" *Id.*

72. “Subsection (b)(3) ‘is an exception to’ (b)(1), in that it only applies if the initial pleading did not give defendant notice of removability.” *Id.* (quoting *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208-09 (3d Cir. 2014)).

73. “Each provision, however, is triggered only when the defendant receives a particular document: in (b)(1) the initial pleading, and in (b)(3) an amended pleading, motion, order, or other paper. *Id.*

74. “The plain language of the statute focuses only on what a defendant receives. Thus, the statute does not contemplate that the thirty-day clock would be triggered by information that the defendant already possesses or knows from its own records.” *Id.* at 238.

75. “Section 1446(b)'s use of the phrase ‘receipt by the defendant’ also prohibits courts from imposing a duty on defendants to investigate the records they possess. *Id.* at 239-40.

76. “Although a defendant has a duty to apply a reasonable amount of intelligence to its reading of the documents it receives, it has no duty to search its own business records or perform an independent investigation into a plaintiff's indeterminate allegations to determine removability.” *Id.* at 240 (internal citations and quotation marks omitted).

77. “[Section] 1446(b)'s text dictates that the thirty-day clocks are triggered by either the four corners of the initial complaint or documents a defendant receives, and not by what the defendant subjectively knew or the documents in its possession.” *Id.* at 241.

78. Here, within the four corners of the original Complaint, Plaintiffs did not allege facts that would allow Defendant to determine that Plaintiffs were LLC’s with citizenship in Pennsylvania.

79. In order to determine the citizenship of Plaintiffs, the original Complaint would have had to allege that the LLC’s only member was Nathan M. F. Charles, Esq., and that Mr.

Charles was domiciled in Pennsylvania; yet the original Complaint made neither of these allegations.

80. Defendant had no duty to perform independent research or search other records in its possession to determine the membership of the Plaintiff LLC's or the domicile of Mr. Charles, who is not a party to this lawsuit.

81. Defendant's subjective knowledge of the membership of the Plaintiff LLC's or of the domicile of Mr. Charles was irrelevant to whether the 30 clock to file a Notice of Removal was triggered.

82. The § 1446(b)(3) clock to file a Notice of Removal was only triggered when Defendant received Plaintiffs' Amended Complaint, which plead facts within its four corners that led Defendant to determine that this instant matter was removable.

83. Therefore, as the 30 days of the § 1446(b)(3) clock have not expired, this Notice of Removal is timely filed.

## V. <u>Pleadings in the State Court Action</u>

84. In accordance with 28 U.S.C. § 1446(a), Defendant has attached to this Notice of Removal a copy of all process, pleadings and orders served upon Defendant in the State Court Action. *See* Exhibits A and B.

**WHEREFORE**, Defendant, McCabe Russell, PA, hereby removes this case to the United States District Court for the Middle District of Pennsylvania, respectfully requests that no further proceedings be held in the Pennsylvania Court of Common Pleas for Lebanon County, and requests such other relief that this Court deems just and proper.

Respectfully submitted,

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

BY: /s/ Paul C. Troy
PAUL C. TROY, ESQUIRE
Attorney I.D. No. 60875
BENJAMIN W. RICHARDS, ESQUIRE
Attorney I.D. No. 338087
4 Sentry Parkway East, Suite 100
Blue Bell, PA 19422
(T) 610-275-2000
(F) 610-275-2018
ptroy@kanepugh.com
brichards@kanepugh.com