**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHELE WATERS<br>27 S. 19th Street<br>Lemoyne, PA 17043 | : | CIVIL ACTION |
| Plaintiff, | : | No.: ____________ |
| v. | : | **JURY TRIAL DEMANDED** |
| CARROLS CORPORATION d/b/a<br>BURGER KING<br>968 James Street<br>Syracuse, NY 13203 | : | |
| Defendant. | : | |

**CIVIL ACTION COMPLAINT**

Mr. Michele "Nova" Waters ("Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by Carrols Corporation d/b/a Burger King ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e et seq.), and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. § 951, et seq.).[1]

2. Plaintiff asserts herein that Defendant subjected him to a hostile work environment, refused to accommodate Plaintiff's well-known disabilities, and terminated him under pretextual

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA on or about May 31, 2027, once his administrative remedies are fully exhausted with the PHRC. Any claims under the PHRA would mirror the instant Title VII claims identically.

circumstances immediately after engaging in activities protected by numerous state and federal statutes.

3. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

5. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000. Plaintiff is a citizen of Pennsylvania and Defendant is a citizen of New York and Delaware.

6. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the *United States Supreme Court in Int'l Shoe Co. v. Washingto*n, 326 U.S. 310 (1945), and its progeny.

7. Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District. Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, rendering Defendant a resident of the Middle District of Pennsylvania.

8. On or about May 31, 2026, Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative remedies before initiating this action by timely filing his Charge with the EEOC,

and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter issued by the EEOC on or about June 1, 2026.

**PARTIES**

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is an adult male with an address as set forth in the caption.

11. Defendant is incorporated in Delaware with a principal place of business as set forth in the caption.

12. Defendant is an American franchisee company and is the largest Burger King franchisee in the world which owns and operates over 1,000 Burger King fast food restaurants. Defendant operates a Burger King restaurant located at 407 S. 3rd Street, Lemoyne, PA 17043 at which it employed Plaintiff.

13. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

14. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15. In or about February 2025, Defendant hired Mr. Waters as a Crew Member and employed him in that capacity until unlawfully terminating him on or about January 10, 2026 as discussed herein.

16. Plaintiff was employed in a full-time capacity earning $14.40/hour and his job duties including taking customer orders, preparing food, and performing other restaurant functions.

17. Plaintiff is a transgender male.

18. Throughout his tenure of employment with Defendant, Plaintiff was subjected to severe and/or pervasive harassment due to his sex/gender and or transgender status.

19. By way of example only, and without limitation, Plaintiff faced:

a. Increased scrutiny as compared to non-transgender employees;

b. Policies and discipline selectively enforced against only him;

c. Harassment and bullying by co-workers and management;

d. Managers, including Tina (Last Name Unknown – "Tina") would intentionally misgender Plaintiff and call him by his female birth name (despite repeated requests to be called Nova);

e. Male co-workers would threaten Plaintiff with physical or sexual violence, telling him that if he "wanted to be a male" that he should "come in the bathroom" so they could treat Plaintiff "like a guy."

20. At all times Plaintiff opposed this unwelcome harassment and made several complaints to his store management team, but nothing was done and the harassment continued unabated.

21. However, the continuous and severe harassment continued and on or about November 11, 2025, Plaintiff submitted a formal complaint with Defendant's Manager, People Business Partner Representative Josh Sominski ("Sominski").

22. Throughout November and December 2025, Plaintiff continued repeated complaints regarding the ongoing harassment, mistreatment, and unfair discipline.

23. Upon information and belief, as a result of Plaintiff's complaints, Defendant transferred Tina to another location in or about late December 2025.

24. On or about January 9, 2026, Plaintiff was at work and was remarking to a co-worker that he still felt that he was being targeted due to his transgender status and recent complaints and was still uncomfortable at work.

25. Defendant's General Manager Cory Kane ("Kane") overheard this conversation and told Plaintiff to "go home" because Kane was "sick of hearing [him] talk and complain." Kane further asserted that Sominski had directed him to send Plaintiff home.

26. Plaintiff clocked out, but on or about January 13, 2026, contacted Kane to complain that he was now being retaliated against for making complaints of discrimination and harassment.

27. On or about the very next day, January 14, 2026, Defendant's HR department called and terminated Plaintiff's employment stating that they were going to have to "side with [Kane]."

**COUNT I**
**<u>Violations of Title VII</u>**
**[1] Sex/Gender Discrimination; [2] Harassment; and [3] Retaliation**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Discrimination based on Plaintiff's sex/gender constitutes discrimination because of sex under Title VII.

30. Plaintiff was subjected to severe and/or pervasive discrimination and harassment because of his sex/gender (discussed *supra*) sufficient to alter the conditions of his employment such that he was subjected to a hostile work environment.

31. Plaintiff specifically opposed, rejected, and complained of sex/gender, retaliation, and hostile work environment (based on sex/gender).

32. Following his opposition of, rejections to, and complaints about discriminatory harassment, Plaintiff was subjected to increased hostility and animosity (retaliatory discipline).

33. Plaintiff's complaints were dismissed, and he was subjected to retaliatory discipline and hostility (such that he was subjected to an objectively hostile and abusive work environment based on sex/gender and retaliation for opposing/complaining about the same).

34. In extremely close proximity to Plaintiff's most recent complaints, Defendant terminated Plaintiff's employment.

35. Plaintiff believes and therefore avers that Defendant terminated his employment because he opposed and complained about discrimination and harassment based upon his sex/gender.

36. The aforesaid actions violate Title VII.

**WHEREFORE**, Plaintiff prays that this Court enters an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff demands trial by jury on all issues so triable consistent with Fed. R. Civ. P. 38(a)(1).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: August 25, 2026