**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CYNTHIA L. MORRISON**, as **EXECUTRIX** of the **ESTATE** of **RUSSELL K. MORRISON**, **deceased**<br>975 Wilkson Lane<br>Fayetteville, Pennsylvania 17222<br>Plaintiff<br>v.<br><br>**BIOSENSE WEBSTER, INC.**<br>31 Technology Drive, Suite 200<br>Irvine, California 92618<br>and<br>**JOHNSON & JOHNSON d/b/a JOHNSON & JOHNSON MEDTECH**<br>1 Johnson and Johnson Plaza<br>New Brunswick, New Jersey 08933 | **CIVIL CASE NO. ________** |

**<u>CIVIL ACTION COMPLAINT AND JURY DEMAND</u>**

**NOW COMES** the Plaintiff, Cynthia L. Morrison, as Executrix of the Estate of Russell K. Morrison, deceased, by and through her undersigned attorneys, Ross Feller Casey, LLP, who herein brings this civil action sounding in product liability against the above-captioned Defendants.

Plaintiff demands damages in excess of $75,000 (seventy-five thousand dollars) from all Defendants exclusive of fees, interest, and costs, based upon the predicate statements, counts, and causes of action set forth herein.

Plaintiff demands a jury trial on all triable issues of fact and law, and states the following:

**PARTIES, JURISDICTION, AND VENUE STATMENTS**

1. Plaintiff, Cynthia L. Morrison, is the Executrix of the Estate of Russell K. Morrison, deceased [“Russell Morrison”], her late husband, having been granted Letters Testamentary by the Register of Wills for Franklin County, Pennsylvania on June 26, 2026.

2. Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 975 Wilkson Lane, Fayetteville, Franklin County, Pennsylvania 17222.

3. Russell Morrison died on April 9, 2026 at WellSpan Health d/b/a WellSpan York Hospital in York, Pennsylvania [“York Hospital”] from sequelae of a cardiac perforation that occurred on March 31, 2026 while he was the subject in an experimental study of a premarket platform and device (Omny research Guidestar deflectable sheath and dilator) for the treatment of a cardiac arrhythmia known as paroxysmal atrial fibrillation. Neither the

platform nor device were approved by the U.S. Food and Drug Administration ["F.D.A."].

4. During his lifetime, Russell Morrison, deceased [hereinafter referred to as "Russell Morrison" or the "decedent"] was a citizen and resident of the Commonwealth of Pennsylvania, residing therein at 975 Wilkson Lane, Fayetteville, Franklin County, Pennsylvania 17222.

5. Russell Morrison died testate and married, leaving as his rightful heirs-at-law pursuant to *20 Pa.C.S.A. § 2102* and the Pennsylvania Wrongful Death Act, *42 Pa.C.S.A. §8301*, the following beneficiaries:

a. Cynthia L. Morrison (wife)
975 Wilkson Lane
Fayetteville, Pennsylvania 17222

b. Crystal Lannen (adult child)
101 Wilkson Lane
Fayetteville, Pennsylvania 17222

c. Ryan Morrison (adult child)
168 Wilkson Lane
Fayetteville, Pennsylvania 17222

6. Plaintiff has provided written notice to the beneficiaries of this civil action pursuant to and in compliance with *Pa. R. Civ. P. 2205* (Notice to persons entitled to damages).

7. Defendant, Biosense Webster, Inc. [BWI"], was, at all times material hereto, a corporation or other jural entity incorporated in the State of

California which holds itself out as "a global leader in the science of diagnosing and treating heart rhythm disorders," and is "part of Johnson & Johnson MedTech." *See https://www.jnjmedtech.com/en-EMEA/contact-us-biosense-webster* (accessed July 30, 2026).

8. BWI "partners with clinicians to develop innovative technologies that improve the quality of care for arrhythmia patients worldwide." *See https://www.jnjmedtech.com/en-EMEA/contact-us-biosense-webster* (accessed July 30, 2026).

9. At all times material hereto, BWI maintained headquarters at 31 Technology Drive, Suite 200 Irvine, California 92618 and was registered as a Foreign Business Corporation with the Commonwealth of Pennsylvania Bureau of Corporations and Charitable Organizations to do business in Pennsylvania.

10. At all times material hereto, BWI was the Sponsor of the investigational study of a medical device entitled "*Assessment of Safety and Effectiveness in Treatment Management of Paroxysmal Atrial Fibrillation with the BWI Pulsed Field Ablation System with OMNYPULSE™ Catheter (OMNY-AF)*." [herein referred to as the "OMNY-AF Study"].

11. The purpose of the *OMNY-AF Study* was "to demonstrate the safety and 12-month effectiveness of the BWI OMNYPULSE™ pulsed field

ablation (PFA) platform for pulmonary vein isolation (PVI) in the treatment of participants with symptomatic paroxysmal atrial fibrillation (PAF), an irregular heart rate that causes abnormal blood flow." *See* National Library of Medicine National Center for Biotechnology Information. *A Study of Assessment on Safety and Effectiveness of BWI Pulsed Field Ablation With OMNYPULSE Catheter for the Treatment of Paroxysmal Atrial Fibrillation (PAF)(OMNY-AF)* at *ClinicalTrials.gov* (*NCT06455098)*.

12. BWI was the manufacturer of the Omny research Guidestar deflectable sheath and accompanying dilator which was utilized during the *OMNY-AF Study* procedure performed on Russell Morrison on March 31, 2026, and was the cause of the cardiac perforation, cardiac tamponade with cardiac arrest, and eventual death of Russell Morrison.

13. BWI maintains headquarters at 31 Technology Drive, Suite 200 in Irvine, California 92618

14. Defendant, Johnson & Johnson d/b/a Johnson & Johnson MedTech ["J&JMT"], was, at all times material hereto, and at present, a corporation or other jural entity incorporated in the State of New Jersey which holds itself out as "the global market leader in the science and technology of cardiac arrhythmia treatment, working with thousands of electrophysiologists to identify and develop diagnostic and treatment tools." *See Johnson &*

*Johnson MedTech* at https://www.jnjmedtech.com/en-US/specialties/electrophysiology/ (accessed May 30, 2026).

15. One of J&JMT's "diagnostic and treatment tools" is the OMNYPULSE catheter and related materials for the performance of the *OMNY-AF Study*.

16. At all times material hereto, and at present, the J&JMT "Electrophysiology Group" reviews, funds, and conducts investigations of medical products and devices in the area of cardiac electrophysiology and the treatment of cardiac rhythm abnormalities, including paroxysmal atrial fibrillation, and acts and was acting through BWI, as a medical device manufacturer and sponsor, to study these products and devices. The *OMNY-AF Study* was one of these investigations. *See Johnson & Johnson MedTech* at *https://jnjmd-iis-portal.idea-point.com/Biosense-Webster-Mentor-Acclarent-Cerenovus/Areas-of-Research.aspx#AreasBiosense* (accessed May 30, 2026).

17. J&JMT maintains headquarters and at 1 Johnson and Johnson Plaza in New Brunswick, New Jersey 08933.

18. At all times material hereto, BWI and J&JMT carried on "a continuous and systematic part of its general business within this Commonwealth." *42 Pa.C.S. §5301(a)(2)(iii)*. Accordingly, BWI and

J&JMT are subject to the jurisdiction of the courts of the Commonwealth of Pennsylvania.

19. This Court has jurisdiction over this civil action pursuant to *28 U.S. Code § 1332*.

20. Venue is properly laid in the Harrisburg Division of the United States District Court for the Middle District of Pennsylvania pursuant to *28 U.S. Code § 1391(b)(2)* because "a substantial part of the events or omissions giving rise to the claim occurred" in York, Pennsylvania.

21. The amount in controversy exceeds $75,000 (seventy-five thousand dollars) exclusive of costs and fees.

## PREDICATE STATEMENTS

22. Plaintiff fully incorporates by reference the preceding paragraphs of this Civil Action Complaint and Jury Demand as though fully set forth herein.

23. Russell Morrison, then 68 years old, had longstanding, symptomatic paroxysmal atrial fibrillation refractory to medical management.

24. Russell Morrison was enrolled in the *OMNY-AF Study* by Dr. Matthew J. Singleton, M.D. ["Dr. Singleton"], the "Study Doctor" at York Hospital.

25. The *Master Informed Consent Form* approved by the WellSpan York Hospital Institutional Review Board on January 3, 2025 (BWI202303, WCG IRB Protocol #20240283) and executed by Russell Morrison memorializes the purpose of this study as follows:

> The purpose of this research study is to provide information about the safety and long-term effectiveness of the BWI OMNYPULSE™ Pulsed Field Ablation (PFA) Platform, consisting of the TRUPULSE™ Generator and OMNYPULSE™ Catheter used in conjunction with the CARTO®3 System with the VISITAG SURPOINT Module PF Index. The BWI OMNYPULSE™ PFA Platform is indicated to be used for the treatment of symptomatic Paroxysmal Atrial Fibrillation (PAF) in those who have failed at least one antiarrhythmic drug (medication prescribed to treat symptoms of atrial fibrillation). The BWI OMNYPULSE™ PFA Platform is an investigational device that has not been approved by the FDA for the treatment of PAF.

26. Dr. Singleton performed an ablation procedure on Russell Morrison on March 31, 2026 utilizing the non-F.D.A.-approved investigational device: The BWI OMNYPULSE™ PFA Platform, Omny research Guidestar deflectable sheath and accompanying dilator.

27. During the procedure, Dr. Singleton observed that the "Omny research Guidestar deflectable sheath crossed the septum over the safari wire smoothly on first pass; however, after removing the dilator, the tip of the dilator was found to be spread open like a filet, with two pointy edges."

28. Russell Morrison experienced a cardiac perforation during the procedure which Dr. Singleton attributed to the split dilator used with the Omny research Guidestar deflectable sheath.

29. Russell Morrison experienced cardiac tamponade and accompanying cardiac arrest. The cardiac tamponade was relieved by pericardial drainage with return of circulation.

30. Russell Morrison suffered catastrophic anoxic brain injury during the cardiac arrest on March 31, 2026 and died from complications of the brain injury on April 9, 2026.

31. Russell Morrison was caused to suffer grave physical, emotional, and economic damages caused by his injuries and death.

## COUNT I—PRODUCT LIABILITY

32. Plaintiff fully incorporates by reference the preceding paragraphs of this Civil Action Complaint and Jury Demand as though fully set forth herein.

33. The BWI OMNYPULSE™ PFA Platform, Omny research Guidestar deflectable sheath and accompanying dilator utilized during the *OMNY-AF Study* performed on Russell Morrison were manufactured, produced, and sponsored by BWI and J&JMT.

34. The BWI OMNYPULSE™ PFA Platform, Omny research Guidestar deflectable sheath and accompanying dilator utilized during the *OMNY-AF Study* performed on March 31, 2026 on Russell Morrison contained a manufacturing defect which caused cardiac perforation, cardiac tamponade, cardiac arrest, and subsequent death.

35. The manufacturing defect contained in the BWI OMNYPULSE™ PFA Platform, Omny research Guidestar deflectable sheath and accompanying dilator utilized during the *OMNY-AF Study* performed on March 31, 2026 on Russell Morrison was present at the time the product left BWI.

36. The BWI OMNYPULSE™ PFA Platform, Omny research Guidestar deflectable sheath and accompanying dilator utilized during the *OMNY-AF Study* performed on March 31, 2026 on Russell Morrison reached Dr. Singleton for use on Russell Morrison without substantial change in the condition.

37. BWI and J&JMT are liable under theories of negligence and strict liability for the injuries to and death of Russell Morrison caused by the aforementioned manufacturing defect.

**FIRST CAUSE OF ACTION**
**Wrongful Death Action**

38. Plaintiff fully incorporates by reference the preceding paragraphs of this Civil Action Complaint and Jury Demand as though fully set forth herein.

39. Plaintiff, as Executrix of the Estate of Russell K. Morrison, deceased, on behalf of the wrongful death beneficiaries, claims the full measure and scope of all cognizable damages under the Pennsylvania Wrongful Death Act, *42 Pa.C.S.A §8301*, as a result of Russell Morrison.

**SECOND CAUSE OF ACTION**
**Survival Action**

40. Plaintiff fully incorporates by reference the preceding paragraphs of this Civil Action Complaint and Jury Demand as though fully set forth herein.

41. On behalf of the Estate of Russell K. Morrison, deceased, Plaintiff claims the full measure and scope of all cognizable damages under the Pennsylvania Survival Death Act, *42 Pa.C.S.A §8302*, as a result of the grave bodily injuries and death of Russell Morrison.

**WHEREFORE,** Plaintiff herein demands damages against all Defendants in an amount in excess of $75,000 (seventy-five thousand dollars) exclusive of fees, interest and costs.

**ROSS FELLER CASEY, LLP**
***Attorneys for Plaintiff***

By: */s/ Matthew A. Casey*
MATTHEW A. CASEY, ESQUIRE
matthew.casey@rossfellercasey.com

By: */s/ Mark A. Hoffman*
MARK A. HOFFMAN, ESQUIRE
mark.hoffman@rossfellercasey.com

One Liberty Place
1650 Market Street, Suite 3450
Philadelphia, Pennsylvania 19103
215-574-2000 (main telephone)
215-574-3080 (fax)

Date: August 25, 2026