IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | | |
|---|---|---|
| EDDIE D. GAULT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| GEOZONING, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

COMES NOW Geozoning, Inc. ("Defendant" or "Geozoning") and, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, gives notice of the removal of this civil action from the Court of Common Pleas of Perry County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania, stating as follows:

1.

On or about August 17, 2026, Plaintiff Eddie D. Gault ("Plaintiff") filed a Complaint in the Court of Common Pleas of Perry County, Pennsylvania, Case No. CV-2026-0443 (the "Civil Action"), against Geozoning, Inc. and Sharleen Mari Grove asserting four causes of action: (1) violation of 47 U.S.C. § 227(b) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"); (2) violation of 47 C.F.R. § 64.1200(d) of the implementing regulations of the TCPA put out by

the Federal Communications Commission; (3) violation of 47 C.F.R. § 64.1200 of the implementing regulations of the TCPA; and (4) violation of the Pennsylvania Telemarketers Registration Act and Pennsylvania Unfair Trade and Consumer Protection Law.

2.

Plaintiff mailed by first class mail a partial copy of the Complaint to Defendant via an Ohio address of its designated registered agent in Pennsylvania, which was received on August 24, 2026. A copy of the service received is attached as **Exhibit 1**. Such service, lacking a full copy of the complaint or a summons, is the only service which was attempted or claimed to have been attempted, and even if it had been complete, it would not constitute sufficient service under Pennsylvania law.[1] In the contexts in which service by mail is allowed, it requires a signed return receipt. *See* Pa.R.C.P. 403 ("If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail."); *Washington v. LM Gen. Ins. Co.*, 598 F.Supp.3d 280, 285 (E.D. Pa. 2022) (stamp on return receipt card for complaint mailed to corporation and delivered to address in another state

[1] As such, Defendant hereby reserves and preserves all arguments related to the sufficiency of service of process in this action.

did not satisfy signature requirement of Pennsylvania rule that the receipt for service by mail be signed by the defendant or an authorized agent, and, thus, the mailing did not start clock on 30-day period to remove case to federal court). This removal is therefore timely, both as it occurred within 30 days of Plaintiff's attempted service and because no deadline for removal has started due to improper service.

3.

The Complaint and Praecipe to Issue a Writ of Summons are the only filings made in this case to date and, pursuant to 28 U.S.C. § 1446(a), are attached as **Exhibit 2**, along with a copy of the state court docket. No party besides Plaintiff has made an appearance in that action as of this filing. Geozoning will file any supplemental papers not presently available as of the date of this notice as it becomes necessary.

4.

Plaintiff has provided no evidence of service to date, and he states in the Complaint's certificates that he solely attempted service on Geozoning as described above, with no attempted service on co-defendant, Sharleen Mari Greve; nor does Geozoning have any evidence or indication that service upon Ms. Greve has been attempted, much less occurred, nor has she appeared in the action. Accordingly, no consent is required from Ms. Greve to remove this action to federal court. *See, e.g.*

*Lewis v. Rego Co.*, 757 F.2d 66, 68-69 (3d Cir. 1985); *Ogletree v. Barnes*, 851 F. Supp. 184, 187 (E.D. Pa. 1994); *Shadie v. Aventis Pasteur, Inc.*, 254 F.Supp.2d 509, 515 (M.D. Pa. 2003).

5.

As provided under 28 U.S.C. § 1331, U.S. District Courts have removal jurisdiction over "[a]ny civil action of which the district courts of the United States have original jurisdiction under the Constitution, treaties or laws of the United States."

6.

Federal courts answer "the question whether a claim 'arises under' federal law...by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9–10 (1983)). In the instant case, federal question jurisdiction arises based on Plaintiff's assertion of claims under the TCPA and its implementing regulations. Geozoning is therefore removing this case pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), which provides this Court with original jurisdiction, as required by 28 U.S.C. § 1441(b). Because federal law created the sole foundation of these causes of action, these claims arise under federal law. *See Merrell Dow Pharm. Inc.*, 478 U.S. at 808.

7.

Pursuant to 28 U.S.C. § 1367(a), "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Cases which derive from a common nucleus of operative fact are part of the same case or controversy. *See Dominic J. v. Wyoming Valley W. High Sch.*, 362 F.Supp.2d 560, 573 (M.D. Pa. 2005). District courts may decline to exercise supplemental jurisdiction where: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Here, Plaintiff's claims are predominately grounded in the TCPA and its implementing regulations, while all of Plaintiff's claims arise from the same purported phone call and resulting alleged conversations with Defendants. Accordingly, this Court has supplemental jurisdiction over Plaintiff's single state law cause of action contained in Count IV.

8.

Perry County, Pennsylvania is one of the counties comprising the Harrisburg

Division of the Middle District of Pennsylvania. Since this action was originally filed in the Court of Common Pleas of Perry County, Pennsylvania, venue is proper in the Harrisburg Division of the United States District Court of the Middle District of Pennsylvania, in accordance with 28 U.S.C. § 1446(a).

9.

Contemporaneous with the filing of this notice of removal, Geozoning has served a notice of filing notice of removal upon Plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **Exhibit 3**. The original notice, with exhibits, is being filed with the Clerk of the state court in accordance with 28 U.S.C. § 1446(d).

10.

Removal is proper because the Plaintiff's Complaint falls within this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). Plaintiff has brought a civil action for violation of the laws of the United States, specifically of the TCPA, a federal statute and of its regulations, thus invoking the original federal question jurisdiction of this Court. Geozoning has met all procedural requisites for removal, and this notice is timely filed. As such, Geozoning respectfully requests this Court take jurisdiction and conduct all further proceedings in this case.

Respectfully submitted September 21, 2026.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*/s/ Timothy Maffett, Esq.*________________
Timothy Maffett, Esq.
PA Bar No. 331584
100 Light Street, Floor 34
Baltimore, MD 21202
Phone: (410) 862-1058
Fax: (410) 547-0699
tmaffett@bakerdonelson.com
*Counsel for Defendant, Geozoning, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a copy of the foregoing ***Notice of Removal*** with the Clerk of Court using the Court's ECF system and served a copy of same via FedEx priority overnight, addressed as follows:

Eddie D. Gault
4 Knuth Road
Duncannon, PA 17020

Respectfully submitted September 21, 2026.

*/s/ Timothy Maffett, Esq.*________________
Timothy Maffett, Esq.