# COMPOSITE EXHIBIT 2

**Composite Exhibit 2**

FILED
2026 JUN 17 PM 2: 13
PROTHONOTARY
CLERK OF COURTS
PERRY COUNTY PA

IN THE COURT OF COMMON PLEAS OF PERRY COUNTY, PA
CIVIL ACTION - LAW
NO. CV- 2026 - 443

Eddie D. Gault,

PLAINTIFF

V.

Geozoning, Inc. & Sharleen Mari Greve,

DEFENDANTS

**PLAINTIFF'S COMPLAINT**

**PLAINTIFF**

Eddie D. Gault
4 Knuth Road
Duncannon, PA 17020
717-350-8596

**DEFENDANTS**

Geozoning, Inc. c/o
Northwest Registered Agent Service, Inc.
6545 Market Avenue N., Suite 100
North Canton, OH 44721

Sharleen Mari Greve
c/o HealthSherpa
1215 19th St., Ste. 200
Sacramento, CA 95811-4161

CERTIFIED A TRUE COPY
Kim Straub
DEPUTY PROTHONOTARY/CLERK OF COURTS

FILED
2026 AUG 17 PM 2: 13
PROTHONOTARY
CLERK OF COURTS
PERRY COUNTY PA

IN THE COURT OF COMMON PLEAS OF PERRY COUNTY, PA
CIVIL ACTION - LAW
NO. CV- 2026 - 443

Eddie D. Gault,

PLAINTIFF

V.

Geozoning, Inc. & Sharleen Mari Greve,

DEFENDANTS

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth on the following pages, you must take action within twenty (20) days after the Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that, if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may loose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THE OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Pennsylvania Lawyer Referral Serv.
100 South Street, PO Box 186
Harrisburg, PA 17108
800-692-7375
717-238-6807

or

MidPenn Legal Services
213 N. Front Street
Harrisburg, PA 17101
1-800-932-0356

FILED
2026 AUG 7 PM 2:13
PROTHONOTARY
CLERK OF COURTS
PERRY COUNTY PA

IN THE COURT OF COMMON PLEAS OF PERRY COUNTY,
CIVIL ACTION - LAW
NO. CV- 2026 - 443

Eddie D. Gault,

PLAINTIFF

V.

Geozoning, Inc. & Sharleen Mari Greve,

DEFENDANTS

**PLAINTIFF'S COMPLAINT**

1. The Plaintiff is Eddie D. Gault who lives at 4 Knuth Dr., Perry County Duncannon, PA 17020.

2. Defendant Sharleen Mari Greve ("Greve") is believed to be an employee of Geozoning, Inc. T/D/B/A HealthSherpa which is located at 1215 19th St., Ste. 200 Sacramento, CA 95811.

3. Defendant Geozoning, Inc. T/D/B/A HealthSherpa ("Sherpa") is a telemarketing insurance company and has commercial office space located at 1215 19th St., Ste. 200 Sacramento, CA 95811.

4. In violation of the TCPA, Defendants, among other things, initiated or caused to be initiated by subcontractors, marketing people or agents call to the Plaintiff using an automatic telephone dialing system ("ATDS") or some method to generate a prerecorded message (Avatar) in violation of the law relating to the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq ("TCPA").

5. The call received by Plaintiff was directed to Pennsylvania and made to promote

insurance services for the benefit of Defendants.

6. The Plaintiff never consented to receive any call, which was placed to him for telemarketing of insurance products and was received while he was in Perry County, Pennsylvania.

7. This court has subject matter jurisdiction for TCPA cases consistent with *Mims v. Arrow Financial Services, LLC* : 565 U.S. 368 (2012).

8. This court has personal jurisdiction over the Defendants because they engaged in telemarketing by directing calls to Pennsylvania.

9. This court also has personal jurisdiction over Defendants because Greve is licensed to sell insurance in Pennsylvania and brokers for Sherpa. Attached as Exhibit "A" is a Sircon report for Greve which shows her registration with multiple companies in Pennsylvania over various periods of time.

10. Plaintiff states that, in the alternative, the companies that Greve sells insurance for are licensed to do business in this Commonwealth and therefore they have frequent contacts that subject them to the jurisdiction of the Pennsylvania courts.

## BACKGROUND

11. The TCPA makes it unlawful to make any telemarketing call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service." See 47 U.S.C. § 227(b)(1)(A)(iii).

12. Congress has incentivized TCPA enforcement by providing a private cause of action with a statutory fine to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used per Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

15. In 2013, the FCC required prior express written consent for all ATDS/ autodialed and/or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.

16. Plaintiff states that consistent with the FCC rule a consumer's written consent to receive telemarketing calls must be signed and be sufficient to show that the consumer:

a) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and

b) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[]

17. Plaintiff further states that the written consent agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

18. The TCPA's implementing regulations prohibit any company from initiating any

telemarketing call unless the company has implemented certain internal procedures consistent with 47 C.F.R. 64.1200(d)(1)-(6) to include a written "do not call" policy.

19. Said internal procedures found at 47 C.F.R. 64.1200(d)(4) include the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted.

20. These requirements described above apply to calls made to wireless telephone numbers such as the Plaintiff's.

21. Plaintiff contends that telemarketing calls are currently the number one source of consumer complaints at the FCC based on an article written by Tom Wheeler, entitled Cutting Off Robocalls (July 22, 2016) https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls (statement of FCC chairman)

22. Plaintiff states that the New York Times reported on the skyrocketing number of robocall complaints and widespread outrage about illegal telemarketing. Tara Siegel Bernard, Yes, It's Bad. Robocalls, and Their Scams, Are Surging, N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/your-money/robocalls-riseillegal.html; see also Katherine Bindley, Why Are There So Many Robocalls? Here's What You Can Do About Them, Wall St. J. (July 4, 2018), https://www.wsj.com/articles/why-there-are-so-manyrobocalls-heres-what-you- can-do-about-them-1530610203.

23. Plaintiff states that the FCC has explained that its" rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." See In re Rules & Regulations Implementing the TCPA, CC Docket No. 92-

90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

24. In their January 4, 2008 ruling, the FCC reiterated that a company on whose behalf a telephone call is made bears the responsibility for any violations. Id. (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

25. On May 9, 2013, the FCC confirmed this principle in a Declaratory Ruling holding that sellers such as Defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few o*f them is unlikely to make a substantive difference for consumer privacy. May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

26. Plaintiff states that the above May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority and thus agency rules for liability apply:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the

> outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct. 28 FCC Rcd at 6592 (¶ 46).

27. Defendants, by hiring a company or lead generator to make calls on their behalf, manifest assent to another person that the agent shall act on the principals/Defendants' behalf and subject to the principal's control which is as described in the Restatement (Third) of Agency.

28. Plaintiff states that Defendants have vicarious liability for the acts of their caller agents, lead generators and marketing affiliates.

29. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.§ 153 (39).

30. Plaintiff states that Defendants worked in concert in their illegal telemarketing activities and are jointly and severally liable for the violations of the TCPA as pleaded below.

31. The Plaintiff's cell telephone number, 717-350-XXXX is registered to a wireless, cellular telephone service.

32. The Plaintiff's telephone number is his residential telephone number.

**CALL TO PLAINTIFF**

33. On March 26, 2026 at 12:23 PM the Plaintiff received a prerecorded ("Avatar") phone call to his cell phone from foreign sounding agent/caller who indicated his name was Mark and who was offering insurance products.

34. When Plaintiff answered his cell phone display showed 717-573-9429 after which he heard "dead air" and it appeared at that time that no one was on the line after

which an electronic blip was heard and then agent/caller Mark answered the phone.

35. Said phone call, based on the manifestation of "dead air" and the electronic blip that were heard, was indicative of ATDS type phone calls and was made to Plaintiff for the purpose of telemarketing insurance products.

36. When agent/caller Mark spoke to Plaintiff his voice sounded artificial, however, he asked various health questions which Plaintiff answered.

37. At some point during the conversation with the agent/caller Mark Plaintiff was transferred Greve.

38. Greve asked the same questions that agent/caller Mark did, which were questions to determine medical eligibility for insurance.

39. During the phone call mentioned above Greve offered Plaintiff insurance plans and she stated she was from Texas and sold insurance to many clients in Pennsylvania during her employment with Sherpa.

40. Plaintiff believes Defendants have liability for the acts of agent/callers and they are jointly and severally liable in the matters pleaded herein.

**COUNT I**
**VIOLATION OF 47 U.S.C. §§ 227(b)(1)(A)(iii) PRERECORDED CALLS**

41. The Plaintiff incorporates all previous paragraphs as though they were fully set forth herein.

42. The TCPA provides at 47 U. S. C. §227(b) et seq. in pertinent part:

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions - It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or

made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);

(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;

43. The text of the law above indicates it is a violation to make an artificial or prerecorded voice call to a cellular telephone.

44. Defendants' or their agent/caller Mark, for which they have vicarious liability, called Plaintiff at least one time with artificial or prerecorded voice technology in violation of the TCPA and possibly initiated more calls depending on what phone logs would reveal in discovery.

45. The TCPA provides $500.00 damages for a violation of the TCPA law under this Count as relating to artificial or prerecorded voice type calls.

46. Given that the call identified above was made with a Avatar technology and the fact that Defendants used a lead generation system with sophisticated electronics to repeat the same type of calls to various customers, their violation under this count was willful which would entitle Plaintiff to $1,500.00 damages.

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of One Thousand Five Hundred Dollars ($1,500.00) plus the costs of the filing of this suit.

## COUNT II
## VIOLATION OF 64.12000(d) IMPLEMENTING REGULATIONS FAILURE TO MAINTAIN A DO NOT CALL POLICY

47. The Plaintiff incorporates all previous paragraphs as though they were fully set forth herein.

48. By letter dated May 12, 2026, which was sent by first class mail with proof of mailing, Plaintiff requested a copy of Defendants' "do not call" policy which has not been received to date. Attached as Exhibit "B" is a copy of the letter which the U. S. Postal service did not return to Plaintiff as "undeliverable."

49. As of this date, no policy has been received, despite the implementing regulations of the TCPA that require Defendants to (a) maintain such policy and to (b) send the policy upon written request.

50. It is a violation of the TCPA to not send a "do not call" policy when a written request has been made and it is also a violation of the TCPA for a telemarketer to not have a policy in place for their business operations.

51. Defendants' failure to maintain a "do not call" policy as required by the TCPA allows the Plaintiff to seek damages.

52. Defendants' failure to comply with the with the TCPA requirement relating to providing a do not call policy upon written request entitles Plaintiff to $500.00 in statutory damages and given the circumstances it is therefore an intentional violation entitling Plaintiff to $1,500.00 damages.

53. Defendants' failure to not possess a "do not call" policy also entitles Plaintiff to $500.00 in statutory damages and given the circumstances it is therefore an intentional

violation entitling Plaintiff to $1,500.00 damages.

WHEREFORE, Plaintiff demands judgment against Defendants in the amount of Three Thousand Dollars ($3,000.00) plus the costs of the filing of this suit.

**COUNT III**
**VIOLATION OF 47 C.F.R. § 64.1200 ET SEQ.**
**FAILURE TO IDENTIFY CALLER**

54. The Plaintiff incorporates all previous paragraphs as though they were fully set forth herein.

55. Plaintiff states that when he received the call identified and described above on his phone display it did not show the correct information as to who was calling and thus Defendants have failed to properly identify who or what entity was calling.

56. Notwithstanding the above, Plaintiff tried to call back said number without success as the voice recording received from the phone company indicated it was not a working number which is against the requirements of the TCPA because it prohibited the Plaintiff from identifying who was calling.

57. The calling practices explained in the above paragraph was designed to deceive, create confusion and hide the identity as to who was actually calling which created the likelihood of misunderstanding.

58. Plaintiff states that the call made by Defendants and/or their agent/caller has violated, 47 C.F.R. § 64.1200 et seq. that requires identification and various other information which is established pursuant to 47 U.S.C. § 227(c).

59. Plaintiff states that the TCPA through 47 U.S.C. § 227(c) provides for a cause of action which entitles Plaintiff $1,500.00 damages for the violations identified in this Count as the Defendants' failure to identify was a willful violation of the TCPA.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of One Thousand Five Hundred ($1,500.00) plus the costs of this action as well as reasonable attorney's fees.

**COUNT IV**
**VIOLATION OF THE PENNSYLVANIA TELEMARKETER REGISTRATION ACT 73 PA CONS. STAT. § 2241 AND PENNSYLVANIA UNFAIR TRADE AND CONSUMER PROTECTION LAW 73 PS 201 ET SEQ.**

60. The Plaintiff incorporates all previous paragraphs as though they were fully set forth herein.

61. The Pennsylvania Telemarketers Registration Act which is cited as 73 P.S. §2241 ("the Act") makes various requirements on business or entities as well as individuals who do telemarketing in this Commonwealth to include registration and the payment of a bond.

62. Plaintiff believes that Defendants are not registered as telemarketers and are therefore in violation of the Act.

63. If Defendants are not registered as telemarketers, at minimum, they have violated the Act by calling Plaintiff on his cell phone.

64. The Act also states that a violation of its requirements is also a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law which entitles the Plaintiff to make a claim under the aforementioned law.

65. Plaintiff states that, more specifically, the Act also at 73 P.S. §2246 says in pertinent part:

(a) Other law.-- A violation of this act is also a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer

Protection Law.

66. Defendants by failing to be registered under the Act as well as the calling practices of their agents that used alias names and falsely identified the entity for which was calling as explained herein has caused the confusion as to origin as well as who was actually calling which entitles Plaintiff to minimum damages of $200.00 under Unfair Trade Practices and Consumer Protection Law.

67. The Unfair Trade Practices and Consumer Protection Law provides for triple damages for willful violations and given the calling practices explained in this complaint the violations were willful entitling Plaintiff to $600.00 in damages.

WHEREFORE, PLAINTIFF demands judgment against Defendants in the amount of Six Hundred Dollars ($600.00) for the calling practices outlined in this complaint as well as the costs of this action.

With respect

Eddie D. Gault

Eddie D. Gault - Plaintiff
4 Knuth Road
Duncannon, PA 17020
717-350-8596

## Individual Consumer Inquiry for the State of Pennsylvania

Print

**GREVE, SHARLEEN MARIE**
National Producer Number: 20304326

| | |
|---|---|
| **Business Address** | 1215 19TH ST STE 200<br>SACRAMENTO, CA 95811-4161 |
| **Phone** | 855-980-2036 |

### Licenses

| License Type | License Number | Original Issue Date | Status | Effective Date | Expiration Date |
|---|---|---|---|---|---|
| Non-Resident Producer | 1088506 | 09-09-2022 | Active | 09-09-2022 | 12-31-2026 |

**Qualifications (Authorized Lines of Insurance)**

| Qualification Type | Original Issue Date | Status | Effective Date |
|---|---|---|---|
| Accident and Health | 09-09-2022 | Active | 09-09-2022 |

### Affiliations/Appointments

| NAIC | Company Name |
|---|---|
| 63444 | ACCENDO INSURANCE COMPANY |

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Inactive | 09-20-2022 | 02-27-2024 |

| NAIC | Company Name |
|---|---|
| 95109 | AETNA HEALTH INC. |

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 06-20-2024 | |

| NAIC | Company Name |
|---|---|
| 72052 | AETNA HEALTH INSURANCE COMPANY |

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Inactive | 09-26-2022 | 03-07-2024 |

| NAIC | Company Name |
|---|---|
| 60054 | AETNA LIFE INSURANCE COMPANY |

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 01-20-2023 | |

| NAIC | Company Name |
|---|---|
| 11524 | BRAVO HEALTH PENNSYLVANIA, INC. |

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 03-25-2024 | |

| NAIC | Company Name |
|---|---|
| 41203 | CAPITAL ADVANTAGE INSURANCE COMPANY |

EXHIBIT A

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 07-22-2025 | |

54720 CAPITAL BLUE CROSS

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 07-22-2025 | |

12567 CARE IMPROVEMENT PLUS SOUTH CENTRAL INSURANCE COMPANY

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 02-26-2024 | |

80799 CELTIC INSURANCE COMPANY

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Inactive | 03-23-2024 | 12-19-2025 |

67369 CIGNA HEALTH AND LIFE INSURANCE COMPANY

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Inactive | 03-25-2024 | 04-03-2026 |

60984 COMPBENEFITS INSURANCE COMPANY

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 03-27-2024 | |

68500 CONTINENTAL LIFE INSURANCE COMPANY OF BRENTWOOD, TENNESSEE

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Inactive | 03-29-2024 | 12-19-2025 |

17187 DEVOTED HEALTH INSURANCE COMPANY OF PENNSYLVANIA, INC.

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 05-08-2024 | |

17188 DEVOTED HEALTH PLAN OF PENNSYLVANIA, INC.

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 04-15-2024 | |

88595 EMPHESYS INSURANCE COMPANY

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 03-27-2024 | |

96938 GATEWAY HEALTH PLAN, INC.

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|

EXHIBIT A

| | | | |
|---|---|---|---|
| No LOA | Active | 09-12-2025 | |

11102 HEALTHASSURANCE PENNSYLVANIA, INC.

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Inactive | 12-11-2022 | 01-06-2023 |

65269 HEALTHSPRING INSURANCE COMPANY

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 02-13-2025 | |

12902 HEALTHSPRING LIFE & HEALTH INSURANCE COMPANY, INC.

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 09-27-2024 | |

95048 HIGHMARK CHOICE COMPANY

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 09-12-2025 | |

54771 HIGHMARK INC.

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 09-12-2025 | |

15460 HIGHMARK SENIOR HEALTH COMPANY

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 09-12-2025 | |

71768 HM HEALTH INSURANCE COMPANY

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 09-12-2025 | |

60052 HUMANA BENEFIT PLAN OF ILLINOIS, INC.

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 03-27-2024 | |

73288 HUMANA INSURANCE COMPANY

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 03-27-2024 | |

60219 HUMANA INSURANCE COMPANY OF KENTUCKY

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 03-27-2024 | |

95342 HUMANA WISCONSIN HEALTH ORGANIZATION INSURANCE CORPORATION

EXHIBIT A

Appointments

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 03-27-2024 | |

95199 KEYSTONE HEALTH PLAN CENTRAL, INC.

Appointments

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 07-22-2025 | |

65722 LOYAL AMERICAN LIFE INSURANCE COMPANY

Appointments

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 02-13-2025 | |

63762 MEDCO CONTAINMENT LIFE INSURANCE COMPANY

Appointments

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 03-25-2024 | |

31119 MEDICO INSURANCE COMPANY

Appointments

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 04-02-2026 | |

65641 MEDICO LIFE AND HEALTH INSURANCE COMPANY

Appointments

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 04-02-2026 | |

95506 OXFORD HEALTH PLANS (NJ), INC.

Appointments

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 02-26-2024 | |

16041 PENNSYLVANIA HEALTH & WELLNESS, INC.

Appointments

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 03-23-2024 | |

71420 SIERRA HEALTH AND LIFE INSURANCE COMPANY, INC.

Appointments

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 07-07-2024 | |

79413 UNITEDHEALTHCARE INSURANCE COMPANY

Appointments

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 02-26-2024 | |

84549 UNITEDHEALTHCARE INSURANCE COMPANY OF AMERICA

Appointments

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|

EXHIBIT A

| | | | |
|---|---|---|---|
| No LOA | Active | 02-26-2024 | |

95710 UNITEDHEALTHCARE OF WISCONSIN, INC.

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 02-26-2024 | |

10155 WELLCARE PRESCRIPTION INSURANCE, INC.

**Appointments**

| Appointment Type | Status | Active Date | Termination Date |
|---|---|---|---|
| No LOA | Active | 03-23-2024 | |

Revise Inquiry

Home | News | State Information | NAIC Information | Privacy | Terms of Use | Help | FAQ

Copyright © 1998-2026 Sircon Corp. | Get Support | 1500 Abbot Rd Ste.100 | East Lansing, MI 48823

EXHIBIT A

4 Knuth Road
Duncannon, PA 17020
May 12, 2026

Sharleen Mari Greve
c/o HealthSherpa
1215 19th St., Ste. 200
Sacramento, CA 95811-4161

Dear Ms. Greve:

Please provide a copy of your "do-not-call" policy that you have on file for your insurance business.

Thank you for your anticipated response.

Regards,

Eddie D. Gault

Eddie D. Gault

EXHIBIT "B"

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Eddie D. Gault - Plaintiff
4 Knuth Road
Duncannon, PA 17020
717-350-8596

## VERIFICATION

I, Eddie D. Gault, verify that the statements made herein are true to the best of my knowledge and belief. I understand that I am subject to the provisions of Pa. C.S.A. 4904 relating to unsworn statements made to authorities.

Eddie D. Gault - Plaintiff
4 Knuth Road
Duncannon, PA 17020
717-350-8596

## CERTIFICATE OF SERVICE

On August 17, 2026 I served a copy of Plaintiff's Complaint on Defendant listed below by first class mail, postage paid addressed as follows:

Geozoning, Inc.
c/o Northwest Registered Agent Service, Inc.
6545 Market Avenue N., Suite 100
North Canton OH 44721

Eddie D. Gault - Plaintiff
4 Knuth Road
Duncannon, PA 17020
717-350-8596

IN THE COURT OF COMMON PLEAS OF PERRY COUNTY, PA
CIVIL ACTION - LAW
NO. CV- 2026 - 0443

Eddie D. Gault, :

PLAINTIFF

V.

Geozoning, Inc. & Sharleen Mari Greve,

DEFENDANTS

TO THE PROTHONOTARY OF PERRY CO.

FILED
2026 JUN -1 AM 11:05
PROTHONOTARY
CLERK OF COURTS
PERRY COUNTY PA

**PRAECIPE TO ISSUE A WRIT OF SUMMONS**

Please issue a writ of summons in the above case to the named defendant whose address is as follows:

Geozoning, Inc. c/o
Northwest Registered Agent Service, Inc.
6545 Market Avenue N., Suite 100
North Canton OH 44721

Sharleen Mari Greve
c/o HealthSherpa
1215 19th St., Ste. 200
Sacramento, CA 95811-4161

Summons shall be forwarded to Eddie D. Gault - Plaintiff whose address is listed below. Service of process to be made consistent with the rules for out of state defendants.

Eddie D. Gault
4 Knuth Road
Duncannon, PA 17020
717-350-8596

CERTIFIED A TRUE COPY
Kim Straub
DEPUTY PROTHONOTARY/CLERK OF COURTS

IN THE COURT OF COMMON PLEAS OF PERRY COUNTY, PA
CIVIL ACTION - LAW
NO. CV- 2026 - 0443

Eddie D. Gault,

PLAINTIFF

V.

Geozoning, Inc. & Sharleen Mari Greve,

DEFENDANTS

2026 JUN -1 AM 11:05
PROTHONOTARY
CLERK OF COURTS
PERRY COUNTY PA
FILED

**WRIT OF SUMMONS**

To: Geozoning, Inc. & Sharleen Mari Greve

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF HAS COMMENCED A CIVIL ACTION AGAINST YOU.

/S/ Zoe Baird
Prothonotary/Clerk

By Kim Strait
Deputy

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provision of the Public Access Policy of the Unified Judicial System of Pennsylvania; Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents

Eddie D. Gault
Eddie D. Gault
4 Knuth Road
Duncannon, PA 17020
717-350-8596

# CLERK OF COURTS / PROTHONOTARY OF PERRY COUNTY

**Zoe Burd**
*Prothonotary*

| EDDIE D GAULT<br>VS<br>GEOZONING, INC et al. | **CASE NUMBER**<br>CV-2026-0443 |
|---|---|

## Case Participants

**Plaintiff**
EDDIE D GAULT
4 KNUTH RD
DUNCANNON, PA 17020
717-350-8596

**Defendant**
GEOZONING, INC
NORTHWEST REGISTERED AGENT SERVICE, INC
6545 MARKET AVENUE N., SUITE 100
NORTH CANTON, OH 44721

**Defendant**
SHARLEEN MARI GROVE
C/O HEALTHSHERPA
1215 19TH STREET, SUITE 200
SACRAMENTO, CA 95811-4161

## Prothonotary Docket Entries

| Entry | Pages |
|---|---|
| 08/17/2026 02:13 PM<br>PLAINTIFF'S COMPLAINT FILED. COPY TO ATTY. | 21 |
| 06/01/2026 11:05 AM<br>PRAECIPE FOR WRIT OF SUMMONS FILED. COPY TO PETITIONER. | 2 |
| **Total Number of Pages:** | **23** |

CERTIFIED A TRUE COPY
Kim Straub
DEPUTY PROTHONOTARY/CLERK OF COURTS



(c) CountySuite Prothonotary, Teleosoft, Inc.