# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

JANE DOE, et al.,

Plaintiffs,

and

UNITED STATES OF AMERICA,

Plaintiff-Intervenor

v.

SCHUYLKILL COUNTY; GEORGE HALCOVAGE (in his individual capacity); GLENN ROTH (in his individual capacity); GARY BENDER (in his individual capacity); HEIDI ZULA (in her individual capacity); and DOREEN KUTZLER (in her individual capacity)

Defendants.

Case No. 3:21-cv-477-MCC

FILED
HARRISBURG, PA
JAN 17 2022
PER ________
DEPUTY CLERK

# CONSENT DECREE

## I. INTRODUCTION

In its Complaint, Plaintiff-Intervenor United States of America ("United States") has asserted claims against Defendant Schuylkill County ("County") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended ("Title VII"), following receipt by the United States from the Equal

Employment Opportunity Commission ("EEOC") of charges of discrimination filed by the Plaintiffs in this case. In its Complaint, the United States alleged that the County subjected the Plaintiffs to discrimination on the basis of sex, in violation of § 703(a) of Title VII, by subjecting them to severe and pervasive sexual harassment that adversely affected the terms, conditions, and privileges of their employment. The United States' Complaint also alleged that the County retaliated against the Plaintiffs in violation of Title VII. This Court has jurisdiction over the United States' claims under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345.

The County denies it has discriminated or retaliated against the Plaintiffs in violation of Title VII. Nevertheless, the United States and the County (the "parties"), desiring that the United States' claims be settled by an appropriate Consent Decree ("Decree"), and to avoid the burden and risks of protracted litigation, agree to the jurisdiction of this Court over the parties and the subject matter of this action. This Decree, being entered into with the consent of the United States and the County, shall in no way constitute an adjudication or finding on the merits of any claims asserted in this case against the County, nor be construed as an admission by the County or a finding of wrongdoing or violation by the County of any applicable federal or state law or regulation. Furthermore, this Decree does not address or have any effect on the Plaintiffs' claims against the

County or any other Defendant.

In resolution of this action, the United States and the County hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS, the following:

## II. DEFINITIONS

1. "Days" refers to calendar days. If any deadline referenced in this Decree falls on a weekend or federal holiday, the deadline will be moved to the next business day.

2. "Effective Date" and "date of entry" of this Decree refer to the date the Court issues an Order approving this Decree.

3. Throughout this Decree, the term "prohibited forms of harassment" refers to harassment on the basis of any protected trait covered by Title VII. "Prohibited forms of harassment" is not confined only to harassment that is so severe or pervasive as to create a hostile work environment under Title VII. By defining the term this way, the County has an opportunity to learn of and address harassment before it creates a hostile work environment.

4. Throughout this Decree, unless otherwise indicated, the term "retaliation" refers to acts of retaliation taken because an individual engaged in activity protected by Title VII. The term "retaliation" includes acts that do not necessarily rise to the level of adversity necessary for the retaliatory act to violate

Title VII. By defining the term this way, the County can learn of and address retaliation before it violates Title VII.

5. Throughout this Decree, the term "supervisor" shall mean (a) any employee who possesses the authority to direct the work activities of one or more other employees and (b) any employee who has the authority to hire, fire, promote, transfer, or discipline another employee.

6. Throughout this Decree, the term "complaints of prohibited forms of harassment and/or retaliation" include both (i) complaints from employees and (ii) reports by supervisors to the EEO Officer of prohibited forms of harassment or retaliation that the supervisor learned of in the absence of a complaint.

## III. EQUITABLE RELIEF

7. The County, by and through its officials, agents, employees, and all persons in active concert or participation with the County in the performance of employment or personnel functions, shall not engage in any act or practice that (a) discriminates against any employee or applicant on the basis of sex in violation of Title VII or (b) constitutes retaliation in violation of Title VII. Nothing in this Decree shall be interpreted in a manner that relieves the County of any obligations it has under Title VII or to permit it to engage in any actions prohibited by Title VII.

8. Within 30 days from the date of entry of this Decree, the County shall select an employee to serve as its Equal Employment Opportunity ("EEO") Officer and inform the United States of the selection. The County's selection is subject to approval by the United States and such approval will not be unreasonably withheld. The United States will inform the County whether it approves of the County's selection for the EEO Officer position within 30 days after it is notified of the selection. If there is a dispute over the selection, the dispute will be resolved through the Dispute Resolution procedure in Section V of this Decree.

9. The EEO Officer shall ensure that the County implements the relief required by this Decree. The EEO Officer shall also ensure that investigations of prohibited forms of harassment and retaliation are investigated in accordance with the terms of this Decree.

a. Unless the EEO Officer has already undergone such training, within 90 days from the date of entry of this Decree or resolution of any dispute over the selection of the EEO Officer, whichever is later, the EEO Officer must undergo a minimum 32-hour training course that meets the EEOC's training requirements for EEO Investigators as set forth in EEOC Management Directive 110, Ch. 6 § II (https://www.eeoc.gov/federal-sector/management-

directive/chapter-6-development-impartial-and-appropriate-factual-records).

b. The EEO Officer must undergo a minimum additional 8 hours of training annually that meets the EEOC's training requirements for EEO Investigators, as set forth in EEOC Management Directive 110, Ch. 6 § II.

10. Within 45 days from the date of entry of this Decree, the County shall select and retain, at its own expense, a Consultant from a list of four consultants that the United States has provided to the County. The consultants on the list that the United States provided to the County all have expertise in crafting anti-harassment and anti-retaliation employment policies and conducting anti-harassment and anti-retaliation training.

11. The Consultant shall have the right to request any information or documents from the County to conduct their work, and such information and documents shall not be unreasonably withheld by the County. The Consultant shall also have the right to communicate with County employees (including elected officials) or contractors, such as in focus groups or through direct communications, and the County shall not unreasonably impede the Consultant's ability to communicate with these individuals. Should a dispute arise because of the

County's failure to provide the Consultant with information or documents or because the County has unreasonably impeded access to employees or contractors, the dispute shall be resolved through the Dispute Resolution provisions of this Decree contained in Section V of this Decree. If there are no such disputes, the County shall produce the requested information or documents or grant access to employees or contractors without further order from this Court.

12. The Consultant will perform the following tasks and take the County's and United States' input into account while performing them:

a. Within 240 days from the date of entry of this Decree, the Consultant will design a workplace climate survey, to be administered to all County employees, that gathers information about harassment and retaliation in the workplace (the "initial climate survey"). The Consultant will provide the County and the United States with the initial climate survey and the Consultant's plan for administering the survey within 240 days from the date of entry of this Decree. The United States and the County will have 30 days to review and comment on the initial climate survey and the Consultant's plan for administering the survey. At the end of this 30-day period, if they have any comments, the County and the

United States must share their comments with the Consultant and each other. If the Consultant declines to make changes to the initial climate survey or plan for administering the survey in response to comments from the County or the United States, the County or the United States may raise an objection with the Court pursuant to the Dispute Resolution process in this Decree. If there is no objection from the County or the United States to the initial climate survey or plan for administering the survey, the Consultant will conduct the initial climate survey within 45 days of the deadline for the United States and the County to submit comments to the Consultant. If there is an objection from the County or the United States to the initial climate survey or plan for administering the survey, the Consultant will administer the initial climate survey within 45 days following the resolution of any dispute over the survey.

b. Within 90 days of receipt of the initial climate survey report pursuant to Paragraph 12(e), the County may object to the need for or design of additional climate surveys pursuant to the Dispute Resolution process in this Decree.

c. If and when the Consultant determines it is appropriate to do so,

and unless the Court has ordered or the County and United States have agreed otherwise, the Consultant will design additional climate surveys. The County and the United States will have 30 days to review and comment on these additional climate surveys as well as the Consultant's plan for administering the surveys before they are administered. At the end of this 30-day period, if they have any comments, the County and the United States must share their comments with the Consultant and each other. The Consultant will conduct the additional climate surveys within either 45 days of the deadline for the United States and the County to submit comments to the Consultant, or 45 days following the resolution of any dispute over the climate surveys (pursuant to the Dispute Resolution process in this Decree) whichever is later. The Consultant will then provide the County and the United States with a summary and analysis of the results from the additional climate surveys within 90 days of administering them.

d. While the Consultant designs the initial climate survey and any additional climate surveys, they shall give the County and the United States status reports on their progress at least every 90 days.

e. Within 90 days after the Consultant obtains the results from the initial climate survey, the Consultant will provide a report to the County and the United States containing a summary and analysis of the survey's results, along with the Consultant's recommendations for reforms to the County's policies and practices so that the County uses best practices for preventing and correcting prohibited forms of harassment and retaliation against employees (the "Consultant's report").

f. The Consultant's report shall, at a minimum, include recommendations, draft policies, and draft training materials to implement the following:

<u>General Policy Reforms</u>

i. The County shall have policies addressing prohibited forms of harassment and retaliation.

ii. The County must have an anti-retaliation policy, which states, among other things, that individuals who complain of prohibited forms of harassment and/or retaliation will not have the terms or conditions of their employment altered in a way that might dissuade a reasonable

employee from making a complaint.

Complaint and Investigation Procedures

iii. The County's policies must describe the manner in which employees may complain of prohibited forms of harassment and/or retaliation, including but not limited to, (A) multiple options for where to file a complaint including, but not limited to, the employee's direct supervisor; (B) the option to complain to someone outside of an employee's chain of command, including to human resources; (C) options to complain anonymously such as through a telephone number or online portal; (D) the option to complain either in writing or orally; and (E) the option to complain outside of the County, including to the EEOC. The County's policies may explain the importance of reporting prohibited forms of harassment and/or retaliation to the County so that it can remedy any prohibited forms of harassment and/or retaliation.

iv. Individuals who complain of prohibited forms of harassment and/or retaliation shall not have to confront

the individual(s) they complain of harassing and/or retaliating against them as part of making a complaint or the investigation of the harassment and/or retaliation complaint.

v. Employees who need to take time away from their normal work duties in order to participate in an investigation of alleged prohibited forms of harassment and/or retaliation shall not lose compensation that they normally would have earned had they been performing their normal work duties and they shall not be required to use leave to participate in the investigation. An employee is deemed to need to take time away from their normal work duties in order to participate in an investigation if (a) the County asks them to participate in the investigation; (b) a government agency asks them to participate in the investigation; or (c) they are served with a subpoena or some other lawful demand that they appear someplace to participate in an investigation.

vi. All complaints of prohibited forms of harassment and/or

retaliation must be documented either by the complainant or, if the complainant decides not to make a written complaint, by the County.

vii. Supervisors must promptly report to the County's EEO Officer any prohibited forms of harassment and/or retaliation they observe, hear about, or learn about through an employee complaint or otherwise.

viii. Supervisors who fail to appropriately report prohibited forms of harassment and/or retaliation to the EEO Officer will be subject to discipline as permitted by law.

ix. The County shall promptly and appropriately respond to all complaints of prohibited forms of harassment and/or retaliation. The County's response shall include documenting the complaint, conducting an investigation, interviewing relevant parties, considering all available information relevant to the complaint, drafting an investigative report, and taking appropriate corrective action, including disciplining harassers or retaliators. If the County, after it receives a complaint, does not have

sufficient information to enable it to investigate the complaint, it shall explain to the complainant, in writing, what additional information it would need to conduct an investigation, ask the complainant to provide that additional information, and give the complainant a reasonable amount of time to provide additional information. If, after the complainant has had a reasonable amount of time to provide more information, the County still does not have sufficient information to enable it to perform an investigation, it shall inform the complainant that it cannot perform an investigation and it will not be able to conduct an investigation unless and until it receives sufficient information.

x. The County shall have an investigative process for complaints of prohibited forms of harassment and/or retaliation that includes written procedures for a prompt, thorough, and objective investigation of such complaints. The investigative process shall include determining whether the alleged harasser or retaliator has any prior

harassment and/or retaliation complaints against them from County employees and also attempting to determine whether anyone else, other than County employees, has made harassment or retaliation complaints against the alleged harasser or retaliator. The written procedures shall also describe the standards and criteria that must be considered when making findings at the conclusion of the investigation.

xi. Individuals who investigate complaints of prohibited forms of harassment and/or retaliation shall not be under the direct or indirect supervision of the alleged harasser or retaliator. The County may retain an outside investigator – who the County does not employ and who is not supervised by any County officials – to conduct investigations in order to comply with this requirement. For example, the County may need to retain an outside investigator if a high-level official, like a Commissioner, is the alleged harasser or retaliator.

xii. All investigations of complaints of prohibited forms of

harassment and/or retaliation must include a written report of how the investigation was conducted, the findings from the investigation, and the steps taken to remedy any harassment or retaliation found during the investigation. The County shall store these reports in an electronic manner so they are searchable.

xiii. The County must provide written information to individuals who complain of prohibited forms of harassment and/or retaliation about the process the County will take to investigate and address the complaint. At the conclusion of the investigation of the complaint, the County must inform the complainant, in writing, of its investigative findings along with a summary of the information gathered during the investigation and all actions taken as a result of the investigation. The County may withhold certain details related to the investigation from the complainant only if necessary to protect the privacy of individuals other than the alleged harasser or retaliator. If any detail is withheld,

the County shall provide the complainant with a general description of the information withheld and the specific privacy concern.

xiv. The County shall promptly complete investigations of prohibited forms of harassment and/or retaliation. In the draft policy that the Consultant prepares, the Consultant will propose a timeframe for the completion of investigations. The draft policy will also indicate that if the County requires longer than the time period prescribed in the draft policy to complete an investigation, the County must explain, in writing, to the complainant(s) who triggered the investigation, if there were any such complainants, why the investigation will take longer to complete than the time period specified in the policy.

Required Remedial Actions

xv. The County's policy shall identify multiple options for disciplining individuals who engage in prohibited forms of harassment and/or retaliation, including actions

involving County Commissioners, as permitted by law.

xvi. The County's policy will also indicate that if an individual assigned by the County to investigate an elected official determines that (a) the elected official has engaged in prohibited forms of harassment and/or retaliation, and (b) if the person were not an elected official, they should be subject to discipline under the County's disciplinary policy then, unless the elected official resigns from their elected position within 10 days of receiving notice of the investigator's determinations, the County must immediately report the investigator's determinations to the Pennsylvania House of Representatives, which is responsible under state law for initiating impeachment proceedings.

Training

xvii. The Consultant's report shall include content and materials for training sessions for County employees, which will cover the topics of prohibited forms of harassment and retaliation.

xviii. The Consultant's report shall include content and materials for training sessions for County supervisors, which shall be separate and apart from the training conducted for employees. The training for County supervisors will cover the same content as that of the employee training, but shall also cover specific additional duties relevant to supervisors, such as a duty to report harassment and/or retaliation.

xix. The Consultant's report shall include content and materials for training sessions on conducting workplace investigations for any employees who will be conducting such investigations.

xx. The Consultant's report shall also describe the frequency, length, and means for conducting the training sessions and how the employees may evaluate the training sessions.

13. To the extent the County or the United States objects to any recommendations, draft policies, or draft training materials contained in the Consultant's report, they shall provide their objections, in writing, to the other

party no later than 45 days after receiving the Consultant's report. If the United States and the County cannot reach agreement on whether to accept, reject, or modify a recommendation that the County or the United States objects to, the Dispute Resolution provisions of this Decree will be utilized to resolve the dispute.

14. Within 30 days after the deadline to object to the Consultant's report, or 30 days following the resolution of any disputes regarding the Consultant's report, whichever is later, the County shall adopt policies consistent with those recommended in the Consultant's report and any modifications that are made due to the resolution of any disputes over the report.

a. Within 14 days after the County adopts these new policies, it will disseminate those new policies to all County employees.

b. When the County disseminates the new policies to all County employees, it will include a written statement from the County Commissioners about the importance of having a workplace free of prohibited forms of harassment and retaliation.

c. The County will provide written notification to the United States that it has complied with this paragraph within 7 days after it has fully complied.

d. This Decree requires the County to comply with these new

policies.

15. Within 30 days after the County adopts the new policies described in Paragraph 14 the County shall begin to conduct training sessions for all of its employees and supervisors consistent with the Consultant's report or, if there is a dispute over some of the Consultant's recommendations in the report, consistent with how those recommendations are modified after the resolution of any dispute.

a. The County shall require all of its employees to attend training on the issues of prohibited forms of harassment and retaliation at least every 9 months and the trainings will alternate between live and computer-based trainings.

b. The County shall require all of its supervisors to attend training on the issues of prohibited forms of harassment and retaliation, as well as supervisor duties related to harassment and retaliation, at least every 9 months and the trainings will alternate between live and computer-based trainings.

c. The County shall require all employees who conduct workplace investigations to attend training on conducting such investigations at least once per year.

d. On an annual basis, the County Commissioners will speak to all

employees and all supervisors during at least one of the employees' and at least one of the supervisors' live training sessions about the importance of maintaining a workplace free from prohibited forms of harassment and retaliation. A recorded speech from the Commissioners on the importance of maintaining a workplace free from prohibited forms of harassment and retaliation will be shown during the computer-based trainings.

e. The County will ask its employees and supervisors to evaluate the training consistent with the Consultant's report or, if there is a dispute over some of the Consultant's recommendations in the report, consistent with how those recommendations are modified after the resolution of any dispute.

f. Within 7 days after each training, the County shall inform the United States, in writing, that it has conducted a training.

16. The County shall take all legally permissible actions to impose the following requirements on Commissioner Halcovage, and shall enforce these requirements as permitted by law should he violate them:

a. Commissioner Halcovage shall not abuse, harass, stalk, or threaten the Jane Doe Plaintiffs in any place where they might be found.

b. Commissioner Halcovage shall not directly contact the Jane Doe Plaintiffs by telephone or by any other means and any contact between Commissioner Halcovage and the Jane Doe Plaintiffs which is necessitated by the Jane Doe Plaintiffs' employment shall be accomplished by a third party.

c. Commissioner Halcovage shall comply with both the Pennsylvania Public Official and Employee Ethics Act and the County's Ethics Policy[1] when the County Board of Commissioners votes on matters which impact any of the Jane Doe Plaintiffs.

d. Commissioner Halcovage shall undergo personal training on sexual harassment and retaliation which will be developed and administered by the Consultant that the County retains pursuant to paragraph 10 above. Commissioner Halcovage will receive this training within 90 days from the date of entry of this Decree.

e. Notwithstanding the limits on his activities set forth in Paragraphs 16(a)-(d), this Decree does not require the County to restrict Commissioner Halcovage's access to any portions of its premises

[1] The County's Ethics Policy is on its website here: http://www.co.schuylkill.pa.us/Offices/HumanResources/PolicyProcedures/Ethics2006-03.pdf (visited Jan. 6, 2023).

except (i) the County must enforce the restrictions it has already imposed which are described in the letters from the County attached as Exhibit 1 and (ii) Commissioner Halcovage may not enter the offices of the County Departments where any of the Plaintiffs are employed, which currently include the Tax Claim Bureau and Tax Assessment Office.

f. Notwithstanding the requirements of this paragraph, the County must comply with Title VII when it assigns the Jane Doe Plaintiffs to work locations and/or when it makes any other decisions regarding the terms and conditions of their employment. The County may not, for instance, impose on the Jane Doe Plaintiffs a "materially adverse" schedule change so that they do not come into contact with Commissioner Halcovage. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

g. If during the period of this Decree Commissioner Halcovage ceases to be an elected County official, the County shall not permit him to enter the offices of the County Departments where any of the Plaintiffs are employed, which currently include the Tax Claim Bureau and Tax Assessment Office.

h. Notwithstanding anything contained in this paragraph to the contrary, the inclusion of the requirements does not in and of itself create a presumption or implication that enforcement of these requirements is legally permissible.

## III. INDIVIDUAL RELIEF

17. The United States' entry into this Consent Decree recognizes and is predicated on the County's prior offers of judgment, which provided for $850,000 in monetary relief to the four Jane Doe Plaintiffs, plus additional amounts for their attorneys' fees and costs.

## IV. COMPLIANCE MONITORING

18. For the duration of this Decree, the County will send reports to the United States every 120 days identifying all complaints of prohibited forms of harassment and/or retaliation, including sexual harassment and retaliatory harassment, that it received internally or was notified of by the Pennsylvania Human Relations Commission or the EEOC. The first report is due 120 days after the entry of this Decree with a report due every 120 days after that for the duration of the Decree. At a minimum, the reports provided to the United States shall include the following for all complaints:

a. the date of the complaint and the date the County commenced its

investigation of the complaint;

b. whether the complaint was oral or written;

c. the written documentation of the complaint that the complainant or the County prepared in accordance with the County's new policies;

d. the names and titles of the individuals who conducted or are conducting the investigation, the dates the investigation commenced and concluded, and the steps taken during the investigation;

e. if an investigation is ongoing, the stage of the investigation, the names of individuals interviewed, and an estimate of when the investigation is expected to conclude;

f. the findings of the investigation and nature of any corrective action taken or discipline given;

g. all documents generated as a result of the investigation including, but not limited to, investigative reports and written communications with complainants; and

h. any discipline or corrective action imposed as a result of the investigation.

19. Upon the request of the United States, the County will produce

additional documents and information relating to any complaint of prohibited forms of harassment and/or retaliation. The County will also make its employees available for interviews with the United States if the United States requests to speak with employees about any complaints of prohibited forms of harassment and/or retaliation.

20. During the term of the Decree, the County will retain all documents related to any complaints of prohibited forms of harassment and/or retaliation. These documents include, but are not limited to, complaints, investigative notes, investigative reports, communications with complainants, and discipline imposed as a result of complaints.

21. The United States may review the County's compliance with this Decree at any time and, accordingly, the County shall respond to the United States' requests for information, documents, and/or witness interviews within 14 days of any such request from the United States. The County shall produce the requested information, documents, and witnesses without further order from this Court.

## V. DISPUTE RESOLUTION

22. The parties to this Decree shall attempt to resolve informally any disputes that may occur under this Decree. If the parties are unable to reach agreement after informally seeking to resolve a dispute, the issue may be submitted

by any party to the Court for resolution upon at least 30 days written notice to the other party to this Decree.

23. In the event there is a dispute regarding the County's satisfaction of any of the terms set forth in this Decree, the United States may present that dispute to the Court for resolution provided that it first complies with the procedure in paragraph 22.

24. No parties to this litigation other than the County and the United States may utilize this Dispute Resolution process.

## VI. CONTACTS FOR THE PARTIES

25. All documents required to be delivered under this Decree to the United States shall be sent to Senior Trial Attorneys Allan Townsend and Amber Fox. To the extent possible, documents shall be sent via email to Allan.Townsend2@usdoj.gov and Amber.Fox@usdoj.gov or through the Department of Justice's electronic file transfer system (JEFS). If the documents cannot be sent via email or JEFS, they may be sent to the following address via an express delivery service:

Allan Townsend
Amber Fox
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section

4 Constitution Square
150 M Street, NE
Washington, DC 20530

26. All documents required to be delivered under this Decree to the County shall be delivered to the County Administrator.

27. All documents required to be delivered under this Decree to the Plaintiffs shall be sent to their counsel at the contact information their counsel has provided to the Court in this matter.

## VII. JURISDICTION OF THE COURT AND DURATION OF THE DECREE

28. The Court shall retain jurisdiction over this Decree for the purpose of resolving any disputes or entering any orders that may be necessary to implement the relief provided in the Decree. At the end of 3 years from the date of entry of this Decree, this Decree shall be dissolved and this action dismissed without further order of the Court.

## VIII. MODIFICATION OF THE DECREE

29. This Decree constitutes the entire agreement and all commitments between the United States and the County in connection with this case.

30. The United States and the County may agree to modifications of the time limits for the specific performance of the provisions set forth in the Decree

without Court approval. The United States and the County may agree to other modifications of the provisions of the Decree only with approval of the Court.

## IX. GENERAL PROVISIONS

31. If any provision of this Decree is found to be unlawful, only the specific provision in question will be affected and the other provisions will remain in full force and effect.

32. The parties shall bear their own costs, expenses, and attorney's fees in this action, including the costs of compliance and monitoring.

33. Between the date that the Parties execute the Decree, indicating their agreement with its terms, and the date that the Court enters the Decree, the County agrees not to take any materially adverse actions against any of the Jane Doe Plaintiffs. Any breach of this provision shall be resolved under the Dispute Resolution section of this Decree (Section V) once fully executed.

It is so ORDERED, this 17th day of January, 2023.

Martin C. Carlson

MARTIN C. CARLSON
UNITED STATES MAGISTRATE JUDGE

AGREED AND CONSENTED TO:

For Plaintiff United States of America:

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

KAREN D. WOODARD (MD Bar, no number issued)
Chief
Employment Litigation Section
Civil Rights Division

VALERIE L. MEYER (AZ Bar No. 023737)
Deputy Chief
Employment Litigation Section
Civil Rights Division

Allan T

________________________________ January 13, 2023

ALLAN K. TOWNSEND (ME Bar No. 9347)
AMBER TRZINSKI FOX (CA Bar No. 279380)
Senior Trial Attorneys
Civil Rights Division
Employment Litigation Section
U.S. Department of Justice
4 Constitution Square
150 M Street, NE
Washington, DC 20530
Phone: (202) 353-5343
Fax: (202) 514-1005
Allan.Townsend2@usdoj.gov
Amber.Fox@usdoj.gov

GERARD M. KARAM
United States Attorney

Dated: January 13, 2023

Michael J. Butler
Assistant United States Attorney
Civil Rights Coordinator
PA 81799
228 Walnut Street, 2d Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
Tel: (717) 221-4482
Fax: (717) 221-2246
Michael.J.Butler@usdoj.gov

Attorneys for Plaintiff-Intervenor
United States of America

For Defendant Schuylkill County:

SCHUYLKILL COUNTY BOARD OF COMMISSIONERS:

Barron L. Hetherington — Date: 1-11-2023

VOTED "NO" — Date: 1-11-2023
George F. Halcovage, Jr.

Gary J. Hess — Date: 1-11-2023