IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KWAME JACKSON<br>2016 Rosedale Street, NE, Apt 3<br>Washington, DC 20002 | : | |
| Plaintiff | : | DOCKET NO.: ____________ |
| v. | : | JURY TRIAL DEMANDED |
| GREYHOUND LINES, INC.<br>PO Box 660362<br>Dallas, TX 75266 | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**COMPLAINT**

NOW COMES the Plaintiff, Kwame Jackson, by and through his attorneys, Abrahamsen, Conaboy & Abrahamsen, P.C., and hereby complains of the above-referenced Defendant, as follows:

**JURISDICTION**

1. This Court has subject matter Jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that the Plaintiff has diverse citizenship from the Defendant and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

**VENUE**

2. Venue is proper with this Honorable Court because the Defendant regularly engages in transactions and engages in significant business in the Middle

District of Pennsylvania, the accident that gives rise to this claim occurred within the Middle District of Pennsylvania, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## PARTIES

3. The Plaintiff, Kwame Jackson, is an adult and competent individual currently residing at 2016 Rosedale Street, NE, Apt 3, Washington DC, 20002, and is a citizen of the District of Columbia.

4. The Defendant, Greyhound Lines, Inc., (hereinafter "Greyhound"), maintains a principal place of business at PO Box 660362, Dallas, TX 75266, and is a citizen of the State of Texas.

5. The Defendant, Greyhound, is a business entity authorized to conduct business and issue policies of vehicular insurance within the Commonwealth of Pennsylvania.

## FACTS

6. On or about February 20, 2026, the Plaintiff Plaintiff, Kwame Jackson, was a passenger on Greyhound bus US0164 on Dwight D. Eisenhower Highway near Interstate Route I-70 Warfordsburg, Mile Marker 175, in Fulton County, Pennsylvania when the bus hit a boulder in the roadway, causing a collision, and thereby causing the Plaintiff, serious bodily injuries.

7. As a direct and proximate result of the negligence and carelessness of the bus driver, the Plaintiff has suffered and continues to suffer serious and permanent injuries including but not limited to injury to his back.

8. Furthermore, as a direct and proximate result of the negligence and carelessness of the bus driver, the Plaintiff has been, or will be, obliged to receive and undergo medical attention and care and to spend various sums of money to pay expenses.

9. As a direct and proximate result of the negligence and carelessness of the bus driver, the Plaintiff has suffered great physical pain and anguish, a severe shock to the nervous system, humiliation and embarrassment, loss of life's pleasures, and may continue to suffer the same for an indefinite time into the future.

10. As a direct and proximate result of the negligence and carelessness of the bus driver, the Plaintiff, was unable and will be unable in the future to attend to his usual daily activities, and sustained a loss of earnings and earning impairment, all to his detriment and loss.

**COUNT I**

**Kwame Jackson v. Greyhound Lines, Inc.**

**NEGLIGENCE**

11. The Plaintiff incorporates by reference the allegations contained in

Paragraphs 1 though 10 of the Complaint as though the same were set forth herein at length.

12. As a common carrier, Defendant, owed Plaintiff the highest degree of care practicable under the circumstances including the duty to operate, maintain and control its buses safely so as to avoid unnecessary danger to passengers.

13. The negligence and carelessness of the Defendant, Greyhound, consisted of the following:

(a) in failing to keep the motor vehicle under proper and adequate control;

(b) in failing to operate a motor vehicle with due regard for the rights and safety of the Plaintiff herein;

(c) in failing to maintain a proper and adequate lookout for other vehicles;

(d) in traveling at an excessive rate of speed under the circumstances;

(e) in failing to abide by the traffic ordinances of Fulton County and the Statutes of the Commonwealth of Pennsylvania;

(f) in failing to maintain a proper lookout for obstructions in the roadway;

(g) in failing to properly train and supervise its operator; and,

(h) in failing to adhere to safe operating practices.

14. The violent jerk and jolt experienced by the Plaintiff was of such unusual

and extraordinary force that it would not have occurred absent negligence by the Defendant.

15. As a direct and proximate result of the negligence and carelessness of the Defendant, Greyhound, as hereinabove more particularly described, Plaintiff, Kwame Jackson, has suffered and continues to suffer serious and permanent injuries including but not limited to a back injury, as well as other various injuries, bruises and contusions about his body, all of which may be permanent in nature.

16. Furthermore, as a direct and proximate result of the above mentioned accident, the Plaintiff has been, or will be, obliged to receive and undergo medical attention and care and to expend various sums of money to pay expenses which have or may exceed the sum recoverable under the limits in 75 Pa. C.S.A. § 1711 and may be obliged to expend such sums or incur such expenditures for an indefinite time in the future.

17. As a direct and proximate result of the above-referenced accident, Plaintiff has suffered great physical pain and anguish, a severe shock to the nervous system, humiliation and embarrassment, loss of life's pleasures and disfigurement and may continue to suffer the same for an indefinite time in the future.

18. As a further result, Plaintiff was unable, and will be unable in the future to attend to his usual daily activities and occupations, and has suffered a permanent

impairment of his earning power, and loss of earnings, all to his detriment and loss.

WHEREFORE, the Plaintiff, Kwame Jackson, demands judgement in his favor against the Defendant, Greyhound Lines, Inc., in an amount in excess of the jurisdictional limit regarding diversity jurisdiction, plus interest and costs.

**COUNT II**

**Kwame Jackson v. Greyhound Lines, Inc.**

**NEGLIGENT HIRING, TRAINING AND SUPERVISION**

19. The Plaintiff incorporates by reference the allegations contained in Paragraphs 1 though 18 of the Complaint as though the same were set forth herein at length.

20. Defendant had a duty to hire, train, supervise and retain competent operators capable of exercising the high degree of care required of common carriers.

21. Defendant breached this duty by failing to properly train and supervise its operators by permitting unsafe operating practices, and by failing to implement necessary safety policies.

22. The violent jerk and jolt experienced by the Plaintiff was of such unusual and extraordinary force that it would not have occurred absent negligence by the Defendant.

23. As a direct and proximate result of the negligence and carelessness of the

Defendant, Greyhound, as hereinabove more particularly described, Plaintiff, Kwame Jackson, has suffered and continues to suffer serious and permanent injuries including but not limited to a back injury, as well as other various injuries, bruises and contusions about his body, all of which may be permanent in nature.

24. Furthermore, as a direct and proximate result of the above mentioned accident, the Plaintiff has been, or will be, obliged to receive and undergo medical attention and care and to expend various sums of money to pay expenses which have or may exceed the sum recoverable under the limits in 75 Pa. C.S.A. § 1711 and may be obliged to expend such sums or incur such expenditures for an indefinite time in the future.

25. As a direct and proximate result of the above-referenced accident, Plaintiff has suffered great physical pain and anguish, a severe shock to the nervous system, humiliation and embarrassment, loss of life's pleasures and disfigurement and may continue to suffer the same for an indefinite time in the future.

26. As a further result, Plaintiff was unable, and will be unable in the future to attend to his usual daily activities and occupations, and has suffered a permanent impairment of his earning power, and loss of earnings, all to his detriment and loss.

WHEREFORE, the Plaintiff, Kwame Jackson, demands judgement in his favor against the Defendant, Greyhound Lines, Inc., in an amount in excess of the

jurisdictional limit regarding diversity jurisdiction, plus interest and costs.

Respectfully Submitted,

Abrahamsen, Conaboy & Abrahamsen, P.C.

By: *Edwin A. Abrahamsen, Jr.*

Edwin A. Abrahamsen, Jr., Esquire
Attorney ID No.: 92851
255 East Grove Street, 2nd Floor
Clarks Summit, PA 18411
(570) 348-0200
cabrahamsen@law-aca.com