**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BERNARD JOHNSON, | ) | |
| *Complainant*, | ) | |
| v. | ) | Case No.: |
| HUNTINGDON MEATS, LLC D/B/A ARBY'S, | ) | |
| *Defendant*. | ) | |

**COMPLAINT IN CIVIL ACTION**

Plaintiff, Bernard Johnson, through the undersigned counsel, now files this Complaint in Civil Action averring as follows:

**PARTIES**

1. Plaintiff, Bernard Johnson ("Plaintiff"), is an adult individual who resides in Huntingdon, Pennsylvania. Plaintiff was born in 1984 and, at all times relevant hereto, was at least 40 years old.

2. Defendant, Huntingdon Meats, LLC d/b/a Arby's ("Defendant"), is an employer and company that operated a franchised Arby's restaurant located at 9635 William Penn Highway, Huntingdon, Pennsylvania 16652 (the "Restaurant").

**JURISDICTION AND VENUE**

3. This Court possesses subject matter jurisdiction over this matter ("Federal Question Jurisdiction"), because the claims implicate a federal question as they arise under federal law. 28 U.S.C. § 1331.

4. Specifically, Plaintiff brings claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (the "ADEA") and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA") (the "Federal Law Claims"),

5. Plaintiff is also advancing claims under the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq*. (the "PHRA"), the Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* (the "MWA"), the Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq*. (the "WPCL"), and defamation (collectively, the "State Law Claims").

6. Federal district courts have supplemental jurisdiction over state law claims when they form part of the same case or controversy as federal law claims. See 28 U.S.C. § 1367(a).

7. This Court may exercise supplemental jurisdiction over the State Law Claims because they form part of the same case or controversy as the Federal Law Claims. *Id*.

**A. This Court Possesses Personal Jurisdiction Over Defendant.**

8. Federal district courts may exercise general personal jurisdiction over corporate defendants in a state where they are "fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

9. A corporate defendant is at home in the states where they are incorporated or maintain their principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

10. A corporation incorporated in Pennsylvania is a domestic business corporation. 15 Pa.C.S. § 102(a).

11. Defendant is therefore "fairly regarded as at home" in Pennsylvania because they are incorporated in it and this Court may exercise jurisdiction over Defendant. *Daimler AG*, 571 U.S. at 137.

**B. The United States District Court for the Middle District of Pennsylvania is the Appropriate Venue for this Action**

12. Venue is proper in the "judicial district where a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2).

13. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Huntingdon County, Pennsylvania.

14. Matters occurring in Huntingdon County, Pennsylvania, are docketed in the United States District Court for the Middle District of Pennsylvania.

15. Therefore, this Court is the appropriate venue pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

16. On October 1, 2025, Plaintiff began working as a "Chef Manager" at the Restaurant. Despite being promised a position consisting of 40 hours per week, Plaintiff was scheduled for only ten hours per week and was paid an hourly rate of $13.00.

17. On October 16, 2025, while Plaintiff was in the kitchen, he overheard Store Manager "Julie" (last name unknown) ("Julie") tell her coworker and husband "Shawn" (last name unknown) ("Shawn") that they wanted to "*keep the youth*" referring to the individuals working at the Restaurant.

18. Further, Julie and Shawn then discussed the different activities and habits they wanted to pursue to stay "*young-looking*" and "*healthy*." The context of their discussion was rife with a derogatory bias towards the appearance of older individuals.

19. Plaintiff was standing nearby and provided Julie and Shawn some generalized advice concerning various things he had done to maintain his appearance over the years.

20. In response to this, Julie asked Plaintiff how he "*knew all this stuff*," and Plaintiff disclosed that he had learned these things over the course of his life. Julie then asked Plaintiff his age and he disclosed that he was over forty years old.

21. Julie and Shawn expressed their surprise at Plaintiff's age and indicated they were unaware of how old he was.

22. On October 17, 2025, the following day, Julie accused Plaintiff of theft in connection with an alleged loss from the Restaurant safe.

23. As Plaintiff was not involved in any way, shape, or form concerning a purported loss relating to the Restaurant's safe, he denied the allegation.

24. Despite his rebuttal, Julie indicated that she had performed a background check on Plaintiff; that he had been criminally charged with theft years ago and therefore must have committed the purported crime now; and then terminated him.

25. Defendant failed to provide Plaintiff with a copy of the background check. Defendant also failed to provide Plaintiff with a pre-adverse action notice and post-adverse action notice.

26. Defendant further failed to provide Plaintiff with his wages for this final payroll period and deprived Plaintiff of no less than 20 hours of accrued wages.

**COUNT I**
**DISCRIMINATION IN VIOLATION OF**
**THE ADEA AND THE PHRA**
**29 U.S.C. § 621, *et seq.*; 43 P.S. § 951, *et seq.***

27. Plaintiff incorporates the allegations contained in the paragraphs above as if set forth at length.

28. The ADEA makes it unlawful for an employer to discriminate against an individual with respect to their compensation or privileges of employment because of the individual's age. 29 U.S.C. § 623(a).

29. Defendant terminated Plaintiff and otherwise discriminated against him with respect to the privileges of his employment because of his age in violation of the ADEA and the PHRA.

30. Defendant acted both with malice and reckless indifference to Plaintiff's state and federally protected rights, and Defendant's actions warrant Plaintiff's recovery of punitive damages.

31. As a direct and proximate result of Defendant's discriminatory conduct in violation of the ADEA and the PHRA, Plaintiff has suffered not only tangible economic loss in the form of lost back pay and benefits and lost front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses he suffered and will continue to suffer.

32. WHEREFORE, Plaintiff, Bernard Johnson, seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

**COUNT II**
**DEFAMATION PER SE**

33. Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

34. Defendant's agents defamed Plaintiff upon accusing Plaintiff of committing a crime.

35. The character of said statement qualifies as defamation *per se*.

36. Defendant acted upon Julie's statement and terminated Plaintiff.

37. In doing so, Defendant ratified the defamatory statement, and Plaintiff was terminated, in part, because of Julie's defamatory remark.

38. Ultimately, the conduct of Defendant's agents and/or employees, as imputed unto Defendant, are so outrageous and comprised of evil motive, ill will, and an intentional desire to harm the reputation and character of Plaintiff, while depriving him of his livelihood because of her termination, that an award of punitive damages is warranted.

39. As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has suffered not only tangible economic losses in the form of lost back pay and benefits and lot front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic loss he suffered and will continue to suffer.

40. WHEREFORE, Plaintiff, Bernard Johnson, seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

**COUNT III**
**VIOLATION OF THE FCRA**
**15 U.S.C. § 1681, *et seq*.**

41. Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

42. When an employer takes an adverse action against an employee based on the results of a background check, the FCRA mandates the employer to provide a pre-adverse action notice; a post-adverse action notice; a summary of the consumer's rights; and the consumer report. 15 U.S.C. §§ 1681b and 1681m.

43. Defendant obtained a consumer report concerning Plaintiff and subsequently terminated Complainant's employment based on the contents of said consumer report.

44. Defendant failed to provide Plaintiff with a pre-adverse action notice; a post-adverse action notice; a summary of Plaintiff's rights; and a copy of the consumer report itself, in violation of the FCRA.

45. As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has suffered not only tangible economic losses in the form of lost back pay and benefits and lot front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic loss he suffered and will continue to suffer.

46. WHEREFORE, Plaintiff, Bernard Johnson, seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

**COUNT IV**
**VIOLATION OF THE FLSA**
**29 U.S.C. § 201, *et seq*.**

47. Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

48. The FLSA mandates that employers must pay a minimum rate of pay of no less than $7.25 per hour. 29 U.S.C. § 206.

49. Defendant was Plaintiff's "employer" pursuant to 29 U.S.C. § 203.

50. Plaintiff worked no less than 20 hours in the final payroll period of his employment with Defendant.

51. Defendant failed to pay Plaintiff any wages for his final payroll period and therefore failed to pay him a minimum rate of pay in violation of the FLSA.

52. An employee may collect liquidated damages in an amount equal to the wages that are due and owing and, additionally, an award of attorneys' fees. 29 U.S.C. § 216(b).

53. Defendant knew of its obligation to pay wages at a minimum rate of pay pursuant to the FLSA and/or showed reckless disregard to their duty to do so.

54. Defendant's conduct was therefore willful.

55. Defendant cannot establish "good faith and reasonable grounds" for their violation of Plaintiff's rights, as demonstrated by Defendant's intentional and willful animus in flagrantly disregarding its responsibilities and obligations as an employer.

56. Therefore, Defendant is liable to Plaintiff for actual damages (lost wages), liquidated damages, as well as reasonable attorneys' fees, costs, and expenses.

57. Defendant's actions and conduct were the direct and proximate cause that resulted in violations of Plaintiff's rights under the FLSA, the deprivation of the statutorily required pay, and Plaintiff's damages.

58. As a direct and proximate result of Defendants' conduct described hereinabove, Plaintiff has suffered tangible economic losses.

59. WHEREFORE, Plaintiff, Bernard Johnson, seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

**COUNT V**
**VIOLATION OF THE MWA**
**43 P.S. § 333.101, *et seq*.**

60. Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

61. The MWA, much like its federal law counterpart in the FLSA, mandates a minimum rate of pay for any hours worked. 43 P.S. § 333.104.

62. As averred above, Defendant failed to pay Plaintiff a minimum rate of pay in violation of 43 P.S. § 333.104(c).

63. Defendant knew of its obligation to pay wages at a minimum rate of pay pursuant to the MWA and/or showed reckless disregard to its duty to do so.

64. Therefore, Defendant's violation of the MWA was willful.

65. Defendant's conduct was the direct and proximate cause that resulted in the deprivation of Plaintiff's statutorily required pay and of Plaintiff's damage.

66. Defendant is liable to Plaintiff for actual damages (lost wages), liquidated damages, as well as reasonable attorneys' fees, costs, and expenses.

67. As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has suffered tangible economic losses.

68. WHEREFORE, Plaintiff, Bernard Johnson, seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## <u>COUNT VI</u>
## VIOLATION OF THE WPCL
## 43 P.S. § 333.101, *et seq.*

69. Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

70. The WPCL provides employees with a statutory remedy to recover wages and other benefits contractually due to them from their employer. *Oberneder v. Link Comput. Corp.*, 696 A.2d 148, 150 (Pa. 1997) and *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990).

71. Defendant is a corporation that employs individuals, including Plaintiff, within the geographic boundaries of the Commonwealth of Pennsylvania and, therefore, is an "employer" under 43 P.S. § 260.2a.

72. Plaintiff and Defendant agreed to an employment relationship wherein Defendant would provide Plaintiff with wages and commissions for his performance of various tasks on behalf of Defendant's business operations.

73. In the course of Plaintiff's employment, Plaintiff worked on behalf of Defendant and performed duties that financially benefitted Defendant's organization.

74. In doing so, Defendant owed Plaintiff an obligation to pay him wages for the hours Plaintiff spent performing this work.

75. Defendant failed to pay Plaintiff the entirety of his wages, and Plaintiff's accrued wages remain outstanding to present day.

76. Defendant has not asserted (and cannot assert) a good faith contest or dispute as to the amount of Plaintiff's disbursed wages.

77. Consequently, Plaintiff is entitled to an award of liquidated damages pursuant to 43 P.S. § 260.10.

78. Additionally, Plaintiff is entitled to reasonable attorneys' fees pursuant to 43 P.S. § 260.9a(f) that were incurred in prosecuting Defendant's conduct described hereinabove.

79. Defendant's conduct was intentional and made in reckless disregard to Plaintiff's state rights.

80. As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has suffered tangible economic losses resulting from the deprivation of lawfully owed wages.

81. WHEREFORE, Plaintiff, Bernard Johnson, seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

**<u>JURY DEMAND</u>**

82. Plaintiff demands a trial by jury on all matters so triable.

## ***AD DAMNUM* CLAUSE**

83. For the above stated reasons, Plaintiff, Bernard Johnson, respectfully requests the United States District Court for the Middle District of Pennsylvania to enter judgment in his favor and against Defendant, Huntingdon Meats, LLC d/b/a Arby's, and prays for relief as follows:

a. Declare and find that Defendant committed one or more of the following acts:

   i. Violated the ADEA and the PHRA in terminating Plaintiff;

   ii. Made statements concerning Plaintiff that were defamatory *per se*;

   iii. Violated the FCRA in failing to provide Plaintiff statutorily required documentation;

   iv. Violated the FLSA and MWA by failing to provide Plaintiff a minimum wage;

   v. Violated the WPCL in failing to pay Plaintiff his wages at a regular rate of pay;

b. Award equitable relief in the form of back pay and front pay;

c. Award compensatory damages, including but not limited to past and future pecuniary and non-pecuniary losses, including suffering, mental anguish, inconvenience, and loss of enjoyment of life;

d. Award liquidated damages in an amount to be determined at trial;

e. Award punitive damages to Plaintiff in an amount to be determined at trial and in an amount sufficient to deter Defendant from engaging in future conduct of a similar nature;

f. Award pre-judgment and post-judgment interest where accorded by law;

g. Award reasonable attorneys' fees and costs of suit;

h. Award injunctive and other equitable relief as provided by law; and

i. Award such other and further relief as this Court deems just, equitable, and proper.

Date: September 28, 2026

Respectfully submitted,

**STEENLAND LAW, PLLC**

By: */s/ Kyle H. Steenland*
Kyle H. Steenland (Pa Bar No. 327786)

Steenland Law, PLLC
1575 McFarland Road, Suite 212
Pittsburgh, PA 15216
Phone: 412.368.2324
Fax: 412.214.9182
E-mail: kyle@steenlandlaw.com

*Counsel for Plaintiff,*
*Bernard Johnson*

**<u>VERIFICATION</u>**

I, Bernard Johnson, have read the foregoing Complaint in Civil Action and verify that the statements therein are correct to the best of my personal knowledge, information and/or belief. I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Dated: _____________

Bernard Johnson
ID t2XjN6ouGQM82T5t5ro2W2cN
_____________________________
Bernard Johnson

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **t2XjN6ouGQM82T5t5ro2W2cN** |
| Signed by: | Bernard Johnson |
| Sent to email: | flyboybannz215@gmail.com |
| IP Address: | 73.130.229.123 |
| Signed at: | Sep 28 2026, 12:50 pm EDT |