# EXHIBIT A

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

Cumberland County

| For Prothonotary Use Only: |
|---|
| Docket No: 2026-09812 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name: Barry L. Orndorff

Lead Defendant's Name: Cumberland County

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Matthew D. Fogal and Joshua P. Geist

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

SECTION B

**Nature of the Case**: Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☒ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other: Sec. 1983, Unlawful Seizure, Abuse of Process

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**

Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

2025 SEP -1 PM 2: 03

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF THE 9th JUDICIAL DISTRICT OF PENNSYLVANIA - CUMBERLAND COUNTY, PENNSYLVANIA**

| | |
|---|---|
| BARRY L. ORNDORFF, | CIVIL ACTION-LAW |
| Plaintiff, | **ELECTRONICALLY FILED** |
| v. | No. 2026-09812 CIVIL |
| CUMBERLAND COUNTY, COMMONWEALTH OF PENNSYLVANIA – PENNSYLVANIA STATE POLICE, SPERANZA ANIMAL RESCUE, JANINE GUIDO, PAIGE KULSA, NICHOLAS BIERZONSKI, and DAVID SPADA, | Pleading Type: **COMPLAINT** |
| | Filed on behalf of Plaintiff: *Barry L. Orndorff* |
| Defendants. | |

Counsel of Record for this Party:
*Matthew D. Fogal, Esquire*
Pa. I.D. #86307

MATT FOGAL LAW OFFICE, LLC
52 West King Street
Chambersburg, PA 17201
Phone: (717) 868-8151
Email: matt@fogal.law

*Joshua P. Geist, Esquire*
Pa. I.D. #85745

GOODRICH & GEIST, P.C.
3634 California Ave
Pittsburgh, PA 15212
Facsimile: (412) 766-0300
Phone: (412) 766-1455
Email: josh@goodrichandgeist.com

**"JURY TRIAL DEMANDED"**

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF THE 9th JUDICIAL DISTRICT OF PENNSYLVANIA - CUMBERLAND COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| BARRY L. ORNDORFF,<br>Plaintiff | : | |
| v. | : | No. 2026-09812 CIVIL |
| CUMBERLAND COUNTY, COMMONWEALTH OF PENNSYLVANIA - PENNSYLVANIA STATE POLICE, SPERANZA ANIMAL RESCUE, JANINE GUIDO, PAIGE KULSA, NICHOLAS BIERZONSKI, and DAVID SPADA,<br>Defendants | : | **ELECTRONICALLY FILED** |

**<u>NOTICE TO DEFEND</u>**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:

**CUMBERLAND COUNTY BAR ASSOCIATION**
**32 S. BEDFORD STREET,**
**CARLISLE, PA 17013**
**717-249-3166**

Date: August 25, 2026

Matthew D. Fogal
Attorney for Plaintiff

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Joshua P. Geist
Attorney for Plaintiff

***AMERICANS WITH DISABILITIES ACT OF 1990***

*The Court of Common Pleas of Cumberland County is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the office of the Cumberland County Court Administrator, Cumberland County Courthouse, 1 Courthouse Sq, Rm 301, Carlisle, PA 17013, Telephone No. 717-240-6200. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.*

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF THE 9th JUDICIAL DISTRICT OF PENNSYLVANIA - CUMBERLAND COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| BARRY L. ORNDORFF,<br>Plaintiff | : | |
| v. | : | No. 2026-__________ CIVIL |
| CUMBERLAND COUNTY, COMMONWEALTH OF PENNSYLVANIA - PENNSYLVANIA STATE POLICE, SPERANZA ANIMAL RESCUE, JANINE GUIDO, PAIGE KULSA, NICHOLAS BIERZONSKI, and DAVID SPADA,<br>Defendants | : | **ELECTRONICALLY FILED** |

**COMPLAINT**

AND NOW COMES the Plaintiff, by and through his attorneys and files the within Complaint, and in support thereof avers as follows:

1. Plaintiff Barry L. Orndorff (hereinafter "Plaintiff") is an adult individual who resides in Cumberland County, Pennsylvania.

2. Defendant Cumberland County is a county of the third class, organized and established under the laws of the Commonwealth of Pennsylvania.

3. Defendant Commonwealth of Pennsylvania - Pennsylvania State Police (hereinafter "PSP") is a duly constituted governmental entity in the Commonwealth of Pennsylvania, and is, or was, the employer of individually named Defendants Kulsa, Bierzonski, and Spada, who are sued in their individual and official capacities.

4. Defendant Speranza Animal Rescue (hereinafter "Speranza") is a 501(c)(3) non-profit entity organized under the laws of the Commonwealth of Pennsylvania and located in Cumberland County, Pennsylvania.

5. Defendant Janine Guido (hereinafter "Guido"), is an adult individual who resides

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

in Cumberland County, Pennsylvania.

6. Defendant Paige Kulsa (hereinafter "Kulsa"), is an adult individual who resides in Cumberland County, Pennsylvania.

7. Defendant Nicholas Bierzonski (referred to as "Bierzonski"), is an adult individual who resides in Cumberland County, Pennsylvania.

8. Defendant David Spada (referred to as "Spada"), is an adult individual who resides in Cumberland County, Pennsylvania.

9. On and before June 4, 2021, Guido was the Board President for Speranza Animal Rescue.

10. On and before June 4, 2021, Kulsa had been employed as a Trooper by PSP, at Troop H (Carlisle Station), for approximately two (2) years.

11. On and before June 4, 2021, Bierzonski was employed as a Trooper employed by PSP, at Troop H (Carlisle Station).

12. On and before June 4, 2021, Spada held the rank of Corporal and was employed by PSP, at the Investigative Services Section, Bureau of Criminal Investigation (Department Headquarters).

13. On or about June 4, 2021, the Plaintiff resided at 33 Sandbank Road, Shippensburg, PA, where he possessed live animals as part of his employment as a licensed *Domestic Animal Dealer and Hauler*.

14. A true and correct copy of the Plaintiff's *Domestic Animal Dealer and Hauler* license is incorporated by reference and attached hereto as **EXHIBIT A.**

15. After a neighbor had contacted PSP on or about June 4, 2021, regarding deceased animals on the Plaintiff's property, Kulsa travelled to the Plaintiff's property and arrived at approximately 4:14 PM.

16. Spada and Bierzonski arrived at the Plaintiff's property after Kulsa on

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

June 4, 2021, along with First Assistant District Attorney Courtney Hair Larue.[1]

17. On and before June 4, 2021, Courtney Hair Larue was employed by Defendant Cumberland County, which investigates and prosecutes criminal matters through the Cumberland County District Attorney's Office.

18. On June 4, 2021, while PSP troopers were at this property, the Plaintiff agreed to be interviewed by Bierzonski and also executed a "Pennsylvania State Police Waiver of Rights and Consent to Search Form."

19. A true and correct copy of the "Pennsylvania State Police Waiver of Rights and Consent to Search Form" is incorporated by reference and attached hereto as **EXHIBIT B**.

20. While the PSP troopers were at the Plaintiff's property on June 4, 2021, and after the Plaintiff provided his consent to search as referenced in paragraph 15 above, Kulsa contacted Guido/Speranza via telephone and SMS messaging.

21. After having been contacted by Kulsa, who was acting in her capacity as a PSP trooper, Guido travelled to the Plaintiff's property, along with other volunteers from Speranza.

22. Bierzonski indicated that Speranza was contacted by PSP because "PSP was not equipped to handle that amount of animals."

23. Guido and Speranza volunteers took possession of a large portion of the Plaintiff's live animals and transported them back to Speranza's facility in Mechanicsburg, PA on June 4, 2021.

24. While upon the Plaintiff's property on June 4, 2021, Guido live-streamed her activities for Speranza on Facebook, and indicated to the public that "***we*** are seizing in total about 100 live animals."

---

[1] At the time, First Assistant District Attorney Hair Larue's title was "Chief Deputy District Attorney."

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

25. During ongoing SMS messaging communication between Kulsa and Guido on June 4, 2021, Guido advised Kulsa that, "if someone has dead animals on their property from neglect, ALL animals should be taken."

26. A true and correct copy of SMS messaging between Kulsa and Guido is incorporated by reference and attached hereto as **EXHIBIT C**.

27. On June 4, 2021, PSP contacted no independent expert in the field of Domestic Animal Dealing and Hauling, agriculture, and/or veterinary medicine, concerning the conditions of the animals located on the Plaintiff's property, or to assist in objectively and professionally determining whether the Plaintiff's treatment of the animals on his property was improper or below the standards within the agricultural industry and food/slaughter chain.

28. Rather than objectively assessing their physical observations made while encountering the initially apparent condition the animals of the Plaintiff's property on June 4, 2021, performing their roles as law enforcement officers or their agents, and applying necessary statutory elements and applicable regulations of the Plaintiff's profession, the Defendants hastily and recklessly reacted based upon sentiment and emotion in making a charging decision.

29. Law enforcement officers or their agents generally have little training or experience with the uniqueness of the Plaintiff's profession or the agricultural industry and food/slaughter chain, and thus had a duty to seek guidance from those with more experience and knowledge of the Plaintiff's profession or the agricultural industry and food/slaughter chain, prior to making a charging decision.

30. On June 4, 2021, Bierzonski filed a Criminal Complaint/Affidavit of Probable Cause at Magisterial District Court 09-3-01 and at MJ-09301-CR-0000137-

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2021, criminally charging the Plaintiff as follows:

a. Four hundred fifty (450) counts for violating 18 Pa.C.S § 5533(a), *Cruelty to Animals*, graded as Misdemeanor(s) of the Second Degree;

b. Four hundred fifty (450) counts for violating 18 Pa.C.S. § 5534(a)(2), *Aggravated Cruelty to Animals - Causing SBI or Death*, graded as Felonies of the Third Degree;

c. Four hundred fifty (450) counts for violating 18 Pa.C.S. § 5532(a)(1), *Neglect of Animals - Sustenance/Water*, graded as Misdemeanor(s) of the Third Degree;

d. Four hundred fifty (450) counts for violating 18 Pa.C.S. § 5532(a)(2), *Neglect of Animals - Shelter/Protection*, graded as Misdemeanor(s) of the Third Degree; and

e. Four hundred fifty (450) counts for violating 18 Pa.C.S. § 5532(a)(3), *Neglect of Animals - Vet Care*, graded as Misdemeanor(s) of the Third Degree.

31. A true and correct copy of the Criminal Complaint/Affidavit of Probable Cause is incorporated by reference and attached hereto as **EXHIBIT D.**

32. Within the Criminal Complaint/Affidavit of Probable Cause, Bierzonski indicated that the basis for his charging decision included "the totality of the circumstances, ***common sense***, training, and my observations at the scene." (Emphasis added.) See **EXHIBIT D.**

33. The Plaintiff was placed under arrest on June 4, 2021, and incarcerated at Cumberland County Prison.

34. The Plaintiff's bail was set at $5,000, monetary, and he posted that

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

amount and was released the following day.

35. The Criminal Complaint lacked probable cause and was filed without any legal and/or factual basis.

36. Bierzonski submitted an Application for Search Warrant for the Plaintiff's property on June 5, 2021, which was approved.

37. A true and correct copy of the Application for Search Warrant is incorporated by reference and attached hereto as **EXHIBIT E**.

38. Within the Application for Search Warrant, Bierzonski indicated that the basis for his search/seizure included "the totality of the circumstances, ***common sense***, training, and my observations at the scene." (Emphasis added.) See **EXHIBIT E**.

39. The Application for Search Warrant referenced in paragraph 31 above was approved, and PSP again occupied the Plaintiff's property on June 5, 2021, along with Speranza volunteers.

40. In total, on June 4, 2021 and June 5, 2021, PSP and Speranza seized an approximate total of four hundred and four (404) live animals from the Plaintiff.

41. PSP photographed the Plaintiff's live animals as they were taken by Speranza on June 4, 2021 and June 5, 2021.

42. The Plaintiff's Preliminary Hearing, related to Docket No. MJ-09301-CR-0000137-2021, occurred on February 2, 2021.

43. At the Preliminary Hearing at Docket No. MJ-09301-CR-0000137-2021, First Assistant District Attorney Courtney Hair Larue amended the Criminal Complaint on the record, adding an additional four hundred fifty (450) counts for alleged violations of 18 Pa.C.S. § 5534(a)(1), *Cruelty to Animals - Torture*, graded as Felonies of the Third Degree.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

44. All two thousand seven hundred (2,700) counts against the Plaintiff were bound over after a hearing before Magisterial District Judge Nancy Hamil, and thereafter transferred to the Cumberland County Court of Common Pleas at Docket No. CP-21-CR-0000269-2022.

45. After the Plaintiff's criminal case was transferred to the Cumberland County Court of Common Pleas, the Cumberland County District Attorney's Office subsequently filed criminal Bills of Information, charging the Plaintiff with the following:

a. Four hundred fifty (450) counts for violating 18 Pa.C.S § 5533(a), *Cruelty to Animals*, graded as Misdemeanor(s) of the Second Degree;

b. Four hundred fifty (450) counts for violating 18 Pa.C.S. § 5534(a)(2), *Aggravated Cruelty to Animals - Causing SBI or Death*, graded as Felonies of the Third Degree;

c. Four hundred fifty (450) counts for violating 18 Pa.C.S. § 5532(a)(1), *Neglect of Animals - Sustenance/Water*, graded as Misdemeanor(s) of the Third Degree;

d. Four hundred fifty (450) counts for violating 18 Pa.C.S. § 5532(a)(2), *Neglect of Animals - Shelter/Protection*, graded as Misdemeanor(s) of the Third Degree;

e. Four hundred fifty (450) counts for violating 18 Pa.C.S. § 5532(a)(3), *Neglect of Animals - Vet Care*, graded as Misdemeanor(s) of the Third Degree; and

f. Four hundred fifty (450) counts for violating 18 Pa.C.S. §

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

5534(a)(1), _Cruelty to Animals - Torture_, graded as Felonies of the Third Degree.

46. Throughout the pendency of the Plaintiff's criminal case at Docket No. CP-21-CR-0000269-2022, ultimately from June 5, 2021 through August 30, 2024, Speranza maintained possession of the Plaintiff's four hundred four (404) animals which it had seized as evidence for PSP.

47. PSP did not maintain exclusive possession of the Plaintiff's four hundred four (404) live animals which it had seized as evidence.

48. Speranza moved a portion of the Plaintiff's four hundred four (404) live animals to "other places" during the pendency of his criminal case at Docket No. CP-21-CR-0000269-2022.

49. Though the Cumberland County District Attorney's Office and PSP originally directed, after July 2021, that Speranza was not permitted to "adopt out" and of the four hundred four (404) live animals, PSP later authorized Speranza to do so.

50. When PSP authorized Speranza to "adopt out" the Plaintiff's live animals, Speranza utilized a new "Addendum to Adoption Contract for '404' Animal."

51. A true and correct copy of an "Addendum to Adoption Contract for '404' Animal" is incorporated by reference and attached hereto as **EXHIBIT F**.

52. The "Addendum to Adoption Contract for '404' Animal" was authored by Guido's father, Edward Guido, President Judge ("PJ Guido") of the Cumberland County Court of Common Pleas.

53. The "Addendum to Adoption Contract for '404' Animal" advised adopters that the animals were the property of the Plaintiff and evidence in the criminal proceedings at Docket No. CP-21-CR-0000269-2022, that the animals may have to be returned to the Plaintiff if he was acquitted, that Speranza would "vigorously oppose"

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the return of the animals to the Plaintiff, and that Speranza would refund adoption fees if the animals were necessarily returned to the Plaintiff.

54. During the pendency of the Plaintiff's criminal proceedings at Docket No. CP-21-CR-0000269-2022, Speranza engaged in a relentless, inflammatory, and misleading social media campaign dubbed "Hashtag 404" and gained widespread media coverage in the region, which resulted in acclaim for its work related to animal rescues.

55. Speranza's Facebook page, which was implemented as the primary tool for its relentless, inflammatory, and misleading "Hashtag 404" campaign against the Plaintiff, currently has two hundred thirty-eight thousand "followers."

56. Speranza's relentless, inflammatory, and misleading "Hashtag 404" online campaign resulted in substantial financial benefits to Speranza, related to markedly increased fundraising in-kind and monetary donations, and increased "adoption fees."

57. Speranza's relentless, inflammatory, and misleading "Hashtag 404" online campaign resulted in substantial emotional distress to the Plaintiff.

58. The Plaintiff's attorneys in the criminal proceedings filed a *Motion for Change of Venue Pursuant to Pa.R.Crim.P. 584 and Recusal of all Cumberland County Judges*, on or about July 6, 2021, which was ultimately denied as related to venue and granted as related to recusal.

59. A true and correct copy of the Plaintiff's *Motion for Change of Venue Pursuant to Pa.R.Crim.P. 584 and Recusal of all Cumberland County Judges*, filed in the criminal proceedings, is incorporated by reference and attached hereto as **EXHIBIT G.**

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

60. Within the Plaintiff's *Motion for Change of Venue Pursuant to Pa.R.Crim.P. 584 and Recusal of all Cumberland County Judges*, attached hereto at **EXHIBIT G**, the Plaintiff attached a sampling of public comments within Speranza's Facebook page, including the following:

a. June 4, 2021: "I hope the person (s) responsible for this horror are treated the exact same way they treated these beings. Then I hope they are not allowed to die but are slowly cut into pieces, one day at a time and fed to gators…";

b. June 4, 2021: "I hope this so called "man" dies a slow painful death…";

c. June 5,2021: "That nasty old man didn't care at all about what he was doing. He was selling the poor things for meat…";

d. June 5, 2021 "I hope they take whoever did this and lock them in a cage and throw away the key";

e. June 7, 2021: "He is not a man, he is a MONSTER.";

f. A Speranza Facebook follower drove by Mr. Orndorff's property on June 6, 2021, and posted a comment on June 7, 2021 "…we drove by yesterday and neighbors are on 3 sides of them and in close proximity… these poor animals have been sufferin.";

g. June 8, 2021: "I hope the DA's office will keep these poor animals continued suffering and death in mind when they resolve their abusers' case. It can be considered as an aggravating factor for sentencing purposes."; and

h. June 11, 2021: "The farmer should be fined $50.00 for each animal

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

rescued …before he heads off to prison for 25 years. ***If he gets out of prison alive*** he should be prohibited from ever owning another animal.";

i. June 16, 2021: "I hope he is found guilty and rots in hell";

j. June 16, 2021: "Is there any way that the person responsible for the abuse inflicted on the 404 be made financially accountable to reimburse Speranza… If so, what can we as a community do to help with that process (phone calls, letters, emails)??"; and

k. June 19, 2021: there is a thread of comments asking about what is happening with this case, including comments about Mr. Orndorff's bail, to which one person responded: "should have been $50,000 or better yet no bail should have been rotting in prison." The thread goes on to list details about Mr. Orndorff's property, his mother and his niece.

See **EXHIBIT G.**

61. Speranza's relentless, inflammatory, and misleading "Hashtag 404" online campaign resulted in substantial loss of reputation and employability for the Plaintiff.

62. At the time of the Plaintiff's August 2024 criminal trial, all but a few of the live animals seized by PSP/Speranza were "adopted out" by Speranza.

63. At the time of the Plaintiff's August 2024 criminal trial, a "few" of the Plaintiff's live animals remained at the Speranza facility located in Mechanicsburg, PA.

64. On or about August 30, 2024, following a lengthy jury trial, the Plaintiff was acquitted of all two thousand seven hundred (2,700) counts.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

65. True and correct copies of the Verdict Slips in Docket No. CP-21-CR-0000269-2022 are incorporated by reference and attached hereto as **EXHIBIT H.**

66. At trial, the Commonwealth presented expert testimony through Spada, who had been present at the Plaintiff's property on June 4, 2021.

67. At trial, the Commonwealth also presented expert testimony from veterinarians, though related to an assessment of the perceived injuries and condition of the animals, rather than an assessment of whether the Plaintiff's treatment of the animals on his property was improper or below the standards within the agricultural industry and food/slaughter chain.

68. During the Plaintiff's presentation of his defense in the criminal trial, he presented the expert testimony of three (3) experts, who offered objective and professional expert opinions concerning whether the Plaintiff's treatment of the animals on his property was improper or below the standards within the agricultural industry and food/slaughter chain.

69. Dr. James S. Holt, a veterinarian with thirty-three (33) years of experience and who was an Animal Health and Diagnostic Commissioner for the Department of Agriculture's, testified as an expert for the defense at the Plaintiff's criminal trial, opining specifically as follows:

a. Livestock auctions are a normal part of the agricultural industry;

b. It would be unusual for animals within the agricultural food chain (being bought and sold for slaughter and human consumption) to be individually examined and treated by a veterinarian;

c. It would not be standard in the agricultural industry to treat injured or diseased animals in the slaughter chain who exhibit signs of

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

disease or injury. So long as they can walk, they can be bought, sold and slaughtered. If an animal cannot get up and walk, that animal would likely be euthanized;

d. It is strongly discouraged to take an animal out of the slaughter channel once it has entered that process due to the likelihood that this will spread disease;

e. Animals can be transported for up to 28 hours without food or water; and

f. Parasites are extremely common in goats and sheep and do not impact the safety of the meat for human consumption.

70. True and correct copies of Dr. Holt's Expert Report, *Curriculum Vitae*, and exhibit regarding the "Agricultural Food Chain" are incorporated by reference and collectively attached hereto as **EXHIBIT I**.

71. Dr. Robert M. Fulton, a former professor at the Michigan State University's Veterinary Diagnostic Laboratory and Department of Pathobiology and Diagnostic Investigation within the College of Veterinary Medicine, testified as an expert for the defense at the Plaintiff's criminal trial, opining specifically as follows:

a. It is not standard within the agricultural industry for a dealer/hauler to have each bird checked by a veterinarian before bringing that bird to slaughter;

b. It would be unusual for a hauler/dealer to treat an ill or injured bird meant for slaughter because it would be cost prohibitive. Most farmers/haulers/dealers of poultry will utilize an acceptable method of euthanasia for ill or injured birds, if the illness or injury would

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

prevent the bird from going to slaughter;

c. It is not uncommon for poultry within the agricultural food chain, being bought and sold for slaughter and human consumption to have certain conditions, which go untreated and do not impact the safety of the meat for human consumption. The acceptable standard is that the animal must be able to walk to its death (slaughter);

d. Birds for slaughter are transported in crates. Birds may be transported for up to 8-10 hours before it is required that they be let out of the crates and given food and water;

e. It is not uncommon within the agricultural industry for birds to die in the process of transporting them to slaughter;

f. With regard to starvation, it would take between seven days and two weeks for a bird to starve to death, dependent upon size, condition, and the ambient temperature. It would take approximately three days for a bird to die if it had been deprived water;

g. I observed unsanitary conditions on Mr. Orndorff's property, documented in the photographs taken by the Commonwealth; However, I saw no evidence that any illness or injury identified in the veterinarian records or necropsy reports was caused by the unsanitary conditions on Mr. Orndorff's property. Nor would the unsanitary conditions place the birds at imminent risk of serious bodily injury; and

h. Mr. Orndorff's work as a hauler/dealer of domestic animals for slaughter would be considered work within the agricultural industry.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

72. True and correct copies of Dr. Fulton's Expert Report and *Curriculum Vitae* are incorporated by reference and collectively attached hereto as **EXHIBIT J.**

73. Dr. Peter Blauner, a veterinarian with approximately forty (40) years at the time of the Plaintiff's criminal trial and who was employed at Blauner, Buchholz and Associates in a joint venture with the National Veterinary Associates, testified as an expert for the defense at the Plaintiff's criminal trial concerning a horse referred to as "Mr. Ed," opining specifically as follows:

74. Dr. Blauner opined that "…I have concluded that Mr. Ed was adequately cared for by Mr. Orndorff. I saw no evidence in the record that I reviewed that Mr. Orndorff caused any injury or illness to Mr. Ed. I saw no evidence that would support a finding with any specific certainty that Mr. Ed was malnourished under Mr. Orndorff's care. I saw no evidence that Mr. Ed was at imminent risk of a serious bodily injury in Mr. Orndorff's care. I believe the rescue was likely over-medicating Mr. Ed, but that we will never know his cause of death because there was no necropsy done.

75. True and correct copies of Dr. Launer's Expert Report and *Curriculum Vitae* are incorporated by reference and collectively attached hereto as **EXHIBIT K.**

76. Following the Plaintiff's criminal trial and acquittal, he filed a Motion for Return of Property, which was ultimately denied.

77. Despite being acquitted of all counts in his criminal trial in August 2024, the Plaintiff has not had his live animals returned to him by the Defendants.

78. The Plaintiff expended approximately one hundred thousand dollars ($100,000.0) in attorney's fees during the course of his criminal proceeding(s).

79. On May 19, 2025, the Cumberland County Court of Common Pleas ordered that the record at Docket No. CP-21-CR-0000269-2022 be expunged.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

80. As a result of the actions of Defendants, Cumberland County, Pennsylvania State Police, Speranza Animal Rescue, Janine Guido, Paige Kulsa, Nicholas Bierzonski, and David Spada, the Plaintiff suffered the following damages:

a. Attorney's fees and expenses associated with the successful defense of the charges Defendants caused to be brought against him;

b. Damage to his reputation and employability;

c. Pecuniary and financial losses; and

d. Emotional stress, mental anguish, and humiliation.

**Count I – Section 1983 Malicious Prosecution**
**Plaintiff v. Cumberland County**

81. Each of the above paragraphs are incorporated by reference.

82. At all times relevant, Cumberland County acted through the Cumberland County District Attorney's Office and its servants and/or employees, including Speranza Animal Rescue and Janine Guido.

83. It is believed and therefore averred that Cumberland County, through the Cumberland County District Attorney's Office and its agents, including Speranza Animal Rescue and Janine Guido, maintained an official policy or custom of approving criminal charges of Neglect of Animals and/or Cruelty to Animals against individuals holding a *Domestic Animal Dealer and Hauler* license, without first seeking a qualified expert review from an individual with extensive knowledge of agricultural industry standards.

84. It is believed and therefore averred that Defendant Cumberland County, through the Cumberland County District Attorney's Office and its agents, including Speranza Animal Rescue and Janine Guido, maintained an official policy or custom of approving search warrants for criminal investigations related to Neglect of Animals and/or Cruelty to Animals

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

against individuals holding a *Domestic Animal Dealer and Hauler* license, and seizing animals/property of *Domestic Animal Dealer and Hauler* licensees, without first seeking a qualified expert review from an individual with extensive knowledge of agricultural industry standards.

85. The official policies and/or customs, as described above, developed, in part, due to the failure of Defendant Cumberland County to train and/or supervise Cumberland County prosecutors.

86. The official policies and/or customs, as described above, resulted in the deprivation of constitutionally guaranteed rights, including the Fourth Amendment and Fifth Amendment, to individuals, including Plaintiff Barry L. Orndorff.

87. The failure of Defendant Cumberland County to train and/or supervise Cumberland County prosecutors, as described above, resulted in the deprivation of constitutionally guaranteed rights, including the Fourth Amendment and Fifth Amendment, to individuals, including Plaintiff Barry L. Orndorff.

88. Defendant Cumberland County was deliberately indifferent to the fact that the failure to train and/or supervise Cumberland County prosecutors, as described above, would result in the deprivation of constitutionally guaranteed rights, including the Fourth Amendment and Fifth Amendment.

89. As a direct and proximate result of the deprivation of his liberty, Plaintiff Barry L. Orndorff suffered the damages set forth above.

90. In addition to the damages set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs, as noted above.

Wherefore, Plaintiff Barry. L. Orndorff requests judgment in his favor and against Defendant Cumberland County, in an amount in excess of the jurisdictional arbitration limit,

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

plus interest and costs, plus attorney's fees.

**Jury Trial Demanded.**

**Count II – Section 1983 Malicious Prosecution, Warrant Application**
**Plaintiff v. Pennsylvania State Police**

91. Each of the above paragraphs are incorporated by reference.

92. At all times relevant, the Pennsylvania State Police ("PSP") acted through its agents, servants and/or employees, including Speranza Animal Rescue and Janine Guido.

93. It is believed and therefore averred that Defendant PSP, through its troopers and/agents, including Speranza Animal Rescue and Janine Guido, maintained an official policy or custom of filing criminal charges of Neglect of Animals and/or Cruelty to Animals against individuals holding a *Domestic Animal Dealer and Hauler* license, without first seeking a qualified expert review from an individual with extensive knowledge of agricultural industry standards.

94. It is believed and therefore averred that Defendant PSP and its agents, including Speranza Animal Rescue and Janine Guido, maintained an official policy or custom of submitting applications for search warrants for criminal investigations related to Neglect of Animals and/or Cruelty to Animals against individuals holding a *Domestic Animal Dealer and Hauler* license, and seizing animals/property of *Domestic Animal Dealer and Hauler* licensees, without first seeking a qualified expert review from an individual with extensive knowledge of agricultural industry standards.

95. The official policies and/or customs, as described above, developed, in part, due to the failure of Defendant PSP to train and/or supervise troopers and/agents, including Speranza Animal Rescue and Janine Guido.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

96. The official policies and/or customs, as described above, resulted in the deprivation of constitutionally guaranteed rights, including the Fourth Amendment and Fifth Amendment, to individuals, including Plaintiff Barry L. Orndorff.

97. The failure of Defendant PSP to train and/or supervise troopers and/agents, including Speranza Animal Rescue and Janine Guido, as described above, resulted in the deprivation of constitutionally guaranteed rights, including the Fourth Amendment and Fifth Amendment, to individuals, including Plaintiff Barry L. Orndorff.

98. Defendant PSP was deliberately indifferent to the fact that the failure to train and/or supervise troopers and/agents, including Speranza Animal Rescue and Janine Guido, as described above, would result in the deprivation of constitutionally guaranteed rights, including the Fourth Amendment and Fifth Amendment.

99. As a direct and proximate result of the deprivation of his constitutionally guaranteed rights, Plaintiff Barry L. Orndorff suffered the damages set forth above.

100. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

Wherefore, Plaintiff Barry. L. Orndorff requests judgment in his favor and against Defendant PSP, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorney's fees.

**Jury Trial Demanded.**

**<u>Count III – Section 1983 Unlawful Seizure</u>**
**<u>Plaintiff v. Pennsylvania State Police</u>**

101. Each of the above paragraphs are incorporated by reference.

102. At all times relevant, the Pennsylvania State Police ("PSP") acted through their agents, servants and/or employees, including Speranza Animal Rescue and Janine Guido.

103. Upon arresting Plaintiff Barry L. Orndorff, Trooper Bierzonski of the PSP filed a Criminal Complaint/ Affidavit of Probable Cause.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

104. Before taking possession of Plaintiff Barry L. Orndorff's animals, Trooper Bierzonski obtained an approved search warrant for Plaintiff Barry L. Orndorff's real property.

105. The warrant application and/or Criminal Complaint/Affidavit of Probable Cause contained an omission which created a falsehood, as neither distinguished that Plaintiff Barry L. Orndorff was uniquely employed as a licensed *Domestic Animal Dealer and Hauler*, and likewise neither indicated that PSP had received a qualified expert review from an individual with extensive knowledge of agricultural industry standards or the food/slaughter chain.

106. Trooper Bierzonski made the misleading statements and/or omissions deliberately or with a reckless disregard for the full truth.

107. The misleading statements and/or omissions were material and/or necessary to the finding of probable cause for the search warrant.

108. As a direct and proximate result of the actions of Bierzonski, Plaintiff Barry L. Orndorff was deprived of his Fourth Amendment and Fifth Amendment constitutional rights, which resulted in his arrest and seizure of property (all of his animals).

109. Plaintiff Barry L. Orndorff's seized property was never returned.

110. As a direct and proximate result of the deprivation of his constitutionally guaranteed rights, Plaintiff Barry L. Orndorff suffered the damages set forth above.

111. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

Wherefore, Plaintiff Barry. L. Orndorff requests judgment in his favor and against Defendant PSP, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorney's fees.

**Jury Trial Demanded.**

**Count IV – Section 1983 Malicious Prosecution**
**Plaintiff v. Speranza**

112. Each of the above paragraphs are incorporated by reference.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

113. At all times relevant, Defendant Speranza and its servants and/employees acted as agents of Defendants Cumberland County and the PSP.

114. It is believed and therefore averred that Speranza, and its servants/employees, while at Plaintiff Barry L. Orndorff's property on June 4, 2021 and June 5, 2021 with members of Defendants PSP and Cumberland County and other individually named Defendants Janine Guido, Trooper Kulsa, Trooper Bierzonki, and Corporal Spada, encouraged and actively participated in the decision-making process to initiate a criminal proceeding against Plaintiff Barry L. Orndorff without probable cause or sufficient investigation.

115. The criminal proceeding ended in Plaintiff Barry L. Orndorff's favor.

116. The criminal proceeding was initiated without probable cause.

117. Speranza acted maliciously or for a purpose other than bringing Plaintiff Barry L. Orndorff to justice.

118. As a consequence of the proceeding, Plaintiff Barry L. Orndorff suffered a deprivation of liberty consistent with the concept of seizure, in this case an arrest and a significant loss of property.

119. As a result of the conduct of Speranza, Plaintiff Barry L. Orndorff suffered the damage set forth above.

120. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

121. The conduct of Speranza was wanton, willful, malicious, and in reckless disregard of the rights of Plaintiff Barry L. Orndorff and should be subject to punitive damages.

Wherefore, Plaintiff Barry. L. Orndorff, requests judgment in his favor and against Defendant Speranza, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorney's fees.

**Jury Trial Demanded.**

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Count V – Section 1983 Unlawful Seizure**
**Plaintiff v. Speranza**

122. Each of the above paragraphs are incorporated by reference.

123. At all times relevant, Defendant Speranza and its servants and/employees acted as agents of Defendants Cumberland County and the PSP.

124. It is believed and therefore averred that Speranza, and its servants/employees, while at Plaintiff Barry L. Orndorff's property on June 4, 2021 and June 5, 2021 with members of Defendants PSP and Cumberland County and other individually named Defendants Janine Guido, Trooper Kulsa, Trooper Bierzonski, and Corporal Spada, encouraged and actively participated in the decision-making process to initiate a criminal proceeding against Plaintiff Barry L. Orndorff without probable cause or sufficient investigation.

125. Upon arresting Plaintiff Barry L. Orndorff, Trooper Bierzonski of the PSP filed a Criminal Complaint/ Affidavit of Probable Cause.

126. Before taking possession of Plaintiff's animals, Trooper Bierzonski obtained an approved search warrant for the Plaintiff Barry L. Orndorff's real property.

127. The warrant application and/or Criminal Complaint/Affidavit of Probable Cause contained an omission which created a falsehood, as neither distinguished that Plaintiff Barry L. Orndorff was uniquely employed as a licensed *Domestic Animal Dealer and Hauler*, and likewise neither indicated that PSP had received a qualified expert review from an individual with extensive knowledge of agricultural industry standards or the food/slaughter chain.

128. Trooper Bierzonski made the misleading statements and/or omissions deliberately or with a reckless disregard for the full truth.

129. The misleading statements and/or omissions were material and/or necessary to the finding of probable cause for the search warrant.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

130. As a direct and proximate result of the actions of Speranza, Plaintiff Barry L. Orndorff was deprived of his Fourth Amendment and Fifth Amendment constitutional rights, which resulted in his arrest and seizure of property (all of his animals).

131. Plaintiff Barry L. Orndorff's seized property was never returned.

132. As a direct and proximate result of the deprivation of his constitutionally guaranteed rights, Plaintiff Barry L. Orndorff suffered the damages set forth above.

133. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

134. The conduct of Speranza was wanton, willful, malicious and in reckless disregard of the rights of Plaintiff Barry L. Orndorff and should be subject to punitive damages.

Wherefore, Plaintiff Barry. L. Orndorff requests judgment in his favor and against Defendant Speranza, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorney's fees.

**Jury Trial Demanded.**

**Count VI – Malicious Prosecution**
**Plaintiff v. Speranza**

135. Each of the above paragraphs are incorporated by reference.

136. At all times relevant, Speranza was acting under color of state law as an agent of the Pennsylvania State Police.

137. Speranza influenced and assisted with the initiation of criminal proceedings against Plaintiff Barry L. Orndorff.

138. Alternatively and/or in addition, Speranza directed the Pennsylvania State Police to initiate and/or continue the criminal proceedings against Plaintiff Barry L. Orndorff.

139. The criminal proceedings resulted in the seizure of Plaintiff Barry L. Orndorff's property.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

140. The criminal proceedings resulted in the deprivation of Plaintiff Barry L. Orndorff's constitutional rights, including the Fourth Amendment and Fifth Amendment.

141. The criminal proceedings resulted in the deprivation of the Plaintiff Barry L. Orndorff's constitutional rights, including the Fourth Amendment and Fifth Amendment.

142. The criminal proceedings were initiated and/or continued with malice and without probable cause.

143. The criminal proceedings terminated in favor of Plaintiff Barry L. Orndorff.

144. The Plaintiff's seized property was never returned.

145. As a result of the conduct of Speranza, Plaintiff Barry L. Orndorff suffered the damages set forth above.

146. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

147. The conduct of Speranza is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff, requests judgment in his favor and against Defendant Speranza Animal Rescue, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus attorney's fees, plus punitive damages.

**Jury Trial Demanded.**

**Count VII – Abuse of Process**
**Plaintiff v. Speranza**

148. Each of the above paragraphs are incorporated by reference.

149. Speranza used the criminal process primarily to accomplish a purpose for which it was not designed. In particular, Speranza, acting as an agent of the Pennsylvania State Police, attempted to punish and/or exact vengeance against Plaintiff Barry L. Orndorff, for a misunderstood condition of animals on his property which offended its sensibilities. In

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

addition, Speranza attempted to damage the reputation of Plaintiff Barry L. Orndorff, and prevent him from engaging in his profession as a *Domestic Animal Dealer and Hauler*.

150. Speranza acted as an agent for the Pennsylvania State Police.

151. Speranza arrived at the Plaintiff's property on June 4, 2021, having previously communicated with troopers on scene.

152. Speranza staff and volunteers were emotionally impacted by observations on Plaintiff Barry L. Orndorff's property, and influenced the charging decision made on that date, so that the criminal courts would punish and/or damage Plaintiff Barry L. Orndorff, and his reputation.

153. Speranza acted in concert with the Pennsylvania State Police throughout the course of the investigation and prosecution against Plaintiff Barry L. Orndorff.

154. Speranza acted in concert with the Defendants Cumberland County District Attorney's Office, Pennsylvania State Police and individually named Defendants Janine Guido, Trooper Kulsa, Trooper Bierzonski, and Corporal Spada, throughout the course of the investigation and prosecution against Plaintiff Barry L. Orndorff.

155. On June 4, 2021 and June 5, 2021, Speranza was present on Plaintiff Barry L. Orndorff's property, along with Defendants Pennsylvania State Police, Janine Guido, Trooper Kulsa, Trooper Bierzonski, and Corporal Spada, working in concert.

156. Speranza subsequently launched an aggressive social media campaign against Plaintiff Barry L. Orndorff, and reaped a financial benefit as a result of the prosecution of Plaintiff Barry L. Orndorff.

157. Plaintiff Bieronski's seized property was never returned.

158. As a result of Speranza's abuse of process, acting as an agent for the Pennsylvania State Police, Plaintiff Barry L. Orndorff suffered the damages set forth

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

above.

159. The conduct of Speranza, acting as an agent for the Pennsylvania State Police, was wanton, willful and in reckless disregard of the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Speranza, in an amount in excess of the jurisdictional arbitration limits, plus interest and damages, plus punitive damages.

**Jury Trial Demanded.**

**Count VIII – Section 1983 Malicious Prosecution**
**Plaintiff v. Janine Guido**

160. Each of the above paragraphs are incorporated by reference.

161. At all times relevant, Janine Guido was acting under color of state law as a member of Speranza and likewise as an agent of the Pennsylvania State Police.

162. Janine Guido influenced and assisted with the initiation of criminal proceedings against Plaintiff Barry L. Orndorff.

163. Alternatively and/or in addition, Janine Guido directed the Pennsylvania State Police to initiate and/or continue the criminal proceedings against Plaintiff Barry L. Orndorff.

164. The criminal proceedings resulted in the seizure of Plaintiff Barry L. Orndorff's property.

165. The criminal proceedings resulted in the deprivation of Plaintiff Barry L. Orndorff's constitutional rights, including the Fourth Amendment and Fifth Amendment.

166. Plaintiff Barry L. Orndorff's seized property was never returned.

167. The criminal proceedings were initiated and/or continued with malice and without probable cause.

168. The criminal proceedings terminated in favor of Plaintiff Barry L. Orndorff.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

169. As a result of the conduct of Janine Guido and Speranza, Plaintiff Barry L. Orndorff suffered the damages set forth above.

170. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

171. The conduct of Janine Guido and Speranza is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Janine Guido, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus attorney's fees, plus punitive damages.

**Jury Trial Demanded.**

**Count IX – Section 1983 Unlawful Seizure**
**Plaintiff v. Janine Guido**

172. Each of the above paragraphs are incorporated by reference.

173. At all times relevant, Janine Guido was acting under color of state law as a member of Speranza and likewise as an agent of the Pennsylvania State Police.

174. It is believed and therefore averred that Janine Guido, while at Plaintiff Barry L. Orndorff's property on June 4, 2021 and June 5, 2021 with members of Defendants PSP, Cumberland County, Speranza, and other individually named Defendants Trooper Kulsa, Trooper Bierzonski, and Corporal Spada, encouraged and actively participated in the decision-making process to initiate a criminal proceeding against Plaintiff Barry L. Orndorff without probable cause or sufficient investigation.

175. Upon arresting Plaintiff Barry L. Orndorff, Trooper Bierzonski of the PSP filed a Criminal Complaint/ Affidavit of Probable Cause.

176. Before taking possession of Plaintiff Barry L. Orndorff's animals, Trooper Bierzonski obtained an approved search warrant for the Plaintiff Barry L. Orndorff's real

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

property.

177. The warrant application and/or Criminal Complaint/Affidavit of Probable Cause contained an omission which created a falsehood, as neither distinguished that Plaintiff Barry L. Orndorff was uniquely employed as a licensed *Domestic Animal Dealer and Hauler*, and likewise neither indicated that PSP had received a qualified expert review from an individual with extensive knowledge of agricultural industry standards or the food/slaughter chain.

178. Trooper Bierzonski made the misleading statements and/or omissions deliberately or with a reckless disregard for the full truth.

179. The misleading statements and/or omissions were material and/or necessary to the finding of probable cause for the search warrant.

180. As a direct and proximate result of the actions of Janine Guido, Plaintiff Barry L. Orndorff was deprived of his Fourth Amendment and Fifth Amendment constitutional rights, which resulted in his arrest and seizure of property (all of his animals).

181. Plaintiff Barry L. Orndorff's seized property was never returned.

182. As a direct and proximate result of the deprivation of his constitutionally guaranteed rights, Plaintiff Barry L. Orndorff suffered the damages set forth above.

183. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

184. The conduct of Janine Guido was wanton, willful, malicious and in reckless disregard of the rights of Plaintiff Barry L. Orndorff and should be subject to punitive damages.

Wherefore, Plaintiff Barry. L. Orndorff requests judgment in his favor and against Defendant Janine Guido, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorney's fees.

**Jury Trial Demanded.**

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Count X – Malicious Prosecution**
**Plaintiff v. Janine Guido**

185. Each of the above paragraphs are incorporated by reference.

186. At all times relevant, Janine Guido was acting under color of state law as the Board President of Speranza and agent of the Pennsylvania State Police.

187. Janine Guido and Speranza influenced and assisted with the initiation of criminal proceedings against Plaintiff Barry L. Orndorff, as Janine Guido and Speranza volunteers were emotionally impacted by observations on Plaintiff Barry L. Orndorff's property on June 4, 2021 and June 5, 2021, and unlawfully influenced the charging decision made on that date. Alternatively, and/or in addition, Janine Guido and Speranza directed the Pennsylvania State Police to initiate and/or continue the criminal proceedings against Plaintiff Barry L. Orndorff.

188. The criminal proceedings resulted in the seizure of Plaintiff Barry L. Orndorff's property.

189. The criminal proceedings resulted in the deprivation of Plaintiff Barry L. Orndorff's constitutional rights, including the Fourth Amendment and Fifth Amendment.

190. The criminal proceedings were initiated and/or continued with malice and without probable cause.

191. The criminal proceedings terminated in favor of Plaintiff Barry L. Orndorff.

192. As a result of the conduct of Janine Guido and Speranza, Plaintiff Barry L. Orndorff suffered the damages set forth above.

193. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

194. The conduct of Janine Guido, and Speranza, is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Janine Guido, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus attorney's fees, plus punitive damages.

**Jury Trial Demanded.**

**<u>Count XI – Abuse of Process</u>**
**<u>Plaintiff v. Janine Guido</u>**

195. Each of the above paragraphs are incorporated by reference.

196. At all times relevant, Janine Guido was acting under color of state law as the Board President of Speranza and agent of the Pennsylvania State Police.

197. Janine Guido and Speranza influenced and assisted with the initiation of criminal proceedings against Plaintiff Barry L. Orndorff.

198. Alternatively, and/or in addition, Janine Guido and Speranza directed the Pennsylvania State Police to initiate and/or continue the criminal proceedings against Plaintiff Barry L. Orndorff.

199. Janine Guido and Speranza used and/or influenced the criminal process primarily to accomplish a purpose for which it was not designed. In particular, Janine Guido, Board President of Speranza and acting as an agent of the Pennsylvania State Police, influenced the Defendant Pennsylvania State Police and Defendants Trooper Kulsa, Trooper Bierzonski, and Corporal Spada to file criminal charges against Plaintiff Barry L. Orndorff, to exact vengeance, punish, and/or damage Plaintiff Barry L. Orndorff's reputation, for a misunderstood condition of animals on his property which offended their sensibilities. In addition, Janine Guido attempted to damage the reputation of Plaintiff Barry L. Orndorff, and prevent him from engaging in his profession as a *Domestic Animal Dealer and Hauler*.

200. As a result of Janine Guido's abuse of process and/or unlawful influence thereof, Plaintiff Barry L. Orndorff suffered the damages set forth above.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

201. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

202. The conduct of Janine Guido and Speranza is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Janine Guido, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus punitive damages.

**Jury Trial Demanded.**

**Count XII – Section 1983 Malicious Prosecution**
**Plaintiff v. Trooper Kulsa**

203. Each of the above paragraphs are incorporated by reference.

204. At all times relevant, Trooper Kulsa was acting under color of state law as a Pennsylvania State Police trooper.

205. Trooper Kulsa, working in concert with Defendants PSP, Cumberland County, Speranza, and individually named Defendants Janine Guido, Trooper Bierzonski, Corporal Spada, and Janine Guido, actively influenced and assisted with the initiation of criminal proceedings against Plaintiff Barry L. Orndorff.

206. The criminal proceedings resulted in the seizure of Plaintiff Barry L. Orndorff's property.

207. The criminal proceedings resulted in the deprivation of Plaintiff Barry L. Orndorff's constitutional rights, including the Fourth Amendment and Fifth Amendment.

208. The Plaintiff's seized property was never returned.

209. The criminal proceedings were initiated and/or continued with malice and without probable cause.

210. The criminal proceedings terminated in favor of Plaintiff Barry L. Orndorff.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

211. As a result of the conduct of Trooper Kulsa, Plaintiff Barry L. Orndorff suffered the damages set forth above.

212. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

213. The conduct of Troper Kulsa is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Trooper Kulsa, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus attorney's fees, plus punitive damages.

**Jury Trial Demanded.**

**Count XIII – Section 1983 Unlawful Seizure**
**Plaintiff v. Trooper Kulsa**

214. Each of the above paragraphs are incorporated by reference.

215. At all times relevant, Trooper Kulsa was acting under color of state law as a Pennsylvania State Police trooper.

216. It is believed and therefore averred that Trooper Kulsa, while at Plaintiff Barry L. Orndorff's property on June 4, 2021 and June 5, 2021 with members of Defendants PSP, Cumberland County, Speranza, and other individually named Defendants Janine Guido, Trooper Bierzonski, and Corporal Spada, encouraged and actively participated in the decision-making process to initiate a criminal proceeding against Plaintiff Barry L. Leonard without probable cause or sufficient investigation.

217. Upon arresting Plaintiff Barry L. Orndorff, Trooper Bierzonski of the PSP filed a Criminal Complaint/ Affidavit of Probable Cause.

218. Before taking possession of Plaintiff Barry L. Orndorff's animals, Trooper Bierzonski obtained an approved search warrant for the Plaintiff Barry L. Orndorff's real

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

property.

219. The warrant application and/or Criminal Complaint/Affidavit of Probable Cause contained an omission which created a falsehood, as neither distinguished that Plaintiff Barry L. Orndorff was uniquely employed as a licensed *Domestic Animal Dealer and Hauler*, and likewise neither indicated that PSP had received a qualified expert review from an individual with extensive knowledge of agricultural industry standards or the food/slaughter chain.

220. Trooper Bierzonski made the misleading statements and/or omissions deliberately or with a reckless disregard for the full truth.

221. The misleading statements and/or omissions were material and/or necessary to the finding of probable cause for the search warrant.

222. As a direct and proximate result of the actions of Trooper Kulsa, Plaintiff Barry L. Orndorff was deprived of his Fourth Amendment and Fifth Amendment constitutional rights, which resulted in his arrest and seizure of property (all of his animals).

223. Plaintiff Barry L. Orndorff's seized property was never returned.

224. As a direct and proximate result of the deprivation of his constitutionally guaranteed rights, Plaintiff Barry L. Orndorff suffered the damages set forth above.

225. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

226. The conduct of Trooper Kulsa was wanton, willful, malicious and in reckless disregard of the rights of Plaintiff Barry L. Orndorff and should be subject to punitive damages.

Wherefore, Plaintiff Barry. L. Orndorff requests judgment in his favor and against Defendant Trooper Kulsa, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorney's fees.

**Jury Trial Demanded.**

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Count XIV – Malicious Prosecution**
**Plaintiff v. Trooper Kulsa**

227. Each of the above paragraphs are incorporated by reference.

228. At all times relevant, Trooper Kulsa was acting under color of state law as a Pennsylvania State Police trooper.

229. Trooper Kulsa initiated and/or continued the criminal proceedings against Plaintiff Barry L. Orndorff.

230. The criminal proceedings resulted in the seizure of Plaintiff Barry L. Orndorff's property.

231. The criminal proceedings resulted in the deprivation of Plaintiff Barry L. Orndorff's constitutional rights, including the Fourth Amendment and Fifth Amendment.

232. The criminal proceedings were initiated and/or continued with malice and without probable cause.

233. The criminal proceedings terminated in favor of Plaintiff Barry L. Orndorff.

234. As a result of the conduct of Trooper Kulsa, Plaintiff Barry L. Orndorff suffered the damages set forth above.

235. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

236. The conduct of Trooper Kulsa is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Trooper Kulsa, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus attorney's fees, plus punitive damages.

**Jury Trial Demanded.**

**Count XV – Abuse of Process**
**Plaintiff v. Trooper Kulsa**

237. Each of the above paragraphs are incorporated by reference.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

238. Trooper Kulsa used the criminal process primarily to accomplish a purpose for which it was not designed. In particular, Trooper Kulsa, an employee of the Pennsylvania State Police, was influenced by Speranza to file criminal charges against Plaintiff Barry L. Orndorff, to exact vengeance, punish, and/or damage Plaintiff Barry L. Orndorff's reputation, for a misunderstood condition of animals on his property which offended their sensibilities. In addition, Trooper Kulsa attempted to damage the reputation of Plaintiff Barry L. Orndorff and prevent him from engaging in his profession as a *Domestic Animal Dealer and Hauler*.

239. As a result of Trooper Kulsa's abuse of process, Plaintiff Barry L. Orndorff suffered the damages set forth above.

240. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

241. The conduct of Trooper Kulsa is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff, requests judgment in his favor and against Defendant Trooper Kulsa, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus punitive damages.

**Jury Trial Demanded.**

**<u>Count XVI – Section 1983 Malicious Prosecution</u>**
**<u>Plaintiff v. Trooper Bierzonski</u>**

242. Each of the above paragraphs are incorporated by reference.

243. At all times relevant, Trooper Bierzonski was acting under color of state law as a Pennsylvania State Police trooper.

244. Trooper Bierzonski, working in concert with Defendants PSP, Cumberland County, Speranza, and individually named Defendants Janine Guido, Trooper Kulsa, Corporal Spada, and Janine Guido, actively influenced and assisted with the initiation of criminal proceedings against Plaintiff Barry L. Orndorff.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

245. The criminal proceedings resulted in the seizure of Plaintiff Barry L. Orndorff's property.

246. The criminal proceedings resulted in the deprivation of Plaintiff Barry L. Orndorff's constitutional rights, including the Fourth Amendment and Fifth Amendment.

247. The Plaintiff's seized property was never returned.

248. The criminal proceedings were initiated and/or continued with malice and without probable cause.

249. The criminal proceedings terminated in favor of Plaintiff Barry L. Orndorff.

250. As a result of the conduct of Trooper Bierzonski, Plaintiff Barry L. Orndorff suffered the damages set forth above.

251. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

252. The conduct of Troper Bierzonski is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Trooper Bierzonski, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus attorney's fees, plus punitive damages.

**Jury Trial Demanded.**

**Count XVII – Section 1983 Unlawful Seizure**
**Plaintiff v. Trooper Bierzonski**

253. Each of the above paragraphs are incorporated by reference.

254. At all times relevant, Trooper Bierzonski was acting under color of state law as a Pennsylvania State Police trooper.

255. It is believed and therefore averred that Trooper Bierzonski, while at Plaintiff Barry L. Orndorff's property on June 4, 2021 and June 5, 2021 with members of Defendants PSP, Cumberland County, Speranza, and other individually named Defendants Janine Guido,

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Trooper Kulsa, and Corporal Spada, encouraged and actively participated in the decision-making process to initiate a criminal proceeding against Plaintiff Barry L. Orndorff without probable cause or sufficient investigation.

256. Upon arresting Plaintiff Barry L. Orndorff, Trooper Bierzonski of the PSP filed a Criminal Complaint/ Affidavit of Probable Cause.

257. Before taking possession of Plaintiff Barry L. Orndorff's animals, Trooper Bierzonski obtained an approved search warrant for the Plaintiff Barry L. Orndorff's real property.

258. The warrant application and/or Criminal Complaint/Affidavit of Probable Cause contained an omission which created a falsehood, as neither distinguished that Plaintiff Barry L. Orndorff was uniquely employed as a licensed *Domestic Animal Dealer and Hauler*, and likewise neither indicated that PSP had received a qualified expert review from an individual with extensive knowledge of agricultural industry standards or the food/slaughter chain.

259. Trooper Bierzonski made the misleading statements and/or omissions deliberately or with a reckless disregard for the full truth.

260. The misleading statements and/or omissions were material and/or necessary to the finding of probable cause for the search warrant.

261. As a direct and proximate result of the actions of Trooper Bierzonski, Plaintiff Barry L. Orndorff was deprived of his Fourth Amendment and Fifth Amendment constitutional rights, which resulted in his arrest and seizure of property (all of his animals).

262. Plaintiff Barry L. Orndorff's seized property was never returned.

263. As a direct and proximate result of the deprivation of his constitutionally guaranteed rights, Plaintiff Barry L. Orndorff suffered the damages set forth above.

264. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

265. The conduct of Trooper Bierzonski was wanton, willful, malicious and in reckless disregard of the rights of Plaintiff Barry L. Orndorff and should be subject to punitive damages.

Wherefore, Plaintiff Barry. L. Orndorff requests judgment in his favor and against Defendant Trooper Bierzonski, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorney's fees.

**Jury Trial Demanded.**

**Count XVIII – Malicious Prosecution**
**Plaintiff v. Trooper Bierzonski**

266. Each of the above paragraphs are incorporated by reference.

267. At all times relevant, Trooper Bierzonski was acting under color of state law as a Pennsylvania State Police trooper.

268. Trooper Bierzonski initiated and/or continued the criminal proceedings against Plaintiff Barry L. Orndorff.

269. The criminal proceedings resulted in the seizure of the Plaintiff Barry L. Orndorff's property.

270. The criminal proceedings resulted in the deprivation of Plaintiff Barry L. Orndorff's constitutional rights, including the Fourth Amendment and Fifth Amendment.

271. The criminal proceedings were initiated and/or continued with malice and without probable cause.

272. The criminal proceedings terminated in favor of Plaintiff Barry L. Orndorff.

273. As a result of the conduct of Trooper Bierzonski, Plaintiff Barry L. Orndorff suffered the damages set forth above.

274. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

275. The conduct of Trooper Bierzonski is willful, wanton and in reckless disregard

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Trooper Bierzonski, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus attorney's fees, plus punitive damages.

**Jury Trial Demanded.**

**Count XIX – Abuse of Process**
**Plaintiff v. Trooper Bierzonski**

276. Each of the above paragraphs are incorporated by reference.

277. Trooper Bierzonski used the criminal process primarily to accomplish a purpose for which it was not designed. In particular, Trooper Bierzonski, an employee of the Pennsylvania State Police, was influenced by Speranza to file criminal charges against Plaintiff Barry L. Orndorff, to exact vengeance, punish, and/or damage Plaintiff Barry L. Orndorff's reputation, for a misunderstood condition of animals on his property which offended their sensibilities. In addition, Trooper Bierzonski attempted to damage the reputation of Plaintiff Barry L. Orndorff, and prevent him from engaging in his profession as a *Domestic Animal Dealer and Hauler.*

278. As a result of Trooper Bierzonski's abuse of process, Plaintiff Barry L. Orndorff suffered the damages set forth above.

279. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

280. The conduct of Trooper Bierzonski is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Trooper Bierzonski, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus punitive damages.

**Jury Trial Demanded.**

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Count XX – Section 1983 Malicious Prosecution**
**Plaintiff v. Corporal Spada**

281. Each of the above paragraphs are incorporated by reference.

282. At all times relevant, Corporal Spada was acting under color of state law as a Pennsylvania State Police trooper.

283. Corporal Spada, working in concert with Defendants PSP, Cumberland County, Speranza, and individually named Defendants Janine Guido, Trooper Kulsa, and Trooper Bierzonski, actively influenced and assisted with the initiation of criminal proceedings against Plaintiff Barry L. Orndorff.

284. The criminal proceedings resulted in the seizure of Plaintiff Barry L. Orndorff's property.

285. The criminal proceedings resulted in the deprivation of Plaintiff Barry L. Orndorff's constitutional rights, including the Fourth Amendment and Fifth Amendment.

286. The Plaintiff's seized property was never returned.

287. The criminal proceedings were initiated and/or continued with malice and without probable cause.

288. The criminal proceedings terminated in favor of Plaintiff Barry L. Orndorff.

289. As a result of the conduct of Corporal Spada, Plaintiff Barry L. Orndorff suffered the damages set forth above.

290. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

291. The conduct of Corporal Spada is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Corporal Spada, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus attorney's fees, plus punitive damages.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**Jury Trial Demanded.**

**Count XXI – Section 1983 Unlawful Seizure**
**Plaintiff v. Corporal Spada**

292. Each of the above paragraphs are incorporated by reference.

293. At all times relevant, Corporal Spada was acting under color of state law as a Pennsylvania State Police trooper.

294. It is believed and therefore averred that Corporal Spada, while at Plaintiff Barry L. Orndorff's property on June 4, 2021 and June 5, 2021 with members of Defendants PSP, Cumberland County, Speranza, and other individually named Defendants Janine Guido, Trooper Kulsa, and Trooper Bierzonski, encouraged and actively participated in the decision-making process to initiate a criminal proceeding against Plaintiff Barry L. Orndorff without probable cause or sufficient investigation.

295. Upon arresting Plaintiff Barry L. Orndorff, Trooper Bierzonski of the PSP filed a Criminal Complaint/ Affidavit of Probable Cause.

296. Before taking possession of Plaintiff Barry L. Orndorff's animals, Trooper Bierzonski obtained an approved search warrant for the Plaintiff Barry L. Orndorff's real property.

297. The warrant application and/or Criminal Complaint/Affidavit of Probable Cause contained an omission which created a falsehood, as neither distinguished that Plaintiff Barry L. Orndorff was uniquely employed as a licensed *Domestic Animal Dealer and Hauler*, and likewise neither indicated that PSP had received a qualified expert review from an individual with extensive knowledge of agricultural industry standards or the food/slaughter chain.

298. Trooper Bierzonski made the misleading statements and/or omissions deliberately or with a reckless disregard for the full truth.

299. The misleading statements and/or omissions were material and/or necessary to

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

the finding of probable cause for the search warrant.

300. As a direct and proximate result of the actions of Corporal Spada, Plaintiff Barry L. Orndorff was deprived of his Fourth Amendment and Fifth Amendment constitutional rights, which resulted in his arrest and seizure of property (all of his animals).

301. Plaintiff Barry L. Orndorff's seized property was never returned.

302. As a direct and proximate result of the deprivation of his constitutionally guaranteed rights, Plaintiff Barry L. Orndorff suffered the damages set forth above.

303. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

304. The conduct of Corporal Spada was wanton, willful, malicious and in reckless disregard of the rights of Plaintiff Barry L. Orndorff and should be subject to punitive damages.

Wherefore, Plaintiff Barry. L. Orndorff requests judgment in his favor and against Defendant Corporal Spada, in an amount in excess of the jurisdictional arbitration limit, plus interest and costs, plus attorney's fees.

**Jury Trial Demanded.**

**Count XXII – Malicious Prosecution**
**Plaintiff v. Corporal Spada**

305. At all times relevant, Corporal Spada was acting under color of state law as a Pennsylvania State Police trooper.

306. Corporal Spada initiated and/or continued the criminal proceedings against Plaintiff Barry L. Orndorff.

307. The criminal proceedings resulted in the seizure of the Plaintiff Barry L. Orndorff's property.

308. The criminal proceedings resulted in the deprivation of Plaintiff Barry L. Orndorff's constitutional rights, including the Fourth Amendment and Fifth Amendment.

309. The criminal proceedings were initiated and/or continued with malice and

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

without probable cause.

310. The criminal proceedings terminated in favor of Plaintiff Barry L. Orndorff.

311. As a result of the conduct of Corporal Spada, Plaintiff Barry L. Orndorff suffered the damages set forth above.

312. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

313. The conduct of Corporal Spada is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Corporal Spada, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus attorney's fees, plus punitive damages.

**Jury Trial Demanded.**

**Count XXIII – Abuse of Process**
**Plaintiff v. Corporal Spada**

314. Each of the above paragraphs are incorporated by reference.

315. Corporal Spada used the criminal process primarily to accomplish a purpose for which it was not designed. In particular, Corporal Spada, an employee of the Pennsylvania State Police, was influenced by Speranza to file criminal charges against Plaintiff Barry L. Orndorff, to exact vengeance, punish, and/or damage the Plaintiff Barry L. Orndorff's reputation, for a misunderstood condition of animals on his property which offended their sensibilities. In addition, Corporal Spada attempted to damage the reputation of Plaintiff Barry L. Orndorff, and prevent him from engaging in his profession as a *Domestic Animal Dealer and Hauler*.

316. As a result of Corporal Spada's abuse of process, Plaintiff Barry L. Orndorff suffered the damages set forth above.

317. As set forth above, Plaintiff Barry L. Orndorff claims attorney's fees and costs.

Case# 2026-09812-0 Received at Cumberland County Prothonotary on 08/26/2026 4:47 PM, Fee = $181.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

318. The conduct of Corporal Spada is willful, wanton and in reckless disregard for the rights of Plaintiff Barry L. Orndorff, and should be subject to punitive damages.

Wherefore, Plaintiff Barry L. Orndorff requests judgment in his favor and against Defendant Corporal Spada, in an amount in excess of the jurisdictional arbitration limits, plus interest and costs, plus punitive damages.

**Jury Trial Demanded.**

Respectfully submitted,

Date: August 25, 2026

Matthew D. Fogal
Attorney for Plaintiff

Date: August 25, 2026

Joshua P. Geist
Attorney for Plaintiff