# Exhibit "A"

SAXTON & STUMP
LAWYERS AND CONSULTANTS

280 Granite Run Drive, Suite 300 • Lancaster, PA 17601
P: (717) 556-1009 • F: (484) 713-5241

RECEIVED
SEP 02 2026
SPRING GARDEN TOWNSHIP

**Direct Dial:** (717) 556-1009
**Email:** ctk@saxtonstump.com

August 25, 2026

City of York
101 South George Street
York, PA 17401

Officer Thomas Hoover
101 South George Street
York, PA 17401

Officer Brandon Nolan
101 South George Street
York, PA 17401

Spring Garden Township
240 Tri Hill Road – Suite A
York, PA 17403

**Re:** ***Estate of Zachariah White by and Through Administratrix Lois Bent and Lois Bent, His Mother v. WellSpan York Hospital, et al.***
***Court of Common Pleas of York County – 2026-SU-001969***

Dear Sir or Madam:

Attached is a date and time-stamped copy of the Praecipe for Entry of Partial Judgment of Non-Pros on Behalf of Defendants Howard Goldberg, M.D., Michele J. Snyder, RN, Amy E. Golder, RN and WellSpan York Hospital, regarding the above-captioned matter.

Sincerely,

Collin T. Keyser, Esq.
Shareholder

Enclosure

York County Prothonotary E-Filed - 24 Aug 2026 12:08:23 PM
Case Number: 2026-SU-001969

| | | |
|---|---|---|
| ESTATE OF ZACHARIAH WHITE BY AND THROUGH ADMINISTRATRIX LOIS BENT AND LOIS BENT, HIS MOTHER, Plaintiff | : | COURT OF COMMON PLEAS OF YORK- COUNTY, PENNSYLVANIA |
| | : | CIVIL ACTION NO. 2026-SU-001969 |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., MARK PETERSON, R.N., AMY E. GOLDEN, R.N., MEDICAL PROVIDER JOHN DOES, CITY OF YORK, YORK OFFICER JOHN DOES 1-2, OFFICER TANNER HOOVER, OFFICER HOOVER, a potentially fictious name, SECURITY OFFICER JOHN DOES, SPRING GARDEN TOWNSHIP, OFFICER BRANDON NOLAN and SPRING GARDEN OFFICER JOHN DOES 1-2, Defendants | : | |

**PRAECIPE FOR ENTRY OF PARTIAL JUDGMENT OF NON-PROS ON BEHALF OF DEFENDANTS HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, RN, AMY E. GOLDEN, RN AND WELLSPAN YORK HOSPITAL**

TO THE PROTHONOTARY:

Please enter a Partial Judgment of Non-Pros in the above-captioned matter against Plaintiff, The Estate of Zachariah White, by and through Administratrix Lois Bent and Lois Bent, his mother, as to Defendants WellSpan York Hospital, as is set forth in Counts III and IV of Plaintiff's Complaint, Howard Goldberg, M.D., Michele J. Snyder, RN, and Amy E. Golden, RN.

Plaintiff initiated this action by filing a Writ of Summons on May 1, 2026. Plaintiff filed a Complaint on the same date. A true and correct copy of Plaintiff's Complaint is attached as Exhibit A. Pursuant to Pa. R.C.P. 1042.7(a), the undersigned certifies that on June 16, 2026,

Moving Defendants both filed and e-mailed to Plaintiff's counsel, an Amended Notice of Intent to Enter Judgment of Non-Pros for failure to file Certificates of Merit as to all Claims Against WellSpan York Hospital, Khatijia Zahiruddin, D.O., Howard Goldberg, M.D., Michele J. Snyder, RN, and Amy E. Golden, RN. A true and correct copy of Moving Defendants' Amended Notice of Intention to Enter Judgment of Non-Pros is attached as Exhibit B.

On July 2, 2026, Plaintiff filed a Certificate of Merit supporting claims only against Khatijia Zahiruddin, D.O., and a vicarious liability claim against WellSpan York Hospital only for the care and treatment of Dr. Zahiruddin. A true and correct copy of Plaintiff's Certificate of Merit is attached as Exhibit C. In her Complaint, Plaintiff asserts a corporate negligence claim against WellSpan York Hospital. See Exhibit A, Count III. Plaintiff has failed to file a Certificate of Merit against WellSpan York Hospital in support of her corporate negligence claim, and the 30.day notice period has elapsed. As such, Moving Defendant is entitled to partial judgment of non-pros as to Count III of Plaintiff's Complaint pursuant to Pa. R.C.P. 1042.7.

Furthermore, in her Complaint, Plaintiff asserts negligence claims against Defendants, Howard Goldberg, M.D., Michele J. Snyder, RN, and Amy E. Golden, RN. See Exhibit A, Count IV. As Plaintiff has failed to file Certificates of Merit as to these Defendants, and the 30-day notice period has elapsed, Defendants Howard Goldberg, M.D., Michele J. Snyder, RN, and Amy E. Golden, RN are entitled to judgment of non-pros pursuant to Pa. R.C.P. 1042.7.

Finally, the only certificate of merit that Plaintiff filed in support of her vicarious liability claim against WellSpan York Hospital in Count IV, is limited to the care and treatment of Dr. Zahiruddin. However, in Count IV of her Complaint, Plaintiff asserts vicarious liability claims against WellSpan York Hospital for the medical and nursing "personnel, employees and/or agents." As Plaintiff has failed to file Certificates of Merit in support of vicarious liability

York County Prothonotary E-Filed - 24 Aug 2026 12:08:23 PM
Case Number: 2026-SU-001969

claims against WellSpan York Hospital for other medical and nursing personnel, employees and/or agents, and the 30-day notice period has elapsed, Defendant WellSpan York Hospital is entitled to a partial judgment of non-pros as to Count IV of Plaintiff's Complaint pursuant to Pa. R.C.P. 1042.7.

Respectfully submitted,

SAXTON & STUMP

Date: August 24, 2026

By: ______________________________

Collin T. Keyser, Esquire
Attorney I.D. No. 307505
Timothy M. Stengel, Esquire
Attorney I.D. No. 324573
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
Phone: (717) 556-1000
Fax: (717) 441-3810
ctk@saxtonstump.com
tstengel@saxtonstump.com

York County Prothonotary E-Filed - 24 Aug 2026 12:08:23 PM
Case Number: 2026-SU-001969

| | |
|---|---|
| ESTATE OF ZACHARIAH WHITE BY AND THROUGH ADMINISTRATRIX LOIS BENT AND LOIS BENT, HIS MOTHER, Plaintiff | COURT OF COMMON PLEAS OF YORK- COUNTY, PENNSYLVANIA |
| | CIVIL ACTION NO. 2026-SU-001969 |
| v. | JURY TRIAL DEMANDED |
| WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., MARK PETERSON, R.N., AMY E. GOLDEN, R.N., MEDICAL PROVIDER JOHN DOES, CITY OF YORK, YORK OFFICER JOHN DOES 1-2, OFFICER TANNER HOOVER, OFFICER HOOVER, a potentially fictious name, SECURITY OFFICER JOHN DOES, SPRING GARDEN TOWNSHIP, OFFICER BRANDON NOLAN and SPRING GARDEN OFFICER JOHN DOES 1-2, Defendants | |

**NOTICE PURSUANT TO RULE 236 OF THE SUPREME COURT OF PENNSYLVANIA**

You are hereby notified that a judgment has been entered against you in the above proceeding as indicated below.

Date August 24, 2026

Diane M Platts JH

Diane M. Platts, Prothonotary

X Judgment of Non-Pros as to Count III of Plaintiff's Complaint against Defendant WellSpan York Hospital.

X Judgment of Non-Pros as to Defendant Howard Goldberg, M.D.

X Judgment of Non-Pros as to Defendant Michele J. Snyder, RN.

X Judgment of Non-Pros as to Defendant Amy E. Golden, RN.

X Judgment of Non-Pros as to any vicarious liability claim asserted in Count IV of the Complaint against WellSpan York Hospital for the care and treatment of Howard Goldberg, M.D., Michele J. Snyder, RN, Amy E. Golden, RN, Mark Peterson, RN, and any other unidentified medical and nursing personnel, employees and/or agents.

To Wellspan York Hospital
1001 S George St
York, PA 17403

York County Prothonotary E-Filed - 24 Aug 2026 12:08:23 PM
Case Number: 2026-SU-001969

| | |
|---|---|
| ESTATE OF ZACHARIAH WHITE BY AND THROUGH ADMINISTRATRIX LOIS BENT AND LOIS BENT, HIS MOTHER,<br>Plaintiff<br><br>v.<br><br>WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., MARK PETERSON, R.N., AMY E. GOLDEN, R.N., MEDICAL PROVIDER JOHN DOES, CITY OF YORK, YORK OFFICER JOHN DOES 1-2, OFFICER TANNER HOOVER, OFFICER HOOVER, a potentially fictious name, SECURITY OFFICER JOHN DOES, SPRING GARDEN TOWNSHIP, OFFICER BRANDON NOLAN and SPRING GARDEN OFFICER JOHN DOES 1-2,<br>Defendants | COURT OF COMMON PLEAS OF YORK- COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION NO. 2026-SU-001969<br><br>JURY TRIAL DEMANDED |

**<u>NOTICE PURSUANT TO RULE 236 OF THE SUPREME COURT OF PENNSYLVANIA</u>**

You are hereby notified that a judgment has been entered against you in the above proceeding as indicated below.

Date August 24, 2026

Diane M Platts JH
Diane M. Platts, Prothonotary

X Judgment of Non-Pros as to Count III of Plaintiff's Complaint against Defendant WellSpan York Hospital.

X Judgment of Non-Pros as to Defendant Howard Goldberg, M.D.

X Judgment of Non-Pros as to Defendant Michele J. Snyder, RN.

X Judgment of Non-Pros as to Defendant Amy E. Golden, RN.

X Judgment of Non-Pros as to any vicarious liability claim asserted in Count IV of the Complaint against WellSpan York Hospital for the care and treatment of Howard Goldberg, M.D., Michele J. Snyder, RN, Amy E. Golden, RN, Mark Peterson, RN, and any other unidentified medical and nursing personnel, employees and/or agents.

To Michele J SNyder
1001 S. georgest
York, PA 17403

York County Prothonotary E-Filed - 24 Aug 2026 12:08:23 PM
Case Number: 2026-SU-001969

| | | |
|---|---|---|
| ESTATE OF ZACHARIAH WHITE BY AND THROUGH ADMINISTRATRIX LOIS BENT AND LOIS BENT, HIS MOTHER,<br>Plaintiff<br><br>v.<br><br>WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., MARK PETERSON, R.N., AMY E. GOLDEN, R.N., MEDICAL PROVIDER JOHN DOES, CITY OF YORK, YORK OFFICER JOHN DOES 1-2, OFFICER TANNER HOOVER, OFFICER HOOVER, a potentially fictious name, SECURITY OFFICER JOHN DOES, SPRING GARDEN TOWNSHIP, OFFICER BRANDON NOLAN and SPRING GARDEN OFFICER JOHN DOES 1-2,<br>Defendants | : | COURT OF COMMON PLEAS OF YORK- COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION NO. 2026-SU-001969<br><br>JURY TRIAL DEMANDED |

**NOTICE PURSUANT TO RULE 236 OF THE SUPREME COURT OF PENNSYLVANIA**

You are hereby notified that a judgment has been entered against you in the above proceeding as indicated below.

Date August 24, 2026

Diane M Platts JH

Diane M. Platts, Prothonotary

X Judgment of Non-Pros as to Count III of Plaintiff's Complaint against Defendant WellSpan York Hospital.

X Judgment of Non-Pros as to Defendant Howard Goldberg, M.D.

X Judgment of Non-Pros as to Defendant Michele J. Snyder, RN.

X Judgment of Non-Pros as to Defendant Amy E. Golden, RN.

X Judgment of Non-Pros as to any vicarious liability claim asserted in Count IV of the Complaint against WellSpan York Hospital for the care and treatment of Howard Goldberg, M.D., Michele J. Snyder, RN, Amy E. Golden, RN, Mark Peterson, RN, and any other unidentified medical and nursing personnel, employees and/or agents.

To Amy E. Golden
1001 S. George St
York, PA 17403

York County Prothonotary E-Filed - 24 Aug 2026 12:08:23 PM
Case Number: 2026-SU-001969

| | |
|---|---|
| ESTATE OF ZACHARIAH WHITE BY AND THROUGH ADMINISTRATRIX LOIS BENT AND LOIS BENT, HIS MOTHER,<br>Plaintiff<br><br>v.<br><br>WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., MARK PETERSON, R.N., AMY E. GOLDEN, R.N., MEDICAL PROVIDER JOHN DOES, CITY OF YORK, YORK OFFICER JOHN DOES 1-2, OFFICER TANNER HOOVER, OFFICER HOOVER, a potentially fictious name, SECURITY OFFICER JOHN DOES, SPRING GARDEN TOWNSHIP, OFFICER BRANDON NOLAN and SPRING GARDEN OFFICER JOHN DOES 1-2,<br>Defendants | COURT OF COMMON PLEAS OF YORK- COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION NO. 2026-SU-001969<br><br>JURY TRIAL DEMANDED |

## NOTICE PURSUANT TO RULE 236 OF THE SUPREME COURT OF PENNSYLVANIA

You are hereby notified that a judgment has been entered against you in the above proceeding as indicated below.

Date August 24, 2026

Diane M Platts JH
Diane M. Platts, Prothonotary

X Judgment of Non-Pros as to Count III of Plaintiff's Complaint against Defendant WellSpan York Hospital.

X Judgment of Non-Pros as to Defendant Howard Goldberg, M.D.

X Judgment of Non-Pros as to Defendant Michele J. Snyder, RN.

X Judgment of Non-Pros as to Defendant Amy E. Golden, RN.

X Judgment of Non-Pros as to any vicarious liability claim asserted in Count IV of the Complaint against WellSpan York Hospital for the care and treatment of Howard Goldberg, M.D., Michele J. Snyder, RN, Amy E. Golden, RN, Mark Peterson, RN, and any other unidentified medical and nursing personnel, employees and/or agents.

To Howard Goldberg
1001 S. George St
York, PA 17403

York County Prothonotary E-Filed - 24 Aug 2026 12:08:23 PM
Case Number: 2026-SU-001969

| | |
|---|---|
| ESTATE OF ZACHARIAH WHITE BY AND THROUGH ADMINISTRATRIX LOIS BENT AND LOIS BENT, HIS MOTHER,<br><br>Plaintiff<br><br>v.<br><br>WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., MARK PETERSON, R.N., AMY E. GOLDEN, R.N., MEDICAL PROVIDER JOHN DOES, CITY OF YORK, YORK OFFICER JOHN DOES 1-2, OFFICER TANNER HOOVER, OFFICER HOOVER, a potentially fictious name, SECURITY OFFICER JOHN DOES, SPRING GARDEN TOWNSHIP, OFFICER BRANDON NOLAN and SPRING GARDEN OFFICER JOHN DOES 1-2,<br><br>Defendants | COURT OF COMMON PLEAS OF YORK- COUNTY, PENNSYLVANIA<br><br>CIVIL ACTION NO. 2026-SU-001969<br><br>JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Collin T. Keyser, Esquire, certify that on this date, I served a certified true and correct copy of the foregoing PRAECIPE FOR ENTRY OF PARTIAL JUDGMENT OF NON-PROS ON BEHALF OF DEFENDANTS HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, RN, AMY E. GOLDEN, RN AND WELLSPAN YORK HOSPITAL upon the following counsel and parties of record, via email and first class mail, addressed as follows:

Gregg L. Zeff, Esquire
Eva C. Zelson, Esquire
Michele A. McKnight, Esquire
ZEFF LAW FIRM
100 Century Parkway, Suite 160
Mt. Laurel, MJ 08054
gzeff@glzefflaw.com
ezelson@glzefflaw.com
mmcknight@glzefflaw.com

York County Prothonotary E-Filed - 24 Aug 2026 12:08:23 PM
Case Number: 2026-SU-001969

*(Attorneys for Plaintiff)*
*(via email)*

City of York
101 South George Street
York, PA 17401
*(via first class mail)*

Officer Tanner Hoover
101 South George Street
York, PA 17401
*(via first class mail)*

Officer Brandon Nolan
101 South George Street
York, PA 17402
*(via first class mail)*

Spring Garden Township
240 Tri Hill Road – Suite A
York, PA 17403
*(via first class mail)*

Date: August 24, 2026

By: ______________________________
Collin T. Keyser, Esquire

York County Prothonotary E-Filed - 24 Aug 2026 12:08:23 PM
Case Number: 2026-SU-001969

| | | |
|---|---|---|
| ESTATE OF ZACHARIAH WHITE BY AND THROUGH ADMINISTRATRIX LOIS BENT AND LOIS BENT, HIS MOTHER, | : | COURT OF COMMON PLEAS OF YORK- COUNTY, PENNSYLVANIA |
| | : | CIVIL ACTION NO. 2026-SU-001969 |
| Plaintiff | : | JURY TRIAL DEMANDED |
| v. | : | |
| WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., MARK PETERSON, R.N., AMY E. GOLDEN, R.N., MEDICAL PROVIDER JOHN DOES, CITY OF YORK, YORK OFFICER JOHN DOES 1-2, OFFICER TANNER HOOVER, OFFICER HOOVER, a potentially fictious name, SECURITY OFFICER JOHN DOES, SPRING GARDEN TOWNSHIP, OFFICER BRANDON NOLAN and SPRING GARDEN OFFICER JOHN DOES 1-2, | : | |
| Defendants | : | |

## PUBLIC ACCESS POLICY CERTIFICATION

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

SAXTON & STUMP

Date: August 24, 2026

By: Collin T. Keyser [signature]
Collin T. Keyser, Esquire

York County Prothonotary E-Filed - 24 Aug 2026 12:08:23 PM
Case Number: 2026-SU-001969

# EXHIBIT "A"

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001969

ZEFF LAW FIRM LLC
Gregg L. Zeff, Esquire #52642
Eva C. Zelson, Esquire #320699
Michele A. McKnight Esquire #338926
100 Century Parkway, Suite 160
Mt. Laurel, NJ 08054
(856) - 778 - 9700
gzeff@glzefflaw.com

*Attorneys for Plaintiff*

**IN THE COURT OF COMMON PLEAS
YORK COUNTY, PENNSYLVANIA**

| | |
|---|---|
| ESTATE OF ZACHARIAH WHITE<br>BY AND THROUGH ADMINISTRATRIX<br>LOIS BENT AND<br>LOIS BENT, HIS MOTHER<br><br>*Plaintiff,*<br><br>v.<br>WELLSPAN YORK HOSPITAL<br>1001 S George Street<br>York, PA 17403<br><br>And,<br><br>KHATIJIA ZAHIRUDDIN, D.O.<br>1001 S George Street<br>York, PA 17403<br><br>And,<br><br>HOWARD GOLDBERG, M.D.<br>1001 S George Street<br>York, PA 17403<br><br>And,<br><br>MICHELE J. SNYDER, R.N.<br>1001 S George Street<br>York, PA 17403<br><br>And,<br><br>MARK PETERSON, R.N.<br>1001 S George Street | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001969

| | |
|---|---|
| York, PA 17403<br><br>And,<br><br>AMY E GOLDEN, R.N.<br>1001 S George Street<br>York, PA 17403<br><br>And,<br><br>MEDICAL PROVIDER JOHN DOES<br>1001 S George Street<br>York, PA 17403<br><br>And,<br><br>CITY OF YORK<br>101 South George Street<br>York, PA 17401<br><br>And,<br><br>YORK OFFICER JOHN DOES 1-2<br>101 South George Street<br>York, PA 17401<br><br>And,<br><br>OFFICER TANNER HOOVER<br>101 South George Street<br>York, PA 17401<br><br>And,<br>OFFICER HOOPER, a potentially fictious name.<br><br>And<br>SECURITY OFFICER JOHN DOES<br><br>And,<br><br>SPRING GARDEN TOWNSHIP<br>340 Tri Hill Road<br>Suite A | |

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001989

| | |
|---|---|
| York PA 17403<br><br>And,<br><br>OFFICER BRANDON NOLAN<br>101 South George Street<br>York, PA 17401<br><br>And,<br><br>SPRING GARDEN OFFICER JOHN DOES 1-2<br>340 Tri Hill Road<br>Suite A<br>York PA 17403<br><br>*Defendants* | |

**COMPLAINT**

Plaintiff, Estate of Zachariah White, and Lois Bent, as administratrix of the Estate of Zachariah White, and on her own behalf, do hereby complain:

**PARTIES**

1. Plaintiff is the Estate of Zachariah White, by and through its administratrix, Lois Bent as mother of Decedent, Zachariah White and Lois Bent on her own behalf. (Plaintiff's Decedent shall be referred to as "White")
2. Defendant WellSpan York Hospital ("Defendant WellSpan") is a regional medical center located at 1001 South George Street, York, Pennsylvania 17403.
3. At all times relevant hereto, Defendant WellSpan, through its employees, workmen and agents, employed and supervised the medical providers listed as Defendants in this matter.
4. At all times relevant hereto, WellSpan created and maintained a medical facility in which people such as White were welcomed to appear for treatment and care.

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001989

5. At all times relevant hereto, WellSpan represented that it would provide adequate medical care and security to all business invitees, including White.

6. White was a business invitee of WellSpan at all times relevant hereto.

7. Defendant Khatija Zahiruddin, DO, ("Defendant Dr. Zahiruddin") at all times herein was an employee and/or agent of Defendant WellSpan.

8. Defendant Dr. Zahiruddin represented herself to provide adequate care to White as an emergency medicine doctor.

9. Defendant Howard Goldberg, MD ("Defendant Dr. Goldberg") at all times herein was an employee and/or agent of Defendant WellSpan and a supervising provider of medical care provided to White, particularly with regard to care and treatment related to a CAT scan with contrast.

10. Defendant Michelle J. Snyder, RN ("Defendant Snyder") was at all times herein was an employee and/or agent of Defendant WellSpan and a registered nurse.

11. Defendant Mark Peterson, RN, ("Defendant Peterson") was at all times herein was an employee and/or agent of Defendant WellSpan and a registered nurse.

12. Defendant Amy E. Golden, RN ("Defendant Golden"), was at all times herein was an employee and/or agent of Defendant WellSpan and a registered nurse.

13. Defendant Officer Tanner Hoover, at all times relevant hereto was a York City Police Officer assigned to escort the White out of York Hospital. He was acting under color of state law. Medical records indicate that an "Officer Hoover" escorted White out of the building. After reasonable research and review, an Officer Tanner Hoover works for York City Police and is believed to be the correct Defendant. In an abundance of caution, "Officer Hooper" a possibly fictitious name and Officer Tanner Hoover are named.

Defendant Officer Hooper may have been mistakenly identified. Thus, Defendant Officer Hooper may be Defendant Officer Hoover.

14. Defendant Supervising and Decisionmaker John Doe(s) ("York Officers Doe") are fictious names and are one or more supervisors and police department supervisors of Officer Hoover responsible for his training and the policies and practices of York City Police Department at the time of this incident. After reasonable investigation, their identities are unknown at this time.

15. Defendant City of York, ("Defendant York") is a municipal subdivision of Pennsylvania that employs the York City Police Department and was responsible at all times relevant hereto for the training, policies and practices of York City Police, including Officer Hoover and York Officers Doe.

16. Defendant Spring Garden Township ("Defendant Spring Garden") is a municipal subdivision of Pennsylvania that employs the Spring Garden Township Police Department and was responsible at all times relevant hereto for the training, policies and practices of Spring Garden Police Department, including Officer Nolan and Spring Garden Officers Doe.

17. Defendant Officer Brandon Nolan, ("Defendant Officer Nolan") at all times relevant hereto, was a police officer with the Spring Garden Township Police Department. He is sued as an individual and in his official capacity.

18. Defendant Supervising and Decisionmaker John Doe(s) ("Spring Garden Officers Doe") are fictious names and are one or more supervisors and police department supervisors of Defendant Officer Nolan responsible for his training and the policies and practices of

Spring Garden Police Department at the time of this incident. After reasonable investigation, their identities are unknown at this time.

19. Defendant Medical Provides John Doe(s) ("Medical Providers Doe") are fictious names and are one or more agents, worker, employees and/or contractors of WellSpan that interacted with White at or near WellSpan and failed to take adequate care on the date of and prior to the incident. Medical Providers Doe include all hospital personnel, including but not limited to security officers and others identified without names in medical records. The identities of Medical Providers Doe are unknown after reasonable investigation.

## JURISDICTION AND VENUE

20. Jurisdiction is properly laid out in this Court as Defendants are subject to personal jurisdiction in the state of Pennsylvania.

21. Moreover, Plaintiff's cause of action arises out of Defendant's acts and/or omissions, which occurred in York County, Pennsylvania.

## FACTS

22. On or about May 2, 2024, White entered Defendant Wellspan for treatment of physical and/or mental health issues.

23. Hospital records indicate that White complained of pain in his abdomen and left knee in the emergency room.

24. Defendant Dr. Khatija Zahiruddin oversaw White's care in the emergency room.

25. Defendant Dr. Zahiruddin ordered a number of tests for White.

26. Defendant Golden assisted Defendant Dr. Zahiruddin in the emergency room with triage.

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001969

27. White was taken for a CAT scan ("CT") with contrast pursuant to orders of Defendant Dr. Zahiruddin.

28. Defendant Dr. Goldberg supervised the CT procedure.

29. Defendant Peterson, according to the medical records, injected I.V. contrast into White.

30. White began acting erratically and became upset after the I.V. contrast was given to him for the CT.

31. According to the medical records, White complained that he was given too much contrast dye.

32. Subsequent to being given the contrast, the medical records state that White exhibited bizarre behavior and became uncooperative towards the staff, frequently trying to leave.

33. According to the medical records, White eventually decided to leave "on his own" with the approval of Dr. Zahiruddin.

34. Defendant Dr. Zahiruddin released White knowing that: (1) White was coherent and cooperative until receiving contrast dye; (2) immediately upon receiving contrast dye, his behavior changed dramatically; (3) immediately upon receiving contrast dye, White exhibited bizarre behavior and become very uncooperative and that (4) White required an escort by security and police to leave the building.

35. Defendant Peterson knew or should have known the same.

36. Defendant Dr. Goldberg supervised White's CT procedure and failed to intervene to perform additional medical and psychological testing of White before allowing his discharge despite clear evidence that the CT dye injected caused dramatic and bizarre behavior and security and police involvement.

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001969

37. Upon information and belief, Defendants Dr. Zahiruddin, Dr. Goldberg along with Defendant Snyder, Defendant Golden and Defendant Petersen, knew at the time that White was released, that he was a danger to himself or others because of the medical and/or psychological condition he was exhibiting at the time the decision was made to release him.

38. Defendants Dr. Zahiruddin, Dr. Goldberg along with Defendant Snyder, Defendant Golden and Defendant Petersen collectively, jointly and severally allowed White to leave without discharge instructions and without proper medical and/or psychological care.

39. Defendants Dr. Zahiruddin, Dr. Goldberg along with Defendant Snyder, Defendant Golden and Defendant Petersen acted beneath the standard of care for such medical providers in taking the above-described action.

40. Had Defendants Dr. Zahiruddin, Dr. Goldberg along with Defendant Snyder, Defendant Golden and Defendant Petersen followed the appropriate standard of care, White would have been detained either of his own free will or involuntarily for further medical and/or psychological testing.

41. Based on the records, White may have had a reaction to the dye or a psychotic episode resulting in his bizarre and erratic behavior.

42. If White had remained at Defendant WellSpan for the care he needed and deserved, the incident that led to his death would not have happened.

43. Instead of providing White with the care he needed Defendants Dr. Zahiruddin, Dr. Goldberg along with Defendant Snyder, and Defendant Petersen released White into the custody and care of Defendant Officer Hoover and Defendants Medical Providers Doe an unidentified security officer(s) ("Defendant Security Officer").

44. It was foreseeable, at the time White was released to police and security custody, that White was a danger to himself and others.

45. Defendant Officer Hoover and Defendant Security Officer knowingly and forceable removed White from Defendant WellSpan knowing that he had a serious medical/psychological condition.

46. White was in custody and control of Defendant Officer Hoover inside and outside WellSpan.

47. Defendant Officer Hoover and Defendant Security Officer knowingly and forcibly escorted White off the property toward a nursing home – Rest Haven Nursing Home ("Rest Haven") located at 1050 South George Street.

48. Upon information and belief, at the time, White had no affiliation with or reason to be at Rest Haven.

49. Defendant Officer Hoover and Defendant Security Officer had a duty to prevent White, knowing he was acting erratically and bizarre from harming himself or others.

50. Defendant Officer Hoover and Defendant Security Officer had a duty to release White, knowing he was acting erratically and bizarre, in a safe location.

51. Defendant Officer Hoover was so concerned about White's condition, that he radioed and informed their dispatcher with a description of White, that he was walking toward Rest Haven Nursing Home, and that White was not allowed on Defendant WellSpan's property.

52. Defendant Officer Hoover and Defendant Security Officer should not have permitted White to walk unescorted into Rest Haven where he was clearly a danger to himself and others.

53. It was foreseeable that releasing White toward the nursing home that White would be a danger to himself and others.

54. Officer Hoover's release of White, under the circumstance, increased the risk that White would harm himself or others and shocks the conscience.

55. Releasing White from custody, unescorted while he was acting erratic and bizarre and walking toward a nursing home was beneath the standard of care of a police officer,

56. Defendant Officer Nolan heard the radio dispatch from Officer Hoover about White.

57. Subsequently, Defendant Officer Nolan was dispatched to Rest Haven for report on a subject matching the description of White.

58. Defendant Officer Nolan encountered White inside Rest Haven.

59. While in Rest Haven, White continued to act in a bizarre and erratic manner.

60. Defendant Officer Nolan used excessive force on White by tasing him several times and shooting him to death in violation of White's rights.

61. Defendant Officer Nolan knew that White was having a medical or psychological disability before he shot him.

**COUNT I**
**VIOLATION OF 42 U.S.C. § 1983**
**PLAINTIFF v. DEFENDANT POLICE OFFICER NOLAN**

62. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

63. Defendant Police Officer Nolan used excessive force thereby violating White's rights under the laws of the Constitution of the United States, in particular, the Fourth Amendment, and his rights under the Constitution and laws of the Commonwealth of Pennsylvania.

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001969

64. Without any justification or provocation, Defendant Officer Nolan willfully and maliciously caused White to suffer injuries which resulted in White's untimely death.

65. As a direct and proximate result of the aforesaid acts of Defendant Officer Nolan committed under color of his authority as a Township of Spring Garden Police Officer, White suffered grievous bodily harm and death which is a violation by said Defendant of the laws and Constitution of the United States, in particular, the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, and was further in violation of the Statutes of the Commonwealth of Pennsylvania and the Constitution of the United States all of which makes said Defendant liable to Plaintiff.

66. The acts committed by Defendant constitute intentional misconduct, excessive use of force and deliberate indifference to White which caused the previously described injuries to the White, in violation of his constitutional rights as previously set forth in the aforementioned paragraphs. The acts constitute an excessive use of force all in violation of the Fourth Amendment to the Constitution and 42 U.S.C. § 1983.

**WHEREFORE,** Plaintiff demands judgment against Defendant Police Officer Nolan.

**COUNT II**
**Negligence**
**PLAINTIFF V. DEFENDANT SECUIRTY OFFICER JOHN DOES**

67. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

68. As a direct and proximate result of the aforementioned acts and conduct of Defendant Security Officer, the occurrence was foreseeable and preventable and yet, White was injured.

69. The above-described incident was a result of the negligent conduct of Defendants, Defendant Security Officers, and was without provocation by White.

70. The negligent conduct consisted of Defendants participating in actions that fell outside the boundaries of reasonably safe behavior and security procedures and policies of WellSpan.

71. The carelessness and negligence of Defendants consisted of the following:

    a. Negligently, carelessly and/or accidentally leaving White in an unsafe location;

    b. Failing to bring him back the hospital;

    c. Failing to call prevent White from entering Rest Haven.

72. As a further proximate and foreseeable result of Defendants' negligent acts, Defendants, knew or should have known that such acts could result in White's injuries.

73. As a direct and proximate result of the above, White suffered injuries and damages as enumerated above.

**WHEREFORE,** Plaintiff demands compensatory damages against Defendants, Defendant Security Officer John Does, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($100,000.00), to fairly and adequately compensate Plaintiff, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

**COUNT III**
**Reckless and/or Negligent Hiring, Retention and/or Training**
**PLAINTIFF v. WELLSPAN**

74. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

75. At all times relevant and material hereto, Defendants, WellSpan, through their agents, servants, workmen, and/or employees owned, operated, maintained, supervised, controlled and/or were otherwise responsible for the security and/or medical care and/or psychological care at said premises and surrounding area in which White was injured.

76. At the time and place aforesaid, Defendant WellSpan, acting by and through their agents, servants and/or employees acting within the course and scope their agency, servanthood and/or employment were guilty of one or more of the following negligent and/or wrongful acts or omissions:

a. Failing to adequately hire, qualify, select and/or train proper and qualified individuals to work as security guards for Defendants;

b. Failing to hire, qualify and/or select employees who would provide medical and/or psychological care at or above the standard of care.

c. Failing to discipline their agents, servants and/or employees to exercise reasonable judgment and force while on duty;

d. Failing to train proper and qualified individuals, particularly Medical Personnel Defendants, Defendant Security Officer John Does, in exercising reasonable judgment and in using excessive force and/or escalating a situation; and

e. Failing to exercise reasonable care to control their agents, servants and/or employees, while on duty so as to prevent them from harming White.

77. As a direct and proximate result of the above, Plaintiff suffered injuries and damages as enumerated above.

**WHEREFORE** Plaintiff demands compensatory and punitive damages against Defendants, WellSpan, in an amount in excess of One Hundred Thousand Dollars ($100,000.00), to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001969

**COUNT IV**
**Negligence and Vicarious Liability**
**PLAINTIFF V. DEFENDANT WELLSPAN, DEFENDANTS DR ZAHIRUDDIN, DR. GOLDBERG, NURSES PETERSON, SNYDER AND GOLDEN AND DEFENDANT MEDICAL PERSONNEL JOHN DOES**

78. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

79. As a direct and proximate result of the aforementioned acts and conduct of Defendants the occurrence was precipitated and White was injured.

80. The above-described incident was a result of the negligent conduct of Defendant WellSpan's medical and security personnel, employees, and/or agents and was without provocation by White.

81. The negligent conduct consisted of Defendants Medical Personnel, employees and/or agents participating in actions that fell outside the boundaries of reasonably safe behavior and security protocols and procedures.

82. The carelessness and negligence of the above named consisted of the following:

    a. Failing to recognize and/diagnose White's medical condition;

    b. Faling to recognize White's psychological and/or diminished capacity;

    c. Allowing White, with his medical condition and/or psychological condition and/or diminished capacity to leave the Hospital without treatment;

    d. Allowing White to leave the Hospital knowing that he began acting in a bizarre and erratic manner after receiving CT dye.

    e. Allowing White, with his medical condition and/or psychological condition and/or diminished capacity to leave the Hospital without escort to a safe location under the circumstance;

f. Allowing security guards of Defendant Wellspan to negligently, carelessly and/or accidentally coming into contact with White;

g. Failing to use proper and prudent care under the circumstance.

h. Failing to voluntarily or involuntarily require White to stay in the hospital pending further evaluation.

i. Allowing White to leave the hospital knowing he was incapacitated, diminished and acting erratically and bizarrely.

j. Failing to appropriately supervise medical personnel.

k. Other negligent acts.

83. As a further proximate and foreseeable result of the above Defendants' actions, Defendants knew or should have known that such acts could result in White's injuries.

84. As a direct and proximate result of the above, White suffered injuries and damages as enumerated above.

**WHEREFORE**, Plaintiff demands compensatory damages against Defendants, WellSpan, in an amount in excess of One Hundred Thousand Dollars ($100,000.00), to fairly and adequately compensate Plaintiff, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

**COUNT V**
**Battery**
**PLAINTIFF v. DEFENDANT POLICE OFFICER NOLAN**

85. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

86. Defendant, without provocation, justification, permission or cause, did commit battery upon the person of White by shooting White in the left chest.

York County Prothonotary E-Filed - 04 May 2026 02:08:25 PM
Case Number: 2026-SU-001969

87. As a direct result of Defendant's battery, White suffered the injuries aforesaid.

**WHEREFORE**, Plaintiff, demands judgment against Defendant Police Officer Nolan in an amount in excess of $100,000.00 plus interest, costs, attorney's fees and punitive damages.

**COUNT VI**
**Assault**
**PLAINTIFF v. DEFENDANT POLICE OFFICER NOLAN**

88. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

89. Defendant, without provocation, justification, permission or cause, did commit assault upon the person of White by shooting White in the left chest.

90. As a direct result of Defendant's assault, White suffered the injuries aforesaid.

**WHEREFORE**, Plaintiff demands judgment against Defendant Police Officer Nolanin an amount in excess of $100,000.00 plus interest, costs, attorney's fees and punitive da mages.

**COUNT VII**
**VIOLATIONS OF 42 U.S.C. § 1983**
**FAILURE TO TRAIN**
**PLAINTIFF v. DEFENDANTS TOWNSHIP OF SPRING GARDEN AND SPRING GARDEN OFFICERS DOE**

91. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

92. Defendants Township of Spring Garden and Spring Garden Officers Doe failed to properly train and supervise Defendant Police Officer Nolan regarding deadly force, excessive force and dealing with persons with disabilities or physical or mental impairment.

York County Prothonotary E-Filed - 04 May 2026 02:08:35 PM
Case Number: 2026-SU-001969

93. As such, said Defendants were grossly negligent, deliberately indifferent and reckless with respect to the potential violation of constitutional rights.

94. Defendants Township of Spring Garden and Spring Garden Officers Doe's failures were the moving force behind the actions of Defendant Police Officer Nolan resulting in the injuries and death of White aforesaid.

**WHEREFORE,** Plaintiff demands judgment against Defendants Township of Spring Garden and Spring Garden Officers Doe in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

**COUNT VIII**
**VIOLATION OF 42 U.S.C. § 1983**
**PLAINTIFF v. DEFENDANTS TOWNSHIP OF SPRING GARDEN AND SPRING GARDEN OFFICERS DOE**

95. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

96. Defendants Township of Spring Garden and Spring Garden Officers Doe developed and maintained a number of deficient policies and/or customs which caused the deprivation of White's constitutional rights.

97. Said Defendants' policies and customs encouraged Defendant Police Officer Nolan to believe that he could violate the constitutional rights of White with impunity and with the explicit or tacit approval of Defendants Township of Spring Garden and Spring Garden Officers Doe.

98. **WHEREFORE,** Plaintiff demands judgment against Defendants Township of Spring Garden and Spring Garden Officers Doe in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

York County Prothonotary E-Filed - 24 May 2026 02:08:25 PM
Case Number: 2026-SU-001969

**COUNT IX**
**STATE CREATED DANGER**
**PLAINTIFF v. DEFENDANT POLICE OFFICER HOOVER**

99. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

100. Defendant Officer Hoover had White under his custody while acting as a police officer under color of law.

101. Defendant Officer Hoover knew White while in custody was a danger to himself and others by virtue of his erratic and bizarre behavior.

102. It was foreseeable that under the circumstance, if left alone, White would enter a nursing home without permission or need as he was headed there while controlled by Officer Hoover.

103. Defendant Officer Hoover was or should have been trained that incapacitated persons must never be left unprotected from themselves or society when under custody.

104. As a direct result of Defendant Officer Hoover's abandonment of White, White was left in a dangerous condition, created by Officer Hoover, where the risk to White of injury to himself or others was far greater than when he was in custody of Officer Hoover.

105. Defendant Officer Hoover's actions and inactions violate the State Created Danger doctrine of the U.S. Constitution by and through 42 U.S.C. § 1983.

106. As a direct result of Defendant Officer Hoover's actions, White suffered the injuries aforesaid.

**WHEREFORE,** Plaintiff demands judgment against Defendant Police Officer Hoover in an amount in excess of $100,000.00 plus interest, costs, attorney's fees and punitive damages.

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001969

**COUNT X**
**VIOLATIONS OF 42 U.S.C. § 1983**
**Failure to Train**
**PLAINTIFF v. DEFENDANT TOWNSHIP OF SPRING GARDEN SPRING GARDEN OFFICER DOES**

107. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

108. Defendants Township of Spring Garden and Spring Garden Officer Does failed to properly train and supervise Defendant Police Officer Nolan regarding custody and control of persons with disabilities, physical or mental impairment.

109. As such, said Defendants were grossly negligent, deliberately indifferent and reckless with respect to the potential violation of constitutional rights.

110. Defendants Township of Spring Garden and Spring Garden Officers Doe's failures were the moving force behind the actions of Defendant Police Officer Nolan resulting in the injuries and death of White aforesaid.

**WHEREFORE,** Plaintiff demands judgment against Defendants Township of Spring Garden and Spring Garden Officers Doe in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

**COUNT XI**
**VIOLATION OF 42 U.S.C. § 1983**
**PLAINTIFF v. DEFENDANTS YORK AND YORK OFFICERS DOE**

111. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

112. Defendant York and Defendant York Officer Does developed and maintained a number of deficient policies and/or customs which cause the deprivation of White's constitutional rights.

York County Prothonotary E-Filed - 04 May 2026 02:03:55 PM
Case Number: 2026-SU-001969

113. Said Defendants' policies and customs encouraged Defendant Police Officer Hoover to believe that he could violate the constitutional rights of White with impunity and with the explicit or tacit approval of Defendants York and York Officer John Does.

114. **WHEREFORE**, Plaintiff demands judgment against Defendants Township of Spring Garden and Spring Garden Officers Doe in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

**COUNT XII**
**VIOLATIONS OF 42 U.S.C. § 1983**
**FAILURE TO TRAIN**
**PLAINTIFF v. DEFENDANT YORK AND YORK OFFICERS DOE**

115. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

116. Defendants York and York Officers Doe failed to properly train and supervise Defendant Police Officer Hoover.

117. As such, said Defendants were grossly negligent, deliberately indifferent and reckless with respect to the potential violation of constitutional rights.

118. Defendants York and York Officers Doe's failures were the moving force behind the actions of Defendant Police Officer Hoover resulting in the injuries and death of White aforesaid.

**WHEREFORE**, Plaintiff demands judgment against Defendants York and York Officers Doe in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001969

**COUNT XIII**
**VIOLATION OF 42 U.S.C. § 1983**
**PLAINTIFF v. DEFENDANTS YORK AND YORK OFFICER JOHN DOES**

119. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

120. Defendants York and York Officers Doe developed and maintained a number of deficient policies and/or customs which caused the deprivation of White's constitutional rights.

121. Said Defendants' policies and customs encouraged Defendant Police Officer Hoover to believe that he could violate the constitutional rights of White with impunity and with the explicit or tacit approval of Defendants York and York Defendants Township of Spring Garden and Spring Garden Officers Doe's polices and customs were a direct and proximate cause of the injuries suffered by White aforesaid.

**WHEREFORE,** Plaintiff demands judgment against Defendants Township of Spring Garden and Spring Garden Officers Doe in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

**COUNT XIV**
**WRONGFUL DEATH**
**PLAINTIFF v. ALL DEFENDANTS**

122. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

123. Plaintiff was appointed Administratrix of the Estate of Zachariah White for the Probate of Wills and Grant of Letters Testamentary and of Administration and brings this action under and pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301, on

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001969

behalf of those persons entitled to recover under that Act. Those persons are as follows: Lois Bent, White's mother.

124. Plaintiff further demands damages for all pecuniary losses, including the medical expenses, funeral expenses and expenses of administration necessitated by reason of the death of White, and other expenses reasonably associated with White's death.

125. As a result of the wrongful death of White, his survivors have been deprived of the earnings, maintenance, guidance, support, companionship and comfort that they would have received from him for the rest of his natural life.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory and punitive damages an amount in excess of $100,000.00 plus interest, costs, attorney's fees and punitive damages.

**COUNT XV**
**SURVIVAL CLAIM**
**PLAINTIFF v. ALL DEFENDANTS**

126. All preceding paragraphs are fully incorporated by reference as though each were fully set forth herein at length.

127. Plaintiff brings this action pursuant to the Pennsylvania Survival Act on behalf of the Estate of White.

128. Plaintiff demands damages of Defendants for the physical and emotional pain and suffering experienced by White prior to his death; Plaintiff further demands damages for economic losses sustained by the Estate of White by reason of his untimely death.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory and punitive damages an amount in excess of $100,000.00 plus interest, costs, attorney's fees and punitive damages.

York County Prothonotary E-Filed - 04 May 2026 02:08:55 PM
Case Number: 2026-SU-001969

**ZEFF LAW FIRM, LLC**

*/s/ Gregg L. Zeff*

Gregg L. Zeff, Esq.
*Attorneys for Plaintiff*

Dated: May 1, 2026

York County Prothonotary E-Filed - 24 Aug 2026 12:08:23 PM
Case Number: 2026-SU-001989

# EXHIBIT "B"

York County Prothonotary E-Filed - 24 Aug 2026 03:56:43 PM
Case Number: 2026-SU-001969

| | | |
|---|---|---|
| ESTATE OF ZACHARIAH WHITE BY AND THROUGH ADMINSTRATRIX LOIS BENT AND LOIS BENT, HIS MOTHER, | : | COURT OF COMMON PLEAS OF YORK- COUNTY, PENNSYLVANIA |
| | : | CIVIL ACTION NO. 2026-SU-001969 |
| Plaintiff | : | JURY TRIAL DEMANDED |
| v. | : | |
| WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., MARK PETERSON, R.N., AMY E. GOLDEN, R.N., MEDICAL PROVIDER JOHN DOES, CITY OF YORK, YORK OFFICER JOHN DOES 1-2, OFFICER TANNER HOOVER, OFFICER HOOVER, a potentially fictious name, SECURITY OFFICER JOHN DOES, SPRING GARDEN TOWNSHIP, OFFICER BRANDON NOLAN and SPRING GARDEN OFFICER JOHN DOES 1-2, | : | |
| Defendants | : | |

**AMENDED NOTICE OF INTENTION TO ENTER JUDGMENT OF *NON PROS* FOR FAILURE TO FILE CERTIFICATES OF MERIT**

TO: Estate of Zachariah White by and through
Administratrix Lois Bent, and Lois Bent, his mother
c/o Gregg L. Zeff, Esquire
Zeff Law Firm LLC
100 Century Parkway, Suite 160
Mt. Laurel, NJ 08054

**Date of Notice: June 16, 2026**

Pursuant to Pennsylvania Rule of Civil Procedure 1042.7, I intend to enter a judgment of *non pros* against you after fifty-two (52) days (August 7, 2026), of the date of the filing of this notice if certificates of merit are not filed as required by Pa.R.C.P. 1042.3.

York County Prothonotary E-Filed - 26 Aug 2026 02:56:23 PM
Case Number: 2026-SU-001969

I am serving this notice on behalf of Defendants, WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., and AMY E. GOLDEN, R.N. The judgment of *non pros* will be entered as to all claims against Defendants, WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., and AMY E. GOLDEN, R.N.

Respectfully submitted,
SAXTON & STUMP

Date: June 16, 2026

By: ______________________________

Collin T. Keyser, Esquire
Attorney I.D. No. 307505
Timothy M. Stengel, Esquire
Attorney I.D. No. 324573
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
Phone: (717) 556-1000
Fax: (717) 441-3810
ctk@saxtonstump.com
tstengel@saxtonstump.com

York County Prothonotary E-Filed - 24 Aug 2026 02:08:43 PM
Case Number: 2026-SU-001969

| | | |
|---|---|---|
| ESTATE OF ZACHARIAH WHITE BY AND THROUGH ADMINSTRATRIX LOIS BENT AND LOIS BENT, HIS MOTHER, | : | COURT OF COMMON PLEAS OF YORK- COUNTY, PENNSYLVANIA |
| | : | CIVIL ACTION NO. 2026-SU-001969 |
| Plaintiff | : | JURY TRIAL DEMANDED |
| v. | : | |
| WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., MARK PETERSON, R.N., AMY E. GOLDEN, R.N., MEDICAL PROVIDER JOHN DOES, CITY OF YORK, YORK OFFICER JOHN DOES 1-2, OFFICER TANNER HOOVER, OFFICER HOOVER, a potentially fictious name, SECURITY OFFICER JOHN DOES, SPRING GARDEN TOWNSHIP, OFFICER BRANDON NOLAN and SPRING GARDEN OFFICER JOHN DOES 1-2, | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Collin T. Keyser, Esquire, certify that on this date, I served a certified true and correct copy of the foregoing AMENDED NOTICE OF INTENTION TO ENTER JUDGMENT OF *NON PROS* FOR FAILURE TO FILE CERTIFICATES OF MERIT upon the following counsel and parties of record, via email, addressed as follows:

Gregg L. Zeff, Esquire
Eva C. Zelson, Esquire
Michele A. McKnight, Esquire
ZEFF LAW FIRM
100 Century Parkway, Suite 160
Mt. Laurel, MJ 08054
gzeff@glzefflaw.com
ezelson@glzefflaw.com
mmcknight@glzefflaw.com
*(Attorneys for Plaintiff)*

York County Prothonotary E-Filed - 26 Aug 2026 02:58:43 PM
Case Number: 2026-SU-001969

Date: June 16, 2026

By: ______________________________
Collin T. Keyser, Esquire

York County Prothonotary E-Filed - 26 Aug 2026 02:58:23 PM
Case Number: 2026-SU-001969

| | | |
|---|---|---|
| ESTATE OF ZACHARIAH WHITE BY AND THROUGH ADMINSTRATRIX LOIS BENT AND LOIS BENT, HIS MOTHER, | : | COURT OF COMMON PLEAS OF YORK- COUNTY, PENNSYLVANIA |
| | : | CIVIL ACTION NO. 2026-SU-001969 |
| Plaintiff | : | JURY TRIAL DEMANDED |
| v. | : | |
| WELLSPAN YORK HOSPITAL, KHATIJIA ZAHIRUDDIN, D.O., HOWARD GOLDBERG, M.D., MICHELE J. SNYDER, R.N., MARK PETERSON, R.N., AMY E. GOLDEN, R.N., MEDICAL PROVIDER JOHN DOES, CITY OF YORK, YORK OFFICER JOHN DOES 1-2, OFFICER TANNER HOOVER, OFFICER HOOVER, a potentially fictious name, SECURITY OFFICER JOHN DOES, SPRING GARDEN TOWNSHIP, OFFICER BRANDON NOLAN and SPRING GARDEN OFFICER JOHN DOES 1-2, | : | |
| Defendants | : | |

**<u>PUBLIC ACCESS POLICY CERTIFICATION</u>**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

SAXTON & STUMP

Date: June 16, 2026

By: ______________________________
Collin T. Keyser, Esquire

# EXHIBIT "C"

York County Prothonotary E-Filed - 2 Aug 2026 02:08:23 PM
Case Number: 2026-SU-001969

ZEFF LAW FIRM LLC
Gregg L. Zeff, Esquire #52642
Eva C. Zelson, Esquire #320699
Michele A. McKnight Esquire #338926
100 Century Parkway, Suite 160
Mt. Laurel, NJ 08054
(856) - 778 - 9700
gzeff@glzefflaw.com

*Attorneys for Plaintiff*

**IN THE COURT OF COMMON PLEAS**
**YORK COUNTY, PENNSYLVANIA**

| | |
|---|---|
| ESTATE OF ZACHARIAN WHITE<br>BY AND THROUGH ADMINISTRATRIX<br>LOIS BENT AND<br>LOIS BENT, HIS MOTHER<br>*Plaintiff,*<br><br>v.<br>WELLSPAN YORK HOSPITAL et al.<br>*Defendants* | CIVIL ACTION NO. 2026-SU-001969<br><br>**CERTIFICATE OF MERIT** |

**CERTIFICATE OF MERIT**

I, Gregg L. Zeff, Esq, am the attorney for the Plaintiff in the above captioned matter. Pursuant to *Pa. R. Civ. P.* 1042.3, I hereby certify that an appropriately licensed and credentialled physician of emergency medicine has provided me with a written statement which states that there is a reasonable basis to conclude that the care, skill and knowledge exhibited by, Khattijia Zahiruddin, D.O. at Wellspan York Hospital in the medical treatment and care that is the subject of the complaint in the above captioned matter, fell outside of the acceptable professional standard of care, and that such conduct was a cause in bringing about the harm to the Plaintiff.

**ZEFF LAW FIRM, LLC**
*/s/ Gregg L. Zeff, Esq*
Gregg L. Zeff Esq.
Attorneys for Plaintiff

Dated: July 2, 2026

York County Prothonotary E-Filed - 28 Aug 2026 03:08:23 PM
Case Number: 2026-SU-001969