**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEREMY PEIFFER,** **Plaintiff,** | : | **Civil Action No.** |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **CRETE CARRIER CORPORATION,** **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Jeremy Peiffer (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, brings this civil matter against Crete Carrier Corporation (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the Pennsylvania Medical Marijuana Act ("MMA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Thurmont, Maryland.
3. Upon information and belief, Defendant is a trucking and logistics company with a location at 6800 Carlisle Pike, Mechanicsburg, Pennsylvania 17050 and corporate headquarters located at 400 NW 56th Street, Lincoln, Nebraska 68528.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law and local ordinance claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff was domiciled in this judicial district, the Defendant provides services and maintains a location in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted any required administrative remedies under the ADA and the PHRA.
13. On or about April 15, 2025, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination against Defendant.
14. The Charge was assigned a Charge Number 530-2025-05335 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated July 8, 2026.
16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.
18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF IS DISABLED

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff has the serious medical condition of Opiate Use Disorder ("OUD") which is considered to be a disability under the Americans with Disabilities Act of 1990, as amended ("ADA") and the Pennsylvania Human Relations Act ("PHRA").

21. The major life activities affected by OUD include, but are not limited to, neurological and brain function.

## PLAINTIFF WAS PRESCRIBED A MEDICAL MARIJUANA CARD TO TREAT HIS DISABILITY

22. In or around April 2020, Plaintiff was granted a Pennsylvania Medical Marijuana Card.

23. Plaintiff did not reapply for the card in 2020, but then renewed his Pennsylvania Medical Marijuana Card again in October 2023.

## PLAINTIFF'S PREVIOUS EMPLOYMENT WITH DEFENDANT

24. Defendant previously employed Plaintiff from in or around February 2021 through in or around December 2022 as a Service Writer.

## DEFENDANT HIRES EMPLOYEES WHO HAVE MEDICAL MARIJUANA CARDS

25. Consistent with Pennsylvania state law, Defendant hires employees that have medical marijuana cards, except in positions that work with electricity.

26. Defendant has a sign reflecting this in its breakroom.

## PLAINTIFF APPLIED AND WAS INTERVIEWED FOR THE SERVICE WRITER POSITION

27. In or around January 2025, Plaintiff applied for an open Service Writer position at Defendant, the same position he previously held at Defendant.

28. On or about January 19, 2025, Plaintiff interviewed for the Service Writer position.

**DEFENDANT OFFERED PLAINTIFF THE SERVICE WRITER POSITION**

29. On or about January 29, 2025, Timothy Myers, Shop Supervisor, told Plaintiff he would be offered a job at Defendant.

30. Christy Nilson, Human Resources Representative, emailed Plaintiff an official offer letter for the Service Writer position at Defendant later that day.

31. Plaintiff spoke with Nilson over the phone about the job offer that day.

32. Shortly after, Plaintiff accepted the offer via Defendant's web portal.

**PLAINTIFF TOOK A DRUG TEST AND SUBMITED HIS PENNSYLVANIA MEDICAL MARIJUANA CARD**

33. On or about February 3, 2025, Plaintiff took a drug test as part of the onboarding process at Defendant.

34. Plaintiff also contemporaneously submitted his Pennsylvania Medical Marijuana Card.

**DEFENDANT RESCINDED THE JOB OFFER DUE TO PLAINTIFF'S POSITIVE DRUG TEST FOR MARIJUANA**

35. On or about February 5, 2025, Nilson notified Plaintiff via email that Defendant was rescinding its job offer.

36. Nilson stated this was because Plaintiff tested positive for marijuana on his drug test two (2) days prior.

37. Plaintiff elevated the matter to Nilson's supervisor, Ali Hamik, Head of Human Resources.

38. Plaintiff explained to Hamik that he has a Pennsylvania Medical Marijuana Card for his disability.

39. Despite this, Hamik responded that the Service Writer position had safety functions, and therefore Plaintiff could not work in the position with a Pennsylvania Medical Marijuana Card.

40. Plaintiff called Hamik to discuss the issue further.

41. Hamik reiterated that the Service Writer position was considered a safety position by Defendant.

42. Hamik said that Defendant would not accept Plaintiff for the position if he had a Pennsylvania Medical Marijuana Card.

43. Hamik told Plaintiff to reapply for a position with Defendant in five (5) years.

44. Importantly, the Service Writer position is a desk job with no safety elements required under its job duties.

45. Further, Defendant employed E.M., Mechanic, who possesses a Medical Marijuana Card.

46. The Mechanic position requires safety related job duties and also works with electricity.

47. Defendant discriminated against Plaintiff due to his disability and use of a medically ordered Pennsylvania Medical Marijuana Card in violation of the ADA and PHRA.

48. In addition, Defendant failed to hire Plaintiff due to his Pennsylvania Medical Marijuana Card in violation of the MMA.

49. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, a disability that

substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

52. Plaintiff was qualified to perform the job.

53. Plaintiff was subject to an adverse employment action, including, but not limited to failure to hire.

54. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.

55. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment action.

56. Plaintiff's disability motivated Defendant's decision to take adverse employment actions against Plaintiff.

57. The purported reason for Defendant's decision is pretextual.

58. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

59. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

60. Defendant's conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISABILITY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
62. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.
63. Plaintiff was qualified to perform the job.
64. Plaintiff was subject to an adverse employment action, including, but not limited to failure to hire.
65. Circumstances indicated that Plaintiff's disability was the reason for the adverse employment action.
66. Defendant did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.
67. Plaintiff's disability motivated Defendant's decision to rescind Plaintiff's Offer of Employment.
68. The purported reason for Defendant's decision is pretextual.
69. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.
70. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III –DISCRIMINATION**
**PENNSYLVANIA MEDICAL MARIJUANA ACT 35 P.S. § 10231.2103(b)(1)**

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. The Pennsylvania Medical Marijuana Act ("MMA") provides that "[n]o employer may discharge, threaten, refuse to hire or otherwise discriminate or retaliate against an employee regarding an employee's compensation, terms, conditions, location or privileges solely on the basis of such employee's status as an individual who is certified to use medical marijuana." 35 P.S. § 10231.2103(b)(1).

73. The MMA creates an implied private right of action for individuals who suffer discrimination in violation of Section 2103(b)(1). *Palmiter v. Commonwealth Health Sys., Inc.*, 260 A.3d 967 (Pa. Super. Ct. 2021); *Hudnell v. Thomas Jefferson Univ. Hosps., Inc.,* 537 F. Supp. 3d 852 (E.D. Pa. 2020).

74. Defendant is an employer within the meaning of the MMA.

75. Defendant employs individuals within the Commonwealth of Pennsylvania.

76. At all times relevant to this Count, Plaintiff was certified to use medical marijuana consistent with the requirements of the MMA.

77. At all times relevant to this Count, Plaintiff held a valid medical marijuana identification card issued by the Pennsylvania Department of Health.

78. Plaintiff applied for the position of Service Writer with Defendant in or around January 2025.

79. Plaintiff was qualified for the position of Service Writer.

80. On or about January 29, 2025, Defendant extended Plaintiff a conditional offer of employment for the position of Service Writer.

81. Defendant conditioned the offer on Plaintiff passing a pre-employment drug screening.

82. On or about February 3, 2025, Plaintiff submitted to Defendant's pre-employment drug screening.
83. Contemporaneous with taking the drug screening, Plaintiff informed Defendant that Plaintiff was certified to use medical marijuana.
84. On or about February 3, 2025, Plaintiff provided Defendant with a copy of Plaintiff's medical marijuana identification card.
85. The drug screening returned a positive result for tetrahydrocannabinol ("THC").
86. The positive result was caused by Plaintiff's lawful use of medical marijuana under the MMA.
87. The drug screening returned negative results for all other substances tested.
88. Plaintiff never used, possessed, or was under the influence of medical marijuana on Defendant's premises.
89. Plaintiff never reported to Defendant under the influence of medical marijuana.
90. Plaintiff never exhibited any sign of impairment in any interaction with Defendant.
91. The position of Service Writer does not involve any of the duties identified in the MMA.
92. Hiring Plaintiff would not have caused Defendant to violate any federal law or regulation or to lose any monetary or licensing-related benefit under federal law.
93. On or about February 5, 2025, Defendant rescinded its offer of employment to Plaintiff.
94. Defendant's sole stated reason for rescinding the offer was Plaintiff's positive test for THC.
95. Defendant knew the positive test resulted from Plaintiff's certified use of medical marijuana when Defendant rescinded the offer.
96. Defendant refused to hire Plaintiff solely on the basis of Plaintiff's status as an individual

certified to use medical marijuana.

97. Defendant's refusal to hire Plaintiff violated the MMA.

98. Defendant acted willfully, intentionally, and with reckless indifference to Plaintiff's rights under the MMA.

99. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jeremy Peiffer, requests that the Court grant him the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: October 6, 2026

**By:** ***/s/David M. Koller***

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*