IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALISHIA CAMPBELL-PERDUE, on behalf of herself and others similarly situated, Plaintiff, | CIVIL ACTION |
| v. | CLASS/COLLECTIVE ACTION |
| GEISINGER HEALTH; GEISINGER MEDICAL CENTER; and GEISINGER SYSTEM SERVICES, Defendants. | JURY TRIAL DEMANDED |

**COMPLAINT**

Alishia Campbell-Perdue ("Plaintiff") brings this "hybrid" class/collective lawsuit against Geisinger Health, Geisinger Medical Center, and Geisinger System Services, seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and the unjust enrichment doctrine. Plaintiff's FLSA claim is asserted as a collective action under 29 U.S.C. § 216(b), while her state law claims are asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (collective and class claims may proceed together in the same lawsuit). Plaintiff alleges the following:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over the FLSA claim per 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction over the state law claims per 28 U.S.C. § 1367.

3. Venue is proper per 28 U.S.C. § 1391.

**PARTIES**

4. Plaintiff resides in Mount Carmel, PA (Northumberland County).

5. Defendant Geisinger Health is a Pennsylvania corporation with its principal place of business at 100 North Academy Avenue, Danville, PA 17822 (Montour County). It is the parent organization of Geisinger Medical Center and Geisinger System Services.

6. Defendant Geisinger Medical Center ("GMC") is a Pennsylvania corporation with its principal place of business at 100 North Academy Avenue, Danville, PA 17822 (Montour County).

7. Defendant Geisinger System Services ("GSS") is a Pennsylvania corporation with its principal place of business at 100 North Academy Avenue, Danville, PA 17822 (Montour County).

8. Geisinger Health, GMC, and GSS are referred to collectively as "Defendants."

9. Defendants operate under common ownership, management, and control as part of an integrated healthcare system known as "Geisinger." Through their coordinated operations, Defendants provide hospital, medical, administrative,

and related healthcare services to customers.

10. Defendants operate the above healthcare system through, *inter alia*, common employment policies and practices and the coordinated oversight of employee compensation. Defendants have jointly implemented and enforced employment policies that apply to Plaintiff and other collective/class members. These joint policies cover subjects such as, *inter alia*, work schedules, timekeeping, the recording of work hours, and the calculation and payment of wages. In fact, the timekeeping and compensation policies challenged in this lawsuit have been jointly implemented and enforced by Defendants.

11. Plaintiff and other collective/class members are employees entitled to the FLSA's and PMWA's protections.

## FACTS

12. Defendants' "Geisinger" healthcare system serves communities throughout Pennsylvania. It is purportedly "among the nation's leading providers of value-based care," with approximately 28,000 employees and annual revenues of approximately $9 billion.[1]

13. Defendants' healthcare system includes, *inter alia*, the Geisinger Medical Center in Danville, PA.

---

[1] *See* www.geisinger.org/about-geisinger/news-and-media/news-releases/2026/10/06/17/26/geisinger-welcomes-new-primary-care-providers-to-lewistown-and-phillipsburg (last accessed October 16, 2026).

14. For approximately a decade and for all time periods relevant to this lawsuit, Defendants have employed Plaintiff at the Geisinger Medical Center as a Patient Contact Specialist.

15. Defendants pay Plaintiff an hourly wage and classify her as "non-exempt" from the FLSA's and PMWA's overtime pay mandates.

16. Plaintiff – like other collective/class members – often works overtime.[2]

17. Defendants require Plaintiff and other collective/class members to clock-in and clock-out at *intra*-facility timekeeping devices at the beginning and end of the workday.

18. Prior to some specific point in time in 2025, Defendants did *not* pay Plaintiff and other collective/class members based upon their *exact* clock-in and clock-out times. Rather, Defendants "rounded" the paid start-times and end-times to the nearest 15-minute increment. We'll refer to this policy as the "**rounding rule**."

---

2 The FLSA and PMWA generally entitle employees to overtime premium wages for hours worked over 40 in any 7-day workweek. *See* 29 U. S.C. § 207(a)(1); 43 P.S. § 333.104(c). However, under appropriate circumstances, healthcare systems such as Defendants may pay certain employees overtime wages under an alternative "8/80" methodology in which the employee receives overtime premium pay for either (i) working over 8 hours in a day or (ii) working over 80 hours during a 14-day pay period. *See* 29 U.S.C. § 207(j); 43 P.S. § 333.104(c). In this lawsuit, Plaintiff pursues overtime wages on behalf of all collective/class members, regardless of the calculation methodology.

19. At the ***beginning of the workday***, Defendants' rounding rule generally disadvantaged Plaintiff and other collective/class members due to Defendants' simultaneous enforcement of the following policies and practices: **(i)** employees were permitted and actually expected to clock-in before their scheduled start times; **(ii)** employees generally were not permitted to clock-in more than 7 minutes prior to the scheduled start time; and **(iii)** employees were threatened with discipline if they clocked-in after the scheduled start time. In addition, Defendants did not prohibit employees from working upon clocking-in prior to their shift times.

20. Defendants' rounding rule, when combined with the above timekeeping policies and practices, systematically shortchanged Plaintiff and other collective/class members at the beginning of most workdays. For example, Plaintiff often worked a shift that started at 10:30 a.m. To avoid discipline, she generally clocked-in around 5 minutes before the 10:30 a.m. start-time and immediately began performing her job duties. Yet, due to Defendants' rounding rule, she would not start getting paid until 10:30 a.m.

21. At the ***end of the workday***, Defendants' rounding rule generally disadvantaged Plaintiff and other collective/class members due to the nature of the rounding rule and the fact that employees routinely were required to complete work before they could clock-out *after* the end of their shift.

22. Defendants' rounding rule, when combined with the above

timekeeping practices, systematically shortchanged Plaintiff and other collective/class members at the end of a typical workday. For example, Plaintiff often worked a shift that ended at 7:00 p.m., and, on such occasions, she often performed work duties after the 7:00 p.m. end-time. To avoid discipline, Plaintiff generally clocked-out on or before 7:07 p.m. Yet, due to Defendants' rounding rule, she would stop getting paid at 7:00 p.m.

23. The FLSA permits employers to "round" employees' start-times and stop-times for compensation purposes. However, as demonstrated by the pertinent regulatory text, such rounding policies are permitted *only if* they do not disadvantage employees in the aggregate:

> **"Rounding" practices.** It has been found that in some industries, particularly where time clocks are used, there has been the practice for many years of recording the employees' starting time and stopping time to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour. Presumably, this arrangement averages out so that the employees are fully compensated for all the time they actually work. For enforcement purposes this practice of computing working time will be accepted, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked.

29 C.F.R. § 785.48. The PMWA, meanwhile, requires that even "*de minimis*" increments of work time must be paid, *see Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 204-09 (Pa. 2021), and provides no statutory or regulatory exception for rounding, *see* 43 P.S. §§ 333.101, *et seq.*; 34 Pa. Code §§ 231.1, *et seq.*

24. Here, upon information and belief, Defendants' rounding rule did not "average out so that the employees are fully compensated for all the hours they actually work." 29 C.F.R. § 785.48. Instead, Defendants' rounding rule, when combined with the timekeeping policies and practices described herein, generally disadvantaged Plaintiff and other collective/class members over time.

25. Moreover, Defendants had direct knowledge that Plaintiff and other collective/class members were not being paid for all of their work hours at the beginning and end of many workdays. Indeed, Defendants' own timekeeping and payroll systems contemporaneously recorded the *exact* times that Plaintiff and every other collective/class member clocked-in, started getting paid, clocked-out, and stopped getting paid.

26. Finally, although Defendants began paying employees "to the minute" sometime in 2025, their failure to alter their business practices to comply with 29 C.F.R. § 785.48 prior to this policy change can constitute a reckless disregard of clearly applicable FLSA mandates. As such, Plaintiff should be allowed to take discovery exploring Defendants' efforts to comply with 29 C.F.R. § 785.48 and other pertinent FLSA mandates.

## COLLECTIVE/CLASS ALLEGATIONS

27. Plaintiff brings this lawsuit on behalf of herself and other individuals employed by Defendants and classified by Defendants as non-exempt from the

overtime-pay mandates of the FLSA and PMWA and subjected to Defendants' policy of rounding paid start-times and end-times in determining employee compensation. The FLSA collective includes all individuals so employed on or after October 21, 2023, *see* 29 U.S.C. § 255(a); 43 P.S. § 260.9a(g). Meanwhile, the PMWA class includes all individuals so employed on or after October 21, 2020, *see Commonwealth Dept. of Labor & Industry v. Accuserve Pharmacy, Inc.*, 2024 Pa. Dist. & Cnty. Dec. LEXIS 1366 (Pa. Ct. Com. Pl., Westmoreland Cty. June 27, 2024),[3] and the unjust enrichment class includes all individuals so employed on or after October 21, 2022, *see Sevast v. Kakouras*, 915 A.2d 1147, 1153 (Pa. 2007).

28. Plaintiff's FLSA claim should proceed as a collective action because she and other collective members, having worked pursuant to the common policies and practices described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

29. Class action treatment of Plaintiff's PMWA, and unjust enrichment claims is appropriate because, as alleged below, Federal Rule of Civil Procedure 23's class action requisites are satisfied with respect to the class members.

---

[3] The *Accuserve Pharmacy* Court's holding that a 6-year limitations period applies to PMWA claims conflicts with several federal district court opinions endorsing a 3-year limitations period. *See*, *e.g.*, *Garcia v. Vertical Screen, Inc.*, 580 F. Supp. 3d 79, 91 n.7 (E.D. Pa. 2022). *Accuserve Pharmacy* has been appealed to the Pennsylvania Commonwealth Court and is docketed at 1280 CD 2024.

30. The class, upon information and belief, includes thousands of individuals, all of whom are readily ascertainable based on Defendants' payroll records and are so numerous that joinder of all class members is impracticable.

31. Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

32. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

33. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendants' common business policies and practices, as referenced herein. The legality of these practices will be determined through the application of generally applicable legal principles to common facts.

34. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**COUNT I – FLSA**

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The FLSA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all overtime hours. *See* 29 U.S.C. §§ 207(a)(1) and (j).

37. Defendants are employers required to comply with the FLSA's overtime pay mandate, and Plaintiff and the collective members are employees entitled to the mandate's protections.

38. Defendants violated the FLSA by failing to pay overtime wages during those weeks in which Plaintiff and other collective members worked overtime and were not paid for all recorded work hours due to Defendants' rounding rule.

39. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT II – PMWA**

40. All previous paragraphs are incorporated as though fully set forth herein.

41. The PMWA requires that employees receive overtime premium compensation calculated at 150% of their regular pay rate for all overtime hours. *See* 43 P.S. § 333.104(c).

42. Defendants are employers required to comply with the PMWA's overtime pay mandate, and Plaintiff and the class members are employees entitled

to the mandate's protections.

43. Defendants violated the PMWA by failing to pay overtime wages during those weeks in which Plaintiff and other class members worked overtime and were not paid for all recorded work hours due to Defendants' rounding rule.

**COUNT III – UNJUST ENRICHMENT**

44. All previous paragraphs are incorporated as though fully set forth herein.

45. Under Pennsylvania common law, a claim for unjust enrichment is established where economic benefits have been conferred upon and appreciated by the defendant "under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, PC*, 179 A.3d 1093, 1102 (Pa. 2018).

46. By engaging in pre-shift and post-shift work without compensation, Plaintiff and other class members have conferred an economic benefit upon Defendants. Moreover, Defendants, by utilizing the rounding rule and other policies and practices to systematically avoid paying wages for such work, have appreciated an economic benefit.

47. Where, as here, Plaintiff and other class members have been denied wages for all compensable work hours, it is inequitable and unjust for Defendants

to retain the benefits of such labor without paying any wages. *See*, *e.g.*, *Connelly v. Amazon.com Services, LLC*, 2025 U.S. Dist. LEXIS 38050, *49-51 (E.D. Pa. Mar. 4, 2025) (unjust enrichment claim predicated on employer's statutory failure to pay for all hours worked); *Dean v. CVS Pharmacy, Inc.*, 2017 U.S. Dist. LEXIS 143506, *16-18 (E.D. Pa. Sept. 6, 2017) (same); *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 969-70 (Pa. Super. 2009) (same).

## JURY TRIAL DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

Plaintiff, on behalf of herself and other collective/class members, seeks the following relief: **(i)** unpaid wages (including overtime wages) and prejudgment interest to the fullest extent available under the FLSA, PMWA, and unjust enrichment doctrine; **(ii)** liquidated damages to the fullest extent available under the FLSA and PWPCL; **(iii)** reasonable costs, expenses, and attorneys' fees to the fullest extent available under the FLSA and PMWA; and **(iv)** such other and further relief as the Court deems just and proper.

Date: October 21, 2026

Respectfully,



Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211

Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com

Seth R. Lesser*
Jessica Rado*
Klafter Lesser LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
(914) 934-9200
seth@klafterlesser.com
jessica.rado@klafterlesser.com

Michael A. Galpern*
Amy Winters*
Javerbaum Wurgaft Hicks
Kahn Wikstrom & Sinins, P.C.
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road - Suite 203
Voorhees, NJ 08043
(856) 596-4100
mgalpern@lawjw.com
awinters@lawjw.com

Ryan A. Winters*
Kevin M. McDermott II*
Scott & Winters Law Firm, LLC
(216) 912-2221
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

**Pro Hac Vice Application to be Filed*