# EXHIBIT 1

| | |
|---|---|
| DYLAN WARREN and<br>BRYSON KNIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER TOM THORSEN and<br>THE PENNSYLVANIA STATE POLICE,<br><br>Defendants. | COURT OF COMMON PLEAS OF<br>FRANKLIN COUNTY, PENNSYLVANIA<br>CIVIL DIVISION<br><br>NO. 2026-3527<br><br>TYPE OF PLEADING:<br>**COMPLAINT IN CIVIL ACTION**<br><br>CODE: |

PROTHONOTARY
FRANKLIN COUNTY PA
2026 SEP -8 PM 1:08
TIMOTHY S SPONSELLER
PROTHONOTARY
DEPUTY

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for the money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.** If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer.

If you cannot afford to hire a lawyer, this office may be able to provide you with information about agencies that may offer legal services to eligible persons at a reduced fee or no fee.

**Franklin County Bar Association Find A Lawyer Service**
**100 Lincoln Way East, Suite E**
**Chambersburg, PA 17201**
**Telephone: 717-660-2118**
**www.franklinbar.org/find**

ATTEST A TRUE CC
...thonotary of Franklin Co

## COMPLAINT IN CIVIL ACTION

AND NOW, come the Plaintiffs, Dylan Warren and Bryson Knight, representing themselves Pro Se, and file this Complaint in Civil Action against the Defendants, Officer Tom Thorsen and the Pennsylvania State Police, averring the following in support thereof:

**PARTIES**

1. Plaintiff Dylan Warren is an individual residing at 7611 Cumberland Circle, Saint Thomas, PA 17252.

2. Plaintiff Bryson Knight is an individual residing at 7611 Cumberland Circle, Saint Thomas, PA 17252.

3. Defendant Officer Tom Thorsen is an individual employed as a law enforcement officer by the Pennsylvania State Police who, at all times relevant to this action, acted within the scope of his employment and under color of state law.

4. Defendant The Pennsylvania State Police is an executive agency of the Commonwealth of Pennsylvania with a regional substation location operating within Franklin County at [Insert Substation Address].

**JURISDICTION AND VENUE**

5. Venue and jurisdiction are proper before the Franklin County Court of Common Pleas because the transactions, occurrences, acts, or omissions giving rise to this civil action took place entirely within the geographic boundaries of Franklin County, Pennsylvania.

**FACTUAL BACKGROUND**

6. On or about August 24, 2026, at approximately 9:39 PM, Plaintiffs Dylan Warren and Bryson Knight were traveling near the intersection of Ingram Drive and Garber Road in Franklin County, Pennsylvania.

7. Prior to this date, Plaintiff Dylan Warren had been actively engaged in navigating the Pennsylvania court system, demonstrating verified personal progress, proactive rehabilitation, and consistent maintenance of personal responsibilities as recognized by family members, his partner, and his Probation Officer.

8. On or about August 11, 2026, during a separate law enforcement interaction, Officer Bopp noted and acknowledged Plaintiff Dylan Warren's active progress, granting administrative grace upon recognizing that the Plaintiffs operated the vehicle strictly out of acute personal and biological necessity.

9. Plaintiffs' vehicle operation was confined solely to essential tasks necessary to escape systemic poverty, including traveling to employment, medical care, probation appointments, and securing basic necessities such as laundering clothes, utilizing public showers, and accessing regional food banks for fresh nutrition.

10. Prior to the actions of Defendant Thorsen, Plaintiffs had a concrete financial plan, intent, and structural means to bring their Buick vehicle into 100% complete street-legal compliance on or about September 1, 2026.

11. Plaintiffs were traveling on the night of August 24, 2026, for the express purposes of dropping off necessary employment paperwork, retrieving a work lunch bag, and preparing to visit the YMCA the following morning to access hygiene facilities, as Plaintiffs lack running water in their home.

12. At the aforementioned time and location, Defendant Officer Tom Thorsen was not stationed at a stationary post but targeted the Plaintiffs by appearing behind their vehicle and running their license plate tag without independent reasonable suspicion of ongoing criminal activity.

13. Defendant Officer Tom Thorsen, acting within the scope of his employment for Defendant The Pennsylvania State Police, subsequently initiated a traffic stop and physical detention of the Plaintiffs.

14. From the inception of the stop, Defendant Thorsen deployed aggressive intimidation tactics against the Plaintiffs, including the unnecessary activation of emergency sirens and the deployment of high-intensity vehicle spotlights directly into the Plaintiffs' line of sight.

15. Defendant Thorsen executed a tactical passenger-side approach to the Plaintiffs' vehicle to maximize intimidation and vulnerability.

16. During the encounter, Defendant Thorsen explicitly and falsely asserted to the Plaintiffs that their constitutional right to visually and audibly record the interaction was entirely subject to his personal discretion and authority.

17. Defendant Thorsen engaged in unlawful and targeted discrimination against the Plaintiffs based explicitly on their sexual orientation as a homosexual couple.

18. Specifically, Defendant Thorsen visibly displayed immediate hostility and animus upon viewing a piece of clothing worn by Plaintiff Bryson Knight, which featured text reading 'I [heart] my boyfriend.'

19. Defendant Thorsen further escalated the targeted enforcement action by making knowingly false statements and misrepresentations to the Plaintiffs regarding the lawful operation of their vehicle.

20. Defendant Thorsen falsely claimed and asserted that the Plaintiffs did not possess valid auto insurance coverage for the vehicle, an assertion directly contradicted by the Plaintiffs' actual, active insurance policy and captured directly on video recording.

21. Defendant Thorsen ordered the impoundment of the Plaintiffs' vehicle and falsely stated to the Plaintiffs that nothing was holding the vehicle in the impound lot, which was a material misrepresentation.

22. Despite being informed by the Plaintiffs that they suffered from serious medical conditions making walking long distances dangerous and difficult, and despite being explicitly informed that the Plaintiffs had no ride home, Defendant Thorsen refused to provide or facilitate transit and instead made lighthearted jokes while awaiting the tow truck.

23. When Plaintiffs requested the return of their house keys from the vehicle to ensure they could access their home, Defendant Thorsen acted like it was up to his sole discretion if they got those back.

24. Upon the Plaintiffs inquiring how to expedite the subsequent court proceedings, Defendant Thorsen visibly and audibly exhibited nervous behavior.

25. Following the removal of the vehicle by the tow truck, Plaintiffs were forced to walk for over 1.30 hours in the dark from Ingram Drive to a Sheetz gas station located in Radio Hill.

26. During this walk, Plaintiff Bryson Knight nearly lost consciousness three times due to complications from severe anemia and malnutrition, ultimately resulting in his emergency hospitalization days later.

27. During the same walk, Plaintiff Dylan Warren was nearly struck by six different high-speed vehicles, including two commercial semi-trucks.

28. Upon reaching the Sheetz station, Plaintiffs were forced to expend their final twenty dollars ($20.00) to secure a ride home from a stranger, leaving them entirely without financial resources or transport.

29. In the days following the incident, the extreme psychological and situational stress induced a severe medical seizure in Plaintiff Dylan Warren, necessitating an emergency ambulance transport to a

medical facility in neighboring Fulton County, Pennsylvania.

30. Following Dylan Warren's discharge from the Fulton County medical facility, Plaintiffs were again stranded, denied transit by multiple individuals and the Pennsylvania State Police, and forced to walk for over an hour before receiving emergency assistance from the Truckers Transportation Ministry.

31. As a direct and proximate result of Defendant Thorsen's targeted actions and the loss of their vehicle, Plaintiffs have faced severe, ongoing daily disruptions from August 24, 2026, through the present day, including an inability to access regional food banks or travel to the YMCA to maintain hygiene necessary to prevent Plaintiff Dylan Warren's chronic medical cysts from returning.

32. To retain their home, avoid homelessness, and maintain basic electricity with a failing air conditioning unit, Plaintiffs were forced to exhaust the capital saved for vehicle compliance on immediate billing and daily rideshare services for work commutes, leaving the Plaintiffs financially, medically, and mentally devastated.

**COUNT I — EQUAL PROTECTION VIOLATION / DISCRIMINATORY ENFORCEMENT**

33. Plaintiffs incorporate paragraphs 1 through 32 of this Complaint by reference as if set forth fully herein.

34. At all times relevant to this action, Defendant Officer Tom Thorsen acted under color of state law in his official capacity as an officer of Defendant The Pennsylvania State Police.

35. The Fourteenth Amendment to the United States Constitution and Article I, Section 26 of the Pennsylvania Constitution guarantee all individuals equal protection under the law, strictly prohibiting law enforcement officers from targeting, harassing, or discriminating against individuals based on their sexual orientation.

36. Defendant Officer Thorsen intentionally, maliciously, and selectively targeted and enforcement-penalized the Plaintiffs due to their status as a homosexual couple.

37. Defendant Thorsen explicitly manifested this discriminatory intent, bias, and animus upon observing Plaintiff Bryson Knight's clothing indicating his sexual orientation, and subsequently escalating the traffic stop into an absolute and punitive vehicle impoundment under false pretenses.

38. Similarly situated individuals who are not members of a protected group would not have been subjected to the same hyper-targeted tag running, verbal hostility, false claims regarding insurance coverage, and unmitigated enforcement actions.

39. The discriminatory actions and targeted selective enforcement by Defendant Thorsen lacked any rational relationship to a legitimate government interest and were driven entirely by unlawful personal prejudice.

40. As a direct and proximate result of Defendants' discriminatory enforcement, Plaintiffs suffered a deprivation of their civil rights, extreme loss of liberty, profound humiliation, and severe financial devastation.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against the Defendants for an amount in excess of the compulsory arbitration limits, alongside court costs, interest, compensatory damages, and any alternative relief this Court deems just and proper.

**COUNT II — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)**

41. Plaintiffs incorporate paragraphs 1 through 40 of this Complaint by reference as if set forth fully herein.

42. Under Pennsylvania common law, an individual is liable for the Intentional Infliction of Emotional Distress when their conduct is extreme, outrageous, intentional or reckless, and causes severe emotional distress accompanied by physical injury or objective physical manifestations.

43. Defendant Officer Thorsen's conduct was extreme, shocking, and entirely unaligned with decency in a civilized society when he actively stripped the Plaintiffs of their only operational vehicle under false pretenses, completely withheld their personal house keys at his arbitrary discretion, and consciously abandoned them at a dark roadway intersection at 9:39 PM.

44. Defendant Thorsen acted with utter recklessness and deliberate indifference to human life, knowing explicitly that the Plaintiffs suffered from severe medical conditions, had no safe alternative transportation, and would be forced to navigate high-speed, unlit state roadways on foot.

45. The natural, predictable, and proximate result of forcing two medically compromised individuals to walk for hours in the dark directly endangered their physical safety and caused massive physical trauma.

46. Specifically, as a direct and immediate result of being forced onto this dark roadway, Plaintiff Bryson Knight suffered severe exhaustion, nearly losing consciousness multiple times from acute anemia and malnutrition, which required professional emergency hospitalization days later.

47. Furthermore, as a direct and immediate result of being stranded on a high-speed roadway, Plaintiff Dylan Warren was nearly struck by six separate vehicles, including two commercial semi-trucks, inducing profound psychological trauma and a severe stress-induced physical seizure that required emergency ambulance transit to an out-of-county hospital.

48. The psychological and physical injuries inflicted upon the Plaintiffs—including the re-emergence of painful, stress-induced medical cysts due to forced deprivation of basic hygiene infrastructure—were directly caused by the intentional, punitive, and malicious actions of Defendant Thorsen.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendant Officer Tom Thorsen for an amount in excess of the compulsory arbitration limits, alongside court costs, compensatory damages, and any alternative relief this Court deems just and proper.

**COUNT III — FRAUDULENT MISREPRESENTATION / MALICIOUS OPPRESSION UNDER COLOR OF LAW**

49. Plaintiffs incorporate paragraphs 1 through 48 of this Complaint by reference as if set forth fully herein.

50. Under Pennsylvania law, a public official acting under color of state law commits a severe tortious violation when they make a knowingly false statement of material fact to citizens, intentionally inducing reliance or punitive legal consequences based on that falsehood.

51. Defendant Officer Thorsen had direct, immediate electronic access to the Commonwealth's vehicle registry databases to instantly verify the active, lawful insurance status of the Plaintiffs' vehicle.

52. Despite having the means and duty to verify the facts, Defendant Thorsen deliberately fabricated a false claim, asserting on video tape that the Plaintiffs did not possess valid auto insurance.

53. Defendant Thorsen utilized this knowingly false accusation as a fraudulent pretext to unlawfully impound the Plaintiffs' vehicle, severing them from their primary asset and means of

physical survival.

54. Defendant Thorsen further abused his official authority by issuing an outrageous, punitive financial fine based entirely on a fabricated violation that he knew to be completely false.

55. The intentional deployment of false statements on video tape, coupled with the bad-faith issuance of unverified fines, constitutes malicious oppression and a fraudulent misrepresentation of state compliance records.

56. As a direct and proximate result of Defendant Thorsen's fraudulent misrepresentations, Plaintiffs were hit with devastating financial penalties and stripped of their vehicle, directly resulting in the severe mental, physical, and economic harms detailed above.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendant Officer Tom Thorsen for an amount in excess of the compulsory arbitration limits, alongside court costs, the absolute dismissal or reimbursement of the fraudulent fine, punitive damages for malicious abuse of power, and any alternative relief this Court deems just and proper.

## COUNT IV — UNLAWFUL DETENTION AND SEIZURE / AGGRESSIVE INTIMIDATION UNDER COLOR OF LAW

57. Plaintiffs incorporate paragraphs 1 through 56 of this Complaint by reference as if set forth fully herein.

58. Under the Fourth Amendment to the United States Constitution, made applicable to state actors through the Fourteenth Amendment and enforced via 42 U.S.C. § 1983, individuals have a protected federal civil right to be free from unreasonable seizures and the excessive, unprompted, or arbitrary deployment of force and psychological coercion during a routine traffic stop.

59. A law enforcement officer violates federal standards when they escalate a minor, non-threatening traffic stop into an unprompted display of tactical, aggressive force designed solely to intimidate, terrify, or coerce citizens without any prompting behavior or safety threat.

60. Defendant Officer Thorsen acted completely without legal justification or prompting cause when he intentionally deployed high-stress tactical intimidation maneuvers from the immediate inception of the stop.

61. Specifically, Defendant Thorsen activated emergency sirens when entirely unnecessary for a standard vehicle stop, deployed blinding, high-intensity spotlights directly into the Plaintiffs' eyes, and executed a hostile passenger-side approach intended to induce fear and vulnerability.

62. At no point during the encounter did either Plaintiff engage in any aggressive, evasive, or uncooperative actions that would legally warrant or prompt such a hostile and overwhelming show of tactical force.

63. The unprompted use of these aggressive tactics, combined with the false assertion that the Plaintiffs' constitutional right to record the interaction was restricted, constitutes an explicit abuse of state power and an unlawful expansion of a routine detention into a coercive federal violation.

64. As a direct and proximate result of Defendant Thorsen's unprompted intimidation tactics and abuse of police power under color of law, Plaintiffs were subjected to an unconstitutional seizure, deep psychological terror, and the systemic violation of their civil liberties.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against the Defendants for an amount in excess of the compulsory arbitration limits, alongside court costs, compensatory and punitive damages for federal civil rights violations, and any alternative relief this Court deems just and proper.

**COUNT V — PERSONAL INJURY AND TORTIOUS CAUSATION OF SEVERE MEDICAL EMERGENCIES**

65. Plaintiffs incorporate paragraphs 1 through 64 of this Complaint by reference as if set forth fully herein.

66. Under Pennsylvania tort law, defendants are legally liable for all direct and foreseeable indirect physical injuries and medical crises proximately caused by their affirmative misconduct, abuse of authority, and deliberate creation of a hazardous environment.

67. Defendant Officer Thorsen directly and indirectly caused severe, life-threatening medical crises for both Plaintiffs by stranding them on a dark roadway with known preexisting medical vulnerabilities, forcing them into a state of extreme physical overexertion and psychological trauma.

68. Specifically, Defendant Thorsen was explicitly informed at the scene that Plaintiffs suffered from serious medical conditions that severely restricted their physical endurance and capability to walk

long distances.

69. Despite this explicit knowledge, Defendant Thorsen forced Plaintiff Bryson Knight to walk for over 1.30 hours in the dark, directly resulting in acute physical overexertion that severely depleted his oxygen levels and placed dangerous strain on his cardiovascular system due to his severe anemia.

70. As a direct and proximate result of this forced overexertion. Plaintiff Bryson Knight nearly lost consciousness three times on the roadway and required emergency hospitalization days later to treat the physical trauma and malnutrition directly exacerbated by Defendant Thorsen's actions.

71. Furthermore, the extreme, unprompted psychological terror and systemic distress inflicted by Defendant Thorsen's abuse of power directly triggered a massive spike in cortisol levels within Plaintiff Dylan Warren.

72. This catastrophic surge of stress hormones directly caused a severe medical emergency, resulting in Dylan Warren suffering Psychogenic Non-Epileptic Seizures—a condition involving damaging electrical currents misfiring in the brain—which required immediate emergency ambulance transport and hospitalization in Fulton County.

73. Defendants owed a duty of care not to affirmatively place citizens in conditions of immediate physical peril, and they directly breached this duty by forcing medically vulnerable individuals into a state of severe physical overexertion and unmitigated trauma.

74. As a direct and proximate consequence of Defendants' actions, both Plaintiffs have suffered profound physical injuries, neurological damage, recurring medical complications, and mounting emergency medical debts.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against the Defendants for an amount in excess of the compulsory arbitration limits, alongside court costs, interest, full compensation for all past and future medical expenses, compensatory damages for physical pain and suffering, and any alternative relief this Court deems just and proper.

Respectfully submitted,

| | |
|---|---|
| DYLAN WARREN and<br>BRYSON KNIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>OFFICER TOM THORSEN and<br>THE PENNSYLVANIA STATE POLICE,<br><br>Defendants. | COURT OF COMMON PLEAS OF<br>FRANKLIN COUNTY, PENNSYLVANIA<br>CIVIL DIVISION<br><br>NO. ____________________<br><br>TYPE OF PLEADING:<br>**COMPLAINT IN CIVIL ACTION**<br><br>CODE: ____________________ |

## CERTIFICATE OF SERVICE

We, Dylan Warren and Bryson Knight, hereby certify that on this _____ day of _________________, 2026, a true and correct copy of the foregoing Civil Complaint and Civil Court Cover Sheet was served upon the Defendants listed below in accordance with Pa.R.C.P. No. 440 by the following method(s):

**Served via [ ] Certified Mail [ ] First-Class Mail [ ] Hand Delivery to:**
Officer Tom Thorsen
[Insert Service Address / Substation Address]

**Served via [ ] Certified Mail [ ] First-Class Mail [ ] Hand Delivery to:**
The Pennsylvania State Police
[Insert Service Address / Headquarters Address]

Date: 09.08.26

Signature: [signature]
**Dylan Warren**, Plaintiff Pro Se
7611 Cumberland Circle
Saint Thomas, PA 17252

Date: ~~08~~ 09.08.2026

Signature: [signature]
**Bryson Knight**, Plaintiff Pro Se
7611 Cumberland Circle
Saint Thomas, PA 17252

Date: 09.08.26

Signature: [signature]
**Dylan Warren**, Plaintiff Pro Se
7611 Cumberland Circle
Saint Thomas, PA 17252

Date: ~~08~~ 09.09.26

Signature: [signature]
**Bryson Knight**, Plaintiff Pro Se
7611 Cumberland Circle
Saint Thomas, PA 17252

---

## VERIFICATION OF DYLAN WARREN

I, Dylan Warren, hereby state that I am a Plaintiff in the within action and that the facts set forth in the foregoing Complaint (Paragraphs 1 through 74) are true and correct to the best of my personal knowledge, information, and belief.

I understand that any false statements made herein are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 9.08.26

Signature: [signature]
Dylan Warren

---

## VERIFICATION OF BRYSON KNIGHT

I, Bryson Knight, hereby state that I am a Plaintiff in the within action and that the facts set forth in the foregoing Complaint (Paragraphs 1 through 74) are true and correct to the best of my personal knowledge, information, and belief.

I understand that any false statements made herein are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: 09.08.26

Signature: [signature]
Bryson Knight