# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KRAMER, | CIVIL ACTION |
| Plaintiff, | No. |
| v. | **JURY TRIAL DEMANDED** |
| TARGET CORPORATION, | |
| Defendant. | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Brian Kramer, by and through his attorneys, Mark A. Smith, Esquire, and the law firm of Lupetin & Unatin, LLC, and files the within Complaint in Civil Action, averring in support thereof as follows:

## PARTIES

1. Plaintiff Brian Kramer is an adult individual and a citizen of Pennsylvania, domiciled in Dauphin County, Pennsylvania.

2. Defendant Target Corporation is a corporation organized under the laws of Minnesota, with its principal place of business in Minneapolis, Minnesota.

3. Target owns, operates, manages, and controls numerous retail store locations throughout the United States, including in Pennsylvania.

4. At all relevant times, Target owned, operated, maintained, and controlled the Target retail store located at 5125 Jonestown Road, Harrisburg, Pennsylvania.

5. The Target store was open to the public for retail sales and included a CVS Pharmacy operating within the store.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 U.S.C. Section 1332(a)(1). The parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in Dauphin County, Pennsylvania, within the Middle District of Pennsylvania.

**FACTUAL ALLEGATIONS**

8. On November 13, 2024, Mr. Kramer was shopping and a business invitee at Target's store located at 5125 Jonestown Road in Harrisburg, Pennsylvania.

9. Mr. Kramer intended to go to the CVS Pharmacy located within the premises of the Defendant Target's store.

10. While walking through the self-checkout area, Mr. Kramer encountered a clear liquid substance on the floor.

11. The liquid was not readily visible and created a dangerous and hazardous condition.

12. There were no warning signs, cones, or other indicators alerting customers to the liquid hazard.

13. As a result, Mr. Kramer slipped on the liquid and fell, with his legs splitting apart and his left leg extending outward.

14. Mr. Kramer experienced severe pain immediately after the fall.

15. Upon information and belief, a Target employee began wiping the floor only after Mr. Kramer's fall had occurred.

16. Target, including through its employees and agents in the vicinity, knew or reasonably should have known of the hazardous condition before Mr. Kramer's fall.

17. Target failed to remedy the condition within a reasonable time and failed to warn customers of the danger.

18. Emergency medical services were called to the scene, and Mr. Kramer was transported by ambulance to UPMC Harrisburg for evaluation and treatment.

19. Initial imaging revealed no fracture, but further evaluation raised concern for a significant soft tissue injury.

20. Mr. Kramer was referred to an orthopedic specialist.

21. On or about November 18, 2024, Mr. Kramer underwent an MRI.

22. On November 25, 2024, Mr. Kramer was diagnosed with multiple torn tendons in his left leg, including complete tears from the bone.

23. On November 27, 2024, Mr. Kramer underwent surgery to repair the tendon injuries, including reattachment of the hamstring and placement of hardware in the pelvis.

24. Following surgery, Mr. Kramer was placed in an immobilization brace for approximately six weeks.

25. Mr. Kramer was largely bedridden during that period and unable to ambulate or sit upright.

26. Because of his condition, Mr. Kramer had to move into his son's residence to access a first floor bedroom.

27. Mr. Kramer underwent extensive physical therapy from approximately December 18, 2024, through May 16, 2025.

28. Mr. Kramer initially could walk only short distances and required assistive devices, including crutches and a cane.

29. Mr. Kramer continues to experience significant limitations, including difficulty walking, an altered gait, reduced mobility, and nerve damage in his left foot that includes numbness in the big toe and underside of the foot.

30. Mr. Kramer has been advised that he will not regain full flexibility and that some symptoms may be permanent.

**COUNT I**

**NEGLIGENC--PREMISES LIABILITY**

**Plaintiff Brian Kramer v. Target Corporation**

31. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 30 as though fully set forth herein.

32. Defendant owed a duty to Mr. Kramer, as a business invitee, to maintain the premises in a reasonably safe condition.

33. Defendant owed a duty to Mr. Kramer, as a business invitee, to inspect the premises, discover hazardous conditions, and either correct them or provide adequate warning.

34. Defendant breached its duties in the following ways:

(a) By allowing a clear liquid substance to remain on the floor in a customer walkway;

(b) By failing to timely inspect and maintain the premises;

(c) By failing to clean or remove the hazardous condition created by the clear liquid;

(d) By failing to warn Mr. Kramer of the danger;

(e) By failing to implement and follow reasonable safety policies and procedures;

(f) By creating or permitting a foreseeable risk of harm to customers such as Mr. Kramer; and

(g) By otherwise failing to exercise reasonable care under the circumstances.

35. As a direct and proximate result of Defendant's negligence as set forth above, Mr. Kramer suffered severe and significant injuries, including:

(a) Multiple tendon tears in the lower left extremity, including complete tears from the bone;

(b) A traumatic hamstring injury requiring surgical repair, including reattachment of the tendon and placement of hardware in the pelvis;

(c) Post-surgical complications and an extended period of immobilization requiring the use of a brace for approximately six weeks;

(d) Prolonged inability to ambulate, including a period of being largely bedridden and dependent on others for basic activities;

(e) The need for assistive devices, including crutches and a cane, for ambulation;

(f) Extensive physical therapy over a period of months, accompanied by significant pain and limited progress during early rehabilitation;

(g) Persistent functional limitations, including reduced strength, decreased flexibility, and inability to return to baseline physical condition;

(h) Permanent impairment of the left lower extremity, including loss of full hamstring function;

(i) Altered gait and difficulty walking for sustained periods or at a normal pace;

(j) Neurological injury, including nerve damage and numbness affecting the left foot;

(k) Ongoing pain, discomfort, and susceptibility to future complications or degeneration;

(l) The inability to perform normal daily activities without limitation, including walking, standing, and maintaining balance;

(m) Loss of independence during recovery, including the need to relocate to a first-floor residence due to inability to navigate stairs;

(n) Emotional distress, frustration, and loss of enjoyment of life resulting from prolonged recovery and permanent limitations;

(o) Past and future medical expenses, including emergency care, imaging, orthopedic treatment, surgery, rehabilitation, and follow-up care; and

(p) Exacerbation of existing injuries and conditions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brian Kramer respectfully requests that this Court enter judgment in his favor and against Defendant Target Corporation and award:

(a) Compensatory damages in an amount to be determined by the jury;

(b) Costs of suit and interest as permitted by law; and

(c) Any other relief this Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

**LUPETIN & UNATIN, LLC**

/s/ Mark A. Smith
Mark A. Smith, Esquire
Attorney for Plaintiff
PA 89597

310 Grant Street
Grant Building, Suite 3204
Pittsburgh, PA 15219
T: (412) 281-4100
F: (412) 281-4111
msmith@pamedmal.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BRIAN KRAMER, | CIVIL ACTION |
| Plaintiff, | No. |
| v. | **JURY TRIAL DEMANDED** |
| TARGET CORPORATION, | |
| Defendant. | |

**DISCLOSURE STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1**

1. Plaintiff Brian Kramer is a citizen of Pennsylvania. No other person's or entity's citizenship is attributed to Plaintiff.

Respectfully submitted,

**LUPETIN & UNATIN, LLC**

/s/ Mark A. Smith
Mark A. Smith, Esquire
Attorney for Plaintiff
PA 89597

310 Grant Street
Grant Building, Suite 3204
Pittsburgh, PA 15219
T: (412) 281-4100
F: (412) 281-4111
msmith@pamedmal.com