**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH DANIELS,<br>Plaintiff | : | NO. |
| v. | : | CIVIL ACTION - LAW |
| CODY GEIER,<br>Defendant | : | JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff, Joseph Daniels, is a 58-year-old adult black male who resides in Harrisburg, Pennsylvania.

2. Defendant Cody Geier is an adult who was, at all times relevant to this Complaint, a police officer with the Harrisburg Bureau of Police, located at 123 Walnut Street, Harrisburg, Dauphin County, Pennsylvania. Defendant is being sued in his individual capacity.

3. This is an action at law to redress the deprivation under color of statute, Custom or usage, of rights, privileges, and immunities secured to the Plaintiff by the First, Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983, and the Common Law of Pennsylvania.

4. Federal District Court has jurisdiction over the claims asserted in this Complaint pursuant to the provisions of 28 U.S.C. § 1331, 1343, and 1367.

5. Pursuant to the provisions of 28 US.C. §1391, venue lies in the Federal District Court for the Middle District of Pennsylvania.

6. On the afternoon of May 30, 2025, Plaintiff was near his residence in Harrisburg, visiting with a cousin who had visited his young daughter's grave.

7. Plaintiff, his cousin, and some other bystanders met peacefully to

continue to mourn the loss of their loved one.

8. Music was being played in a car owned by Plaintiff and the people present were family and friends commiserating, sharing in their loss, and trying to cheer up.

9. Suddenly, and without warning, multiple uniformed Harrisburg police officers arrived at the residence and aggressively exited their cars and began to accost the peaceful group focusing on the waist areas of the males present.

10. Officers rapidly focused their attention on two of Plaintiff's cousins who were in the car from which the music was playing and proceeded to shove one cousin in the face and then lay hands on them, arresting them.

11. Plaintiff and other bystanders, concerned at the police actions in their peaceful afternoon of mourning began to protest the officers, contending conversationally that there was no probable cause for the seizures of Plaintiff's two cousins, and some bystanders began to record police actions on their phones.

12. This angered the police officers, including Defendant, who began shouting at the bystanders, demanding that they back off even though they were on the sidewalk and at the back of the car where the cousins were being arrested and the officers were at the front door and the bystanders were peacefully recording, asking questions, and protesting police actions.

13. As police handcuffed the second cousin who was behaving peacefully, Plaintiff, while still standing passively towards the rear of the vehicle, with his phone in his right hand verbally engaged in protected free speech, telling officers, "Get the fuck off of him. What the fuck is [sic.] you doing? What the fuck is [sic.] you doing? Where is your probable cause?"

14. Suddenly and without any provocation, Geier raced around the front of the vehicle, with a can of mace already in his right hand, shoved past two officers who had arrested the cousin and raced up to Plaintiff, who was attempting to record the interaction, and shoved him forcefully, causing him to trip on the curb that he was standing at, and fall back onto the sidewalk, striking his head and body on the concrete.

15. Geier gestured angrily and menacingly with his mace can in Plaintiff's direction, while standing over Plaintiff who lay on the concrete and had to be helped to his feet by a bystander.

16. After slowly gaining his feet, Plaintiff, knowing he had done nothing illegal, stepped forward and asked, "What did you shove me to the ground for?"

17. Immediately and forcefully, Geier struck plaintiff and shoved him back again so forcefully that Plaintiff dropped the phone he had been holding in his right hand, forcing him back several steps further as Plaintiff caught his balance from this unprovoked attack, he stepped forward slightly and was immediately maced in the face and eyes by Defendant.

18. Plaintiff turned away in shock and pain and stumbled across the sidewalk towards the grass and away from the parking lot, seeking aid, while Geier advanced aggressively up onto the sidewalk and announced, "He's under arrest."

19. Plaintiff continued to choke and gag from the mace while Geier denied him any aid to reduce the extremely painful effects of the mace offered by a bystander, as Defendant and another officer who was present grabbed Plaintiff and handcuffed him.

20. Plaintiff was held on scene by the officers for an hour and he was then held

in a police vehicle for two additional hours before he was finally taken to the Jail, processed and released.

21. He was subsequently charged with Obstructing Law Enforcement, an M2, 18 PA. C.S. § 5101, and Disorderly Conduct under 18 PA. C.S. § 5503 (A), (4), in a criminal complaint filed with an affidavit of probable cause that was completely blank except for the word “summons” and “CEG #33,” clearly demonstrating the tangible bad faith in which the charges were filed.

22. Unsurprisingly, charges resolved in Plaintiff’s favor when they were dismissed.

23. At all times relevant to this Complaint, Defendant was a state actor acting under color of state law.

**COUNT I**

**42 U.S.C. §1983, Unreasonable Arrest**

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. As indicated earlier in this Complaint Defendant subjected Plaintiff to an unreasonable warrantless arrest conducted in the complete absence of probable cause.

26. Defendant knew that he possessed no probable cause to arrest Plaintiff and yet he still arrested and handcuffed Plaintiff without securing a valid Pennsylvania arrest warrant.

27. As a result of these actions, Plaintiff has suffered damages including pain, loss of liberty, fear, anxiety, anguish, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant together with costs, attorney's fees, punitive damages, and for any such other relief as the Court may deem appropriate.

**COUNT II**

**<u>42 U.S.C. §1983, Excessive Force</u>**

28. Paragraphs 1 through 27 are incorporated herein by reference.

29. As indicated earlier in this Complaint, Defendant engaged in excessive force against Plaintiff in the complete absence of reasonable suspicion and probable cause to believe that he was engaged in criminal conduct or was armed and dangerous.

30. As a result of these actions, Plaintiff has suffered damages including pain, loss of liberty, fear, anxiety, anguish, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant together with costs, attorney's fees, punitive damages, and for any such other relief as the Court may deem appropriate.

**COUNT III**

**<u>42 U.S.C. §1983, First Amendment Retaliation</u>**

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. As described throughout this Complaint, Plaintiff engaged in protected activity and Defendant retaliated against him for engaging in that protected activity by laying hands on him, shoving him, macing him, seizing, handcuffing, detaining,

arresting, and charging him in the complete absence of probable cause and reasonable suspicion.

33. Defendant was motivated to retaliate against Plaintiff because Plaintiff was a black male who was engaging in protected activity including but not limited to attempting to record the encounter, speaking on matter of a public concern involving the police action that day as indicated in the Complaint, and associating with other individuals who were recording police activities and speaking on matters of public concern involving the police actions all of which angered Defendant when they assaulted and arrested him.

34. As a result of these actions, Plaintiff has suffered damages including pain, loss of liberty, fear, anxiety, anguish, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant together with costs, attorney’s fees, punitive damages, and for any such other relief as the Court may deem appropriate.

**COUNT IV**

**<u>False Arrest/False Imprisonment (state law)</u>**

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. As indicated throughout this Complaint, Defendant knowingly and intentionally unlawfully seized, held, detained, and arrested the Plaintiff against his will, in the complete absence of reasonable suspicion and probable cause.

37. As a result of these actions, Plaintiff has suffered damages including pain, loss of liberty, fear, anxiety, anguish, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant together with costs, attorney's fees, punitive damages, and for any such other relief as the Court may deem appropriate.

**COUNT V**

**Assault and Battery (state law)**

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. As indicated throughout this Complaint, Defendant acted intending to put Plaintiff in reasonable and immediate fear of a harmful or offensive contact with his body and did in fact cause a harmful or offensive contact with his body as illustrated in this Complaint.

40. As a result of these actions, Plaintiff has suffered damages including pain, loss of liberty, fear, anxiety, anguish, and embarrassment.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendant together with costs, attorney's fees, punitive damages, and for any such other relief as the Court may deem appropriate.

**SCHEMERY ZICOLELLO**

By: s/Joshua J. Cochran
Joshua J. Cochran, Esquire
ID No. 206807
Attorney for Plaintiff
333 Market Street
Williamsport, PA 17701
Phone: (570) 321-7554
Email: josh@sz-law.com